UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [24]

## I. Introduction

Plaintiff Athena Cosmetics Inc. ("Plaintiff") filed the instant lawsuit on June 22, 2020 asserting trademark counterfeiting, trademark infringement, and related state and federal claims against AMN Distribution Inc. ("AMN") and Moishe Newman ("Newman"), an individual d/b/a Brush Express ("Brush Express").

Before the Court is Plaintiff's motion for default judgment against Newman. For the below reasons, Plaintiff's motion is GRANTED.

## II. Factual and Procedural Background

Plaintiff is a Nevada corporation that manufactures and sells cosmetics. Complaint at ¶¶ 3, 13. Newman is an individual who operates the e-commerce business Brush Express, which has a principal place of business in Long Beach, CA. *Id.* at ¶ 5.

Plaintiff is the owner of the following trademarks: (1) No. 3,246,814, which for the mark REVITALASH®; (2) No. 3,526,373, for the mark ATHENA AND DESIGN®; (3) No. 3,413,360, for the mark ATHENA COSMETICS®; (4) No. 5,633,064, for the mark ETERNALLY PINK®; (5) No. 4,501,304, for the mark REVITALASH ADVANCED®; and (6) No. 5,871,804, for a logo containing a

: 
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al.* | | |

symbol and the words "Revitalash Cosmetics."  *Id.* at ¶¶ 16–19; *see also* Dkts. 24-2, 24-3, 24-4, 24-5, 24-6, 24-7 (Exs. 1–6 of Harris Decl.).

In 2019, Plaintiff discovered that Newman and Brush Express were selling counterfeit cosmetics online bearing Plaintiff's brand name, Athena, and Plaintiff's trademarks.  Complaint at ¶ 25.  Plaintiff's employee purchased and received the counterfeit products to confirm the counterfeiting.  *Id.* at ¶ 26.  Plaintiff confirmed that the products were counterfeit Athena Cosmetics products bearing Plaintiff's trademarks.  *Id.* at ¶ 30.; *see also id.* at pp. 7–8 (images identifying Plaintiff's trademarks on counterfeit products ordered from Brush Express).

Counsel for Plaintiff sent several cease and desist letters to the address associated with Brush Express.  *Id.* at ¶ 27.  In February 2020, the lessors of the property associated with Brush Express contacted Plaintiff's counsel and identified the lessee as AMN, whose primary business address is the same as the personal place of residence of Newman.  *Id.* at ¶ 28.

Plaintiff filed the instant lawsuit on June 22, 2020.  Dkt. 1.  AMN and Newman were properly served in July 2020.  Dkts. 13, 14.  AMN filed its answer on August 7, 2020.  Dkt. 17.  Newman has not answered the complaint.  Although Newman and AMN share the same address, AMN's counsel did not answer on Newman's behalf, nor did he claim Newman was his client in discussions with Plaintiff's counsel.  Dkt. 24-1 (Harris Decl.) at ¶ 15.

Plaintiff filed the instant motion for default judgment against Newman on August 19, 2020.  Dkt. 24.

### III.   Legal Standard

Before a Court may rule on a Motion for Default Judgment, it first must determine whether the Motion complies with Rule 55 of the Federal Rules of Civil Procedure and Local Rule 55-1.  *See Pepsico, Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).  The Motion must set forth: (1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Solders' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al.* | | |

defaulting party, if required. *Id.*; *see also Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 n.19 (C.D. Cal. 2010) (holding that service on defaulting party is required only if the party has appeared in the action).

Once these procedural requirements are met, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *Landstar*, 725 F. Supp. 2d at 919. Entry of default does not automatically entitle the non-defaulting party to a court-ordered judgment. *See Pepsico*, 238 F. Supp. 2d at 1174. Rather, the Ninth Circuit has instructed courts to consider the following factors in deciding whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action;(5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits ("*Eitel* factor(s)"). *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

**IV.   Analysis**

The Court will first address the procedural requirements identified above and will then turn to the *Eitel* factors. The Court will also address Plaintiff's request for injunctive relief.

**1)   Procedural Requirements**

Plaintiff satisfied the procedural requirements for default judgment under Local Rule 55-1. Specifically, Plaintiff's motion states that the clerk entered default against Newman on August 7, 2020 as to Plaintiff's June 22, 2020 complaint. Mot. at 2. Additionally, Plaintiff provided the declaration of their counsel, Michael Harris, who states that (1) Newman is not a minor, incompetent person, soldier in military service, or otherwise exempted under the Soldier's and Sailor's Civil Relief Act of 1940; and (2) that notice of the clerk's default and Plaintiff's motion for default judgment were served on Newman on August 14, 2020. *See* Dkt. 24-1 (Harris Decl.) at ¶¶ 4–6; *see also* Dkt. 24-8.

