1  DAVID C. VOSS, JR. (State Bar No. 147330)
   david@vsbllp.com
2  VOSS, SILVERMAN & BRAYBROOKE LLP
3  4640 Admiralty Way, Suite 800
   Marina Del Rey, California 90292-6602
4  T: (310) 306-0515/ F: (310) 306-5368
5
6  Attorneys for Defendants Moishe Newman
   and AMN Distribution, Inc.
7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                    WESTERN DIVISION
11

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **NOTICE OF MOTION AND MOTION OF DEFENDANT MOISHE NEWMAN TO SET ASIDE DEFAULT JUDGMENT AND ENTRY OF DEFAULT** <br><br> **HEARING** <br><br> Date: January 11, 2021 <br> Time: 1:30 p.m. <br> Place: Courtroom 10A <br>        First Street Courthouse <br>        350 W. 1st Street, 10th Floor, <br>        Los Angeles, California 90012 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 11, 2020 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 10A of the above-entitled Court located at First Street Courthouse, 350 W. 1st Street, 10th Floor, Los Angeles, California 90012, the Honorable Steven V. Wilson presiding, defendant Moishe Newman will and

DEFENDANT MOISHE NEWMAN'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND DEFAULT

hereby does move for an order setting aside the September 17, 2020 default judgment and August 7, 2020 default entered against him.

Mr. Newman brings this motion pursuant to Federal Rules of Civil Procedure 60(b)(4) and 55(c) on the grounds that Plaintiff did not effectuate proper service on Mr. Newman, *who resides abroad and had been out of the country for several months at the time he was purportedly "personally served"* at an address in Long Beach, California.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed declarations of defendant Moishe Newman, Adina Newman, Joseph Newman, the concurrently filed Request for Judicial Notice, the complete files and records of this action, and upon such other evidence as may be presented at the time of hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on December 2, 2020.

DATED: December 10, 2020
DAVID C. VOSS, JR.
VOSS, SILVERMAN & BRAYBROOKE, LLP

By: _____
David C. Voss, Jr.
Attorneys for Defendants MOISHE NEWMAN and AMN DISTRIBUTION, INC.

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................... 1

II.  STATEMENT OF FACTS ............................................................................. 1

III. THE COURT HAS A MANDATORY DUTY TO SET ASIDE THE SEPTEMBER 20, 2017 DEFAULT JUDGEMENT AS VOID UNDER RULE 60(B)(4) BECAUSE SERVICE WAS INVALID ................................................... 4

IV.  THE COURT HAS A MANDATORY DUTY TO SET ASIDE THE AUGUST 7, 2020 DEFAULT UNDER RULE 55(c) ................................................... 7

V.   CONCLUSION ............................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Chan Siu Tan John v. Guez*, No. CV 09-01650 MMM (EX), 2009 WL 10673053 (C.D. Cal. Aug. 3, 2009) ................................................................................................ 7

*Jackson v. FIE Corp.*, 302 F.3d 515 (5th Cir. 2002) ....................................................... 5, 6

*Lazar v. Grant*, No. 217CV00309RGKPJW, 2017 WL 8288038 (C.D. Cal. Dec. 21, 2017) ............................................................................................................................ 7

*Mason v. Genisco Tech. Corp.*, 960 F.2d 849 (9th Cir. 1992) ............................................ 5

*Meadows v. Dominican Republic*, 817 F.2d 517 (9th Cir.), *cert. denied*, 484 U.S. 976 (1987). ........................................................................................................................... 6

*Mineo Yoshida v. Daikokuya Co.*, No. CV071715RGKAJWX, 2008 WL 11338257 (C.D. Cal. May 9, 2008) ................................................................................................. 8

*Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80 (1988) ...................................................... 5

*S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161 (9th Cir. 2007) ............................. 5, 6

*Salazar v. Hoefel*, No. CV0410015FMCPJWX, 2005 WL 8156295 (C.D. Cal. May 4, 2005) ............................................................................................................................. 8

*Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247 (9th Cir. 1980). ..................................................................................................... 5

**Statutes**

Federal Rule of Civil Procedure 60(b)(4), ............................................................... 1, 4, 5

Rule 55(c) .................................................................................................................... 1, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 60(b)(4), defendant Moishe Newman ("Mr. Newman" of "defendant Newman") seeks to set aside the default judgment entered against him on September 17, 2020 in favor of plaintiff Athena Cosmetic's Inc. ("Athena" of "Plaintiff") on the ground that the judgment is void as a result of invalid service of the summons and complaint. Newman likewise seeks to set aside the default entered against him on August 7, 2020, on the same grounds under Rule 55(c).

