Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

*Attorneys for Plaintiff Athena Cosmetics, Inc.*

DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

*Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Athena Cosmetics, Inc., <br><br> Plaintiff, <br><br> v. <br><br> AMN Distribution Inc., et al., <br><br> Defendant. | Case No.  2:20-cv-05526-SVW-SHK <br><br> Local Rule 37–2 Stipulation re Athena's motion to Compel <br><br> Date:          January 12, 2021 <br> Time:          11:00 am <br> Location:  Courtroom 3 or 4, 3rd Floor <br>                    Riverside Federal Courthouse <br> Magistrate Judge Kewalramani <br><br> Discovery Cutoff Date: None set <br> Pretrial-Conference Date: January 11, 2021 <br> Trial Date: January 19, 2021 |

To Defendant AMN Distribution Inc. and its attorney:

Plaintiff Athena Cosmetics, Inc. submits this Local Rule 37–2 stipulation without input from counsel for defendant AMN Distribution Inc. AMN did not respond to any Request for Production of Documents or Interrogatories and did not attend a

1   properly noticed deposition. Therefore, it waived all objections. It also did not serve

2   Rule 26 initial disclosures. Despite a request to confer from Athena's attorney, AMN's

3   counsel did not respond or confer.

4        On November 6, after Athena completed the first draft of this stipulation,

5   AMN's attorney Ronan Cohen emailed Athena's attorney saying AMN retained new

6   counsel, David Voss or Voss, Silverman & Braybrooke LLP.

7        Athena's attorney emailed a draft of this stipulation on November 24 and asked

8   for Mr. Voss's input. He did not respond. Athena has edited the November 24 draft to

9   account for occurrence since then.

10        In this stipulation, Athena does not provide the reasons after each discovery re-

11   quest why AMN must respond fully to each because AMN objected to none. Athena

12   treats the discovery requests as a whole.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Table of Contents

A. Introduction.................................................................................................... 1

   1. Athena's Statement ................................................................................. 1

   2. AMN's Statement .................................................................................. 2

B. Failure to Serve Initial Disclosures ............................................................. 2

   1. AMN's Statement .................................................................................. 2

   2. AMN's Statement .................................................................................. 3

C. Request for Production of Documents ......................................................... 3

   1. Athena's Position ................................................................................... 3

   2. AMN's Position ..................................................................................... 3

D. Interrogatories............................................................................................... 3

   1. Athena's Position ................................................................................... 3

   2. AMN's Position ..................................................................................... 3

E. Rule 30(b)(6) Deposition.............................................................................. 3

   1. Athena's Position ................................................................................... 3

   2. AMN's Position ..................................................................................... 4

F. Rule 37 Expenses.......................................................................................... 4

   1. Athena's Position ................................................................................... 4

   2. AMN's Position ..................................................................................... 4

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**A. Introduction**

2

    **1.  Athena's Statement**

3

    This case seeks damages and an injunction against defendant AMN Distribution,

4

Inc. for selling counterfeit Athena Cosmetic's products. The sole member of AMN's

5

LLC, defendant Moishe Newman, defaulted, and the court granted a default judgment

6

against him. ECF 27. New recently moved to set aside the default judgment. David

7

Voss now represents Newman and AMN.

8

    Athena emailed its portion of Local Rule 37–2 stipulation to Mr. Voss on No-

9

vember 24 and asked him to add AMN's portion. See Ex. 6. He did not do so.

10

    Athena alleges AMN obtains counterfeits from manufacturers or middlemen. It

11

either ships Athena counterfeits to consumers at the direction of online sellers such as

12

those using the eBay platform, or AMN acts as a middleman providing quantities of

13

counterfeits for persons with their online stores. To determine the identities of AMN's

14

sources and the counterfeiters, Athena propounded discovery to AMN. Athena then

15

can proceed against AMN's sources, suppliers and customers. But Athena also needs

16

evidence of AMN's profits, revenue and other financial data for its damages claims

17

and equitable relief.

18

    On October 1, Athena served opposing counsel with Requests for Production of

19

Documents (Ex. 1) and Interrogatories (Ex. 2). The court entered a protective order

20

(ECF 34) on October 14.[1] AMN responses and document production were due Novem-

21

ber 2, but it served no responses and answered no interrogatories. On November 2,

22

Athena's attorney emailed AMN's attorney (Ex. 4) demanding he confer with

23

Athena's attorney under Local Rule 37–1. AMN's attorney did not respond.

24

    1.   On October 9, Athena noticed the deposition of an AMN FED. R. CIV. P.

25

30(b)(6) witness (Ex. 3), setting the deposition for November 5. Athena's counsel

26

27

---

[1] When AMN did not participate in approving the Court's form protective order, Your Honor sched-
uled an October 5 conference. When AMN's attorney failed to appear, the Court issued an OSC re
sanctions. AMN's attorney then notified Athena's attorney he approved the protective order.

