Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

# United States District Court

## Central District of California – Western Division

| | |
|---|---|
| Athena Cosmetics, Inc.,<br><br>　　Plaintiff,<br><br>　　v.<br><br>AMN Distribution Inc., et al,<br><br>　　Defendants. | No. 2:20-cv-05526-SVW-SHK<br><br>Declaration of Michael Harris Supporting Athena's Motion to Compel Discovery<br><br>Date:　January 12, 2021<br>Time:　11:00 am<br><br>Magistrate Judge Kewalramani |

I, Michael Harris, declare:

1. I am attorney for plaintiff Athena Cosmetics, Inc (Athena) and a member of the State Bar of California and of this Court. I am a partner in SoCal IP Law Group LLP (SoCal IP), plaintiff's attorneys.

2. When this declaration identifies an exhibit, a true and correct copy of the exhibit is attached to this declaration.

3. I had two unsuccessful attempts to confer with AMN's counsel on the issues raised in this motion. The first request of November 3 to AMN's first attorney, Ronan Cohen, requested a conference. Mr. Cohen did not respond. The second request on was on November 16 to AMN's second counsel, David Voss. Though Mr. Voss asked that AMN receive chance to respond to the discovery, he would not agree to have AMN answer interrogatories, produce documents without objection and arrange for a witness to be deposed under Rule 30(b)(6).

Harris Declaration Supporting Athena's
Motion to Compel

1

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

4. In the more than a month since then, AMN neither responded to discovery nor produced a witness.

5. Exhibit 1 is a copy of Athena's First Request for Production of Documents to Defendant AMN Distribution Inc. Athena served it on AMN's attorney on October 1, 2020. AMN served no response.

6. Exhibit 2 is a copy of Athena's First Interrogatories to Defendant AMN Distribution Inc. Athena served it on AMN's attorney on October 1, 2020. AMN served no response.

7. Exhibit 3 is a copy of Athena's Notice of Deposition of Defendant AMN Distribution Inc. under Fed. R. Civ. P. 30(b)(6) (deposition date November 5, 2020). Athena served it on AMN's attorney on October 9, 2020.

8. AMN's attorney did not communicate with me about the deposition. On November 2, 2020, I sent Mr. Cohen an email—Exhibit 4 is a copy—stating:

> You neither acknowledged it nor contacted us to change the date and time. You cannot ignore it because canceling or staying depositions requires your obtaining a protective order before the deposition date. *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) ("Rule [26(c)] places the burden on the proposed deponent to get an order, not just to make a motion.").
>
> Having said that, we are flexible about the time and place and would consider having it conducted virtually because of Covid. But we need you to communicate about discovery. We must know today so we can confirm with the reporter. If you and the Rule 30(b)(6) witness will not attend, you must tell us that so we will not waste our client's money having a reporter show up. That benefits you and AMN too because we will not have to include the reporter's fees in our request for expenses in our Rule 37 motion.

9.  I emailed opposing counsel on November 2, "[W]e are flexible about the time and place …. We must know today so we can confirm with the reporter. If you and the Rule 30(b)(6) witness will not attend, you must tell us that so we will not waste our client's money having a reporter show up." Exhibit 5 is a copy of the email. AMN's attorney did not respond. Mr. Cohen's only response is that AMN was planning on retaining new counsel. Because I could not know if AMN would produce a witness, I had a court reporter attend. No witness for AMN attended.

10. The reporter charged $700.25. Exhibit 6 is a copy of the reporter's invoice.

11. AMN also has not served initial disclosures.

12. On November 16, I emailed new attorney Mr. Voss a second request to hold a conference to meet and confer. Exhibit 7 is a copy of the email.

13. I sent Athena's version of the Local Rule 37–2 stipulation to AMN's new attorney on November 24.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

December 22, 2020            /s/ *Michael Harris*
                             Michael Harris