# Exhibit 7

# Michael Harris

| | |
|---|---|
| **From:** | Marina Lang |
| **Sent:** | Monday, November 16, 2020 6:57 PM |
| **To:** | David Voss |
| **Cc:** | Jeff Lewis; ericab@ebmediate.com; Michael Harris; Anneliese Lomonaco |
| **Subject:** | RE: Athena v. AMN, New Counsel D. Voss as of 11/16/20 // Request to Meet and Confer // Our File No. [A062.L20369] |

Dear Mr. Voss,

We saw today that you formally substituted in as new counsel for AMN Distribution and that it was accepted by the Court.  As such, pleased to meet you via email.  The unusual filing at Document 37 last Thursday left us confused.  We understand that you represent defendant AMN Distribution moving forward.

You are correct that several deadlines have been missed.  We made extraordinary efforts to communicate and meet and confer with Mr. Cohen.  As you now know, he and his client contact were not responsive and left us hanging in the wind on several matters, including most recently the 30(b)(6) deposition wherein myself, the court reporter and the audiovisual technician all prepared, appeared and waited.  For obvious reasons, I am disinterested in excuses for this conduct, but I do remain hopeful that your new appearance will mean new progress on this case.

We need to meet and confer on these discovery issues as soon as possible, unless of course the mediation on 11/18/20 obviates the need to do so.  My calendar for the rest of this year is relatively full, so I would like to get something on calendar soon.   My only availability this week is Thursday between 10am and 3pm PST.  Please let me know if there is a time within that frame that works for you. It appears from your email below that you have some availability on this day.

Defendant Moishe Newman remains unrepresented and inactive in the current litigation.  Our telephonic meeting should focus on the active imminent matters before us between my client and your client AMN Distribution.  A Rule 26 conference between counsel was completed on 9/16/20.  During that meeting and in email correspondence after, Ronan was barely responsive but at least managed to approve the protective order, the mediator, and the mediation date.  During my call with Ronan, we also agreed to exchange Initial Disclosures on October 1.  Plaintiff complied and we timely served our Initial Disclosures.  However, defendant AMN did not, and despite several attempts by us to meet and confer with him on that issue, no Initial Disclosures have been received to this day.

I look forward to your response.

Sincerely,


/s/Marina L. Lang, Esq.
*Partner*
T:  +1 805 267 2261
C:  +1 805 340 4318
F:  +1 805 230-1355
E:   mlang@socalip.com

SoCal IP Law Group LLP – a Boutique Law Firm Specializing in Intellectual Property
Los Angeles:   310 N. Westlake Blvd., Suite 120, Westlake Village, CA 91362
Santa Barbara:  1332 Anacapa St., Suite 201 Santa Barbara, CA 93101
www.socalip.com

1

*CONFIDENTIAL. This email message may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not a listed recipient, please reply to the sender that the email message was misdirected and delete it. Thank you.*

**From:** David Voss <David@vsbllp.com>
**Sent:** Thursday, November 12, 2020 5:30 PM
**To:** Marina Lang <mlang@socalip.com>; Michael Harris <MHarris@socalip.com>
**Cc:** Jeff Lewis <jeff@vsbllp.com>; ericab@ebmediate.com
**Subject:** Athena v. AMN

Dear Ms. Lang and Mr. Harris:

Please allow me to introduce myself. I am David Voss and, as indicated in Mr. Cohen's prior e-mail of last week, I will be the new counsel of record in this matter. I have been advised by Mr. Cohen that the substitution was filed today.

As was also indicated, I have just returned from being out of the country. I am at this time in self-quarantine for a few days and then being tested to ensure the safety of others in my office. I expect to be in the office on Monday at which time I will have access to the client files being sent over from Mr. Cohen. In the interim I have made every effort to review the filed pleadings accessible with the court online. That review has revealed a number of immediate deadlines for which we request your courtesy and cooperation. That review also amply demonstrates that through no fault of our clients, Mr. Cohen has apparently failed to appear for numerous court appearances including but not limited to a status conference re protective order and discovery issues, failed to respond to any discovery requests, failed to produce a witness for 30(b)(6) deposition and in sum and substance, generally failed to participate in the processes mandated by the F.R.C.P. and local rules all to the extreme prejudice of his clients. Fortunately, this matter was only filed a few months ago and we will diligently reverse the omissions of Mr. Cohen to move the matter forward.

First, I understand that there is a mediation scheduled for November 18. While we are prepared to proceed with the mediation on that date, we believe it may be more productive to continue the mediation by at least a week or two. I have already spoken to the mediator at length this afternoon, and she is willing to either proceed on the 18th at 1:30 p.m. or reset it with a short delay. She will be in touch with you tomorrow in that regard.

Second, both Default and Default Judgment were improperly taken against Moishe Newman individually. It is abundantly clear that no personal service was effectuated in the matter; to wit, Mr. Newman was at all time relevant in Australia unable to travel to the United States and was therefore not present in the country on the date service was purportedly effectuated. Furthermore, we have reason to believe that the service was in fact attempted by providing the complaint to Mr. Newman's 80+ year old father – who most obviously does not fit the description of Mr. Newman! Beyond this, for reasons passing all understanding, apparently Mr. Cohen failed to appear at the relevant hearings or advise the court of the issues regarding service. Under the circumstances it seems clear that the court should be inclined to grant relief from default/default judgment in the event we cannot stipulate to same.

Third, I understand that there is a dispute concerning discovery responses that are apparently overdue and failure to participate with depositions and provide the Rule 26 initial disclosures.  Are you available to meet and confer telephonically regarding the same later next week perhaps later in the day on the 19th or 20th (I am engaged in trial in Northern California via Zoom and need to work around the times set by that judge for trial.)  In connection with the same, I came across a joint stipulation for a motion to compel, which appears to be premature at this point because the parties have yet to avail themselves of the pre-motion telephonic discovery conference with Magistrate Judge Kewalramani, which is a mandatory prerequisite to the filing of any such motion under department procedure no. 4.  In connection with the same, could you please clarify the status of the parties completing their obligations under Rule 26(f)? Unfortunately, I've been unable to locate a copy of the discovery plan required under Rule 26(f)(3) and I am led to believe that there was no meaningful attempt by all counsel to comply.  I would appreciate it if you could share a copy of the same or any correspondence documenting the discussions and any agreements reached during the Rule 26(f) conference.

I look forward to speaking with you tomorrow regarding the above.

Best regards,
David Voss



David C. Voss Jr.
Attorney at Law

Marina Towers
4640 Admiralty Way, Suite 800
Marina del Rey, CA  90292
dave@vsbllp.com
(310) 306-0515 T
(310) 306-5368 F
www.vsbllp.com