DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE,<br><br>Defendants | Case No. 2:20-cv-05526-SVW-SHK<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT MOISHE NEWMAN TO DISMISS COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**HEARING**<br><br>Date: March 15, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 10A<br>     First Street Courthouse<br>     350 W. 1st Street, 10th Floor,<br>     Los Angeles, California 90012 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 15, 2021 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 10A of the above-entitled Court

located at First Street Courthouse, 350 W. 1st Street, 10th Floor, Los Angeles, California 90012, the Honorable Steven V. Wilson presiding, defendant Moishe Newman will and hereby does move for an order dismissing, with prejudice, the complaint of plaintiff Athena Cosmetics, Inc. ("Plaintiff" or "Athena") and all the purported claims asserted therein pursuant to Federal Rule of Civil Procedure 12(b)(6).

Mr. Newman brings this motion on the grounds that Plaintiff has failed to state a claim upon which relief may be granted. Specifically, the federal trademark and state common law unfair competition claims (the first five claims for relief) have been released and are expressly barred by the very same settlement agreement that is the basis for Plaintiff purported sixth claim for relief for breach of contract arising from Mr. Newman's alleged failure to make certain disclosures in connection with the settlement. The sixth claim for relief fails because: (1) the settlement agreement never imposed an individual obligation on Mr. Newman to make the disclosures; (2) the schedules to the settlement agreement demonstrate, on their face, that disclosure requirement was satisfied by defendant AMN Distribution, Inc.; and (3) Plaintiff has failed to allege that it has suffered harm and that Mr. Newman's breach was a substantial factor in causing such harm.

Furthermore, Mr. Newman requests that the Court exercise its discretion to dismiss Plaintiff's supplemental state law claims (claims five and six) pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. 1367(c)(3).

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities, the concurrently filed request for judicial notice and supporting declaration of Moishe Newman, the complete files and records of this action, and upon such other evidence as may be presented at the time of hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on January 22, 2021.

DATED: February 9, 2021

DAVID C. VOSS, JR.
VOSS, SILVERMAN & BRAYBROOKE, LLP

By: _____
David C. Voss, Jr.
Attorney for Defendant MOISHE NEWMAN

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................. 1

II. SUMMARY OF COMPLAINT AND SETTLEMENT AGREEMENT ............ 2

    A. Plaintiff's Complaint .............................................................................. 2

    B. The Settlement Agreement ..................................................................... 3

        1. Parties to the Settlement Agreement and "Effective Date" ................. 3

        2. Primary obligations of the parties ........................................................ 3

        3. Miscellaneous terms ............................................................................ 4

        4. Bar of present lawsuit and scope of released claims .......................... 5

III. APPLICABLE STANDARD ............................................................................. 7

IV. PLAINTIFF'S TRADEMARK CLAIMS (CLAIMS ONE THROUGH 4) AND COMMON LAW UNFAIR COMPETITION CLAIM (CLAIM 5) FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED BECAUSE THEY ARE BARRED BY THE SETTLEMENT AGREEMENT ........................ 8

V. PLAINTIFF'S SIXTH CLAIM FOR BREACH OF CONTRACTS FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ..................... 9

    A. Mr. Newman did not and could not breach the Settlement Agreement by Failing to Disclose Supplier or Customer Information Because the Settlement Imposed No Such Obligation on Him ........................................ 9

    B. Even Were the Court to Construe the Settlement Agreement to Impose a Duty on Mr. Newman to Make Certain Customer and Supplier Disclosures, the Alleged Breach of Such a Duty is Negated by Schedules 1 and 2 of that Agreement .............................................................................................. 10

    C. Plaintiff Has Failed to Allege Two Essential Elements of a Breach of Contract Claim Under California Law: Damages and Causation ............... 11

**VI.** THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS CLAIMS FIVE AND SIX AS THEY ARE SUPPLEMENTAL STATE LAW CLAIMS ...11

**VII.** CONCLUSION ................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .................................................................7

