1  DAVID C. VOSS, JR. (State Bar No. 147330)
   david@vsbllp.com
2  VOSS, SILVERMAN & BRAYBROOKE LLP
3  4640 Admiralty Way, Suite 800
   Marina Del Rey, California 90292-6602
4  T: (310) 306-0515/ F: (310) 306-5368
5
6  Attorneys for defendants Moishe Newman and
   AMN Distribution, Inc.
7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                   WESTERN DIVISION

11

12  ATHENA COSMETICS, INC.,            ) Case No. 2:20-cv-05526-SVW-SHK
                                       )
13              Plaintiff              ) **REQUEST FOR JUDICIAL NOTICE IN**
                                       ) **SUPPORT OF MOTION OF DEFENDANT**
14                                     ) **MOISHE NEWMAN TO DISMISS**
                                       ) **COMPLAINT PURSUANT TO F.R.C.P.**
15       v.                            ) **12(b)(6)**
                                       )
16  AMN DISTRIBUTION, INC., MOISHE     )
17  NEWMAN, an individual d/b/a BRUSH  ) **HEARING**
    EXPRESS, and DOES 1-10, INCLUSIVE, )
18                                     ) Date:  March 15, 2021
19              Defendants             ) Time: 1:30 p.m.
                                       ) Place:  Courtroom 10A
20                                     )             First Street Courthouse
                                       )             350 W. 1st Street, 10th Floor,
21                                     )             Los Angeles, California 90012
                                       )
22  ─────────────────────────────────  )

23

24

25

26

27

28

1   **TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2       **PLEASE TAKE NOTICE THAT** defendant Moishe Newman ("defendant

3   Newman") requests that this Court take judicial notice of the following matters pursuant

4   to Federal Rule of Evidence 201 in connection with his concurrently filed motion to

5   dismiss the complaint of plaintiff Athena Cosmetics, Inc. ("Plaintiff"):

6       (1) The settlement agreement and schedules appended thereto (collectively, the

7   "Settlement Agreement") that is referenced in and upon which Plaintiff bases its

8   purported sixth claim for relief for breach of contract.  A true and correct copy of the

9   Settlement Agreement is attached hereto in redacted form as <u>Exhibit 1</u> and is

10  authenticated in the accompanying declaration of defendant Newman, who is a signatory

11  to the agreement. The only portion of the Settlement Agreement that has been redacted

12  are the phone numbers, last names, and home addresses (except for city and state) of

13  customers and suppliers in the schedule portion of the agreement, as explained in Mr.

14  Newman's declaration. The schedules can be made available in unredacted form for in

15  camera review or under seal if so desired by the Court.

16      Judicial notice of the Settlement Agreement is proper on a 12(b)(6) motion as a

17  court may properly consider documents whose contents are referenced, but not attached,

18  to the complaint and the authenticity of which is not reasonably disputed.  *Knievel v.*

19  *ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Branch v. Tunnel*, 14 F.3d 449, 453-454

20  (9th Cir.), *cert. denied*, 512 U.S. 1219 (1994) *overruled on other grounds*, *Galbraith v.*

21  *County of Santa Clara*, 307 F. 3d 1119 (9th Cir. 2002).   The Ninth Circuit has extended

22  this "incorporation by reference" doctrine "to situations in which the plaintiff's claim

23  depends on the contents of a document, the defendant attaches the document to its

24  motion to dismiss, and the parties do not dispute the authenticity of the document, even

25  though the plaintiff does not explicitly allege the contents of that document in the

26  complaint." *Knievel v. ESPN*, 393 F.3d at 1076.

27      Accordingly, the Court may notice Settlement Agreement in the instant case

28  because it is not only referenced in Plaintiff's complaint, *but it is also the very contract*

1  *that Plaintiff claims defendants breached* in its sixth claim for breach of contract.  The

2  authenticity of the document is not in doubt as it has been authenticated by defendant

3  Newman, who is a signatory to the document.  Judicial notice of the schedules attached

4  to the agreement is proper under the same principles enunciated above as the agreement

5  specifically states that they "shall be deemed a part" of the Settlement Agreement.

6  Exhibit 1 hereto, p. 12, ¶ 9(g).

7

8   DATED:  February 9, 2021          DAVID C. VOSS, JR.
                                       VOSS, SILVERMAN & BRAYBROOKE, LLP
9

10                                     By: _____

11                                          David C. Voss, Jr.

12                                          Attorneys for Defendant MOISHE

13                                          NEWMAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -
DEFENDANT MOISHE NEWMAN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS