Marina Lang, Cal. Bar No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Athena Cosmetics, Inc.,<br><br>        Plaintiff,<br><br>        v.<br><br>Brush Express, a business entity of unknown form, and DOES 1-10, Inclusive,<br><br>        Defendants. | No.<br><br>Complaint for Damages and Injunction: (1) Federal Trademark Counterfeiting [15 U.S.C. § 1117(b); (2) Federal Trademark Infringement [15 U.S.C. § 1114]; (3) Contributory Trademark Counterfeiting and Infringement [15 U.S.C. § 1117(b) & U.S.C. § 1114; (4) False Designation of Origin, Unfair Competition, False or Misleading Advertising [15 U.S.C. § 1125(a)]; (5) Unfair Business Practices [California Common Law].<br><br>Demand for Jury Trial |

Plaintiff Athena Cosmetics, Inc. (Plaintiff or Athena) for its complaint against Brush Express, a business entity of unknown form (Brush Express) and Does 1 through 10, alleges:

### FIRST CLAIM FOR RELIEF

### TRADEMARK COUNTERFEITING [15 U.S.C. § 1117(b)]

**A.     Subject Matter Jurisdiction**

1.     This claim for relief arises under the Lanham Trademark Act, 15 U.S.C. §§ 1051-1127.

2.     This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338(a), 15 U.S.C. § 1121(a) and other federal statutes.

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

**B.      The Parties, Personal Jurisdiction and Venue**

3.     Plaintiff Athena is a Nevada corporation with its principal place of business at 1838 Eastman Avenue, Suite 200, Ventura, California.

4.     On information and belief, defendant Brush Express, a business entity of unknown form, reside or has its principal place of business at 10 Gallagher Drive, Suite C, Wilkes Barre, Pennsylvania 18705

5.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendant Does 1–10, inclusive, are unknown to Athena and, therefore, are sued by these fictitious names. Athena will amend this pleading when the true names and capacities have been ascertained.

6.     Does 1–10 do business in the United States and in this district.

7.     Brush Express and Does 1–10 are called "Defendants."

8.     All Defendants are subject to personal jurisdiction under Cal. Code Civ. Proc., § 410.10. and FED. R. CIV. P. 4 because Brush Express sells, offers for sale, advertises and ships the counterfeit products to California and to this district.

9.     Venue is proper under to 28 U.S.C. § 1391(b)(2) because Brush Express sells, offers for sale, advertises and ship the products that are the subject of this lawsuit into this district and because a substantial part of the events or omissions causing the claim occurred in this district.

**C.     Facts**

10.  Plaintiff Athena manufactures and sells cosmetics.

11.  Since at least as early as February 21, 2006, Athena used the mark REVI-TALASH® continuously on cosmetic preparations for eye lashes in California and throughout the United States.

12.  Over the past several years, Athena has devoted substantial resources to promoting its trademarks' goodwill. Athena developed strong brand recognition for

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

its trademarked cosmetics and consumers associate the Athena's trademarks with Athena's cosmetics.

13. Athena owns United States Trademark Registration No. 3,246,814, which issued May 29, 2007, for the mark REVITALASH® for cosmetics preparations for eye lashes (the REVITALASH registration). Exhibit 1 is a copy of the registration certificate.

14. Athena filed, and the Patent and Trademark Office (PTO) accepted, declarations under Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058, 1065, for the REVITALASH registration. The registration is incontestable under 15 U.S.C. § 1065.

