1  DAVID C. VOSS, JR. (State Bar No. 147330)
   david@vsbllp.com
2  VOSS, SILVERMAN & BRAYBROOKE LLP
3  4640 Admiralty Way, Suite 800
   Marina Del Rey, California 90292-6602
4  T: (310) 306-0515/ F: (310) 306-5368
5
6  Attorneys for defendants Moishe Newman and
   AMN Distribution, Inc.
7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                   WESTERN DIVISION
11

| | |
|---|---|
| ATHENA COSMETICS, INC., | Case No. 2:20-cv-05526-SVW-SHK |
| Plaintiff | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION OF DEFENDANT AMN DISTRIBUTION, INC. FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, | **HEARING** |
| Defendants | Date: March 15, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 10A<br>First Street Courthouse<br>350 W. 1st Street, 10th Floor,<br>Los Angeles, California 90012 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** defendant AMN Distribution, Inc. ("AMN") requests that this Court take judicial notice of the following matters pursuant to Federal Rule of Evidence 201 in connection with its concurrently filed motion for judgment on

the pleadings with respect to the complaint of plaintiff Athena Cosmetics, Inc. ("Plaintiff"):

(1) <u>The settlement agreement and schedules appended thereto (collectively, the "Settlement Agreement") that is referenced in and upon which Plaintiff bases its purported sixth claim for relief for breach of contract</u>. A true and correct copy of the Settlement Agreement is attached hereto in redacted form as <u>Exhibit 1</u> and is authenticated in the accompanying declaration of defendant Newman, who is a signatory to the Settlement Agreement on behalf of defendant AMN and in his individual capacity. The only portion of the Settlement Agreement that has been redacted are the phone numbers, last names, and home addresses (except for city and state) of customers and suppliers in the schedule portion of the agreement, as explained in Mr. Newman's declaration. The schedules can be made available in unredacted form for in camera review or under seal if so desired by the Court.

(2) <u>The "Lawsuit" that is specifically referenced in the Settlement Agreement, a true and correct copy of which is attached hereto as Exhibit 2 and is authenticated in the accompanying declaration of defendant Moishe Newman, who is a signatory to the Settlement Agreement on behalf of defendant AMN and in his individual capacity</u>.

Judicial notice of the Settlement Agreement and Lawsuit is warranted as a court may properly consider documents whose contents are referenced, but not attached, to the complaint and the authenticity of which is not reasonably disputed. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (applying to 12(b)(6) motion); *Branch v. Tunnel*, 14 F.3d 449, 453-454 (9th Cir.) (applying to 12(b)(6) motion), *cert. denied*, 512 U.S. 1219 (1994) *overruled on other grounds*, *Galbraith v. County of Santa Clara*, 307 F. 3d 1119 (9th Cir. 2002). *See also L-7 Designs, Inc. v. Old Navy, LLC,* 647 F.3d 419, 422 (2d Cir. 2011) ("On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'").

The Ninth Circuit has extended this "incorporation by reference" doctrine "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d at 1076. *See also L-7 Designs* 647 F.3d at 422 ("A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.")

Accordingly, the Court may notice the Settlement Agreement in the instant case because it is not only referenced in Plaintiff's complaint, *but it is also the very contract that Plaintiff claims defendants breached* in its sixth claim for breach of contract. The authenticity of the document is not in doubt as it has been authenticated by defendant Newman, who is a signatory to the document. Judicial notice of the schedules attached to the agreement is proper under the same principles enunciated above as the agreement specifically states that they "shall be deemed a part" of the Settlement Agreement. Exhibit 1 hereto, p. 12, ¶ 9(g). Similarly, judicial notice of the Lawsuit is proper as it is referenced in the Settlement Agreement and is specifically included in the scope of the matter released by the Settlement Agreement.

DATED: February 12, 2021         DAVID C. VOSS, JR.
                                 VOSS, SILVERMAN & BRAYBROOKE, LLP


                                 By: _____
                                     David C. Voss, Jr.
                                     Attorneys for Defendant AMN
                                     Distribution, Inc.

DEFENDANT AMN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS