1  Marina Lang, No. 251,087 mlang@socalip.com
2  Michael D. Harris, No. 59,470 mharris@socalip.com
   Brian Tamsut, No. 322,780, btamsut@socalip.com
3  SoCal IP Law Group llp
   310 N. Westlake Blvd., Suite 120
4  Westlake Village, CA 91362-3788
5  Phone: (805) 230-1350 • Fax: (805) 230-1355

6  Attorneys for Plaintiff Athena Cosmetics, Inc.

7

8                  UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10  Athena Cosmetics, Inc.,                No. 2:20-cv-05526-SVW-SHK

11        Plaintiff,                        Plaintiff Athena's Opposition to Defendant
                                            Newman's Motion to Dismiss the Complaint
12            v.
                                            Date: March 15, 2021
13  AMN Distribution Inc., et al,          Time: 1:30 p.m.
                                            Judge Wilson
14        Defendants.

15                          TABLE OF CONTENTS

16                                                                    **Page**

17  A.  Introduction ................................................................................................1

18  B.  Defendant failed to meet and confer with Athena about this motion in
19      Violation of Local Rule 7-3 .......................................................................2

20  C.  Background ..................................................................................................2

21  D.  Argument ....................................................................................................4

22      1.  The complaint complies with FED. R. CIV. P. 8.................................4

23      2.  The first four claims for relief alleging federal trademark,
24          counterfeiting and federal unfair competition state allegations on
            which relief can be granted..................................................................4
25

26      3.  The release in the settlement agreement is not effective because of
27          defendants' breach by their failure to provide accurate and
            complete schedules. .............................................................................5

28

4.   The complaint alleges Athena's damages and defendants'
      causation. ..................................................................................6

5.   Defendant Newman's claim to dismiss the state law unfair
      competition and the breach of contract claims depend on
      dismissing the first four claims for relief, but the four claims
      remain. .......................................................................................6

6.   Though dismissal would not be proper, any dismissal should be
      without prejudice. .....................................................................6

E.   Conclusion .................................................................................6

## TABLE OF AUTHORITIES

**Cases**                                                                                                **Page(s)**

*Ashcroft v. Iqbal*, 556 U. S. 662, (2009) ..................................................... 4

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).........................4

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) .................. 6

*Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) ...............................................4

*Williams v. Gerber Prod. Co.*, 552 F.3d 934 (9th Cir. 2008) ............................... 1, 4

**Statutes**

15 U.S.C. § 1114.............................................................................................. 3

15 U.S.C. § 1117 ............................................................................................. 3

**Rules**

Fed. R. Civ. P. 8 ............................................................................................. 4

Fed. R. Civ. P. 12 ...................................................................................... 1, 2, 4

Fed. R. Civ. P. 15.............................................................................................6

Local Rule 7-3 .............................................................................................. 2

Plaintiff's Opposition to Defendant's
Motion to Dismiss the Complaint                    ii                    Athena Cosmetics, Inc v. AMN et al.
                                                                          Case No.: 2:20-cv-05526-SVW-SHK

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.   INTRODUCTION**

Motions to dismiss are not procedures for resolving facts or the merits. *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). But underlying defendant Newman's motion is his notion he did not breach the settlement agreement, a fact about which the parties disagree. He promised in the agreement (Newman's Ex. 1, ¶ 9.g.) to provide Athena's counsel complete and accurate schedules of the contact information for all AMN's customers and suppliers. Complaint (ECF 1, ¶ 91). Because the information was inaccurate, *id*. Compl. ¶ 92, Newman breached the settlement agreement.

The release is "Conditional on Defendants … furnishing Schedules 1 and 2 …." All defendants. The complaint alleges defendants' schedules were inaccurate, Compl. ¶ 92, so the release is not effective. The schedule's accuracy is a factual issue that Rule 12(b)(6) motions do not resolve.

The complaint also alleges Newman sells counterfeit Athena goods, Compl. ¶ 29, defendant acted as an intermediary to supply other counterfeiters, Compl. ¶ 32, and sold the counterfeits in the United States, Compl. ¶ 34. The allegations are not limited in time to before the parties signed the settlement agreement.

