Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

United States District Court

Central District of California – Western Division

| | |
|---|---|
| Athena Cosmetics, Inc.,<br><br>    Plaintiff,<br><br>    v.<br><br>AMN Distribution Inc., et al,<br><br>    Defendants. | No. 2:20-cv-05526-SVW-SHK<br><br>Plaintiff Athena's Opposition to Defendant Newman's Motion for Judgment on the Pleadings<br><br>Date: March 15, 2021<br>Time: 1:30 p.m.<br>Judge Wilson |

Table of Contents

                                                                                           Page

A. Introduction ................................................................................................. 1

B. Legal Standard ............................................................................................. 1

C. Defendant failed to meet and confer with Athena about this motion in Violation of Local Rule 7-3 ........................................................................ 2

D. Background ................................................................................................. 3

E. Argument ..................................................................................................... 4

    1. Defendants' inaccurate schedules and continued selling and distributing counterfeit Athena products are grounds for this lawsuit. ................................................................................................... 4

    2. By assuming the allegations in the first four claims for relief (federal trademark, counterfeiting and federal unfair competition) are true, defendant's motion fails. ............................................................ 4

3. The release in the settlement agreement is not effective because of defendants' breach by their failure to provide accurate and complete schedules. ...................6

4. The complaint alleges Athena's damages and defendants' causation. ...................6

5. The motion's attack on the fifth and sixth claims for relief state law unfair competition and the breach of contract claims depend on dismissing the first four claims for relief, but the four claims remain. ...................6

6. Defendant's argument "that the state courts of California are the proper forum" is contrary to the agreement's language. ...................7

7. Though dismissal would not be proper, any dismissal should be without prejudice. ...................7

F. Conclusion ...................8

## TABLE OF AUTHORITIES

**Cases**                                                                                                                        **Page(s)**

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ...................7

*Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) ...................1

*Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542 (9th Cir. 1990) ...................1, 5

*Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298 (9th Cir. 1992) ...................4

*Jaeger v. Howmedica Osteonics Corp.*, No. 15-cv-00164-HSG, 2016 WL 520985 (N.D. Cal. Feb. 10, 2016) ...................7

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) ...................7

*McGlinchy v. Shell Chem. Co.*, 845 F.2d 802 (9th Cir. 1988) ...................4

**Statutes**

15 U.S.C. § 1114 ...................3

15 U.S.C. § 1117 ...................3

Cal. Civ. Code § 1542 ...................4, 6

**Rules**

Fed. R. Civ. P. 12 ................................................................................... 1, 2, 4, 7, 8

Fed. R. Civ. P. 15 ................................................................................................ 7

Local Rule 7-3 ............................................................................................... 2, 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. INTRODUCTION

Facing a potential lawsuit by Athena, defendants AMN and Newman contracted with Athena to stop selling counterfeit Athena products and to disclose to Athena the names of defendants' suppliers and customers in exchange for a release of infringements up and until the effective date and "[c]onditional on Defendants … furnishing Schedules 1 and 2 …" (complete contact information and the amount of product purchased from each seller and sold to each customer). (Defendants' Ex. 1, ¶ 9.g.) Underlying defendants' Rule 12(c) motion is their claim they did not breach the settlement agreement, a fact about which the parties disagree, which creates issues of fact to be litigated. Defendants breaches also negated the conditional release.

After the agreement was signed, Athena discovered the schedules defendants provided in exchange for the release were falsified, incomplete or inaccurate. The release also did not cover future infringements. The negated release also means defendants remain liable for their counterfeiting before they signed the agreement. They can enjoy no presumption that the signed document releases them from all the claims alleged. Issues of fact remain to be litigated.

### B. LEGAL STANDARD

Judgment on the pleadings is proper "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). In ruling on a motion for judgment on the pleadings, the Court must accept as true all the factual allegations in the complaint and construe them in the light most favorable to the non-moving party. *Id*.; *Hal Roach Studios, Inc. v. Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). The complaint alleges the agreement obligated defendants to provide Athena's counsel complete and accurate schedules of the contact information for all AMN's customers and suppliers. Complaint (ECF 1, ¶ 91). Because the information was inaccurate, *id*

¶ 92, they breached the settlement agreement. The release is "Conditional on Defendants … furnishing Schedules 1 and 2 …." The complaint also alleges defendants sell counterfeit Athena goods, ¶ 29, defendant acted as an intermediary to supply other counterfeiters, ¶ 32, and sold the counterfeits in the United States, ¶ 34. The allegations are not limited in time to before the parties signed the settlement agreement. The release did not cover future infringements. Defendants breaches also negated the conditional release. The complaint's allegations create issues of fact that should be litigated.

