DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for defendants Moishe Newman and
AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br>　　　　Plaintiff<br><br>　　v.<br><br>AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE,<br><br>　　　　Defendants | Case No. 2:20-cv-05526-SVW-SHK<br><br>**DECLARATION OF DAVID C. VOSS, JR. IN SUPPORT OF MOTION OF AMN DISTRIBUTION, INC. FOR JUDGMENT ON THE PLEADINGS**<br><br>**HEARING**<br>Date:　March 15, 2021<br>Time: 1:30 p.m.<br>Place:　Courtroom 10A<br>　　　　First Street Courthouse<br>　　　　350 W. 1st Street, 10th Floor,<br>　　　　Los Angeles, California 90012 |

# DECLARATION OF DAVID C. VOSS, JR.

I, David C. Voss, Jr., declare:

1. I am an attorney, duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California. I am the managing partner of the law firm of Voss, Silverman & Braybrooke LLP, counsel for defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" or "defendant Newman"). I have personal knowledge of the facts set forth herein which I know to be true and correct and, if called as a witness, I could and would competently testify with respect thereto.

2. I submit this declaration in support of the motion of AMN for judgment on the pleadings as to the complaint of plaintiff Athena Cosmetics, Inc. (the "Motion").

3. Contrary to the assertion of Athena's counsel, Michael D. Harris, set forth in his declaration and opposition to the Motion, I did meet and confer with Mr. Harris on multiple occasions prior to the filing of the Motion. Not only did we have a conference of counsel pursuant to Rule 7-3 in which we discussed the basis for the motions under Rule 12(b)(6)/12(c) on January 22, 2021 as set forth in the Notice of Motion, we had also discussed it with Magistrate Judge Kewalramani back in December 2020 – but we had to wait for default taken against Mr. Newman to first be set aside before we could move forward.

4. In e-mails directed to both Mr. Harris and his co-counsel Ms. Lang, I repeatedly confirmed our conference of counsel.

5. On February 1, 2021 at 5:28 p.m. I wrote in part:

> "…the ruling against Athena on the Motion to Set Aside the Default/Default Judgement [sic] set a deadline for a 12(b)(6) motion. Assuming that moves forward, as we discussed it will argue that all of your federal claims are precluded by the settlement agreement…"

6. Furthermore, on February 2, 2021 at 6:06 p.m. I again wrote to counsel:
> "Mr. Harris:

>I have tried to reach you by telephone repeatedly without success. I let [sic] word without a return call. Nor have you replied to the email below. When I did catch you at 2:30 this afternoon, you said you could not talk at that time and you would call me back. We discussed that I would be here until 5:30. I have waited until after 6 pm without a return call and you are not answering either albeit with a short email more than an hour ago saying you are busy. I must now attend a Neighborhood Council meeting online.
>
>**As I noted with respect to the 12(b)(6) motion, "as we discussed it will argue that all of your federal claims are precluded by the settlement agreement." Apparently there is no response from Athena to our discussion of the propriety of its claims which are covered by that settlement agreement.** Nor did I hear from you last week when you also said you would consider our offers as outlined below. **As such we will proceed as procedurally required.**
>
>Sincerely,
>David Voss"
>(emphasis added)

7. This last part of my February 2 email "as procedurally required" was in response to the fact that it was Mr. Harris who had raised the point during our January 22 call that the Court had in its January 19, 2021 Order setting aside the Default/Default Judgment against Newman set a deadline to file any Rule 12 motion within 21 days of its Order which deadline Newman intended to meet.

8. Yet again, on February 16, 2021 I wrote to counsel and in part stated:
>**"I note that Mr. Newman's 12(b)(6) motion covers the same issues discussed with both you and the magistrate judge in December as well as our discussion of those issues last month. Please also be advised that**

>  **the companion 12(c) motion for those same issues previously discussed will be filed for AMN**."
>
>  (emphasis added).

9. In his declaration Mr. Harris acknowledges that the filing of a Rule 12 motion was discussed with Magistrate Judge Kewalramani back in early December 2020. In fact we discussed more than a "possibility" and went into significant detail about the Settlement Agreement precluding this very lawsuit including showing the Magistrate Judge the relevant provisions of the Settlement Agreement during the Zoom video call and even had detailed discussion of the receipt of payment and the amount paid pursuant to the Settlement Agreement by Athena.

10. In connection with scheduling a subsequent second telephonic discovery conference with the Magistrate, I memorialized in an e-mail dated December 23, 2020 addressed not only to opposing counsel <u>but also to the court</u> the prior December discussion; to wit,

> "On December 10 we participated in a Pre-Motion Telephonic Conference with Magistrate Judge Kewalramani. There were four principal outcomes:
>
> …
>
> 3)  Plaintiff expressly agreed to stipulate to a trial continuance. (They have not.) Jury trial is set for January 19. As we discussed, the court's current standing orders are that such trials are not going out. **<u>Furthermore, we discussed</u>** a) the anticipated Motion to Set Aside putting Newman back into the case, b) the failure to conduct a Rule 26 conference or submit a plan, **<u>c) the anticipated 12(b)(6) motion based on the prior settlement agreement in this matter</u>**, d) my ongoing trial in Marin County on the date set for trial, and e) the failure of plaintiff to have met any of the deadlines requisite to trial preparation and meetings." (emphasis added)

11. At no time prior to the filing of the pending motions did counsel ever deny, correct or in any way refute any of the above multiple emails confirming our discussions of the issues now pending. The first time I became aware that Mr. Harris disputed compliance with Local Rule 7-3 was when I reviewed his declarations in opposition to the pending motions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on March 1, 2021 in Marina Del Rey, California.

_____
DAVID C. VOSS, JR.