UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | March 16, 2021 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER DENYING [65] MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING IN PART AND DENYING IN PART [63] MOTION TO DISMISS.

    Before the Court is a motion for judgment on the pleadings filed by Defendant AMN Distribution Inc. ("AMN") and a motion to dismiss filed by Defendant Moishe Newman.

    AMN's motion for judgment on the pleadings relies largely on a settlement agreement between Plaintiff and Defendants. Under that settlement, Plaintiff agreed to release all claims against AMN in exchange for Defendants' provision of (1) a settlement payment, (2) any remaining inventory of allegedly counterfeit goods in Defendants' possession, and (3) two forms—"Schedule 1" and "Schedule 2"—that identify, among other details, the contact information for Defendants' suppliers of counterfeit goods. Dkt. 66-1 at 8.   AMN argues that it complied with the terms of the settlement agreement and, accordingly, any claims against Defendants are barred.

    AMN is incorrect.   Plaintiff alleges that Defendants failed "to disclose to Athena the complete contact information of every customer of its infringing and counterfeit products and complete contact information of all suppliers to Defendants of infringing and counterfeit products."   Compl. ¶ 91.   The Court must accept that allegation as true.   *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (courts ruling on motion for judgment on pleadings must accept as true all factual allegations in complaint and construe facts in light most favorable to non-moving party).   Accordingly, there is a disputed issue of material fact—namely, whether AMN furnished Schedule 1 and Schedule 2 in a manner that complies with the settlement agreement—and this Court is precluded from entering judgment as a matter of law in

                                                                                                                       :

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | March 16, 2021 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

favor of AMN.  *See id.*

AMN's arguments to the contrary are without merit.  First, AMN argues that it furnished Schedule 1 and Schedule 2 in a satisfactory manner and, accordingly, any alleged breach was not material.  However, unless reasonable minds could not differ, materiality is generally a question of fact for the jury to decide.  *See Boston LLC v. Juarez*, 245 Cal.App.4th 75, 87 (Cal. Ct. App. 2016).  Here, reasonable minds could differ on whether AMN's alleged breach is material.  Accordingly, this Court is precluded from entering judgment as a matter of law.  *See Fleming*, 581 F.3d at 925.

Second, AMN notes that there are multiple provisions in the settlement agreement that require Plaintiff to release all claims against Defendants, and some of those provisions do not require furnishing Schedule 1 and Schedule 2.  For example, under a paragraph titled "Payment," the settlement agreement states that Defendants' settlement payment will be a "full and complete settlement, compromise, release, satisfaction and discharge of all claims."  Dkt. 66-1 at 8.  AMN argues that, because Defendants made a settlement payment, all claims against them are released.

This argument ignores a fundamental rule of contract interpretation: where a specific provision conflicts with a more general provision, the specific provision prevails.  *Jane D. v. Ordinary Mutual*, 32 Cal.App.4th 643, 651 (Cal. Ct. App. 1995).  Here, there is a specific provision in the settlement agreement titled "Release." See Dkt. 66-1 at 8.  The requirements of that provision prevail over any conflicting provisions that do not require Defendants to furnish Schedules 1 and 2.  Accordingly, Defendants are not released from Plaintiff's claims unless they comply with the requirements of the "Release" provision.

Finally, AMN argues that Plaintiff cannot establish the causation and damages elements of the breach of contract claim.  The Court disagrees.  The Court finds that—accepting Plaintiff's allegations as true, as the Court must at this stage—a reasonable juror could find that AMN's alleged breach caused Plaintiff to suffer damages, including special or consequential damages if AMN was aware of the particular purpose for which Plaintiff entered into the settlement agreement (*i.e.*, to obtain information about individuals manufacturing counterfeit products).  Indeed, Plaintiffs expressly allege that Plaintiff only settled with Defendants to "obtain complete and accurate contact information" of AMN's supplier of counterfeit goods.  Compl. ¶ 92.  Accordingly, the causation and damages elements present disputed

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | March 16, 2021 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

issues of material fact that preclude judgment as a matter of law.  *See Fleming*, 581 F.3d at 925.

The Court now turns to Newman's motion to dismiss.  Like AMN, Newman argues that Plaintiff's trademark related claims and UCL claim are barred by the settlement agreement's release provision. The Court rejects that argument for the reasons explained above.  *See supra* at 1–2.

However, the Court agrees with Newman regarding the breach of contract claim.  Plaintiff asserts in its complaint that Defendants breached the settlement agreement when they provided "inaccurate and incomplete contact information of all suppliers to Defendants of infringing and counterfeit products."  Compl. ¶ 92.

Under the settlement agreement, however, only AMN is obligated to provide that information to Plaintiff.  *See* Dkt. 66-1 at 12.  Accordingly, absent other allegations supporting a breach, Plaintiff has not plausibly alleged a breach of contract by Newman. The Court will grant Plaintiff leave to amend its complaint and cure this deficiency.

For the foregoing reasons, Defendant AMN's motion for judgment on the pleadings is DENIED, ad Defendant Newman's motion to dismiss is GRANTED in part and DENIED in part.  The motion is GRANTED with respect to the breach of contract claim and DENIED with respect to all others.  Plaintiff may file an amended complaint within ten days of this order.  The amended complaint will not affect the trial date set in this case.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | PMC |