Marina Lang, Cal. Bar No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian S. Tamsut, No. 322,780 btamsut@socalip.com
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

# United States District Court

## Central District of California – Western Division

| | |
|---|---|
| Athena Cosmetics, Inc., <br><br> Plaintiff, <br><br> v. <br><br> AMN Distribution Inc., a Delaware Corporation, Moishe Newman, an individual d/b/a Brush Express, and DOES 1-10, Inclusive, <br><br> Defendants. | No. 2:20-cv-5526-SVW-SJK <br><br> First Amended Complaint for Damages and Injunction: (1) Federal Trademark Counterfeiting [15 U.S.C. § 1117(b); (2) Federal Trademark Infringement [15 U.S.C. § 1114]; (3) Contributory Trademark Counterfeiting and Infringement [15 U.S.C. § 1117(b) and U.S.C. § 1114; (4) False Designation of Origin, Unfair Competition, False or Misleading Advertising [15 U.S.C. § 1125(a)]; (5) Unfair Business Practices [California Common Law]; (6) Breach of Contract [California Common Law] <br><br> Demand for Jury Trial |

Plaintiff Athena Cosmetics, Inc. ("Plaintiff" or "Athena") for its complaint against AMN Distribution Inc. ("AMN"), Moishe Newman ("Newman"), an individual d/b/a Brush Express ("Brush Express"), and Does 1-10 alleges:

**First Claim for Relief**

**Trademark Counterfeiting [15 U.S.C. § 1117(b)] – (Against all Defendants)**

A. **Subject Matter Jurisdiction**

1. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1337(a), and 1338(a) and (b), because the claims address federal questions concerning the Lanham Act, 15 U.S.C. § 1121, trademark infringement of federally registered trademarks under 15 U.S.C. § 1114, and federal unfair competition under 15

U.S.C. § 1125(a).

2. The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the claims arising under the laws of the State of California, because the state law claims are so related to the federal subject-matter claims they form part of the same case or controversy and derive from a common nucleus of operative fact.

**B. THE PARTIES, PERSONAL JURISDICTION AND VENUE**

3. Plaintiff Athena is a Nevada corporation with its principal place of business at 1838 Eastman Avenue, Suite 200, Ventura, California.

4. On information and belief, Defendant AMN Distribution Inc. ("AMN") is a Delaware corporation with its principal place of business at 4225 Lime Ave Long Beach, CA 90807, which is the mailing address in the database of the Delaware Secretary of State.

5. On information and belief, Defendant Moishe Newman is an individual doing business under the name of "Brush Express" at the e-commerce website www.brushexpress.com ( "Brush Express"), with its principal place of business also at 4225 Lime Ave Long Beach, CA 90807.

6. On information and belief, Defendant Moishe Newman ("Newman") is an individual residing in this District at 4225 Lime Ave Long Beach, CA 90807 that utilizes several business names and e-commerce websites to sell cosmetics, the full extent of which are unknown to Athena.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of defendant Does 1–10, inclusive, are unknown to Athena and, therefore, are sued by these fictitious names. Athena will amend this pleading when the true names and capacities have been ascertained.

8. Does 1–10 do business in the United States and in this district.

9. AMN, Brush Express, Newman, and Does 1–10 are called "Defendants."

10. On information and belief, Defendants are related entities who work together to make, store, purchase, import, sell, assemble, package, advertise, distribute, and ship counterfeit Athena products.

11. All Defendants are subject to personal jurisdiction under Cal. Code Civ. Proc., § 410.10. and Fed. R. Civ. P. 4 because their principal place of business is in this district, and because they make, store, purchase, import, sell, assemble, package, advertise, distribute, and ship counterfeit Athena products to residents in California and in this district.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b), because, upon information and belief, a substantial part of the events or omissions causing the claims occurred and are occurring in this district, and Defendants AMN and Brush Express have their principal place of business within this district. On information and belief, venue also is proper over Defendant Newman under 28 U.S.C. §§ 1391(b)(1) and (c)(1) because that person resides in this district.

C. Facts

13. Plaintiff Athena manufactures and sells cosmetics.

14. Since at least as early as February 21, 2006, Athena used the mark REVITALASH® continuously on cosmetic preparations for eye lashes in California and throughout the United States.

15. Over the past several years, Athena has devoted substantial resources to promoting its trademarks' goodwill. Athena developed strong brand recognition for its trademarked cosmetics and consumers associate Athena's trademarks with Athena's cosmetics.

