DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants AMN Distribution, Inc.
and Moishe Newman

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., | Case No. 2:20-cv-05526-SVW-SHK |
| Plaintiff | **ANSWER OF AMN DISTRIBUTION, INC. AND MOISHE NEWMAN TO FIRST AMENDED COMPLAINT OF PLAINTIFF ATHENA COSMETICS, INC.; DEMAND FOR JURY TRIAL** |
| v. | |
| AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, | |
| Defendants | |

Defendants AMN Distribution, Inc. ("AMN") and Moishe Newman "Newman" and collectively, "Defendants") hereby answer the First Amended Complaint (the "FAC") of plaintiff Athena Cosmetics, Inc. ("Plaintiff" or "Athena") as follows:

1. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation of paragraph 1 of the FAC.

2. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation of paragraph 2 of the FAC.

3. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 3 of the FAC and, on that basis, deny each and every allegation therein.

4. Defendants admit that AMN is a Delaware Corporation. Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 4 of the FAC.

5. Defendants deny each and every allegation of paragraph 5 of the FAC.

6. Defendants deny each and every allegation of paragraph 6 of the FAC.

7. This paragraph contains legal conclusions to which no response is required. With respect to any factual allegations, Defendants deny each and every allegation of paragraph 7 of the FAC.

8. This paragraph contains legal conclusions to which no response is required. With respect to any factual allegations, Defendants deny each and every allegation of paragraph 8 of the FAC.

9. Defendants admit that Plaintiff has included a definition of "Defendants" in the FAC. Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 9 of the FAC.

10. Defendants admit that defendant AMN had previously sold Athena products to residents of California, including the above-captioned judicial district, prior to the execution of the parties' settlement agreement. Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 10 of the FAC.

11. This paragraph contains legal conclusions to which no response is required. With respect to the factual allegations, Defendants admit that defendant AMN had previously sold Athena products to residents of California, including the above-captioned judicial district, prior to the execution of the parties' settlement agreement. Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 11 of the FAC.

12. This paragraph contains legal conclusions to which no response is required. With respect to any factual allegations, Defendants deny each and every allegation of paragraph 12 of the FAC.

13. Admitted.

14. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 14 of the FAC and, on that basis, deny each and every allegation therein.

15. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 15 of the FAC and, on that basis, deny each and every allegation therein.

16. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 16 of the FAC and, on that basis, deny each and every allegation therein.

17. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 17 of the FAC and, on that basis, deny each and every allegation therein.

18. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 18 of the FAC and, on that basis, deny each and every allegation therein.

19. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 19 of the FAC and, on that basis, deny each and every allegation therein.

20. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 20 of the FAC and, on that basis, deny each and every allegation therein.

21. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 21 of the FAC regarding Athena's use of its alleged registration symbol, and on that basis, deny each and every such allegation. With respect to the remaining allegations, Defendants deny each and every allegation of paragraph 21 of the FAC.

22. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 22 of the FAC and, on that basis, deny each and every allegation therein.

23. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 23 of the FAC and, on that basis, deny each and every allegation therein.

24. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 24 of the FAC and, on that basis, deny each and every allegation therein.

25. Defendants deny each and every allegation of paragraph 25 of the FAC.

26. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 26 of the FAC and, on that basis, deny each and every allegation therein.

27. Defendants admit that Athena's counsel sent cease and desist letters addressed to "Brush Express." Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 27 of the FAC.

28. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 28 of the FAC regarding Athena's communications or contacts with the Lessor. With respect to the remaining allegations, Defendants deny each and every allegation of paragraph 28 of the FAC.

29. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 29 of the FAC and, on that basis, deny each and every allegation therein.

30. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 30 of the FAC and, on that basis, deny each and every allegation therein.

31. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 31 of the FAC and, on that basis, deny each and every allegation therein.

32. Defendants deny each and every allegation of paragraph 32 of the FAC.

33. Defendants deny each and every allegation of paragraph 33 of the FAC.

34. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 34 of the FAC regarding Athena purported adoption, use and registration of Athena Trademarks, and on that basis, deny each and every such allegation.  Defendants admit that defendant AMN previously sold Athena products in interstate commerce prior to the execution of the settlement agreement that Defendants entered into with Athena.  With respect to the remaining allegations, Defendants deny each and every allegation of paragraph 34 of the FAC.

35. Defendants deny each and every allegation of paragraph 35 of the FAC.

36. Defendants admit that they "are not and have never been associated, affiliated or connected with, or endorsed" by Athena.  With respect to the remaining allegations, Defendants deny each and every allegation of paragraph 36 of the FAC.

37. Defendants deny each and every allegation of paragraph 37 of the FAC.

38. Defendants deny each and every allegation of paragraph 38 of the FAC.

39. Defendants deny each and every allegation of paragraph 39 of the FAC.

40. Defendants deny each and every allegation of paragraph 40 of the FAC.

41. Defendants deny each and every allegation of paragraph 41 of the FAC.

ANSWER OF AMN DISTRIBUTION, INC. AND MOISHE NEWMAN TO FIRST AMENDED COMPLAINT

42. Defendants deny each and every allegation of paragraph 42 of the FAC. In addition, any purported claims that Athena had against defendants were released by the parties' settlement agreement. Defendants further and expressly deny that they engaged in any alleged wrongdoing after the execution of settlement agreement.

