Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.


DAVID C. VOSS, JR., No. 147330 david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **JOINT RULE 26(f) REPORT** <br><br> *Pre-Trial Conference* <br> Date: July 19, 2021 <br> Time: 3:00 p.m. <br><br> *Trial - Jury* <br> Date: August 3, 2021 <br> Time: 9:00 a.m. |

Defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Newman," and collectively, "Defendants") and plaintiff Athena Cosmetics, Inc. ("Athena" or "Plaintiff") hereby submit the following Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1 of the above-captioned court.  The parties held a new Rule 26(f) conference on May 19, 2021 at the suggestion of Magistrate Judge Shashi H. Kewalramani in the wake of various discovery matters discussed with him and in light of the appearance of defendant Newman in this action after the vacatur of the default judgment previously taken against him.  Although the Court had previously set a scheduling conference in this matter for the fall of 2020, that conference was taken off calendar and the court issued a Civil Trial Preparation Order sua sponte on September 18, 2021 (*See* ECF Dkt. Nos. 23, 25, 27, 28, 29) after entering the now vacated default judgment against Newman on September 17, 2021.

## I. PARTIES CLAIMS AND DEFENSES

Plaintiff has alleged four claims for trademark infringement under the Lanham Act and one claim for common law unfair competition under California law against Defendants in connection with cosmetic products made by Plaintiff.  Plaintiff has also alleged a sixth claim for breach of a settlement agreement (the "Settlement Agreement") by the Defendants relating to same.  (*See* Dkt. 73).

Defendants deny the allegations, assert that they have not breached the Settlement Agreement, and have asserted the Settlement Agreement as a complete defense to the Lanham Act and unfair competition claims.  Defendants have asserted additional affirmative defenses as set forth in their answer to Plaintiff's first amended complaint. (*See* Dkt. 75).

## II. FEDERAL RULE OF CIVIL PROCEDURE 26(f)(A)-(F) REQUIREMENTS

### A. *What Changes Should Be Made In The Timing, Form, Or Requirement For Disclosures Under Rule 26(A), Including A Statement Of When Initial Disclosures Were Made Or Will Be Made*

None. The parties have exchanged their initial disclosures and reserve the right to challenge the adequacy of the same.

**B.** *<u>The Subjects On Which Discovery May Be Needed, When Discovery Should Be Completed, And Whether Discovery Should Be Conducted In Phases Or Be Limited To Or Focused On Particular Issues</u>*

### 1. Subject matter

The subjects of discovery are: (1) compliance with the terms of settlement agreement that is the basis of Plaintiff's sixth claim for relief and which Defendants assert as a bar to Plaintiff's other claims; (2) infringing activity post-settlement agreement.

### 2. Phases

Plaintiff's view is discovery should not be completed in phases.

Defendants contend that discovery should completed in phases, consistent with this Court's order dated April 1, 2021(Dkt. 74), bifurcating the trial into two phases with Plaintiff's breach of settlement agreement claim to be tried prior to Plaintiff's trademark infringement and common law unfair competition claims. Defendants also believe that any discovery related to punitive damages should be delayed until *after* a ruling on their anticipated motion for summary judgment or after the trial of Phase I, given that: (1) there is only a single claim for relief (the fifth claim for common law unfair competition) under which Plaintiff may potentially recover punitive damages; (2) that claim will not be reached unless Plaintiff first prevails on its breach of settlement claim.

### 3. Timing

The Court's September 18, 2021 Civil Trial Preparation Order does not contain a discovery cut-off date. The parties have commenced discovery and anticipate that they will need an additional five months from the date of the filing of this report to complete their written discovery, depositions, and motions relating to the same.

///

**C.** *<u>Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced</u>*

The parties have agreed to produce electronically stored information ("ESI") in .pdf format or a reasonably usable form. No exchange of ESI is otherwise anticipated by the parties. If the date of creation of a document becomes an issue, the requesting party will have the right to request production of a document in native format.

**D.** *<u>Any Issues About Claims Of Privilege Or Of Protection As Trial-Preparation Materials, Including--If The Parties Agree On A Procedure To Assert These Claims After Production-- Whether To Ask The Court To Include Their Agreement In An Order Under Federal Rule Of Evidence 502</u>*

The parties presently do not anticipate any issues with respect to this topic at the present time. Plaintiff and Defendants – through their prior counsel – previously stipulated to the entry of a protective order, which was entered by this Court on October 14, 2020 (Dkt. 34).

**E.** *<u>What Changes Should Be Made In The Limitations On Discovery Imposed Under These Rules Or By Local Rule, And What Other Limitations Should Be Imposed</u>*

The parties presently do not anticipate any need to modify the limitations normally imposed by the Federal Rules or Local Rules, nor do they presently anticipate the need for any other limitation. Certain materials may need to be filed under seal with the Court.

**F.** *<u>Any Other Orders That The Court Should Issue Under Rule 26(C) Or Under Rule 16(B) And (C)</u>*

As noted above, Plaintiff and Defendants – through their prior counsel – previously stipulated to the entry of a protective order, which was entered by this Court on October 14, 2020 (Dkt. 34).

The parties anticipate that they will need additional time to be ready for trial, prepare for the pre-trial conference, and to comply with their requirements under Local Rule 16-2. For that reason, the parties anticipate the need for a further scheduling order along with a continuance of the current July 19, 2021 pre-trial conference date and August 3, 2021 trial date.

### III.   LOCAL RULE 26-1 REQUIREMENTS

#### A.   *Complex Litigation*

The parties do not believe that this is a complex case or that the Manual for Complex Litigation should apply.

#### B.   *Motion Schedule*

The Court's September 18, 2021 Civil Trial Preparation Order does not contain a law and motion cut-off date. Defendants intend to file a motion for summary judgment and/or partial summary judgment and may also seek to bifurcate the issue of punitive damages. Plaintiff also may move for summary judgment on the breach of contract issue.

#### C.   *ADR*

The parties held a mediation on November 18, 2020 before mediator Erica Bristol. The mediation did not resolve the matter (*See* Mediator Report, Dkt. 44).

#### D.   *Trial Estimate*

Both sides have requested a jury trial. The parties estimate that Phase I should take approximately two days and that Phase II should also take approximately two days.

#### E.   *Additional Parties*

No additional parties are anticipated at the present time.

#### F.   *Expert Witnesses*

The parties are unable to comply with deadline set forth for disclosures under Rule 26(a)(2)(D)(i) as it has already passed.

DATED: May 28, 2021	DAVID C. VOSS, JR.
VOSS, SILVERMAN & BRAYBROOKE, LLP

By: _____
　　David C. Voss, Jr.
　　Attorneys for Defendant
　　AMN DISTRIBUTION, INC. and
　　MOISHE NEWMAN

Pursuant to Local Rule 5-4.3.4(a)(2), I attest that the signatures listed below and on whose behalf this filing is being submitted concur in the filing's content and have authorized the filing of the same.

DATED: May 28, 2021	By: __/s/_____
　　Michael D. Harris
　　Attorneys for Plaintiff Athena Cosmetics, Inc.