DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **NOTICE OF MOTION AND UNOPPOSED MOTION OF DEFENDANTS AMN DISTRIBUTION INC. AND MOISHE NEWMAN FOR CONTINUANCE OF PRE-TRIAL CONFERENCE, JURY TRIAL AND RELATED DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **HEARING** <br><br> Date: June 7, 2021 <br> Time: 1:30 p.m. <br> Place: Courtroom 10A <br>      First Street Courthouse <br>      350 W. 1st Street, 10th Floor, <br>      Los Angeles, California 90012 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 7, 2021 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 10A of the above-entitled Court located at First Street Courthouse, 350 W. 1st Street, 10th Floor, Los Angeles, California 90012, the Honorable Steven V. Wilson presiding, defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Newman" and collectively "Defendants") will and hereby do move for an order to continue the July 19, 2021 pre-trial conference, the August 3, 2021 jury trial, and related deadlines pursuant to Local Rules 16-9 and 40-1.  Defendants seek a continuance of the pre-trial conference to no earlier than November 8, 2021 and a continuance of the trial to no earlier than November 16, 2021.

Defendants' bring this motion on the grounds of: (1) the draconian and expensive travel restrictions currently in effect with respect to defendant and key witness, Moishe Newman, who is a permanent resident in Australia and wishes to travel to Los Angeles to appear in person for his jury trial; (2) a resurgence of Covid-19 in the greater Melbourne area where Mr. Newman lives, which has resulted in a new government lockdown; (3) a preexisting scheduling conflict on the part of the undersigned defense trial counsel, David C. Voss, Jr., with respect to the new August 3 trial date; and (4) additional time needed by the parties to complete their discovery, prepare for the Rule 16-2 conference, and enable the parties to file motions for summary judgment and/or partial summary judgment.  The parties have held several discovery conferences with Magistrate Judge Kewalramani, who ordered the parties to hold a new Rule 26 conference.

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities, the concurrently filed declarations of David C. Voss, Jr. and Moishe Newman, the concurrently filed request for judicial notice, the complete files and records of this action, and upon such other evidence as may be presented at the time of hearing on this motion.

*As an alternative to the above requested relief*, AMN requests that the Court vacate the current trial date, pre-trial conference, and related deadlines and hold a telephonic scheduling conference with counsel to discuss case progress and deadlines.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 19, 2021.  Plaintiff *does not oppose the requested continuance of the Pre-Trial Conference and Trial Dates.*

DATED:  June 2, 2021         DAVID C. VOSS, JR.
　　　　　　　　　　　　　　VOSS, SILVERMAN & BRAYBROOKE, LLP


By: _____
　　David C. Voss, Jr.
　　Attorneys for Defendants AMN
　　DISTRIBUTION, INC. and MOISHE
　　NEWMAN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action was initially set for a pre-trial conference on January 11, 2021 and for a jury trial on January 19, 2021 without the benefit of a scheduling conference or input from Defendants' current counsel. Because of the pandemic and related suspension of jury trials in the Western Division of the Central District, this Court continued the foregoing dates on its on motion to May 10, 2021 and May 18, 2021. The parties then submitted a stipulation in which they sought to continue the pre-trial conference and trial by an additional 180 days in light of the continued suspension of jury trials and other issues. The Court granted a portion of requested extension, continuing the pre-trial conference and trial to July 19 , 2021 and August 3, 2021.

The parties appreciate the Court's continuance of the pre-trial conference and trial date, but respectfully request a further continuance of the Court. A key witness, defendant Moishe "Mark" Newman, ***who both sides would like to have present in Los Angeles for the trial***, resides near Melbourne, Australia. Not only does travel continue to be difficult to and from the United States for Australian permanent residents, such as Mr. Newman, but the greater Melbourne area in which Mr. Newman resides has once again gone on "lock-down" status in response to an outbreak in Melbourne.

In addition, trial counsel for Defendants had scheduled a pre-planned vacation with his family for August 2, 2021, several months prior to the Court resetting the trial to that week. Defendants' trial counsel has also been tied up in a long cause video-conference trial pending in Marin County during the weeks of May 17 and 24. By virtue of the foregoing and for additional reasons set forth below, the parties also need additional time to complete their discovery, prepare for the Rule 16-2 conference, and allow the parties time to file motions for summary judgment and/or partial summary judgment.

If the requested extension is granted, counsel believes it will greatly enhance the judicial efficiency of the process and that the parties will be able to complete the first

phase of the bifurcated trial in two days and the second half of the trial in two days, excluding the empanelment of the jury.

## II. PROCEDURAL HISTORY

### A. Diligence of Counsel and Parties

Although this action was commenced on by Plaintiff Athena Cosmetics, Inc. on June 22, 2020 (Dkt. 1), it has been subject to numerous delays not within the control of Defendants. Among other things the undersigned counsel, David C. Voss, Jr., substituted in as counsel for record for AMN on November 16, 2020 (Dkt. 40, 41). He then worked diligently to get up to speed in this matter, including his participation in a mediation held a few days later on November 18, 2020 (Dkt. 44). He also moved promptly to set aside a default that had been taken against defendant Newman, which motion was eventually granted by this Court on January 19, 2021. (Dkts. 47, 62).

