DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendant AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., | Case No. 2:20-cv-05526-SVW-SHK |
| Plaintiff | **DECLARATION OF DAVID C. VOSS, JR. IN SUPPORT OF DEFENDANTS' MOTION FOR CONTINUANCE OF PRE-TRIAL CONFERENCE, JURY TRIAL AND RELATED DEADLINES** |
| v. | |
| AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, | **HEARING** |
| Defendants | Date:  June 7, 2021<br>Time: 1:30 p.m.<br>Place:  Courtroom 10A<br>First Street Courthouse<br>350 W. 1st Street, 10th Floor,<br>Los Angeles, California 90012 |

### DECLARATION OF DAVID C. VOSS, JR.

I, David C. Voss, Jr., declare:

1.      I am an attorney, duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California.  I am the managing partner of the law firm of Voss, Silverman & Braybrooke LLP, counsel for defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" or "defendant Newman").  Unless otherwise stated, I have personal knowledge of the facts set forth herein which I know to be true and correct and, if called as a witness, I could and would competently testify with respect thereto.

2.      I submit this declaration in support of the concurrently filed Unopposed Motion of Defendants AMN Distribution Inc. and Moishe Newman for Continuance of Pre-Trial Conference, Jury Trial and Related Deadlines.

3.      I substituted in as counsel of record on behalf of defendant AMN on November 16, 2020 (Dkt. 40, 41) and have also subsequently appeared on behalf of defendant Newman.  To the extent that this case did not proceed with diligence *prior* to my involvement, I apologize to the Court on behalf of my clients.

4.      Subsequent to becoming counsel of record in this matter, I have worked diligently to prepare this case for trial.  The steps taken by me and my firm include: (a) filing a motion to set aside the default judgment taken against defendant Newman, which motion was subsequently granted (Dkt. 62); (b) filing a motion to dismiss Plaintiff's complaint on behalf of the defendant Newman, which motion was recently granted in part and denied in part (Dkt. 72); (c) filing a motion for judgment on the pleadings on behalf of defendant AMN, which was denied (Dkt. 72); (d) filing an answer on behalf of defendants AMN and Newman to Plaintiff's March 22, 2021 First Amended Complaint (Dkts. 73, 75).

5.      The parties had also been engaged in an ongoing process to attempt to resolve issues relating to discovery which had been propounded on AMN prior my substitution in as counsel of record in this matter, holding numerous conferences with

Magistrate Judge Magistrate Judge Shashi H. Kewalramani, including extensive telephonic conference with him on April 12, 16, and 19, 2021.  During the course of these conferences, Magistrate Kewalramani recommended that the parties submit a stipulation to continue the trial date and pre-trial conference to facilitate an orderly discovery process.  He also ordered the parties to hold a new Rule 26(f) conference.

6.     Magistrate Kewalramani ruled on the discovery on April 19, 2021. The parties agreed that both as a result of this latest ruling and the addition of Moishe Newman to the matter as a defendant, a reasonable time period was needed to facilitate the orderly conduct of discovery.

7.     As a result of the foregoing, the parties had substantial discussion regarding the appropriate amount of time to seek by way of stipulation for trial continuance.  The parties came to a conclusion that not less than 180 days was needed and submitted a stipulation on April 28, 2021 for a continuance of the pre-trial conference and trial for not less than 180 days. (Dkt. 80.)

8.     The parties proceeded with a new Rule 26(f) conference on May 19, 2021 and filed their joint report on May 28, 2021 (Dkt. 82).  Any prior efforts to comply with Rule 26(f) took place prior to the appearance of Mr. Newman as a defendant in this action and prior to me becoming counsel of record for Defendants.

9.     The parties have propounded some written discovery, including document requests and interrogatories, and have made their initial disclosures.   I anticipate that issues relating to same will need to be resolved and that additional discovery issues will likely arise.

10.     Defendants anticipate filing a motion for summary judgment and/or partial summary judgment and need to time for that motion to be heard in advance of trial.  Per the Rule 26(f) report, Plaintiff has also reserved the right to do the same.  The parties require additional time to complete discovery, prepare for the Rule 16-2 conference, and allow them the opportunity to file their respective motions.

11.     Following up on emails, I spoke with Michael D. Harris, counsel for Plaintiff, on May 19, 2021, regarding the continuance of the pre-trial conference and trial requested herein.  He indicated that he did not oppose the requested continuances. Among other things, we both agreed that it was important to have defendant Newman appear live as a witness before a jury and discussed his current unavailability to travel from Australia.

12.     It will also be essential to have my client, Mr. Newman, here in Los Angeles, to prepare him for trial.  The travel restrictions and obstacles that Mr. Newman must overcome in an effort to be present in Los Angeles for the currently scheduled August 3 trial are discussed in his own declaration filed concurrently herewith.

13.     In addition to all of the foregoing, I had scheduled and booked a pre-planned vacation with my family for the week of August 2, 2021, several months prior to the Court unexpectedly resetting the trial to that week long before the 180 days to which we had stipulated.  Candidly, we are celebrating my daughter's birthday out of town before she heads back to college on August 7, 2021.   I have also been tied up in a long cause video-conference trial pending in Marin County during the weeks of May 17 and 24, which was concluding a trial started last September.

14.     In light of all of the foregoing, I respectfully request, on behalf of Defendants, a continuance of the pre-trial conference to no earlier than November 8, 2021 and a continuance of the trial to no earlier than November 16, 2021.  I also believe the requested continuance will enhance the judicial efficiency of the process enable the parties to complete the first phase of the bifurcated trial in two days and the second half of the trial in two days, excluding the empanelment of the jury. Without this additional time, the parties will be unable to conduct and complete discovery in an orderly manner,

/ / / /

/ / / /

/ / / /

/ / / /

DECLARATION OF DAVID C. VOSS, JR. IN SUPPORT OF MOTION FOR CONTINUANCE

conduct the required pre-trial exchanges and disclosures, and bring potentially case dispositive motions as noted above.   It will also be prejudicial to my client not to have him in Los Angeles to prepare for trial and to testify in person before a jury.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 2, 2021 in Marina Del Rey, California.

DAVID C. VOSS, JR.

DECLARATION OF DAVID C. VOSS, JR. IN SUPPORT OF MOTION FOR CONTINUANCE