DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman and AMN Distribution, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

ATHENA COSMETICS, INC.,

Plaintiff

v.

AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE,

Defendants

Case No. 2:20-cv-05526-SVW-SHK

**DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**HEARING**

Date: August 9, 2021
Time: 1:30 p.m.
Place: Courtroom 10A
First Street Courthouse
350 W. 1st Street, 10th Floor,
Los Angeles, California 90012

Pursuant to Local Rule 56-1, Defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Newman" and collectively "Defendants") hereby submit the

following Statement of Uncontroverted Facts and Conclusions of Law in support of their motion for summary judgment.

## UNCONTROVERTED FACTS

1. Defendants AMN Distribution, Inc. ("AMN") and Moishe Newman – ("Newman" and collectively "Defendants") entered into a settlement agreement (the "Settlement Agreement") with plaintiff Athena Cosmetics, Inc. ("Plaintiff" or "Athena") regarding the sale of Athena's cosmetic products and related claims. [First Amended Complaint, ("FAC"), Dkt. 73, ¶ 87; Declaration of Moishe Newman ("Newman Decl."), ¶¶ 3-4, Exh. 1 thereto].

2. The parties executed the Settlement Agreement on April 29 and 30, 2020. [FAC, Dkt. 73, ¶ 87; Newman Decl., Exh. 1, pp. 8-9.

3. By its express terms, the Settlement Agreement became effective as of the "last date signed below," i.e., April 30, 2020 (the "Effective Date"). Newman Decl., Exh. 1, p. 1 (first full paragraph) and pp. 8-9 (signature blocks).

4. Defendants' obligations under the Settlement Agreement included: (1) the cessation of the purchase, offering for sale, use, *etc.*, of "any goods or products with the Athena Cosmetics Marks, including any simulation, reproduction, counterfeit, copy or colorable imitation of the Athena Cosmetics Marks" [Newman Decl., Exh. 1, p. 3, ¶ 2(a)(vii)] (the "Cessation of Sale Provision"); (2) the shipment to Athena, within 30 days of the Effective Date, of their "entire remaining inventory of any goods or products with the Athena Cosmetics Marks" [Newman Decl., Exh. 1, p. 3, ¶ 2(a)(viii)] (the "Return of Inventory Provision"); (3) their agreement not to challenge the validity or enforceability of the Athena Cosmetics Marks [Newman Decl., Exh. 1, p. 4, ¶ 3] (the "Validity of Mark Provision"); and (4) the payment of $25,000 to Athena within 3 business days of the Effective Date "in full and complete settlement, compromise, release, satisfaction and discharge of all claims, damages and liabilities in favor of Plaintiff based on or arising out of all claims that are or that could have been asserted in the aforementioned Lawsuit" (the "Payment Provision"). [Newman Decl., Exh. 1, p. 4, ¶ 4].

5. Defendant AMN, but not Newman, was also obligated under the Settlement Agreement to provide: (a) "the full and complete contact information and the amount of product purchased from each seller" as Schedule 1 to the Settlement Agreement ("Schedule 1"); and (b) "the full and complete contact information for each customer and the aggregate amount of product sold" as Schedule 2 to the Settlement Agreement ("Schedule 2"). Newman Decl., Exh. 1, p. 3, ¶ 2(a)(iii), (v).

6. The Settlement Agreement limited the time frame for the disclosures set forth in Schedule 1 and Schedule 2 to sales and purchases from January 1 to December 31, 2019. Newman Decl., Exh. 1, p. 3, ¶ 2(a)(iii), (v).

7. Schedules 1 and 2 were appended to and became "part of" the Settlement Agreement. Newman Decl., ¶4, Exh. 1, p. 8, ¶ 9(g) and Exhs. 1A and 1B.

8. Schedule 1 is one page long and contains for each seller a product description, amount purchased, and seller contact information. Newman Decl., Exh. 1A.

