Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

# United States District Court

## Central District of California – Western Division

| | |
|---|---|
| Athena Cosmetics, Inc.,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>AMN Distribution Inc., et al,<br><br>　　　Defendants. | No. 2:20-cv-05526-SVW-SHK<br><br>Ex Parte Application under Local Rule 7-19 by Plaintiff Athena Cosmetics, Inc. to (1) Strike Defendants' Summary Judgment Motion [ECF-88] or (2) Set the Hearing on the Motion Six Weeks after Defendants Comply with any Order of Magistrate Judge Kewalramani about Discovery<br><br>Judge Wilson |

Plaintiff Athena Cosmetics, Inc. moves ex parte under Local Rule 7-19 to:

1. Strike defendants' summary judgment motion [ECF-88], or
2. Set the hearing on defendants' summary judgment motion six weeks after defendants fully comply with any order from Magistrate Judge Kewalramani requiring production of documents and answering interrogatories served on defendants and to produce a Rule 30(b)(6) witness on discovery requests served May 11, 2021.

Athena relies on declarations of Marina Lang and Michael Harris and the memorandum of points and authorities accompanying this application.

Mr. Harris compliance with Local Rule 7–19.1 is verified in his declaration,

# TABLE OF CONTENTS

A. Facts..........................................................................................................1

    1. State of Discovery..............................................................................1

    2. Counsel did not confer under Local Rule 7–3. ..................................2

B. Argument ...................................................................................................3

    1. Defendants' failure to produce documents, answer interrogatories, produce documents and submit to a Rule 30(b)(6) deposition is a tactic to avoid providing evidence useful in opposing summary judgment. ..........................................................................................3

    2. Defendants' refusal to provide discovery and its baseless objections support denying summary judgment. ..................................................3

    3. If defendants produced the documents Athena requested and answered the interrogatory fully, the defense will fail. .........................5

    4. The pending motion to compel by itself is grounds for denying summary judgment. ............................................................................7

    5. Defendants base their summary judgment motions' position on lack of evidence they are withholding from Athena. ..................................7

    6. The order Athena seeks is fair to both parties. ...................................8

    7. Why Athena should not have to rely of Rule 56(d)............................8

C. Conclusion .................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006) ................... 4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, n.5 (1986) ........................................ 7

*Bible v. Rio Props., Inc.*, 246 F.R.D. 614 (C.D. Cal. 2007) ........................................ 4

*Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477 (S.D.N.Y. 2009) ....................................................................................................... 4

*McLeod, Alexander, Powel & Apffel. P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990) .................................................................................................. 3-4

*Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188 (9th Cir. 1980) ............................................................................................................ 7

*Ramirez v. Cty. of Los Angeles*, 231 F.R.D. 407 (C.D. Cal. 2005) ............................. 4

*Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658–61 (D. Kan. 2004) ............... 4, 6

*Texas Partners v. Conrock Co.*, 685 F.2d 1116 (9th Cir. 1982) ................................. 7

**Rules**

Fed. R. Civ. P. 1 ................................................................................................. 6

Fed. R. Civ. P. 5 ................................................................................................. 2

Fed. R. Civ. P. 34 ............................................................................................... 8

Fed. R. Civ. P. 56 ........................................................................................... 7, 8

Local Rule 7-19 ................................................................................................. i

Local Rule 7–3 .................................................................................................. 2

Local Rule 37 ......................................................................................... 1, 2, 3, 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. FACTS

#### 1. State of Discovery

This case deals with defendants' selling and distributing counterfeit Athena cosmetics. As the declarations of Michael Harris and Marina Lang verify, Athena served written discovery to discover all defendants' customers and sources of supply. Defendants objected to all document requests and interrogatories, produced no documents and answered no interrogatories (Exs. 1 and 2).[1]

The Harris Declaration explains Athena's diligence to obtain documents and interrogatory answers from defendants, but defendants objected to every discovery request. After Athena's attorney send defense counsel a Local Rule 37–1 letter on June 4 (Ex. 3), counsel conferred on June 15. Defendants served amended responses (Exs. 4 and 5), but the responses only reworded the objections. They still produced no documents and answered no interrogatory.

