1  DAVID C. VOSS, JR. (State Bar No. 147330)
2  david@vsbllp.com
   VOSS, SILVERMAN & BRAYBROOKE LLP
3  4640 Admiralty Way, Suite 800
   Marina Del Rey, California 90292-6602
4  T: (310) 306-0515/ F: (310) 306-5368

5

6  Attorneys for Defendants Moishe Newman
   and AMN Distribution, Inc.

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                      WESTERN DIVISION

11

12 ATHENA COSMETICS, INC.,                ) Case No. 2:20-cv-05526-SVW-SHK
                                          )
13              Plaintiff                 ) **DEFENDANTS' OPPOSITION TO**
                                          ) **PLAINTIFF'S EX PARTE**
14                                        ) **APPLICATION STRIKING OR**
          v.                              ) **CONTINUING DEFENDANTS'**
15                                        ) **MOTION FOR SUMMARY**
                                          ) **JUDGMENT**
16 AMN DISTRIBUTION, INC., MOISHE         )
   NEWMAN, an individual d/b/a BRUSH      )
17 EXPRESS, and DOES 1-10, INCLUSIVE,     )
                                          ) Place:  Courtroom 10A
18              Defendants                )         First Street Courthouse
                                          )         350 W. 1st Street, 10th Floor,
19                                        )         Los Angeles, California 90012
                                          )
20                                        )
                                          )
21                                        )
                                          )
22                                        )
                                          )
23                                        )
                                          )
24                                        )
                                          )
25                                        )
                                          )
26 _____ )

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Newman" and collectively, "Defendants") filed and served a summary judgment motion on July 2, 2021 (Dkt. 88), as to the first amended complaint of plaintiff Athena Cosmetics, Inc. ("Plaintiff" or "Athena").   Defendants noticed the hearing for August 9, 2021, providing Plaintiff with over five weeks notice.   Defendants' motion is targeted at Plaintiff's breach of contract claim and argues that Plaintiff lacks any evidence to establish that Defendants breached the contract by: (a) "providing inaccurate and incomplete contact information of its customers and suppliers;"  and (b) "by continuing to sell Athena counterfeit goods" after the execution of the settlement agreement.   Defendants have also attacked Plaintiff's lack of evidence to establish that the purported breach was a "substantial factor in causing" Plaintiff's damages, which is an essential element of a breach of contract claim under California law. Because the contract at issue is a settlement agreement that includes a release of all of plaintiff's trademark infringement and related claims, Defendants have argued that Plaintiff's entire complaint fails if it cannot prevail on its breach of contract claim.[1]

Plaintiff, on an *ex parte* basis, now seeks the extraordinary remedy of striking Defendants' motion or, in the alternative, continuing the motion for at least 6 weeks after Magistrate Judge Kewalramani rules on a discovery dispute, on the grounds that it needs to obtain further evidence.  As as aside, that discovery dispute is not even at the formal motion stage because Plaintiff's counsel failed to attend the July 7, 2021 pre-motion informal telephonic conferenced schedule before Magistrate Kewalramani, which

---

[1] This Court recognized that the release provisions of the Settlement Agreement barred the remaining claims when it ordered that Plaintiff's contract claim be bifurcated and tried first, holding that Plaintiff could proceed with its trademark infringement claims under the Lanham Act and state law claim for competition only "if Plaintiff prevails on the breach of contract claim." (Dkt. 74).

Plainitiff itself had requested!  Declaration of David C. Voss, Jr. ("Voss Decl."), ¶14, Exh. 7.  Even Plaintiff admits in its application that "Athena's motion to compel has not been filed."

On a procedural level, Plaintiff's application can and should be readily rejected by this Court as not requiring extraordinary and immediate relief because Plaintiff has a remedy under Federal Rule of Procedure 56(d).  Rule 56(d) specifically provides that where, as here, a party claims that it requires additional discovery to oppose a motion for summary judgment, it can raise that ground in the opposition itself by submitting the requisite supporting declaration.  Plaintiff has offered no justification or authority that would permit the Court to abandon Rule 56(d).

