1  DAVID C. VOSS, JR. (State Bar No. 147330)
   david@vsbllp.com
2  VOSS, SILVERMAN & BRAYBROOKE LLP
3  4640 Admiralty Way, Suite 800
   Marina Del Rey, California 90292-6602
4  T: (310) 306-0515/ F: (310) 306-5368
5
6  Attorneys for Defendants Moishe Newman and
   AMN Distribution, Inc.
7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10 **WESTERN DIVISION**

| | |
|---|---|
| ATHENA COSMETICS, INC., | Case No. 2:20-cv-05526-SVW-SHK |
| Plaintiff | **DECLARATION OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION STRIKING OR CONTINUING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, | |
| Defendants | Place: Courtroom 10A<br>First Street Courthouse<br>350 W. 1st Street, 10th Floor,<br>Los Angeles, California 90012 |

# DECLARATION OF DAVID C. VOSS, JR.

I, David C. Voss, Jr., declare:

1.  I am an attorney, duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California. I am the managing partner of the law firm of Voss, Silverman & Braybrooke LLP, counsel for defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" and collectively, "Defendants.") As lead trial counsel for Defendants in this matter, I am familiar with the pleadings and files in this matter, including the initial disclosures and discovery exchanged by the parties. Unless otherwise stated, I have personal knowledge of the facts set forth herein which I know to be true and correct and, if called as a witness, I could and would competently testify with respect thereto.

2.  I submit this declaration in opposition to the ex parte application of plaintiff Athena Cosmetic's Inc. ("Athena" or "Plaintiff") to strike defendants' motion for summary judgment or, alternatively, to continue the motion for six weeks after a ruling on discovery matters.

3.  Contrary to the assertion of Plaintiff's counsel, I have met and conferred with them regarding the motion for summary judgment filed by Defendants on July 2, 2021 (Dkt. 88). Specifically, I discussed it during a phone call that I had with Mr. Harris on June 7 and reiterated in subsequent communication with him. In fact, throughout this litigation I have had repeated conversations with Plaintiff's counsel even including during conference with Magistrate Judge Kewalramani in which I told them Defendants intended to bring a motion for summary judgment based upon lack of evidence. The subject of Defendants' motion for summary judgment was also discussed in the context of the parties' stipulation for a continuance (Dkt. 80), Defendants' subsequent unopposed application for a continuance (Dkt. 83, 83-2), and a new Rule 26(f) conference held May 19, 202, which resulting in the filing of a of Joint Rule 26 Report on May 28, 2021 that specifically mentioned Defendants' intent to file a motion for summary judgment motion. (Dkt. 82, p. 3 lines 16-21, p. 5 lines 11-16.) In the section entitled "Motion Schedule" it

states that "Defendants intend to file a motion for summary judgment and/or partial summary judgment and may also seek to bifurcate the issue of punitive damages." Indeed, on May 26, 2021 I received redlined changes from Mr. Harris to this very section which included a revision to add language that Plaintiff "may also move for summary judgment". (See Exhibit 2)

4. I have repeatedly voiced my concern in communications with Plaintiff's counsel that Plaintiff filed its complaint and amended complaint without any supporting evidence. Indeed, this became a topic of discussion with respect to the inadequacy of Plaintiff's initial disclosures.

5. Attached hereto as Exhibit 1 is a true and correct copy of the initial Rule 26 disclosure of plaintiff Athena Cosmetic's Inc. ("Athena" or "Plaintiff") dated October 1, 2020.

6. Attached hereto as Exhibit 2 is a true and correct copy of a Rule 26 disclosure of plaintiff Athena Cosmetic's Inc. ("Athena" or "Plaintiff") dated October 1, 2020, but which was served upon Defendants on April 15, 2021, after Plaintiff filed its first amended complaint ("FAC") on March 22, 2021 (Dkt. 73) and after Defendants had filed their answer to the same on April 5, 2021 (Dkt. 75).

7. Attached hereto as Exhibit 3 is a true and correct of copy of a "Supplemented Initial Disclosures from Plaintiff Athena Cosmetics, Inc." dated May 11, 2021. Exhibits 1 through 3 shall be collectively referred to herein as the "Initial Disclosures."

8. Plaintiff did not produce any documents with any of the Initial Disclosures.

9. Not only did the Initial Disclosures fail to include the required computation of damages claimed by the Plaintiff, but Plaintiff also failed to provide documents or other evidentiary material on which its breach of damages calculation is based as part of its Initial Disclosures on damages.

10. On May 7, 2021, my office served, *inter alia*, the following discovery on Athena's counsel via messenger: (a) Defendant AMN Distribution Inc.'s Interrogatories

1  to Plaintiff Athena Cosmetic's, Inc. [Set One]; and (b) Defendant AMN Distribution
2  Inc.'s Requests for Admission to Plaintiff Athena Cosmetic's Inc. [Set One].

3      11.    Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff Athena
4  Cosmetics, Inc.'s Responses to Defendant AMN Distribution, Inc.'s First Set of
5  Interrogatories dated June 7, 2021. The responses were unverified and served via e-mail
6  on June 7, 2021.

7      12.    Attached hereto as Exhibit 5 is a true and correct copy of Plaintiff Athena
8  Cosmetics, Inc.'s Responses to Defendant AMN Distribution, Inc.'s First Requests for
9  Admission. The responses were unverified and served by e-mail on June 7, 2021.

10      13.    Attached hereto as Exhibit 6 is a true and correct copy of Plaintiff Athena
11  Cosmetics, Inc.'s Amended Responses to Defendant AMN Distribution, Inc.'s First Set
12  of Interrogatories. The responses were served by e-mail on June 30, 2021, and had a
13  verification attached to them.

14      14.    In its application, Plaintiff refers to what it admits is a yet unfiled motion to
15  compel with respect to Defendants' discovery responses. On July 7, 2021, Plaintiff's
16  counsel failed to participate in the pre-motion informal telephonic conferenced schedule
17  before Magistrate Kewalramani which Plaintiff itself had requested! Attached hereto as
18  Exhibit 7 (Dkt. 90) is a true and correct copy of a minute order reflecting the lack of an
19  appearance by Plaintiff's counsel.

20      15.    Plaintiff's application references third party document subpoenas and
21  deposition notices for Paypal and E-Bay. As reflected in the July 2, 2021 e-mail from a
22  paralegal working for Plaintiff's counsel, a true and correct copy of which is attached as
23  Exhibit 8, Plaintiff did not even serve those documents on Defendant until 5:47, *after*
24  Defendants had filed and served their motion for summary judgment.

25      16.    Attached hereto as Exhibit 9 is a true and correct copy of an e-mail from
26  Plaintiff's counsel, Ms. Lang, dated May 25, 2020.

27      17.    Plaintiff asserts in its application that defendant AMN did not appear at Rule
28  30(b)(6) deposition noticed for June 4 is simply incorrect. Plaintiff originally "served"

the 30(b)(6) deposition notice in the fall of 2020 with its other discovery prior to the Defendants' current counsel substituting into this action.  As Plaintiff admits in its application, Magistrate Judge Kewalramani subsequently ruled that service of the discovery was invalid.  Defendants were never served with a new deposition notice notwithstanding Plaintiff's protestations to the contrary.  Plaintiff tries to excuse this shortcoming with an e-mail sent by a paralegal regarding a 30(b)(6) deposition but I thought this was in connection with deposition previously noticed for Walmart, not AMN, as I explained in a subsequent e-mail dated June 3, 2021 to which Plaintiff's counsel never replied prior to the commencement of the deposition.  A true and correct copy of my e-mail is attached hereto as Exhibit 10.  I also appeared via videoconference for the deposition, expecting it to go forward with Walmart.  In addition, Plaintiff's counsel never met and conferred with me regarding the deposition topics that were in the purportedly served notice as required by Rule 30(b)(6) prior to the commencement of deposition nor did they have any communication with me about scheduling to accommodate the substantial time differential between Los Angeles and Australia.

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

     Executed on July 9, 2021, in Marina Del Rey, California.

                                    DAVID C. VOSS, JR.