DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman and
AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **DECLARATION OF DAVID C. VOSS, JR. IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> <u>HEARING</u> <br><br> Date: September 27, 2021 <br> Time: 1:30 p.m. <br> Place: Courtroom 10A <br>        First Street Courthouse <br>        350 W. 1st Street, 10th Floor, <br>        Los Angeles, California 90012 |

## DECLARATION OF DAVID C. VOSS, JR.

I, David C. Voss, Jr., declare:

1. I am an attorney, duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California. I am the managing partner of the law firm of Voss, Silverman & Braybrooke LLP, counsel for defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" and collectively, "Defendants.") Unless otherwise stated, I have personal knowledge of the facts set forth herein which I know to be true and correct and, if called as a witness, I could and would competently testify with respect thereto.

2. I submit this declaration in support of the concurrently filed motion of defendants AMN Distribution Inc. and Moishe Newman for summary judgment.

3. As lead trial counsel for Defendants in this matter, I am familiar with the pleadings and files in this matter, including the initial disclosures and discovery exchanged by the parties.

4. Attached hereto as Exhibit 1 is a true and correct copy of the initial Rule 26 disclosure of plaintiff Athena Cosmetic's Inc. ("Athena" or "Plaintiff") dated October 1, 2020.

5. Attached hereto as Exhibit 2 is a true and correct copy of a Rule 26 disclosure of plaintiff Athena Cosmetic's Inc. ("Athena" or "Plaintiff") dated October 1, 2020, but which was served upon Defendants on April 15, 2021, after Plaintiff filed its first amended complaint ("FAC") on March 22, 2021 (Dkt. 73) and after Defendants had filed their answer to the same on April 5, 2021 (Dkt. 75).

6. Attached hereto as Exhibit 3 is a true and correct of copy of a "Supplemented Initial Disclosures from Plaintiff Athena Cosmetics, Inc." dated May 11, 2021. Exhibits 1 through 3 shall be collectively referred to herein as the "Initial Disclosures."

7. Plaintiff did not produce any documents with any of the Initial Disclosures.

8. Not only did the Initial Disclosures fail to include the required computation of damages claimed by the Plaintiff, but Plaintiff also failed to provide documents or other evidentiary material on which its breach of damages calculation is based as part of its Initial Disclosures on damages.

9. On May 7, 2021, my office served, *inter alia*, the following discovery on Athena's counsel via messenger: (a) Defendant AMN Distribution Inc.'s Interrogatories to Plaintiff Athena Cosmetic's, Inc. [Set One]; and (b) Defendant AMN Distribution Inc.'s Requests for Admission to Plaintiff Athena Cosmetic's Inc. [Set One]. True and correct copies of the foregoing are attached hereto, respectively, as Exhibits 4 and 5 with the attachment omitted with respect to Exhibit 5.

10. Attached hereto as Exhibit 6 is a true and correct copy of Plaintiff Athena Cosmetics, Inc.'s Responses to Defendant AMN Distribution, Inc.'s First Set of Interrogatories dated June 7, 2021. The responses were unverified and served via e-mail on June 7, 2021.

11. Attached hereto as Exhibit 7 is a true and correct copy of Plaintiff Athena Cosmetics, Inc.'s Responses to Defendant AMN Distribution, Inc.'s First Requests for Admission. The responses were unverified and served by e-mail on June 7, 2021.

12. Attached hereto as Exhibit 8 is a true and correct copy of Plaintiff Athena Cosmetics, Inc.'s Amended Responses to Defendant AMN Distribution, Inc.'s First Set of Interrogatories. The responses were served by e-mail on June 30, 2021, and had a verification attached to them.

13. Defendants originally filed the instant motion of July 2, 2021. (Dkt. 24). In response to an *ex parte* application (Dkt. 91) filed by Plaintiff, the Court issued an order on July 13, 2021: (1) ordering Plaintiff to "file a motion to compel, which will be resolved by the magistrate judge"; (2) striking Defendants' motion "without prejudice to refiling after the discovery dispute and motion to compel are resolved by the magistrate judge." (Dkt. 93).

14. After the issuance of the foregoing order, the parties subsequently had a telephonic discovery conference with Magistrate Judge Kewalramani on July 28, 2021 to discuss, among other things, Plaintiff's claimed discovery issues. Plaintiff has not filed a motion to compel as a result of that conference.

15. There were only two discovery matters for substantive discussion: AMN's responses to Plaintiff's First Set of Interrogatories and First Request for Production of Document. With respect to the former, the Magistrate Judge indicated that AMN gave proper responses with the minor stipulation to add a single sentence clarifying that AMN was Newman's only employer, which AMN did in supplemental responses served on Plaintiff. With respect to the latter, there were a substantial number of completely irrelevant document requests relating to the affirmative defenses to the original complaint that were superseded by affirmative defenses asserted in Defendants' answer to the amended complaint. There were also a number of objections that the Magistrate Judge indicated were proper despite Plaintiff's complaints thereto.

16. Defendants further met and conferred with Plaintiff's counsel and subsequently produced over 4000 pages of responsive documents.

17. In addition, since the first filing of this motion for summary judgment, Plaintiff has also obtained approximately 9000 pages of documents from third parties (recently made available to my firm by Plaintiff's counsel) in its unsuccessful quest to establish that Defendants breached the Settlement Agreement by continuing to sell infringing products after executing the Settlement Agreement.

18. During the latest conference held with Magistrate Judge Kewalramani on July 28, 2021, I raised the issue of bifurcating discovery in order to streamline the litigation process and eliminate the expenditure of time and resources on matters which could very well be mooted by a resolution of Plaintiff's contract claim. Magistrate Judge Kewalramani informed me that any such motion should be filed directly with this department. The bifurcation motion is being filed concurrently with this motion.

DECLARATION OF DAVID C. VOSS, JR. IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 30, 2021, in Marina Del Rey, California.

_____
DAVID C. VOSS, JR.

DECLARATION OF DAVID C. VOSS, JR. IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT