EXHIBIT 4

1  DAVID C. VOSS, JR. (State Bar No. 147330)
   david@vsbllp.com
2  VOSS, SILVERMAN & BRAYBROOKE LLP
3  4640 Admiralty Way, Suite 800
   Marina Del Rey, California 90292-6602
4  T: (310) 306-0515/ F: (310) 306-5368
5
   Attorneys for Defendants Moishe Newman
6  and AMN Distribution, Inc.
7

8              UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA
10                   WESTERN DIVISION
11

12  ATHENA COSMETICS, INC.,            ) Case No. 2:20-cv-05526-SVW-SHK
                                       )
13            Plaintiff               ) **DEFENDANT AMN DISTRIBUTION
                                       ) INC.'S INTERROGATORIES TO
14                                     ) PLAINTIFF ATHENA COSMETIC'S,
15       v.                            ) INC.  [SET ONE]**
                                       )
16  AMN DISTRIBUTION, INC., MOISHE     )
17  NEWMAN, an individual d/b/a BRUSH  )
    EXPRESS, and DOES 1-10, INCLUSIVE, )
18                                     )
            Defendants                 )
19                                     )
20                                     )
                                       )
21                                     )
                                       )
22                                     )
                                       )
23

24  **PROPOUNDING PARTY:**   DEFENDANT AMN DISTRIBUTION, INC.
25  **RESPONDING PARTY:**    PLAINTIFF ATHENA COSMETICS, INC.
26  **SET NO:**              ONE
27

28

            DEFENDANT INTERROGATORIES TO PLAINTIFF [SET ONE]

EXHIBIT 4                          PAGE 001

Pursuant to Federal Rule of Civil Procedure 33, defendant AMN Distribution, Inc. hereby requests that plaintiff Athena Cosmetics, Inc. respond in writing to the interrogatories (the "Interrogatories") set forth herein within 30 days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

1.     The terms "ATHENA" shall mean and refer to plaintiff Athena Cosmetics Inc., its officers, directors, shareholders, agents, employees, investigators, attorneys, accountants, representatives, and any person or entity acting on, or purporting to act on, its behalf.

2.     The term "YOU" or "YOUR" shall mean and refer to plaintiff Athena Cosmetics, Inc.

3.     The term "AMN" shall mean and refer to defendant AMN Distribution, Inc.

4.     The term "NEWMAN" shall mean and refer to defendant Moishe Newman.

5.     The term "DEFENDANTS" shall mean and refer to AMN and NEWMAN.

6.     The term "COMPLAINT" shall mean and refer to the complaint filed in the above-captioned action by ATHENA on or about June 22, 2020.

7.     The term "FAC" shall mean and refer to the First Amended Complaint filed in the above-captioned action by ATHENA on or about March 22, 2021.

8.     The term "SETTLEMENT AGREEMENT" shall mean and refer to the settlement agreement alleged in paragraph 87 of the FAC.

9.     The terms "DOCUMENT" and "DOCUMENTS" shall mean and refer to documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form and any tangible thing within the meaning of the Federal Rules of Civil Procedure, Rule 34(a) and (b).  "DOCUMENT" and "DOCUMENTS" shall also include all "writings," "recordings," "photographs," "originals," and "duplicates" as those terms are defined in Federal Rules of Evidence 1 001.

- 2 -

1      10.    The term "PERSON(S)" shall mean and refer to natural persons, firms,
2  partnerships, associations, corporations, and other legal entities.  It shall also include
3  nations, federal, state, county, municipal and local governments, as well as agencies,
4  departments, divisions, or other units thereof.
5      11.    The term "PERTAINING" shall mean and include concerning, pertaining,
6  reflecting, comprising, relating to, referencing to, describing, evidencing, or constituting.
7      12.    The term "IDENTIFY" when used with respect to a person or other legal
8  entity means the name, address, business affiliation and position, and such other known
9  information as may be necessary to permit such person or entity to be subpoenaed or his,
10  her or its deposition noticed; and when used with respect to a document or other writing
11  or tangible thing means state the author or creator, addressee, date, subject, and such
12  other known information as may be necessary to permit the document or writing to be
13  subpoenaed or its production to be requested.

15  **INTERROGATORIES**
16  **INTERROGATORY NO. 1.:**
17      State all facts upon which you base YOUR contention in paragraph 91 of the FAC
18  that "AMN breached the settlement agreement."
19  **INTERROGATORY NO. 2.:**
20      IDENTIFY each PERSON who has knowledge of the facts upon which you base
21  YOUR contention in paragraph 91 of the FAC that "AMN breached the settlement
22  agreement."
23  **INTERROGATORY NO. 3.:**
24      IDENTIFY all DOCUMENTS that support YOUR contention in paragraph 91 of
25  the FAC that "AMN breached the settlement agreement."

DEFENDANT AMN'S INTERROGATORIES TO PLAINTIFF [SET ONE]
EXHIBIT 4    PAGE 003

**INTERROGATORY NO. 4.:**

Identify all contact information that YOU contend was "inaccurate" as alleged in paragraph 91 of the FAC by name of customer, supplier, seller, buyer, date, product, quantity and dollar amount bought or sold.

**INTERROGATORY NO. 5.:**

Identify all contact information that YOU contend was "incomplete" as alleged in paragraph 91 of the FAC by name of customer, supplier, seller, buyer, date, product, quantity and dollar amount bought or sold.

**INTERROGATORY NO. 6.:**

IDENTIFY each PERSON YOU contend was omitted from schedule 1 to the SETTLEMENT AGREEMENT.

**INTERROGATORY NO. 7.:**

IDENTIFY each PERSON YOU contend was omitted from schedule 2 to the SETTLEMENT AGREEMENT.

**INTERROGATORY NO. 8.:**

IDENTIFY each PERSON who has knowledge of the facts upon which you base YOUR contention in paragraph 92 of the FAC that "Defendants breached the settlement Agreement."

**INTERROGATORY NO. 9.:**

IDENTIFY all DOCUMENTS that support YOUR contention in paragraph 92 of the FAC that "Defendants breached the settlement agreement."

**INTERROGATORY NO. 10.:**

Identify by name of seller, buyer, date, product, quantity and dollar amount each sale of counterfeit goods by DEFENDANTS alleged in paragraph 92 of the FAC.

**INTERROGATORY NO. 11.:**

IDENTIFY all DOCUMENTS PERTAINING to the sale of the goods referenced in paragraph 92 of the FAC.

**INTERROGATORY NO. 12.:**

IDENTIFY all DOCUMENTS that support YOUR contention in paragraph 92 of the FAC that the goods referenced were counterfeit.

**INTERROGATORY NO. 13.:**

Describe in detail all damages that YOU contend you suffered as a result of any breach of the SETTLEMENT AGREEMENT by the DEFENDANTS alleged in the FAC.

**INTERROGATORY NO. 14.:**

IDENTIFY all DOCUMENTS that support YOUR claim for any damages that YOU contend you suffered as a result any breach of the SETTLEMENT AGREEMENT by the DEFENDANTS alleged in the FAC.

**INTERROGATORY NO. 15.:**

Describe in detail all actions taken by YOU to mitigate the damages YOU contend YOU suffered as a result of any breach of the SETTLEMENT AGREEMENT by the DEFENDANTS alleged in the FAC.

**INTERROGATORY NO. 16.:**

If YOUR response to request number 1 of the Requests for Admissions [Set One] propounded concurrently herewith on YOU by AMN is not an unqualified admission, state all facts upon which YOU base your response.

**INTERROGATORY NO. 17.:**

If YOUR response to request number 2 of the Requests for Admissions [Set One] propounded concurrently herewith on YOU by AMN is not an unqualified admission, state all facts upon which YOU base your response.

**INTERROGATORY NO. 18.:**

If YOUR response to request number 3 of the Requests for Admissions [Set One] propounded concurrently herewith on YOU by AMN is not an unqualified admission, state all facts upon which YOU base your response.

DEFENDANT AMN'S INTERROGATORIES TO PLAINTIFF [SET ONE]
EXHIBIT 4                                                                    PAGE 005

**INTERROGATORY NO. 19.:**

If YOUR response to request number 4 of the Requests for Admissions [Set One] propounded concurrently herewith on YOU by AMN is not an unqualified admission, state all facts upon which YOU base your response.

**INTERROGATORY NO. 20.:**

If YOUR response to request number 5 of the Requests for Admissions [Set One] propounded concurrently herewith on YOU by AMN is not an unqualified admission, state all facts upon which YOU base your response.

**INTERROGATORY NO. 21.:**

If YOUR response to request number 6 of the Requests for Admissions [Set One] propounded concurrently herewith on YOU by AMN is not an unqualified admission, state all facts upon which YOU base your response.

**INTERROGATORY NO. 22.:**

If YOUR response to request number 7 of the Requests for Admissions [Set One] propounded concurrently herewith on YOU by AMN is not an unqualified admission, state all facts upon which YOU base your response.

**INTERROGATORY NO. 23.:**

If YOUR response to request number 8 of the Requests for Admissions [Set One] propounded concurrently herewith on YOU by AMN is not an unqualified admission, state all facts upon which YOU base your response.

**INTERROGATORY NO. 24.:**

If YOUR response to request number 9 of the Requests for Admissions [Set One] propounded concurrently herewith on YOU by AMN is not an unqualified admission, state all facts upon which YOU base your response.

/ / /

/ / /

/ / /

1   **INTERROGATORY NO. 25.:**

2       If YOUR response to request number 9 of the Requests for Admissions [Set One]

3   propounded concurrently herewith on YOU by AMN is not an unqualified admission,

4   state all facts upon which YOU base your response.

5

6   DATED:  May 7, 2021       DAVID C. VOSS, JR.

7                            VOSS, SILVERMAN & BRAYBROOKE, LLP

8

9                     By: _____

10                         David C. Voss, Jr.

                          Attorneys for Defendant AMN

11                         DISTRIBUTION, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT AMN'S INTERROGATORIES TO PLAINTIFF [SET ONE]

EXHIBIT 4          PAGE 007