EXHIBIT 8

```
Marina Lang, No. 251,087
mlang@socalip.com
Michael D. Harris, No. 59,470
mharris@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355
```

Attorneys for Plaintiff Athena Cosmetics, Inc.

# United States District Court

## Central District of California – Western Division

| | |
|---|---|
| Athena Cosmetics, Inc.,<br>   Plaintiff,<br>v.<br>AMN Distribution Inc., et al,<br>   Defendants. | No. 2:20-cv-04556-AB-JC<br><br>Plaintiff Athena Cosmetics, Inc.'s Amended Responses to Defendant AMN Distribution, Inc.'s First Set of Interrogatories |

Plaintiff Athena Cosmetics, Inc. ("Athena" or "Responding Party") amended responses to Defendant AMN Distribution, Inc.'s first set of interrogatories under FED. R. CIV. P. 32.

## Preliminary Statement

1.  This preliminary statement is incorporated in every Response as if set forth fully herein. Responding Party has not fully completed the investigation of the facts relating to this case, has not fully completed discovery in this action and has not completed preparation for the trial.  All of the responses contained herein are based only upon such information and documents that are presently available to and specifically known to this Responding Party and disclose only those contentions that

Athena's Amended Responses to AMN's First Set of Interrogatories — 1 — Athena Cosmetics, Inc v. AMN Distribution No. 2:20-cv-05526-SVW-SHK

EXHIBIT 8 PAGE 001

presently occur to such Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions herein set forth. The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which this Responding Party may later recall. Responding Party accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analysis are made, legal research is completed and contentions are made. The responses contained herein are made in good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way prejudice Responding Party in relation to further discovery, research or analysis.

2. Responding Party's responses to Propounding Party's requests are made to the best of its present knowledge, information and belief. Said responses are at all times subject to additional or different information that discovery or further investigation may disclose and, while based on this present state of Responding Party's recollection, are subject to refreshing of recollection with such additional knowledge or facts that may result from further discovery and investigation. Responding Party reserves the right to make any use of, or to introduce at any hearing and at trial, information responsive to Propounding Party's requests that is discovered subsequent to the date of these responses, including, but not limited to, any information obtained in discovery herein.

3. Responding Party reserves all objections or other questions as to the confidentiality, relevance, materiality, privilege or admissibility as evidence, in any subsequent proceeding or trial of this or any other action for any purpose whatsoever, of these responses and any documents or things identified in these responses.

4. Responding Party reserves the right to object on any ground at any time to such other or supplemental responses as Propounding Party may at any time propound involving or relating to the subject matter of these responses.

5. The information set forth in these responses was obtained from persons currently in the employ of Responding Party or, in the alternative, was gathered by counsel for Responding Party on its behalf.

## GENERAL OBJECTIONS

1. Responding Party objects to each request, and to the definitions and instructions they incorporate, to the extent that it seeks to impose obligations on Responding Party broader than, or inconsistent with those allowed by the Federal Rules of Civil Procedure, the local rules of the Court, Court order, regulation or case law, including any request that that seeks documents not proportional to the needs of this case, or are otherwise unduly burdensome and oppressive. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial. Plaintiff only produces responsive information and documents to the extent that they exist or are available at this time.

2. Responding Party objects to each request, and to the definitions and instructions that they incorporate, to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Responding Party will not provide this information, and any inadvertent disclosure of such information is not a waiver of any applicable privilege or protection.

3. Responding Party objects to each request, and to the definitions and instructions that they incorporate, to the extent it seeks confidential or competitively sensitive financial or business information or information protected by the right to privacy of Responding Party or any third parties. Responding Party will only produce any confidential or competitively sensitive financial or business information or information protected by the right to privacy subject to an order.

4. Responding Party objects to each request to the extent that it seeks information that is overbroad, unduly burdensome, not relevant to any party's claim or defense or proportional to the needs of the case.

5. Responding Party objects to each request to the extent that it seeks information not within Responding Party's possession, custody, or control.

6. Athena objects to this request to the extent it seeks disclosure of information solely in the possession of Defendants, which has been withheld from Athena, not produced, or not shared with Athena, or destroyed by Defendants subjecting Defendants to spoliation of evidence penalties.

7. Responding Party's factual investigation into this matter is still ongoing. Responding Party reserves the right to modify or supplement these responses as circumstances warrant over the course of its investigation.

8. Where Athena agrees to produce documents in response to a request, it will produce those documents subject to Athena's objections. Documents will be produced on a rolling basis as they become available, commencing no later than 60 days from the date of these responses.

9. Each of Responding Party's responses to these requests are made subject to and without waiving, limiting, or intending to waive:

    a. each of the above-stated general objections and reservations;

    b. the right to object on the grounds of competency, privilege, relevancy, or materiality, or any other proper grounds, to the use of the information, for any purpose, in whole or in part, in any subsequent step or proceeding in this proceeding or any other action;

    c. the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of the present proceeding; and the right at any time to revise, correct, and add to or clarify any of the responses herein.

Athena's Amended Responses to AMN's First Set of Interrogatories    4    Athena Cosmetics, Inc v. AMN Distribution No. 2:20-cv-05526-SVW-SHK

EXHIBIT 8 PAGE 004

**Interrogatory No. 1:** State all facts upon which you base YOUR contention in paragraph 91 of the FAC that "AMN breached the settlement agreement."

**Amended Response:**

Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena produced non-privileged materials ascertained as of the date signed below sufficient to respond to this interrogatory consisting of information obtained from third-parties evidencing that AMN failed to truthfully disclose (1) "the full and complete contact information and the amount of product purchased from each seller" (2) "the full and complete contact information for each customer and the aggregate amount of product sold" and that AMN failed to cease trading in goods bearing the Athena Cosmetics Marks. Discovery is ongoing. Further discovery, including discovery requested and not yet received from the propounding party, and analysis may supply additional information.

**Interrogatory No. 2:** IDENTIFY each PERSON who has knowledge of the facts upon which you base YOUR contention in paragraph 91 of the FAC that "AMN breached the settlement agreement."

**Amended Response:**

Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena produced non-privileged materials ascertained as of the date signed below sufficient to respond to this interrogatory. Discovery is ongoing. Further discovery, including discovery requested and not yet received from the propounding party, and analysis may supply additional information.

**Interrogatory No. 3:** IDENTIFY all DOCUMENTS that support YOUR contention in paragraph 91 of the FAC that "AMN breached the settlement agreement.

**Amended Response:**

Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena produced non-privileged materials ascertained as of the date signed below sufficient to respond to this interrogatory. Discovery is ongoing. Further discovery, including discovery requested and not yet received from the propounding party, and analysis may supply additional information.

**Interrogatory No. 4:** Identify all contact information that YOU contend was "inaccurate" as alleged in paragraph 91 of the FAC by name of customer, supplier, seller, buyer, date, product, quantity and dollar amount bought or sold.

**Amended Response:**

Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena produced non-privileged materials ascertained as of the date signed below sufficient to respond to this interrogatory. Discovery is ongoing. Further discovery, including discovery requested and not yet received from the propounding party, and analysis may supply additional information.

**Interrogatory No. 5:** Identify all contact information that YOU contend was "incomplete" as alleged in paragraph 91 of the FAC by name of customer, supplier, seller, buyer, date, product, quantity and dollar amount bought or sold.

**Amended Response:**

Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena produced non-privileged materials ascertained as of the date signed below sufficient to respond to this interrogatory. Discovery is ongoing. Further discovery, including discovery requested and not yet received from the propounding party, and analysis may supply additional information.

**Interrogatory No. 6:** IDENTIFY each PERSON YOU contend was omitted from schedule 1 to the SETTLEMENT AGREEMENT.

**Amended Response:**

Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena produced non-privileged materials ascertained as of the date signed below sufficient to respond to this interrogatory. Discovery is ongoing. Further discovery, including discovery requested and not yet received from the propounding party, and analysis may supply additional information.

**Interrogatory No. 7:** IDENTIFY each PERSON YOU contend was omitted from schedule 2 to the SETTLEMENT AGREEMENT.

**Amended Response:**

Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena produced non-privileged materials ascertained as of the date signed below sufficient to respond to this interrogatory. Discovery is ongoing. Further discovery, including discovery requested and not yet received from the propounding party, and analysis may supply additional information.

**Interrogatory No. 8:** IDENTIFY each PERSON who has knowledge of the facts upon which you base YOUR contention in paragraph 92 of the FAC that "Defendants breached the settlement Agreement."

**Amended Response:**

Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena produced non-privileged materials ascertained as of the date signed below sufficient to respond to this interrogatory. Discovery is ongoing. Further discovery, including discovery requested and not yet received from the propounding party, and analysis may supply additional information.

Athena's Amended Responses to AMN's First Set of Interrogatories — 7 — Athena Cosmetics, Inc v. AMN Distribution No. 2:20-cv-05526-SVW-SHK

EXHIBIT 8 PAGE 007

**Interrogatory No. 9:** IDENTIFY all DOCUMENTS that support YOUR contention in paragraph 92 of the FAC that "Defendants breached the settlement agreement."

**Amended Response:**

Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena produced non-privileged materials ascertained as of the date signed below sufficient to respond to this interrogatory. Discovery is ongoing. Further discovery, including discovery requested and not yet received from the propounding party, and analysis may supply additional information.

**Interrogatory No. 10:** Identify by name of seller, buyer, date, product, quantity and dollar amount each sale of counterfeit goods by DEFENDANTS alleged in paragraph 92 of the FAC.

**Amended Response:**

Plaintiff objects to this interrogatory because this interrogatory is so broad, uncertain, and unintelligible that plaintiff cannot determine the nature of the information sought. Therefore, the plaintiff cannot provide an answer. Plaintiff further objects to this interrogatory to the extent it seeks information not within its possession, custody, control, or personal knowledge. Plaintiff further objects to this interrogatory to the extent it requests information that will not be known until the propounding party complies with Plaintiff's discovery requests and additional discovery is completed.

**Interrogatory No. 11:** IDENTIFY all DOCUMENTS PERTAINING to the sale of the goods referenced in paragraph 92 of the FAC.

**Amended Response:**

Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena produced non-privileged materials ascertained as of the date signed below sufficient to respond to this interrogatory. Discovery is ongoing. Further discovery, including

discovery requested and not yet received from the propounding party, and analysis may supply additional information.

**Interrogatory No. 12:** IDENTIFY all DOCUMENTS that support YOUR contention in paragraph 92 of the FAC that the goods referenced were counterfeit.

    **Amended Response:**

Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena produced non-privileged materials ascertained as of the date signed below sufficient to respond to this interrogatory. Discovery is ongoing. Further discovery, including discovery requested and not yet received from the propounding party, and analysis may supply additional information.

**Interrogatory No. 13:** Describe in detail all damages that YOU contend you suffered as a result of any breach of the SETTLEMENT AGREEMENT by the DEFENDANTS alleged in the FAC.

    **Amended Response:**

Plaintiff objects to this interrogatory because it calls for the plaintiff to make a legal conclusion. Plaintiff further objects to this interrogatory to the extent it requests information that will not be known until after additional discovery is completed. Plaintiff further objects to the extent this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial.

**Interrogatory No. 14:** IDENTIFY all DOCUMENTS that support YOUR claim for any damages that YOU contend you suffered as a result any breach of the SETTLEMENT AGREEMENT by the DEFENDANTS alleged in the FAC.

    **Amended Response:**

Athena's Amended Responses to AMN's First Set of Interrogatories — 9 — Athena Cosmetics, Inc v. AMN Distribution No. 2:20-cv-05526-SVW-SHK

EXHIBIT 8 PAGE 009

Plaintiff objects to this interrogatory because it calls for the plaintiff to make a legal conclusion. Plaintiff further objects to this interrogatory to the extent it requests information that will not be known until after additional discovery is completed. Plaintiff further objects to the extent this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial.

**Interrogatory No. 15:** Describe in detail all actions taken by YOU to mitigate the damages YOU contend YOU suffered as a result of any breach of the SETTLEMENT AGREEMENT by the DEFENDANTS alleged in the FAC.

**Amended Response:**

Plaintiff objects to this interrogatory because it calls for the plaintiff to make a legal conclusion. Plaintiff further objects to this interrogatory to the extent it requests information that will not be known until after additional discovery is completed. Plaintiff further objects to the extent this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Plaintiff responds that, through counsel, it has contacted or attempted to contact sellers identified by AMN in the settlement agreement.

June 30, 2021

/s/ *Marina Lang*
Marina Lang
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Athena Cosmetics, Inc.

Athena's Amended Responses to AMN's First Set of Interrogatories — 10 — Athena Cosmetics, Inc v. AMN Distribution No. 2:20-cv-05526-SVW-SHK

EXHIBIT 8 PAGE 010

## VERIFICATION

I, Mona Rose, hereby declare under penalty of perjury, that I have read the foregoing responses, and that I believe, on information and belief, including information known by me and information supplied by others, that the responses are true and correct.

Dated: 6/29/2021

/s/ Mona Rose
Mona Rose

**CERTIFICATE OF SERVICE**

 I declare under penalty of perjury of the laws of the United States that on June 30, 2021, I served a second copy of "Plaintiff Athena Cosmetics, Inc.'s Amended Responses to Defendant AMN Distribution, Inc.'s First Set of Interrogatories" to defendant's attorney David Voss by email using his email address from the CM/ECF system.

June 30, 2021          /s/ *Anneliese Lomonaco*
                  Anneliese Lomonaco

Athena's Amended Responses to AMN's First Set of Interrogatories   12   Athena Cosmetics, Inc v. AMN Distribution No. 2:20-cv-05526-SVW-SHK

EXHIBIT 8   PAGE 012