1  DAVID C. VOSS, JR. (State Bar No. 147330)
   david@vsbllp.com
2  VOSS, SILVERMAN & BRAYBROOKE LLP
3  4640 Admiralty Way, Suite 800
   Marina Del Rey, California 90292-6602
4  T: (310) 306-0515/ F: (310) 306-5368
5
6  Attorneys for Defendants Moishe Newman
   and AMN Distribution, Inc.
7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11

12  ATHENA COSMETICS, INC.,                  ) Case No. 2:20-cv-05526-SVW-SHK
                                              )
13                  Plaintiff                 ) NOTICE OF MOTION AND MOTION
                                              ) OF DEFENDANTS AMN
14                                            ) DISTRIBUTION INC. AND MOISHE
15          v.                                ) NEWMAN TO BIFURCATE
                                              ) DISCOVERY; MEMORANDUM OF
16  AMN DISTRIBUTION, INC., MOISHE            ) POINTS AND AUTHORITIES IN
17  NEWMAN, an individual d/b/a BRUSH         ) SUPPORT THEREOF
    EXPRESS, and DOES 1-10, INCLUSIVE,        )
18                                            ) HEARING
19                  Defendants                )
                                              )
20                                            ) Date:  September 27, 2021
21                                            ) Time:  1:30 p.m.
                                              ) Place:  Courtroom 10A
22                                            )         First Street Courthouse
23                                            )         350 W. 1st Street, 10th Floor,
                                              )         Los Angeles, California 90012
24                                            )
25                                            )
26  _____ )

27  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

28

                              - 1 -
            DEFENDANTS' MOTION TO BIFURCATE DISCOVERY

PLEASE TAKE NOTICE that on September 27, 2021 at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 10A of the above-entitled Court located at First Street Courthouse, 350 W. 1st Street, 10th Floor, Los Angeles, California 90012, the Honorable Steven V. Wilson presiding, defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Newman" and collectively "Defendants") will and hereby do move for an order bifurcating discovery in this action. Specifically, Defendants seek to limit discovery to Plaintiff's sixth claim for relief for Defendants' alleged breach of the parties' settlement agreement ("the Sixth Claim"), including any affirmative defenses asserted thereto, and to stay discovery on all other claims, including any affirmative defenses asserted thereto, pending a resolution of the Sixth Claim by summary judgment motion or trial. This Court previously issued an order bifurcating the Sixth Claim from the remaining claims at trial, holding that Plaintiff could proceed with its trademark infringement claims under the Lanham Act and state law claim for unfair competition only "if Plaintiff prevails on the breach of contract claim." (Dkt. 74).

Defendants' bring this motion pursuant to Federal Rule of Civil Procedure 42(b) on the grounds that it furthers the goals of convenience and economy to the parties and the Court by avoiding needlessly expensive and expansive discovery on the Lanham Act and unfair competition claims – including extremely overbroad documents requests for Defendants' confidential financial information and recent subpoenas directed at relatives of defendant Newman – which claims are not intertwined with the contract claim and could easily be rendered moot by Defendants' renewal of its summary judgment motion or trial on the contract claim. Bifurcation of discovery will also avoid the prejudice that Defendants will suffer by having to expend time, money and resources to respond to such intrusive and expansive discovery. The intrusiveness and expansive nature of such discovery was discussed during the most recent telephonic discovery conference held with Magistrate Judge Kewalramani on July 28, 2021, at which time Defendants discussed the issue of bifurcating discovery and were directed to file any such motion directly with this department.

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities, the concurrently filed declaration of David C. Voss, Jr., the complete files and records of this action, and upon such other evidence as may be presented at the time of hearing on this motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 17, 2021.

DATED:  August 30, 2021          DAVID C. VOSS, JR.
                                VOSS, SILVERMAN & BRAYBROOKE, LLP


                                By: _____
                                    David C. Voss, Jr.
                                    Attorneys for Defendants AMN
                                    DISTRIBUTION, INC. and MOISHE
                                    NEWMAN

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The key to this case has and continues to be the sixth claim for relief (the "Sixth Claim") asserted in the first amended complaint filed by plaintiff Athena Cosmetics, Inc. ("Plaintiff" or "Athena") on March 22, 2021 (Dkt. 73).  Plaintiff alleges in its Sixth Claim that defendant AMN Distribution, Inc. ("AMN") breached a settlement agreement (the "Settlement Agreement") that released various potential claims against the Defendants – including the claims asserted in this action –  by "providing inaccurate and incomplete contact information of its customers and suppliers" in schedules appended to the agreement. FAC (Dkt. 73), ¶ 91.  Plaintiff also alleges that defendants AMN and Moishe Newman ("Newman" and collectively "Defendants") breached the Settlement Agreement by "continuing to sell Athena counterfeit goods" after the effective date of the settlement.  FAC (Dkt. 73), ¶ 92.[1]

Recognizing that a resolution of the contract claim in Defendants' favor would bar Plaintiff's remaining four claims for trademark infringement and false designation under the Lanham Act and a fifth pendent common law claim for unfair competition, the Court issued an order on April 1, 2021 bifurcating the jury trial into two phases, with the "first phase to address Plaintiff's breach of contract claim," i.e., the Sixth Claim. (Dkt. 74.) The Court further ruled that: "If Plaintiff prevails on the breach of contract claim, the parties will proceed to phase two, during which Plaintiffs remaining claims will be resolved." (Dkt. 74).

Defendants request that this Court exercise its discretion under Federal Rule of Civil Procedure 42(b) to likewise bifurcate discovery by limiting it to the contract claim (i.e., the Sixth Claim) and affirmative defenses asserted thereto and staying discovery as to all other claims and affirmative defenses asserted thereto pending the resolution of the

---

[1] The latter allegation was not included in the original complaint and Plaintiff only added it after this Court granted and denied in part, a motion to dismiss brought by Newman.  (Dkt. 72).

contract claim via summary judgment[2] or trial.  As discussed in further detail below, such an approach would further the goals of convenience and economy to the parties and the Court by avoiding needlessly expensive and expansive discovery on the Lanham Act and unfair competition claims, which claims are not intertwined with the contract claim and could easily be rendered moot by a resolution contract claim.  Bifurcation of discovery will also avoid the prejudice that Defendants will suffer by having to expend time, money and resources to respond to extensive discovery, including intrusive discovery on confidential financial matters.

This motion is brought in the wake of a series of telephonic discovery conferences held before Magistrate Judge Kewalramani in an effort to resolve numerous discovery disputes that exist between the parties, the most recent of which was held on July 28, 2021.  (Dkts. 77, 78, 79, 90, 96).  Although progress has been made on several discovery requests, several outstanding issues still exist, particularly with respect to Plaintiff's non-contract claims (i.e., Plaintiff's four Lanham Act claims and state common law unfair competition claim) and confidential financial information sought by Plaintiff in connection with the same.   Declaration of David C. Voss, Jr. ("Voss Decl."), ¶ 4. During the latest conference held with Magistrate Judge Kewalramani on July 28,  2021, Defendants' counsel raised the issue of bifurcating discovery in order to streamline the litigation process and eliminate the expenditure of time and resources on matters which could very well be mooted by a resolution of Plaintiff's contract claim.  Voss Decl., ¶ 5. Magistrate Judge Kewalramani instructed defense counsel to file any such motion directly with this department.  Voss Decl., ¶ 5.[3]

---

[2] Defendants filed a summary judgment motion on July 2, 2021. (Dkt. 88).  The Court subsequently struck the motion, upon a request from the Plaintiff, "without prejudice to refiling" after a discovery dispute and court ordered motion to compel "are resolved by the magistrate judge."  (Dkt. 89).

[3] Defendants' desire to bifurcate discovery was also discussed during a new Rule 26(f) conference on May 19, 2021 and included in the parties' Joint Rule 26(f) report filed on May 28, 2021.  Voss Decl., ¶ 6; Dkt. 82, p. 3.  Although Defendants realize that such issues are typically discussed at an initial

This motion is also brought in the context of *Plaintiff's failure to even identify* the alleged omissions or inaccurate disclosures or a single post-settlement sale of counterfeit goods by Defendant*s* in response to written discovery.  Likewise, Plaintiff has failed to come forward with evidence to show that it was harmed by the alleged breach of the Settlement Agreement, that any alleged breach was a substantial factor in causing that harm, or that the alleged breach rose to a level of sufficient materiality to vitiate the releases in the Settlement Agreement *even assuming*, *arguendo,* that Plaintiff has evidence of any such breaches.  Plaintiff's failure to support its claims in its written discovery responses – or produce any damages calculation in its multiple iterations of Rule 26 disclosures – are discussed in great detail in Defendant's previously filed motion for summary judgment and opposition to ex parte application striking the same. (Dkts. 88, 92).

In short, the objectives of economy, convenience, and prevention of prejudice expressed in Rule 42(b) strongly favor the bifurcation of discovery between the contract and non-contract claims, staying discovery on the latter pending the resolution of the contract claim via summary judgment or trial.  Absent an order granting such relief, Defendants will be forced to bear the burden of what appears to be an expensive, burdensome, and intrusive fishing expedition.

## II.    THE COURT HAS THE DISCRETION TO BIFURCATE DISCOVERY UNDER FEDERAL RULE OF FEDERAL CIVIL PROCEDURE 42(b) FOR "CONVENIENCE, TO AVOID PREJUDICE, OR TO EXPEDITE AND ECONOMIZE"

The Federal Rules of Civil Procedure provide that a court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims "[f]or convenience, to avoid prejudice, or to expedite and economize."  Fed. R.

---

scheduling conference, that conference was scheduled, and then taken off calendar, prior to the appearance of Defendants' current counsel.  (Dkt. 23, 25, 28).

Civ. Proc. 42(b).  It is implicit in the rule that a court also has the "power to limit discovery to the segregated issues."  *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir.), *cert. denied*, 400 U.S. 957 (1970).  *See also Bassil v. Webster,* 2:20-cv-05099- SB, 2021 WL 1235258, at *1 (C.D. Cal. Jan. 15, 2021)("Under Rule 42(b), courts have "power to limit discovery to the segregated issues."); *OSHO Int'l Found. v. Chapman Way*, No. CV 19-00753-RSWL-JEM, 2019 WL 12379558, at *1–2 (C.D. Cal. Sept. 11, 2019); *Moreno v. NBCUniversal Media, LLC*, No. CV131038BROVBKX, 2013 WL 12123988, at *2 (C.D. Cal. Sept. 30, 2013) (relying on Rule 42(b) to "bifurcate discovery into liability and damages phases" and "stay discovery on issues solely related to damages").  Indeed, "[o]ne of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues."  *Ellingson Timber*, 424 F.2d at 499; *Bassil*, 2021 WL 1235258 at *1.  *See also Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir.), opinion amended on denial of reh'g, 272 F.3d 1289 (9th Cir. 2001) (trial court did not abuse its discretion in bifurcating trial where the "validity of the contract directly informed the resolution of the other claims.")

"Factors to be considered when ruling on a Rule 42(b) motion include complexity of issues, factual proof, risk of jury confusion, difference between the separated issues, and the chance that separation will lead to economy in discovery." Moreno, 2013 WL 12123988, at *2.  "The Court should also consider whether bifurcation 'will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay.'" *Id.*

### III.  <u>DISCOVERY SHOULD BE BIFURCATED WITH DISCOVERY LIMITED TO PLAINTIFF'S CONTRACT CLAIM PENDING A RESOLUTION OF THE SAME BY SUMMARY JUDGMENT MOTION OR TRIAL</u>

Here of course, this Court has already concluded that the various factors referenced above already justify bifurcation of the contract claim at trial.  The same factors enumerated above also justify bifurcation of discovery.

*First,* as implicitly recognized by this Court when it bifurcated the contract claim from the other claims for trial, the issues relating to whether Defendants breached the settlement agreement by providing *inadequate disclosures* or engaging in *post-settlement* sale of goods are distinct and separable from the pre-settlement Lanham Act trademark infringement claims and state law common law "palming off" claim alleged in the First Amended Complaint. Likewise, the issues regarding *contract* damages resulting from the allegedly inadequate disclosures and alleged post-settlement sale of good are factually and analytically distinct from the damages available under the Lanham Act for trademark infringement or Plaintiff's "palming off" claim. The "palming off" unfair competition claim is also the only claim for which Plaintiff may seek punitive damages. Thus, the detailed and intrusive financial information sought by Plaintiff may never come into play at all.

*Second,* the goals of convenience and economy also served by the bifurcation of discovery. Plaintiff extensive and overbroad discovery requests have already taken up substantial judicial resources and will undoubtedly take more judicial resources to resolve. Plaintiff's discovery has so far required four informal telephonic discovery conferences before Magistrate Judge Kewalramani – held on April 12, April 16, April 19, and July 28, 2021 – and a fifth conference scheduled for July 7 that had to be rescheduled after Plaintiff's counsel failed to participate. (Dkts. 77, 78, 79, 90, 96).[4] As mentioned above, it was during the July 28 conference that Defendants raised the issue of bifurcation as a vehicle for avoiding these time consuming and expensive discovery disputes which could very well be mooted by a resolution of the contract claim. Voss Decl., ¶ 5.

*Third* – and this overlaps with the goals of convenience, economy, and avoiding prejudice to the Defendants – is the overbreadth, undue burden, expense and

---

[4] Should Plaintiff raise the issue of delay, it should be noted that Plaintiff was forced to essentially "reboot" the discovery process because of improper service. (Dkt. 79). Ironically, improper service was also at the root of now set-aside default judgment against defendant Newman, which also delayed these proceedings. (Dkt. 62).

DEFENDANTS' MOTION TO BIFURCATE DISCOVERY

intrusiveness of the discovery sought by Plaintiff, including recent deposition notices and subpoenas that also pose issues of annoyance and harassment. By way of example, some of the document requests propounded by Plaintiff seek documents unrelated to the contract claim:

- "All Documents mentioning Athena from January 1, 2019, to the present."
- "All Documents showing all foreign trips by any AMN employee."
- "All Documents showing any AMN employee or agent entertainment or dining expenses."
- "All Documents to or from Newman from January 1, 2019, to the present that mention":  (a) "Athena;" (b) "Revitalish;" (c) "Any Athena Trademark;"  (d) "Newman's compensation;" (e) the "compensation to any relative to Newman;" (f) "Newman's then-current residence;" (g) "Newman's responsibilities to AMN;" (h) "Newman's bank accounts;" and (i) "[a]ny company or entity other than AMN which employed Newman or with which contracted with Newman."
- "Documents showing the names, all business and home addresses, business and home telephone numbers and email addresses of (1) all [ ] owners of at least 10% of AMN and (2) all AMN' s officers and managing employees."
- "Document showing the names, business addresses, business telephone numbers, email address and web address of all businesses in which at least 10% of the business is owned by any person named on a Document requested to be produced in the [above] request."
- "All leases of AMN or Newman."
- "Documents sufficient to identify all AMN's or Newman's banks and other financial institutions."
- "The profit and loss statements of AMN."
- "Photographs or other images of the inside and outside of all AMN facilities and offices including those shared with any other Person."

Voss Decl., ¶7, Exh. 1, Request Nos. 1, 13, 22, 23, 27, 28, 30, 31.

Plaintiff have also recently noticed the deposition of three individuals who also happen to be relatives of defendant Newman and non-officer and non-managerial employees of AMN. The subpoenas attached to these deposition notices include extremely overbroad and burdensome demands for documents, the resolution of which will incur much time and expense by the parties, as well as the time and resources of Magistrate Judge Kewalramani. To give the Court a short preview of the discovery battles that will follow, one subpoena seeks the deposition of Devorah Newman, a low-level non-managerial employee AMN and the sister-in-law of defendant Newman. Plaintiff unilaterally scheduled the deposition, without input from Defendant's counsel for the Tuesday that immediately follows Labor Day, which happens fall on Rosh Hashanah.[5] Voss Declaration, ¶¶ 9, 11 and Exh. 3 thereto.

To add insult to injury, the subpoena attached to Devorah Newman's deposition notice includes a ridiculously overbroad document request. The description of the first category of documents sought is *almost three pages long* and seeks all documents – *unlimited by subject matter* – in Devorah Newman's possession that mention at least one of *approximately one hundred 150 search terms* – many of which have no apparent relevance to the pending litigation sought. Voss Decl., Exh. 3, pp. 6-8. The search terms include Rabbi Joseph and Amina Newman (Defendant Newman's parents), Adina Newman (Defendant Newman's wife)[6], and Defendants' current counsel (David C. Voss, Jr. and Voss, Silverman & Braybrooke) , as well as a Ms. Yahli Sharvit, who is the ex-wife of a brother a Defendant Newman, who has not been married to the brother for years.

---

[5] The other two depositions have been noticed for Labor Day and the Wednesday immediately following Labor Day and Rosh Hashanah. Voss Decl., Exhs. 3 and 4.
[6] The identities of these individuals and their relationship to Defendant were disclosed in the declarations in support of Mr. Newman's motion to vacate the judgment taken against him. (Dkts. 47-2, 47-3.)

For the convenience of the Court, Defendants have included an image of the first half page of the first category of documents from the subpoena. ***Two more pages of search terms*** are included in the actual subpoena!

**Category 1:** All Documents in Your possession custody or control exchanged between AMN or Moishe Newman on one hand and You on the other hand that mention

| | | |
|---|---|---|
| 10 Gallagher Dr | Aryeh Leib Newman | bto_deals |
| 112876 | Austramericacosmet-icsoutleand | bto_deals |
| 2171970 | | ch_6703 |
| 224 Wyoming Ave. | Austramericacosmet-icsoutlet | cosmetics-now-australia |
| Adina Newman | | cosmeticsnow-usa |
| Adina's Beauty Shop | aviavi-hbtmagom | David Newman |
| Adina's Beauty Store | Beautyfactoria | David Voss |
| Adina's Store | Beautymagasin | dearmember0 |
| Adina | Bernie Tillinger | devfashion26 |
| adinas.handb@gmail.com | bluelinechaplain@-gmail.com | Devorah Daneshrad |
| Amanda Hill | | Devorah Hershkop |
| Amina Newman | Bluelinela | Devorah L. Newman |
| AMN Health Beauty Cos-metics LLC | Brush Express | Devorah R. Newman |
| | Brushexpress.com | Dina Newman |

Voss. Decl., Exh 3, p. 6. The document description in the subpoenas attached to the other two deposition notices are similarly voluminous, and in fact, identical to the documents sought by the Devorah Newman subpoena. Voss Decl., Exh. 2, pp. 6-8, and Exh. 4, pp. 6-8,

A bifurcation of discovery could eliminate much of the time, expense, and judicial resources that would be incurred in connection with the much of the pending discovery. It would also prevent the prejudice to defendants AMN and Newman of having to gather and produce extensive documents relating to their confidential finances.

This is precisely the approach taken the above-cited *OSHO* and *Moreno* cases. The court in *OSHO* relied upon Rule 42(b) to bifurcate discovery between liability and damages on a copyright infringement claim. *OSHO Int'l Found,* 2019 WL 12379558, at *1–2. The court in *Moreno* likewise relied on Rule 42(b) to "bifurcate discovery into

liability and damages phases" and "stay discovery on issues solely related to damages" on a copyright infringement claim. *Moreno,* 2013 WL 12123988, at *2. In so ruling, the courts in both cases found that the legal and factual issues and related evidence relating to liability were "distinct" and "separate" from damages. *OSHO Int'l Found,* 2019 WL 12379558, at *2; *Moreno,* 2013 WL 12123988, at *2. For that reason, the courts found that bifurcation of discovery could save both parties "substantial expenses" and "significant time and money." *OSHO Int'l Found,* 2019 WL 12379558, at *2; *Moreno,* 2013 WL 12123988, at *2.

The analysis and conclusions reached by the courts in *OSHO* and Morena are directly analogous to the case at hand. As this Court has previously concluded when it bifurcated the contract claim from the Lanham Act claims and state unfair competition claim for trial, *there is no liability on those remaining claims if Defendant prevails on the contract claim.* Likewise, as discussed above, the facts, legal theories, damages, and evidence are distinct and separate with respect to the two sets of claims.

Plus, there is an additional twist here not present in the above-cited cases: Defendants' concern, previously voiced to the Court, that Plaintiff filed the instant action for the purpose of obtaining additional disclosures and documents through discovery *to which was not entitled under the terms of the Settlement Agreement itself. See* Defendant's Opposition to Plaintiff's Ex Parte Application Striking Summary Judgment Motion, Dkt. 92, pp. 2-3, 7-8 and Dkt. 92-10. Credence is given to this concern, as discussed *infra* and Defendants' previous filed summary judgment motion, because Plaintiff has yet to identify a single post-settlement sale of counterfeit goods by Defendants in Plaintiff's interrogatory responses despite its amended of it claim to include such an allegation! Plaintiff has also failed to come forward with any evidence of damages.

The proposed bifurcation of discovery constitutes a reasonable and balanced approach to address Defendants' concern, while furthering convenience, economy and avoiding prejudice.

DEFENDANTS' MOTION TO BIFURCATE DISCOVERY

## IV.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court exercise its discretion under Federal Rule of Civil Procedure 42(b) to like bifurcate discovery by limiting it to the Plaintiff's contract claim (i.e., the sixth claim for relief) and staying discovery as to all other claims pending the resolution of the contract claim via summary judgment or trial.

DATED:  August 30, 2021          DAVID C. VOSS, JR.
                                 VOSS, SILVERMAN & BRAYBROOKE, LLP

                                 By: _____
                                     David C. Voss, Jr.
                                     Attorneys for Defendants AMN
                                     DISTRIBUTION, INC. and MOISHE
                                     NEWMAN