DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendant AMN Distribution, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ATHENA COSMETICS, INC.,<br><br>Plaintiff<br><br>v.<br><br>AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE,<br><br>Defendants | Case No. 2:20-cv-05526-SVW-SHK<br><br>**DECLARATION OF DAVID C. VOSS, JR. IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE DISCOVERY**<br><br>**<u>HEARING</u>**<br><br>Date: September 27, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 10A<br>First Street Courthouse<br>350 W. 1st Street, 10th Floor,<br>Los Angeles, California 90012 |

**DECLARATION OF DAVID C. VOSS, JR.**

I, David C. Voss, Jr., declare:

1. I am an attorney, duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California. I am the managing partner of the law firm of Voss, Silverman & Braybrooke LLP, counsel for defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" or "defendant Newman"). As lead trial counsel for Defendants in this matter, I am familiar with the pleadings and files in this matter, including the initial disclosures and discovery exchanged by the parties. Unless otherwise stated, I have personal knowledge of the facts set forth herein which I know to be true and correct and, if called as a witness, I could and would competently testify with respect thereto.

2. I submit this declaration in support of the concurrently filed motion of Defendants AMN Distribution Inc. ("AMN") and Moishe Newman ("Newman," and collectively, "Defendants") to bifurcate discovery.

3. Defendants bring the instant motion in the wake of a series of telephonic discovery conferences held before Magistrate Judge Kewalramani in an effort to resolve numerous discovery disputes that exist between the parties. Specifically, Magistrate Judge Kewalramani has held four informal telephonic discovery conferences regarding Plaintiff's discovery. These conferences were held on April 12, April 16, April 19, and July 28, 2021. (Dkts. 77, 78, 79, 96). A fifth conference had been scheduled for July 7, 2021, but had to be canceled and rescheduled after Plaintiff's counsel failed to participate despite attempts to reach counsel after the matter was called by the Court. (Dkt. 90).

4. Although progress has been made on several discovery requests, several outstanding issues still exist, particularly with respect to Plaintiff's non-contract claims and extensive confidential financial information sought by Plaintiff in connection with the same.

5. During the latest conference held with Magistrate Judge Kewalramani on July 28, 2021, I raised the issue of bifurcating discovery in order to streamline the

litigation process and eliminate the expenditure of time and resources on matters which could very well be mooted by a resolution of Plaintiff's contract claim. Magistrate Judge Kewalramani informed me that any such motion should be filed directly with this department.

6. I had previously raised the issue of bifurcation of discovery with Plaintiff's counsel on May 19, 2021, when the parties held their Rule 26(f) conference. Because I had not substituted into this action as counsel until several months after its initiation and a now set-aside default taken against Newman, I had not previously participated in a Rule 26(f) conference on behalf of Defendants. I took the position at the conference that discovery should be bifurcated into two phases: the contract claim and non-contract claims. I also stated that it was Defendants' position that discovery should be bifurcated or stayed with respect to punitive damages, which remedy is only potentially available for Plaintiff's fifth claim for relief for common law unfair competition. Defendants' position with respect to the bifurcation of discovery was also included in the parties' Joint Rule 26(f) report filed on May 28, 2021. (Dkt. 82).

7. Attached hereto as Exhibit 1 is a true and correct copy of Athena's First Request for Production of Documents to Defendant AMN Distribution, Inc. dated April 15, 2021.

8. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's First Amended Notice of Deposition of Nechemiah Newman dated August 16, 2021.

9. Attached hereto as Exhibit 3 is a true and correct copy of Plaintiff's First Amended Notice of Deposition of Devorah R. Newman dated August 16, 2021.

10. Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's Notice of Deposition of Dov Newman dated August 16, 2021.

11. Plaintiff's counsel did not contact me in advance to coordinate the scheduling of the foregoing depositions and obtain my availability regarding the same.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 30, 2021, in Marina Del Rey, California.

DAVID C. VOSS, JR.