EXHIBIT 3

Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

# United States District Court

## Central District of California – Western Division

| | |
|---|---|
| Athena Cosmetics, Inc., <br><br> Plaintiff, <br><br> v. <br><br> AMN Distribution, Inc., et al, <br><br> Defendants. | No. 2:20-cv-05526-SVW-SHK <br><br> First Amended Notice of Deposition of Devorah R. Newman. <br><br> Date: September 7, 2021 PDT <br> Time: 10:00 a.m. <br> Place: Virtual, Link to be provided. |

To counsel for Defendants AMN Distribution, Inc. and Moishe Newman:

On Thursday, September 7, 2021, at 10:00 a.m., plaintiff Athena Cosmetics, Inc. will depose Devorah R. Newman, 145 James Street, Kingston, PA 18704-5217. She will be subpoenaed to produce the documents in Exhibit A. The deposition will be conducted virtually. The reporter will provide the login information before the deposition begins. It will be videotaped and recorded by stenograph.

Ms. Newman will be subpoenaed to bring with her the documents in Exhibit A to the subpoena, a copy of which is attached.

August 16, 2021

/s/ *Marina Lang*
Marina Lang
SoCal IP Law Group LLP

Attorneys for Plaintiff Athena Cosmetics, Inc.

---

First Amended Notice of Deposition of
Devorah R. Newman

1
EXH 3   PAGE 001

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

**CERTIFICATE OF SERVICE**

      I certify on August 16, 2021, I served the foregoing document "First Amended Notice of Deposition of Devorah R. Newman" by email to all counsel registered with CM/ECF on this case.

August 16, 2021

                           /s/ *Anneliese Lomonaco*
                           Anneliese Lomonaco

First Amended Notice of Deposition of Devorah R. Newman

2
EXH 3   PAGE 002

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| Athena Cosmetics, Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No.   2:20-cv-05526-SVW-SHK |
| AMN Distribution, et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Devorah R. Newman
145 James Street, Kingston, PA 18704-5217

*(Name of person to whom this subpoena is directed)*

✔ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:    See Exhibit A attached.

| Place:  310 N. Westlake Blvd., Suite 120, Westlake Village, CA 91362 | Date and Time: 09/07/2021 10:00 am |
|---|---|

The deposition will be recorded by this method:   videotaped and stenograph

✔ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   See Exhibit A attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/16/2021

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Marina Lang |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, Athena Cosmetics, Inc. _____, who issues or requests this subpoena, are:

Marina Lang, SoCal IP Law Group LLP, (805) 230-1350, mlang@socalip.com, 310 N Westlake Blvd., Suite 120, Westlake Village, CA 91362

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Exhibit A

**EXHIBIT A TO SUBPOENA OF DEVORAH R. NEWMAN**

**DOCUMENTS REQUESTED**

**INSTRUCTIONS AND DEFINITIONS**

1.   "You" means Devorah R. Newman and any of Your nicknames, user-names, aliases, or fictitious names.

2.   "M. Newman" means Moishe Newman or any of his nicknames, usernames, aliases, or fictitious names.

3.   "N. Newman" means Nechemiah Newman or any of his nicknames.

4.   "D.L. Newman" means Devorah L. Newman

5.   "AMN" means defendant AMN Distribution Inc., and all affiliates, con-tractors, predecessors, subsidiaries, parents and their past and present employees, of-ficers, agents, or attorneys.

6.   "Athena," and "Plaintiff" mean plaintiff Athena Cosmetics, Inc.

7.   "Document" has the broadest meaning accorded to it by FED. R. CIV. P. 34 and FED. R. EVID. 1001.

8.   "Person" means a natural person, a corporation, partnership, LLC, LLP, di-vision, agency or other entity.

9.   "Lawsuit" means this underlying lawsuit, Athena Cosmetics, Inc., v. AMN Distribution, Inc., et al, No. 2:20-cv-05526-SVW-SHK in the United States District Court, Central District of California.

10. "Athena Trademarks" mean RevitaLash, Revitilash and Design, Athena Cosmetics, Eternally Pink, RevitaLash Advanced, and the RL Design, which are shown in Exhibit B.

11. "Athena Goods" means all packaging, contents, inserts in the packaging, instructions and applicators that display the Athena Trademarks whether Athena or another Person was the source of the goods.

12. The court has entered a protective order regarding the parties' and third-parties' confidential information, Exhibit C is a copy of the protective order.

13.  The "Production" section of the subpoena states: "You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material." You also may send electronic copies of the documents at least five days before your scheduled deposition to Marina Lang, mlang@socalip.com, copy to Anneliese Lomonaco, alomonaco@socalip.com. If the file containing the documents exceeds Your email's capacity, please email Ms. Lomonaco who will arrange another method of transmittal.

14.  Unless otherwise stated, the subpoena seeks documents only from January 1, 2019, to the present.

**DESCRIPTION OF DOCUMENTS TO BE PRODUCED**

**Category 1:** All Documents in Your possession custody or control exchanged between AMN or Moishe Newman on one hand and You on the other hand that mention

| | | |
|---|---|---|
| 10 Gallagher Dr | Aryeh Leib Newman | bto_deals |
| 112876 | Austramericacosmet- icsoutleand | bto_deals |
| 2171970 | | ch_6703 |
| 224 Wyoming Ave. | Austramericacosmet- icsoutlet | cosmetics-now-australia |
| Adina Newman | | cosmeticsnow-usa |
| Adina's Beauty Shop | aviavi-hbtmagom | David Newman |
| Adina's Beauty Store | Beautyfactoria | David Voss |
| Adina's Store | Beautymagasin | dearmember0 |
| Adina | Bernie Tillinger | devfashion26 |
| adinas.handb@gmail.com | bluelinechaplain@- gmail.com | Devorah Daneshrad |
| Amanda Hill | | Devorah Hershkop |
| Amina Newman | Bluelinela | Devorah L. Newman |
| AMN Health Beauty Cos- metics LLC | Brush Express | Devorah R. Newman |
| | Brushexpress.com | Dina Newman |

| | | |
|---|---|---|
| 1 | dinahlop786 | Mark Newman | Shlomo Newman |
| 2 | dkwchloe | Meir Newman | Shmuel Dovid Newman |
| 3 | Dov Newman | Meyer Newman | Shmuel Newman |
| 4 | Dov Yehuda Newman | minabeauty | snatch-it-deals |
| 5 | Eric Romero | Moishe Vogel | soundless-music |
| 6 | fresh-cosmetics | nadinacherman_0 | sterlingwoman |
| 7 | fullbright-sales | Nechemia Hashgacha | the_beauty_club_au |
| 8 | Geula Newman | Nechemia Newman | Tinabeautystore |
| 9 | Gila Newman | newan-ne-dwdcbz | Tonya Buchowski |
| 10 | Gilad Bruchim | Paul Gallagher | trngu_2539 |
| 11 | Indight-IT | peterma-79 | valenced |
| 12 | Jack Keefe | Qualitransit Health | Voss, Silverman & |
| 13 | jenn-knight | Rene Morel | Braybrooke |
| 14 | Joel Goldhirsch | richarga4469 | Yehudas Newman |
| 15 | joh7259.h4tuj8i | ruk4185 | Yhali Lipp |
| 16 | Joseph Newman | saau_5700 | Yhali Newman |
| 17 | kabulbroo-0 | Safes Mania | Yhali Sharvit |
| 18 | Kaye Keefe | Sam Newman | Yisroel Newman |
| 19 | Keefe | Sara Newman | Yitzchok Rapaport |
| 20 | Keefe Plumbing | savingsimplellc | Yosef Rapaport |
| 21 | Keefe Sales Co. | Shelly Hatzay | Yosef Rapoport |
| 22 | leeyelashoco | Shelly Heimannson | Yossi Rapaport |
| 23 | lexor-sydney | Shelly Newman | yuliayulia86 |
| 24 | Lousie-Leglanc | Sheri Dziewit | |

25  and that also contain any of these words, terms or their plurals or possessives:

26  Agreement                                    Any of Athena's attorneys including

27  Amazon.com                                   Marina Lang Michael Harris and

28                                               Brian Tamsut.

| | |
|---|---|
| Any other Athena Trademark (defined term) | FOB or Free on Board |
| | Gray goods |
| AP or Delivered At Place | Import, Importation |
| Athena | Invoice |
| Bill of lading | Knock-off |
| China | Lawsuit |
| CIF or Cost, Insurance & Freight | Link Amerika or Link America |
| Contract | Mark |
| Cosmetic | On-line |
| Counterfeit | PayPal |
| Court | Refund |
| Customs | Revitalash |
| Czech | Ship, shipping, shipper or shipment |
| Czechoslovakia | This Lawsuit (defined term) |
| DDP or Delivered Duty Paid | Trade dress |
| Duty | Trademark |
| eBay | UPS |
| EU or European Union | USPS, Postal Service, or Post Office |
| FAS or Free Alongside Ship | WalMart |
| FedEx | Warehouse |

**Category 2:** All Documents from January 1, 2019, to the present in Your possession custody or control exchanged between:

| | | |
|---|---|---|
| 10 Gallagher Dr | Adina's Beauty Store | AMN Health Beauty Cosmetics LLC |
| 112876 | Adina's Store | |
| 2171970 | Adina | Aryeh Leib Newman |
| 224 Wyoming Ave. | adinas.handb@gmail.com | Austramericacosmeticsoutleand |
| Adina Newman | Amanda Hill | |
| Adina's Beauty Shop | Amina Newman | |

| | | |
|---|---|---|
| Austramericacosmet-icsoutlet | Dov Newman | nadinacherman_0 |
| aviavi-hbtmagom | Dov Yehuda Newman | Nechemia Hashgacha |
| Beautyfactoria | Eric Romero | Nechemia Newman |
| Beautymagasin | fresh-cosmetics | newan-ne-dwdcbz |
| Bernie Tillinger | fullbright-sales | Paul Gallagher |
| bluelinechaplain@-gmail.com | Geula Newman | peterma-79 |
| Bluelinela | Gila Newman | Qualitransit Health |
| Brush Express | Gilad Bruchim | Rene Morel |
| Brushexpress.com | Indight-IT | richarga4469 |
| bto_deals | Jack Keefe | ruk4185 |
| bto_deals | jenn-knight | saau_5700 |
| ch_6703 | Joel Goldhirsch | Safes Mania |
| cosmetics-now-australia | joh7259.h4tuj8i | Sam Newman |
| cosmeticsnow-usa | Joseph Newman | Sara Newman |
| David Newman | kabulbroo-0 | savingsimplellc |
| David Voss | Kaye Keefe | Shelly Hatzay |
| dearmember0 | Keefe | Shelly Heimannson |
| devfashion26 | Keefe Plumbing | Shelly Newman |
| Devorah Daneshrad | Keefe Sales Co. | Sheri Dziewit |
| Devorah Hershkop | leeyelashoco | Shlomo Newman |
| Devorah L. Newman | lexor-sydney | Shmuel Dovid Newman |
| Devorah R. Newman | Lousie-Leglanc | Shmuel Newman |
| Dina Newman | Mark Newman | snatch-it-deals |
| dinahlop786 | Meir Newman | soundless-music |
| dkwchloe | Meyer Newman | sterlingwoman |
| | minabeauty | the_beauty_club_au |
| | Moishe Vogel | Tinabeautystore |

| | | |
|---|---|---|
| Tonya Buchowski | Yehudas Newman | Yitzchok Rapaport |
| trngu_2539 | Yhali Lipp | Yosef Rapaport |
| valenced | Yhali Newman | Yosef Rapoport |
| Voss, Silverman & | Yhali Sharvit | Yossi Rapaport |
|   Braybrooke | Yisroel Newman | yuliayulia86 |

and that also contain any of these words, terms or their plurals or possessives:

| | |
|---|---|
| Agreement | eBay |
| Amazon.com | EU or European Union |
| Any of Athena's attorneys including | FAS or Free Alongside Ship |
|   Marina Lang Michael Harris and | FedEx |
|   Brian Tamsut. | FOB or Free on Board |
| Any other Athena Trademark (defined | Gray goods |
|   term) | Import, Importation |
| AP or Delivered At Place | Invoice |
| Athena | Knock-off |
| Bill of lading | Lawsuit |
| China | Link Amerika or Link America |
| CIF or Cost, Insurance & Freight | Mark |
| Contract | On-line |
| Cosmetic | PayPal |
| Counterfeit | Refund |
| Court | Revitalash |
| Customs | Ship, shipping, shipper or shipment |
| Czech | This Lawsuit (defined term) |
| Czechoslovakia | Trade dress |
| DDP or Delivered Duty Paid | Trademark |
| Duty | UPS |

USPS, Postal Service, or Post Office          Warehouse

Walmart

**Category 3:** The page in Your possession custody or control from Your Rolodex, computer address book (e.g. MS Outlook) and other address book mentioning each of these Persons:

| | | |
|---|---|---|
| 10 Gallagher Dr | Bernie Tillinger | Dov Newman |
| 112876 | bluelinechaplain@-gmail.com | Dov Yehuda Newman |
| 2171970 | | Eric Romero |
| 224 Wyoming Ave. | Bluelinela | fresh-cosmetics |
| Adina Newman | Brush Express | fullbright-sales |
| Adina's Beauty Shop | Brushexpress.com | Geula Newman |
| Adina's Beauty Store | bto_deals | Gila Newman |
| Adina's Store | bto_deals | Gilad Bruchim |
| Adina | ch_6703 | Indight-IT |
| adinas.handb@gmail.com | cosmetics-now-australia | Jack Keefe |
| Amanda Hill | cosmeticsnow-usa | jenn-knight |
| Amina Newman | David Newman | Joel Goldhirsch |
| AMN Health Beauty Cosmetics LLC | David Voss | joh7259.h4tuj8i |
| | dearmember0 | Joseph Newman |
| Aryeh Leib Newman | devfashion26 | kabulbroo-0 |
| Austramericacosmeticsoutleand | Devorah Daneshrad | Kaye Keefe |
| | Devorah Hershkop | Keefe |
| Austramericacosmeticsoutlet | Devorah L. Newman | Keefe Plumbing |
| | Devorah R. Newman | Keefe Sales Co. |
| aviavi-hbtmagom | Dina Newman | leeyelashoco |
| Beautyfactoria | dinahlop786 | lexor-sydney |
| Beautymagasin | dkwchloe | Lousie-Leglanc |

| | | |
|---|---|---|
| Mark Newman | Safes Mania | Tonya Buchowski |
| Meir Newman | Sam Newman | trngu_2539 |
| Meyer Newman | Sara Newman | valenced |
| minabeauty | savingsimplellc | Voss, Silverman & |
| Moishe Vogel | Shelly Hatzay |  Braybrooke |
| nadinacherman_0 | Shelly Heimannson | Yehudas Newman |
| Nechemia Hashgacha | Shelly Newman | Yhali Lipp |
| Nechemia Newman | Sheri Dziewit | Yhali Newman |
| newan-ne-dwdcbz | Shlomo Newman | Yhali Sharvit |
| Paul Gallagher | Shmuel Dovid Newman | Yisroel Newman |
| peterma-79 | Shmuel Newman | Yitzchok Rapaport |
| Qualitransit Health | snatch-it-deals | Yosef Rapaport |
| Rene Morel | soundless-music | Yosef Rapoport |
| richarga4469 | sterlingwoman | Yossi Rapaport |
| ruk4185 | the_beauty_club_au | yuliayulia86 |
| saau_5700 | Tinabeautystore | |

**Category 4:** The page in Your possession custody or control from Your Ro-lodex, computer address book (e.g. MS Outlook) and other address book mentioning Persons who ever resided or worked at:

All addresses on Lime Avenue, Long Beach CA including 4225 Lime Avenue.

1943 Preuss Rd., Los Angeles, CA 90034

10 Gallagher Drive, Wilkes Barre, PA

10 Gallagher Drive, Plains, PA

548 Rutter Avenue, Kingston, PA

1201 Orange Street, Wilmington, DE

224 Wyoming Ave.

**Category 5:**   Documents to and from eBay.com, PayPal, or WalMart

**Category 6:**   All Athena Goods.

**Category 7:**   Your driver's license or state-issued identification.

**Category 8:**   All correspondence, emails or other Documents in Your possession custody or control to or from Ronan Cohen, David C. Voss or the law firm of Voss Silverman & Braybrooke LLP whether You are the sender or addressee, or You received the Document from another Person.

Exhibit A to Devorah Newman Subpoena   9   Athena Cosmetics, Inc v. AMN et al. Case No.: 2:20-cv-05526-SVW-SHK

EXH 3   PAGE 013

# Exhibit B

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 3,526,373

Registered Nov. 4, 2008

**TRADEMARK**
**PRINCIPAL REGISTER**



ATHENA COSMETICS, INC. (NEVADA COR-
PORATION)
701 NORTH GREEN VALLEY PARKWAY
SUITE 200
HENDERSON, NV 89074

FOR: COSMETIC PREPARATIONS FOR EYE LA-
SHES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 12-6-2006; IN COMMERCE 12-6-2006.

THE MARK CONSISTS OF THE WORD "ATHE-
NA" WITH A STYLIZED "CROWN" CENTERED
ABOVE THE WORD, WITH THE OVERALL AP-
PEARANCE BEING A ROUGHLY DIAMOND
SHAPE, COMPRISED OF FIVE TRIANGLES IN A
SYMMETRICAL FORMATION, WITH THE CEN-
TER TRIANGLE TALLEST, EACH TRIANGLE
FLAT ON TOP, WITH ALL FIVE TRIANGLE POINTS
COMING TOGETHER TO A POINT AT THE BOT-
TOM OF THE "CROWN".

SER. NO. 77-222,615, FILED 7-5-2007.

JESSICA A. POWERS, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# ETERNALLY PINK

**Reg. No. 5,633,064**

**Registered Dec. 18, 2018**

**Int. Cl.: 35**

**Service Mark**

**Principal Register**

Athena Cosmetics, Inc.  (NEVADA CORPORATION)
1838 Eastman Ave., Suite 200
Ventura, CALIFORNIA 93003

CLASS 35: Charitable services, namely, promoting public awareness of breast cancer, breast cancer prevention, breast cancer treatment, and breast cancer research; Organizing and developing charitable projects that aim to promote breast cancer awareness, research and education; Promoting public interest and awareness of breast cancer, breast cancer prevention, breast cancer treatment, and breast cancer research

FIRST USE 4-00-2018; IN COMMERCE 4-00-2018

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 88-044,914, FILED 07-19-2018



Director of the United States
Patent and Trademark Office



# United States of America

### United States Patent and Trademark Office

# RevitaLash Advanced

**Reg. No. 4,501,304**

**Registered Mar. 25, 2014**

**Int. Cl.: 3**

**TRADEMARK**

**PRINCIPAL REGISTER**

ATHENA COSMETICS, INC. (NEVADA CORPORATION)
1838 EASTMAN AVE.
SUITE 200
VENTURA, CA 93003

FOR: COSMETIC PREPARATIONS FOR EYE LASHES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 6-1-2011; IN COMMERCE 6-1-2011.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,681,136.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "ADVANCED", APART FROM THE MARK AS SHOWN.

SER. NO. 86-031,794, FILED 8-7-2013.

FLORENTINA BLANDU, EXAMINING ATTORNEY



**Deputy Director of the United States
Patent and Trademark Office**

**Int. Cl.: 3**

**Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52**

**United States Patent and Trademark Office**

Reg. No. 3,246,814

Registered May 29, 2007

**TRADEMARK**
**PRINCIPAL REGISTER**

# REVITALASH

ATHENA COSMETICS, INC. (NEVADA COR-
 PORATION)
5135 CAMINO AL NORTE, STE. 250
NORTH LAS VEGAS, NV 89031

FOR: COSMETIC PREPARATIONS FOR EYE LA-
SHES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 2-21-2006; IN COMMERCE 2-21-2006.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-831,006, FILED 3-7-2006.

EVELYN BRADLEY, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# REVITALASH
## COSMETICS

$\mathcal{R}L$

**Reg. No. 5,871,804**

**Registered Oct. 01, 2019**

**Int. Cl.: 3**

**Trademark**

**Principal Register**

Athena Cosmetics, Inc.  (NEVADA CORPORATION)
1838 Eastman Ave., Suite 200
Ventura, CALIFORNIA 93003

CLASS 3: Cosmetic pads; Cosmetic pencils; Cosmetic preparations for body care; Cosmetic preparations for skin care; Cosmetics; Cosmetics and cosmetic preparations; Cosmetics and make-up; Hair care creams; Hair care preparations; Hair conditioners; Hair masks; Hair mousses; Hair nourishers; Hair shampoos and conditioners; Hair sprays and hair gels; Non-medicated preparations all for the care of skin, hair and scalp; Non-medicated skin care preparations, namely, moisturizers, cleansers, masks, conditioners, creams, exfoliators, toners, make-up primers; lip care products, namely, lip primers and conditioners; eye brow products, namely, eyebrow liners, conditioners and strengtheners; eye-lash products, namely, mascaras, lengtheners, conditioners, strengtheners; eye-care products, namely, eye creams, concealers, highlighters, and makeup; Eyebrow cosmetics

FIRST USE 1-31-2018; IN COMMERCE 1-31-2018

The mark consists of a stylized letter "R" in reverse position followed by a stylized letter "L" in the forward position centered below the term "REVITALASH" in stylized font in all capital letters and the term "COSMETICS", which is in smaller stylized font appearing below the term "REVITALASH" in all capital letters.

OWNER OF U.S. REG. NO. 4558879, 3246814, 4501304

No claim is made to the exclusive right to use the following apart from the mark as shown: "COSMETICS"

SER. NO. 88-267,716, FILED 01-18-2019



*Andrei Lanca*

Director of the United States
Patent and Trademark Office

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

Reg. No. 3,413,360

**United States Patent and Trademark Office**

Registered Apr. 15, 2008

## TRADEMARK
### PRINCIPAL REGISTER

# ATHENA COSMETICS

ATHENA COSMETICS, INC. (NEVADA COR-PORATION)

5135 CAMINO AL NORTE, SUITE 250

NORTH LAS VEGAS, NV 89031

FOR: COSMETIC PREPARATIONS FOR EYE LA-SHES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 11-19-2006; IN COMMERCE 11-19-2006.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COSMETICS", APART FROM THE MARK AS SHOWN.

SN 78-912,720, FILED 6-20-2006.

GINA HAYES, EXAMINING ATTORNEY

# Exhibit C

Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

Chaim J. Woolf (No. 236957)
Ronan Cohen (No. 167476) ronancohen@yahoo.com
Law Offices of Chaim J. Woolf
644 Flint Ave.
Long Beach, CA 90814
(740) 498 1820

Attorneys for Defendant AMN Distribution, Inc.

# United States District Court

## Central District of California – Western Division

Athena Cosmetics, Inc.,

     Plaintiff,

        v.

AMN Distribution Inc., et al,

     Defendants.

No. 2:20-cv-05526-SVW-SHK

Stipulation and Order for Protective Order

Magistrate Judge Kewalramani

## I.    PURPOSES AND LIMITATIONS

    A.    The parties to this stipulation met and conferred pursuant to Fed. R. Civ. P. 26(f) and, through that meeting, determined and hereby represent that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Therefore, the undersigned stipulate to and petition the Court to enter the following Stipulated Protective Order (hereafter "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection

Protective Order

1

EXH 3  PAGE 022

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Order does not entitle them to file confidential information under seal and that Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II.    GOOD CAUSE STATEMENT

A.      This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, facilitate prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Protective Order

2

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

EXH 3  PAGE 023

## III.  DEFINITIONS

A.  <u>Action</u>: The instant action: Athena Cosmetics, Inc., v. AMN Distributions Inc. and Moishe Newman, United State District Court Central District of California, No. 2:20-cv-05526-SVW-SHK.

B.  <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

C.  "<u>CONFIDENTIAL</u>" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.  "<u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>" Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

E.  <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

F.  <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

G.  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

H.  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

I.     <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

J.     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

K.     <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

L.     <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

M.     <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

N.     <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

O.     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

P.     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.   SCOPE**

A.     The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Pro-

tected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

      B.    Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.

## V. DURATION

      A.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI. DESIGNATING PROTECTED MATERIAL

      A.    Exercise of Restraint and Care in Designating Material for Protection.

      1.    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      2.    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made

for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**B.    Manner and Timing of Designations.**

1.    Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.    Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection

Protective Order

6

EXH 3  PAGE 027

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c) for testimony given in depositions that the Designating Party identifies on the record, before the close of the deposition as protected testimony.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**C.     Inadvertent Failures to Designate.**

**1.**     If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A.     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B.     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

Protective Order

7

EXH 3   PAGE 028

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

C. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

A. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions set forth below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

Protective Order

8

EXH 3   PAGE 029

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

C.      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in

Protective Order

9

EXH 3   PAGE 030

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

Protective Order

10

EXH 3  PAGE 031

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

(1) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject

Protective Order

11

EXH 3  PAGE 032

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

C.      If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A.      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Protective Order.

## XIII. MISCELLANEOUS

A.      Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.      Right to Assert Other Objections. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.      Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent

orders of the assigned District Judge and Magistrate Judge. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## XIV. FINAL DISPOSITION

A.      After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

B.      Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Protective Order

14

EXH 3  PAGE 035

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

October 14, 2020                        /s/ *Marina Lang*
                                        Marina Lang
                                        SoCal IP Law Group LLP

                                        Attorneys for Plaintiff Athena Cosmetics,
                                        Inc.

        Pursuant to Local Rule 5-4.3.4, Marina Lang attests that the following signa-

tory concurs in the filing's content and has authorized the filing.


October 14, 2020                        /s/ *Ronan Cohen*
                                        Ronan Cohen
                                        Law Offices of Chaim J. Woolf

                                        Attorneys for Defendant AMN Distribu-
                                        tion, Inc.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:    October 14, 2020

                                        _____
                                        Honorable Shashi H. Kewalramani
                                        United States Magistrate Judge

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of Athena Cosmetics, Inc., v. AMN Distributions Inc. and Moishe Newman, United State District Court Central District of California, No. 2:20-cv-05526-SVW-SHK.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____