Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

# United States District Court

## Central District of California – Western Division

| | |
|---|---|
| Athena Cosmetics, Inc., <br>     Plaintiff, <br>     v. <br> AMN Distribution Inc., et al, <br>     Defendants. | No. 2:20-cv-05526-SVW-SHK <br><br> Ex Parte Application under Local Rule 7-19 by Plaintiff Athena Cosmetics, Inc. to (1) Strike Defendants' Summary Judgment Motion [ECF–97] or (2) Set the Hearing on the Motion after Defendants Comply with any Order of Magistrate Judge Kewalramani about Discovery <br><br> Judge Wilson |

Plaintiff Athena Cosmetics, Inc. moves ex parte under Local Rule 7-19 to:

1. Strike defendants' summary judgment motion [ECF–97], or
2. Set the hearing on defendants' summary judgment motion six weeks after defendants comply with any order from Magistrate Judge Kewalramani requiring production of documents and answering interrogatories served on defendants and to produce a Rule 30(b)(6) witness on discovery requests served May 11, 2021.

Athena relies on declaration of Michael Harris and the memorandum of points and authorities accompanying this application.

Mr. Harris' compliance with Local Rule 7–19.1 is verified in his declaration.

# TABLE OF CONTENTS

A. Introduction ................................................................................................. 1

B. Argument .................................................................................................... 1

    1. Athena moved to compel and have complied with Magistrate Judge Kewalramani's request that the parties use ESI for document identification and production. ................................................................. 1

    2. Athena complied with the magistrate judge's ESI order by sending a draft to defendants' attorney, but defendants' attorney ignored it. .................. 2

    3. Defendants have avoided its discovery obligation to make responding to any summary judgment motion more difficult. ......................... 2

    4. The parties have not met and conferred about the summary judgment motion. ................................................................................ 4

    5. The order Athena seeks is fair to both parties. ................................... 4

    6. Why Athena should not have to rely on Rule 56(d). ......................... 4

C. Conclusion .................................................................................................. 5

Ex Parte Application Re Defendants' Summary Judgment Motion

ii

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. INTRODUCTION

This is the second time plaintiff Athena Cosmetics, Inc. has had to move ex parte on the same subject—defendants moving for summary judgment while they avoid discovery. The Court previously ruled, "Plaintiffs are ORDERED to file a motion to compel, which will be resolved by the magistrate judge. Defendants motion for summary judgement is stricken without prejudice to refiling after the discovery dispute and motion to compel are resolved by the magistrate judge." (ECF–93, July 13, 2021). The magistrate judge has not resolved the discovery dispute because defense counsel refuses to cooperate with the magistrate judge's procedures.

## B. ARGUMENT

### 1. Athena moved to compel and have complied with Magistrate Judge Kewalramani's request that the parties use ESI for document identification and production.

Magistrate Judge Kewalramani uses a procedure of a pre-filing conference (now on Zoom) before either party moves to compel. The parties must send the magistrate judge a joint email briefly explaining each side's position. Athena already began the process of a motion to compel with its June 30 email to the magistrate judge (Ex. 1).[1]

At the July 28 conference, the magistrate judge ruled, "As to the amended RFPs, the parties are to meet and confer with respect to an ESI protocol and search terms, as well as any issues that were not entirely resolved and if the issues remain then the parties may contact the Court for a further hearing." (ECF–96).

---

[1] The Harris Declaration authenticates all exhibits.

**2. Athena complied with the magistrate judge's ESI order by sending a draft to defendants' attorney, but defendants' attorney ignored it.**

Two days later, plaintiff's attorney sent defense counsel a proposed ESI protocol. Harris Decl. Ex. 2, and Ex. 3 (cover email). On August 4 and 5, plaintiff's attorney reminded defense counsel to respond to the draft ESI protocol (Ex. 4 and 5) and did so again on August 11 and 13 (Ex. 6). An August 24 email (Ex. 7) is another reminder. It also mentions depositions. An August 26 email (Ex. 8) reminded defense counsel again and recognized without his cooperation, the parties could not resolve the ESI protocol without court intervention. It stated:

> You have been postponing agreeing on an ESI stipulation. We must bring the matter before the magistrate judge. Here is our half of the email to him. Please provide your input immediately.
>
> . . .
>
> If you can agree on it, we can avoid the magistrate judge's involvement, which is best for both sides. But you've had almost a month without any comments about ESI.

The parties still have not met and conferred.

**3. Defendants have avoided its discovery obligation to make responding to any summary judgment motion more difficult.**

In this trademark counterfeiting case, Athena seeks documents from defendants and their suppliers and customers because the documents would show who may be working with defendants and their products. That would include emails, letters, contracts, and many other classes. Defendants claim to have produced thousands of pages of requested documents. While theoretically true, their production was a subterfuge allowing them to claim they produced all requested documents. They overlook, however, their first and only production occurred about a week ago on August 25. See Exhibit 9. Most are eBay sales or order confirmations. They contain advertising of

other products that eBay sends with its order confirmations. The email transmitting the documents (Ex. 8) neither explains what the documents were nor the document request to which it applied. It also claimed the production was Attorneys' Eyes Only. Exhibit 10 contains the first six pages of what defendants produced from which Athena redacted any possible confidential information. The entire production is not Bates numbered, and the left side of the documents are over the left margin and are not visible. The Protective Order (ECF–34) requires:

> [T]he Producing Party affix at a minimum, the legend "CONFI-DENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

Defendants marked no pages "confidential" or AEO.

Athena also has three subpoenas out for witnesses affiliated with AMN and Newman. All three share the "Newman" surname too. The depositions seek to establish sales of counterfeit Athena cosmetics. Defense counsel may complain Athena did not clear dates for those depositions, but since the witnesses have at least some relationships to defendants, defense counsel could meet and confer on a date change. Athena also was concerned that after defendants' attorney reported the depositions to his clients, the client would "suggest" the witnesses avoid being served.

Athena also scheduled a Rule 30(b)(6) deposition of defendant AMN, but defense counsel said he did not receive notice. Athena is waiting to notice the deposition again because having documents from defendants would make the deposition productive. After eDiscovery starts and defendants finally produce documents, the Rule 30(b)(6) deposition should proceed.

Defendants claim Athena cannot prove defendants breached the settlement agreement and continued to sell counterfeits. But the evidence Athena seeks from defendants is evidence Athena could use to oppose summary judgment.

### 4. The parties have not met and conferred about the summary judgment motion.

Defense counsel did not confer under Local Rule 7–3. Defendants' summary judgment motion states counsel conferred under Local Rule 7–3 on June 7, 2021. No conference then or on any other date mentioned summary judgment. Defendants' discovery responses mentioned "summary judgment," but mentioning "summary judgment" in a discovery objection is not a request to meet and confer.

### 5. The order Athena seeks is fair to both parties.

Athena seeks to strike defendants' summary judgment motion or to delay the hearing until defendants fully comply with any discovery order from the magistrate judge. Defendants cannot complain legitimately because their discovery tactics are delaying discovery. If defendants produce the documents as they are kept in the usual course of business or organized and labeled to correspond to the categories in the request, FED. R. CIV. P. 34(2)(e)(1), Athena will have time to determine which are important to its summary judgment opposition. Athena also could depose AMN's Rule 30(b)(6) witness then.

Defendants suffer no prejudice delaying the hearing on their motion. Requiring them to and produce document they should have done earlier is fair to them.

### 6. Why Athena should not have to rely on Rule 56(d).

FED. R. CIV. P. 56(d) applies when "facts are unavailable to the nonmovant." Here, most facts are unavailable to Athena because defendants' improper objections and their failure to produce documents and answer interrogatories cause why facts are not available. Athena submits the procedure it seeks is the better solution.

Summary Judgment Motion

4

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

## C. CONCLUSION

Defendants use their summary judgment motion as a tactic coupled with improper discovery responses to prevent Athena from the best opposition it can file. Athena requests the court grant its ex parte application.

September 1, 2021

/s/ *Michael Harris*
Michael Harris
SoCal IP Law Group LLP

Attorneys for Plaintiff Athena Cosmetics, Inc.

### CERTIFICATE OF SERVICE

I certify on September 1, 2021, I served the foregoing document "Ex Parte Application under Local Rule 7-19 by Plaintiff Athena Cosmetics, Inc. to (1) Strike Defendants' Summary Judgment Motion [ECF–97] or (2) Set the Hearing on the Motion after Defendants Comply with any Order of Magistrate Judge Kewalramani about Discovery" by email to all counsel registered with CM/ECF on this case, David C Voss, Jr. (dave@vsbllp.com) and to Brandon Bassirbrandon@vsbllp.com and Maria Franco (maria@vsbllp.com).

September 1, 2021

/s/ *Belinda Iriele*
Belinda Iriele