# EXHIBIT2

1  Marina Lang, No. 251,087 mlang@socalip.com
2  Michael D. Harris, No. 59,470 mharris@socalip.com
   Brian Tamsut, No. 322,780, btamsut@socalip.com
3  SoCal IP Law Group LLP
   310 N. Westlake Blvd., Suite 120
4  Westlake Village, CA 91362-3788
5  Phone: (805) 230-1350 • Fax: (805) 230-1355

6  Attorneys for Plaintiff Athena Cosmetics, Inc.

7  David C. Voss Jr., No. 147330 David@vsbllp.com
   Voss, Silverman & Braybrooke, LLP
8  Marina Towers, 4640 Admiralty Way, Suite 800
9  Marina del Rey, CA 90292-6602
   Phone: (310) 306-0515
10 Attorneys for Defendant AMN Distribution, Inc.

11                 **UNITED STATES DISTRICT COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

13

14 | Athena Cosmetics, Inc.,  | Case No. 2:20-cv-05526-SVW-SHK |

15 |     Plaintiff, | Stipulation for Production and Retention of Electronically Stored Information (ESI) |

16 |       v. | Magistrate Judge Kewalramani |

17 | AMN Distribution Inc., et al., | Discovery Cutoff Date: None set |

18 |     Defendant. | Pretrial-Conference Date: November 8, 2021 Trial Date: November 16, 2021 |

19       The undersigned counsel on behalf of their respective clients, all parties to the

20 above-captioned action ("Parties"), agree this stipulated order regarding ESI ("ESI Or-

21 der") will govern the discovery of Electronically Stored Information. This ESI Order

22 provides for effective, efficient, and proportional ESI discovery under the Federal

23 Rules of Civil Procedure. Nothing in this ESI Order alters either Party's rights, obliga-

24 tions, or responsibilities under the Federal Rules of Civil Procedure.

25 **A. DEFINITIONS**

26       1. These terms have the definitions as outlined:

27

28

a. "Document" refers to a collection of pages or file(s) constituting a logical single communication of information produced or inspected as a single record under FED. R. CIV. P. 26 and 34, including hard copy and electronically stored information.

b. "Electronically Stored Information" or "ESI" is defined as that term is under the Federal Rules of Civil Procedure and the precedent interpreting it. As provided in Rule 34, electronically stored information stands on an equal footing with discovery of paper documents and using the terms "document" and "documents" herein will be understood to include electronically stored information.

c. "Custodian" refers to an individual who stores, controls or possesses Documents or ESI.

d. "Non-Custodial Sources" refers to shared ESI and Document repositories not necessarily associated with individual Custodian(s). Examples of Non-Custodial Sources may include, but are not limited to, shared file cabinets, shared network drives or fileservers, electronic document management systems, or databases.

e. "Metadata" refers to: (i) information embedded in or associated with a native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage or validity of the electronic file or (ii) information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

f. "Native Format" means the file structure defined by the original creating application of an electronic document. This file structure is called the "native format" of the document.

g. "Load File" is an electronic file containing information identifying a set of paper-scanned images or processed ESI and indicating where individual pages or files belong together as documents, including attachments, and where each document begins and ends. A Load File should also contain data relevant to the individual Documents, including extracted and user-created Metadata as required by Exhibit A.

**B. SCOPE**

1. Disputes may arise regarding the scope, format, and production of ESI, and the Parties agree that if such issues arise, they will identify the dispute and cooperate in good faith to resolve the issues. If the Parties cannot agree upon the proposed solution, the issues will be submitted to the District Court or Magistrate Judge for decision.

2. The Parties will exchange the following information by a mutually agreeable date, but within seven days before a party's production of any ESI limited by Custodian or search terms:

a. Custodians. For each Custodian most likely to have discoverable ESI, custody or control for whom ESI will be produced, the producing party will disclose the specific ESI sources collected and searched for each Custodian. The Custodians will be identified by name, title, connection to the litigation, and the information under his/her control. Examples of Custodian-specific sources of ESI may include, but are not limited to, ESI stored on 1) individual company-issued or personal devices (e.g., laptops, desktop computers, external hard drives, thumb drives, mobile phones, tablets, etc.); 2) network locations (e.g., email mailboxes, document management systems, network drives); and 3) cloud-based locations (e.g., third party hosted applications such as Gmail.) The parties agree to make a reasonable effort to identify the specific Custodian ESI sources most likely to contain ESI which might include ESI from the example sources listed herein, depending on the storage habits of the individual Custodian.

b. Non-Custodial Sources. For each relevant Non-Custodial Source most likely to have discoverable ESI from which ESI will be produced, the producing party will briefly describe the information stored in the system and the methodology used to identify potentially relevant ESI (e.g., SQL queries, search terms, etc.) from each system.

c. Excluded ESI Sources. Identification of ESI sources which the producing party believes are not reasonably accessible due to undue cost or burden as defined by Rule 26(b)(2)(B).

d. Search Terms. A list of proposed initial search terms ("Initial Search Terms"), to the extent a Party plans to rely on search terms to filter ESI and isolate ESI that is potentially responsive before review or production including the sources of ESI to which the search terms will be applied.

3. The Parties will exchange hit reports by source for the Initial Search Terms in Paragraph 2(d) above, and meet and confer in good faith about any requested modifications to any Initial Search Terms.

4. This Protocol promotes transparency in any culling of ESI and not to obligate the parties to agree to specific search terms or custodians *before* beginning their respective efforts to identify and produce responsive ESI. The parties retain the right to object to the custodians and non-custodial sources, and search terms used by a producing party.

5. Except as otherwise agreed to by the Parties or ordered by the Court, both ESI and hard copy paper files should be produced under the Production Format in Exhibit A. Each Party will use good faith efforts to remove duplicate ESI, including without limitation electronic mail, to reduce unnecessary cost of reviewing and producing duplicative ESI, under the Production Format described in Exhibit A. Files not easily converted to image format, such as Excel files, will be produced in Native Format, and Bates numbered with a page holder as outlined in Exhibit A.

6. Responsive ESI will be produced bearing Bates numbers and designated in conformity with the Stipulated Protective Order.

7. On-site inspections of ESI under FRCP 34(b) will not be permitted, except in exceptional circumstances under court order for good cause.

8. After receiving production of responsive ESI, a receiving Party for good cause may request production of specifically identified documents in Native Format, whereupon the parties will meet and confer in good faith about whether the producing Party will promptly provide the specifically identified documents in Native Format, associating the same Bates numbers with the Native file version of such documents.

---

Stipulation for Production and Retention of ESI

4

Athena Cosmetics v. AMN Distribution
2:20-cv-05526-SVW-SHK