Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Athena Cosmetics, Inc.,<br><br>    Plaintiff,<br><br>        v.<br><br>AMN Distribution Inc., et al,<br><br>    Defendants. | No. 2:20-cv-05526-SVW-SHK<br><br>Ex Parte Application under Local Rule 7-19 by Plaintiff Athena Cosmetics, Inc. to Enter an ESI Protocol<br><br>Magistrate Judge Kewalramani |

Plaintiff Athena Cosmetics, Inc. moves ex parte under Local Rule 7-19 to enter an order for a proposed ESI protocol because defendants AMN Distribution Inc and Moishe Newman refused to meet and confer on the ESI protocol and refused to participate in drafting an email to Your Honor to initiate a prefiling conference. Athena relies on a declaration of Michael Harris and the memorandum of points and authorities accompanying this application.

Mr. Harris compliance with Local Rule 7–19.1 is verified in his declaration.

### MEMORANDUM OF POINTS AND AUTHORITIES

### TABLE OF CONTENTS

A.  Argument ..................................................................................................... 1

   1.  Introduction .......................................................................................... 1

   2.  Defendants refused to negotiate the ESI protocol's terms or participate in the pre-motion conference with Your Honor. ........................... 1

   3.  Defendants are using its failure to produce documents to make Athena's responding to the just-filed summary judgment motion more difficult. ........................................................................... 2

   4.  Your Honor's suggestion to use eDiscovery was a way to avoid having to go through each of defendants' objections and determine what they must produce ................................................................ 2

   5.  Defendants avoided their discovery obligations to make responding to any summary judgment motion more difficult. ........................... 3

   6.  The documents Athena obtained through subpoena are only some documents defendants must produce. ........................................... 4

B.  Conclusion .................................................................................................. 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    ARGUMENT**

### 1.   Introduction

After conferences with Your Honor about defendants' discovery responses, you ruled, "As to the amended RFPs, the parties are to meet and confer with respect to an ESI protocol and search terms, as well as any issues that were not entirely re-solved and if the issues remain then the parties may contact the Court for a further hearing." (ECF–96; 7/28/21). Two days later, plaintiff's attorney sent defense counsel a proposed ESI protocol. Harris Decl. Ex. 1. Defendants refuse to negotiate the proto-col terms. This ex parte application seeks to install that prototype so the parties can use it for document production.

### 2.   Defendants refused to negotiate the ESI protocol's terms or participate in the pre-motion conference with Your Honor.

When defendants' attorney David Voss did not agree with the ESI proposal or offer edits, plaintiff's attorney reminded Mr. Voss on August 6, 11 and 13 to respond to the draft protocol (Ex. 2 and 3). An August 24 email (Ex. 4) is another reminder. It also mentions depositions. An August 26 email (Ex. 5) reminded defense counsel again and recognized without his cooperation, the parties could not resolve the ESI protocol without court intervention. It also included plaintiff's portion of the email Your Honor requests the parties jointly send. It stated:

> You have been postponing agreeing on an ESI stipulation. We must bring the matter before the magistrate judge. Here is our half of the email to him. Please provide your input immediately.
>
> . . .
>
> If you can agree on it, we can avoid the magistrate judge's involve-ment, which is best for both sides. But you've had almost a month with-out any comments about ESI.

Mr. Voss responded on August 31, not with proposed changes to the ESI proto-col but with an email (Ex. 6, portion highlighted) saying he would not agree to eDis-covery because Athena already obtained the documents from third parties and Athena's case was so weak that any further discovery was not warranted.

The parties still have not met and conferred, and Mr. Voss offered no changes to the draft ESI protocol (Ex. 1). His failure forces Athena to move ex parte.

**3. Defendants are using its failure to produce documents to make Athena's responding to the just-filed summary judgment motion more difficult.**

Defendants filed a summary judgment motion on August 30  after the close of business. ECF–97. Athena has or will file today an ex parte application to strike the motion pending rulings from Your Honor on compelling production of defendants' documents.

**4. Your Honor's suggestion to use eDiscovery was a way to avoid having to go through each of defendants' objections and determine what they must produce**

Defendants' previous attorney did not respond to Athena's document requests and interrogatories. After Mr. Voss pointed out that the parties had not agreed to email service of discovery requests, Athena served the requests by mail. Defendants initially objected to every document request and interrogatory. The parties resolved interrogatories with Your Honor's assistance but did not resolve the objections to document requests.

eDiscovery is warranted here. Defendants bought and sold product from many persons and companies. Athena knows the names of most. By using those names as keywords, gathering the documents from defendants document custodians should be straightforward without the custodians making judgments whether documents fall within a request.

**5.   Defendants avoided their discovery obligations to make responding to any summary judgment motion more difficult.**

In this trademark counterfeiting case, Athena seeks documents from defendants and their suppliers and customers because the documents would show who may be working with defendants and their products. That would include emails, letters, contracts and many other classes. Defendants claim to have produced thousands of pages of requested documents. While theoretically true, they overlook their first and only production occurred about a week ago on August 25. See Exhibit 7 (email transmission of documents). Most contain advertising that eBay sends with its order conformations. The email transmission contains no explanation what the documents were or the document request to which it applied. It also claimed the production was Attorneys' Eyes Only. Exhibit 8 contains the first six pages of what defendants produced, and Athena redacted any possible confidential information. The entire production is not Bates numbered, and the left side of the documents are over the left margin and are not visible. The Protective Order (ECF–34) also requires:

> [T]he Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

Defendants marked no pages AEO.

Athena also has three subpoenas out for witnesses affiliated with AMN and Newman. All three share the "Newman" surname too. The depositions seek to establish sales of counterfeit Athena cosmetics. Defense counsel may complain Athena did not clear dates for those depositions. Athena's attorney accommodates Mr. Voss and

witnesses' schedules. Since the witnesses have at least some relationships to defendants, Athena also was concerned that after defendants' attorney reported the depositions to his clients, the client would "suggest" the witnesses avoid being served.

Athena also scheduled a Rule 30(b)(6) deposition of defendant AMN, but defense counsel said he did not receive the notice. Athena is waiting to notice the deposition again because having documents from defendants would make the deposition productive. After eDiscovery starts and defendants finally produce documents, the Rule 30(b)(6) deposition should proceed.

Defendants claim Athena cannot prove defendants breached the settlement agreement and continued to sell counterfeits. But the evidence Athena seeks from defendants is evidence Athena could use to oppose summary judgment. No authority supports refusing to answer or produce documents because a party claims the other party's claims are weak. *See Castillo v. Bank of Am. N.A.,* No. 8:17-cv-00580-DOC-KESx, 2018 U.S. Dist. LEXIS 226851, at *13 (C.D. Cal. Sep. 28, 2018) (court overruled Bank's objection based on plaintiff's case being weak).

## 6.   The documents Athena obtained through subpoena are only some documents defendants must produce.

Defendants claim they would only produce the documents Athena already received from Walmart, eBay and PayPal. Not so, and where is the evidence? Those companies would not have internal emails from defendants to customers and suppliers that defendants must produce. Those emails would be relevant to show a conspiracy among defendants, the other "Newmans" and their suppliers and customers to sell counterfeit Athena goods.

Defendants also claim they purchased legitimate Athena goods, but emails, which go beyond purchase orders and invoices to and from those suppliers, could confirm or refute that claim

**B.    CONCLUSION**

Document production must proceed, and eDiscovery is the best way to have full production. Athena requests the court grant its ex parte application.

September 1, 2021                          /s/ *Michael Harris*
                                          Michael Harris
                                          SoCal IP Law Group LLP

                                          Attorneys for Plaintiff Athena Cosmetics, Inc.

**CERTIFICATE OF SERVICE**

I certify on September 1, 2021, I served the foregoing document "Ex Parte Application under Local Rule 7-19 by Plaintiff Athena Cosmetics, Inc. to Enter an ESI Protocol" by email to all counsel registered with CM/ECF on this case, David C Voss, Jr. (dave@vsbllp.com) and to Brandon Bassirbrandon@vsbllp.com and Maria Franco (maria@vsbllp.com).

September 1, 2021                          /s/ *Belinda Iriele*
                                          Belinda Iriele