# EXHIBIT 6

**Michael Harris**

| | |
|---|---|
| **From:** | David Voss <David@vsbllp.com> |
| **Sent:** | Tuesday, August 31, 2021 3:23 PM |
| **To:** | Michael Harris |
| **Cc:** | Marina Lang; Anneliese Lomonaco; Maria Franco |
| **Subject:** | RE: Athena v. AMN A062.L20369 |

Mr. Harris:

Despite my repeated efforts to advise you on my out of town dates from my anniversary trip, I did return yesterday. I had to refile the MSJ now – more than two and one-half months after the ruling we could refile – because it was the last possible date to file and get the motion heard before the Rule 16 pretrial conference. There would be no point in proceeding with that work on behalf of our clients if the motion is granted. Honestly, you now have 1400+ pages of documents from us, over 1000 you had already and another 9000+ pages of documents from third parties pursuant to subpoenas.

Since in summary our MSJ contends an absence of evidence of a post-settlement sale of infringing products, are you admitting that even with over 12,000 pages of documents tracking all of our sales data you can't produce anything at all to prove that to the court? You still need more discovery because you literally have nothing?

More than two and one-half months have passed and there is ongoing dispute stemming from the discovery you raised to the court previously by way of your ex parte. You have your rogs and you have your docs. I am not aware of you filing a Motion to Compel that waits to be resolved. You have not filed one because your complaints with our discovery responses were in the vast majority rejected or otherwise resolved – most often because you agree that our responses were appropriate when asked by the Magistrate Judge.

Documents: The biggest complaint you had was with our general objections – and it was pointed out to you by the Magistrate Judge that your firm had done exactly the same thing in its responses including the same statement that it was producing notwithstanding the objections. A huge number of your document requests were directed at affirmative defenses that do not even exist in our Answer to the First Amended Complaint. We subsequently discussed the document requests during our meet and confer and as I told you, I was obtaining the documents already. We agreed to give you the lease and other documents and pursuant to our meet and confer we have so provided them to you. I even got a letter directly from the Eastern European supplier confirming its supply of product to AMN! I thought Ms. Lang would be happy to see that confirming them state that in writing exactly as disclosed in our schedule to the Settlement Agreement – we really did not make them up as you can see! In order to avoid any delay, I asked Maria to send them to you directly without waiting for my final review. I agree they need bates stamping, but again my effort was to get them to you without delay while I wasn't even here. Obviously we can add bates stamps and this hardly amounts to an ongoing discovery dispute.

Interrogatories: There is no dispute at all regarding the Responses to Interrogatories! Some of your rogs were deemed impermissibly vague by the Magistrate Judge and our other responses were deemed appropriate (such as our reference to Schedule 1 and 2 of the Settlement Agreement) with the very minor stipulation on my part to clarify that the one job we identified for Mark Newman was his *only* employment even though no others were identified. I served you with that limited amendment.

Motion to Bifurcate: I gave the exact dates on which we met and conferred on the Motion to Bifurcate in my declaration – and we even discussed it in our post-conference meet and confer.  One of those was DURING our last conference with Magistrate Judge Kewalramani when we discussed with him the prospect that an order to bifurcate discovery would be helpful on a number of your requests – in particular including but not limited to requests related to your attempted forensic accounting of my client and his financial condition.  Since you don't seem to recall that discussion, perhaps this will refresh your memory:  I even went so far as to confirm with him that there was not a need to come back to him pursuant to his procedure #4 and he said I did not – that I should file it directly with the court.  I quite clearly said that we would so file as directed.

New Request for eDiscovery: Regarding your latest effort to expand discovery even further by adding eDiscovery, my position has not changed since we both stipulated that the parties would not conduct eDiscovery.  It is my opinion that eDiscovery is not warranted nor beneficial here.  I note that you have already gone directly to the third parties we sold through and obtained many thousands of pages of documents directly from them.  Duplicating that through us benefits no one, adds cost and would be unilateral.  But this is a new issue – not an ongoing dispute that existed when the court issued its order on your ex parte.  The Magistrate Judge did suggest to me that it might be beneficial to AMN to consider this.  I represented to him that I needed to inquire further about the information systems in use and that I believed in large part they relied upon third parties for taking orders and tracking. You have gone to Walmart and eBay with subpoenas already.  I provided you with all of the actual fulfilled orders from the system and did not even redact the customer info!  There simply are no sales made after the Settlement Agreement was executed – in fact the sales stopped a couple of months earlier – a fact you can now confirm with the documents obtained from Walmart and eBay!

Finally, as we pointed out to you in our Rule 11 warning letter, it is your duty to have had a basis for making your allegations – especially as it pertains to your new claims advanced in the First Amended Complaint.  You had nothing then and no amount of additional time and extraordinary expense is going to result in finding proof of that which never existed.  If you can prove we sold goods after the Settlement Agreement, let's see it.

This claim was settled.  We paid the money, we sent you the remaining inventory and most importantly, we stopped selling the product.  This lawsuit serves no legitimate purpose.

Sincerely,
David Voss

P.S.  Ms. Franco is Mr. Braybrooke's secretary and other than occasionally assisting me in sending you things when I am out of the office, she has no involvement in the case.  You have my cell phone – use it as needed.  I do have some time this week tomorrow and Thursday if you want to discuss anything.



**From:** Michael Harris <MHarris@socalip.com>
**Sent:** Tuesday, August 31, 2021 9:42 AM
**To:** David Voss <David@vsbllp.com>
**Cc:** Marina Lang <mlang@socalip.com>; Anneliese Lomonaco <alomonaco@socalip.com>; Maria Franco <maria@vsbllp.com>
**Subject:** Athena v. AMN A062.L20369

David,

We demand you withdraw your summary judgment motion. Judge Wilson's July 13 order states, "Defendants motion for summary judgement is stricken without prejudice to refiling after the discovery dispute and motion to compel are resolved by the magistrate judge." The magistrate judge has not resolved our discovery dispute.

We will move ex parte today if you do not withdraw your motion by **1:00 p.m. today**.

We also note you filed your motion after the close of business yesterday after your were unavailable for more than the previous week. Stop game-playing. We also did not meet and confer on the motion.

Since you did not respond to any of my communications regarding eDiscovery, we also will move ex parte to force a conference with the magistrate judge.

Finally, through you threatened moving to bifurcate discovery, we did not meet and confer on that earlier.

Michael D. Harris
SoCal IP Law Group LLP
310 N. Westlake Blvd., Ste. 120
Westlake Village, CA 91362-3788
  1332 Anacapa St., Suite 201
  Santa Barbara, CA 93101
Direct Phone (805) 497-3488
Office Phone (805) 230-1350
Fax (805) 230-1355
Cell (818) 590-5540
mharris@socalip.com
http://www.socalip.com