DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION STRIKING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT** <br><br> Place:  Courtroom 10A <br>           First Street Courthouse <br>           350 W. 1st Street, 10th Floor, <br>           Los Angeles, California 90012 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY

Defendants respectfully submit that Plaintiff is in a materially different position today than it was in July with respect to its ability to respond to a straightforward "absence of evidence" Motion for Summary Judgment.

Since that time, **Plaintiff has obtained approximately 9,000 pages of documents by means of third-party subpoenas to Walmart and eBay that are original sources of product orders placed by customers**. If there were any sales of infringing product post-Settlement Agreement, Plaintiff would have it right from the source. There has been nothing to prevent Plaintiff from having served as many third-party subpoenas as it wanted in the over one year this case has been pending.

When Defendants last filed this Motion for Summary Judgment, Defendants ex parte was granted to allow Magistrate Judge Kewalramani the opportunity to sort through alleged discovery disputes. Magistrate Judge Kewalramani took extensive time to go through each and every document request and interrogatory with counsel. Although this is also addressed this in our moving papers, following the conference with Magistrate Judge Kewalramani and his rulings, **Defendants have in fact fully produced over 4,700 pages of responsive documents**.[1] With respect to interrogatories, Magistrate Judge Kewalramani either upheld objection to the question or found that there were valid and appropriate responses. We agreed to and did clarify one answer to

---

[1] Plaintiff's issues with the quality of the document scans have been fixed and new scan provided to Plaintiff. In order to avoid delay of waiting for his return from out of the country, Mr. Voss directed it be sent to Plaintiff's counsel without review or delay. It has now been rescanned to fix the cutoff of maybe 1/16th inch of the text on the left side of a minority of the pages and added the watermark for Attorneys Eyes Only and Bates numbering. The AOL designation is pursuant to marketplace agreement requirements of Walmart et.al. not to disclose customer information. There are no new or changed documents.

state that the one job identified was the only job Newman had.  **There is not one single interrogatory that has not been answered**.

Of course, it is well settled that Plaintiff was required to have a basis for its allegations in hand at the time it filed the First Amended Complaint alleging post-Settlement Agreement sales.

Plaintiff continues to want to delay by claiming it has more discovery it wants to do – including three depositions that it unilaterally withdrew only yesterday and a 30(b)(6) deposition it admits it hasn't even noticed yet.  Ex Parte Application re: ESI Protocol [ECF #101] p.4 lns. 5-8.

Defendants are only asking that if Plaintiff has any evidence showing post-Settlement Agreement sales of infringing products, show it!  In the alternative, Defendants are being forced to continue to defend a lawsuit the substance of which was resolved by means of a Settlement Agreement that had been reached before the suit was filed.

Defendants respectfully suggest that if Plaintiff is still empty handed despite the many thousands of pages of documents it has obtained in the since the court last gave it more time; it is time to let Plaintiff move on with the settlement it thought it had bargained for.  Defendants paid the money, returned the inventory and stopped selling the product.  They did not expect to litigate the claims anyway.

## II. INTRODUCTION

Defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Newman" and collectively, "Defendants") filed and served a summary judgment motion on July 2, 2021 (Dkt. 88), as to the first amended complaint of plaintiff Athena Cosmetics, Inc. ("Plaintiff" or "Athena").   The motion was then stricken upon an ex parte application from Plaintiff in an order issued by this Court on July 13, 2021, in which the Court:  (1) ordered Plaintiff to "file a motion to compel, which will be resolved by the magistrate judge";  and (2) struck Defendants' motion "*without prejudice* to refiling after the discovery dispute and motion to compel are resolved by the magistrate judge." (Dkt. 93)

(emphasis added).  As explained in greater detail below, the parties subsequently held an additional discovery conference with Magistrate Judge Kewalramani, Defendants then produced several thousand pages of documents to Plaintiff, and also supplemented their written discovery responses as directed by the Magistrate Judge.  **Plaintiff has not filed a motion to compel.**

To date, Plaintiffs have also failed to identify specific instances of the breaches alleged in their First Amended Complaint ("FAC") in their written discovery responses even after Magistrate Judge Kewalramani noted the shortcoming of those responses at the end of July.

Consequently, Defendants respectfully request that Court keep Defendants' summary judgment motion on calendar and currently noticed.  Phase 1 of the bifurcated jury trial on Plaintiff's contract claim has been set for November 16, 2021, with a pre-trial conference set for November 8, 2021.  Defendants have specifically noticed their summary judgment motion for September 27, 2021 so that it heard prior to the last day for the parties to meet and confer with respect to their obligations under Local Rule 16-2, the deadline for which is September 29, 2021.  This was done for the obvious reason that the parties should not be spending time and money preparing for trial if the Motion for Summary Judgment is granted. **[NOTE: Defendants just saw the court's notice of continuance of the MSJ to October 4 and respectfully request the deadline under Local Rule 16-2 and related pre-trial filing deadlines also be continued commensurate with this continuance.]**

On a procedural level, Plaintiff's application can and should be readily rejected by this Court as not requiring extraordinary and immediate relief because Plaintiff has a remedy under Federal Rule of Procedure 56(d).  Rule 56(d) specifically provides that where, as here, a party claims that it requires additional discovery to oppose a motion for summary judgment, it can raise that ground in the opposition itself by submitting the requisite supporting declaration.  Plaintiff has offered no justification or authority that would permit the Court to abandon Rule 56(d).

On a substantive level, Plaintiff's characterization of the present situation as one in which Defendants' have prevented Plaintiff from conducting discovery that could validate Plaintiff's breach of contract claims is a false narrative. *First,* Plaintiff has had over a year to conduct third party discovery. Indeed, the third-party subpoenas that it mentions in its application were not served until *after* Plaintiff was prompted to do so by the filing of Defendants' summary judgment motion. Voss Decl., ¶ 15, Exh. 8. *Second,* and more to the point, it has always been Defendants' suspicion that Plaintiff filed this action in bad faith in violation of Rule 11 for the sole purpose of conducting discovery to obtain documents and information it could then use in litigation against third parties. This suspicion has been validated by Plaintiff's failure to even *identify* the alleged omissions or inaccurate disclosures or a single post-settlement sale of counterfeit goods by Defendants in its multiple iterations of initial disclosures and initial and amended interrogatory responses.

Equally damning, in a pre-litigation e-mail from Plaintiff's counsel, Plaintiff demanded the same documentation – for which it did not bargain for or was otherwise entitled under the settlement agreement – that it now seeks through discovery in this action. Given that e-mail and plaintiff's inability and unwillingness to provide any evidence in support of its contract claim, this appears to be the rare case where Plaintiff's commenced this action in violation of Rule 11, without any evidence to support its claim, for the sole purpose of using it as a vehicle of discovery to obtain documentation to use against a third party in separate litigation.

Under such circumstances, Plaintiff's application should be denied and Defendants should be permitted to proceed with their summary judgment motion as noticed. There is no principle of law that dictates that Plaintiff should be permitted to engage in a fishing expedition to support a frivolous claim or that Defendants should be prevented from crying foul and presenting the issue to the Court by bringing a summary judgment motion and objecting to further discovery.

## III. SUBSEQUENT DISCOVERY DEVELOPMENTS FAVOR HAVING DEFENDANTS' MOTION HEARD AS PRESENTLY NOTICED

As noted above, Plaintiff now has approximately 9,000 pages of documents obtained directly from websites where Defendants held out the products for sale and where a customer would place its order. Pursuant to protective order, Defendants have also produced over 4,700 documents including the actual order receipts showing complete customer information for each and every sales transaction. That these third-party subpoenas yielded no documentary proof of sales after the settlement agreement just goes to substantiate Defendants position that it stopped sales in compliance with the Settlement Agreement.

These approximately 14,000 pages of documents were not in Plaintiff's possession when the court ordered that the present Motion for Summary Judgment could be refiled upon resolution of the alleged discovery disputes. Defendants have now provided all interrogatory responses and responsive documents following our conference with Magistrate Judge Kewalramani.

Plaintiff incorrectly represents that "most facts are unavailable to Athena because of improper objections and their failure to produce documents and answer interrogatories." It is important to understand that Athena has the primary source material in its possession directly from Walmart and eBay – Defendants made no objection to those subpoenas. This is also critical to Athena's argument on Rule 56(d) in that the documents to prove their case – if they existed – are available directly from these third parties and not exclusively available through discovery to Defendants.

## IV. RULE 56(d) DICTATES THAT THIS ISSUE BE DECIDED IN THE CONTEXT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION, RATHER THAN AN EX PARTE APPLICATION

This department's guidelines clearly provide that ex parte relief is only appropriate when "extraordinary relief is necessary." The Federal Rules have already contemplated and provided a remedy for the concern raised by Plaintiff, rendering the ex

parte relief sought by Plaintiff unnecessary and inappropriate. Specifically, Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. Proc., Rule 56(d).

In other words, Plaintiff's proper response is to file the requisite declaration *as part of its opposition to its motion for summary judgment*. If Plaintiff can establish that its concerns are valid after Defendants have the opportunity to respond to the same, the Court can then take one of the actions authorized by Rule 56(d). Plaintiff has given short shrift to Rule 56(d), simply stating that it believes that Plaintiff's own unauthorized procedure "is a better solution." Plaintiff's belief that it has a better solution does not justify the abandonment and abrogation of the Federal Rules of Civil Procedure.

Likewise, Plaintiff's argument that "[t]he pending motion to compel by itself is grounds for denying summary judgment" is disingenuous. As Plaintiff itself concedes, *there is no pending motion to compel*. Moreover, none of the cased cited by Plaintiff in support of that argument discuss, or even suggest, that the issue should be decided in the context of an ex parte application rather than under Rule 56(d).

Finally, Plaintiff is attempting to by-pass the rigorous requirements of Rule 56(d). The Rule 56(d) declaration must demonstrate: (1) "facts indicating a likelihood that controverting evidence exists as to a material fact"; (2) "specific reasons why such evidence was not discovered or obtained earlier in the proceedings (i.e., 'good cause')"; (3) "the steps or procedures by which the opposing party proposes to obtain such evidence within a reasonable time"; and (4) "an explanation of how those facts will suffice to defeat the pending summary judgment motion (i.e., to rebut the movant's allegations of no genuine issue of material fact)." Rutter Group Prac. Guide, Fed. Civ.

Pro. Before Trial Ch. 14-C, Procedural Requirements—Opposing Party, Ch. 14-C at §14.114. Plaintiff has not complied with the foregoing requirement, failing to explain, for example, its failure to send out the third party subpoenas a year after the commencement of this action and until *after* Defendants filed their summary judgment motion. Voss Decl., ¶ 15, Exh. 8. As discussed below, Plaintiff has also failed to explain why it cannot rely on the information it was required under Rule 11 to have in its possession at the time it filed its original and amended complaints.

## V. DEFENSE COUNSEL SATISFIED ITS OBLIGATIONS UNDER LOCAL RULE 7-3

Contrary to the assertion by Plaintiff's counsel, Defendants' counsel had a specific telephone conversation with Plaintiff's counsel on June 7 in which Defendant's counsel discussed Defendants' intent to file a summary judgment motion based on Plaintiff's lack of evidence. Voss Decl., ¶ 3. Defendants' motion was even a subject of discussion back in April 2021 when the parties filed a stipulation for a continuance that specifically mentioned the "intent of the parties to file summary judgment motions" (Dkt. 80, p. 4, ¶ 19) and in early June of 2021 when Defendants filed their *unopposed* motion for a continuance in which they again expressed their intent to file a summary judgment motion. (Dkt. Nos. 83, 83-2, page 3, ¶ 10). The parties also discussed the motion in the context of a new Rule 26(f) conference held on May 19, 2021 at the suggestion of Magistrate Judge Kewalramani, which resulting in the filing of Joint Rule 26 Report on May 28, 2021 that specifically mentioned Defendants' intent to file a motion for summary judgment motion. (Dkt. 82, p. 3 lines 16-21, p. 5 lines 11-16.

As an aside, it should also be noted that Defendant's counsel has repeatedly voiced his concern to Plaintiff's counsel that Plaintiff filed its complaint and amended complaint without any supporting evidence throughout the course of this litigation. Voss Decl., ¶ 4. Indeed, this became a topic of discussion in the wake of Plaintiff's initial disclosures, which failed to provide any evidence in support of Plaintiff's breach

of contract claim or any resulting damages as part of its initial disclosures. Voss Decl., ¶ 4.

## VI. PLAINTIFF HAS MISCHARACTERIZED THE STATUS OF DISCOVERY TO MASK THE FACT THAT IT FILED ITS COMPLAINT IN BAD FAITH WITH UNSUPPORTED CLAIMS TO ENGAGE IN A FISHING EXPEDITION

### A. It is Plaintiff, Not Defendant, Who Has Been Hiding the Ball by Failing to Come Forward With Any Evidence In Support Of Its Breach Of Contract Claim

Again, it is Defendants' position that Plaintiff's concerns, if justified, are best resolved through Rule 56(d). However, if the Court deems it necessary to go down this road, it is important that it be aware of the relevant facts. Defendants have long suspected that Plaintiff filed the instant complaint without any evidence in order to engage in a fishing expedition to obtain documents and information for use in third party litigation to which it was not otherwise entitled under the parties' settlement agreement. This lack of evidence is discussed in great detail in Defendants' motion (Dkt. 88, pages 8-11, 13-18) and will not be repeated in full here. However, for the convenience of the Court, Defendants offer a few highlights:

- Plaintiff has failed to identify a single inaccurate on incomplete disclosure upon which it bases its breach of contract claim in response to specific interrogatories on this issue. Voss Decl., Exh. 4, pp. 5-13, Interrogatory Resp., Nos. 1-7; Exh. 6, pp. 5-7, Amended Resp. Nos. 1-7. Instead, Plaintiff merely offered "non-responsive" responses, contending that it has produced non-privileged materials "sufficient to respond" to each interrogatory."
- Plaintiff has failed to identify a single sale of counterfeit Athena goods by Defendants after the execution of the parties' settlement in response to specific interrogatories on this issue. Voss, Decl., Exh. 4, pp. 13-20, Interrogatory Resp. No. 8-12, Exh. 6, pp. 7-9, Amended Interrogatory Resp. No. 8-12.

- Not only has Plaintiff failed to provide any substantive responses to interrogatories on it contract damages claim, but it failed to provide the requisite damages calculation and supporting document in its multiple Rule 26(a) disclosures.  Voss Decl., Exh 1 , p. 4, Exh. 2 p. 4, Exh 3, p. 6. Voss Decl., Exh. 4, pp. 20-23, Interrogatory Resp. Nos. 13-15; Exh. 6, pp. 9-10, Amended Interrogatory Resp. Nos. 13-15.

Plaintiff's failure to be able to identify these crucial facts suggests that it lacked a good faith basis for filing and amending its complaint under Rule 11, which provides that the attorney signing a pleading certifies "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the factual contentions have evidentiary support" unless they are "**specifically so identified**" that they "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. Proc., Rule 11(b)(3). Yet, Plaintiff has not specifically so identified such allegations in its First Amended Complaint. Yet, in opposing Defendants Motion to Dismiss, Defendants represented to the court months ago that "*Defendants also continue selling counterfeit and infringing Athena cosmetics*, so even if the release remained effective, it only releases infringements before the effective date of the agreement. The complaint also properly pled factual allegations that *defendants sell counterfeit goods, which include counterfeits defendants sold after the agreement*." Plaintiff's Opposition to Motion to Dismiss – Dkt. 67, p.5, lns 21-25 (emphasis added).  If the Plaintiff has such evidence as they claimed and asserted in the First Amended Complaint, it should be able to present it in opposition to the Motion for Summary Judgement without further delay.

### B.   Plaintiff has an Improper Purpose for Seeking Discovery

A May 25, 2020 pre-litigation e-mail from Plaintiff's counsel to AMN's prior counsel also strongly suggest that the litigation was filed for the improper purpose of obtaining, through discovery, documents and other information to which Plaintiff was not entitled under the settlement agreement. In that e-mail, which references the "Fully

1  Executed Settlement With Schedules" in that are at the heart of this litigation in its
2  subject line, Ms. Lang states:

> "We discovered from our associate in the Czech Republic that LinkAmerica II. s.r.o. (identified in your client's Schedule 1) is a well-known manufacturer/seller/exporter of cosmetic counterfeit goods of other companies, that has also previously been prosecuted in that country. Given the volume of units sold to your client, which exceed 200k in lost profits, we have decided to initiate formal legal proceedings in that country.
>
> We would appreciate further evidence from your client to support this foreign prosecution, such as any and all business documents between the two entities (e.g. contracts, invoices, emails, certificates of delivery). For the sake of clarification, this is just for use in the prosecution of LinkAmerica in the courts of the Czech Republic."

Notably, Ms. Lang does not indicate that Plaintiff could not contact or identify the purported counterfeiter based upon the schedules provided pursuant to the settlement agreement. She also does not state that Defendants have breached the agreement. Instead, she makes a demand for *additional information not required by the Settlement Agreement.* When Defendants failed to provide the information, Plaintiff commenced the instant action a few weeks later (Dkt. 1) and then sought the same information through discovery in this action!

### C. **Plaintiff Has Mischaracterized Defendants' Response to Discovery**

Given the above context, it is understandable why Defendants have interposed legitimate objections to discovery. As noted in the outset of this opposition, there is no principle of law that dictates that Plaintiff should be permitted to conduct discovery to support a frivolous claim or that Defendants should be prevented from crying foul and presenting the issue to the Court by bringing a summary judgment motion and objecting to further discovery.

Plaintiff is, to a large degree, seeking to put the cart before the horse.  Plaintiff has failed to provide any evidence in support of its contract claim and damages in its written interrogatory response and initial disclosures.  To this day Plaintiff still refuses to even identify in discovery the alleged post-settlement agreement sales that took place and the purported omissions or inaccuracies in the disclosure even in the instant application!

Given these glaring deficiencies, Defendants should be entitled to proceed with their summary judgment motion and cut-off further discovery given what appears to be the baseless nature of Plaintiff's claim.

If Defendants would be entitled to summary judgment with respect to these claims, Defendants point out that this would dispose of Plaintiff's claims, thereby obviating the need for the Court to determine whether Athena is entitled to discovery over objections such as the trade secrets privilege asserted by AMN.

Defendants also take note of the well-known ruling in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, [] it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

### D.     **Invalid Discovery Is No Excuse**

In addition, Plaintiff's assertion that Defendant AMN improperly failed to appear for a 30(b)(6) deposition purportedly noticed for June 4 is simply incorrect.  Plaintiff originally "served" the 30(b)(6) deposition notice in the fall of 2020 with its other discovery prior to the Defendants' current counsel substituting into this action.  As Plaintiff admits in its application, Magistrate Judge Kewalramani subsequently ruled that service of the discovery was invalid.  Defendants were never served with a new deposition notice notwithstanding Plaintiff's protestations to the contrary.  Voss Declaration, ¶ 17.  Plaintiff tries to excuse this shortcoming with an e-mail sent by a paralegal regarding a 30(b)(6) deposition but Defendants thought this was in connection with deposition previously noticed for Walmart, not AMN, as Defense counsel explained in a subsequent e-mail to which Plaintiff's counsel never replied prior to the

commencement of the deposition.  Voss Decl., ¶ 17, Exh. 10.  The fact of the matter is that Defendant's counsel did appear via videoconference at the deposition, expecting it to go forward with Walmart. Voss Decl., ¶ 17.

Plaintiff's version of events is also undermined by two facts.  First, as required by Rule 30(b)(6) before any such deposition even could go forward, Plaintiff never met and conferred regarding the deposition topics.  Of course, one would have expected such meet and confer to have taken place if it had indeed served a 30(b)(6) deposition notice on AMN.  Second, Plaintiff knew that the person to be produced in response to such a deposition notice, defendant Moishe Newman, resided in and was present in Melbourne metropolitan area of Australia as a result of Mr. Newman's prior motion to set aside the default judgement taken against him (Dkt. 47) and the unopposed application to continue the trial date that was specifically based, in part, on Mr. Newman's presence in Australia. (Dkt. 83).  Yet, Plaintiff claims to have noticed the deposition for 9:00 a.m. California time on June 4, which would have been 2:00 a.m. on Saturday morning at Mr. Newman's local time. It defies logic that Plaintiff believed it had legitimately noticed and had an expectation that a deposition was going to take place under those circumstances.

Plaintiff has also mischaracterized Defendants' discovery responses, stating that they have answered no interrogatories and have refused to produce documents. Such is not the case, as evidenced by exhibits attached Plaintiff's own application. *See e.g.,* Dkts. 91-7, Responses 1-6; Dkts. 91-6, Responses 15, 19, 20, 21, 24, 25, 32, 46-48, 50. In addition, nearly half of the of the document requests were with respect to affirmative defenses that Defendants *did not even assert in their answer* to Plaintiff's first amended complaint.  *See e.g.,* Dkts. 91-6, Responses 33-45, 54, 55, 56.  It should be also noted that Defendant's summary judgment motion does not assert affirmative defenses as a basis for its motion; rather, it is Plaintiff's lack of evidence to support its own claims.

## VII. PLAINTIFF'S ADDITIONAL SOUGHT E-DISCOVERY GOES TO PHASE TWO OF TRIAL – NOT THE ISSUES IN PHASE I

Taken from the Ex Parte Application for ESI [ECF #101] filed concurrent with this application, Plaintiff makes clear the information it seeks does not go to the issues in the instant Motion for Summary Judgment; to wit:

> "In this trademark counterfeiting case, Athena seeks documents from defendants and their suppliers and customers because the documents would show who may be working with defendants and their products." Ex Parte Application re: ESI Protocol [ECF #101] p.3, lns. 3-5

> "Those emails would be relevant to show a conspiracy among defendants, the other "Newmans" and their suppliers and customers to sell counterfeit Athena goods." Ex Parte Application re: ESI Protocol [ECF #101] p.4, lns. 21-23

> "Defendants also claim they purchased legitimate Athena goods, but emails, which go beyond purchase orders and invoices to and from those suppliers, could confirm or refute that claim." Ex Parte Application re: ESI Protocol [ECF #101] p.4, lns.

None of these issues has to do with whether Defendants breached the settlement agreement and as such claiming it needs this additional discovery is a red herring as it pertains to the issues raised by the Motion for Summary Judgment.

## VIII. CONCLUSION

In bringing the instant Ex Parte Application Plaintiff is effectively admitting that it currently – one year into the litigation – does not have even the minimal evidence needed to overcome a Motion for Summary Judgment, notwithstanding their duties per Rule 11 and representations to the court that they had such information in hand.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's ex parte application

DATED: September 3, 2021  DAVID C. VOSS, JR.
VOSS, SILVERMAN & BRAYBROOKE, LLP

By: _____
David C. Voss, Jr.
Attorneys for Defendants AMN DISTRIBUTION, INC. and MOISHE NEWMAN