DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman and
AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE,<br><br>Defendants | Case No. 2:20-cv-05526-SVW-SHK<br><br>**DECLARATION OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION STRIKING DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT**<br><br>Place: Courtroom 10A<br>First Street Courthouse<br>350 W. 1st Street, 10th Floor,<br>Los Angeles, California 90012 |

# DECLARATION OF DAVID C. VOSS, JR.

I, David C. Voss, Jr., declare:

1. I am an attorney, duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California. I am the managing partner of the law firm of Voss, Silverman & Braybrooke LLP, counsel for defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" and collectively, "Defendants.") As lead trial counsel for Defendants in this matter, I am familiar with the pleadings and files in this matter, including the initial disclosures and discovery exchanged by the parties. Unless otherwise stated, I have personal knowledge of the facts set forth herein which I know to be true and correct and, if called as a witness, I could and would competently testify with respect thereto.

2. I submit this declaration in opposition to the ex parte application of plaintiff Athena Cosmetic's Inc. ("Athena" or "Plaintiff") to strike Defendants' motion for summary judgment which Defendants filed on August 30, 2021.

3. As acknowledged in Defendants' summary judgment motion (Dkt. 97) (the "SJ Motion") and the supporting Declaration of David C. Voss, Jr. (Dkt. 98), Defendants originally filed the SJ Motion on July 2, 2021. (Dkt. 24). In response to an ex parte application (Dkt. 91) filed by Plaintiff, the Court issued an order on July 13, 2021: (1) ordering Plaintiff to "file a motion to compel, which will be resolved by the magistrate judge"; (2) striking Defendants' motion "without prejudice to refiling after the discovery dispute and motion to compel are resolved by the magistrate judge." (Dkt. 93).

4. After the issuance of the foregoing order, the parties subsequently had a telephonic discovery conference with Magistrate Judge Kewalramani on July 28, 2021 to discuss, among other things, Plaintiff's claimed discovery issues. Plaintiff has not filed a motion to compel as a result of that conference.

5. There were only two discovery matters for substantive discussion: AMN's responses to Plaintiff's First Set of Interrogatories and First Request for Production of Document. With respect to the former, the Magistrate Judge indicated that AMN gave

proper responses with the minor stipulation to add a single sentence clarifying that AMN was Newman's only employer, which AMN did in supplemental responses served on Plaintiff. With respect to the latter, there were a substantial number of completely irrelevant document requests relating to the affirmative defenses to the original complaint that were superseded by affirmative defenses asserted in Defendants' answer to the amended complaint. There were also a number of objections that the Magistrate Judge indicated were proper despite Plaintiff's complaints thereto.

6. Defendants further met and conferred with Plaintiff's counsel and subsequently produced over 4700 pages of responsive documents on August 25, 2021. In order to avoid delay of waiting for his return from out of the country, Mr. Voss had directed it be sent to Plaintiff's counsel without review or delay. Plaintiff complained of issues with the quality of the document scans which have been fixed and new scan provided to Plaintiff on September 3, 2021. It has now been rescanned to fix the cutoff of maybe 1/16" of the text on the left side of a minority of the pages, and added the watermark for Attorneys Eyes Only and Bates numbering. The AOL designation is pursuant to marketplace agreement requirements of Walmart et.al. not to disclose customer information. There are no new or changed documents.

7. In addition, since the first filing of this motion for summary judgment, Plaintiff has also obtained approximately 9000 pages of documents from third parties (recently made available to my firm by Plaintiff's counsel) in its unsuccessful quest to establish that Defendants breached the Settlement Agreement by continuing to sell infringing products after executing the Settlement Agreement.

8. During the latest conference held with Magistrate Judge Kewalramani on July 28, 2021, I raised the issue of bifurcating discovery in order to streamline the litigation process and eliminate the expenditure of time and resources on matters which could very well be mooted by a resolution of Plaintiff's contract claim. Magistrate Judge Kewalramani informed me that any such motion should be filed directly with this

DECLARATION OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

department. Defendants filed the bifurcation motion concurrently with the SJ Motion filed on August 30, 2021.

9. The issue of bifurcation of discovery was also discussed with opposing counsel during the Rule 26(f) meeting held on May 19, 2021 and is expressly memorialized in the Joint Rule 26(f) Report filed with the court on 5/28/21 (Dkt. 82) filed jointly with Athena's counsel; to wit:

> "Defendants contend that discovery should completed in phases, consistent with this Court's order dated April 1, 2021(Dkt. 74), bifurcating the trial into two phases with Plaintiff's breach of settlement agreement claim to be tried prior to Plaintiff's trademark infringement and common law unfair competition claims. Defendants also believe that any discovery related to punitive damages should be delayed until after a ruling on their anticipated motion for summary judgment or after the trial of Phase I, given that: (1) there is only a single claim for relief (the fifth claim for common law unfair competition) under which Plaintiff may potentially recover punitive damages; (2) that claim will not be reached unless Plaintiff first prevails on its breach of settlement claim." p.3 lns. 13-21"

10. Phase 1 of the bifurcated jury trial on Plaintiff's contract claim has been set for November 16, 2021, with a pre-trial conference set for November 8, 2021. I filed the SJ motion on behalf of defendants on August 30 and noticed for hearing for September 27, 2021 so that it may be heard prior to the last day for the parties to meet and confer with respect to their obligations under Local Rule 16-2, the deadline for which is September 29, 2021.

11. Contrary to the assertion of Plaintiff's counsel, I met and conferred with them regarding the SJ Motion when it was originally filed on July 2, 2021 (Dkt. 88). Specifically, I discussed it during a phone call that I had with Mr. Harris on June 7 and reiterated in subsequent communication with him. In fact, throughout this litigation I have had repeated conversations with Plaintiff's counsel even including during conference with Magistrate Judge Kewalramani in which I told them Defendants

intended to bring a motion for summary judgment based upon lack of evidence. The subject of Defendants' motion for summary judgment was also discussed in the context of the parties' stipulation for a continuance (Dkt. 80), Defendants' subsequent unopposed application for a continuance (Dkt. 83, 83-2), and the Rule 26(f) conference held May 19, 2021, which resulting in the filing of a the above-reference Joint Rule 26 Report on May 28, 2021 that specifically mentioned Defendants' intent to file a motion for summary judgment motion. (Dkt. 82, p. 3 lines 16-21, p. 5 lines 11-16.) In the section entitled "Motion Schedule" it states that "Defendants intend to file a motion for summary judgment and/or partial summary judgment and may also seek to bifurcate the issue of punitive damages." Indeed, on May 26, 2021 I received redlined changes from Mr. Harris to this very section which included a revision to add language that Plaintiff "may also move for summary judgment". (See Exhibit 2)

12. As explained in detail in the SJ Motion itself, Plaintiff's sixth claim for relief for breach of contract alleges only two breaches: (1) that Defendants "breached the settlement agreement by continuing to sell Athena counterfeit goods" after the execution of the parties' settlement agreement"; and (2) that "AMN breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers."

13. Plaintiff has failed to identify a single post-settlement sale of Athena Goods by Defendants in response to written discovery or identify the "inaccurate and incomplete contact information" that is the basis of its claim. Indeed, failure to point to specific evidence is the basis for the SJ Motion. Plaintiff has failed to supplement its discovery responses to identify such information despite Magistrate Judge Kewalramani pointing out the inadequacy of their responses on July 28, 2021.

14. I have repeatedly voiced my concern in communications with Plaintiff's counsel that Plaintiff filed its complaint and amended complaint without any supporting evidence. Indeed, this became a topic of discussion with respect to the inadequacy of Plaintiff's initial disclosures. On July 27, 2021, I sent a Rule 11 letter to Plaintiff's

counsel voicing my concern that Plaintiff filed First Amended Complaint without a good faith basis for doing so, especially with respect to Plaintiff's inclusion of the new allegation that Defendants engaged in the post-settlement sale of Athena Goods.

15. Because of the need for expediency, I have not had the opportunity to compile all exhibits referenced in the accompanying ex parte opposition. Those exhibits can be found attached to my declaration (Dkt. 92-1) submitted in opposition to Plaintiff's prior ex parte application.

16. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 3, 2021, in Marina Del Rey, California.



DAVID C. VOSS, JR.

DECLARATION OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION