Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

## United States District Court

## Central District of California – Western Division

| Athena Cosmetics, Inc.,<br><br>    Plaintiff,<br><br>    v.<br><br>AMN Distribution Inc., et al,<br><br>    Defendants. | No. 2:20-cv-05526-SVW-SHK<br><br>Opposition by Plaintiff Athena Cosmetics, Inc. to Defendants' Motion to Bifurcate Discovery<br><br>Date: September 27, 2021<br>Time: 1:30 p.m.<br>Judge: Wilson |
|---|---|

## Table of Contents

Page

A.  Introduction ...........................................................................................3

B.  Argument ...............................................................................................3

    1.  Evidence proving defendants' counterfeiting also is evidence supporting the breach of contract claim...........................................3

    2.  Defendants offer no simple procedure for determining what evidence is unrelated to the contract breach. ...................................4

    3.  The case law does not support bifurcation. ......................................4

    4.  Ordering bifurcation of discovery now would prejudice Athena. ...................6

        a.  Even if bifurcated discovery would have been proper when the lawsuit began, it is improper now because bifurcation would affect ongoing discovery adversely...................................................6

        b.  Defendants want bifurcation to delay having to produce documents.......7

Plaintiff's Opposition to Defendant's
Motion to Bifurcate Discovery

i

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

C.   Conclusion ............................................................................................7

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Bassil v. Webster*, No. 2:20- cv-05099-SB, 2021 WL 1235258 (C.D. Cal.
    Jan. 15, 2021)..........................................................................................5

*Bates v. United Parcel Service*, 204 F.R.D. 440 (N.D. Cal. 2001) ...........................7

*Petro-Diamond Inc. v. Int'l. Exch. Serv., LLC, No. 12-cv-890-CJC*(MLGx),
    2012 WL 12895701 (C.D. Cal. Nov. 1, 2012) .......................................6

*Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497 (9th Cir. 1970) .................5

*Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993 (9th Cir.), *opinion
    amended on denial of reh'g*, 272 F.3d 1289 (9th Cir. 2001) ...............................6

*Mformation Techs., Inc. v. Research in Motion Ltd., No. C 08-04990 JW*,
    2012 WL 1142537 (N.D. Cal. Mar. 29, 2012) .......................................6

*Moreno v. NBCUniversal Media, LLC, No. 13-cv-1038-BRO*, 2013 WL
    12123988 (C.D. Cal. Sept. 30, 2013) ...............................................5-6

*OSHO Int'l Found. v. Chapman Way, No. 19-cv-753-RSWL-JEM*, 2019 WL
    12379558 (C.D. Cal. Sept. 11, 2019) ...............................................5

**Statutes**

15 U.S.C. § 1117 ...........................................................................................4

**Rules**

Rule 37-2 ......................................................................................................7

Plaintiff's Opposition to Defendant's
Motion to Bifurcate Discovery
ii
Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.   INTRODUCTION**

Defendants' motion to bifurcate discovery is wrong now and it would have been wrong when discovery began last year. This motion is a tactic to delay defendants' compliance with discovery.

The motion does not even suggest a procedure determine whether document requests or deposition questions, for example, applies only to the breach of contract claim or only to the counterfeiting or other claims. Plaintiff alleges two forms of breach of the settlement agreement: (1) providing inaccurate and incomplete information on schedules of sales and purchases that accompanied the settlement agreement and (2) continuing to sell counterfeit goods after agreeing to cease future sales. But evidence of defendants' customers and suppliers and the products bought and is relevant to breach of contract and counterfeiting.

Bifurcation also leads to court involvement to determine if a document falls outside the breach of contract issues.

**B.   ARGUMENT**

**1.   Evidence proving defendants' counterfeiting also is evidence supporting the breach of contract claim**

The First Amended Complaint (Dkt. 73) alleges defendant "AMN breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers" in schedules to attached to the settlement agreement, and "Defendants breached the settlement agreement by continuing to sell Athena counterfeit goods." *Id*. ¶ 91, 92. The first claim for relief for trademark counterfeiting under 15 U.S.C. § 1117(b) alleges "Defendants' liability stems from their manufacture, purchase, importation, sale and distribution of counterfeit Athena cosmetics bearing Athena's federally registered Athena Trademarks. Defendants' unlawful acts constitute federal trademark infringement and counterfeiting, false designation of origin

Athena's Opposition to Motion to Bifurcate

3

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

and false description and unfair competition under California common law." Dkt. 73, ¶ 25. The complaint continues to describe the counterfeiting.

Defendants may argue that evidence of pre-agreement counterfeiting does not support breach of contract, but they would be incorrect. Evidence of continued counterfeiting and pre-agreement counterfeiting also supports the breach of contract claim. Evidence about the persons and companies that bought counterfeits from or sold them to defendants could be evidence the same persons involved whom AMN left off the schedules—a breach of the contract.

**2. Defendants offer no simple procedure for determining what evidence is unrelated to the contract breach.**

Defendants offer no procedure for avoiding motion practice about written discovery or deposition questions. Does defense counsel plan to instruct a witness not to answer because counsel asserts a question extends to the counterfeiting issues? Since they delayed many months before producing any documents, instructions not to answer deposition questions would not surprise. The parties have had enough issues with discovery already. They need no more.

Defendants base their position by assuming if bifurcation of discovery is ordered and defendants prevail on the breach issue, the case ends. But they ignore what happens when Athena prevail. Will the parties conduct discovery on the other issues for several months and have a second trial before a different jury? Are defendants also proposing a rapid procedure for ruling whether evidence is relevant to breach even if the evidence also is relevant to counterfeiting.

**3. The case law does not support bifurcation.**

Except for one case, the authority defendants cite, *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497 (9th Cir. 1970), *Bassil v. Webster*, No. 2:20- cv-05099-SB, 2021 WL 1235258 (C.D. Cal. Jan. 15, 2021), *OSHO Int'l Found. v. Chapman Way*, No. 19-cv-753-RSWL-JEM, 2019 WL 12379558 (C.D. Cal. Sept. 11, 2019) *Moreno v. NBCUniversal Media, LLC*, No. 13-cv-1038-BRO, 2013 WL

Athena's Opposition to Motion to Bifurcate

4

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

12123988 (C.D. Cal. Sept. 30, 2013), and *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993 (9th Cir.), *opinion amended on denial of reh'g*, 272 F.3d 1289 (9th Cir. 2001), deal with bifurcating damages from liability. *Ellingson* limited discovery to one "segregated" issue, but the issues were distinct. *Jinro* is about bifurcating issues for trial, not discovery bifurcation.

Limiting discovery on damages while discovery on liability proceeds is straightforward. Evidence about the two should not overlap, and it they do, any discovery dispute by the parties should be decided easily assuming the party cannot resolve it. But here, the issues overlap with most discovery.

Authority denying bifurcation are more germane. Defendants in *Petro-Diamond Inc. v. Int'l. Exch. Serv., LLC*, No. 12-cv-890-CJC(MLGx), 2012 WL 12895701, at *1 (C.D. Cal. Nov. 1, 2012), argued for bifurcation because if they won on breach of contract claim, the other claim becomes moot. The court held, however, that they:

> overlook the possibility of wasted judicial resources in the event the Court orders bifurcation and [defendant] prevails on the breach of contract claims. The issues underlying the breach of contract and [the other] claims are related, and discovery related to each will certainly overlap.
> … [I]t appears just as likely, or perhaps even more likely, that the end result of bifurcation would be wasted judicial resources.

*Id.* Defendants also have not shown bifurcating discovery supports judicial economy. But "a moving party's mere contention that judicial economy would be promoted by bifurcation, insofar as a second phase of a bifurcated trial would be rendered unnecessary if the moving party prevails in the first place, is not sufficient to meet that party's burden of showing that bifurcation is appropriate." *Mformation Techs., Inc. v. Research in Motion Ltd*., No. C 08-04990 JW, 2012 WL 1142537, at *7 n. 32 (N.D. Cal. Mar. 29, 2012).

### 4. Ordering bifurcation of discovery now would prejudice Athena.

Avoiding prejudice is a factor in deciding whether to bifurcate. Bates v. United Parcel Service, 204 F.R.D. 440, 448 (N.D. Cal. 2001) (denying motion to bifurcate trial in phases).

> ### a. Even if bifurcated discovery would have been proper when the lawsuit began, it is improper now because bifurcation would affect ongoing discovery adversely.

Athena would be prejudiced because bifurcation of discovery would add to the delay of discovery from defendants. The Harris Declaration explains that Plaintiff Athena served document requests in mid-April 2021,[1] but it received almost no documents from defendants. Magistrate Judge Kewalramani requires the parties to have a pre-motion telephonic discovery conference with him before filing Local Rule 37-2 discovery stipulations. The parties have had several of those conferences. After the last one on July 28 (Dkt. 96), the magistrate judge wrote, "As to the amended RFPs, the parties are to meet and confer with respect to an ESI protocol and search terms, as well as any issues that were not entirely resolved and if the issues remain then the parties may contact the Court for a further hearing." Athena prepared and sent to defense counsel a draft ESI protocol Defense counsel refused to meet and confer and refused to participate in a joint email the magistrate judge requires to have such a conference. Athena had to move ex parte to have the conference, and the magistrate judge scheduled a conference for Wednesday, September 8.

Athena said it received *almost* no documents. On August 25, defendants sent Athena's attorney 4,703 pages of documents. Defendants offered contains no explanation what the documents were or the document request to which they applied. The

---

[1] Athena served them by email in early October 2020 on defendants' first attorney, but when their current attorney objected because the first attorney had not agreed to accept discovery requests by email, Athena served them by regular mail in April.

entire production is not Bates numbered, and the left side of the documents are over the left margin and are not visible.[2]

Using eDiscovery should simplify all discovery and make discovery of all issues more convenient. If a custodian has documents that contain a key word, usually the name or online name of a seller or customer, the computer will download them for production.

### b.   Defendants want bifurcation to delay having to produce documents.

The parties are locked in discovery disputes. Defendants delayed producing its first document until late August. This newly hatched motion attempts to continue the delay. If discovery is bifurcated, the disputes whether evidence is only about the breach of contract will cause further delay.

Athena has succeeded with third-party discovery and discovered others who share the same surname as defendant Moishe Newman, also are involved in selling counterfeit Athena products. The bifurcation motion seeks to delay discovery about those persons involvement with their "Newman" counterfeiting.

## C.   CONCLUSION

Bifurcation of discovery at this late date and while the parties are resolving discovery with the magistrate judge is untimely. It would not lead to judicial economy. Plaintiff Athena requests this motion be denied.

September 3, 2021

/s/ *Michael Harris*
Michael D. Harris
SoCal IP Law Group LLP

Attorneys for Plaintiff Athena Cosmetics, Inc.

---

[2] On September 3, Defendants served what defense counsel said were proper versions (e.g., Bates numbered) of what he served in late August. To finish this opposition timely, Athena's attorney has not checked the new production.