DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **DEFENDANTS' REQUEST FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S EX PARTE REQUEST TO CONDUCT ESI AND LIMITED RESPONSE** <br><br> Place: Courtroom 10A <br>        First Street Courthouse <br>        350 W. 1st Street, 10th Floor, <br>        Los Angeles, California 90012 |

## **REQUEST FOR EXTESNION OF TIME**

Counsel for Athena was not available to meet and confer today until 11:00 a.m. We just truncated that call because of the Noon deadline to respond to Magistrate Judge Kewalramani's order to provide a response from Defendants. I am preparing this document from some prior notes and filings in the fifteen minutes I have to respond.

I have calls outstanding to outside consultants relating to the expense of compliance with the proposed protocols which are relevant to objection pursuant to FRCP 26(b) and have discussed with counsel the issues relating to proportionality in this case. I had proposed to counsel that pending a ruling on the Motion to Bifurcate Dicovery that if necessary, we look at protocols that are as inexpensive as possible based on advice from the consultants to whom we have reached out. I proposed phased ESI and/or waiting for the outcome of the Motion to Bifurcate Discovery – all of which were rejected. I proposed going through the search terms one by one and asking for the reasonable basis for each term. Counsel refused. I gave examples of search terms that were not reasonably calculated to lead to admissible evidence and counsel refused to address them.

Doing this under the gun with no discovery pending deprives Defendants of the procedural opportunity to provide meaningful objections – as Defendants did do with the depositions which were then withdrawn immediately after the objections were served on Athena -- and which counsel agrees "contain almost identical search terms" to those in the ESI proposal.

We note the Guidelines from the Northern District and discussed these with counsel as we believe the proposal runs afoul of those guidelines and FRCP 26(b) and (c): "Guideline 1.03 (Discovery Proportionality) The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) should be applied to the discovery plan and its elements, including the preservation, collection, search, review, and production of ESI. To assure

- 1 -
DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

reasonableness and proportionality in discovery, **parties should consider factors that include the importance of the issues at stake in the action, the amount in controversy**, the parties' relative access to relevant information, the parties' resources, **the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit**. To further the application of the proportionality standard, discovery requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable."

It must be noted that this case settled for a payment of $25,000! The issue first raised by the FAC was post-Settlement Agreement sales and that issue is not addressed by the proposed ESI.

It is also important to note that in the Rule 26(f) report to the court with respect to ESI, both sides stipulated to a proposal that did not contain any such burdensome proposal.

**It is our position that Defendants have fully responded to all outstanding discovery – which fact was discussed in our meet and confer just ended moments ago.** Athena fails to acknowledge that that in response to the doc req after the rulings in the meeting with MJK and a further meet and confer -- we produced 4700+ pages of documents and amended the rog reponse as stipulated.

> **"In this trademark counterfeiting case, Athena seeks documents from defendants and their suppliers and customers because the documents would show who may be working with defendants and their products. That would include emails, letters, contracts and many other classes. Defendants claim to have produced thousands of pages of requested documents. While theoretically true, they overlook their first and only production occurred about a week ago on August 25. See Exhibit 7 (email transmis-sion of**

> **documents). Most contain advertising that eBay sends with its order confor-mations.**

Advertising was one of the document requests! What counsel isn't saying is that the actual order fulfillment documents for each and every order for the date range specific through present day are included in the production. All of them. And Athena is admitting AMN did comply in its production!

By contrast this ESI request encompasses a whole plethora of many pages of terms not included in any served discovery and which by Plaintiff's own admission truly go to issues not germane to the Breach of Contract action which is the subject of the Motion for Summary Judgement and Phase I of trial. Issues of **"who may be working with defendants and their products"** are not relevant to Phase 1!

From their Ex Parte Application:

> **Those emails would be relevant to show a conspiracy among defendants, the other "Newmans" and their suppliers and customers to sell counterfeit Athena goods.**
> **Defendants also claim they purchased legitimate Athena goods, but emails, which go beyond purchase orders and invoices to and from those suppliers, could confirm or refute that claim**

Conspiracy isn't even alleged in the FAC nor can there be conspiracy among AMN employees. If Athena wants to show counterfeiting – it has possession of the entire remaining inventory of goods held by AMN and sent to Athena pursuant to the Settlement Agreement – test it!

Defendants respectfully submit that Plaintiff is in a materially different position today than it was in July with respect to its ability to respond to a straight forward "absence of evidence" Motion for Summary Judgment.

Since that time, **Plaintiff has also obtained approximately 9,000 pages of documents by means of third party subpoenas to Walmart and eBay that are original sources of product orders placed by customers.** If there were any sales of infringing product post-Settlement Agreement, Plaintiff would have it right from the source. There has been nothing to prevent Plaintiff from having served as many third party subpoenas as it wanted in the over one year this case has been pending.

Of course, it is well settled that Plaintiff was required to have a basis for its allegations in hand at the time it filed the First Amended Complaint alleging post-Settlement Agreement sales.

Plaintiff continues to want to delay by claiming it has more discovery it wants to do – including three depositions that it unilaterally withdrew only yesterday and a 30(b)(6) deposition it admits it hasn't even noticed yet. Ex Parte Application re: ESI Protocol [ECF #101] p.4 lns. 5-8.

With respect to search terms themselves – all of which are new terms not encompassed in any served discovery request - the most we were able to agree on was that counsel would agree that terms for this firm and its attorneys are inappropriate and are withdrawn from consideration. There are many more that are objectionable including ones directed to an ex-wife for whom counsel cannot articulate any reason for discovery.

Defendants are only asking that if Plaintiff has any evidence showing post-Settlement Agreement sales of infringing products, show it! In the alternative, Defendants are being forced to continue to defend a lawsuit the substance of which was resolved by means of a Settlement Agreement that had been reached before the suit was filed.

Defendants respectfully suggest that if Plaintiff is still empty handed despite the many thousands of pages of documents it has obtained in the since the court last gave it more time, it is time to let Plaintiff move on with the settlement it thought it had bargained for. Defendants paid the money, returned the inventory and stopped selling the product. They did not expect to litigate the claims anyway.

### I. RULE 56(d) DICTATES THAT THIS ISSUE BE DECIDED IN THE CONTEXT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION, RATHER THAN AN EX PARTE APPLICATION

This department's guidelines clearly provide that ex parte relief is only appropriate when "extraordinary relief is necessary." The Federal Rules have already contemplated and provided a remedy for the concern raised by Plaintiff, rendering the ex parte relief sought by Plaintiff unnecessary and inappropriate. Specifically, Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. Proc., Rule 56(d).

In other words, Plaintiff's proper response is to file the requisite declaration *as part of its opposition to its motion for summary judgment*. If Plaintiff can establish that

its concerns are valid after Defendants have the opportunity to respond to the same, the Court can then take one of the actions authorized by Rule 56(d). Plaintiff has given short shrift to Rule 56(d), simply stating that it believes that Plaintiff's own unauthorized procedure "is a better solution." Plaintiff's belief that it has a better solution does not justify the abandonment and abrogation of the Federal Rules of Civil Procedure.

Likewise, Plaintiff's argument that "[t]he pending motion to compel by itself is grounds for denying summary judgment" is disingenuous. As Plaintiff itself concedes, *there is no pending motion to compel*. Moreover, none of the cased cited by Plaintiff in support of that argument discuss, or even suggest, that the issue should be decided in the context of an ex parte application rather than under Rule 56(d).

Finally, Plaintiff – through the use of an ex parte procedure – is attempting to by-pass the rigorous requirements of Rule 56(d). The Rule 56(d) declaration must demonstrate: (1) "facts indicating a likelihood that controverting evidence exists as to a material fact"; (2) "specific reasons why such evidence was not discovered or obtained earlier in the proceedings (i.e., 'good cause')"; (3) "the steps or procedures by which the opposing party proposes to obtain such evidence within a reasonable time"; and (4) "an explanation of how those facts will suffice to defeat the pending summary judgment motion (i.e., to rebut the movant's allegations of no genuine issue of material fact)." Rutter Group Prac. Guide, Fed. Civ. Pro. Before Trial Ch. 14-C, Procedural Requirements—Opposing Party, Ch. 14-C at §14.114. **Plaintiff has not complied with the foregoing requirement, failing to explain, for example, its failure to send out the third party subpoenas a year after the commencement of this action and until *after* Defendants filed their summary judgment motion.**

PLAINTIFF HAS MISCHARACTERIZED THE STATUS OF DISCOVERY TO MASK THE FACT THAT IT FILED ITS COMPLAINT IN BAD FAITH WITH UNSUPPORTED CLAIMS TO ENGAGE IN A FISHING EXPEDITION

A. **It is Plaintiff, Not Defendant, Who Has Been Hiding the Ball by Failing to Come Forward With Any Evidence In Support Of Its Breach Of Contract Claim**

Again, it is Defendants' position that Plaintiff's concerns, if justified, are best resolved through Rule 56(d). However, if the Court deems it necessary to go down this road, it is important that it be aware of the relevant facts. Defendants have long suspected that Plaintiff filed the instant complaint without any evidence in order to engage in a fishing expedition to obtain documents and information for use in third party litigation to which it was not otherwise entitled under the parties' settlement agreement. This lack of evidence is discussed in great detail in Defendants' motion (Dkt. 88, pages 8-11, 13-18) and will not be repeated in full here. However, for the convenience of the Court, Defendants offer a few highlights:

- Plaintiff has failed to identify a single inaccurate on incomplete disclosure upon which it bases its breach of contract claim in response to specific interrogatories on this issue. Voss Decl., Exh. 4, pp. 5-13, Interrogatory Resp., Nos. 1-7; Exh. 6, pp. 5-7, Amended Resp. Nos. 1-7. Instead, Plaintiff merely offered "non-responsive" responses, contending that it has produced non-privileged materials "sufficient to respond" to each interrogatory.
- Plaintiff has failed to identify a single sale of counterfeit Athena goods by Defendants after the execution of the parties' settlement in response to specific interrogatories on this issue. Voss, Decl., Exh. 4, pp. 13-20, Interrogatory Resp. No. 8-12, Exh. 6, pp. 7-9, Amended Interrogatory Resp. No. 8-12.
- Not only has Plaintiff failed to provide any substantive responses to interrogatories on it contract damages claim, but it failed to provide the requisite damages calculation and supporting document in its multiple Rule 26(a) disclosures. Voss Decl., Exh 1 , p. 4, Exh. 2 p. 4, Exh 3, p. 6. Voss Decl., Exh. 4, pp. 20-23, Interrogatory Resp. Nos. 13-15; Exh. 6, pp. 9-10, Amended Interrogatory Resp. Nos. 13-15.

Plaintiff's failure to be able to identify these crucial facts suggests that it lacked a good faith basis for filing and amending its complaint under Rule 11, which provides that the attorney signing a pleading certifies "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the factual contentions have evidentiary support" unless they are "***specifically so identified***" that they "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. Proc., Rule 11(b)(3). Yet, Plaintiff has not specifically so identified such allegations in its First Amended Complaint. Yet, in opposing Defendants Motion to Dismiss, Defendants represented to the court months ago that "*Defendants also continue selling counterfeit and infringing Athena cosmetics,* so even if the release remained effective, it only releases infringements before the effective date of the agreement. The complaint also properly pled factual allegations that *defendants sell counterfeit goods, which include counterfeits defendants sold after the agreement.*" Plaintiff's Opposition to Motion to Dismiss – Dkt. 67, p.5, lns 21-25 (emphasis added). If the Plaintiff has such evidence as they claimed and asserted in the First Amended Complaint, it should be able to present it in opposition to the Motion for Summary Judgement without further delay.

### B. Plaintiff has an Improper Purpose for Seeking Discovery

A May 25, 2020 pre-litigation e-mail from Plaintiff's counsel to AMN's prior counsel also strongly suggest that the litigation was filed for the improper purpose of obtaining, through discovery, documents and other information to which Plaintiff was not entitled under the settlement agreement. In that e-mail, which references the "Fully Executed Settlement With Schedules" in that are at the heart of this litigation in its subject line, Ms. Lang states:

> "We discovered from our associate in the Czech Republic that LinkAmerica II. s.r.o. (identified in your client's Schedule 1) is a well-known manufacturer/seller/exporter of cosmetic counterfeit goods of other companies, that has also previously been prosecuted in that country. Given the volume of

units sold to your client, which exceed 200k in lost profits, we have decided to initiate formal legal proceedings in that country.

We would appreciate further evidence from your client to support this foreign prosecution, such as any and all business documents between the two entities (e.g. contracts, invoices, emails, certificates of delivery). For the sake of clarification, this is just for use in the prosecution of LinkAmerica in the courts of the Czech Republic."

Notably, Ms. Lang does not indicate that Plaintiff could not contact or identify the purported counterfeiter based upon the schedules provided pursuant to the settlement agreement. She also does not state that Defendants have breached the agreement. Instead, she makes a demand for *additional information not required by the Settlement Agreement.* When Defendants failed to provide the information, Plaintiff commenced the instant action a few weeks later (Dkt. 1) and then sought the same information through discovery in this action!

### C.  Plaintiff Has Mischaracterized Defendants' Response to Discovery

Given the above context, it is understandable why Defendants have interposed legitimate objections to discovery. As noted in the outset of this opposition, there is no principle of law that dictates that Plaintiff should be permitted to conduct discovery to support a frivolous claim or that Defendants should be prevented from crying foul and presenting the issue to the Court by bringing a summary judgment motion and objecting to further discovery.

Plaintiff is, to a large degree, seeking to put the cart before the horse. Plaintiff has failed to provide any evidence in support of its contract claim and damages in its written interrogatory response and initial disclosures. To this day including again in today's meet and confer Plaintiff still refuses to even identify in discovery the alleged post-settlement agreement sales that took place and the purported omissions or inaccuracies in the disclosure even in the instant application!

Given these glaring deficiencies, Defendants should be entitled to proceed with their summary judgment motion and cut-off further discovery given what appears to be the baseless nature of Plaintiff's claim.

If Defendants would be entitled to summary judgment with respect to these claims, Defendants point out that this would dispose of Plaintiff's claims, thereby obviating the need for the Court to determine whether Athena is entitled to further discovery over objections such as the trade secrets privilege asserted by AMN.

Defendants also take note of the well-known ruling in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, [] it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

### D. **Plaintiff Has Failed to Justify it Failure to Proceed With Third Party Discovery**

Setting aside the discovery dispute between the parties, Plaintiff has offered no justification for its failure to conduct third party discovery in the year following the commencement of this action. For example, Plaintiff specifically mentions that it needs time to obtain information in response to subpoenas served on Paypal and E-Bay, and corresponding depositions noticed for July 27 and July 29. What Plaintiff fails to mention is that Plaintiff did not even serve Defendants with deposition notices or copies of the subpoenas until *after* Defendants filed their summary judgment motion on July 2. Plaintiff has offered no explanation for delaying such discovery a year after the commencement of this action or for failing to conduct other third party discovery and that it did in fact already conduct third party discovery of Walmart to no effect.

Nor has Plaintiff explained why it is unable to obtain any proof of infringing sales *after the Settlement Agreement* when by comparison, in the original complaint, Defendant provided third party information to demonstrate its contention that infringing purchases were made *prior to the Settlement Agreement.* That information was not

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

obtained through any discovery at all which begs the question of why Plaintiff is unable to provide any similar information for *post Settlement Agreement* sales.

## II. PLAINTIFF'S ADDITIONAL SOUGHT E-DISCOVERY GOES TO PHASE TWO OF TRIAL – NOT THE ISSUES IN PHASE I

Taken from the Ex Parte Application for ESI [ECF #101] filed concurrent with this application, Plaintiff makes clear the information it seeks does not go to the issues in the instant Motion for Summary Judgment; to wit:

> "In this trademark counterfeiting case, Athena seeks documents from defendants and their suppliers and customers because the documents would show who may be working with defendants and their products." Ex Parte Application re: ESI Protocol [ECF #101] p.3, lns. 3-5
>
> "Those emails would be relevant to show a conspiracy among defendants, the other "Newmans" and their suppliers and customers to sell counterfeit Athena goods." Ex Parte Application re: ESI Protocol [ECF #101] p.4, lns. 21-23
>
> "Defendants also claim they purchased legitimate Athena goods, but emails, which go beyond purchase orders and invoices to and from those suppliers, could confirm or refute that claim." Ex Parte Application re: ESI Protocol [ECF #101] p.4, lns.

None of these issues has to do with whether Defendants breached the settlement agreement and as such claiming it needs this additional discovery is a red herring as it pertains to the issues raised by the Motion for Summary Judgment.

## III. CONCLUSION

In bringing the instant Ex Parte Application Plaintiff is effectively admitting that it currently – one year into the litigation – does not have even the minimal evidence needed to overcome a Motion for Summary Judgment, notwithstanding their duties per Rule 11 and representations to the court that they had such information in hand but now

- 11 -
DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

wants to add huge and disproportional expense to the litigation. Plaintiff would have this court permit the possibility of a fishing expedition with ESI hoping they will yield evidence they don't presently have as required before filing the First Amended Complaint with unsupported claims.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's ex parte application

DATED: September 9, 2021      DAVID C. VOSS, JR.
                              VOSS, SILVERMAN & BRAYBROOKE, LLP

                              By: _____
                                  David C. Voss, Jr.
                                  Attorneys for Defendants AMN
                                  DISTRIBUTION, INC. and MOISHE
                                  NEWMAN