DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman and
AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC.,<br><br>Plaintiff<br><br>v.<br><br>AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE,<br><br>Defendants | Case No. 2:20-cv-05526-SVW-SHK<br><br>**SUPPLEMENTAL DECLARATION OF DAVID C. VOSS, JR. IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE DISCOVERY**<br><br>Place: Courtroom 10A<br>First Street Courthouse<br>350 W. 1st Street, 10th Floor,<br>Los Angeles, California 90012 |

# DECLARATION OF DAVID C. VOSS, JR.

I, David C. Voss, Jr., declare:

1. I am an attorney, duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California. I am the managing partner of the law firm of Voss, Silverman & Braybrooke LLP, counsel for defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" and collectively, "Defendants.") As lead trial counsel for Defendants in this matter, I am familiar with the pleadings and files in this matter, including the initial disclosures and discovery exchanged by the parties. Unless otherwise stated, I have personal knowledge of the facts set forth herein which I know to be true and correct and, if called as a witness, I could and would competently testify with respect thereto.

2. I submit this declaration in opposition to the ex parte application of plaintiff Athena Cosmetic's Inc. ("Athena" or "Plaintiff") to strike Defendants' motion for summary judgment which Defendants filed on August 30, 2021.

3. The parties had a telephonic discovery conference with Magistrate Judge Kewalramani on September 9, 2021 to discuss, among other things, Plaintiff's any claimed discovery issues and ex parte request for ESI. At the conclusion of that conference, Plaintiff's counsel Michael Harris confirmed to Magistrate Judge Kewalramani that there were no further issues requiring his attention regarding any outstanding discovery served on Defendants. See MINUTES OF ORDER RE: DISCOVERY STATUS CONFERENCE AND ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S EX PARTE APPLICATION FOR ORDER TO ENTER AN ESI PROTOCOL AS MOOT [Dkt #110]

4. There are in fact no subpoenas outstanding contrary to the assertion in Mr. Harris declaration filed on September 3, 2021 [Dkt #107-1] stating that "Athena also has three subpoenas out for witnesses affiliated with AMN and Newman. All three share the "Newman surname with defendant Moishe Newman." Id. at p.2 lns. 16-17. I had previously served objections to the subpoenas on family members and on Thursday, September 2, at 2:30 p.m., the day prior to Mr. Harris' declaration, I received an email

from Anneliese Lomonaco a paralegal in Plaintiff's law firm and copied to both Ms. Lang and Mr. Harris representing Plaintiff which stated that "We withdraw and cancel the deposition notices for Nechemiah Newman (Sept. 6), Devorah Newman (Sept. 7) and Dov Newman (Sept. 8). Please advise the witnesses."

5.  All of the issues relating to bates numbering of the produced document and AEO stamping had already been fixed with a new copy sent to Mr. Harris at 12:18 p.m. on the day of his declaration some seven hours prior to his concerns addressed to those minor formatting issues addressed in his declaration Id. at p. 2 lns. 12-13.

6.  Contrary to Mr. Harris claim that I had previously only mentioned bifurcating punitive damages, on April 6, 2021 in an email addressed to Magistrate Judge Kewalramani requesting a discovery conference, Mr. Harris attributed the following position to me in his own words:

> "**Mr. Voss:** On April 1, the Court on its own motion bifurcated the trial so the breach of contract claim will be tried first. ***Discovery on other claims is premature.***" (Emphasis added.)

7.  In another draft received by email from Mr. Harris on April 12, 2021 he again acknowledged that bifurcation of discovery as discussed was not limited to punitive damages; to wit:

> "Subsequent to the aforementioned ruling, on last Thursday, April 1, 2021, the Court on its own motion bifurcated the trial requiring Athena first prevail on its breach of contract claim prior to moving to any of its other asserted claims such that ***defendants contend discovery relating to any claims other than breach of contract should be stayed pending resolution of the breach of contract claim.***" (Emphasis added.)

8.  During the conference with Magistrate Judge Kewalramani on July 28, 2021, I raised the issue of bifurcating discovery in order to streamline the litigation process and eliminate the expenditure of time and resources on matters which could very well be mooted by a resolution of Plaintiff's contract claim. I expressly inquired whether

DECLARATION OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

procedurally I needed to come back before him for a discovery conference. Magistrate Judge Kewalramani informed me that any such motion should be filed directly with this department.

9. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 13, 2021, in Marina Del Rey, California.

_____
DAVID C. VOSS, JR.