1  DAVID C. VOSS, JR. (State Bar No. 147330)
   david@vsbllp.com
2  VOSS, SILVERMAN & BRAYBROOKE LLP
3  4640 Admiralty Way, Suite 800
   Marina Del Rey, California 90292-6602
4  T: (310) 306-0515/ F: (310) 306-5368

5

6  Attorneys for Defendants Moishe Newman and
   AMN Distribution, Inc.

7

8           **UNITED STATES DISTRICT COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA**

10                  **WESTERN DIVISION**

11

12  ATHENA COSMETICS, INC.,                    Case No. 2:20-cv-05526-SVW-SHK

13                  Plaintiff                  **SUPPLEMENTAL DECLARATION
                                               OF DAVID C. VOSS, JR. IN REPLY
14                                             TO PLAINTIFF'S OPPOSITION TO
                                               DEFENDANTS' MOTION FOR
15          v.                                 SUMMARY JUDGMENT**

16  AMN DISTRIBUTION, INC., MOISHE
17  NEWMAN, an individual d/b/a BRUSH
    EXPRESS, and DOES 1-10, INCLUSIVE,         Place:  Courtroom 10A
18                                                     First Street Courthouse
19                  Defendants                         350 W. 1st Street, 10th Floor,
                                                       Los Angeles, California 90012
20

21

22

23

24

25

26

27

28

## DECLARATION OF DAVID C. VOSS, JR.

I, David C. Voss, Jr., declare:

1.      I am an attorney, duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California.  I am the managing partner of the law firm of Voss, Silverman & Braybrooke LLP, counsel for defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" and collectively, "Defendants.")  As lead trial counsel for Defendants in this matter, I am familiar with the pleadings and files in this matter, including the initial disclosures and discovery exchanged by the parties. Unless otherwise stated, I have personal knowledge of the facts set forth herein which I know to be true and correct and, if called as a witness, I could and would competently testify with respect thereto.

2.      I submit this supplemental declaration in reply to Plaintiff's Opposition to Motion for Summary Judgment.

3.      There is not presently any noticed discovery outstanding from any party.

4.      Defendant has responded to all discovery previously served by Plaintiff.

5.      There are no outstanding discovery disputes.

6.      *Defendants have never filed a single objection to any third party discovery served by Plaintiff*, including in particular subpoenas and deposition notices for WalMart, PayPal and eBay.   Defendants are not in any way responsible for Plaintiff's delay in serving third party subpoenas.

7.      Plaintiff did not even first serve the third party subpoenas on Paypal and eBay reference by Ms. Lang's declaration (Dkt. #114 @ p.1, lns. 24-28) until *after Defendants initial service of this Motion for Summary Judgment.*  Said declaration provides no explanation for delaying such discovery for over a year since the commencement of this action which is scheduled for trial only two months from now. Nonetheless, Plaintiff obtained documents pursuant to those subpoenas well in advance of the deadline for filing opposition to this Motion for Summary Judgment.

- 2 -

8. With no explanation for the tardiness, on September 15, 2021, Plaintiff produced to Defendants 2862 pages of documents from PayPal which according to the attached declaration had been delivered to Plaintiff six weeks earlier on August 3, 2021.

9. It is correct that I had no discussion with *Ms. Lang* regarding the filing of the instant motion; however, this is simply because my conversations both prior to the initial filing of the Motion for Summary Judgment on July 2, 2021 (Dkt. # 88) and the refiling pursuant to the Court's order (Dkt. # 93) on August 30, 2021 were with Mr. Harris, not Ms. Lang. Of the nine times the parties have had informal discovery videoconferences with Magistrate Judge Kewalramani on only one occasion has Ms. Lang participated. Likewise, almost all of my numerous conversations with Plaintiff's counsel in this matter – including in particular motions and discovery disputes -- have been with Mr. Harris not Ms. Lang.

10. The matter of Defendants intent to bring Motion for Summary Judgment and efforts to meet and confer also took place as early as the telephonic conference before Magistrate Kewalramani on April 12, 2021 (Dkt. #77). During that telephonic conference with Magistrate Kewalramani, which lasted more than an hour, the parties discussed numerous discovery issues, and I indicated that the Defendants intended to file a motion for summary judgment and/or partial summary judgment.

11. In the present instance, I even went so far as to explain to Mr. Harris the reasons why I was intending to refile the Motion for Summary Judgment. As I discussed with Mr. Harris, 1) Consistent with the Court's Order (Dkt. #105) all outstanding discovery disputes were resolved and there was no Motion to Compel brough by Plaintiff per court order; and, 2) Trial preparation deadlines pursuant to the FRCP (including compliance with Rule 16) were approaching and we had waited until the last possible moment to have the MSJ heard in advance of that work needing to be done. On nearly every phone call with Mr. Harris I have for months – including in advance of this refiling – challenged him to produce evidence to support Plaintiff's claims and reiterated our intent to prevail at MSJ. The most recent such telephone call taking place in advance of

- 3 -

filing this motion was on August 17, 2021 at 3:03 p.m., lasting for over eighteen minutes and discussed both this and other discovery issues then outstanding.

12.     Plainitff was first served with the Motion for Summary Judgment on July 2, 2021.  The Court's granted Plaintiff Ex Parte relief and ordered that "Defendants motion for summary judgement is stricken without prejudice to refiling after the discovery dispute and motion to compel are resolved by the magistrate judge."  The Defendants refiled the nearly identical Motion for Summary Judgment on August 30, 2021.  The Court then granted an additional one week for Plaintiff to respond (Dkt. #105).  Plaintiff has therefore had the benefit of over two months to review Defendants Motion for Summary Judgment and prepare its opposition notwithstanding late filing both its Statement of Genuine Issues (Dkt. #113) and its Declaration of Marina Lang in Opposition (Dkt. #114)

13.     The arguments contained in the Opposition Brief (Dkt. #112, p. 7, lns 24-26 are not supported by the record.  Plaintiff concludes that "Defendants intentional disregard of their discovery obligations severely prejudices Athena. Defendants' refusal to cooperate in discovery admits guilt." The assertion that Defendants are to blame regarding prior discovery issues from many months passed is false as shown by the procedural history and rulings of Magistrate Judge Kewalramani as detailed hereinbelow.

14.     Plaintiff has had every opportunity to raise discovery issues through the Magistrate Judge's informal discovery conference process.  As noted above, on nine separate occasions, the parties have met via videoconference with Magistrate Judge Kewalramani to address discovery issues (Dkt. #'s 50, 55, 77, 78, 79, 90 non-appearance by Plaintiff, 95, 96, 108 and 110).

15.     Defendants do not owe any discovery to Plaintiff as a result of that process that found Plaintiff either failed to comply with the F.R.C.P. and/or local rules, or that Defendants have provided requisite responses.

16.     The biggest discovery dispute related to discovery Plaintiff first brought forth with our predecessor counsel.  Immediately after substituting into this matter on

- 4 -

November 16, 2020 (Dkt #40) I started to meet and confer with respect to discovery issues. Plaintiff's counsel repeatedly insisted that AMN had waived all its objections to discovery and refused to cooperate in permitting Defendants to respond to discovery with appropriate objections.  As new counsel of record, we could not simply agree to the waiver of all discovery objections and from the outset I made clear to Mr. Harris that I did not agree that objections had been waived.

17.    As early as November 25, 2020, in connection with counsel's insistence on bringing a Motion to Compel discovery without objections, I wrote to Mr. Harris as follows:

"I have substituted in as counsel of record just eight days ago.  In that time, I have not only endeavored to get up to speed and cooperate with your office, but also participated in a several hour mediation – which your firm refused to cooperate in rescheduling despite the fact that I had just appeared in the case.  While I am saddened and surprised by your firm's unwillingness to extend any professional courtesy or cooperation (such as cooperating on scheduling or setting aside a default judgment based upon improper service), **I must insist that you abide by the applicable rules and procedures."** (emphasis added).

18.    Defendants simply have not "refused to cooperate in discovery" nor does that constitute an admission of guilt!  Defendants have done exactly as I wrote to Mr. Harris and insisted that Plaintiff "abide by the applicable rules and procedures."

19.    On December 11, 2020 Plaintiff initially complained to the Magistrate Judge regarding the discovery it said was due without objections because they had been waived by prior defense counsel but chose to agree to a settlement conference instead (Dkt. #50).

20.    Plaintiff subsequently changed its mind, canceled the settlement conference and went forward with a Motion to Compel which was denied for failure to comply with Local Rule 37 (Dkt. #55).

**21.    Ultimately the Magistrate Judge did not find an "intentional disregard of [Defendants'] discovery obligations but instead ruled that it was Plaintiff that had**

- 5 -

**failed to comply with Rule 5 (Dkt. #79).  It bears repeating that with respect to waiving all objections I had repeatedly insisted starting as early as November 25, 2020 that Plaintiff abide by applicable rules and procedures.  Plaintiff did not.**

22.    On July 28, 2021 (almost a month after the Court's order regarding refiling, the Magistrate Judge "…discussed each interrogatory and responses at issue…" (Dkt. #96) the result of which was that Defendants made one minor addition to a single interrogatory answer and provided almost 5000 pages of documents responsive to the Request for Production of Documents after the Magistrate Judge upheld numerous objections to same and counsel further met and conferred on remaining disputes.

23.    At the conclusion of the final Informal Discovery Hearing before the Magistrate Judge on September 8, 2021 (Dkt. #110) Plaintiff had no further discovery disputes to be resolved with the assistance of the Magistrate Judge.

24.    Defendants have now received approximately 15,000 pages of primary source documentation from third parties that would show a sale if one had ever taken place post-settlement agreement.

25.    The documents that would evidence sales to customers had such sales taken place are not in the exclusive custody and control of Defendants.  Instead, orders placed by customers through Walmart and eBay would be available through subpoenas to those third parties which would show all sales made after the date of Execution of the Settlement Agreement.  Instead, the documentary evidence submitted by Plaintiff shows clearly and unequivocally there were no sales made after February 27, 2021 -- not one dollar and not one unit was sold after that date contrary to the allegations against Defendants in Plaintiff's First Amended Complaint. (Exhibit 38, Dkt. #114-17, p.33 – 77)

26.    There is no scheduled 30(b)(6) deposition noticed by any party nor did the Magistrate Judge find that Defendants ever failed to comply with any proper notice of same.  (See Dkt. #96).

27.    There are in fact no subpoenas outstanding contrary to the assertion in Mr. Harris declaration filed on September 3, 2021 [Dkt #107-1] (raised again in Plaintiff's

- 6 -

Opposition (Dkt. #112 p.7, lns. 11-16) stating that "Athena also has three subpoenas out
for witnesses affiliated with AMN and Newman.  All three share the "Newman surname
with defendant Moishe Newman." Id. at p.2 lns. 16-17.  I had previously served
objections to the subpoenas and on Thursday, September 2, at 2:30 p.m., the day *prior* to
Mr. Harris' declaration to the contrary, I received an email from Anneliese Lomonaco a
paralegal in Plaintiff's law firm and copied to both Ms. Lang and Mr. Harris
representing Plaintiff which stated that "We withdraw and cancel the deposition notices
for Nechemiah Newman (Sept. 6), Devorah Newman (Sept. 7) and Dov Newman (Sept.
8).  Please advise the witnesses."  No explanation was given although Devorah Newman
had been served contrary to the unsupported assertion in Plaintiff's Opposition (Dkt.
#112 p.7, lns. 15-16) which is what caused us to file the above-referenced objections on
her behalf individually and on behalf of Defendant AMN.

   28. I declare under penalty of perjury under the laws of the United States that
the foregoing is true and correct.

   Executed on September 20, 2021, in Marina Del Rey, California.

               DAVID C. VOSS, JR.

SUPPLEMENTAL DECLARATION OF DAVID C. VOSS, JR. IN REPLY TO PLAINTIFF'S OPPOSITION TO

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT