DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

ATHENA COSMETICS, INC.,

           Plaintiff

     v.

AMN DISTRIBUTION, INC., MOISHE
NEWMAN, an individual d/b/a BRUSH
EXPRESS, and DOES 1-10, INCLUSIVE,

          Defendants

Case No. 2:20-cv-05526-SVW-SHK

**EVIDENTIARY OBJECTIONS OF
DEFENDANTS AMN DISTRIBUTION,
INC. AND MOISHE NEWMAN TO
MATERIALS SUBMITTED BY
PLAINTIFF IN OPPOSITION TO
MOTION FOR SUMMARY
JUDGMENT**

**<u>HEARING</u>**

Date:  October 4, 2021
Time:  1:30 p.m.
Place:  Courtroom 10A
       First Street Courthouse
       350 W. 1st Street, 10th Floor,
       Los Angeles, California 90012

Defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" and collectively, "Defendants") hereby object to the following materials and evidence submitted by plaintiff Athena Cosmetics, Inc. ("Athena" or "Plaintiff") in support of its opposition to Defendants' motion for summary judgment.

## OBJECTIONS TO MARINA LANG DECLARATION AND EXHIBITS REFERENCED THEREIN

| OBJ. NO. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTIONS |
|---|---|---|
| 1. | Declaration of Marina Lang [Dkt. 114] ("Lang Decl."), ¶ 4, p. 1, lines 24-26: "I have contacted companies that told me they bought from AMN including PayPal, Inc. and eBay, Inc. who provide me information that the schedules to the settlement agreement between Athena and defendants is inaccurate and incomplete." | Hearsay (Fed. R. Evid. 802); lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). The declarant's testimony as to what she was told is hearsay. Her statement regarding the inaccuracy and completeness of the schedule lacks foundation and she has failed to establish her personal knowledge and competence with respect to the accuracy and completeness of the schedules attached to the settlement agreement. |
| 2. | Lang. Decl., ¶ 5 – Exhibits 21 and 22. | Lack of authentication. (Fed. R. Evid. 901(a)).  The declarant has failed that to state Exhibits 21 and 22 are true and correct copies of the results and webpages yielded by her |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| | | |
|---|---|---|
| | | searches.  As a result, the exhibits have not been properly authenticated. |
| 3. | Lang. Decl. ¶ 6, p. 2, line 10 through the end of the paragraph, and Exhibit 23 thereto. | Hearsay (Fed. R. Evid. 802); Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)).  Among other things, the declarant has failed to establish her personal knowledge or competence to testify with respect to Groupon records or explain or interpret any records, materials and or policies maintained by Groupon – including whether the review by Melody referenced in Exhibit 23 (Dkt. 114-3) is linked to a specific purchase from the Defendants (as opposed to a specific product), or whether the dates of product reviews on Groupon necessarily coincide with the purchase date.  The declarant's "suspicions" do not constitute admissible evidence.  The declarant has also failed that to state Exhibit 23 is a true and correct copy of the webpage she asserts she obtained as a result of her google |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| | | |
|---|---|---|
| | | search. As a result, the exhibit has not been properly authenticated. (Fed. R. Evid. 901(a)). |
| 4. | Lang Decl., ¶ 7, p. 2, in its entirety and Exhibits 25 and 26 thereto. | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). Lack of authentication. (Fed. R. Evid. 901(a)). Declarant has failed to establish her knowledge and competence to authenticate the exhibits, has failed to state where she obtained them, and has failed to testify that they are in fact true and correct copies of the documents she describes in her declaration. Accordingly, the exhibits have not been properly authenticated. |
| 5. | Lang Decl., ¶ 8, Exhibits 27 and 28. | Lack of authentication. (Fed. R. Evid. 901(a)). The declarant has failed to declare that exhibits are true and correct copies of the subpoenas referenced in her declaration. Accordingly, neither of the exhibits have been properly authenticated. |

| | | |
|---|---|---|
| 6. | Lang Decl., ¶ 8, Exh. 29, and p. 2, line 24 – p. 3, line 1: "The account registration data produced by eBay suggested several User ID's are associated with the defendants, but we are currently awaiting a supplemental production from them to confirm." | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). Hearsay Rule. (Fed. R. Evid. 802). Declarant has failed to establish her personal knowledge and competence to testify as to factual matters stated, including her competence to interpret the refenced eBay data purportedly attached as Exhibit 29, which she admits in a footnote that she has modified and extracted. She even admits that she is awaiting confirmation of her factual assertions. The declarant has also failed to authenticate Exhibit 29 (presumably Dkt. 114-9, but not so specifically identified) because she failed to include a custodian of records declaration from eBay. (Fed. R. Evid. 901(a)). In addition, the declarant admits that Exhibit 29 was not in fact prepared by eBay, but is a report that she purportedly extracted from eBay records. As such, and due to her failure to properly authenticate the eBay documents in the first |

| | | |
|---|---|---|
| | | instance, Exhibit 29 does not constitute an admissible business record of eBay and does not qualify under any applicable exception to the Hearsay Rule. |
| 7. | Lang Decl., ¶ 8, p. 3, lines 1 through 4: "We know that user IDs blulinelea and austramericacosmeticsoutlet belong to defendants because they are registered to Nechemia Newman and Dov Newman, who are relatives of Defendant Moishe Newman, and they both worked for AMN Distribution." | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). *See above* Objection No. 6 for objection to Exhibit 29. |
| 8. | Lang Decl., ¶ 9, p. 3, lines 6 through 8: "Defendants act in concert with several affiliated businesses, including legal entities, fictitious business names, and DBAs, in the United States and abroad, the full extent of which is currently unknown." | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). Declarant has failed to establish any personal knowledge and competence to testify as to the matters stated. |
| 9. | Lang Decl., ¶ 9, Exhibit 30, and p. 3, lines 8 through 11: "Upon checking the Nevada Secretary of State website for AMN, AMN Health and Beauty Cosmetics LLC was located, and a copy of that entity information is attached as exhibit 30. The bottom of | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). Failure to authenticate exhibit (Fed. R. Evid. 901(a)). Best Evidence Rule (Fed. R. Evid. 1002). Hearsay |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| 1<br>2<br>3 | | this document shows Dov Newman and Moishe Newman as managers of the business." | (Fed R. Evid. 802). Declarant has failed to establish her personal knowledge and competence to testify as to the matters stated. The attached exhibit 30 (Dkt. 114-10) does not reference defendant AMN, but an entity called "AMN Healthy and Beauty Cosmetics LLC," which the exhibit states *has been dissolved, with the last record updated on 11/27/2017*. In addition, because declarant has failed to state that she is the person who checked the Nevada Secretary of State website and that Exhibit 30 is a true and correct copy of a document that she obtained from the Nevada Secretary of State, the exhibit has not been properly authenticated. In addition, the best evidence of the contents of the exhibit is the exhibit itself. Because the exhibit has not been properly authenticated as a business record, the declarant's testimony and the exhibit are hearsay. |
| 27<br>28 | 10. | Lang Decl., ¶ 10, p. 3, , lines 12-13: "User ID Louise-Leblanc is also | Lack of foundation, personal knowledge and competence to testify |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| | | | |
|---|---|---|---|
| | | associated with the defendants or one of Defendant Newman's relatives." | on the matters stated (Fed R. Evid., 602; Fed. R. Civ. Proc. 56(c)(4)). The declarant has failed to establish her personal knowledge and competence to testify as to the matters stated.  She even admits that currently has no evidentiary basis for the purported assertion. |
| 11. | | Lang Decl., ¶ 10, Exh. 31 and p. 3, line 14, beginning with "Ebay's business records produced to date on this user" through the end of the paragraph. | Lack of foundation, relevance, and personal knowledge and competence to testify on the matters stated (Fed R. Evid., 401, 602; Fed. R. Civ. Proc. 56(c)(4)). Because neither the declarant nor Plaintiff has offered any admissible evidence linking user ID "Louise-Leblanc" to either of the Defendants, none of the matters stated by declarant are relevant to the pending action.  In addition, the declarant has also failed to establish her personal knowledge and competence to testify as to the matters stated.  The declarant has also failed to authenticate Exhibit 31 (Dkt. 114-11) because she failed to include a custodian of records declaration from eBay and failed to declare that the exhibit is a true and |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| | | |
|---|---|---|
| | | correct copy of records provided by eBay. (Fed. R. Evid. 901(a)). In addition, the document does not indicate on its face that it is a business record of eBay and the declarant admits elsewhere in her declaration (page 2, fn. 1) that she prepared reports she purportedly extracted from eBay records. As such, and due to her failure to properly authenticate the eBay documents in the first instance, Exhibit 31 does not constitute an admissible business record of eBay and does not qualify under any applicable exception to the Hearsay Rule. (Fed. R. Evid. 802). The declarant has also failed to lay the necessary foundation to establish her personal knowledge or competence to testify with respect to eBay records or explain or interpret any records or materials maintained by eBay. |
| 12. | Lang Decl., ¶ 11, p. 3, line 25 through p. 4, line 1: "At least ten other User IDs identified in eBay's business records contained registration data suggesting | Lack of foundation, relevance, and personal knowledge and competence to testify on the matters stated (Fed R. Evid. 401, 602; Fed. R. Civ. Proc. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| | | |
|---|---|---|
| | affiliation with defendants, including same or similar names and contact information." | 56(c)(4)).  Hearsay. (Fed. R. Evid. 802). With respect to the lack of personal knowledge and competence, the declarant: (a) has failed to identify any specific admissible evidence; and (b) has even admitted that she is awaiting confirmation of the matters stated.  To the extent that declarant is relying on eBay's business records generally, she has failed to properly authenticate those records (Fed. R. Evid. 901(a)) or establish that they are indeed business records that qualify as an exception to the hearsay rule. Accordingly, her testimony is hearsay. |
| 13. | Lang Decl., ¶ 11,  p. 4, lines 2 through 3: "but eBay confirmed each User sold RevitaLash goods after the date of the agreement, in breach." | Lack of foundation, relevance, and personal knowledge and competence to testify on the matters stated (Fed R. Evid. 401, 602; Fed. R. Civ. Proc. 56(c)(4)).  In addition to failing to establish her personal knowledge and competence to testify as to the matters stated, the declarant has also failed to demonstrate the relevance of anything pertaining to the referenced Users.  Her statement that "e-bay |

|   |   |   | confirmed" is hearsay ((Fed. R. Evid. 802). |
|---|---|---|---|
| 14. | Lang Decl., ¶ 11,  p. 4, lines 3 through 4:<br>"Counterfeit product was also purchased by Athena's secret shoppers from some of these additional Users." | | Lack of foundation, relevance, and personal knowledge and competence to testify on the matters stated (Fed R. Evid. 401, 602; Fed. R. Civ. Proc. 56(c)(4)).  In addition to failing to establish her personal knowledge and competence to testify as to the matters stated, the declarant has also failed to demonstrate the relevance of anything pertaining to the referenced Users. |
| 15. | Lang Decl., ¶ 12, Exh. 32, and p. 4, lines 5 through 6:  "Defendants materially breached the entirety of Paragraph 2 of the Settlement Agreement." | | Lack of foundation and personal knowledge and competence to testify on the matters stated (Fed R. Evid., 602; Fed. R. Civ. Proc. 56(c)(4)).  The declarant has also failed that to state Exhibit 32 is a true and correct copy of the Settlement Agreement or lay the foundation for her personal knowledge with respect to the same.  As a result, the exhibit has not been properly authenticated.  (Fed. R. Evid. 901(a)). |
| 16. | Lang Decl., ¶ 12, p. 4, lines 7 through 11:  "Paragraph 2 of the Settlement | | Best evidence rule (Fed R. Evid. 1002).  The best evidence of the |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| | | |
|---|---|---|
| | Agreement details the defendants' obligations to prepare and deliver to Athena Schedules 1 and 2, with the timing of said delivery to take place after signature execution with opposing counsel Ronan Conan acting as the escrow agent for this precious consideration (described in Paragraph 9 (g) of the Settlement Agreement)." | contents of the document it the document itself.  In addition, the declarant has failed to otherwise establish her personal knowledge and competence to testify regarding the Settlement Agreement or events relating to the same. (Fed R. Evid., 602; Fed. R. Civ. Proc. 56(c)(4)). |
| 17. | Lang Decl., p. 4, ¶ 12, lines 11 through 16: "Therefore, Athena had no opportunity to preview or analyze Schedules 1 and 2 prior to execution. Both parties were represented by attorneys during settlement negotiations, and there was no indication that counsel and his client had any bad-faith intent when requesting the exchange be timed in this manner. However, indication of bad faith was quickly revealed when Schedules 1 and 2 were furnished." | Lack of foundation and personal knowledge and competence to testify as the matters stated (Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). Relevance (Fed. R. Evid. 401). |
| 18. | Lang Decl., ¶ 12, p. 4, lines 16 through 18: "Most notably, Schedule 1 cursorily listed a grand total of 9 different "sellers," none of which were accompanied by the contact name and | Lack of foundation and personal knowledge and competence to testify as the matters stated (Fed. R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). Best evidence rule. (Fed. R. Evid. |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| | | |
|---|---|---|
| | information of any person or entity, as required by Section 2(a)(iii) of the Agreement." | 1002).  The declarant has failed to lay down the foundation to establish her personal knowledge or competence to testify with respect to the requirements of the Settlement Agreement.  In addition,  the best evidence of the contents of the Settlement Agreement and Schedule are the documents themselves. |
| 19. | Lang Decl., ¶ 12,  p. 4, lines 18 through 21:  "The document was further suspect by its indication that, of the grand total of 2,835 units of RevitaLash units allegedly purchased by defendants, 2,798 units of RevitaLash were from a Czech Supplier named Link America II." | Lack of foundation and personal knowledge and competence to testify as the matters stated (Fed R. Evid., 602; Fed. R. Civ. Proc. 56(c)(4)).  Hearsay.  (Fed. R. Evid. 802).  Among things, the declarant has failed to establish any basis for her personal knowledge or competence to testify with respect to any of the information contained in the referenced document, let alone her statement that the document or 2,798 units from a single supplier is "suspect." |
| 20. | Lang Decl., ¶ 12, p. 4, lines 21 through 24:  "Despite several email requests from myself to former counsel for defense Mr. Cohen prior to this lawsuit, | Relevance and best evidence rule. (Fed R. Evid. 401, 1002). The best evidence of the purported contents of the e-mails are the e-mails |

| | | | |
|---|---|---|---|
| | | defendants refused to produce a single document showing they ever purchased a single unit from this Czech company." | themselves. In addition, neither the declarant nor the Plaintiff has presented admissible evidence to establish that Settlement Agreement required Mr. Cohen provide or AMN to provide back-up documentation for the disclosures set forth in the Schedules to the Settlement Agreement. Accordingly, the declarant's testimony is not relevant. |
| | 21. | Lang Decl., ¶ 13, p. 4, lines 25 – 26: "eBay's business records gathered to date show that defendants breached the Settlement Agreement by failing to disclose their true suppliers of RevitaLash goods." | Lack of foundation and personal knowledge and competence to testify as the matters stated (Fed R. Evid., 602; Fed. R. Civ. Proc. 56(c)(4)). Best Evidence Rule (Fed. R. Evid. 1002).  Hearsay. (Fed. R. Evid. 802). Among things, the declarant has failed to identify the specific records to which she is referring, or how those records establish that "defendants breached the Settlement Agreement by failing to disclose their true suppliers of Revitalash goods."  In addition, the best evidence of the contents of the purported eBay records are the records themselves, which the |

| | | |
|---|---|---|
| | | declarant has failed to specify. To the extent that that the declarant is referring to Exhibit 33 (discussed below), she has failed to properly authenticate Exhibit 33 because she failed to include a custodian of records from eBay (Fed. R. Evid. 901(a)) or otherwise establishing that the exhibit is actually a true and correct copy of an eBay business record that falls within the exception to the hearsay rule.  In fact, Declarant admits elsewhere in her declaration (page 2, fn. 1) that her "eBay records" are actually reports she has prepared and extracted from eBay records.  The declarant has also failed to lay the necessary foundation to establish her personal knowledge or competence to testify with respect to eBay records or to explain or interpret any records or materials maintained by eBay. |
| 22. | Lang Decl., ¶ 13, p. 4, line 27 – p. 5, line 2: "Athena purchased goods from defendants that Athena discovered to be counterfeit, and defendants' agreement to fully disclose who, what | Lack of foundation and personal knowledge and competence to testify as the matters stated (Fed R. Evid., 602; Fed. R. Civ. Proc. 56(c)(4)). The declarant has failed to establish |

| | | |
|---|---|---|
| | and where they got these counterfeit goods from was the key consideration for the agreement." | her personal knowledge or competence to testify as to any of the foregoing facts, including the purchase of goods by Athena, that the purchased goods were indeed counterfeit, and whether certain information "was a key consideration" for Athena entering into the agreement. *Ms. Lang is not Athena, but Athena's litigation counsel in this matter.* |
| 23. | Lang Decl., ¶ 13, p. 5 lines 2 - 5: "They also breached the Settlement Agreement by continuing to sell Athena goods after the effective date, which in and of itself is breach, and it means that they didn't relinquish their entire remaining inventory to Athena." | Lack of foundation and personal knowledge and competence to testify as the matters stated (Fed R. Evid., 602; Fed. R. Civ. Proc. 56(c)(4)). |
| 24. | Lang Decl., ¶ 13, Exhibit 33 and p. 5 lines 5-8: "eBay's business records obtained so far, a copy of which is attached hereto as Exhibit 33, show that defendants failed to disclose eBay sellers "valenced" and "fullbright-sales," both of which sold defendants RevitaLash goods in 2019. | Lack of foundation, relevance, and personal knowledge and competence to testify on the matters stated (Fed R. Evid., 401, 602; Fed. R. Civ. Proc. 56(c)(4)); Hearsay (Fed. R. Evid. 802). The declarant has failed to establish her personal knowledge or competence to testify with respect to eBay records or explain or interpret any records or materials maintained |

DEFENDANTS' EVIDENTIARY OBJECTIONS

by eBay. By way of example, does the "seller-login" information contained in the unauthenticated Exhibit 33 reflect the name of the seller at the present time or at the time of the transaction? How often do sellers update or change their log-in names over time?  Declarant has no competency or personal knowledge to testify as to these matters, interpret eBay records, or draw conclusions from the same.  In addition, the best evidence of the contents of any eBay records are the records themselves, not the declarant's interpretation of them. (Best evidence rule; Fed R. Evid. 1002).

The declarant has also failed to properly authenticate Exhibit 33 (Dkt. 114-18) because she failed to include a custodian of records declaration from eBay.  The document is not self-authenticating, and one cannot discern from the face of the document where it was obtained or if it a genuine and

| | | | |
|---|---|---|---|
| | | | accurate copy of an eBay business record. |
| | | | The declarant admits elsewhere in her declaration (footnote 1, page) that she extracted certain information from extensive eBay excel records, which underscores her failure to testify or establish that Exhibit 33 is actually a "true and correct copy" of an eBay business record that would fall within any applicable exception to the hearsay rule (Fed. R. Evid. 802). Accordingly, Exhibit 33 is inadmissible as it is lacking in the necessary foundation, constitutes hearsay, and has not been properly authenticated. (Fed. R. Evid. 901(a)). As a result of the foregoing, the declarant's testimony is also hearsay. |
| 25. | Lang Decl., ¶ 13, p. 5, Exhibit 34 and lines 8 through 11: "Our firm was able to locate defendants' alleged supplier "Savingsimplellc," a young man named Eric Romero. He provided our firm with the attached Declaration, attached hereto as Exhibit 34, confirming he did not ever supply defendants." | | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). The declarant has failed to lay any foundation to establish that her firm located the "alleged supplier 'Savingsimplellc." A careful reading |

| | | |
|---|---|---|
| | Exhibit 34, ¶¶ 4, 8, 9, 10. | of the proffered exhibit 34 (Dkt. 114-13; the Romero Declaration), indicates that Mr. Romero was aware of the fact that an account was set up in the name of SavingsSavingsLLC and a registered e-mail address for that account, simplesavingllc@gmail.com.  There is nothing in the exhibit that indicates that SavingsSavingsLLC or simplesavingllc@gmail.com is the same as Savingsimplellc.  The declarant also fails to state that Exh. 34 is a true and correct copy of the declaration provided to her firm by Mr. Romero, so Mr. Romero's declaration has not been properly authenticated. (Fed. R. Evid. 901(a))  With respect to paragraph 4 of the Exhibit 34 (the Romero Declaration), Mr. Romero fails to lay the requisite foundation with respect to referenced account and e-mail address, as he does not state the basis for his knowledge or that he created or owned the account or e-mail address. The only information that he does share is that the accounts were |

- 19 -

DEFENDANTS' EVIDENTIARY OBJECTIONS

created – without stating by whom – 12 years ago, which would have been 7 ½ years before he started college at the University of Arkansas per paragraph 3 of the Romero declaration.

With respect to paragraph 8 of the Exhibit 34, it appears that the entire paragraph was added or inserted into the document after the execution of the same, which goes to Defendants' objection that the declarant has failed to testify that the Exhibit 34 is in fact "a true and correct copy" of the final executed declaration provided to the declarant's firm by Mr. Romero.

With respect to paragraph 9 of the Exhibit 34, Mr. Romero's testimony concerning his search and the purported results lack foundation because he fails to explain what records he searched, how the records are maintained, how long the records are maintained, and how he conducted his search, and the software used for the search and to maintain the records.

With respect to paragraph 10 of the Exhibit 34, Mr. Romero's testimony that, "Any accusation that 'savingsimplellc' sold or supplied any product, including any RevitaLash product to the named defendants is false," it totally lacking in foundation. None of his other declaration testimony mentions that entity (as opposed to SavingsSavingsLLC or simplesavingllc@gmail.com", and he does not state he has any personal knowledge or competency to testify with respect to "savingsimplellc."

Moreover, even assuming *arguendo* that there were an equivalency between "savingsimplellc" and those other entities, Mr. Romero admits in paragraph 5 of his declaration that he only used those accounts "over a span of 4 months" and he doesn't even identify during which 4 months that usage occurred and who, if anyone, used those account before or after those 4 months. Given his failure to state that he was the owner

- 21 -

| | | |
|---|---|---|
| | | or creator of those other accounts, or the exclusive user of those accounts (which again were created 7 ½ years before he started college), his testimony lacks foundation as to what may have occurred outside of that 4-month window and his ability to access records pertaining to the same. |
| 26. | Lang Decl., ¶ 14, in its entirety. | Lack of foundation, relevance, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 401, 602; Fed. R. Civ. Proc. 56(c)(4)). The declarant has failed to lay any foundation to establish any personal knowledge or competence to testify as to *when* AMN acquired the goods it sold in 2019 or how much inventory in acquired in advance for subsequent sales – instead simply assuming without any evidence that any goods sold in 2019 must have been acquired in 2019. Accordingly, her assertion that the "data . . . . does not add up" amounts to pure speculation and is without any foundation or personal knowledge.  She also has failed to |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| | | |
|---|---|---|
| | | establish her personal knowledge or competence as to the number of goods returned to Athena pursuant to the Settlement Agreement.  The declarant's testimony that Defendants' data show their total revenue for 2019 as $312,880 is also without foundation, as she fails to establish her personal knowledge of the same, explain to what data (in the form of admissible evidence) to which she is referring, or how she otherwise calculated Defendants total revenue for 2019.  Her testimony regarding the revenue is also irrelevant. |
| 27. | Lang Decl., ¶ 15, p. 5 - Exhs. 35, 36, 37, 38 thereto. | Lack of authentication. (Fed. R. Evid. 901(a)). Hearsay (Fed. R. Evid. 802). The exhibits have not been properly authenticated as the declarant has not testified that they are true and correct copies of the documents she has described in her declaration. With respect to 38 (Dkt. 114-17), the declarant also broadly mentions "Walmart's production", but does not specifically identify |

| | | |
|---|---|---|
| | | what the exhibit is or that it is in fact a business record of Walmart that would fall within a hearsay exception as opposed to something she extracted and prepared, as she has admitted elsewhere in her declaration that she has done with respect to eBay records. |
| 28. | Lang Decl., ¶ 15, p. 5, lines 20-22 "In their production of business records, they disclosed AMN was a supplier (a copy is attached as Exhibit 37 that shows Nechemia Newman as primary contact)." | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). Best Evidence Rule (Fed. R. Evid. 1002).  Hearsay (Fed. R. Evid. 802). The declarant has failed to establish her personal knowledge, familiarity with, understanding, or ability to explain or interpret Walmart records. In addition, the best evidence of the content of the 384-page exhibit is the Exhibit itself. |
| 29. | Lang Decl., ¶ 15, p. 5, lines 22-25: "Walmart's production also shows that defendants listed Athena RevitaLash and RevitaBrow products for sale on Walmart.com every week starting 4/30/20 until 7/8/21, a copy of which is attached at Exhibit 38." | Lack of foundation,  personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). Best Evidence Rule (Fed. R. Evid. 1002).  Hearsay (Fed. R. Evid. 802). The declarant has failed to establish |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| | | |
|---|---|---|
| | | her personal knowledge or competence to testify with respect to, familiarity with, understanding, or ability to explain or interpret any records or materials maintained by Walmart let alone her personal knowledge with respect to the transactions described therein.  In addition, the best evidence of the content of the exhibit is the exhibit itself. Exhibit 38 (Dkt. 114-17) is also inadmissible as discussed, *infra,* at objection nos. 27 and 29.  As argued in Defendants' accompanying reply brief, Exhibit 38 also directly contradicts the assertion made by the declarant! |
| 30. | Lang Decl., ¶ 15, p. 5, line 25 – p. 6, line 2: : "Such conduct materially breaches the Settlement Agreement which required defendants to relinquish all their remaining inventory of all Athena goods in their possessions prior to 4/30/20 and to permanently cease and desist from that date forward ever having or advertising for sale any | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). |

DEFENDANTS' EVIDENTIARY OBJECTIONS

| | |
|---|---|
| Athena goods and from ever selling or trying to sell any Athena good." | |

## OBJECTIONS TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT DECLARATION AND EXHIBITS REFERENCED THEREIN

| OBJ. NO. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTIONS |
|---|---|---|
| 31. | "Disputed Fact" No. 1: "The Athena/defendants May 29/30, 2020, agreement prohibits defendants from selling products with an Athena trademark irrespective whether the product is legitimate or counterfeit. | Relevance.  With respect to the Defendants purported breach of contract by engaging in post-settlement sales, Plaintiff's First Amended Complaint alleges only that:  "Defendants breached the settlement agreement by continuing to sell Athena counterfeit goods." FAC (Dkt. 73), ¶ 92.  "Disputed Facts" relating to purported breaches that are not alleged in Plaintiff's First amended complaint are not material or relevant. |
| 32. | "Disputed Fact" No. 2:  "Defendants sold Revitalash, an Athena product, | Plaintiff has failed to support the "Disputed Fact" with a specific |

| | | |
|---|---|---|
| | after the agreement was executed, which breached the agreement." | citation to the evidentiary record, let alone any admissible evidence. Plaintiff's Exhibit 4 (Dkt. 112-5) contains interrogatory responses that do not in any way support Plaintiff's assertion and Defendants are unable to ascertain what is meant by the reference to Exhibit "and --?" *See also above objections to Marina Lang Declaration and Exhibits, which are hereby incorporated by this reference.* |
| 33. | "Disputed Fact" No. 3: "AMN breached the agreement by omitting these companies: Valenced Fullbright-Sales" | Plaintiff has failed to support the "Disputed Fact" with a specific citation to the evidentiary record, let alone any admissible evidence. *See above objections to Marina Lang Declaration and Exhibits, including but not limited to Objection No. 24, which are hereby incorporated by this reference.* |
| 34. | "Disputed Fact" No. 4: "The schedules include Savingsimplellc, but that company had no dealings with defendants." | *See above objections to Marina Lang Declaration and Exhibits, including but not limited to Objection No. 25, which are hereby incorporated by this reference.* |

| 35. | "Disputed Fact" No. 5:<br>"Defendants failed to disclose their total purchases including purchasing 35 units from "Sterlingwoman" not the five listed in the schedules." | Plaintiff has failed to support the "Disputed Fact" with a specific citation to the evidentiary record, let alone any admissible evidence. *See also above objections to Marina Lang Declaration and Exhibits, which are hereby incorporated by this reference.* |
|---|---|---|
| 36. | "Disputed Fact" No. 6:<br>"Athena products for sale on Walmart.com every week starting April 30, 2020, the agreements effective date, until July 8, 2021." | Plaintiff's disputed fact is an incoherent incomplete sentence, which Plaintiff has failed to support with a specific cite to the evidentiary record or admissible evidence. *See above objections to Marina Lang Declaration and Exhibits, including but not limited to Objection Nos. 27-30, which are hereby incorporated by this reference.* |

1

2   DATED:  September 20, 2021    DAVID C. VOSS, JR.

3                                VOSS, SILVERMAN & BRAYBROOKE, LLP

4

5                                By:_____

6                                    David C. Voss, Jr.

7                                    Attorneys for Defendants
                                     AMN DISTRIBUTION, INC. and
                                     MOISHE NEWMAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' EVIDENTIARY OBJECTIONS