Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Athena Cosmetics, Inc., <br><br> Plaintiff, <br><br> v. <br><br> AMN Distribution Inc., et al, <br><br> Defendants. | No. 2:20-cv-05526-SVW-SHK <br><br> Athena's Opposition to Defendants' Summary Judgment Motion <br><br> Date: October 4, 2021 <br> Time: 1:30 p.m. <br> Judge: Wilson |

Plaintiff Athena Cosmetics, Inc. opposes defendants' summary judgment motion. It relies on the declarations of Eric Romero, Maria Baez de Hicks (Walmart), Michael Harris and Marina Lang and the Memorandum of Points and Authorities. Athena also files a statement of genuine issues of disputed facts required by Local Rule 56 setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated.

## MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

A. Introduction ................................................................................................... 1

B. Facts and Arguments ..................................................................................... 1

    1. Athena can overcome defendants' summary judgment motion with a declaration disputing defendants' evidence or otherwise showing the motion fails to show entitlement to summary judgment. ........................ 1

2. The parties' agreement prohibits defendants from selling products with Athena's trademark despite whether the product is a counterfeit. ................2

3. The data defendant provided in Schedules 1 and 2 does not add up. ...............3

4. Defendants' Use of separate User IDs on eBay makes discovery complex. ...............................................................................3

5. Defendants are still selling counterfeit Athena products. ................4

6. This motion seeks to prevent discovery by a defendant that avoided providing discovery. ...................................................5

7. The breach damages Athena ........................................................7

C. Conclusion ..................................................................................8

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................ 2

*Burlington Northern Santa Fe R. Co. v. Assinboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767 (9th Cir. 2003) ......................... 5

*Metabolife Int'l v. Wornick*, 264 F.3d 832 (9th Cir. 2001) ....................... 5

*Tolan v. Cotton*, 572 U.S. 650 (2014) ..................................................... 2

*United States v. One Parcel of Real Property*, 904 F.2d 487 (9th Cir. 1990) ..................................................................................... 2, 3

**Statutes**

15 U.S.C. § 1117 ....................................................................................... 8

**Rules**

Fed. R. Civ. P. 5 ........................................................................................ 6

Fed. R. Civ. P. 12 ...................................................................................... 6

Fed. R. Civ. P. 30 ............................................................................................... 1, 6, 7

Fed. R. Civ. P. 56 ................................................................................................... 2, 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. INTRODUCTION

Defendants' tactic is to deny discovery and then move for summary judgment to avoid providing discovery. Defendants objected to every interrogatory and document request and dragged out resolving their objections. Though Athena served its written discovery last October, defense counsel first raised the issue in April that Athena's service of discovery request by email was improper. It's Rule 30(b)(6) witness did not show twice. Defendants first moved for summary judgment before it had produced any documents, and it sent about 4,700 pages less than a week before it served this motion. I wanted to avoid answering questions at depositions of their document custodians whether they had more.

Defendants are a family business. Athena found "Newmans," defendant Moishe Newman's surname in the AMN's business. By blocking discovery, defendants halted Athena's ability to learn what each does with Moishe and AMN. Perhaps Moishe would try denying selling counterfeits because he shifted the sales to his siblings, nieces or nephews.

Despite the attempt to block all evidence of defendants' sales of Athena products, some evidence leaks through. This month, AMN advertised on Groupon to sell Athena products. Defendants breached their agreement with Athena by selling any Athena product, not just counterfeit. The Groupon sale, therefore, is a breach.

### B. FACTS AND ARGUMENTS

**1. Athena can overcome defendants' summary judgment motion with a declaration disputing defendants' evidence or otherwise showing the motion fails to show entitlement to summary judgment.**

To grant summary judgment, "the pleadings, the discovery and disclosure materials on file, and any affidavits [must] show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(c). As moving parties, defendants must demonstrate the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Nonmovant Athena's evidence "is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id*. at 255.

*Tolan v. Cotton*, 572 U.S. 650, 659 (2014), emphasized district courts may not credit the evidence of the party seeking summary judgment while failing "properly to acknowledge key evidence offered by the party opposing that motion." "[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are" for the trier of fact. *Anderson*, 477 U.S. at 255. A single declarant's competent and specific evidence may create a triable issue as to a material fact although opposed by other contrary declarations. *United States v. One Parcel of Real Property*, 904 F.2d 487, 491-492 (9th Cir. 1990).

### 2. The parties' agreement prohibits defendants from selling products with Athena's trademark despite whether the product is a counterfeit.

The April 29 and 30, 2020, agreement (Dkt. 97-2, filed by defendants) states:

> Defendants, their agents, affiliates, employees, contractors, and all other persons in privity or acting in concert with Defendants, are permanently enjoined and restrained from ever: purchasing, buying, obtaining, procuring, manufacturing, warehousing, producing, importing, distributing, circulating, selling, delivering, marketing, offering for sale, advertising, promoting, displaying or otherwise using any goods or products with the Athena Cosmetics Marks, including any simulation, reproduction, counterfeit, copy or colorable imitation of the Athena Cosmetics Marks.

*Id*., p. 3[1] Defendants breach the agreement by selling, etc. any products with an Athena trademark, which are defined in the agreement as "3,246,814, 3,526,373,

---

[1] The pages in the exhibit are not numbered.

3,413,360, 5,633,064, 4,501,304, No. 5,871,804." *Id.*, p. 1. The registration certificates are Lang Declaration Exhibits 25 and 26.[2]

### 3. The data defendant provided in Schedules 1 and 2 does not add up.

The schedules simplify Athena's policing the agreement because they identify defendants' customers and especially the suppliers. Soon after Athena studied Schedules 1 and 2, it learned only nine different "sellers" were listed, and they were not accompanied by the contact's name and information of any person or entity as Section 2(a)(iii) requires.

According to Schedule 1, defendant purchased 2,835 Units during 2019. Under Schedule 2, they sold 4,474 units that year. The inventory of all Athena Revitalash® products they returned under the Agreement was 70 units of Revitalash 3.5 ml. and 122 units of Revitalash 2.0 ml.

### 4. Defendants' Use of separate User IDs on eBay makes discovery complex.

Defendants use at least two user ID's, blulinelea & austramericacosmeticsoutlet, to buy and sell Revitalash products on eBay. Nechemia Newman signed on as the person responsible for the Walmart account. See Maria Baez de Hicks (Walmart) declaration Exhibit 36. Defendants failed to disclose their true suppliers to avoid losing key business relations including:

1. Valenced (sold defendants five units 11/22/19)
2. Fullbright-Sales (sold defendant 14 units 11/22/19, 11/22/19, 11/25/19).
    Ex. _ (Purchase History for Bluelinela)
3. Savingsimplellc (never a supplier) See attached Romero Declaration)

Defendants failed to disclose their total purchases including:

---

[2] Exhibits 1 through 16 are exhibits to the Harris declaration. Exhibits 20+ are those to the Lang declaration.

They purchased 35 units from "Sterlingwoman" not 5 (see attached Purchase History for Bluelinela)

Attached Walmart Marketplace supports this – rows 304 to 394 show they listed Athena products for sale on Walmart.com every week starting April 30, 2020, the agreements effective date, until July 8, 2021.

The account registration data produced by eBay suggested other User IDs were associated with the defendants, but Athena currently awaits a supplemental production from eBay to confirm. User ID Louise-Leblanc is associated with one of Defendant Newman's relatives. At least ten other User IDs contained registration data suggesting affiliation with defendants, including same or similar names and contact information. Athena awaits supplemental production from eBay, PayPal, Walmart and now Groupon to confirm they sold Revitalash goods after the date of the agreement, in breach. Defendants also purchased counterfeits from some of these additional Adina's Beauty Store and Adina's Beauty Store are dba's of AMN Distribution and Brush Express (see Walmart seller information).

**5. Defendants are still selling counterfeit Athena products.**

Exhibits 21 and 22 are Groupon webpages downloaded this month. Both show defendants selling counterfeit Athena products. At the bottom of Exhibit 23, a "verified product purchaser" named "Melody" left a product review on January 8, 2021, eight months after the agreement's effective date. It also shows AMN retained inventory of Revitalash units to sell, inventory the agreement required them relinquish to Athena under Agreement. According to Groupon's website at https://marketplace.groupon.com/support/solutions/articles/5000773169-what-are-the-rating-and-reviews-policies. Groupon's policy "ensure[s] that the ratings and reviews are from verified Groupon customers and only impact your particular product." See Ex. _, taken on September 12, 2021.

Rows 304 to 394 of the attached Walmart Marketplace (Ex. 31) listed Athena products for sale on Walmart.com every week starting April 30, 2020 until July 8, 2021. Even if none sold, the listing still violates the prohibition against "marketing, offering for sale, advertising, promoting, displaying" in the agreement.

### 6. This motion seeks to prevent discovery by a defendant that avoided providing discovery.

Defendants avoided discovery and even brings this motion while there is pending discovery.

District courts should grant a Rule 56(d) motion "fairly freely" where a party opposing summary judgment has not had a realistic opportunity to pursue discovery relevant to its theory of the case. *Burlington Northern Santa Fe R. Co. v. Assinboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). Continuance of a motion for summary judgment to allow for discovery "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Id*. (quoting from *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992)). "The Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'" *Metabolife Int'l v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001)

This lawsuit has been pending since June 2020. On October 1, 2020, Athena served interrogatories and documents requests (Ex. 1 and 2). It also served a Rule 30(b)(6) deposition for November 5 (Ex. 11). They were served by email on attorney Ronan Cohen, who initially represented defendant AMN. AMN did not respond to the written discovery, he and AMN did not attend the Rule 30(b)(6) deposition. See Exhibit 12, the court reporter's declaration of non-attendance.

Attorney David Voss replaced Mr. Cohen in mid-November 2020. Dkt. 41. He moved to set aside the default judgment against Moishe Newman, AMN's CEO.

Case 2:20-cv-05526-SVW-SHK   Document 117-1   Filed 09/21/21   Page 9 of 11   Page ID #:2713

Though Athena initially opposed the motion, after Mr. Newman produced an Australian government document—Mr. Newman resides there— showing he was in Australia when he was served in Long Beach, agreed the default should be set aside. The Court granted the motion on January 19. Dkt. 62.

On January 9 and 12, 2021, Mr. Newman moved to dismiss under Rule 12(b)(6), Dkt. 63, and AMN filed a Rule 12(c) motion. Dkt. 65. The Court denied both. Dkt. 72. Athena filed a first amended complaint on March 22, 2021, Dkt. 73, which now is the operative complaint.

In April 2021, Mr. Voss said Athena's service by email of interrogatories, documents requests and the notice of a Rule 30(b)(6) deposition did not comply with FED. R. CIV. P. 5 because counsel had no written agreement to serve an accept service by email. Defendants' first attorney Mr. Cohen never raised the issue, and Mr. Voss only raised it in April, five months after he became counsel of record.

On April 15, 2021, Athena served the same interrogatories and documents requests on Mr. Voss, this time by mail. Athena also served a Rule 30(b)(6) deposition notice on May 11, 2021, on AMN for a June 4 deposition. Ex. 13

On May 20, 2021, defendants served objections to every document request and interrogatory. See Exhibits 3 and 4. After a conference with Magistrate Judge Kewalramani, defendants served amended responses, Exhibits 5 and 6, and served additional interrogatory responses on August 17. Ex. 7. Defendants produced no documents until August 25, less than a week before they filed this motion. Then Mr. Voss's office sent Athena 4703 pages of documents. The documents were not Bates numbered, and all but 22 pages were the six or seven pages a person ordering from eBay receives when he or she completes an order. They contain advertising for other products. Mr. Voss has not said which document request to which these documents pertained. The short time from defendants' first document production to it summary

Athena's Corrected Memo. of Points and Auth. Opposing Sum. Judgment Motion    6    Athena Cosmetics, Inc v. AMN Dist. et al. No.: 2:20-cv-05526-SVW-SHK

judgment motion filing allows no time for discovery of persons mentioned in the documents.

AMN did not attend its June 4, Rule 30(b)(6) deposition, and defendants served no objections. To show the witness had no excuse for missing the deposition, Athena reminded defendants of the deposition. Exhibit 14 is a June 3 email Athena sent to Mr. Voss with log on instructions for the deposition, and Exhibit 15 is a June 4 email to him confirming he was served by mail.

Athena noticed deposition of Nechemiah Newman on July 23, 2021 for August 26, Ex. 10, of Devorah Newman on July 23, 2021, for August 27, Ex 8, and of Dov Newman on August 12, 2021 for August 27, Ex. 9. Athena believes Nechemiah, Devorah and Dov Newman are involved with AMN and are close relatives of defendant Moishe Newman. The process server Athena hired could not serve them, so Athena in the process of noticing them again.

Defendants also asserted Athena could not take the depositions virtually (Zoom), so Athena's attorney are finding a reporter who will hold live depositions. Nechemiah Newman lives in Pennsylvania, and finding a reporter there is taking additional time. Athena's attorneys are working with attorneys for eBay, PayPal and Walmart to obtain more data about defendants' sales of Athena products.

Defendants cannot rely on the argument that no breach of the contract exists while steadfastly refusing to produce purchase orders and other documents to and from its suppliers and customers. Defendants intentional disregard of their discovery obligations severely prejudices Athena. Defendants' refusal to cooperate in discovery admits guilt.

### 7. The breach damages Athena

A defendant who sells counterfeits can be liable for statutory damages of up to $2,000,000. 15 U.S.C. § 1117(c). Why would Athena settle for $25,000 to get the information from accurate Schedules 1 and 2 instead of seeking that $2 million

statutory damages? To discover the suppliers to stop them from selling counterfeit. AMN's failure to provide accurate information for Athena to use damaged it significantly.

### C. CONCLUSION

Defendants breached their agreement with Athena, and they avoided discovery that would allow Athena to discovery the other suppliers and customers.

Athena requests that the Court deny defendants' summary judgment motion.

September 21, 2021

/s/ *Marina Lang*
Marina Lang
SoCal IP Law Group LLP

Attorneys for Defendant and Counter-claimant Athena Cosmetics, Inc.