As the procedural requirements are met, the Court turns to the merits of Plaintiff's motion.

: 

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al.* | | |

**2) Application of the *Eitel* Factors**

Applying the *Eitel* factors here, the Court finds that default judgment is warranted.

First, Plaintiff would suffer prejudice if default judgment is not entered because Plaintiff would be without other recourse. Newman's failure to respond to Plaintiff's Complaint has delayed relief to Plaintiff. If a default judgment is not entered, Plaintiff will continue to suffer harm from Newman's continued infringement and absence from these proceedings. Therefore, this factor weighs in favor of granting default judgment.

Next, Plaintiff's complaint sufficiently states a meritorious claim for trademark infringement and related claims. Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The second and third *Eitel* factors relate to the substantive merit of a plaintiff's claim and the sufficiency of a plaintiff's pleadings. These factors "require that a plaintiff state a claim on which [it] may recover." *Pepsico*, 238 F.Supp.2d at 1175; *Landstar Ranger, Inc.*, 725 F. Supp. 2d 916 at 920.

Plaintiff's motion for default judgment focuses on two claims: trademark counterfeiting and trademark infringement. To establish trademark counterfeiting, Plaintiff must establish that Newman used Plaintiff's trademarks "in connection with the sale, offering for sale, distribution, or advertising" of any goods or services. 15 U.S.C. §§ 1114(1)(a), (b). To establish trademark infringement under the Lanham Act, Plaintiff must establish that Newman is "using a mark confusingly similar to a valid, protectable trademark of [Plaintiff's]." *Brookfield Communications, Inc. v. West Coast Entertainment*, 174 F.3d 1036, 1046 (9th Cir.1999).

The allegations in Plaintiff's complaint—which are taken as true—are sufficient to establish that both claims are meritorious. Plaintiff discovered that Newman and Brush Express were selling cosmetics online bearing Plaintiff's brand name, Athena, and Plaintiff's trademarks. Complaint at ¶ 25. Plaintiff's employee purchased and received the counterfeit products to confirm this discovery. *Id.* at ¶ 26. Plaintiff confirmed that the products were counterfeit Athena Cosmetics products bearing Plaintiff's trademarks. *Id.* at ¶ 30.; *see also id.* at pp. 7–8 (images identifying six of Plaintiff's trademarks on counterfeit products ordered from Brush Express). Plaintiff later confirmed that Brush Express—the vendor of the counterfeit products—was operated by Newman. Specifically, the lessors

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al.* | | |

of the property associated with Brush Express contacted Plaintiff's counsel and identified the lessee as AMN, whose primary business address is the same as the personal place of residence of Newman. *Id.* at ¶ 28. Accordingly, the second and third *Eitel* factors weigh in favor of granting the motion for default judgment.

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *Pepsico*, 238 F.Supp.2d at 1176; *Landstar Ranger, Inc.*, 725 F. Supp. 2d 916 at 921. Although total statutory damages here can be as high as $2 million—and damages per counterfeit trademark can be as high as $200,000—the statute does not provide guidelines for determining an appropriate award, instead limiting the amount to what "the court considers just." *See* 15 U.S.C. § 1117(c).

Here, Plaintiff seeks $25,000 per infringing trademark, for a total of $150,000 in statutory damages. The Court finds that this amount is just and reasonable, particularly in light of the seriousness of Newman's conduct and the possibility that Plaintiff could be entitled to damages as high as $1.2 million (*i.e.*, $200,000 for each of the six counterfeit trademarks). *See* Complaint at ¶¶ 25-41; *see also Nike, Inc. v. Washington*, 2009 WL 10672344, at *4 (C.D. Cal. May 15, 2009) (granting motion for default judgment and awarding $25,000 per counterfeit trademark). This factor therefore weighs in favor of entering default judgment.

The fifth *Eitel* factor considers the possibility that material facts may be in dispute. *Pepsico*, 238 F.Supp.2d at 1177; *Landstar Ranger, Inc.*, 725 F. Supp. 2d 916 at 921. Newman has failed to appear in the action or to contest the material facts alleged in Plaintiff's complaint. Moreover, the allegations in Plaintiff's complaint—and the images of the counterfeit products—make it difficult to conclude that material facts are in dispute. Accordingly, this factor weighs in favor of entering default judgment.

As to *Eitel* factor six, there is no evidence that Newman's failure to appear is the result of excusable neglect. Newman was properly served with the Complaint. Dkt. 14. To date, Newman has not appeared in this case or filed any documents whatsoever. Therefore, this factor weighs in favor of entering default judgment.

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al.* | | |

Finally, as to the final *Eitel* factor, although cases should be decided on the merits whenever possible, "this preference, standing alone, is not dispositive." *Pepsico*, 238 F.Supp.2d at 1177 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314 at *3 (N.D.Cal.1996)). By its plain language, Rule 55(a) allows a court to decide a case before the merits are heard if a defendant fails to appear and defend. Therefore, this factor does not preclude the entry of default judgment.

Accordingly, the *Eitel* factors in this case weigh in favor of granting default judgment.

### 3) Plaintiff's Request for Injunctive Relief

A party seeking injunctive relief must prove that (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange*, LLC, 547 U.S. 388, 391 (2006).

Plaintiff satisfied its burden for injunctive relief here. First, irreparable harm exists in that, absent an injunction, Plaintiff will be unable to control its brand reputation and goodwill. *See Brooklyn Brewery Corp. v. Black Ops Brewing, Inc.*, 156 F. Supp. 3d 1173, 1185.

Second, without discovery from Newman—which is impossible in light of his failure to appear—Plaintiff cannot adequately calculate its past and continuing monetary loss, thereby rending legal damages inadequate.

Third, the balance of hardships between Plaintiff and Newman tips heavily in Plaintiff's favor: absent an injunction, Plaintiff will be forced to continue investigating Newman's infringement and the identity of his sales channels, while an injunction merely prevents Newman from profiting off of his infringing activity. *See Triad Sys. Corp. v. Se. Express Co.*, 64 F.3d 1330, 1338 (9th Cir. 1995) ("Where the only hardship that the defendant will suffer is lost profits from an activity which has been shown likely to be infringing, such an argument in defense merits little equitable consideration.") (internal citations and quotations omitted).

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al.* | | |

Finally, "[i]n trademark infringement cases, the public interest is the right of the public not to be deceived or confused. Where [a] defendant's concurrent use of [a] plaintiff's trademark without authorization is likely to cause confusion, the public interest is damaged by the defendant's use." *Chalon Adventures, Inc. v. Fullerton Lounge, Inc.*, 2019 WL 2896131, at *5 (C.D. Cal. Mar. 7, 2019) (internal citations and quotations omitted). Here, as discussed above, Newman is using Plaintiff's trademark without Plaintiff's authorization. Accordingly, the public interest would not be disserved by an injunction.

**V.      Conclusion**

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment. Plaintiff is awarded monetary damages of $150,000 on the first cause of action.

Additionally, the Court orders the following injunctive relief:

(1) Newman, his websites, business, and any fake names he utilizes—along with his agents, servants, employees, and all other persons in privity or acting in concert with him—are enjoined from further acts of infringement as follows:

   a. using any reproduction, counterfeit, copy, or colorable imitation of the registered trademarks in Exhibits 1–6 of the Harris Declaration, Dkts. 24-2, 24-3, 24-4, 24-5, 24-6, 24-7 ("Plaintiff's Trademarks") to identify any goods or the rendering of any services not authorized by Plaintiff.

   b. engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Plaintiff's business reputation or weaken the distinctive quality of the Plaintiff's Trademarks.

   c. using a false description or representation including words or other symbols falsely describing or represent Newman's unauthorized goods as being those of Plaintiff or sponsored by or associated with Plaintiff and from offering such goods in commerce.

   d. further infringing the Plaintiff's Trademarks by manufacturing, producing, importing,

_____  :  _____
Initials of Preparer
                    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW | Date | September 17, 2020 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al.* | | |

      distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Plaintiff bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademarks.

    e.  making any statement or representation, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, imported sold or offered for sale, or rented by Newman are associated or connected with Plaintiff. or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff.

(2) Within ten days of judgment, Newman must take all steps necessary to permanently remove, cancel, delete, take-down, halt, and stop all websites, sales channels, supply channels, businesses, e-commerce stores and sellers, brick and mortar storefronts, warehouses, logistics facilities, and any and all distribution channels he owns, operates, utilizes or controls, to purchase, ship, sell, distribute, move, store, or otherwise traffic in any product bearing the Plaintiff's Trademarks, including all text, photos, inventory, merchandise, or other media displaying any and all merchandise bearing the Plaintiff's Trademarks.

(3) Newman is ordered to deliver up for destruction to Plaintiff all unauthorized products and advertisements in his possession or under their control bearing the Plaintiff's Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of them under 15 U.S.C. § 1118.

IT IS SO ORDERED.

                                                                           :

Initials of Preparer     PMC