Mr. Newman bases his motion on one simple fact: The strong and convincing evidence clearing demonstrates that he was not in Long Beach, California as incorrectly reflected in the proof of personal service of the summons and complaint, but was several thousand miles away at his home in Australia where he has permanent resident status and has lived with his wife and children for years. Because service was invalid, the judgment is null and void and this Court has a non-discretionary duty to set aside the default judgment and default.

## II. STATEMENT OF FACTS

Plaintiff filed its complaint against defendant AMN Distribution, Inc. ("AMN") and defendant Newman on June 22, 2020 (Dkt. 1)[1]. Plaintiff then filed two proofs of service on July 21, 2020, the first of which indicated service on AMN through its registered agent of service of process (Dkt. 13), and the second of which indicated personal service on defendant Newman (Dkt. 14) in Long Beach, California – which is discussed in greater detail below. Plaintiff then subsequently filed a request for entry of default against both defendants on August 6, 2020 (Dkt. 16). Defendant AMN filed an answer on August 7, 2020 (Dkt. 17) and, on that basis, the court clerk rejected the

---

[1] "Dkt" shall be used throughout to reference documents filed in this action by their ECF filing number. Defendant requests that the Court take judicial notice of the same pursuant to Federal Rule of Evidence 201.

- 1 -
DEFENDANT MOISHE NEWMAN'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND DEFAULT

request for entry of default as to AMN (Dkt. 19). The court clerk did, however, proceed to enter a default against defendant Newman on August 7, 2020 (Dkt. 18).

Plaintiff subsequently filed a motion for a default judgment against defendant Newman (Dkt. 24) based on the prior default, which the Court granted on September 17, 2020 (Dkt. 27). Until the date of the filing of the instant motion, defendant Newman has yet to file a responsive pleading or appear in this action.

The proof of service (the "POS") upon which Mr. Newman's default and subsequent default judgment was based asserts that personal service was made on Mr. Newman in Long Beach, California on July 7, 2020. (Dkt. 14)[2]. It does not certify any other form of service. (Dkt. 14). The only box checked on the POS is the one stating:

I personally served the above documents on the individual at Service Address:
4225 Lime Ave, Long Beach, CA 90807-2812 on July 7. 2020 at 7:00 PM.
(Dkt. 14).

The "above documents" listed on the POS include the summons and complaint in this matter. (Dkt. 14). The POS purports to be signed by process server Bud A. Koogle, who signed the POS not on the date of service, but one day later on July 8. (Dkt. 14).

The address listed in the POS (the "Long Beach Address") is the home of Defendant Newman's parents Amina Newman and Rabbi Joseph Newman ("Rabbi Newman"). Declaration of Joseph Newman ("J. Newman Decl."), ¶ 5; Declaration of Moishe Newman ("M. Newman Decl."), ¶ 13. Although defendant Newman lived at the Long Beach Address when he was younger, it ceased to be his residence when he moved to New York in 2007. J. Newman Decl., ¶ 6; M. Newman Decl., ¶ 13.

After living in New York, defendant Newman subsequently moved to Australia in November of 2011 after marrying his wife Adina Newman, an Australian citizen. M. Newman Decl., ¶ 4; Declaration of Adina Newman ("A. Newman Decl."), ¶ 3.

---

[2] For the convenience of the Court, a copy of the POS is attached to this motion as Exhibit 1.

Defendant Newman and his wife have lived together in Australia continuously since that time, residing in apartments or homes that they have rented or owned in the greater Melbourne area.  M. Newman Decl., ¶ 4; A. Newman Decl., ¶ 3.  They live in Australia with their two children, a young daughter and son. M. Newman Decl., ¶ 4; A. Newman Decl., ¶¶ 3-4.

Defendant Newman has not maintained or owned (either directly, indirectly, or jointly his wife) any residences, vacation homes, dwellings, abodes or domiciles in the United States after moving to Australia in 2011.  M. Newman Decl., ¶ 10.  Likewise, his wife has not maintained or owned any vacation homes, residences, dwellings, abodes or domiciles in the United States. A. Newman Decl., ¶ 5.

Defendant Newman initiated the process to become an Australian citizen several years prior the purported service of the summons and complaint in this action.  M. Newman Decl., ¶ 9.  He currently has the status of a permanent resident in Australia and achieved that status on February 13, 2015.  M. Newman Decl., ¶ 9 and Exh. 4. thereto.

Defendant Newman's last visit to the United States was for approximately one week in February of 2020.  M. Newman Decl., ¶¶ 6-7.  The only time that he spent during that trip at the Long Beach Address was for a few hours on February 23 while visiting his parents before flying out of LAX later than evening to Melbourne.  M. Newman Decl., 6;   J. Newman Decl., ¶ 7. Those few hours that he spent at the Long Beach Address comprise the only time he spent there the entire year. M. Newman Decl., ¶ 6. He has not returned to the Long Beach Address, the Los Angeles area or the United States after that time.  M. Newman Decl., ¶ 8; J. Newman Decl., ¶ 7; A. Newman Decl., ¶ 8. Australia has implemented rigorous travel restrictions in the wake of the pandemic that require permanent residents, such as Mr. Newman, to obtain special permission before leaving the country. M. Newman Decl., ¶ 8, and Exh. 3 thereto.

Thus, it should come as no surprise that contrary to the allegation in the POS, the process server *did not and could not have personally served the summons and complaint on defendant Newman in Long Beach, California when he was in fact several thousand*

*miles away in Australia at the time of the purported service.*  M. Newman Decl., ¶¶ 3-4; A. Newman Decl., ¶ 7.  Instead, the process server simply left copies of the documents with his much older 73 year old father in Long Beach.

The details of the defective service are described in Rabbi Newman's accompanying declaration.  In the early evening of July 7, 2020, Rabbi Newman heard a knock on the door at his Long Beach home, answered the door, and a man said "Moishe Newman."  J. Newman Decl., ¶ 8.  The man then showed Rabbi Newman some legal papers with his son's name on them and Rabbi Newman explained that he was not Moishe Newman.  J. Newman Decl., ¶ 8.  The man then smugly replied "yes, you are." J. Newman Decl., ¶ 8.  Rabbi Newman once again reiterated that he was not Moishe Newman and would not take the documents from him.  J. Newman Decl., ¶ 8.  The man then dropped the documents through the door and left. J. Newman Decl., ¶ 8.

Rabbi Newman never previously met the man who left the documents.  J. Newman Decl., ¶ 8.  It did not appear that the man was relying upon a photograph to identify defendant Newman.  J. Newman Decl., ¶ 8.  Significantly, the proof of service contains no description of the person that was served.  (Dkt. 14).

Rabbi Newman is 73 years old and has a big white beard in contrast to his son, defendant Newman, who is 33 years old and has a smaller dark beard.  J. Newman Decl., ¶ 11; M. Newman Decl., ¶ 14.  They cannot be mistaken for each other.  J. Newman Decl., ¶ 11; M. Newman Decl., ¶ 14.  Neither Rabbi Newman nor his wife (the defendant's mother) have consented to or are authorized to accept legal process on behalf of defendant Newman.  J. Newman Decl., ¶ 10; M. Newman Decl., ¶ 13.

### III. THE COURT HAS A MANDATORY DUTY TO SET ASIDE THE SEPTEMBER 20, 2017 DEFAULT JUDGEMENT AS VOID UNDER RULE 60(B)(4) BECAUSE SERVICE WAS INVALID

A party may seek relief from a judgment when it is void.  Fed. R. Civ. Proc. 60(b)(4), 55(c).  Moreover, "[i]t is well-established that a judgment entered without personal jurisdiction over the parties is void." *Thomas P. Gonzalez Corp. v. Consejo*

*Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1255 (9th Cir. 1980). A defendant who has not been properly served has a constitutional right to have the default judgment set aside. *See generally Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 84 (1988). "Failure to give notice violates 'the most rudimentary demands of due process of law.'" *Id.* When service is improper, a default judgment is null and void *See generally S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). This is true even when a party may have actual notice of the litigation. *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d at 1163.

Significantly, when a defendant seeks to set aside a judgment under Federal Rule of Civil Procedure 60(b)(4), the court must limit its review to the validity of service. *None of the other Rule 60(b) factors that are typically examined, such as whether the defendant has a meritorious defense, or whether there was mistake, inadvertence, surprise, or excusable neglect, are relevant.* See Peralta, 485 U.S. at 84 (defendant entitled to have judgment set aside even without showing of a meritorious defense); *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d at 1165 ("Because the only basis upon which the district court could have properly granted the motion [to set aside the default judgment] was that the judgment was void for lack of service of process, the district court was without its normal discretion to grant or deny the motion and, therefore, consideration of the merits of the defense, prejudice, or culpability was not proper."); *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) (district court's use of eight factor "balancing test" is "never appropriate" in context of 60(b)(4) motion); *Thomas P. Gonzalez Corp.,* 614 F.2d at 1256 (district court "did not need to and should not have reached" the question of "mistake, inadvertence, surprise, or excusable neglect, under Rule 60(b)(1)" where motion for relief from default judgment brought on grounds that judgment void under Rule 60(b)(4)). Simply stated, if "the motion is based on a void judgment under rule 60(b)(4), the district court has no discretion—the judgment is

either void or it is not." *Jackson v. FIE Corp.*, 302 F.3d at 522. It is "a per se abuse of discretion for a district court to deny a motion to vacate a void judgment." *Id*. at 522.

For the same reason, "[t]here is no time limit on a Rule 60(b)(4) motion to set aside a judgment as void." *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir.), *cert. denied*, 484 U.S. 976 (1987). Absent "extraordinary circumstances," the "mere passage of time cannot convert an absolutely void judgment into a valid one," giving rise to the rule "that there is no time limit on Rule 60(b)(4) motions, and that the doctrine of laches has no effect." *Jackson v. FIE Corp.*, 302 F.3d at 523. "As a general rule, the fact that such a motion is made long after the entry of a default judgment should not be an obstacle to the jurisdictional inquiry." *Id.* at 518, 523-524 (reversing denial of Rule 60(b)(4) motion attacking jurisdiction where defendant "knowingly suffers a default judgment to be rendered against it.")

The procedural advantages afforded to Mr. Newman by Rule 60(b)(4) do admittedly impose one procedural burden on Mr. Newman. Where, as here, the Plaintiff relies upon a signed proof of service in support of the entry of default and default judgment, the proof of service "constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" *S.E.C. v. Internet Sols. for Bus. Inc*., 509 F.3d at 1166.

Mr. Newman, as set forth in above statement of facts, has met his burden by presenting "strong and convincing evidence" in the instant case. This evidence includes:

- Declaration testimony from defendant Newman and his wife establishing that he was several thousand miles away in Australia when the personal service purportedly took place at the Long Beach Address;
- Declaration testimony from defendant Newman and his father, Rabbi Joseph Newman, establishing that he stopped residing at the Long Beach Address in 2007 and that his last brief visit at the Long Beach Address was in February 2020 and that he has not left Australia or been back in the United States since that time;

- Declaration testimony from defendant Newman, with supporting documentation, establishing that: (a) he has permanent resident status in Australia; (b) he has been residing continuously at various apartments or homes in the greater Melbourne area since 2011 with his wife and family; (c) he currently resides in Caulfield, Australia, where is has resided since November 2019;

- Declaration from Rabbi Joseph Newman establishing that: (a) the service address was his residence, not that of his son; (b) he informed the process service repeatedly that he was not his son and would not accept the documents from him; (c) neither he nor his wife have consented to or are authorized to accept legal service of process on behalf of his son, Moishe Newman; (d) that his son was not in Long Beach at the time of service and had not resided at the Long Beach address since 2007.

Having met the "strong and convincing evidence" threshold, Mr. Newman is entitled to have the default judgment entered against him on September 17, 2020 set aside.

### IV. THE COURT HAS A MANDATORY DUTY TO SET ASIDE THE AUGUST 7, 2020 DEFAULT UNDER RULE 55(c)

The principles discussed above with respect to the default judgment apply equally with respect to setting aside the entry of default under Rule 55(c), which provides that the entry of a default may be set aside upon a showing of "good cause." Courts have held that invalid service constitutes good cause and have treated the setting aside of a default as a non-discretionary duty under such circumstance. *See, e.g., Lazar v. Grant*, No. 217CV00309RGKPJW, 2017 WL 8288038, at *3 (C.D. Cal. Dec. 21, 2017) ("In a situation where a party was not served with process, the party is entitled to have a default or default judgment set aside on that basis alone, without regard to any other factors."). *Chan Siu Tan John v. Guez*, No. CV 09-01650 MMM (EX), 2009 WL 10673053, at *1 (C.D. Cal. Aug. 3, 2009) ( "[A]ny default entered following defective

service of process must be set aside."); *Salazar v. Hoefel*, No. CV0410015FMCPJWX, 2005 WL 8156295, at *2 (C.D. Cal. May 4, 2005) (default set aside because "when a defendant has not been properly served, he or she has a constitutional right to have the default set aside."); *Mineo Yoshida v. Daikokuya Co.*, No. CV071715RGKAJWX, 2008 WL 11338257, at *2 (C.D. Cal. May 9, 2008) ("[T]he Court's finding that Defendants were not properly served is sufficient grounds for the Court to set aside the previously entered default and default judgment.")

Because defendant Newman has not been properly served, he is entitled to have both the default judgment and default set aside.

## V. CONCLUSION

For the foregoing reasons, defendant Moishe Newman respectfully requests that this Court set aside the default judgment entered against him on September 17, 2020 and the default entered against him on August 7, 2020, and that the parties hold a Rule 26(f) conference *ab initio* when the case is at-issue with all parties to participate in the conference.

DATED: December 10, 2020     DAVID C. VOSS, JR.
VOSS, SILVERMAN & BRAYBROOKE, LLP

By: _____
David C. Voss, Jr.
Attorneys for Defendants MOISHE NEWMAN and AMN DISTRIBUTION, INC.

# EXHIBIT 1

EXHIBIT 1											PAGE 009

Marina Lang, Cal. Bar No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian S. Tamsut, No. 322,780 btamsut@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

# United States District Court

## Central District of California – Western Division

| | |
|---|---|
| Athena Cosmetics, Inc., <br><br> Plaintiff, <br><br> v. <br><br> AMN Distribution Inc., a Delaware Corporation, Moishe Newman, an individual d/b/a Brush Express, and DOES 1-10, Inclusive, <br><br> Defendants. | No. 2:20-cv-05526-SVW-SHK <br><br> Proof of Service of Complaint on Moishe Newman <br><br><br> Demand for Jury Trial |

AO 440(Rev. 12/09 ) Summons in a Civil Action(Page 2)

Civil Action No. 2:20-CV-5526-SVW-SHKX

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This summons for MOISHE NEWMAN, AN INDIVIDUAL D/B/A BRUSH EXPRESS was received by me on July 6, 2020.

Documents: Summons and Complaint; Exhibits 1-9; Civil Case Cover Sheet; Report on the Filing or Determination of an Action Regarding a Patent or Trademark; Certificate and Notice of Interested Parties; Proofs; Notice of Assignment to United States Judges; Notice to Parties of Court-Directed ADR Program; New Case Order

☑ I personally served the above documents on the individual at Service Address: 4225 Lime Ave, Long Beach, CA 90807-2812 on July 7, 2020 at 7:00 PM

☐ I left the summons at the individual's residence or usual place of abode with, a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☐ I served the summons to , who is designated by law to accept service of process on behalf of on ;or

☐ I returned the summons unexecuted because ; or

☐ other *(specify)*:

*My fees for services are a total of:* $94.25

*I declare under penalty of perjury under the laws of the The State of California that this information is true.*

Date: July 8, 2020

Server's signature

**Bud A. Koogle**
*Printed name and title*
*REG # 2018298656, County of Los Angeles*

674 County Square Drive, Suite 107, Ventura, CA 93003
*Server's Address*

VNI78278

EXHIBIT 1     PAGE 011