28

emailed opposing counsel on November 2, "[W]e are flexible about the time and place …. We must know today so we can confirm with the reporter. If you and the Rule 30(b)(6) witness will not attend, you must tell us that so we will not waste our client's money having a reporter show up." (Ex. 5). AMN's attorney did not respond. On the date of the deposition, November 5, neither an AMN witness nor its counsel appeared. The reporter charged $700.25. Exhibit 6 is a copy of the reporter's invoice.

Before AMN's attorney notified Athena's counsel of a possible new attorney for AMN, he ignored most emails from Athena's attorney. Except (1) agreeing to the protective order, (2) agreeing to the mediator Athena presented and (3) threatening to move to set aside defendant Newman's default judgment, he refused to respond

On November 16, AMN's attorney emailed new Mr. Voss a second request to hold a conference to meet and confer (Ex. 7), emailed to AMN's second counsel, David Voss. Mr. Voss responded but would not agree to serve initial disclosures, answer interrogatories, produce documents, or arrange for a witness to be deposed under Rule 30(b)(6). Instead, he argued for vacating all deadlines. Since then, AMN still served no initial disclosures, responded to no written discovery, and produced no witness. Nor has AMN responded with any objections to the outstanding discovery requests. Instead of discussing the merits of Athena's discovery requests—assuming AMN still had the right to object to any, Mr. Voss only talked about vacating earlier dates.

AMN's acts from both attorneys cause Athena to incurred unnecessary fees. Athena requests this court compel AMN's responses within seven days, 14 days for the deposition, and order AMN to pay Athena's reasonable attorney fees of $2,227.50. Athena also incurred $725.25 in cost for the deposition AMN failed to attend. See Ex. 6

**2. AMN's Statement**

**B. Failure to Serve Initial Disclosures**

    **1. AMN's Statement**

At the first conference, counsel agreed to exchange initial disclosures on October 1. Athena complied; AMN did not.

    **2. AMN's Statement**

**C. Request for Production of Documents**

    **1. Athena's Position**

The document requests (Ex. 1) were properly served on AMN's attorney (Ex. 1, p. 9). Defendant did not respond. Harris Decl. ¶ 2. Thus, it waived all objections. *See Richmark Corp. v. Timber Falling Consultants*, 959 F. 2d 1468, 1473 (9th Cir. 1992) (stating when no response was made, failure to object timely to document requests waives any objections).

The document requests are in two categories: (1) those seeking to identify AMN's customers and suppliers, those showing the sales and purchases and evidence of revenue and profits, and (2) documents supporting AMN's 23 affirmative defenses. All are relevant to this lawsuit, and none creates an undue production burden.

    **2. AMN's Position**

**D. Interrogatories**

    **1. Athena's Position**

Athena served six interrogatories (Ex. 2) covering (1) AMN's affirmative defense that the parties have an enforceable contract, which AMN performed, (2) the identity of AMN's customers and suppliers of products bearing an Athena Trademark, and (3) information about defaulting defendant Newman. This information is relevant. Answering truthfully is no burden.

---

L.R. 37–2 Discovery Stipulation      3      Athena Cosmetics v. AMN Distribution
2:20-cv-05526-SVW-SHK

### 2. AMN's Position

## E. Rule 30(b)(6) Deposition

### 1. Athena's Position

The notice (Ex. 3) seeks the deposition of AMN designated witnesses (probably only one) for 23 categories. The categories included the computer programs AMN uses for inventory, ordering, fulfillment and similar areas, AMN's document retention policy, AMN's suppliers and customers, its knowledge of Athena and the whereabouts of defaulting defendant Newman. One person should know the information sought, and someone other than an executive can become familiar with the facts to answer.

### 2. AMN's Position

## F. Rule 37 Expenses

### 1. Athena's Position

Athena also requests an award of its attorney fees under FED. R. CIV. P. 37(a)(5)(A). The Harris Declaration supports awarding attorney fees, and the Notice of Motion states the amount requested. Attorney fees will increase for Athena's counsel to review AMN's inserts into this stipulation, the total fee request and support for it is best in the declaration and notice of motion.

AMN had no justification refusing to provide the information and documents requested, to attend its deposition or ignoring its Local Rule 37 obligations. Showing bad faith under FED. R. CIV. P. 37(a)(4)(A) for AMN's acts is unnecessary though bad faith is evident here. Bad faith is "only is relevant to the choice of sanctions. *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978). *See also Green v. Baca*, 225 F.R.D. 612, 614 (C.D. Cal. 2005) (holding the rule "does not require a finding of 'bad faith' as a prerequisite to an award of 'reasonable expenses.'").

### 2. AMN's Position

1   December 22, 2020                          /s/ *Marina Lang*
2                                              Marina Lang
                                               Attorneys for Plaintiff
3
          Under Local Rule 5-4.3.4, Michael Harris attests that the following signatory
4
has **not** authorized the filing.
5

6   December 22, 2020                          /s/ *Unsigned*
7                                              David C. Voss, Jr.
                                               Voss, Silverman & Braybrooke
8                                              Attorneys for Defendants AMN Distribu-
                                               tion, Inc. and Moishe Newman
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L.R. 37–2 Discovery Stipulation        5        Athena Cosmetics v. AMN Distribution
                                                     2:20-cv-05526-SVW-SHK