*Branch v. Tunnel*, 14 F.3d 449, 453-454 (9th Cir.), *cert. denied*, 512 U.S. 1219 (1994) *overruled on other grounds*, *Galbraith v. County of Santa Clara*, 307 F. 3d 1119 (9th Cir. 2002) ..................................................................................................................7

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988), *superseded by statute*, 28 U.S.C. § 1367 ...........................................................................................12

*Danner v. Himmelfarb*, 858 F.2d 515, 523 (9th Cir. 1988), *cert. denied*, 490 U.S. 1067 (1989) .................................................................................................................11

*Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); .................................................7, 8

*Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ...............................12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ..........................7

*United States v. Corinthian Colleges*, 655 F.3d 984, 991 (9th Cir. 2011) .......................7

*United States v. Zima*, 766 F.2d 1153, 1158 (7th Cir. 1985) ..........................................12

**Statutes**

28 U.S.C. 1367(c)(3) ............................................................................................2, 11, 13

**Other Authorities**

CACI, 303 ("Breach of Contract – Essential Factual Elements") Judicial Council of California Civil Jury Instructions (2021 edition) ........................................................11

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ................................................................2, 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The six claims which constitute the entirety of the complaint of Plaintiff Athena Cosmetics, Inc. ("Plaintiff" or "Athena") against defendant Moishe Newman ("Mr. Newman") and AMN Distribution, Inc. ("AMN" and collectively, "Defendants") share one common thread: They are all barred by a covenant not to sue, release, and waiver set forth in a comprehensive settlement agreement between Plaintiff and Defendants. As explained below and in Mr. Newman's concurrently filed request for judicial notice, this Court may properly take judicial notice of the settlement agreement because it is purported basis of, and specifically referenced in, one of Plaintiff's claims.

Plaintiff's first five claims for relief – four of which purport to allege federal trademark claims under the Lanham Act and the fifth of which is for common law unfair competition under California law – clearly fall within the scope of the release and waivers set forth in the parties' settlement agreement and are therefore barred.

Plaintiff's sixth claim for relief alleges that Defendants breached the settlement agreement by failing to adequately disclose certain customer and supplier information as part of the parties' settlement. This breach of contract claim is fatally flawed on multiple grounds. *First,* the settlement agreement does not impose *any individual obligation on Mr. Newman* to make the disclosures referenced by Plaintiff. Because the agreement only imposes a such a duty on defendant AMN, Mr. Newman cannot be in breach of the same. *Second,* the schedules attached to and deemed part of the settlement agreement demonstrate, on their face, that *the contractually mandated disclosures were in fact made*. *Third*, the contract claim lacks two essential elements under California law: causation and damages.

In light of the foregoing deficiencies, Mr. Newman requests that this Court dismiss Plaintiff's complaint, in its entirety, with prejudice as Plaintiff has failed to state a claim for relief claim upon which relief may be granted with respect to each of its six claims. Mr. Newman also requests that the Court exercise its discretion to dismiss

Plaintiff's supplemental state law claims (claims five and six) pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. 1367(c)(3).

## II. SUMMARY OF COMPLAINT AND SETTLEMENT AGREEMENT

### A. Plaintiff's Complaint

Plaintiff filed its complaint against AMN and Mr. Newman on June 22, 2020. (Dkt. 1). Mr. Newman is appearing and filing the instant motion at this time as a result of this Court's January 19, 2021 order setting aside the default and default judgment previously taken against him. (Dkt. 62).

Plaintiff's complaint is comprised of six claims, the first four of which allege trademark claims under the Lanham Act. Complaint (Dkt. 1), ¶¶ 1 – 74. The fifth claim is a pendent state law claim for unfair competition. Complaint, ¶¶ 75-84. All of the foregoing claims are predicated upon the Defendants' purported use of Plaintiff's trademark in connection with the alleged sale of cosmetic goods online. The only specific dates alleged with respect to the purported misconduct are November 2019 through February 2020. Complaint (Dkt. 1), ¶¶ 26-28. Significantly, Plaintiff does not allege that any acts of wrongdoing took place *after* the parties entered into a settlement agreement in April of 2020. Complaint (Dkt. 1), ¶¶ 1 – 94.

Plaintiff's sixth claim of relief is a pendent state law claim for breach of contract. Complaint (Dkt. 1), ¶¶ 85 – 94. Plaintiff alleges that it entered into a settlement agreement (the "Settlement Agreement") with Defendants, "which they executed on April 29 and 30, 2020," after "Athena had demanded in writing [in February and March 2020] that defendants cease selling counterfeit Athena products." Complaint (Dkt. 1), ¶ 88. Plaintiff has only alleged *a single breach* of the Settlement Agreement by Defendants: their alleged provision "inaccurate and incomplete contact information of its customers and suppliers." Complaint (Dkt. 1), ¶ 92.

Plaintiff's sixth claim for relief is notable for what is does not allege. For example, *it does not allege* that Defendants otherwise breached the Settlement Agreement by failing to make the settlement payment, failing to return inventory,

continuing to engage in unfair competition, violating the Lanham Act or infringing Plaintiff's trademark, or engaging in any of the numerous acts prohibited by the Settlement Agreement. Complaint (Dkt. 1), ¶¶ 85-94. Plaintiff also fails to allege that it was harmed by purported breach or that Defendants' purported breach was a substantial factor in causing any such harm. Complaint (Dkt. 1), ¶¶ 85-94.

### B. The Settlement Agreement

Given its significance to its sixth claim for relief, one would have expected Plaintiff to attach the Settlement Agreement in its entirety to its complaint. Because Plaintiff has inexplicably failed to do so, Mr. Newman has requested that this Court take judicial notice of the same and includes the following summary for the convenience of the Court.

#### 1. Parties to the Settlement Agreement and "Effective Date"

The parties and signatories to the Settlement Agreement are Athena and defendants AMN and Newman, with Mr. Newman signing on behalf of AMN, himself individually, and on behalf of alleged dba Brush Express. RJN, Exh. 1, p. 5 (first full paragraph) and pp. 12-13 (signature blocks)[1]. *See also,* Complaint (Dkt. 1), ¶ 88. The Settlement Agreement is effective as of the "last date signed below," *i.e.*, April 30, 2020 (the "Effective Date"). RJN, Exh. 1, p. 5 (first full paragraph) and pp. 12-13 (signature blocks). *See also,* Complaint (Dkt. 1), ¶ 88.

#### 2. Primary obligations of the parties

The primary obligations of the Defendants are: (1) the cessation of the purchase, offering for sale, use, *etc.*, of "any goods or products with the Athena Cosmetics Marks, including any simulation, reproduction, counterfeit, copy or colorable imitation of the Athena Cosmetics Marks" [RJN, Exh. 1, p. 7, ¶ 2(a)(vii)]; (2) the shipment to Athena, within 30 days of the Effective Date, of their "entire remaining inventory of any goods

---

[1] The page numbers to all exhibits refer to the electronic "bate-stamped" pagination added to each document pursuant to Local Rule 11-2.

or products with the Athena Cosmetics Marks" [RJN, Exh. 1, p. 7, ¶ 2(a)(viii)]; (3) their agreement not to challenge the validity or enforceability of the Athena Cosmetics Marks [RJN, Exh. 1, p. 8, ¶ 3]; and (4) the payment of $25,000 to Athena within 3 business days of the Effective Date [RJN, Exh. 1, p. 8, ¶ 4].

Plaintiff, in return, has one overriding obligation as described in greater detail below:  to release and not sue the Defendants as it has in this lawsuit!  RJN, Exh. 1, p. 6, ¶ 1(a), pp. 8-9, ¶ 5, pp. 9, ¶ 6.

### 3. Miscellaneous terms

The "Miscellaneous" section of the agreement imposes an obligation upon AMN, but not Mr. Newman, to prepare and provide two schedules of customer and seller information "prior to the execution of the Agreement":

> Prior to execution of this Agreement, AMN shall prepare Schedules 1 and 2 of this Agreement and shall deliver same to Ronan Cohen, Esq., who shall act as escrow agent under this Agreement for the limited purpose of holding said schedules in escrow and delivering same to SoCal IP Law Group LLP, Attention: Ms. Marina Lang, 310 N. Westlake Blvd.• Suite 120, Westlake Village, CA 91362 upon delivery of a counter part of this Agreement duly executed by Athena Cosmetics, where upon said completed schedules shall be appended to this Agreement and shall be deemed a part hereof.

RJN, Exh. 1, p. 12, ¶ 9(g).

With respect to the latter, the Settlement Agreement elsewhere provides that "the full and complete contact information and the amount of product purchased from each seller will be set forth on Schedule l to this Agreement" and that "the full and complete contact information for each customer and the aggregate amount of product sold will be set forth on Schedule 2 to this Agreement."  RJN, Exh. 1, p. 7, ¶ 2(a)(iii)-(iv).  The time frame for both schedules is limited to sales and purchases from January 1 to December 31, 2019. RJN, Exh. 1, p. 7, ¶ 2(a)(iii)-(iv).

The two schedules referenced above ("Schedules 1 and 2") are attached to the executed Settlement Agreement and are deemed to be "part of" the Settlement Agreement pursuant to its express terms.  RJN, Exh. 1, p. 12, ¶ 9(g).  Schedule 1 is one page long and contains for each seller a product description, amount purchased, and seller contact information.  RJN, Exh. 1, p. 14.  Schedule 2 is forty-six pages long and contains the contact information for each customer and amount sold to them as required by the Settlement Agreement.  RJN, Exh. 1, pp. 15 - 60. In fact, Schedule 2 provides information *beyond* that required by the Settlement Agreement by including: (a) "Order ID" numbers; (b) customer first and last names; (c) total purchase amount for each customer; (d) "status" and "payment status;" (e) order date and time; (f) customer shipping address; (g) customer shipment phone number; (h) UPC code number; (i) quantity purchased; (j) product name; and (k) tracking number.  RJN, Exh. 1, pp. 15 – 60.

In addition to the foregoing schedules, other "Miscellaneous" provisions in the Settlement agreement include: (1) a representation that the parties were represented by counsel in the negotiation of the Settlement Agreement; (2) a severance clause; (3) a California choice of law provision; (4) a clause making the agreement binding on predecessors, affiliates, and assigns; (5) a clause permitting the agreement to be signed in counterparts; (6) a construction clause stating that the agreement should not be presumptively construed in favor or against Plaintiff or Defendants; and (7) an attorney's fees provision.  RJN, Exh. 1, pp. 11-12, ¶ 9(a)-(g).

The Settlement Agreement also includes an integration clause that appears outside of the "Miscellaneous" section.  RJN, Exh. 1, p. 11, ¶ 8.

### 4. <u>Bar of present lawsuit and scope of released claims</u>

The Settlement Agreement contains several provisions that bar and release the claims that are alleged against Defendants in the instant action. These provisions include:

- <u>A covenant not to sue</u>, in which Plaintiff agrees that "[i]n consideration for the mutual promises, terms and conditions set forth in this Agreement, Athena Cosmetics agrees not to file or pursue *any action*"— including a threatened lawsuit referenced in the Settlement Agreement (the "Lawsuit") – "against Defendants related to their purchase and sale of products bearing Athena Cosmetics Marks *occurring on or before* the Effective Date of this Agreement." RJN, Exh. 1, p. 6, ¶ 1(a) (emphasis added).

- <u>A specific "Release" provision</u>, which provides that "[c]onditional on" Defendants making the required settlement payment, furnishing Schedules 1 and 2, and delivering their entire remaining inventory of goods and products bearing Plaintiff's marks, plaintiff Athena "does hereby irrevocably release and discharge each of the Defendants . . . from ***any and all*** claims, damages, charges, causes of action or liabilities that the Releasors have or may have against any of the Releasees [defined to include the Defendants], whether known or unknown, ***of any nature whatsoever, from the beginning of time to the execution date of this Agreement which arose in any way from, the sale of any Athena products (counterfeit or otherwise),*** including, but not limited to, any and all claims, losses, demands, causes of action, suits, whether known or unknown, whether at law or in equity, that may have accrued from the beginning of time or may exist as of the Effective Date of this Agreement that are or that could have been asserted in the Lawsuit or any other civil or criminal action, or that arise out of or in connection with Defendants' purchases and sales of Athena product (whether counterfeit or not)." RJN, Exh. 1, pp. 8-9, ¶ 5 (emphasis added).

- <u>A "Waiver of Claims" provision,</u> larger in scope than the Release provision, that includes a California Civil Code section 1542 recital and provides that, "The Releasors and Releasees agree that this Agreement shall act as a

***release of any and all claims that may arise from conduct prior to the execution of this Agreement*** whether such claims are known, unknown, foreseen, or unforeseen, liquidated or unliquidated, choate or inchoate, notwithstanding Section 1542 . . . ." RJN, Exh. 1, p. 9, ¶ 6 (emphasis added).

## III. APPLICABLE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also United States v. Corinthian Colleges*, 655 F.3d 984, 991 (9th Cir. 2011). "Pursuant to this analysis, only pleaded facts, as opposed to legal conclusions, are entitled to assumption of the truth." *Corinthian Colleges*, 655 F.3d at 984. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Corinthian Colleges*, 655 F.3d at 984.

Moreover, the court's review is not limited to the facts alleged in the complaint. Rather, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). This concept extends to documents whose contents are referenced, but not attached, to the complaint and the authenticity of which is not reasonably disputed. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Branch v. Tunnel*, 14 F.3d 449, 453-454 (9th Cir.), *cert. denied*, 512 U.S. 1219 (1994) *overruled on other grounds*, *Galbraith v. County of Santa Clara*, 307 F. 3d 1119 (9th Cir. 2002). Similarly, judicial notice of a document on a 12(b)(6) motion is proper in "situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the

complaint." *Knievel v. ESPN*, 393 F.3d at 1076. On the basis of the foregoing authority, Mr. Newman has filed a request for judicial notice requesting that this Court take notice of the Settlement Agreement that is the alleged basis of Plaintiff's breach of contract claim even though Plaintiff has neglected to attach it to its complaint.

### IV. PLAINTIFF'S TRADEMARK CLAIMS (CLAIMS ONE THROUGH 4) AND COMMON LAW UNFAIR COMPETITION CLAIM (CLAIM 5) FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED BECAUSE THEY ARE BARRED BY THE SETTLEMENT AGREEMENT

As described in detail above, the Settlement Agreement contains numerous provisions that bar Plaintiff's claims in this action. The waiver provision, *which is broad in scope and does not contain any condition precedents*, specifically provides that the Settlement Agreement "shall act as a release of any and all claims that may arise from conduct prior to the execution of this Agreement whether such claims are known, unknown, foreseen, or unforeseen, liquidated or unliquidated, choate or inchoate, notwithstanding Section 1542 . . . ." RJN, Exh. 1, p. 9, ¶ 6. As the first five claims for relief all allegedly arise from "conduct prior to the execution of the [Settlement] Agreement," the above waiver bars Plaintiff's first five claims. There is not a single allegation of wrongdoing in the first five claims that occurred after the execution of Settlement Agreement!

The foregoing waiver is not the only bar to Plaintiff's claims. Plaintiff also separately promised, "[i]n consideration for the mutual promises, terms and conditions set forth" in the Settlement Agreement, "not to file or pursue any action" "against Defendants related to their purchase and sale of products bearing Athena Cosmetics Marks occurring on or before the Effective Date of this Agreement." RJN, Exh. 1, p. 6, ¶ 1(a). In a separate release provision, Plaintiff also "irrevocably" released and discharged Defendants from "any and all claims, damages, charges, causes of action or liabilities . . . of any nature whatsoever, from the beginning of time to the execution date

of this Agreement which arose in any way from, the sale of any Athena products (counterfeit or otherwise) . . . ." RJN, Exh. 1, pp. 8-9, ¶ 5.

Notably, the separate release provision only imposes three conditions on the Defendants: (1) "making the Settlement Payment;" (2) "furnishing Schedules 1 and 2;" and (3) the "delivery of the entire remaining inventory of any goods or products with the Athena Cosmetics Mark." RJN, Exh. 1, p. 8, ¶ 5. The schedules attached to the Settlement Agreement clearly demonstrate that Plaintiff satisfied the second condition precedent by "furnishing Schedules 1 and 2." Moreover, Plaintiff's breach of contract claim, discussed below, *does not allege* a breach the first or third conditions precedent. Accordingly, the separate release, just like the separate waiver provision, bars Plaintiff's first five claims for relief.

## V. PLAINTIFF'S SIXTH CLAIM FOR BREACH OF CONTRACTS FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### A. Mr. Newman did not and could not breach the Settlement Agreement by Failing to Disclose Supplier or Customer Information Because the Settlement Imposed No Such Obligation on Him

Plaintiff sixth claim for relief alleges that "Defendants breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers." Complaint (Dkt. 1), ¶ 92. Plaintiff's allegation, however, does not hold up in light of the unambiguous language of the Settlement Agreement. The "Miscellaneous" section of the Settlement Agreement clearly puts the obligation on defendant AMN *alone* to prepare and deliver the customer and supplier information set forth in Schedules 1 and 2:

> "Prior to execution of this [Settlement] Agreement, **AMN shall prepare** Schedules 1 and 2 of this Agreement and shall deliver same to Ronan Cohen, Esq., who shall act as escrow agent under this Agreement for the limited purpose of holding said schedules in escrow and delivering same to SoCal IP Law Group LLP . . . ."

RJN, Exh. 1, p. 12, ¶ 9(g).

Simply stated, Mr. Newman did not and could not have breached a duty of disclosure with respect to supplier and customer information because the Settlement Agreement imposed no such obligation on him.  As Plaintiff's contract claim *does not allege any other breach* by Mr. Newman (or by any of the other defendants), the claim must be dismissed.

### B. Even Were the Court to Construe the Settlement Agreement to Impose a Duty on Mr. Newman to Make Certain Customer and Supplier Disclosures, the Alleged Breach of Such a Duty is Negated by Schedules 1 and 2 of that Agreement

As discussed in greater detail above, the Settlement Agreement imposes an obligation on defendant AMN (but not Mr. Newman) to "prepare Schedules 1 and 2" to the Agreement.  RJN, Exh. 1, p. 12, ¶ 9(g).  The Settlement Agreement elsewhere provides in the context of a recital that "the full and complete contact information and the amount of product purchased from each seller will be set forth on Schedule l to this Agreement" and that "the full and complete contact information for each customer and the aggregate amount of product sold will be set forth on Schedule 2 to this Agreement."  RJN, Exh. 1, p. 7, ¶ 2(a)(iii)-(iv).  The time frame for both schedules is limited to sales and purchases from January 1 to December 31, 2019.  RJN, Exh. 1, p. 7, ¶ 2(a)(iii)-(iv).

The schedules attached to the executed agreement, which are expressly deemed to be a part of that agreement, clearly demonstrate that defendant AMN complied with the foregoing obligations notwithstanding Plaintiff's allegation to the contrary.  As noted above, Schedule 1 is one page long and contains for each seller a description of the product, amount of product purchased, and seller contact information required by the Settlement Agreement.  RJN, Exh. 1, p. 14.  Schedule 2 is forty-six pages long and *goes beyond* the information required by the Settlement Agreement by including for each customer: (a) "Order ID" numbers; (b) customer first and last name; (c) total purchase amount for each customer; (d) "status" and "payment status;" (e) order date and time; (f) customer shipping address; (g) customer shipment phone number; (h) UPC code

number; (i) quantity purchased; (j) product name; and (k) tracking number.  RJN, Exh. 1, p. 15.

### C. Plaintiff Has Failed to Allege Two Essential Elements of a Breach of Contract Claim Under California Law: Damages and Causation

The essential elements for a breach of contract claim under California law are well established and concisely and clearly delineated in the jury instructions approved by the California Judicial Council.   These mandatory elements include two that are conspicuously missing from Plaintiff's sixth claim for relief:  (1) that plaintiff "was harmed" by the breach; and (2) that defendant's "breach of contract was a substantial factor in causing [plaintiff's] harm."  CACI, 303 ("Breach of Contract – Essential Factual Elements") Judicial Council of California Civil Jury Instructions (2021 edition).  Setting aside, for the moment, that Plaintiff has alleged the breach of an obligation that the Settlement Agreement *does not even impose upon Mr. Newman*, Plaintiff's claim is nonetheless defective because it fails to allege these two essential elements.  See Complaint (Dkt. 1), ¶¶ 85 – 94.

## VI. THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS CLAIMS FIVE AND SIX AS THEY ARE SUPPLEMENTAL STATE LAW CLAIMS

A district court may decline supplemental jurisdiction over a state law claim "if the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. 1367(c)(3).   Consequently, should the Court dismiss the first four claims for relief with prejudice, Mr. Newman requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's fifth and sixth claim under state law given the fact that this case has not yet moved past the pleading stage.  Indeed, although the Court has the discretion to retain jurisdiction over supplemental state court claims, the Ninth Circuit has stated that it is "our practice to dismiss state law claims once the federal claim has been resolved*."  Danner v. Himmelfarb*, 858 F.2d 515, 523 (9th Cir. 1988), *cert. denied*, 490 U.S. 1067 (1989).  *See also United States v. Zima*, 766 F.2d 1153, 1158

(7th Cir. 1985) (noting that "federal appeals courts in general . . . have indicated a strong preference for the dismissal of pendent or ancillary claims whenever the district court disposes of the federal claim or claims prior to trial.") "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988), *superseded by statute*, 28 U.S.C. § 1367; *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Cohill* in affirming dismissal of state law claims).

In connection with the same, Mr. Newman notes that the parties' settlement agreement specifically provides that the state courts of California are the proper forum for Plaintiff's claims:

> "Any lawsuit or other legal proceeding arising out of or concerning this Agreement must be brought only in Los Angeles County, California, and Plaintiff and Defendants, by executing this Agreement, specifically consent to venue and jurisdiction in and, of those courts for any such proceeding."

RJN, Exh. 1, p. 11, ¶ 9(c).

## VII. CONCLUSION

For the foregoing reasons, defendant Moishe Newman requests that this Court dismiss Plaintiff's complaint, in its entirety, with prejudice. Mr. Newman also requests that the Court exercise its discretion to dismiss Plaintiff's supplemental state

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

law claims (claims five and six) pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. 1367(c)(3).

  DATED: February 9, 2021

DAVID C. VOSS, JR.
VOSS, SILVERMAN & BRAYBROOKE, LLP

By: _____
David C. Voss, Jr.
Attorneys for Defendant MOISHE NEWMAN

law claims (claims five and six) pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. 1367(c)(3).

DATED: February 9, 2021

DAVID C. VOSS, JR.
VOSS, SILVERMAN & BRAYBROOKE, LLP

By: _____
David C. Voss, Jr.
Attorneys for Defendant MOISHE NEWMAN

- 13 -
DEFENDANT MOISHE NEWMAN'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)