15. Athena also owns these United States Trademark Registrations, which are incontestable under Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058, 1065:

a. No. 3,526,373, which issued November 4, 2008, for the mark ATHENA AND DESIGN® (Exhibit 2).

b. No. 3,413,360, which issued April 15, 2008, for the mark ATHENA COSMETICS® for cosmetics preparations for eye lashes (Exhibit 3).

c. No. 5,633,064, which issued December 18, 2018, for the mark ETERNALLY PINK® for charitable services, namely, promoting public awareness of breast cancer, breast cancer prevention, breast cancer treatment, and breast cancer research; organizing and developing charitable projects that aim to promote breast cancer awareness, research and education; promoting public interest and awareness of breast cancer, breast cancer prevention, breast cancer treatment, and breast cancer research. cosmetics preparations for eye lashes (Exhibit 4).

d. No. 4,501,304, which issued March 25, 2014, for the mark REVITALASH ADVANCED® for cosmetic preparations for eye lashes (Exhibit 5).

16. Athena also owns United States Trademark Registration No. 5,871,804, which issued October 1, 2019, for the mark shown to the right for Cosmetic pads; Cosmetic pencils; Cosmetic preparations for body

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

care; Cosmetic preparations for skin care; Cosmetics; Cosmetics and cosmetic preparations; Cosmetics and make-up; Hair care creams; Hair care preparations; Hair conditioners; Hair masks; Hair mousses; Hair nourishers; Hair shampoos and conditioners; Hair sprays and hair gels; Non-medicated preparations all for the care of skin, hair and scalp; Non-medicated skin care preparations, namely, moisturizers, cleansers, masks, conditioners, creams, exfoliators, toners, make-up primers; lip care products, namely, lip primers and conditioners; eye brow products, namely, eyebrow liners, conditioners and strengtheners; eye-lash products, namely, mascaras, lengtheners, conditioners, strengtheners; eye-care products, namely, eye creams, concealers, highlighters, and makeup; Eyebrow cosmetics. (the RL Logo registration). Exhibit 6 is a copy of the registration certificate. Athena sold products with the RL Logo throughout the United States since January 2018.

17. REVITALASH, ATHENA AND DESIGN, ATHENA COSMETICS, ETERNALLY PINK, REVITALASH ADVANCED and the RL Logo are all collectively referred to as the "Athena Trademarks." The Athena Trademarks are inherently distinctive and acquired secondary meaning.

18. Except for the RL Logo, which became registered recently, Athena used the registration symbol "®" consistently with its use of the other registered Athena Trademarks. Under 15 U.S.C. § 1111, Athena's use of the registration symbol puts Defendants on notice of the Athena Trademarks and subjects Defendants to liability for Athena's lost profits and other damages and for Defendants' profits, statutory damages, treble damages or profits, compensatory damages, punitive damages, prejudgment interest, attorney fees, investigators' fees and costs from Defendants for each Athena mark that Defendants willfully and maliciously counterfeited.

19. Athena also packages its REVITALASH brand cosmetics in distinctive packaging. The photograph on the left, below shows bottles of REVITALASH products; the

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

photograph on the right shows packaging for REVITALASH products with a REVITA-LASH dispenser.

 

20. The bottles and packaging acquired secondary meaning to Athena's customers and potential customers.

21. Athena manufactures its products in the United States. It sells its products through exclusive distributors in territories in the United States and elsewhere throughout the world. No Defendant is an authorized distributor.

22. Athena has gone to great lengths to protect its name and enforce the Athena Trademarks. They have been recorded with U.S. Customs and Border Patrol. Defendants Hershkop and Brush Express have imported counterfeit Athena goods from China to sell and distribute in this district and throughout the United States.

23. Defendants' liability stems from their purchase, importation, sale and distribution of counterfeit Athena cosmetics bearing Athena's federally registered Athena Trademarks. Defendants' unlawful acts constitute federal trademark infringement and counterfeiting, false designation of origin and false description and unfair competition under California common law.

24. Plaintiff's claims raise questions of law and fact common to all Defendants. The claims arise from the same transactions, the sale and distribution of counterfeit Athena products that Defendant jointly infringe because of their importing, export to the United States, transporting to retailers and sale to consumers.

25. Athena purchased three Revitalash Eyelash Conditioner 3.5 ml/ 0.118 oz products at $89.99 each ($269.97 total) counterfeit Athena goods from Hershkop and

Complaint

5

Athena Cosmetics v. Brush Express et al.
No.:
PAGE065

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

Brush Express's webpage, https://brushexpress.com/collections/revitalash (accessed Jan. 10, 2020. Exhibit 7 is a copy of their webpage. Exhibit 8 is a copy of the order printed from Defendant's webpage. These purchased counterfeit goods were sent by Hershkop and Brush Express. Exhibit 9 is a copy of the return address label showing the return address as "Brush Express, 10 Gallagher Dr., Suite C, Plains, PA."

26. The goods purchased from and sent by Hershkop and Brush Express were counterfeit cosmetic products bearing Athena Trademarks and copycat product packaging, but none was authentic.

27. Defendants knew or through willful blindness chose not to inform themselves of the truth that Athena did not manufacture the goods Defendants distributed. All counterfeit goods Defendants sold contained the same counterfeit features, including without limitation: the same fake "lot number" imprinted on each counterfeit product, noncommercial-grade "scotch-tape" product wrapping, unusual font and textures on the product packaging, the wrong "blue" colors, and improperly sized non-English instruction manuals that other counterfeiters sold or offered for sale.

28. Long after Athena's adoption and use of the Athena Trademarks on its products and after Athena's federal registration of the Athena Trademarks, Defendants sold and distributed cosmetics in interstate commerce bearing counterfeits and infringements of the Athena Trademarks as it appears on Athena's products. The spurious marks or designations Defendants used in interstate and foreign commerce are identical with or substantially indistinguishable from the Athena Trademarks on goods covered by the Athena Trademarks registration.

29. Defendants calculated these acts to confuse and to deceive the public, and they performed the acts knowing about Athena's rights.

30. Defendants are not and have never been associated, affiliated or connected with, or endorsed or sanctioned by Athena. Athena never authorized or consented to any Defendants' use of the Athena Trademarks or confusingly similar copies.

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

31. Defendants' use of the Athena Trademarks or confusingly similar copies on its products is likely to cause consumers, the public and the trade to erroneously believe the goods Defendants sold emanate or originate from Athena, or Athena authorized, sponsored, or approved the goods though they are not. This confusion causes irreparable harm to Athena and weakens Athena Trademarks' distinctive quality. This confusion causes irreparable harm to Athena by causing Athena to lose control over its goodwill.

32. By using counterfeits and infringements of the Athena Trademarks on Defendants' goods, Defendants trade upon Athena's goodwill and reputation and create the false impression that Defendants' goods are Athena's legitimate products.

33. Defendants have been unjustly enriched by illegally using and misappropriating Athena's intellectual property for each Defendant's own financial gain. Each unfairly benefited and profited from Athena's outstanding reputation for high quality products and its significant advertising and promotion of Athena Cosmetics and the Athena Trademarks.

34. Athena lacks any control over the nature and quality of the products Defendants sell bearing counterfeits and infringements of the Athena Trademarks.

35. Defendants' distribution of its products has and will: (i) reflect adversely on Athena as the believed source of origin; (ii) hamper continuing efforts by Athena to protect its outstanding reputation for high quality, originality and distinctive goods; and (iii) tarnish the goodwill and demand for genuine Athena Cosmetics and products.

36. Defendants' acts constitute trademark counterfeiting in violation of Lanham Act § 32, 15 U.S.C. § 1114.

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

37.  Defendants acted with reckless disregard of Athena's rights or was willfully blind to those rights in its unlawful activities. This is a case of intentional counterfeiting under 15 U.S.C. § 1117(b), and the case is "exceptional" under 15 U.S.C. § 1117(a).

38.  Defendants' acts cause Athena to suffer irreparable harm and damages in an amount not determined. Defendants' wrongful advertisement, promotion, distribution, sale and offers of sale of its goods bearing infringements or counterfeits of the Athena Trademarks directly and proximately caused the injuries and damages Athena sustained.

39.  Athena has no adequate remedy at law.

40.  Defendants' wrongful acts including counterfeiting or infringing the Athena Trademarks will continue unless enjoined by the Court.

41.  From the foregoing, Defendants are liable to Athena for: (a) statutory damages up to $2 million for each counterfeited trademark as 15 U.S.C. § 1117(c) provides, or, at Athena's election, an amount representing three times Athena's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest under 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

42.  Athena incorporates by reference its previous allegations.

43.  This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338(a), 15 U.S.C. § 1121(a) and other federal statutes.

44.  Based on Athena's extensive advertising of the Athena Trademarks, its extensive sales, award-winning cosmetic line, and wide popularity throughout the United States and the world, the Athena Trademarks acquired a secondary meaning so any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as a product and affiliate of Athena.

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

45. Defendants exported, imported to the United States, distributed and sold at wholesale, retail and online goods bearing infringements or counterfeits of Athena Trademarks in interstate and foreign commerce.

46. In their distribution of their goods, Defendants used the Athena Trademarks, knowing the trademarks are Athena's exclusive property.

47. Defendants' use the Athena Trademarks create the false and misleading impression that Athena sanctions, assigns or authorizes Defendants to distribute cosmetics bearing the Athena Trademarks though Defendants are not so authorized.

48. Defendants engaged in the activity intending to confuse and deceive the public into believing that Defendants and the cosmetics they sell are sponsored, affiliated or associated with Athena, when they are not.

49. Defendants' use of one or more Athena Trademarks has been without Athena's consent, is likely to cause confusion and mistake in the public's minds and creates the false impression Athena warranted, authorized, sponsored or approved the goods Defendants distributed though they are not.

50. Defendants' unauthorized use of the Athena Trademarks resulted in their unfairly benefiting from Athena's advertising and promotion and profiting from Athena's and the Athena Trademarks' reputation to the substantial and irreparable injury of the public, Athena and the Athena Trademarks and the substantial goodwill.

51. Defendants' acts constitute trademark infringement in violation of Lanham Act § 32, 15 U.S.C. § 1114.

52. Defendants are liable to Athena for: (a) an amount representing three times Athena's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest under 15 U.S.C. § 1117.

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

### THIRD CLAIM FOR RELIEF

### CONTRIBUTORY TRADEMARK COUNTERFEITING AND INFRINGEMENT

### (15 U.S.C. §§ 1117(b) AND 1114)

53. Athena incorporates by reference its previous allegations.

54. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338(a), 15 U.S.C. § 1121(a) and other federal statutes.

55. On information and belief, Defendants imported hundreds of counterfeit Athena products bearing the Athena Trademarks from China or other foreign countries then packaged, warehoused, sold and distributed the counterfeit goods to retailers, wholesalers, or directly to consumers. Plaintiff purchased counterfeit goods sent by Defendants. Plaintiff also received notices from U.S. Customs and Border Patrol that Defendants were attempting to import counterfeit Athena products. U.S. Customs and Border Patrol stopped some counterfeits from entering the United States, but Defendants still bypassed border patrol enforcement illegally and imported counterfeit goods with other shipments and sold and distributes those goods to Plaintiff and consumers throughout the United States including consumers who reside in this district.

56. Defendants benefitted from shipping infringing and counterfeit goods to consumers and other third parties.

57. Other persons or entities obtained the counterfeit and infringing Athena goods from Defendants for the persons or entities to resell the Athena goods. The persons and entities directly infringe Athena Trademarks.

58. Defendants had the right and ability to prevent direct trademark infringers and counterfeiters from shipping infringing and counterfeit goods to consumers and other third parties.

59. On information and belief, Defendants shipped the goods with actual or constructive knowledge that the third parties were engaging in trademark infringement.

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

60. Defendants are liable to Athena for: (a) statutory damages up to $2 million for each counterfeited trademark as 15 U.S.C. § 1117(c) provides, or, at Athena's election, an amount representing three times Athena's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest under 15 U.S.C. § 1117(b).

61. Defendants are liable to Athena for: (a) an amount representing three times Athena's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest under 15 U.S.C. § 1117.

### FOURTH CLAIM FOR RELIEF

### FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION AND FALSE ADVERTISING (15 U.S.C. § 1125(a))

62. Athena incorporates by reference its previous allegations.

63. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338(a), 15 U.S.C. § 1121(a) and other federal statutes.

64. Defendants' sale and distribution of its goods used false designations of origin and false and misleading descriptions and representations, including the Athena Trademarks, which falsely describe the origin, sponsorship, association or approval by Athena of the goods they sell.

65. Defendants never were associated, affiliated or connected with, or endorsed or sanctioned by Athena. Defendants' use of the Athena Trademarks or confusingly similar copies on its products is likely to cause consumers, the public and the trade to erroneously believe that the goods sold by Defendants emanate or originate from Athena, or that the items are authorized, sponsored, or approved by Athena, even though they are not. This confusion causes irreparable harm to Athena and weakens Athena Trademarks' distinctive quality.

66. Defendants' use of the Athena Trademarks and Athena's distinctive packaging, logos, and designs, constitutes false descriptions and representations falsely

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

describing or representing Defendants and their products as authorized, sponsored, affiliated or associated with Athena.

67. Through e-commerce, including their own website, www.brushexpress.com, Defendants are advertising and selling counterfeit goods displaying Athena's unique packaging and displaying the Athena Trademarks. Defendants are falsely representing to the public each sells authentic goods made by Athena. On at least one of their webpages, Defendants falsely represented they was selling "A beauty product produced by Athena Cosmetics." (Exhibit 7).

68. The packaging for Defendants' products states the contents are "Made in U.S.A." On information and belief, the statement is false because Defendants are supplying and being supplied counterfeit goods from overseas. This false statement caused actual deception or at least created a tendency to deceive a substantial portion of the intended audience. The goods traveled in interstate and foreign commerce. The deception likely influenced purchasing decisions by consumers, and the statement created a likelihood of injury to Athena.

69. Defendants knew the products were shipped from outside the United States, so they knew the "Made in U.S.A." statement was false. But despite knowing the falseness of the statement, they continued to sell, ship and distribute counterfeit Athena products.

70. Defendants' acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, falsely or misleadingly describing or represent Defendants' products as those of Athena in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

71. Defendants, therefore, are liable to Athena for: (a) an amount representing three times Athena's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest under 15 U.S.C. § 1117.

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

**FIFTH CLAIM FOR RELIEF**

**COMMON LAW UNFAIR COMPETITION**

72.  Athena incorporates by reference its previous allegations.

73.  This is a claim against Defendants for unfair competition under California laws. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338(b) because it is an unfair competition claim joined with a substantial and related claim under the trademark laws.

74.  Athena built up valuable goodwill in its trademarks and the distinctive appearance of its cosmetics containers and packaging.

75.  Defendants' use of the Athena Trademarks permitted Defendants to palm off its goods as those of Athena, all to Athena's detriment and Defendants' unjust enrichment.

76.  Knowing the esteem the public holds for the Athena Trademarks and Athena products, Defendants intended to and traded on the goodwill associated with the Athena Trademarks and misled and will continue to mislead the public into assuming a connection between Athena and Defendants' goods by their distribution of cosmetics that bear confusingly similar copies of the Athena Trademarks.

77.  Defendants' unauthorized use of Athena Trademarks caused and likely will continue to cause damage to Athena by tarnishing the valuable reputation and image associated with Athena and its goods. Defendants palmed off their goods and services as those of Athena by Defendants' labeling and misrepresentations to the public, members of which are likely to believe that Defendants' cosmetics emanate from or are associated with Athena.

78.  Defendants' acts are likely to cause confusion and deceive the public on the source of their goods. Defendants falsely suggest a connection with Athena.

79.  Defendants' conduct constitutes unfair competition in violation of California law.

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

80. Defendants acted willfully and maliciously, subjecting each Defendant to an award of punitive damages under California law.

81. Because of these acts, Defendants are liable to Athena for: (a) compensatory damages or Defendants' illicit profits; and (b) punitive damages in an amount sufficient to punish Defendants.

### REQUEST FOR RELIEF

WHEREFORE, Athena respectfully requests that the Court order judgment against each Defendant for:

82. An injunction ordering Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

(a) using any reproduction, counterfeit, copy, or colorable imitation of the Athena Trademarks and related packaging and logos, to identify any goods or the rendering of any services not authorized by Athena;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Athena's business reputation or weaken the distinctive quality of the Athena Trademarks and related packaging and logos;

(c) using a false description or representation including words or other symbols falsely describing or represent Defendants' unauthorized goods as being those of Athena or sponsored by or associated with Athena and from offering such goods in commerce;

(d) further infringing the Athena Trademarks and related packaging and logos by manufacturing, producing, importing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Athena bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Athena Trademarks;

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

(e) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Athena Trademarks in the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or relate or connect, such products to Athena, or to any goods sold, manufactured, sponsored or approved by, or connected with Athena;

(f) making any statement or representation, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, imported sold or offered for sale, or rented by Defendants are associated or connected with Athena; or is sold, manufactured, licensed, sponsored, approved or authorized by Athena;

(g) engaging in any conduct infringing the Athena Trademarks, of Athena's rights in, or to use or to exploit, the Athena Trademarks, or constituting any weakening of Athena's name, reputation or goodwill;

(h) using or continuing to use the Athena Trademarks or trade names or any variation thereof on the Internet (either in the text of a websites, as a domain name, or as a key word, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in any goods or services not directly authorized by Athena;

(i) hosting or acting as internet service provider for, or operating any websites, that offer for sale any products bearing the Athena Trademarks;

(j) using any email addresses to offer for sale any nongenuine products bearing counterfeits of the Athena Trademark;

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

(k) using any e-commerce site under any seller name and connecting with any websites that offer for sale any merchandise bearing counterfeits of the Athena Trademarks;

(l) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Athena Trademarks; and

(m) effecting assignments or transfers, forming new entities or associations or utilizing any other device to circumvent or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (l).

83.     Within ten days of judgment, Defendants must take all steps necessary to remove from all websites it owns or controls all text or other media offering for sale any merchandise bearing counterfeits of the Athena Trademarks.

84.     Within 30 days of judgment, Defendants must file and serve Athena with a notarized sworn statement under 15 U.S.C. § 1116(a) detailing the manner and form in which Defendants complied with this injunction.

85.     Ordering Defendants to deliver up for destruction to Athena all unauthorized products and advertisements in its possession or under their control bearing the Athena Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of them under 15 U.S.C. § 1118.

86.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants is authorized by Athena or related to Athena's products.

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

87.     Requiring Defendants pay to Athena damages Athena sustained from Defendants' infringement of the Athena Trademark and unfair competition and to account for all gains, profits and advantages derived by Defendants from the sale of their infringing merchandise bearing the Athena Trademark and that the award to Athena be trebled as provided for under 15 U.S.C. § 1117; that Athena be awarded statutory damages under 15 U.S.C. § 1117(c) of up to $2 million for each trademark Defendants willfully counterfeited and infringed.

88.     Ordering Defendants to pay Athena's costs with reasonable attorneys and investigators fees and prejudgment interest under 15 U.S.C. § 1117.

89.     Awarding punitive damages to Athena for Defendants' willful, malicious and bad faith conduct.

90.     Directing this Court retain jurisdiction to enable Athena to apply to the Court at any time for such further orders and interpretation or execution of any order entered, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

91.     Awarding to Athena such other and further just and proper relief, with the costs and disbursements which Athena incurred.

February 11, 2020                    /s/ Marina Lang
                                     Marina Lang
                                     SOCAL IP LAW GROUP LLP

                                     Attorney for Plaintiff Athena Cosmetics, Inc.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

February 11, 2020                    /s/ Marina Lang
                                     Marina Lang
                                     SOCAL IP LAW GROUP LLP

                                     Attorney for Plaintiff Athena Cosmetics, Inc.

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 3,246,814
Registered May 29, 2007

**TRADEMARK**
**PRINCIPAL REGISTER**

# REVITALASH

ATHENA COSMETICS, INC. (NEVADA COR-
PORATION)
5135 CAMINO AL NORTE, STE. 250
NORTH LAS VEGAS, NV 89031

FOR: COSMETIC PREPARATIONS FOR EYE LA-
SHES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 2-21-2006; IN COMMERCE 2-21-2006.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-831,006, FILED 3-7-2006.

EVELYN BRADLEY, EXAMINING ATTORNEY

**Exhibit 1**

Complaint

18

Athena Cosmetics v. Brush Express et al.
**PAGE078**                No.:

**EXHIBIT 1**
**LAWSUIT REFERENCED IN SETTLEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 3,526,373
Registered Nov. 4, 2008

**TRADEMARK**
**PRINCIPAL REGISTER**

# ATHENA

ATHENA COSMETICS, INC. (NEVADA COR-
PORATION)
701 NORTH GREEN VALLEY PARKWAY
SUITE 200
HENDERSON, NV 89074

FOR: COSMETIC PREPARATIONS FOR EYE LA-
SHES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 12-6-2006; IN COMMERCE 12-6-2006.

THE MARK CONSISTS OF THE WORD "ATHE-
NA" WITH A STYLIZED "CROWN" CENTERED

ABOVE THE WORD, WITH THE OVERALL AP-
PEARANCE BEING A ROUGHLY DIAMOND
SHAPE, COMPRISED OF FIVE TRIANGLES IN A
SYMMETRICAL FORMATION, WITH THE CEN-
TER TRIANGLE TALLEST, EACH TRIANGLE
FLAT ON TOP, WITH ALL FIVE TRIANGLE POINTS
COMING TOGETHER TO A POINT AT THE BOT-
TOM OF THE "CROWN".

SER. NO. 77-222,615, FILED 7-5-2007.

JESSICA A. POWERS, EXAMINING ATTORNEY

**EXHIBIT 2**

1

2

3

4

5

6

7

8

9

10

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

United States Patent and Trademark Office

Reg. No. 3,413,360

Registered Apr. 15, 2008

**TRADEMARK**
**PRINCIPAL REGISTER**

## ATHENA COSMETICS

ATHENA COSMETICS, INC. (NEVADA COR-
PORATION)

5135 CAMINO AL NORTE, SUITE 250

NORTH LAS VEGAS, NV 89031

FOR: COSMETIC PREPARATIONS FOR EYE LA-
SHES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 11-19-2006; IN COMMERCE 11-19-2006.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "COSMETICS", APART FROM
THE MARK AS SHOWN.

SN 78-912,720, FILED 6-20-2006.

GINA HAYES, EXAMINING ATTORNEY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 3**

PAGE080

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

# United States of America

### United States Patent and Trademark Office

## ETERNALLY PINK

**Reg. No. 5,633,064**

**Registered Dec. 18, 2018**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

Athena Cosmetics, Inc. (NEVADA CORPORATION)
1838 Eastman Ave., Suite 200
Ventura, CALIFORNIA 93003

CLASS 35: Charitable services, namely, promoting public awareness of breast cancer, breast cancer prevention, breast cancer treatment, and breast cancer research; Organizing and developing charitable projects that aim to promote breast cancer awareness, research and education; Promoting public interest and awareness of breast cancer, breast cancer prevention, breast cancer treatment, and breast cancer research

FIRST USE 4-00-2018; IN COMMERCE 4-00-2018

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 88-044,914, FILED 07-19-2018



Director of the United States
Patent and Trademark Office

**EXHIBIT 4**

**EXHIBIT 1**
**LAWSUIT REFERENCED IN SETTLEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# United States of America

### United States Patent and Trademark Office

## RevitaLash Advanced

**Reg. No. 4,501,304**
**Registered Mar. 25, 2014**
**Int. Cl.: 3**

**TRADEMARK**
**PRINCIPAL REGISTER**

ATHENA COSMETICS, INC. (NEVADA CORPORATION)
1838 EASTMAN AVE.
SUITE 200
VENTURA, CA 93003

FOR: COSMETIC PREPARATIONS FOR EYE LASHES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 6-1-2011; IN COMMERCE 6-1-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,681,136.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ADVANCED", APART FROM THE MARK AS SHOWN.

SER. NO. 86-031,794, FILED 8-7-2013.

FLORENTINA BLANDU, EXAMINING ATTORNEY



Deputy Director of the United States
Patent and Trademark Office

**EXHIBIT 5**

# United States of America

## United States Patent and Trademark Office

## REVITALASH
### COSMETICS



**Reg. No. 5,871,804**

**Registered Oct. 01, 2019**

**Int. Cl.: 3**

**Trademark**

**Principal Register**

Athena Cosmetics, Inc.  (NEVADA CORPORATION)
1838 Eastman Ave., Suite 200
Ventura, CALIFORNIA 93003

CLASS 3: Cosmetic pads; Cosmetic pencils; Cosmetic preparations for body care; Cosmetic preparations for skin care; Cosmetics; Cosmetics and cosmetic preparations; Cosmetics and make-up; Hair care creams; Hair care preparations; Hair conditioners; Hair masks; Hair mousses; Hair nourishers; Hair shampoos and conditioners; Hair sprays and hair gels; Non-medicated preparations all for the care of skin, hair and scalp; Non-medicated skin care preparations, namely, moisturizers, cleansers, masks, conditioners, creams, exfoliators, toners, make-up primers; lip care products, namely, lip primers and conditioners; eye brow products, namely, eyebrow liners, conditioners and strengtheners; eye-lash products, namely, mascaras, lengtheners, conditioners, strengtheners; eye-care products, namely, eye creams, concealers, highlighters, and makeup; Eyebrow cosmetics

FIRST USE 1-31-2018; IN COMMERCE 1-31-2018

The mark consists of a stylized letter "R" in reverse position followed by a stylized letter "L" in the forward position centered below the term "REVITALASH" in stylized font in all capital letters and the term "COSMETICS", which is in smaller stylized font appearing below the term "REVITALASH" in all capital letters.

OWNER OF U.S. REG. NO. 4558879, 3246814, 4501304

No claim is made to the exclusive right to use the following apart from the mark as shown: "COSMETICS"

SER. NO. 88-267,716, FILED 01-18-2019



*Andrei Iancu*

Director of the United States
Patent and Trademark Office

**Exhibit 6**

**EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Exhibit 7**

EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11/21/2019                                    Thank you for your purchase! - Brush Express - Checkout

**Shipping method**

Brush Express Fast & Free Shipping

**Payment method**

ending with        - $586.43

**Billing address**

United States

Save my information for a faster checkout

Continue shopping

Need help? Contact us

Refund policy     Privacy policy     Terms of service

**Exhibit 8**

Complaint

25

Athena Cosmetics v. Brush Express et al.
No.:

**EXHIBIT 1**
**LAWSUIT REFERENCED IN SETTLEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Exhibit 9**

**EXHIBIT 1
LAWSUIT REFERENCED IN SETTLEMENT**