Defendant AMN answered the complaint (ECF 17), and defendant Newman is AMN's CEO. (Newman's Ex. 1, signature pages). The lawsuit, therefore, will continue even if Newman's motion is granted while Athena files its amended complaint. Granting the motion will not save the Court or counsel's time.

**B.   DEFENDANT FAILED TO MEET AND CONFER WITH ATHENA ABOUT THIS MOTION IN VIOLATION OF LOCAL RULE 7-3**

As the attached Harris declaration establishes,[1] defense counsel Mr. Voss did not write plaintiff's counsel to meet and confer under Local Rule 7–3 about any FED. R. CIV. P. 12 motions, and the parties had no conference.

Athena initiated a meet and confer discovery conference because AMN refuses to respond to discovery. Though opposing counsel Mr. Voss threw out defendants filing potential motions, counsel did not discuss them in any detail. Athena has initiated several phone calls to meet and confer with Mr. Voss on AMN's failure to respond to all discovery requests, which are now overdue over 90 days. AMN has not produced initial disclosures, answered any interrogatories, responded to any document requests, produced any document and it no-showed at a properly scheduled Rule 30(b)(6) deposition, leaving Athena, the court reporter, and the zoom videographer to expend unnecessary resources waiting on AMN's appearance. The purpose of the January 22 conference was to resolve these discovery issues and to bring the issues to Magistrate Judge Kewalramani. AMN still refuses to produce anything, including evidence that could assist in resolving this case. Many factual disputes exist between the parties.

**C.   BACKGROUND**

Plaintiff Athena sells RevitaLash® cosmetic preparations for eye lashes (Compl. ¶ 14). It has federal trademark registrations on that and other marks. (Compl. ¶ 15–20). Athena consistently uses the "®" symbol with its trademarks—except for one registered recently—which provides Athena with enhanced remedies. (Compl. ¶ 21).

Defendants import, sell and distribute counterfeit Athena cosmetics bearing Athena's federally registered trademarks (Compl. ¶ 25). Based on an analysis of de-

---

[1] The same declarations are attached to Athena's opposition to both Rule 12 motions.

1    fendants' products, Athena confirmed they were counterfeit. (Compl. ¶ 29). Defend-

2    ants are liable for trademark infringement and counterfeiting under 15 U.S.C.

3    §§ 1114, 1117(b). (Compl. ¶ 42–43).

4         After Athena sent defendants a demand to stop selling counterfeit Athena prod-

5    ucts but before Athena sued, the parties entered into an agreement (Motion Ex. 1)[2] in

6    which defendants agreed to be:

7              permanently enjoined and restrained from ever: purchasing, buying,

8         obtaining, procuring, manufacturing, warehousing, producing, import-

9         ing, distributing, circulating, selling, delivering, marketing, offering for

10        sale, advertising, promoting, displaying or otherwise using any goods or

11        products with the Athena Cosmetics Marks, including any simulation,

12        reproduction, counterfeit, copy or colorable imitation of the Athena Cos-

13        metics Mark.

14   Motion Ex. 1, ¶ 2.a.vii. All defendants agreed to provide Athena with two schedules:

15   Schedule 1 "the full and complete contact information and the amount of product pur-

16   chased from each seller," and Schedule 2 "the full and complete contact information

17   for each customer and the aggregate amount of product sold." *Id*. ¶ 2(a) iii., v. De-

18   fendant AMN was responsible for transmitting it to Athena. *Id*. ¶ 9.g.

19        When Athena discovered the schedules were inaccurate, it sued June 22, 2020

20   (ECF 1). AMN answered (ECF 17) but Newman defaulted (ECF 18). Newman suc-

21   cessfully moved (ECF 47) to set aside the default judgment (ECF 62) after he showed

22   he had not been served process.

23

24

25

26
_____
27   [2] Defendants' motion states, "one would have expected Plaintiff to attach the Settle-
     ment Agreement in its entirety to its complaint." Brief p. 3. But the agreement has a
     confidentiality provision (¶ 7), and Athena did not want to breach the agreement by
28   violating confidentiality.

**D.   ARGUMENT**

**1.   The complaint complies with FED. R. CIV. P. 8.**

A complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Defendant bases its challenge by arguing that the allegations are false. Challenging truth is not a function of FED. R. CIV. P. 12(b)(6) motions. *Williams*, 552 F.3d at 938. In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). *Ashcroft v. Iqbal*, 556 U. S. 662, 678, (2009).

**2.   The first four claims for relief alleging federal trademark, counterfeiting and federal unfair competition state allegations on which relief can be granted.**

The complaint's first four claims for relief alleges counterfeiting, infringement of Athena's registered trademarks, contributory trademark infringement and federal unfair competition. The fifth claim is for common law unfair competition, and the last claim is for breach of the settlement agreement.

Section V.A. of the motion asserts Newman has no liability for breach because only AMN had to provide the schedules. It is incorrect. Though Paragraph 9.g. required AMN to transmit the schedules, Paragraph 2 binds all defendant to "expressly acknowledge, represent and warrant to Athena …" the information in Schedules 1 and 2. Defendants' Ex. 1, ¶ 2(a) iii.v. Any inaccuracy or incompleteness is a breach by all defendants. The complaint properly pleads facts sufficient to support its claim that defendants committed material breaches of the settlement agreement by failing "to disclose to Athena the complete contact information of every customer of its infringing and counterfeit products and complete contact information of all suppliers to Defendants of infringing and counterfeit products" (Compl. ¶ 91). Defendants

breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers (Compl. ¶ 92). "The breach was material because Athena [only] settled with Defendants to obtain complete and accurate contact information" of who supplied defendants with the counterfeit goods. (Compl. ¶ 93).

Defendants' sale of counterfeit goods is an attack on Athena's flagship brand RevitaLash.® Athena's products are applied to consumers' eyes and skin. It is imperative that Athena track down the sources of counterfeit goods bearing Athena's marks. Athena had been willing to enter into the settlement agreement because the information that defendants should have provided in the schedules could lead Athena to major suppliers and other distributers. The agreement was breached, unenforceable and void of consideration when "Defendants breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers" (Compl. ¶ 92). Athena needs discovery to determine the full extent and severity of defendants' failure to perform its obligations under the agreement.

**3.   The release in the settlement agreement is not effective because of defendants' breach by their failure to provide accurate and complete schedules.**

Because the release was "Conditional on Defendants … furnishing Schedules 1 and 2 …," but they did not furnish accurate and complete schedules, defendants breached, and the release has no further effect. Defendants also continue selling counterfeit and infringing Athena cosmetics, so even if the release remained effective, it only releases infringements before the effective date of the agreement. The complaint also properly pled factual allegations that defendants sell counterfeit goods, which include counterfeits defendants sold after the agreement.

**4.   The complaint alleges Athena's damages and defendants' causation.**

The complaint states, "Defendants' acts cause Athena to suffer irreparable harm and damages in an amount not determined." Compl. ¶ 44. That allegation is copied into the other claims for relief.

**5.   Defendant Newman's claim to dismiss the state law unfair competition and the breach of contract claims depend on dismissing the first four claims for relief, but the four claims remain.**

The motion states, "should the Court dismiss the first four claims for relief with prejudice, Mr. Newman requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's fifth and sixth claim." Athena showed the first four claims are pled properly and should not be dismissed.

**6.   Though dismissal would not be proper, any dismissal should be without prejudice.**

The motion requests a dismissal with prejudice, but when a court grants a motion to dismiss, it normally should allow leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). The policy favoring amendment is applied with "extreme liberality." *Id*. at 1051. See also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

If the Court grants the motion, plaintiff requests the Court grant leave to amend.

**E.   CONCLUSION**

This opposition showed the complaint states claims on which relief can be granted. It alleges defendant Newman breached his obligations under the agreement, which, along with the other defendants' breach, caused the release to lose its effect. Defendants remain liable for their infringing and counterfeiting before and after they signed the agreement. Athena, therefore, request the Court deny Newman's motion to dismiss.

1   February 19, 2021

2

3

/s/ *Michael Harris*
Michael D. Harris
SoCal IP Law Group LLP

Attorneys for Plaintiff Athena Cosmetics, Inc.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28