## C. DEFENDANT FAILED TO MEET AND CONFER WITH ATHENA ABOUT THIS MOTION IN VIOLATION OF LOCAL RULE 7-3

As the attached Harris declaration establishes,[1] defense counsel Mr. Voss did not write plaintiff's counsel to meet and confer under Local Rule 7–3 about any FED. R. CIV. P. 12 motions, and the parties had no conference.

Athena initiated a meet and confer discovery conference because AMN refuses to respond to discovery. Though opposing counsel Mr. Voss threw out defendants filing potential motions, counsel did not discuss them in any detail. Athena has initiated several phone calls to meet and confer with Mr. Voss on AMN's failure to respond to all discovery requests, which are now overdue over 90 days. AMN has not produced initial disclosures, answered any interrogatories, responded to any document requests, produced any documents and it no-showed at a properly scheduled Rule 30(b)(6) deposition, leaving Athena, the court reporter, and the zoom videographer to expend unnecessary resources waiting on AMN's appearance. The purpose of the January 22 conference was to resolve these discovery issues and to bring the issues to Magistrate Judge Kewalramani. AMN still refuses to produce anything, including evidence that could assist in resolving this case. Many factual disputes exist between the parties.

---

[1] The same declarations are attached to Athena's opposition to both Rule 12 motions.

### D. BACKGROUND

Plaintiff Athena sells RevitaLash® cosmetic preparations for eye lashes (Compl. ¶ 14). It has federal trademark registrations on that and other marks. (*Id.* ¶ 15–20). Athena consistently uses the "®" symbol with its trademarks—except for one registered recently, which provides Athena with enhanced remedies. (*Id.* ¶ 21).

Defendants import, sell and distribute counterfeit Athena cosmetics bearing Athena's federally registered trademarks (*Id.* ¶ 25). Based on an analysis of defendants' products, Athena confirmed they were counterfeit. (*Id.* ¶ 29). Defendants are liable for trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117(b). (*Id.* ¶¶ 42–43).

After Athena sent defendants a demand to stop selling counterfeit Athena products but before Athena sued, the parties signed an agreement (Motion Ex. 1)[2] in which defendants agreed to be:

> permanently enjoined and restrained from ever: purchasing, buying, obtaining, procuring, manufacturing, warehousing, producing, importing, distributing, circulating, selling, delivering, marketing, offering for sale, advertising, promoting, displaying or otherwise using any goods or products with the Athena Cosmetics Marks, including any simulation, reproduction, counterfeit, copy or colorable imitation of the Athena Cosmetics Mark.

Motion Ex. 1, ¶ 2.a.vii. Paragraph 2 binds all defendant to "expressly acknowledge, represent and warrant to Athena …" the information in Schedules 1 and 2. Defendants' Ex. 1, ¶ 2(a) iii., v. Only defendant AMN transmitted them to Athena. *Id.* ¶ 9.g. Any inaccuracy or incompleteness is a breach by all defendants.

---

[2] Defendants' motion states, "one would have expected Plaintiff to attach the Settlement Agreement in its entirety to its complaint." Brief p. 3. But the agreement has a confidentiality provision (¶ 7), and Athena did not want to breach the agreement by violating confidentiality.

When Athena discovered the schedules were inaccurate, it sued June 22, 2020 (ECF 1). AMN answered (ECF 17) but Newman defaulted (ECF 18). Newman successfully moved (ECF 47) to set aside the default judgment (ECF 62) after they showed they had not been served process.

### E. ARGUMENT

#### 1. Defendants' inaccurate schedules and continued selling and distributing counterfeit Athena products are grounds for this lawsuit.

Defendants' motion claims the covenant not to sue, the release, the Civil Code § 1542 waiver and defendants' payment bars this lawsuit. Granting a Rule 12(c) motion is proper only if the Court accepts facts as true and in the light most favorable to Athena, defendants are entitled to judgment as a matter of law. *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 n. 2 (9th Cir. 1992) ("In reviewing the defendants' motions under FED. R. CIV .P. 12(*c*), the district court views the facts as presented in the pleadings in the light most favorable to the plaintiffs, accepting as true all the allegations in their complaint and treating as false those allegations in the answer that contradict the plaintiffs' allegations."). Granting a Rule 12(c) motion is proper only if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (internal quotation marks omitted)

#### 2. By assuming the allegations in the first four claims for relief (federal trademark, counterfeiting and federal unfair competition) are true, defendant's motion fails.

The complaint's first four claims for relief properly alleges counterfeiting, infringement of Athena's registered trademarks, contributory trademark infringement and federal unfair competition. The fifth claim is for common law unfair competition, and the last claim is for breach of the settlement agreement. Defendants' motion does not try to argue that each of Athena's claims can be determined on the pleadings. To

the contrary: claims of counterfeit and trademark infringement are fact-intensive inquiries that cannot be resolved until the facts have been thoroughly developed. That probably is why defendant sited no case in this jurisdiction where a court granted judgment on the pleadings on a claim of counterfeiting.

Defendants instead base the motion on the incorrect assumption that Athena's allegations are false. Motions for judgment of the pleading do not determine truth of the facts. *Hal Roach*, 896 F.2d at 1550. The complaint properly pleads facts that defendants committed material breaches of the settlement agreement. Athena will prevail if it proves them.

The complaint alleges defendants failed "to disclose to Athena the complete contact information of every customer of its infringing and counterfeit products and complete contact information of all suppliers to Defendants of infringing and counterfeit products" (Compl. ¶ 91). Defendants breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers (¶ 92). "The breach was material because Athena [only] settled with Defendants to obtain complete and accurate contact information" of who supplied defendants with the counterfeit goods. (¶ 93).

Defendants' sale of counterfeit goods is an attack on Athena's flagship brand RevitaLash.® Athena's products are applied to consumers' eyes and skin (Compl. ¶ 14). It is imperative that Athena track down the sources of counterfeit goods bearing Athena's marks. Athena had been willing to enter into the settlement agreement because the information that defendants should have provided in the schedules could lead Athena to major suppliers and other distributers. The agreement was breached, unenforceable and void of consideration when "Defendants breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers" (¶ 92). Athena needs discovery to determine the full extent and severity of defendants' failure to perform its obligations under the agreement.

### 3. The release in the settlement agreement is not effective because of defendants' breach by their failure to provide accurate and complete schedules.

Because the release was "Conditional on Defendants … furnishing Schedules 1 and 2 …," but they did not furnish accurate and complete schedules, defendants breached, and the release has no further effect. Defendants also continue selling counterfeit and infringing Athena cosmetics, so even if the release remained effective, it only releases infringements before the effective date of the agreement. The complaint also properly pled factual allegations that defendants sell counterfeit goods, which include counterfeits defendants sold after the agreement.

The waiver of claim provision under Cal. Civ. Code § 1542 also depends on the conditional release. Even if not, AMN's attorney transmitted the schedules after the parties signed the agreement. See Agreement, ¶ 9.g. The waiver of claim provision cannot bar an action on the schedules because AMN provided them after the parties signed.

### 4. The complaint alleges Athena's damages and defendants' causation.

The complaint states, "Defendants' acts cause Athena to suffer irreparable harm and damages in an amount not determined." ¶ 44. That allegation is copied into the other claims for relief.

### 5. The motion's attack on the fifth and sixth claims for relief state law unfair competition and the breach of contract claims depend on dismissing the first four claims for relief, but the four claims remain.

The motion states, "should the Court dismiss the first four claims for relief with prejudice, Mr. Newman requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's fifth and sixth claim." Athena showed judgment in defendants' favor on the first four claims.

**6. Defendant's argument "that the state courts of California are the proper forum" is contrary to the agreement's language.**

The venue provision only says, "[L]egal proceeding arising out of or concerning this Agreement must be brought only in Los Angeles County, California" This Court is in Los Angeles County. That clause only affects the breach of contract claim; the federal Lanham Act claims belong in the Court.

**7. Though dismissal would not be proper, any dismissal should be without prejudice.**

The motion requests a dismissal with prejudice. Dismissal without leave to amend only is proper "if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) (denying leave to amend where amendment would be futile). The same standard applies in granting leave to amend when granting motions for judgment on the pleadings. *See Jaeger v. Howmedica Osteonics Corp.*, No. 15-cv-00164-HSG, 2016 WL 520985, at *15 (N.D. Cal. Feb. 10, 2016) (granting Rule 12(c) motion with leave to amend). When courts grant motions to dismiss, leave to amend normally is proper. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (on a Rule 12(b)(6) motion). The policy favoring amendment is applied with "extreme liberality." *Id*. at 1051. See also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

If defendant want changes to the complaint, he should have brought them up during a Local Rule 7–3 conference, but his failure to request a conference prevented his mentioning proposed changes.

Based on these standards, any granting of this motion should be with leave to amend.

### F. CONCLUSION

This opposition showed defendant based its motion by arguing the facts Athena alleged were false. But this is not the function of motions for judgment on the pleadings. The complaint alleges defendant AMN breached its obligations under the agreement, which, along with the other defendants' breach, caused the release to lose its effect. Defendants remain liable for their infringing and counterfeiting before and after they signed the agreement. Athena, therefore, request the Court deny AMN's Rule 12(c) motion.

February 19, 2021

/s/ *Michael Harris*
Michael D. Harris
SoCal IP Law Group LLP

Attorneys for Plaintiff Athena Cosmetics, Inc.