16. Athena owns United States Trademark Registration No. 3,246,814, which issued May 29, 2007, for the mark REVITALASH® for cosmetics preparations for eye lashes (the REVITALASH registration). Exhibit 1 is a copy of the registration certificate.

17. Athena filed, and the Patent and Trademark Office (PTO) accepted, declarations under Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058, 1065, for the REVITALASH registration. The registration is incontestable under 15 U.S.C. § 1065.

18. Athena also owns these United States Trademark Registrations, which are incontestable under Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058, 1065:

    a.   No. 3,526,373, which issued November 4, 2008, for the mark ATHENA AND DESIGN® (Exhibit 2).

    b.   No. 3,413,360, which issued April 15, 2008, for the mark ATHENA COSMETICS® for cosmetics preparations for eye lashes (Exhibit 3).

    c.   No. 5,633,064, which issued December 18, 2018, for the mark ETERNALLY PINK® for charitable services, namely, promoting public awareness of breast cancer, breast cancer prevention, breast cancer treatment, and breast cancer research; organizing and developing charitable projects that aim to promote breast cancer awareness, research and education; promoting public interest and awareness of breast cancer, breast cancer prevention, breast cancer treatment, and breast cancer research. cosmetics preparations for eye lashes (Exhibit 4).

    d.   No. 4,501,304, which issued March 25, 2014, for the mark REVITALASH ADVANCED® for cosmetic preparations for eye lashes (Exhibit 5).

19. Athena also owns United States Trademark Registration No. 5,871,804, which issued October 1, 2019, for the mark shown to the right for Cosmetic pads; Cosmetic pencils; Cosmetic preparations for body care; Cosmetic preparations for skin care; Cosmetics; Cosmetics and cosmetic preparations; Cosmetics and make-up; Hair care creams; Hair care preparations; Hair conditioners; Hair masks; Hair mousses; Hair nourishers; Hair shampoos and conditioners; Hair sprays and hair gels; Non-medicated preparations all for the care of skin, hair and scalp; Non-medicated skin care preparations, namely, moisturizers, cleansers, masks, conditioners, creams, exfoliators, toners, make-up primers; lip care products, namely, lip primers and conditioners; eye brow products, namely,

eyebrow liners, conditioners and strengtheners; eye-lash products, namely, mascaras, lengtheners, conditioners, strengtheners; eye-care products, namely, eye creams, concealers, highlighters, and makeup; Eyebrow cosmetics. (the RL Logo registration). Exhibit 6 is a copy of the registration certificate. Athena sold products with the RL Logo throughout the United States since January 2018.

20. REVITALASH, ATHENA AND DESIGN, ATHENA COSMETICS, ETERNALLY PINK, REVITALASH ADVANCED and the RL Logo are collectively "Athena Trademarks." The Athena Trademarks are inherently distinctive and acquired secondary meaning.

21. Except for the RL Logo, which registered recently, Athena used the registration symbol "®" consistently with its use of the other registered Athena Trademarks. Under 15 U.S.C. § 1111, Athena's use of the registration symbol puts Defendants on notice of the Athena Trademarks and subjects Defendants to liability for Athena's lost profits and other damages and for Defendants' profits, statutory damages, treble damages or profits, compensatory damages, punitive damages, pre-judgment interest, attorney fees, investigators' fees and costs from Defendants for each Athena mark that Defendants willfully and maliciously counterfeited.

22. Athena also packages its REVITALASH cosmetics in distinctive packaging. The packaging, bottles, dispensers, brushes, wands of REVITALASH cosmetics share distinctive fonts, shapes, layouts and color schemes that acquired secondary meaning to Athena's customers and potential customers.

23. Athena manufactures its products in the USA. It sells its products through exclusive distributors in territories in the United States and elsewhere throughout the world. No Defendant is an authorized distributor.

24. Athena has gone to great lengths to protect its name and enforce the Athena Trademarks. The Athena Trademarks have been recorded with U.S. Customs and Border Patrol and registered in countries all over the world.

25. Defendants' liability stems from their manufacture, purchase, importation, sale and distribution of counterfeit Athena cosmetics bearing Athena's federally registered Athena Trademarks. Defendants' unlawful acts constitute federal trademark infringement and counterfeiting, false designation of origin and false description and unfair competition under California common law.

26. On or around November, 2019, Athena's employee ordered, purchased and received counterfeit products purporting to be Athena Revitalash Eyelash Conditioner 3.5 ml/ 0.118 oz from Defendant Brush Express' website at www.brushexpress.com. Exhibit 7 is a screen shot of a webpage from brushexpress.com taken on or around January 20, 2020. Exhibit 8 is a receipt for the purchase of counterfeit Athena products. Exhibit 9 is a photograph of the package that arrived from Brush Express containing the counterfeit goods, showing the return address as "Brush Express, 10 Gallagher Dr., Suite C, Plains, PA.

27. Counsel for Athena sent several cease and desist letters to Brush Express at the address at 10 Gallagher Drive, which was the address listed on www.brushexpress.com.

28. On or around February 2020, counsel for Athena was contacted by the Lessors of the warehouse property located at 1010 Gallagher Dr., Suite C, Plains, PA, and the Lessors identified their Lessee as Defendant Delaware corporation, AMN Distribution, Inc. Defendant AMN's primary business address is also the personal place of residence of Defendant Newman.

29. All the goods purchased from and sent by Defendants were confirmed by Athena to be counterfeit cosmetic products bearing Athena Trademarks and copycat product packaging.

30. The goods purchased from and sent by Defendants infringed the six Athena Trademarks.

31. The photographs below show the contents of the order Athena received from Defendants. The arrows point to the Athena Trademarks appearing on the contents. The three-digit numbers are the last three digits of the registration numbers.









32. On information and belief, Defendants also acted as an intermediary, purchasing counterfeit Athena products in sufficient quantities to sell to other counterfeiters, who then would resell the counterfeit Athena products to other counterfeiters in the United States.

33. Defendants knew or through willful blindness chose not to inform themselves of the truth that Athena did not manufacture the goods Defendants distributed. All counterfeit goods Defendants sold contained the same counterfeit features, including: the same fake "lot number" imprinted on each counterfeit product, noncommercial-grade "scotch-tape" product wrapping, unusual font and textures on the product packaging, the wrong "blue" colors, and improperly sized non-English instruction manuals that other counterfeiters sold or offered for sale.

34. Long after Athena's adoption and use of the Athena Trademarks on its products and after Athena's federal registration of the Athena Trademarks, Defendants sold and distributed cosmetics in interstate commerce bearing counterfeits and infringements of the Athena Trademarks as it appears on Athena's products. The spurious marks or designations Defendants used in interstate and foreign commerce are identical with or substantially indistinguishable from the Athena Trademarks on goods covered by the Athena Trademarks registration.

35. Defendants calculated these acts to confuse and to deceive the public, and they performed the acts knowing about Athena's rights.

36. Defendants are not and have never been associated, affiliated or connected with, or endorsed or sanctioned by Athena. Athena never authorized or consented to any Defendants' use of the Athena Trademarks or confusingly similar copies.

37. Defendants' use of the Athena Trademarks or confusingly similar copies on its products is likely to cause consumers, the public and the trade to erroneously believe the goods Defendants sold emanate or originate from Athena, or Athena authorized, sponsored, or approved the goods though they are not. This confusion

causes irreparable harm to Athena and weakens Athena Trademarks' distinctive quality. This confusion causes irreparable harm to Athena by causing Athena to lose control over its goodwill.

38. By using counterfeits and infringements of the Athena Trademarks on Defendants' goods, Defendants trade upon Athena's goodwill and reputation and create the false impression that Defendants' goods are Athena's legitimate products.

39. Defendants have been unjustly enriched by illegally using and misappropriating Athena's intellectual property for their own financial gain. Each unfairly benefited and profited from Athena's outstanding reputation for high quality products and its significant advertising and promotion of Athena Cosmetics and the Athena Trademarks.

40. Athena lacks any control over the nature and quality of the products Defendants sell bearing counterfeits and infringements of the Athena Trademarks.

41. Defendants' distribution of its products has and will: (i) reflect adversely on Athena as the believed source of origin; (ii) hamper continuing efforts by Athena to protect its outstanding reputation for high quality, originality and distinctive goods; and (iii) tarnish Athena Cosmetics' goodwill and decrease demand for genuine Athena products.

42. Defendants' acts constitute trademark counterfeiting in violation of Lanham Act § 32, 15 U.S.C. § 1114.

43. Defendants acted with reckless disregard of Athena's rights or was willfully blind to those rights in its unlawful activities. This is a case of intentional counterfeiting under 15 U.S.C. § 1117(b), and the case is "exceptional" under 15 U.S.C. § 1117(a).

44. Defendants' acts cause Athena to suffer irreparable harm and damages in an amount not determined. Defendants' wrongful advertisement, promotion, distribution, sale and offers of sale of its goods bearing infringements or counterfeits of the

Athena Trademarks directly and proximately caused the injuries and damages Athena sustained.

45. Athena has no adequate remedy at law.

46. Defendants' wrongful acts including counterfeiting or infringing the Athena Trademarks will continue unless enjoined by the Court.

47. From the foregoing, Defendants are liable to Athena for: (a) statutory damages up to $2 million for each counterfeited trademark as 15 U.S.C. § 1117(c) provides, or, at Athena's election, an amount representing three times Athena's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest under 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF

### TRADEMARK INFRINGEMENT [15 U.S.C. § 1114] – AGAINST ALL DEFENDANTS

48. Athena incorporates by reference its previous allegations.

49. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338(a), 15 U.S.C. § 1121(a) and other federal statutes.

50. Based on Athena's extensive advertising of the Athena Trademarks, its extensive sales, award-winning cosmetic line, and wide popularity throughout the United States and the world, the Athena Trademarks acquired a secondary meaning so any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as a product and affiliate of Athena.

51. Defendants made and sold at wholesale, retail and online goods bearing infringements or counterfeits of Athena Trademarks in interstate and foreign commerce.

52. Defendants' goods used the Athena Trademarks, knowing the trademarks are the exclusive property of Athena.

53. Defendants' activities create the false and misleading impression that Athena sanctions, assigns or authorizes Defendants by using the Athena Trademarks to

distribute cosmetics bearing the Athena Trademarks though Defendants are not so authorized.

54. Defendants engaged in the activity intending to confuse and deceive the public into believing that Defendants and the cosmetics they sell are sponsored, affiliated or associated with Athena, when they are not.

55. Defendants' use of one or more Athena Trademarks has been without Athena's consent, is likely to cause confusion and mistake in the public's minds and tends to and does falsely create the impression Athena warranted, authorized, sponsored or approved the goods Defendants distributed though they are not.

56. Defendants' unauthorized use of the Athena Trademarks resulted in their unfairly benefiting from Athena's advertising and promotion and profiting from Athena's and the Athena Trademarks' reputation to the substantial and irreparable injury of the public, Athena and the Athena Trademarks and their substantial goodwill.

57. Defendants' acts constitute trademark infringement in violation of Lanham Act § 32, 15 U.S.C. § 1114.

58. Defendants are liable to Athena for: (a) an amount representing three times Athena's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest under 15 U.S.C. § 1117.

**THIRD CLAIM FOR RELIEF**

**CONTRIBUTORY TRADEMARK COUNTERFEITING AND INFRINGEMENT**

**[15 U.S.C. §§ 1117(b) AND 1114] – (AGAINST ALL DEFENDANTS)**

59. Athena incorporates by reference its previous allegations.

60. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338(a), 15 U.S.C. § 1121(a) and other federal statutes.

61. On information and belief, Defendants made, advertised, packaged, warehoused, sold and distributed the counterfeit goods to retailers, wholesalers, or directly to consumers throughout the United States, including individual consumers who reside in California and in this District.

62. Defendants benefitted from selling counterfeit goods to consumers and other third parties.

63. Defendants advertised, sold and delivered the counterfeit goods counterfeit goods to third parties with actual or constructive knowledge that the third-party customers were engaging or were going to engage in trademark infringement and counterfeiting.

64. Defendants had the right and ability to prevent the promotion, sale and distribution of infringing and counterfeit goods to consumers and other third parties, but instead of preventing those acts, Defendants induced customers to infringe Athena's trademarks and promote, sell, and distribute counterfeit Athena products.

65. Defendants are liable to Athena for: (a) statutory damages up to $2 million for each counterfeited trademark as 15 U.S.C. § 1117(c) provides, or, at Athena's election, an amount representing three times Athena's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest under 15 U.S.C. § 1117(b).

66. Defendants are liable to Athena for: (a) an amount representing three times Athena's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest under 15 U.S.C. § 1117.

**FOURTH CLAIM FOR RELIEF**

**FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION AND FALSE ADVERTISING**

**[15 U.S.C. § 1125(a)] – (AGAINST ALL DEFENDANTS)**

67. Athena incorporates by reference its previous allegations.

68. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338(a), 15 U.S.C. § 1121(a) and other federal statutes.

69. Defendants' sale and distribution of its goods used false designations of origin and false and misleading descriptions and representations, including the Athena Trademarks, which falsely describe the origin, sponsorship, association or approval by Athena of the goods they sell.

70. Defendants never were associated, affiliated or connected with, or endorsed or sanctioned by Athena. Defendants' use of the Athena Trademarks or confusingly similar copies on its products is likely to cause consumers, the public and the trade to erroneously believe that the goods sold by Defendants emanate or originate from Athena, or that the items are authorized, sponsored, or approved by Athena, even though they are not. This confusion causes irreparable harm to Athena and weakens Athena Trademarks' distinctive quality.

71. Defendants' use of the Athena Trademarks and Athena's distinctive packaging, logos, and designs, constitutes false descriptions and representations falsely describing or representing Defendants and their products as authorized, sponsored, affiliated or associated with Athena.

72. Through e-commerce, including without limitation eBay, brushexpress.com and Facebook, Defendants are advertising and selling counterfeit goods displaying Athena's unique packaging and displaying the Athena Trademarks. Defendants are falsely representing to the public each sells authentic goods made by Athena. See Exhibit 7. The deception influenced purchasing decisions by consumers, and the statement created a likelihood of injury to Athena.

73. Defendants' acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, falsely or misleadingly describing or represent Defendants' products as those of Athena in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

74. Defendants, therefore, are liable to Athena for: (a) an amount representing three times Athena's damage or Defendants' illicit profits; and (b) reasonable attorney's fees, investigative fees and pre-judgment interest under 15 U.S.C. § 1117.

### FIFTH CLAIM FOR RELIEF

### COMMON LAW UNFAIR COMPETITION – (AGAINST ALL DEFENDANTS)

75. Athena incorporates by reference its previous allegations.

76. This is a claim against Defendants for unfair competition under California laws. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338(b) because it is an unfair competition claim joined with a substantial and related claim under the trademark laws.

77. Athena built up valuable goodwill in the Athena Trademarks and the distinctive appearance of its cosmetics containers and packaging.

78. Defendants' use of the Athena Trademarks permitted Defendants to palm off its goods as those of Athena, all to Athena's detriment and Defendants' unjust enrichment.

79. Knowing the esteem the public holds for the Athena Trademarks and Athena products, Defendants intended to and traded on the goodwill associated with the Athena Trademarks and misled and will continue to mislead the public into assuming a connection between Athena and Defendants' goods by their distribution of cosmetics that bear confusingly similar copies of the Athena Trademarks.

80. Defendants' unauthorized use of Athena Trademarks caused and likely will continue to cause damage to Athena by tarnishing the valuable reputation and image associated with Athena and its goods. Defendants palmed off their goods and services as those of Athena by Defendants' labeling and misrepresentations to the public, members of which are likely to believe that Defendants' cosmetics emanate from or are associated with Athena.

81. Defendants' acts are likely to cause confusion and deceive the public on the source of their goods. Defendants falsely suggest a connection with Athena.

82. Defendants' conduct constitutes unfair competition in violation of California law.

83. Defendants acted willfully and maliciously, subjecting each Defendant to an award of punitive damages under California law.

84. Because of these acts, Defendants are liable to Athena for: (a) compensatory damages or Defendants' illicit profits; and (b) punitive damages in an amount sufficient to punish Defendants.

## SIXTH CLAIM FOR RELIEF

**BREACH OF CONTRACT [CALIFORNIA COMMON LAW] (AGAINST ALL DEFENDANTS)**

85. Athena incorporates by reference its previous allegations.

86. This is a claim against Defendants for breach of a settlement agreement under California law. This court has supplemental subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1367 because the breach of contract claim is so related to claims in this action that they form part of the same case or controversy.

87. In February and March 2020 after Athena had demanded in writing that defendants cease selling counterfeit Athena products, Athena and Defendants entered into a settlement agreement, which they executed on April 29 and 30, 2020.

88. Athena performed under the contract by releasing claims against Defendants related to trademark infringement and counterfeiting.

89. The settlement agreement prohibited Defendants from selling any products that infringe Athena's intellectual property rights.

90. The settlement agreement also required defendant AMN to disclose to Athena the complete contact information of every customer of its infringing and counterfeit products and complete contact information of all suppliers to Defendants of infringing and counterfeit products.

91. AMN breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers.

92. Defendants breached the settlement agreement by continuing to sell Athena counterfeit goods.

93. Defendants' breaches were material because Athena settled with Defendants to obtain their promises to cease selling Athena counterfeit goods and settled with AMN to obtain complete and accurate contact information.

94. The settlement agreement also obligates Defendants to pay Athena's attorney fees and expense to enforcing the agreement.

### REQUEST FOR RELIEF

WHEREFORE, Athena respectfully requests that the Court order judgment against each Defendant for:

95. An injunction ordering Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

(a) using any reproduction, counterfeit, copy, or colorable imitation of the Athena Trademarks and related packaging and logos, to identify any goods or the rendering of any services not authorized by Athena;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Athena's business reputation or weaken the distinctive quality of the Athena Trademarks and related packaging and logos;

(c) using a false description or representation including words or other symbols falsely describing or represent Defendants' unauthorized goods as being those of Athena or sponsored by or associated with Athena and from offering such goods in commerce;

(d) further infringing the Athena Trademarks and related packaging and logos by manufacturing, producing, importing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Athena bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Athena Trademarks;

(e) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Athena Trademarks in the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or relate or

connect, such products to Athena, or to any goods sold, manufactured, sponsored or approved by, or connected with Athena;

(f) making any statement or representation, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, imported sold or offered for sale, or rented by Defendants are associated or connected with Athena; or is sold, manufactured, licensed, sponsored, approved or authorized by Athena;

(g) engaging in any conduct infringing the Athena Trademarks, of Athena's rights in, or to use or to exploit, the Athena Trademarks, or constituting any weakening of Athena's name, reputation or goodwill;

(h) using or continuing to use the Athena Trademarks or trade names or any variation thereof on the Internet (either in the text of a websites, as a domain name, or as a key word, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in any goods or services not directly authorized by Athena;

(i) hosting or acting as internet service provider for, or operating any websites that offer for sale any products bearing the Athena Trademarks;

(j) using any email addresses to offer for sale any nongenuine products bearing counterfeits of the Athena Trademark;

(k) using any e-commerce site under any seller name and connecting with any websites that offer for sale any merchandise bearing counterfeits of the Athena Trademarks;

(l) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any infor-

mation relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Athena Trademarks; and

(m) effecting assignments or transfers, forming new entities or associations or utilizing any other device to circumvent or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (l).

96. Within ten days of judgment, Defendants must take all steps necessary to remove from all websites it owns or controls all text or other media offering for sale any merchandise bearing counterfeits of the Athena Trademarks.

97. Within 30 days of judgment, Defendants must file and serve Athena with a notarized sworn statement under 15 U.S.C. § 1116(a) detailing the manner and form in which Defendants complied with this injunction.

98. Ordering Defendants to deliver up for destruction to Athena all unauthorized products and advertisements in its possession or under their control bearing the Athena Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of them under 15 U.S.C. § 1118.

99. Holding Newman to be AMN's alter ego.

100. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants is authorized by Athena or related to Athena's products.

101. Requiring Defendants pay jointly and severally to Athena damages Athena sustained from Defendants' infringement of the Athena Trademark and unfair competition and to account for all gains, profits and advantages derived by Defendants from the sale of their infringing merchandise bearing the Athena Trademark and that the award to Athena be trebled as provided for under 15 U.S.C. § 1117; that

Athena be awarded statutory damages under 15 U.S.C. § 1117(c) of up to $2 million for each trademark Defendants willfully counterfeited and infringed.

102. Requiring Defendants pay jointly and severally to Athena damages Athena sustained from Defendants' breach of the settlement agreement in an amount currently unknown.

103. Ordering Defendants to pay Athena's costs with reasonable attorneys and investigators fees and prejudgment interest under 15 U.S.C. § 1117.

104. Ordering Defendants to pay Athena's costs with reasonable attorneys and investigators fees and prejudgment interest under the settlement agreement.

105. Awarding punitive damages to Athena for Defendants' willful, malicious and bad faith conduct.

106. Directing this Court retain jurisdiction to enable Athena to apply to the Court at any time for such further orders and interpretation or execution of any order entered, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

107. Awarding to Athena such other and further just and proper relief, with the costs and disbursements Athena incurred.

March 22, 2021

/s/ Marina Lang
Marina Lang
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Athena Cosmetics, Inc.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable to a jury.

March 22, 2021

/s/ Marina Lang
Marina Lang
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Athena Cosmetics, Inc.