43. Defendants deny each and every allegation of paragraph 43 of the FAC.

44. Defendants deny each and every allegation of paragraph 44 of the FAC.

45. Defendants deny each and every allegation of paragraph 45 of the FAC.

46. Defendants deny each and every allegation of paragraph 46 of the FAC.

47. Defendants deny each and every allegation of paragraph 47 of the FAC. In addition, any purported claims that Athena had against defendants were released by the parties' settlement agreement. Defendants further and expressly deny that they engaged in any alleged wrongdoing after the execution of settlement agreement.

48. Defendants reallege and incorporate by this reference their responses to paragraphs 1 through 47 of the FAC, inclusive, as if fully set forth and alleged herein.

49. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation of paragraph 49 of the FAC.

50. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 50 of the FAC and, on that basis, deny each and every allegation therein.

51. Defendants admit that defendant AMN previously sold Athena products in interstate commerce prior to the execution of the settlement agreement that Defendants entered into with Athena. With respect to the remaining allegations, Defendants deny each and every allegation of paragraph 51 of the FAC.

52. Defendants deny each and every allegation of paragraph 52 of the FAC.

53. Defendants deny each and every allegation of paragraph 53 of the FAC.

54. Defendants deny each and every allegation of paragraph 54 of the FAC.

55. Defendants deny each and every allegation of paragraph 55 of the FAC.

56. Defendants deny each and every allegation of paragraph 56 of the FAC.

57. Defendants deny each and every allegation of paragraph 57 of the FAC. In addition, any purported claims that Athena had against defendants were released by the parties' settlement agreement. Defendants further and expressly deny that they engaged in any alleged wrongdoing after the execution of settlement agreement.

58. Defendants deny each and every allegation of paragraph 58 of the FAC. In addition, any purported claims that Athena had against defendants were released by the parties' settlement agreement. Defendants further and expressly deny that they engaged in any alleged wrongdoing after the execution of settlement agreement.

59. Defendants reallege and incorporate by this reference their responses to paragraphs 1 through 58 of the FAC, inclusive, as if fully set forth and alleged herein.

60. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation of paragraph 60 of the FAC.

61. Defendants admit that defendant AMN had previously sold Athena products to consumers in the United States, including residents of California and the above-captioned judicial district, prior to the execution of the parties' settlement agreement. Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 61 of the FAC.

62. Defendants deny each and every allegation of paragraph 62 of the FAC.

63. Defendants deny each and every allegation of paragraph 63 of the FAC.

64. Defendants deny each and every allegation of paragraph 64 of the FAC.

65. Defendants deny each and every allegation of paragraph 65 of the FAC. In addition, any purported claims that Athena had against defendants were released by the parties' settlement agreement. Defendants further and expressly deny that they engaged in any alleged wrongdoing after the execution of settlement agreement.

66. Defendants deny each and every allegation of paragraph 66 of the FAC. In addition, any purported claims that Athena had against defendants were released by the

1 parties' settlement agreement. Defendants further and expressly deny that they engaged in any alleged wrongdoing after the execution of settlement agreement.

67. Defendants reallege and incorporates by this reference their responses to paragraphs 1 through 66 of the FAC, inclusive, as if fully set forth and alleged herein.

68. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation of paragraph 68 of the FAC.

69. Defendants admit that defendant AMN had previously sold Athena products to prior to the execution of the parties' settlement agreement. Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 69 of the FAC.

70. Defendants admit that they "were never been associated, affiliated or connected with, or endorsed" by Athena. With respect to the remaining allegations, Defendants deny each and every allegation of paragraph 70 of the FAC.

71. Defendants deny each and every allegation of paragraph 71 of the FAC.

72. Defendants deny each and every allegation of paragraph 72 of the FAC.

73. Defendants deny each and every allegation of paragraph 73 of the FAC. In addition, any purported claims that Athena had against defendants were released by the parties' settlement agreement. Defendants further and expressly deny that they engaged in any alleged wrongdoing after the execution of settlement agreement.

74. Defendants deny each and every allegation of paragraph 74 of the FAC. In addition, any purported claims that Athena had against defendants were released by the parties' settlement agreement. Defendants further and expressly deny that they engaged in any alleged wrongdoing after the execution of settlement agreement.

75. Defendants reallege and incorporate by this reference their responses to paragraphs 1 through 74 of the FAC, inclusive, as if fully set forth and alleged herein.

76. This paragraph consists of legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation of paragraph 76 of the FAC.

77. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 77 of the FAC and, on that basis, deny each and every allegation therein.

78. Defendants deny each and every allegation of paragraph 78 of the FAC.

79. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 79 of the FAC regarding the alleged esteem in which the public holds for Athena's products or purported trademarks or any goodwill associated with the same, and on that basis, deny each and every such allegation. With respect to the remaining allegations, Defendants deny each and every allegation of paragraph 79 of the FAC.

80. Defendants deny each and every allegation of paragraph 80 of the FAC.

81. Defendants deny each and every allegation of paragraph 81 of the FAC.

82. Defendants deny each and every allegation of paragraph 82 of the FAC. In addition, any purported claims that Athena had against defendants were released by the parties' settlement agreement. Defendants further and expressly deny that they engaged in any alleged wrongdoing after the execution of settlement agreement.

83. Defendants deny each and every allegation of paragraph 83 of the FAC.

84. Defendants deny each and every allegation of paragraph 84 of the FAC. In addition, any purported claims that Athena had against defendants were released by the parties' settlement agreement. Defendants further and expressly deny that they engaged in any alleged wrongdoing after the execution of settlement agreement.

85. Defendants reallege and incorporate by this reference their responses to paragraphs 1 through 84 of the FAC, inclusive, as if fully set forth and alleged herein.

86. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny each and every allegation of paragraph 86 of the FAC except that he admits that the claim purports to be a claim for breach of contract.

87. Defendants admit that Athena's counsel sent cease and desist letters addressed to "Brush Express." Defendants further admits that they entered into a written settlement agreement with Athena, which was executed on or about April 29 and April 30. Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 87 of the FAC.

88. Defendants deny each and every allegation of paragraph 88 of the FAC.

89. Admitted in part. The settlement agreement contains specific language relating to prohibited future conduct. A true and correct copy of the parties' settlement agreement, with redacted schedules, is attached hereto as Exhibit 1 and is incorporated by reference as if fully set forth herein. Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 89 of the FAC.

90. Defendants admit that the settlement agreement provides that defendant AMN was obligated "to prepare Schedules 1 and 2" to the settlement agreement and deliver the same to its then counsel, Ronan Cohen, to hold in escrow. Defendants further admits that the settlement agreement states that the "full and complete contact information and the amount of product purchased from each seller" was to be set forth on Schedule l to the settlement agreement. Defendant also admits that the settlement agreement states that "the full and complete contact information for each customer and the aggregate amount of product sold" was to be set forth on Schedule 2 to settlement agreement. Defendants deny that AMN was obligated to provide any information that was not within its possession. Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 90 of the FAC.

91. Defendants deny each and every allegation of paragraph 91 of the FAC.

92. Defendants deny each and every allegation of paragraph 92 of the FAC.

93. Defendants deny each and every allegation of paragraph 93 of the FAC.

94. Defendants admit that the settlement agreement contains an attorneys' fee provision. Except as expressly admitted herein, Defendants deny each and every allegation of paragraph 94 of the FAC.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred the doctrine of release.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred by the parties' settlement, including, but not limited to, the payment made by Defendants and performance by Defendants thereunder.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff has failed to mitigate its damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

8. Any claim for injunctive relief is moot.

### NINTH AFFIRMATIVE DEFENSE

9. Any claim for injunctive relief is barred because Plaintiff has an adequate remedy at law.

### TENTH AFFIRMATIVE DEFENSE

10. To the extent that Plaintiff suffered any injury, damage or loss as alleged in the First Amended Complaint, such injury, damage or loss was caused by the negligence, fault, and/or tortious conduct of persons, parties or entities other than Defendants who were acting without their consent, authorization, knowledge and/or

ratification, and that such negligence, fault and/or tortious conduct comparatively reduces or bars the recovery of damages or other relief against Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. To the extent that Plaintiff is awarded any damages, Defendants are entitled to an offset for amounts paid under the parties' settlement agreement.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff is not entitled to damages because the damages sought are not certain and/or foreseeable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The punitive damages sought are not authorized by applicable law and are unconstitutional.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Any alleged conduct of the Defendants was not malicious, willful, knowing, intentional or in bad faith.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's claims are barred by the doctrine of laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Defendants reserve the right to raise such additional affirmative defenses as may be established during discovery and by the evidence in this case.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by this action;
2. That the First Amended Complaint be dismissed with prejudice;
3. That judgment be entered in favor of Defendants and against Plaintiff;
4. That Defendants be awarded its attorneys' fees, cost, and expense in this matter as allowed by contract, statute, and applicable law including, but not limited to, those allowed under California Civil Code section 1717 and 15 U.S.C. section 1117(a).

5.    For such further legal and equitable relief as this Court deems just and proper.

DATED:  April 5, 2021    DAVID C. VOSS, JR.
VOSS, SILVERMAN & BRAYBROOKE LLP

By: _____
David C. Voss, Jr.
Attorneys for Defendants AMN
DISTRIBUTION, INC. and MOISHE
NEWMAN

<u>DEMAND FOR JURY TRIAL</u>

Defendants AMN Distribution, Inc. and Moishe Newman hereby demand a jury trial.

DATED: April 5, 2021

DAVID C. VOSS, JR.
VOSS, SILVERMAN & BRAYBROOKE LLP

By: _____
David C. Voss, Jr.
Attorneys for Defendants AMN DISTRIBUTION, INC. and MOISHE NEWMAN