After the motion to set aside the default was granted, Mr. Voss filed a motion to dismiss on behalf of defendant Newman and a corresponding motion for judgment on the pleadings on behalf of defendant AMN on February 9, 2021 (Dkts. 63 and 65). The Court issued an order on March 16, 2021, denying AMN's motion but granting and denying in part Newman's motion to dismiss the motion of defendant Newman to dismiss Athena's complaint. (Dkt. 72). The Court also granted Athena leave to file an amended complaint in accordance with the terms of its order. (Dkt. 72).

Athena filed a first amended complaint On March 22, 2021 in which it renewed its prior demand for a jury trial. (Dkt. 73). On April 1, 2021, the Court bifurcated the trial into two phases, with the first phase to address Athena's contract claim. (Dkt. 74). Defendants filed an answer to Athena's first amended complaint on April 5, 2021, and also demanded a jury trial. (Dkt. 75).

### B. Efforts to Resolve Discovery Disputes and Conferences Before Magistrate Judge Kewalramani

The parties had also been engaged in an ongoing process to attempt to resolve issues relating to discovery which had been propounded on AMN prior to the

substitution of Mr. Voss in as counsel of record for Defendants, holding numerous conferences with Magistrate Judge Shashi H. Kewalramani, including extensive telephonic conference with him on April 12, 16, and 19, 2021.  Declaration of David C. Voss, Jr. ("Voss Decl."), ¶ 5.  During the course of these conferences, Magistrate Kewalramani recommended that the parties submit a stipulation to continue the trial date and pre-trial conference to facilitate an orderly discovery process.  Voss Decl., ¶ 5.  He also ordered the parties to hold a new Rule 26(f) conference.  Voss Decl., ¶ 5.  Magistrate Kewalramani ruled on the initial discovery dispute on April 19.  Voss Decl., ¶ 6.

The parties proceeded with a new Rule 26(f) conference on May 19, 2021 and filed their joint report on May 28, 2021.  Voss Decl., ¶¶ 6 - 8, Dkt. 82.  Any prior efforts to comply with Rule 26(f) took place prior to the appearance of Mr. Newman as a defendant in this action and prior to Mr. Voss becoming counsel of record for Defendants. Voss Decl., ¶ 8.  Although the parties have made their initial disclosures and propounded written discovery – including interrogatories and document requests – defense counsel anticipate that issues relating to same will need to be resolved and that additional discovery issues will likely arise. Voss Decl., ¶ 9.

      **C.**    **Initial and Subsequent Rescheduling of Trial and Pre-Trial Conference During Pandemic**

*The initial trial scheduling took place without the benefit of a scheduling conference before this Court and without the usual discussion of case management issues, discovery, and law and motion matters.*  Although the Court had originally set an initial status conference for October 19, 2020 (Dkt. 23) – which it then moved up to September 21, 2021 (Dkt. 25) – it then vacated the September 21, 2020 status conference shortly after granting the now set-aside default against defendant Newman (Dkts. 27, 28). On September 18, 2020, the Court set a pre-trial conference for January 11, 202, set a jury trial for January 19, 2021, and issued a Civil Trial Preparation order. (Dkt. 28, 29).

Because of the pandemic and related suspension of jury trials in the Western Division of the Central District, this Court continued the initial pre-trial conference and trial date *sua sponte* to May 10, 2021 and May 18, 202. (Dkt. 60). In light of the continued suspension of jury trials and other issues and as a result of the ongoing discovery conferences with and ruling by Magistrate Kewalramani, the parties submitted a stipulation requesting that the pre-trial conference and trial be continued not less than 180 days to November 8 and November 16. Voss Decl., ¶ 7; Dkt. 80. The 180 days set forth in the stipulation was a result of a substantial discussion between counsel regarding the appropriate length of the continuance. Voss Decl., ¶ 7. The Court issued an order on May 3, 2021 continuing the pre-trial conference and trial, respectively, to July 19, 2021 and August 3, 2021. (Dkt. 81).

### III. GOOD CAUSE EXISTS FOR A CONTINUANCE

Local Rule 16-9 and the standing order of this department provides that a continuance may be granted upon a showing of good cause, with the relevant factors including the need for a continuance, any resulting prejudice, and the diligence of the party seeking the continuance. L.R. 16-9; New Case Order dated 6/24/20 (Dkt. 11).

Here the relevant factors favor the granting of the requested continuance, which, as noted above is not opposed by Plaintiff. Voss Decl., ¶ 11.

*First*, both sides agree that defendant Newman will be a key witness and that it will be important to have him present in Los Angeles to testify. Voss Decl., ¶ 11. It will also be important to have Mr. Newman present in Los Angeles to prepare him for trial. Voss Decl., ¶ 12. This is particularly critical where, as here, the case is to be tried before a jury.

Unfortunately, Mr. Newman resides in Australia (where he has resided for over 10 years with his Australian wife and family), which continues to impose stringent travel control measures. Declaration of Moishe Newman ("Newman Decl."), ¶¶ 4-7, 9; Request for Judicial Notice ("RJN"), Exhs. 1-5. Because of the current travel ban, a permanent resident, such as Mr. Newman, cannot leave Australia due to Covid-19

restrictions without first applying for and receiving an individual exemption to travel. Newman Decl., ¶¶ 4-5. RJN, Exhs. 1, page 6[1]; Exh. 2; Exh. 3.  He must also provide evidence of a negative COVID-19 test within three days of his departure from Australia to the United States. Newman Decl., ¶ 7.  RJN, Exh. 2, page 12.  Moreover, despite the potential availability of an exemption, the official advice from the government of Australia as of May 29, 2021 is as follows:  "**Do not travel to the United States of America, including Alaska, Puerto Rico and the Hawaiian Islands due to the health risks from the COVID-19 pandemic and the significant disruptions to global travel.**"  RJN, Exh. 2, page 12.

To make matters worse, the greater Melbourne area in which Mr. Newman resides has gone into an additional lockdown as of May 27, 2021 as a result of a "fast-spreading outbreak."  Newman Decl., ¶ 8.  RJN, Exh. 6, page 28.  It is likely that the current lockdown will be extended as the Indian variant of Covid-19 has spread to the state of Victoria in which Mr. Newman resides."  Newman Decl., ¶ 8.  RJN, Exh. 7, pages 28-32.  As noted by Victoria's acting premier, the state of Victoria "is seeing transmissions in settings and circumstances we've never seen before."  RJN, Exh. 7, page 29.

Mr. Newman's return to Australia would be fraught with even greater hardship and expense.  Assuming he were to receive the required exemption to travel from Australia in the first instance, he would be required quarantine for 14 days at a designated facility upon his return to Australia and could be required to pay for the costs of the quarantine.  Newman Decl., ¶ 9.  RJN, Exh. 4, pages 17-18; Exh. 5.  He would also be required to "provide evidence of a negative COVID-19 PCR or RT-PCR test" taken no less than 72 hours prior to checking in for his flight, which test must be from an "accredited test facility" rather than an unsupervised self-administered test.  Newman Decl., ¶ 9.  RJN, Exh. 5, pages 22-23.  Mr. Newman has a wife and three young children

---

[1] Page number references to exhibits are to the large electronic "bate-stamped" page numbers that appear at the bottom of each page adjacent to the exhibit number.

and, as a result, the added hardship of a two week quarantine plus possible additional travel delays and restrictions would impose a burden on him and his family. Newman Decl., ¶ 10.

*Second,* despite the diligence of counsel as set forth in the above-procedural history, the parties also require additional time their discovery, prepare for the Rule 16-2 conference, and allow the parties time to file motions for summary judgment and/or partial summary judgment. Voss Decl., ¶ 10. As noted above, the parties have had several discovery conferences with Magistrate Judge Kewalramani. It was those conferences and his ruling that culminated in the filing of a stipulation for a continuance on April 28, the Rule 26(f) conference that was held on May 19, and the filing of the joint report on May 28, 2021.

*Third,* Defendants' trial counsel David C. Voss, Jr. has a preexisting scheduling conflict with the August 3 trial date. He had scheduled and booked a pre-planned vacation with his family for the week of August 2, 2021, several months prior to the Court resetting the trial to August 3. Voss Decl., ¶ 13.[2] He has also been tied up in a long cause video-conference trial pending in Marin County during the weeks of May 17 and 24, which was concluding a trial started last September. Voss Decl., ¶ 13.

*Fourth,* there is no prejudice to Plaintiff as it does not oppose the requested extension. To the contrary, the extension could facilitate the trial of this matter. A November 2021 pre-trial conference and trial date should enable the parties to prepare for trial in an efficient manner and keep the total trial time, excluding, voir dire, to four days. Voss Decl., ¶ 14. The requested November time frame is also reasonable in light of the additional discovery and depositions that need to be completed and discovery disputes that will likely need to be resolved. Voss Decl., ¶ 14. On the other hand, it will be prejudicial to Defendants if Mr. Newman is unable to come to Los Angeles – without

---

[2] Counsel is celebrating his daughter's birthday out of town before she heads back to college on August 7, 2021. Voss Decl., ¶ 14.

1  undue burden, pressure and expense as a result of the pandemic – to prepare for trial and
2  testify in person before a jury. Voss Decl., ¶ 14.

3  **IV. CONCLUSION**

4      For the foregoing reasons, Defendants respectfully request that the pretrial
5  conference be continued from July 19, 2021 to no earlier than November 8, 2021 and
6  that the trial be continued from August 3, 2021 to no earlier than November 16, 2021.
7  As an alternative to the above requested relief, AMN requests that the Court vacate the
8  current trial date, pre-trial conference, and related deadlines and hold a telephonic
9  scheduling conference with counsel to discuss case progress and deadlines.

   DATED: June 2, 2021        DAVID C. VOSS, JR.
                                              VOSS, SILVERMAN & BRAYBROOKE, LLP

                                              By: _____
                                                David C. Voss, Jr.
                                                Attorneys for Defendants AMN
                                                DISTRIBUTION, INC. and MOISHE
                                                NEWMAN