9. Schedule 2 is forty-six pages long and contains the contact information for each customer as required by the Settlement Agreement and further provided detailed information beyond that required by the settlement agreement, including: (a) "Order ID" numbers; (b) customer first and last names; (c) total purchase amount for each customer; (d) "status" and "payment status;" (e) order date and time; (f) customer shipping address; (g) customer shipment phone number; (h) UPC code number; (i) quantity purchased; (j) product name; and (k) tracking number. Newman Decl., Exh. 1B, pp. 1-46.

10. Schedules 1 and 2 comprehensively identified each and every transaction, which came to over 3800 transactions. Newman Decl., Exhs. 1A and 1B.

11. The Settlement Agreement contains a specific release provision (the "Release Provision") that provides that:

> Conditional on Defendants making the Settlement Payment, furnishing Schedules 1 and 2 as set forth in Section 8(g) below, and Defendants' delivery of the entire remaining inventory of any goods or products with the Athena Cosmetics Marks

pursuant to Section 2(a)viii herein, Athena Cosmetics, on behalf of itself and its officers, directors, employees, agents, subsidiaries, affiliates, related companies, parent corporations, shareholders, joint venturers, partners, limited partners, anyone in privity or acting in concert with Plaintiff, and its and their attorneys (collectively the "Releasors"), does hereby irrevocably release and discharge each of the Defendants, together with its and their officers, directors, employees, agents, subsidiaries, affiliates, related companies, parent corporations, shareholders, joint venturers, partners, limited partners, anyone in privity or acting in concert with any of the Defendants, and its and their attorneys (collectively, the "Released Parties") from any and all claims, damages, charges, causes of action or liabilities that the Releasors have or may have against any of the Releasees, whether known or unknown, of any nature whatsoever, from the beginning of time to the execution date of this Agreement which arose in any way from, the sale of any Athena products (counterfeit or otherwise), including, but not limited to, any and all claims, losses, demands, causes of actions, suits, whether known or unknown, whether at law or in equity, that may have accrued from the beginning of time or may exist as of the Effective Date of this Agreement that are or that could have been asserted in the Lawsuit or any other civil or criminal action, or that arise out of or in connection with Defendants' purchases and sales of Athena product (whether counterfeit or not)."

Newman Decl., Exh. 1, pp. 4-5, ¶ 5 (the "Release Provision").

12. The Settlement Agreement also contains a "Waiver of Claims" provision that includes a California Civil Code section 1542 recital and provides that, "The Releasors and Releasees agree that this Agreement shall act as a release of any and all claims that may arise from conduct prior to the execution of this Agreement whether such claims are known, unknown, foreseen, or unforeseen, liquidated or unliquidated, choate or inchoate, notwithstanding Section 1542 . . . ." Newman Decl., Exh. 1, p. 5, ¶ 6.

13. The Settlement Agreement also contains a covenant not to sue that provides, among other things, that:

> "In consideration for the mutual promises, terms and conditions set forth in this Agreement, [Plaintiff] Athena Cosmetics agrees not to file or pursue any action, including the Lawsuit, against Defendants related to their purchase and sale of products bearing Athena Cosmetics Marks occurring on or before the Effective Date of this Agreement."

Newman Decl., Exh. 1, p. 2, ¶ 1(a)

14. Plaintiff filed the complaint (the "Complaint") in the above captioned against defendants AMN and Newman on June 22, 2020. Complaint, (Dkt. 1).

15. Plaintiff file a first amended complaint ("FAC") against defendants AMN and Newman on March 22, 2021, which superseded the original complaint. FAC, (Dkt. 73).

16. Both the original complaint and FAC are comprised of six claims, the first four of which allege trademark infringement and false designation under the Lanham Act. Complaint (Dkt. 1), ¶¶ 1 – 74; FAC (Dkt. 73), ¶¶ 1 – 74.

17. The original complaint and FAC also contain a fifth pendent state law claim for unfair competition. Complaint (Dkt. 1), ¶¶ 75-84; FAC (Dkt. 73), ¶¶ 75-84.

18. The only specific dates alleged with respect to the alleged misconduct in the first five claims for relief in the FAC are November 2019 and January 20, 2020. FAC (Dkt. 73), p. 6,¶ 26.

19. Both the original complaint and FAC include a sixth claim of relief for breach of contract under California law, in which Plaintiff alleges that Defendants breached the Settlement Agreement. Complaint (Dkt. 1), ¶¶ 85-94; FAC (Dkt. 73), ¶¶ 85-94.

20. Plaintiff has admitted that it entered into the Settlement Agreement with Defendants, alleging that the parties executed the Settlement Agreement on "on April 29 and 30, 2020," after Athena had demanded in writing in February and March 2020 that

Defendants "cease selling counterfeit Athena products." Complaint (Dkt. 1), ¶ 88; FAC (Dkt. 73), ¶ 87.

21. Plaintiff's original complaint alleged only a single breach of the Settlement Agreement by Defendants. Specifically, Plaintiff alleged that: "Defendants breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers." Complaint (Dkt. 1), ¶ 92.

22. The Court entered an order in this action dated March 16, 2021, granting and denying, in part, a motion to dismiss brough by defendant Newman, in which it ruled, among other things, that Mr. Newman did not have a duty of disclosure to Plaintiff under the foregoing provision (Dkt. 72, p. 3).

23. In its FAC, Plaintiff removed Mr. Newman as a defendant from its prior allegation regarding the accuracy and completeness of the contact information, alleging that only "AMN breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers." FAC (Dkt. 73), ¶ 91.

24. Plaintiff also added a new allegation in sixth claim for breach of contract, alleging for the first time that "Defendants breached the settlement agreement by continuing to sell Athena counterfeit goods." FAC (Dkt. 73), ¶ 92.

25. Other than the two breaches referenced in paragraphs 22 through 24 above, Plaintiff has never alleged a breach of any other provision of the Settlement Agreement it its current or prior iteration of its complaint. Complaint (Dkt. 1), ¶¶ 85-94; FAC (Dkt. 73), ¶¶ 85-94.

26. Plaintiff has not alleged that Defendants failed to make the settlement payment required by the Settlement Agreement. FAC (Dkt. 73), ¶¶ 85-94.

27. Plaintiff has not alleged that Defendants failed to deliver to Plaintiff their entire remaining inventory of goods and products bearing Plaintiff's marks. FAC (Dkt. 73), ¶¶ 85-94.

28. Plaintiff does not allege that AMN failed to provided Schedule 1 and 2 or that the schedules were not appended to the Settlement Agreement. FAC (Dkt. 73), ¶¶

85-94. Rather, Plaintiff has only challenged the accuracy and completeness of schedules. FAC (Dkt. 73), ¶ 91.

29. The specific factual allegations upon which Plaintiff's breach of contract claim are based were not pled on information and belief. FAC, (Dkt. 73), ¶¶ 86-94. This was also the case with respect to Plaintiff's original complaint. Complaint, (Dkt. 1), ¶¶ 86-94.

30. Plaintiff provided multiple versions of its initial disclosures under Rule 26(a) (the "Initial Disclosures"), the most recent of which is dated May 11, 2021, and entitled "Supplemented Initial Disclosures from Plaintiff Athena Cosmetics, Inc." dated May 11, 2021. Declaration of David C. Voss, Jr. ("Voss Decl."), ¶¶ 4-6, Exhs. 1-3 thereto. The last two of the three Initial disclosures were provided after Plaintiff filed its first amended complaint ("FAC") on March 22, 2021 (Dkt. 73) and after Defendants had filed their answer to the same on April 5, 2021 (Dkt. 75). Voss Decl., ¶¶ 5-6, Exhs. 2-3.

31. None of the Initial Disclosures specifically identified any facts or documents evidencing any the breaches of the Settlement Agreement alleged by Plaintiff. Voss Decl., Exhs. 1-3.

32. Plaintiff did not produce any documents with its Initial Disclosures. Voss Decl., ¶ 7.

33. The Initial Disclosures failed to provide a computation of damages claimed by the Plaintiff with respect to its breach of contract claim. Instead, the Initial Disclosures stated that:

> "The amount is unknown at this time since discovery is ongoing, but Athena is entitled to actual and statutory damages, costs, and its reasonable attorney fees. 17 U.S.C. § 505."

Voss Decl., Exh 1, p. 4, Exh. 2, p. 4, Exh 3, p. 6.

34. Plaintiff also failed to provide documents or other evidentiary material on which its breach of contract damages calculation is based as part of its Initial Disclosures regarding damages. Voss Decl., ¶ 8.

35. Plaintiff, in response to specific interrogatories propounded by AMN, failed to: (1) state any facts upon which it bases its allegation in paragraph 91 of the FAC that AMN breached the Settlement Agreement "by providing inaccurate and incomplete contact information of its customers and suppliers" – other than to parrot the allegation itself; (2) identify any witnesses who have knowledge of the facts upon which the foregoing allegations are based; (3) specifically identify any documents in support of the foregoing allegation; (4) identify any contact information that it alleges it is inaccurate; (5) identify any contact information that it alleges is incomplete; (6) identify any person or entity that it contends was omitted from Schedule 1; and (7) identify any person or entity that it contends was omitted from Schedule 2. Voss Decl., Exh. 6, pp. 5-13, Interrogatory Resp., Nos. 1-7; Exh. 8, pp. 5-7, Amended Resp. Nos. 1-7.

36. Plaintiff, in response to specific interrogatories propounded by AMN, failed to: (1) identify any witnesses who have knowledge of the facts upon which it bases its allegation in paragraph 92 of the FAC that Defendants breached the Settlement Agreement by "by continuing to sell Athena counterfeit goods;" (2) specifically identify any documents in support of the foregoing allegation; (3) identify a single sale of Athena counterfeit goods by Defendants after the effective date of the Settlement Agreement; and (4) specifically identify a single document pertaining to the sale any counterfeit goods alleged in paragraph 92 of the FAC. Voss, Decl., Exh. 6, pp. 13-20, Interrogatory Resp. No. 8-12, Exh. 8, pp. 7-9, Amended Interrogatory Resp. No. 8-12

37. Paragraph 92 of the FAC alleges that "Defendants breached the settlement agreement by continuing to sell Athena counterfeit goods." FAC (Dkt. 73), ¶ 92. In response to an interrogatory asking Plaintiff to "[i]dentify by name of seller, buyer, date, product, quantity and dollar amount each sale of counterfeit goods by DEFENDANTS alleged in paragraph 92 of the FAC," Plaintiff provide an amended response which states:

"Plaintiff objects to this interrogatory because this interrogatory is so broad, uncertain, and unintelligible that plaintiff cannot determine the nature of the

information sought. ***Therefore, the plaintiff cannot provide an answer***. Plaintiff further objects to this interrogatory to the extent it seeks information not within its possession, custody, control, or personal knowledge. Plaintiff further objects to this interrogatory to the extent it requests information that will not be known until the propounding party complies with Plaintiff's discovery requests and additional discovery is completed."

Voss, Decl., Exh. 8, p. 8, Amended Interrogatory Resp. No. 10 (emphasis added).

38. Plaintiff, in response to specific interrogatories propounded by AMN, failed to: (1) describe whatsoever any damages it contends it suffered as a result of any breach of the Settlement Agreement by Defendants; (2) specifically identify any documents that support its claim that it suffered damages as a result of Defendants' alleged breach the Settlement Agreement; and (3) describe any actions that it took to mitigate its claimed damages. Voss Decl., Exh. 6, pp. 20-23, Interrogatory Resp. Nos. 13-15; Exh. 8, pp. 9-10, Amended Interrogatory Resp. Nos. 13-15.

39. Plaintiff, in response to specific interrogatories propounded by AMN regarding Plaintiff's responses to concurrently served requests for admission, failed to support, with a single fact, its denials that (1) it lacked any evidence of Defendants' alleged breaches of the Settlement Agreement; (2) it did not suffer any damages as a result of the alleged breaches; (3) Defendants performed all of their obligations under the Settlement Agreement; (4) Defendants satisfied any condition precedents to the release set forth in the Settlement Agreement; (5) that Plaintiff filed the FAC in violation of Rule 11. Voss Decl., Exh. 6, pp. 24-33, Interrogatory Responses 17-24; Exh. 7, pp. 4-6, RFA Responses 2-10.

## CONCLUSIONS OF LAW

1. To recover damages for breach of contract under California law, a plaintiff must prove all of the following elements: (a) the plaintiff and defendant entered into a contract; (b) plaintiff did all, or substantially, of the significant things that the contract required or was excused from non-performance; (c) defendant breached the contract by

failing to do something that the contract required defendant to do; (d) plaintiff "was harmed"; (e) defendant's breach of contract "was a substantial factor in causing plaintiff's harm." CACI No. 303 ("Breach of Contract – Essential Factual Elements") Judicial Council of California Civil Jury Instructions (2021 edition). *See also Richman v. Hartley,* 224 Cal. App. 4th 1182, 1186 (2014); *US Ecology, Inc. v. State of California*, 129 Cal. App. 4th 887, 909 (2005).

2. "'Causation of damages in contract cases, as in tort cases, requires that the damages be proximately caused by the defendant's breach, and that their causal occurrence be at least reasonably certain.' A proximate cause of loss or damage is something that is a substantial factor in bringing about that loss or damage." *US Ecology, Inc. v. State of California*, 129 Cal. App. 4th at 909 (citations omitted).

3. Although the term "substantial factor" appears to have no precise definition in the context of a breach of contract claim, California cases have held that it "seems to be something that is more than a slight, trivial, negligible, or theoretical factor in producing a particular result." *US Ecology, Inc. v. State of California*, 129 Cal. App. 4th at 909; *Haley v. Casa Del Rey Homeowners Assn*., 153 Cal. App. 4th 863, 871–72, (2007). *See also* CACI No. 303 (Directions for Use).

4. Defendants have met their initial burden of showing that Plaintiff does not have enough evidence of the following essential elements for Plaintiff to carry its ultimate burden of persuasion a trial on its breach of contract claim: (1) breach; (2) damages; (3) that Defendants' breach "was a substantial factor in causing plaintiff's harm."

5. Plaintiff has failed to carry its burden of establishing that there is a genuine dispute as to a material fact with respect to each of the following elements of its breach of contract claims: (1) breach; (2) damages; (3) that Defendants' breach "was a substantial factor in causing plaintiff's harm."

6. Defendants are entitled to summary judgment on Plaintiff's sixth claim for relief for breach of contract.

7. Because Defendants are entitled to summary judgment on Plaintiff's sixth claim for relief for breach of contract, they are entitled to summary judgment as to all of Plaintiff's remaining claims (i.e., the first for claims for relief under the Lanham Act, and the fifth claim for relief for unfair competition under California common law). In connection with the foregoing, the Court notes as follows: (a) the remaining claims fall within the scope of the release set forth paragraph 5 of the Settlement Agreement; (b) Plaintiff has not alleged that Defendants have breached any other provisions of the Settlement Agreement that could constitute a failure to satisfy any conditions precedent to the release, i.e., non-payment or failure to return inventory; (c) on April 1, 2021, this Court previously entered and order bifurcating this action for trial, holding that Plaintiff shall proceed with its remaining claims only "[i]f Plaintiff prevails on the breach of contract claim."

DATED: July 2, 2021

DAVID C. VOSS, JR.
VOSS, SILVERMAN & BRAYBROOKE, LLP

By: ______________________
David C. Voss, Jr.
Attorneys for Defendants AMN DISTRIBUTION, INC. and MOISHE NEWMAN