Defendants also did not attend a properly noticed Rule 30(b)(6) deposition (Ex. 6), claiming counsel did not receive the notice. Even if defense counsel is truthful, the day before the scheduled deposition, plaintiff's attorneys' paralegal emailed Mr. Voss confirmation from the court reporter, "AMN Distribution, Inc. **30(b)(6)** - Athena Cosmetics, Inc. -v- AMN Distribution, Inc., et al, - 6/4/2021 - 9:00AM PT" (Ex. 7, emphasis added). It confirmed the scheduled deposition was the Rule 30(b)(6) deposition. Defendants have not provided a new time and date for the deposition.

Athena first served interrogatories and document requests by email on October 1, 2020, on defendants' previous counsel Ronan Cohen. Mr. Cohen stopped com-

---

[1] The exhibits are defendants' responses. Since they quote from discovery requests, the requests are not separate exhibits.

municating with Athena's attorneys—current counsel, David Voss, said a serious illness caused any failure of Mr. Cohen to communicate. Mr. Cohen served no response and produced no Rule 30(b)(6) witness.

After Mr. Voss substituted in, counsel conferred and met with on Zoom with Magistrate Judge Kewalramani. His procedure for resolving discovery disputes is to meet with counsel before the parties prepare a Local Rule 37-2 stipulation. Counsel could not resolve the dispute.

During another meeting with the magistrate judge, Mr. Voss raised the issue that Athena served the discovery on attorney Cohen by email without a written agreement as FED. R. CIV. P. 5 requires. But Mr. Cohen also exchanged documents like the protective order for confidential information via email, however the magistrate judge ruled Rule 5 controls. Athena then served the same discovery by USPS mail on April 15, 2021.

### 2. Counsel did not confer under Local Rule 7–3.

Defendants' summary judgment motion states counsel conferred under Local Rule 7–3 on June 7, 2021. No conference then or on any other date mentioned summary judgment. Defendants' discovery responses mentioned "summary judgment," but mentioning 'summary judgment" in a discovery objection is not a request to meet and confer.

One objection, for example, states, "In addition, the trial of the Sixth Cause of Action alleging the breach of the parties' settlement agreement has been bifurcated from the remaining causes of action, and AMN intends to bring a motion for summary judgment on that cause of action." Ex. 2, p. 21. All conferences through June dealt with discovery issues only. Mr. Harris searched his correspondence from Mr. Voss and found nothing requesting a Local Rule 7–3 conference about a proposed summary judgment motion. Harris Decl. ¶¶ 3, 4, Lang Decl. ¶ 2. Discovery is pending. Mr. Voss has refused to respond to discovery.

B. ARGUMENT

1. **Defendants' failure to produce documents, answer interrogatories, and submit to a Rule 30(b)(6) deposition is a tactic to avoid providing evidence useful in opposing summary judgment.**

Defendants' schemes delayed responding to discovery long enough for them to move for summary judgment. After Athena's counsel wrote its June 4 letter under Local Rule 37-1 (Ex. 3) to start any motion to compel, Mr. Voss agreed to meet and confer on June 15. He refused to withdraw any objections, but Athena agreed to waive some requests. Mr. Voss asked Athena's attorney for a written summary of the June 15 conference, which attorney Harris wrote on June 21. On July 1, ten days later, defendants served amended discovery response (Exs. 4 and 5), which again objected to all discovery request except for those Athena withdrew during the meet and confer. They still produced no documents and answered no interrogatories.

Defendants must appreciate that the documents they should have produced and the interrogatories they should have answered ruin their defenses. See Section B.3., below.

2. **Defendants' refusal to provide discovery and its baseless objections support denying summary judgment.**

Defendants refuse to produce documents, answer interrogatories or attend a Rule 30(b)(6) deposition, but their objections are baseless. Athena discusses the baseless objection to show they are groundless and to support this ex parte application. Athena is following up with Magistrate Judge Kewalramani and will have an MS Teams conference with him and Mr. Voss.

Defendants supported no objections with evidence or explanation (Exs. 1 and 2) and amended response (Exs. 3 and 4), but "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *McLeod, Alexander, Powel & Apffel. P.C.*

*v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests are overly broad, burdensome, oppressive, and irrelevant cannot meet objecting party's burden of explaining why discovery requests are objectionable) (cited in *Bible v. Rio Props., Inc.*, 246 F.R.D. 614, 618 (C.D. Cal. 2007).

*Ramirez v. Cty. of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005), which dealt with improper general objections, holds, "The familiar litany of general objections, including overly broad, burdensome, or oppressive, will not alone constitute a successful objection to an interrogatory, nor will a general objection fulfill the objecting party's burden to explain its objections." (citation omitted). *See also A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party submits no evidentiary declarations supporting such objections."). Another court held:

> This Court has on several occasions disapproved of the practice of asserting a general objection "to the extent" it may apply to particular requests for discovery. This Court has characterized these types of objections as worthless for anything beyond delay of the discovery. Such objections are considered mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery. Thus, this Court has deemed such ostensible objections waived or [has] declined to consider them as objections.

*Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 660–61 (D. Kan. 2004). Courts in the Ninth Circuit cite the case with approval. *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009), calls objections like defendants' "a paradigm of discovery abuse."

### 3. If defendants produced the documents Athena requested and answered the interrogatory fully, the defense will fail.

Before Athena sued but after Athena demanded defendants cease selling counterfeits, the parties signed a settlement agreement. The agreement released defendants from past damages, but the release was contingent on defendant AMN providing two, accurate schedules: one with the complete contact information and the amount of product AMN received from each supplier and the other with the complete contact information for AMN customers.[2]

Athena sued after it found the contact information incomplete and inaccurate. It has been obtaining information from defendants' customers and suppliers. On July 2, Athena noticed third-party PayPal, Inc. for a July 27 deposition and third-party eBay, Inc on July 29. PayPal handles many sales for eEay sellers. PayPal and eBay's information confirms AMN received more counterfeits and had more sales than the schedules to the settlement agreement show. By having the information in a deposition, Athena can use the information opposing summary judgment and at trial.

But eBay and PayPal have information only about their transactions. AMN documents—if they were not shredded or doctored—should be complete.

Examples of document requests defendants object to include:

"Request No. 1: All Documents mentioning Athena from January 1, 2019, to the present." Any document mentioning Athena[3] could evidence a sale of counterfeit Athena products.

"Request No. 3: All Documents mentioning any sources for whom You shipped goods using any Athena Trademark or the words "Athena" or "Revitalash" [Athena's trademark for the counterfeited goods] including Documents naming all

---

[2] Accurate schedules are an obligation of AMN only. Defendant Newman has no such duty.

[3] Athena's attorneys told Mr. Voss that AMN was not required to produce documents filed in this suit or exchanged between counsel.

Persons at all sources with whom you dealt." These would cover document between AMN and the persons or companies listed in AMN's schedules. They would confirm the schedules are inaccurate. They also can identify knowledgeable people.

"Request No. 4: All invoices, shipping Documents and bills of lading for your shipping Athena Goods." These are the source documents from which the schedules were created.

"Request No. 5: All communications including emails and letters with all suppliers or potential suppliers of Athena Goods." They could also provide information about other companies interested in selling Athena counterfeits.

Quoted requests Nos. 1 through 5 are examples only. Defendants also improperly objected to the other document requests.

Defendants begin their amended responses to the request for production of documents with 14 paragraphs of general objections like those it used in its original response. The last one states, "Each objection stated in this Preliminary Statement and General Objections (the 'General Objections') is incorporated into each response set forth below. All responses are made without waiver of any of the foregoing objections." If defendants eventually produce documents, their objection prevents Athena from knowing if defendants withhold any documents, especially critical ones, because it is not waiving unstated general objections. See *Swackhammer*, 225 F.R.D. at 660–61, explaining why general objections applied to every response are "worthless for anything beyond delay of the discovery."

Defendants violate the spirit of FED. R. CIV. P. 1, that the rules "should be construed, administered, and employed by … the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

### 4. The pending motion to compel by itself is grounds for denying summary judgment.

Defendants' failure to provide discovery is ground for denying summary judgment when there is a pending motion to compel. *See Program Eng'g, Inc. v. Triangle Publ'ns, Inc.*, 634 F.2d 1188, 1193 (9th Cir. 1980). ("[W]here a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment."); *Texas Partners v. Conrock Co.*, 685 F.2d 1116, 1119 (9th Cir. 1982) (holding "Appellants should be afforded reasonable access to potentially favorable information prior to the granting of summary judgment, because on summary judgment all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the summary judgment motion."); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 273, n.5 (1986) (stating, "This requirement [or contrary evidence] in turn is qualified by Rule 56(f)'s provision that summary judgment be refused summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.").

Because of Local Rule 37-2 and Magistrate Judge Kewalramani's pre-filing procedures, Athena's motion to compel has not been filed. Athena has done all it could, however, to bring the discovery issues into a motion to compel.

### 5. Defendants base their summary judgment motions' position on lack of evidence they are withholding from Athena.

Defendants claim Athena cannot make the case of defendants breaching the settlement agreement and continuing to sell counterfeits. But the evidence Athena seeks from defendants such as the quoted requests Nos. 1 through 5 is evidence Athena could use to oppose summary judgment.

**6. The order Athena seeks is fair to both parties.**

Athena seeks to strike defendants' summary judgment motion or to delay the hearing six weeks after defendants fully comply with any discovery order from the magistrate judge. Athena chose six weeks assuming any order would give defendants two weeks to produce the requested documents and answer interrogatories. If the documents produced "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request," FED. R. CIV. P. 34(2)(e)(1), Athena would have time to determine which are important to its summary judgment opposition. Athena also could depose AMN's Rule 30(b)(6) witness then.

Defendants suffer no prejudice delaying the hearing on their motion. Requiring them to answer interrogatories and produce document they should have done earlier is fair to them.

One added issue: Defense counsel said if the magistrate judge ordered document production at least for some categories, AMN would appeal the ruling to Your Honor. If so, it would delay document production further. But the Court can deal with that issue then.

**7. Why Athena should not have to rely of Rule 56(d).**

FED. R. CIV. P. 56(d) applies when "facts are unavailable to the nonmovant." Here, most facts are unavailable to Athena because defendants' improper objections and their failure to produce documents and answer interrogatories cause why facts are not available. Athena submits the procedure it seeks is the better solution.

**C. CONCLUSION**

Defendants use their summary judgment motion as a tactic coupled with improper discovery responses to prevent Athena from the best opposition it can file. Athena requests the court grant its ex parte application.

July 8, 2021                    /s/ *Marina Lang*
                                Marina Lang
                                SoCal IP Law Group LLP

                                Attorneys for Plaintiff Athena Cosmetics, Inc.

**CERTIFICATE OF SERVICE**

I certify on July 8, 2021, no later than 1:30pm, I served the foregoing document "Ex Parte Application under Local Rule 7-19 by Plaintiff Athena Cosmetics, Inc. to (1) Strike Defendants' Summary Judgment Motion [ECF-88] or (2) Set the Hearing on the Motion Six Weeks after Defendants Comply with any Order of Magistrate Judge Kewalramani about Discovery" by email to all counsel registered with CM/ECF on this case, David C Voss , Jr. (dave@vsbllp.com) and to Brandon Bassirbrandon@vsbllp.com and Maria Franco (maria@vsbllp.com).

July 8, 2021                    /s/ *Anneliese Lomonaco*
                                Anneliese Lomonaco