On a substantive level, Plaintiff's characterization of the present situation as one in which Defendants' have prevented Plaintiff from conducting discovery that could validate Plaintiff's breach of contract claims is a false narrative.  *First,* Plaintiff has had over a year to conduct third party discovery.  Indeed, the third party subpoenas that it mentions in its application were not served until *after* Plaintiff was prompted to do so by the filing of Defendants' summary judgment motion. Voss Decl., ¶ 15, Exh. 8.  *Second,* and more to the point, it has always been Defendants' suspicion that Plaintiff filed this action in bad faith in violation of Rule 11 for the sole purpose of conducting discovery to obtain documents and information it could then use in litigation against third parties. This suspicion has been validated by Plaintiff's failure to even *identify* the alleged omissions or inaccurate disclosures or a single post-settlement sale of counterfeit goods by Defendants in its multiple iterations of initial disclosures and initial and amended interrogatory responses.

Equally damning, in a pre-litigation e-mail from Plaintiff's counsel, Plaintiff demanded  the same documentation – for which it did not bargain for or was otherwise entitled under the settlement agreement – that it now seeks through discovery in this action.  Given that e-mail and plaintiff's inability and unwillingness to provide any evidence in support of its contract claim, this appears to be the rare case where

Plaintiff's commenced this action in violation of Rule 11, without any evidence to support its claim, for the sole purpose of using it as a vehicle of discovery to obtain documentation to use against a third party in separate litigation.

Under such circumstances, Plaintiff's application should be denied and Defendants should be permitted to proceed with their summary judgment motion as noticed.  There is no principle of law that dictates that Plaintiff should be permitted to engage in a fishing expedition to support a frivolous claim or that Defendants should be prevented from crying foul and presenting the issue to the Court by bringing a summary judgment motion and objecting to further discovery.

## II.   RULE 56(d) DICTATES THAT THIS ISSUE BE DECIDED IN THE CONTEXT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION, RATHER THAN AN EX PARTE APPLICATION

This department's guidelines clearly provide that ex parte relief is only appropriate when "extraordinary relief is necessary."  The Federal Rules have already contemplated and provided a remedy for the concern raised by Plaintiff, rendering the ex parte relief sought by Plaintiff unnecessary and inappropriate.  Specifically, Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. Proc., Rule 56(d).

In other words, Plaintiff's proper response is to file the requisite declaration *as part of its opposition to its motion for summary judgment.*  If Plaintiff can establish that its concerns are valid after Defendants have the opportunity to respond to the same, the Court can then take one of the actions authorized by Rule 56(d). Plaintiff has given short shrift to Rule 56(d), simply stating that it believes that Plaintiff's own unauthorized

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

procedure "is a better solution."  Plaintiff's  belief that it has a better solution does not justify the abandonment and abrogation of the Federal Rules of Civil Procedure.

Likewise, Plaintiff's argument that "[t]he pending motion to compel by itself is grounds for denying summary judgment" is disingenuous. As Plaintiff itself concedes, *there is no pending motion to compel*.  Moreover, none of the cased cited by Plaintiff in support of that argument discuss, or even suggest, that the issue should be decided in the context of an ex parte application rather than under Rule 56(d).

Finally, Plaintiff – through the use of an ex parte procedure – is attempting to by-pass the rigorous requirements of Rule 56(d). The Rule 56(d) declaration must demonstrate: (1) "facts indicating a likelihood that controverting evidence exists as to a material fact"; (2) "specific reasons why such evidence was not discovered or obtained earlier in the proceedings (i.e., 'good cause')"; (3) "the steps or procedures by which the opposing party proposes to obtain such evidence within a reasonable time"; and (4) "an explanation of how those facts will suffice to defeat the pending summary judgment motion (i.e., to rebut the movant's allegations of no genuine issue of material fact)." Rutter Group Prac. Guide, Fed. Civ. Pro. Before Trial Ch. 14-C, Procedural Requirements—Opposing Party, Ch. 14-C at §14.114.  Plaintiff has not complied with the foregoing requirement, failing to explain, for example, its failure to send out the third party subpoenas a year after the commencement of this action and until *after* Defendants filed their summary judgment motion. Voss Decl., ¶ 15, Exh. 8.  As discussed below, Plaintiff has also failed to explain why it cannot rely on the information it was required under Rule 11 to have in its possession at the time it filed its original and amended complaints.

## III.   DEFENSE COUNSEL SATISFIED ITS OBLIGATIONS UNDER LOCAL RULE 7-3

Contrary to the assertion by Plaintiff's counsel, Defendants' counsel had a specific telephone conversation with Plaintiff's counsel on June 7 in which Defendant's counsel discussed Defendants' intent to file a summary judgment motion based on Plaintiff's

lack of evidence.  Voss Decl., ¶ 3.  Defendants' motion was even a subject of discussion back in April 2021 when the parties filed a stipulation for a continuance that specifically mentioned the "intent of the parties to file summary judgment motions" (Dkt. 80, p. 4, ¶ 19) and in early June of 2021 when Defendants filed their *unopposed* motion for a continuance in which they again expressed their intent to file a summary judgment motion. (Dkt. Nos. 83, 83-2, page 3, ¶ 10).  The parties also discussed the motion in the context of a new Rule 26(f) conference held on May 19, 2021 at the suggestion of Magistrate Judge Kewalramani, which resulting in the filing of Joint Rule 26 Report on May 28, 2021 that specifically mentioned Defendants' intent to file a motion for summary judgment motion. (Dkt. 82, p. 3 lines 16-21, p. 5 lines 11-16.

     As an aside, it should also be noted that Defendant's counsel has repeatedly voiced his concern to Plaintiff's counsel that Plaintiff filed its complaint and amended complaint without any supporting evidence throughout the course of this litigation. Voss Decl., ¶ 4.  Indeed, this became a topic of discussion in the wake of Plaintiff's initial disclosures, which failed to provide any evidence in support of Plaintiff's breach of contract claim or any resulting damages as part of its initial disclosures.  Voss Decl., ¶ 4.

## IV.    PLAINTIFF HAS MISCHARACTERIZED THE STATUS OF DISCOVERY TO MASK THE FACT THAT IT FILED ITS COMPLAINT IN BAD FAITH WITH UNSUPPORTED CLAIMS TO ENGAGE IN A FISHING EXPEDITION

### A.    It is Plaintiff, Not Defendant, Who Has Been Hiding the Ball by Failing to Come Forward With Any Evidence In Support Of Its Breach Of Contract Claim

     Again, it is Defendants' position that Plaintiff's concerns, if justified, are best resolved through Rule 56(d). However, if the Court deems it necessary to go down this road, it is important that it be aware of the relevant facts.  Defendants have long suspected that Plaintiff filed the instant complaint without any evidence in order to

engage in a fishing expedition to obtain documents and information for use in third party litigation to which it was not otherwise entitled under the parties' settlement agreement. This lack of evidence is discussed in great detail in Defendants' motion (Dkt. 88, pages 8-11, 13-18) and will not be repeated in full here. However, for the convenience of the Court, Defendants offer a few highlights:

- Plaintiff has failed to identify a single inaccurate on incomplete disclosure upon which it bases its breach of contract claim in response to specific interrogatories on this issue. Voss Decl., Exh. 4, pp. 5-13, Interrogatory Resp., Nos. 1-7; Exh. 6, pp. 5-7, Amended Resp. Nos. 1-7. Instead, Plaintiff merely offered "non-responsive" responses, contending that it has produced non-privileged materials "sufficient to respond" to each interrogatory."

- Plaintiff has failed to identify a single sale of counterfeit Athena goods by Defendants after the execution of the parties' settlement in response to specific interrogatories on this issue. Voss, Decl., Exh. 4, pp. 13-20, Interrogatory Resp. No. 8-12, Exh. 6, pp. 7-9, Amended Interrogatory Resp. No. 8-12.

- Not only has Plaintiff failed to provide any substantive responses to interrogatories on it contract damages claim, but it failed to provide the requisite damages calculation and supporting document in its multiple Rule 26(a) disclosures. Voss Decl., Exh 1 , p. 4, Exh. 2 p. 4, Exh 3, p. 6. Voss Decl., Exh. 4, pp. 20-23, Interrogatory Resp. Nos. 13-15; Exh. 6, pp. 9-10, Amended Interrogatory Resp. Nos. 13-15.

Plaintiff's failure to be able to identify these crucial facts suggests that it lacked a good faith basis for filing and amending its complaint under Rule 11, which provides that the attorney signing a pleading certifies "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the factual contentions have evidentiary support" unless they are "***specifically so identified***" that they "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. Proc., Rule 11(b)(3). Yet, Plaintiff

has not specifically so identified such allegations in its First Amended Complaint. Yet, in opposing Defendants Motion to Dismiss, Defendants represented to the court months ago that "*Defendants also continue selling counterfeit and infringing Athena cosmetics*, so even if the release remained effective, it only releases infringements before the effective date of the agreement. The complaint also properly pled factual allegations that *defendants sell counterfeit goods, which include counterfeits defendants sold after the agreement*." Plaintiff's Opposition to Motion to Dismiss – Dkt. 67, p.5, lns 21-25 (emphasis added).  If the Plaintiff has such evidence as they claimed and asserted in the First Amended Complaint, it should be able to present it in opposition to the Motion for Summary Judgement without further delay.

## B.    <u>Plaintiff has an Improper Purpose for Seeking Discovery</u>

A May 25, 2020 pre-litigation e-mail from Plaintiff's counsel to AMN's prior counsel also strongly suggest that the litigation was filed for the improper purpose of obtaining, through discovery, documents and other information to which Plaintiff was not entitled under the settlement agreement. In that e-mail, which references the "Fully Executed Settlement With Schedules" in that are at the heart of this litigation in its subject line, Ms. Lang states:

> "We discovered from our associate in the Czech Republic that LinkAmerica II. s.r.o. (identified in your client's Schedule 1) is a well-known manufacturer/seller/exporter of cosmetic counterfeit goods of other companies, that has also previously been prosecuted in that country. Given the volume of units sold to your client, which exceed 200k in lost profits, we have decided to initiate formal legal proceedings in that country.

> We would appreciate further evidence from your client to support this foreign prosecution, such as any and all business documents between the two entities (e.g. contracts, invoices, emails, certificates of delivery). For the sake of clarification, this is just for use in the prosecution of LinkAmerica in the courts of the Czech Republic."

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

Notably, Ms. Lang does not indicate that Plaintiff could not contact or identify the purported counterfeiter based upon the schedules provided pursuant to the settlement agreement.  She also does not state that Defendants have breached the agreement. Instead, she makes a demand for *additional information not required by the Settlement Agreement.*  When Defendants failed to provide the information, Plaintiff commenced the instant action a few weeks later (Dkt. 1) and then sought the same information through discovery in this action!

## C.  Plaintiff Has Mischaracterized Defendants' Response to Discovery

Given the above context, it is understandable why Defendants have interposed legitimate objections to discovery.  As noted in the outset of this opposition, there is no principle of law that dictates that Plaintiff should be permitted to conduct discovery to support a frivolous claim or that Defendants should be prevented from crying foul and presenting the issue to the Court by bringing a summary judgment motion and objecting to further discovery.

Plaintiff is, to a large degree, seeking to put the cart before the horse.  Plaintiff has failed to provide any evidence in support of its contract claim and damages in its written interrogatory response and initial disclosures.  To this day Plaintiff still refuses to even identify in discovery the alleged post-settlement agreement sales that took place and the purported omissions or inaccuracies in the disclosure even in the instant application!

Given these glaring deficiencies, Defendants should be entitled to proceed with their summary judgment motion and cut-off further discovery given what appears to be the baseless nature of Plaintiff's claim.

If Defendants would be entitled to summary judgment with respect to these claims, Defendants point out that this would dispose of Plaintiff's claims, thereby obviating the need for the Court to determine whether Athena is entitled to discovery over objections such as the trade secrets privilege asserted by AMN.

Defendants also take note of the well-known ruling in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) "Rule 8 marks a notable and generous departure from the

- 8 -
DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

hypertechnical, code-pleading regime of a prior era, [] it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

### D.    Invalid Discovery Is No Excuse

In addition, Plaintiff's assertion that Defendant AMN improperly failed to appear for a 30(b)(6) deposition purportedly noticed for June 4 is simply incorrect. Plaintiff originally "served" the 30(b)(6) deposition notice in the fall of 2020 with its other discovery prior to the Defendants' current counsel substituting into this action. As Plaintiff admits in its application, Magistrate Judge Kewalramani subsequently ruled that service of the discovery was invalid. Defendants were never served with a new deposition notice notwithstanding Plaintiff's protestations to the contrary. Voss Declaration, ¶ 17. Plaintiff tries to excuse this shortcoming with an e-mail sent by a paralegal regarding a 30(b)(6) deposition but Defendants thought this was in connection with deposition previously noticed for Walmart, not AMN, as Defense counsel explained in a subsequent e-mail to which Plaintiff's counsel never replied prior to the commencement of the deposition. Voss Decl., ¶ 17, Exh. 10. The fact of the matter is that Defendant's counsel did appear via videoconference at the deposition, expecting it to go forward with Walmart. Voss Decl., ¶ 17.

Plaintiff's version of events is also undermined by two facts. First, as required by Rule 30(b)(6) before any such deposition even could go forward, Plaintiff never met and conferred regarding the deposition topics. Of course, one would have expected such meet and confer to have taken place if it had indeed served a 30(b)(6) deposition notice on AMN. Second, Plaintiff knew that the person to be produced in response to such a deposition notice, defendant Moishe Newman, resided in and was present in Melbourne metropolitan area of Australia as a result of Mr. Newman's prior motion to set aside the default judgement taken against him (Dkt. 47) and the unopposed application to continue the trial date that was specifically based, in part, on Mr. Newman's presence in Australia. (Dkt. 83). Yet, Plaintiff claims to have noticed the deposition for 9:00 a.m. California time on June 4, which would have been 2:00 a.m. on Saturday morning at Mr.

- 9 -
DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

Newman's local time. It is defies logic that Plaintiff believed it had legitimately noticed and had an expectation that a deposition was going to take place under those circumstances.

Plaintiff has also mischaracterized Defendants' discovery responses, stating that they have answered no interrogatories and have refused to produce documents. Such is not the case, as evidenced by exhibits attached Plaintiff's own application. *See e.g.,* Dkts. 91-7, Responses 1-6; Dkts. 91-6, Responses 15, 19, 20, 21, 24, 25, 32, 46-48, 50. In addition, nearly half of the of the document requests were with respect to affirmative defenses that Defendants *did not even assert in their answer* to Plaintiff's first amended complaint. *See e.g.,* Dkts. 91-6, Responses 33-45, 54, 55, 56. It should be also noted that Defendant's summary judgment motion does not assert affirmative defenses as a basis for its motion; rather, it is Plaintiff's lack of evidence to support its own claims.

### E.   <u>Plaintiff Has Failed to Justify it Failure to Proceed With Third Party Discovery</u>

Setting aside the discovery dispute between the parties, Plaintiff has offered no justification for its failure to conduct third party discovery in the year following the commencement of this action. For example, Plaintiff specifically mentions that it needs time to obtain information in response to subpoenas served on Paypal and E-Bay, and corresponding depositions noticed for July 27 and July 29. What Plaintiff fails to mention is that Plaintiff did not even serve Defendants with deposition notices or copies of the subpoenas until *after* Defendants filed their summary judgment motion on July 2. Plaintiff has offered no explanation for delaying such discovery a year after the commencement of this action or for failing to conduct other third party discovery and that it did in fact already conduct third party discovery of Walmart to no effect.

Nor has Plaintiff explained why it is unable to obtain any proof of infringing sales *after the Settlement Agreement* when by comparison, in the original complaint, Defendant provided third party information to demonstrate its contention that infringing purchases were made *prior to the Settlement Agreement.* That information was not

obtained through any discovery at all which begs the question of why Plaintiff is unable to provide any similar information for *post Settlement Agreement* sales.

## V.    <u>CONCLUSION</u>

 In bringing the instant Ex Parte Application Plaintiff is effectively admitting that it currently – one year into the litigation – does not have even the minimal evidence needed to overcome a Motion for Summary Judgment, notwithstanding their duties per Rule 11 and representations to the court that they had such information in hand.  Plaintiff would have this court permit the possibility of a fishing expedition with third party subpoenas hoping they will yield evidence they don't presently have and asking for extra time to do so with no excuse given for failure to do so sooner and indeed before filing the First Amended Complaint with unsupported claims.

 For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's ex parte application

DATED:  July 9, 2021    DAVID C. VOSS, JR.
             VOSS, SILVERMAN & BRAYBROOKE, LLP

             By: _____
             David C. Voss, Jr.
             Attorneys for Defendants AMN
             DISTRIBUTION, INC. and MOISHE
             NEWMAN

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION