1               UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
2                    WESTERN DIVISION

3

4   ATHENA COSMETICS, INC.,   )
                        )
5         PLAINTIFF,     ,)
                        )
6          vs.          )   CASE NO.  CV 20-5526-SVW(SHK)
                        )
7   AMN DISTRIBUTION, INC.,   )
   ET AL.,               )   RIVERSIDE, CALIFORNIA
8                        )   APRIL 12, 2021
         DEFENDANTS.   )
9  _____)

10

11

12

13             DISCOVERY STATUS CONFERENCE

14    BEFORE THE HONORABLE SHASHI H. KEWALRAMANI
15        UNITED STATES  MAGISTRATE JUDGE

16

17

18
    APPEARANCES:           See Next Page
19
    COURT REPORTER:      Recorded, MS Teams
20
    COURTROOM DEPUTY:    D. Castellanos
21
    TRANSCRIBER:         Dorothy Babykin
22                     Courthouse Services
                      1218 Valebrook Place
23                     Glendora, California  91740
                      (626) 963-0566
24

25   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.
    TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

1     APPEARANCES:

2

3     FOR PLAINTIFF ATHENA COSMETICS::

4         SOCAL IP LAW GROUP LLP
           BY:  MICHAEL HARRIS
5             ATTORNEY AT LAW
         310 N. WESTLAKE BOULEVARD
6         SUITE 120
         WESTLAKE VILLAGE, CALIFORNIA  91362

7

8     FOR DEFENDANT AMN DISTRIBUTION, INC., ET AL.:

9

         VOSS SILVERMAN & BRAYBROOKE LLP:
10        BY:  DAVID VOSS
            ATTORNEY AT LAW
11       4640 ADMIRALTY WAY
        SUITE 800
12       MARINA DEL REY, CALIFORNIA  90292

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          I N D E X

2    CV 20-5526-SVR(SHK)                              APRIL 12, 2021

3

4    PROCEEDINGS:   DISCOVERY STATUS CONFERENCE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Dorothy Babykin Courthouse Services
1218 Valebrook Place   •   Glendora, CA 91740   •   626.963.0566   •   dotnisbet@aol.com

1          RIVERSIDE, CALIFORNIA; APRIL 12, 2021

2          THE CLERK:   CALLING CASE NUMBER 2:20 CV-5526, ATHENA

3    COSMETICS., INC., VERSUS AMN DISTRIBUTION, INC.

4          COUNSEL, YOUR APPEARNCES, BEGINNING WITH THE PLAINTIFF.

5          MR. HARRIS:  MICHAEL HARRIS FOR THE PLAINTIFF ATHENA.

6    \       MR. VOSS:  GOOD MORNING, YOUR HONOR.

7          DAVID VOSS ON BEHALF OF DEFENDANTS NEWMAN AND AMN.

8          THE COURT:  ALL RIGHT.

9          SO, I'D LIKE TO FIRST ADDRESS   -- THERE SEEMS TO BE A

10   FUNDAMENTAL DISAGREEMENT REGARDING THE NATURE OF THE DISPUTE

11   BASED ON THE SECOND EMAIL I RECEIVED FROM MR. VOSS.

12         PRESUMABLY, MR. HARRIS, WERE YOU CC'D ON THAT EMAIL,

13   SIR?

14         MR. HARRIS:  YES, I WAS, YOUR HONOR.

15         THE COURT:  OKAY.

16         AND HAVE YOU FOLKS HAD ENOUGH TIME TO DISCUSS THE

17   ISSUES I GUESS THAT ARE BEING PRESENTED TO ME?

18         MR. HARRIS:  I BELIEVE SO, YOUR HONOR.

19         THE COURT:  MR. VOSS?

20         MR. VOSS:  I WOULD CONCUR THAT THAT IS   -- THAT THAT IS A

21   FAIR STATEMENT, YOUR HONOR.

22         THE COURT:  OKAY.  SO, THE EMAIL I HAVE RELATING TO THE

23   VARIOUS TOPICS THAT YOU FOLKS WOULD LIKE TO DISCUSS, ARE THEY  --

24   ARE THEY VALID ISSUES THAT YOU FOLKS HAVE?

25         MR. HARRIS.

1             MR. HARRIS:  YES, YOUR HONOR.

2             THE COURT:  MR. VOSS.

3             MR. VOSS:  YOUR HONOR, I PRESENTED TO MR. HARRIS A

4      DETAILED LIST OF NINE ITEMS.

5             MR. HARRIS TOOK THE LIBERTY OF EDITING THEM  --

6      SHORTENING THEM  --

7             THE COURT:  MR.  --

8             MR. VOSS:   -- AND REDACTING THEM.  THEY ARE  --

9          `  THE COURT:  MR. VOSS  --

10            MR. VOSS:    -- THEY ARE NOT MY LIST.

11            THE COURT:  MR. VOSS, I DON'T  -- I DON'T WANT TO GET INTO

12     THE DETAILS..

13            I JUST WANT TO KNOW WHAT  -- AS WE ADDRESS THESE

14     MATTERS, SIR, ARE THEY WHAT YOU PERCEIVE THE DISPUTES TO BE

15     REGARDING?

16            MR. VOSS:  NOT AS PHRASED.

17            THE COURT:  OKAY.

18            SO, WHAT I'M GOING TO ASK YOU TO DO  -- AND WE'RE GOING

19     TO COME BACK AT 11:00.  SEND ME A SINGLE EMAIL.

20            MR. VOSS:  WITH THE NINE.  SHALL DO.

21            THE COURT:  WHATEVER YOU GUYS  -- WHATEVER YOU FOLKS

22     WANT ME TO DECIDE, I HAVE TO KNOW WHAT I'M DECIDING FIRST.

23     OTHERWISE, THIS IS AN EXERCISE IN FUTILITY TO SOME DEGREE,

24            SO, ACTUALLY, LET'S NOT DO IT BY 11:00.

25            WHAT IS YOUR AVAILABILITY AT 1:00 P.M. TODAY, MR. HARRIS?

1          MR. HARRIS:  I HAVE AN MCLE AT 1:00.

2          THE COURT:  UNTIL?

3          MR. HARRIS:  UNTIL 2:00.  AND THEN I HAVE A 2:00 ON A MATTER  -

4    -- ON AN INTERNATIONAL TRADE COMMISSION MATTER WITH ITC STAFF

5    FROM 2:00 PROBABLY TO 3:00.  IT'S 5:00 EASTERN TIME FOR THEM.

6          THE COURT:  RIGHT.  OKAY.

7          SO, WHAT'S YOUR AVAILABILITY AT NOON THEN, MR. HARRIS?

8          MR. HARRIS:  I'M AVAILABLE.

9          THE COURT:  MR. VOSS?

10         MR. VOSS:  YES, SIR.

11         THE COURT:  OKAY.

12         I WILL WAIT FOR YOUR EMAIL.  AND THEN WE'LL RECONVENE AT

13   NOON.

14         MR. VOSS:  THANK YOU, YOUR HONOR

15         THE COURT:  THANK YOU.

16         MR. HARRIS:  THANK YOU, YOUR HONOR.

17         I'LL CALL YOU, MR. VOSS.

18         MR. VOSS:  THANK YOU.

19         (SESSION 2.)

20         THE CLERK:  CALLING CASE NUMBER 2:20-CV-526, ATHENA

21   COSMETICS, INC., VERSUS AMN   -- AMN DISTRIBUTION, INC., ET AL.

22         COUNSEL, YOUR APPEARANCES, BEGINNING WITH THE

23   PLAINTIFF.

24         MR. HARRIS:  GOOD AFTERNOON, YOUR HONOR.

25         MICHAEL HARRIS FOR THE PLAINTIFF.

1           MR. VOSS:  GOOD AFTERNOON, YOUR HONOR.

2           DAVID VOSS ON BEHALF OF DEFENDANTS AMN AND NEWMAN.

3           THE COURT:  OKAY.

4           I DIDN'T RECEIVE AN EMAIL.  SO, WERE THE PARTIES UNABLE TO

5    AGREE ON WHAT THE DISPUTE CENTERS AROUND?

6           MR. HARRIS.

7           MR. HARRIS:  NO, YOUR HONOR.

8           I THINK WE AGREE WHAT THE DISPUTE CENTERS AROUND.

9           MR. VOSS HAD SENT ME ABOUT A WEEK AGO OR MAYBE EVEN

10   LONGER AN EMAIL WITH NINE OR TEN POINTS.

11          AND WHAT I HAD SUBMITTED TO YOUR HONOR WAS A

12   PARAPHRASE OF WHAT I THOUGHT HE WAS ARGUING AND WHAT MY BRIEF

13   RESPONSE WAS EVEN THOUGH I THOUGHT WE WERE ONLY SUPPOSED TO

14   PUT IN THAT WE HAD A DISPUTE AND WHAT IT WAS ON.

15          AND I EDITED THE  -- THAT EMAIL TODAY AFTER WE HAD OUR  --

16   OUR CONFERENCE.  BUT I FINISHED IT ABOUT 10 MINUTES TO NOON.  AND

17   MR. VOSS SAID THAT IT WAS NOT WHAT YOU WANTED ME TO DO.

18          SO, WE DIDN'T SUBMIT ANYTHING.

19          I TOOK HIS LANGUAGE VERBATIM AND PUT IT INTO THE EMAIL.

20   AND THEN PUT MY RESPONSES AFTER EACH ONE OF HIS.

21          THE COURT:  MR. VOSS.

22          MR. VOSS:  YES.

23          YOUR HONOR, MY  --

24          THE COURT:   EVEN WHEN WE'RE NOT WEARING A JACKET

25   TODAY, WE'RE KIND OF IN COURT.

1          MR. VOSS:  I'M SORRY, YOUR HONOR.  I TOOK IT OFF AND PUT IT

2    ON MY CHAIR.  I APOLOGIZE.

3          THE COURT:  SURE.

4          (LAUGHTER.)

5          MR. VOSS:   FORGOT IN THE RUSH TO TRY AND GET THIS DONE.

6          MY  -- MY APOLOGIES.

7          THE  -- SOME OF THE CONCERNS I HAVE, YOUR HONOR, IS THAT

8    THE CURRENT VERSION IS SUPPOSED TO HAVE  -- AND I'M USED TO

9    HAVING A PROCEDURE FOR A CONFERENCE  -- YOU'RE SUPPOSED TO

10   HAVE A NEUTRAL STATEMENT OF THE DISPUTE FOLLOWED BY THE

11   PARTIES' POSITIONS.

12         WHAT I SIMPLY STATE THAT WAS A NEUTRAL STATEMENT OF

13   THE DISPUTE, ASK COUNSEL TO INSERT WHATEVER HE WANTS TO BE HIS

14   POSITIONS AND ALLOW ME TO INSERT WHATEVER I WANT TO BE MY

15   POSITIONS.

16         I OFFERED THAT IF HE FELT MY POSITIONS WERE

17   ARGUMENTATIVE TO POINT OUT WHERE THE PROBLEMS WERE AND TO

18   EDIT THEM.  I GOT NO RESPONSE TO THAT.

19         I BELIEVE I TIGHTENED THEM UP.  THEY ARE EXTENSIVE.  THERE

20   ARE NINE POSITIONS.  I'LL GRANT YOU THAT.

21         BUT THERE IS A FORMAT FOR THE WAY THESE ARE DONE.  AND

22   THE FORMAT IS BEING PRESENTED BY COUNSEL IS NOT THE FORMAT

23   THAT I'M USED TO SEEING.  AND I DON'T BELIEVE IT'S APPROPRIATE.  IT'S

24   STILL PUTTING WORDS IN MY MOUTH  -- AND UNFORTUNATELY TRYING TO

25   GET THIS DONE BY NOON WASN'T ENOUGH TIME  -- (AUDIO OUT.)

1           THE COURT:  OKAY.  WELL, LET'S  --

2           MR. VOSS:   -- SO TO  --

3    '       THE COURT:   LET'S START GOING THROUGH THE   --

4           WHAT'S THE FIRST DISPUTE, MR. HARRIS?

5           MR. HARRIS:  THE FIRST DISPUTE, YOUR HONOR, IS THAT WE

6    HAVE THREE COMPLETE DISCOVERY MATTERS TO AN INTERROGATORY   --

7    A SET OF INTERROGATORIES, A SET OF DOCUMENT REQUESTS, 30(B)(6)

8    DEPOSITION THAT WERE JUST IGNORED.  AND THAT WAS  -- THOSE WERE

9    DUE IN NOVEMBER.

10          AND DEFENDANTS HAVE NOT SERVED A  -- AN INITIAL

11   DISCLOSURE ON US.

12          TO ME THAT'S THE ONLY ISSUE.

13          THE COURT:  OKAY.

14          SO, YOU'RE  -- PLAINTIFFS ARE INDICATING THAT YOU SERVED

15   RFPS, INTERROGATORIES BACK IN NOVEMBER.  AND  --

16          MR. HARRIS:  OCTOBER, YOUR HONOR.

17          THE COURT:  OKAY.  OCTOBER.

18          THE RESPONSES WERE DUE IN NOVEMBER.

19          IS THAT CORRECT, MR. HARRIS?

20           MR. HARRIS:  CORRECT.

21          THE COURT:  OKAY.  AT LEAST ACCORDING TO DEF- --

22   PLAINTIFFS.

23          THEY WERE SERVED ON WHICH ENTITY, SIR?  ON WHICH

24   PERSON?

25          MR. HARRIS:  MR. COHEN, THE PREVIOUS ATTORNEY ON BEHALF

1    OF AMN.

2              THE COURT:  NO, NO.  NO, NO.  OKAY.  I'M SORRY.

3         AMN OR WAS IT ON THE  -- TO THE INDIVIDUAL?

4              MR. HARRIS:  NO.  ON AMN.

5              THE COURT:  OH, IT  -- OKAY.  SO, DISCOVERY WAS SERVED ON

6    AMN  -- RFPS AS WELL AS INTERROGATORIES.

7              THEY WERE NOT SERVED ON MR. NEWMAN.

8              IS THAT CORRECT?

9              MR. HARRIS:  I BELIEVE BY THAT TIME HE HAD ALREADY

10   DEFAULTED. AND DEFAULT JUDGMENT WAS GRANTED AGAINST HIM.

11             SO, YES, IT WAS NOT SERVED ON HIM.

12             THE COURT:  OKAY.  SO, WE HAVE THESE OUTSTANDING

13   DISCOVERY REQUESTS AND THERE'S THE ISSUE OF INITIAL DISCLOSURES.

14             AND, MR. VOSS, WHAT'S YOUR  -- NOW, I PRESUME YOU'RE

15   REPRESENTING  -- WELL, YOU SAID YOU ARE REPRESENTING AMN AND

16   MR. NEWMAN.

17             SO, WHAT'S YOUR POSITIONS, SIR?

18             MR. VOSS:   WELL, I HAVE NINE DISCRETE POSITIONS TO

19   DISCUSS, ALL OF WHICH ARE  -- OBVIATE AGAINST RESPONDING TO THE

20   DISCOVERY.

21             I WILL START WITH THE FIRST OF THOSE, WHICH WAS THAT

22   YOUR HONOR MAY RECALL IN DECEMBER WHEN WE MET WITH YOU THAT

23   WE HAD EXPRESSED THAT THERE WAS A LEGAL RIGHT FOR US TO SET

24   ASIDE ANY OBJECTIONS THAT WERE WAIVED BY FAILURE TO COMPLY

25   WITH SERVING OBJECTIONS ON A TIMELY BASIS.  AND THAT MR. COHEN

1    WAS INCAPACITATED BY DIFFICULTIES IN HIS PERSONAL LIFE.

2         IN THAT REGARD WE HAVE SUBSEQUENTLY FOUND THAT MR.

3    COHEN UNFORTUNATELY WE KNOW HE WAS INCAPACITATED BECAUSE HE

4    HAD A VERY LARGE TUMOR REMOVED BY SURGERY THAT THE IMPORT OF

5    WHICH IS THAT HE LACKED AN ABILITY TO HAVE BEEN REPRESENTING HIS

6    CLIENTS.

7         NOW, THERE'S CASE AUTHORITY THAT SAYS THAT WHERE

8    SOMEBODY IS INCAPACITATED YOU'RE UNABLE TO  -- TO CIRCUMVENT

9    THE PRIOR  --

10         THE COURT:  LET ME  -- LET ME  -- LET ME ASK  -- LET ME ASK A

11    QUICK QUESTION IN WHICH I THINK THE CORE DISPUTE I  --

12         AS I UNDERSTAND IT, MR. HARRIS, IS YOU WANT RESPONSES TO

13    THESE RFPS, INTERROGATORIES, AND INITIAL DISCLOSURES, CORRECT?

14         MR. HARRIS:  AND  -- AND ATTENDANCE AT THE DEPOSITION.

15         THE COURT:  WHEN IS THAT SCHEDULED FOR?

16         MR. HARRIS:  IT WAS SCHEDULED IN NOVEMBER.

17         THE COURT:  OKAY.

18         SO, YOU WANT A 30(B)(6) WITNESS.  YOU WANT YOUR RFPS

19    RESPONDED TO AND INTERROGATORIES RESPONDED TO AS WELL AS

20    INITIAL DISCLOSURES.

21         CORRECT?

22         MR. HARRIS:  CORRECT.

23         THE COURT:  OKAY.

24         ARE YOU SAYING THAT BECAUSE THEY  -- THEY MISSED THOSE

25    DEADLINES, ALL OBJECTIONS ARE WAIVED TO ALL OF THOSE?

1        MR. HARRIS:  YES, YOUR HONOR.

2        BUT I'M GOING A STEP FARTHER THAN THAT.  AND THAT IS THAT

3   SINCE  MR. VOSS HAS BEEN IN THE CASE IT WAS HIS DUTY TO MAKE A

4   MOTION TO SET ASIDE THE FAILURE TO ANSWER.  AND IT HASN'T BEEN

5   DONE.  AND THERE'S CASE LAW ON THAT.

6        THE COURT:  OKAY.  SO  -- SO, AT ITS CORE, SIR, THERE'S TWO

7   THINGS, MR. HARRIS.  YOU WANT ANSWERS.  AND YOU WANT NO

8   OBJECTIONS.

9        CORRECT?

10       MR. HARRIS:  CORRECT.

11       THE COURT:  OKAY.

12       AND WITH RESPECT TO THE ANSWERS AND THEIR RESPONSES,

13   ARE YOU SAYING THAT THEY SHOULD ALSO TURN OVER ALL THE   -- ALL

14   THE ATTORNEY-CLIENT PRIVILEGED MATERIAL AND CONFIDENTIAL

15   MATERIAL THEY HAD AS WELL BECAUSE THEY HAVE WAIVED THOSE, SIR?

16       MR. HARRIS:  I WON'T GO THAT FAR, YOUR HONOR.  I  --

17       THE COURT:  OKAY.   BUT –

18       MR. HARRIS:  IF THEY DO A LOG, THAT'S FINE.

19       THE COURT:  OKAY.  ALL RIGHT.

20       SO, YOU'RE ALLOWING THEM TO WITHHOLD ATTORNEY-CLIENT

21   PRIIVILEGE AND ATTORNEY WORK PRODUCT MATERIAL AS LONG AS IT'S

22   PROPERLY LISTED IN A LOG AS REQUIRED UNDER RULE 26.

23       MR. HARRIS:  RIGHT.

24       THE COURT:  OKAY.

25       WITH RESPECT THEN   -- IN LIGHT OF THAT, THEY  -- SO  --

1          SO WHAT OBJECTIONS DO YOU ASSERT THAT REMAIN, MR.

2    VOSS?

3          MR. VOSS:  SO  -- YOUR HONOR, THIS IS WHY I WANTED TO

4    PRESENT MY NINE POSITIONS SO YOU COULD SEE THEM ALL AND

5    PROCEED WITH THEM BECAUSE JUST STOPPING THERE AS THE ANALYSIS

6    -- IT IS AN INCOMPLETE ANALYSIS.

7          AND  -

8          THE COURTt:  MR. VOSS  --

9          MR. VOSS:  MAY  -- MAY I?

10         THE COURT:  HOLD IT.  NO, YOU MAY NOT.

11         ONE, YOU WERE LATE BY TWO MINUTES.  YOU DIDN'T

12   APOLOGIZE.  OKAY.

13         MR. VOSS:  I WAS TRYING TO GET HOLD OF COUNSEL.

14         MY APOLOGIES, YOUR HONOR.

15         THE COURT:  OKAY.

16         MR. VOSS:  BECAUSE I WAS WAITING FOR A RESPONSE TO GET

17   YOU A STATEMENT YOU HAD ASKED FOR.

18         THE COURT:  OKAY.

19         TWO, SIR, YOU'RE GOING TO HAVE TO TURN OVER DISCOVERY,

20   RIGHT?  -- WOULD YOU AGREE WITH THAT?

21         MR. VOSS:  I WOULD, BUT THERE'S MORE TO THE   -- THERE'S

22   MORE TO THE ISSUE.

23         THE COURT:  OKAY.  WELL, I'M JUST TRYING TO GET TO THE   --

24   FIRST   -- THE FIRST STEP IS YOU'RE GOING TO HAVE TO RESPOND TO

25   DISCOVERY IN THIS CASE, RIGHT?  I MEAN, WE'RE AGREED ON THAT.

1    RIGHT, MR. VOSS?

2    MR. VOSS:  EVENTUALLY IN PROPER PHASES, YES.

3    THE COURT:  WHAT DO YOU MEAN IN PROPER PHASES?  ARE

4    YOU   -- BECAUSE YOU'RE SAYING THE RULE 26(f) CONFERENCE HASN'T

5    OCCURRED?

6    MR. VOSS:  BECAUSE RULE 26(F) CONFERENCE DID NOT OCCUR.

7    THE COURT:  OKAY.

8    MR. VOSS:  BUT AMONGST OTHER THINGS   -- AND THE COURT

9    HAS BIFURCATED THE CASE WHICH   --

10    THE COURT:  OKAY.  BUT THERE'S NO BIFURCATION TO

11    DISCOVERY.

12    MR. VOSS:  THE COURT JUST BIFURCATED THE CASE.

13    SO, WE WOULD BE SEEKING   --

14    THE COURT:  FOR TRIAL.

15    MR. VOSS:    -- TO RULE 26(F)(3)(B) THAT(F)(3)(B) SAYS THAT THE

16    SUBJECTS ON WHICH SHOULD BE PART OF THE DISCOVERY PLAN THAT

17    NEVER HAPPENED WAS THAT WHEN   -- THE SUBJECTS OF WHICH

18    DISCOVERY MAY BE NEEDED WHEN DISCOVERY SHOULD BE COMPLETED

19    AND WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES OR

20    LIMITED OR FOCUSED ON PARTICULAR ISSUES.  THAT'S HIGHLY RELEVANT

21    TO THE WAY THE CASE IS SET RIGHT NOW.

22    AND THE 26 CONFERENCE THAT TOOK PLACE TOOK PLACE ON A

23    COMPLAINT THAT DID NOT INCLUDE SUBSTANTIAL NEW ALLEGATIONS

24    THAT ARE RELEVANT TO HAVING THAT DISCOVERY PLAN.  IT NEVER

25    HAPPENED.

1               AND  --

2                THE COURT:  OKAY.  HOLD ON, MR. VOSS.

3               MR. VOSS:  UH-HUH.

4               THE COURT:  MR. HARRIS, I WENT THROUGH AND LOOKED AT

5     THE DOCKET.

6               DID JUDGE WILSON SCHEDULE A RULE 26(F) CONFERECE FROM

7     WHICH WOULD HAVE TRIGGERED   -- OR DID HE  -- DID HE SET A

8     DISCOVERY CONFERENCE OR A STATUS SETTING HEARING WHICH WOULD

9     HAVE TRIGGERED THE RULE 26(F) CONFERENCE REQUIREMENT?

10              MR. HARRIS:  NO, YOUR HONOR.  BUT THE DISCOV-  -- THE RULE

11    26(F) CONFERENCE DID GO FORWARD.

12              AND HE  -- HE ISSUED AN ORDER SAYING HE DID NOT EXPECT US

13    TO FILE A REPORT ON THE RULE 26 CONFERENCE.

14              THE COURT:  OKAY.  AND LET ME SEE  -

15              MR. HARRIS:  AND THERE'S A   -- THERE'S AN ORDER IN THE

16    PLEADING FILE.

17              THE COURT:  OKAY.  WELL, LET ME LOOK UP HIS SCHEDULING

18    CONFERENCE.

19              NO, MR. VOSS.  NOT YET, SIR.

20              MR. VOSS:  THE  --

21              (PAUSE IN PROCEEDINGS.)

22              THE COURT:  IF PART OF THE PROBLEM THAT HAPPENED WAS

23    WHEN FOLKS DIDN'T HAVE RESPONSIVE COUNSEL FROM AMN, IT REALLY

24    TRIGGERED ALL THESE ISSUES.

25              SO  --

1      MR. VOSS:  MAY I BE HEARD, YOUR HONOR?

2      THE COURT: NO, NOT YET, SIR.

3      MR. VOSS:  THANK YOU.

4      (PAUSE IN PROCEEDINGS.)

5      THE COURT:  MR. HARRIS, CORRECT ME IF I'M WRONG.

6      WITH THE FIRST AMENDED COMPLAINT SOUGHT TO ADD MORE

7      FACTS RELATED TO MR. NEWMAN AND THE BREACH OF CONTRACT CLAIM?

8      MR. HARRIS:  NO, YOUR HONOR.  REALLY THE  -- THE INITIAL

9      BREACH OF CONTRACT SAID THAT MR. NEWMAN HAD BREACHED THE

10     CONTRACT FOR TWO THINGS  -- ONE, A SPREADSHEET  --

11     THE COURT:  LET ME  -- LET ME SHORTCIRCUIT THIS.

12     I READ JUDGE WILSON'S ORDER.  AND SO  -- BUT HE GRANTED

13     YOU LEAVE, CORRECT  -- TO FILE  --

14     MR. HARRIS:  HE GRANTED US LEAVE.

15     THE COURT:  OKAY.

16     MR. HARRIS:  WE FILED AN AMENDED COMPLAINT.

17     AND THE AMENDED COMPLAINT ESSENTIALLY TOOK AWAY ONE

18     OF THE ALLEGATIONS ON THE BREACH OF CONTRACT CLAIM, THAT MR.

19     NEWMAN DID NOT GIVE US A CORRECT SPREADSHEET OF ALL OF THE

20     CUSTOMERS BECAUSE HE WAS NOT BOUND BY THE CONTRACT TO

21     PROVIDE THAT SPREADSHEET  -- ONLY AMN WAS.

22     SO, THE ONLY CHANGE IN THE AMENDED COMPLAINT WAS

23     ELIMINATING THAT ALLEGATION.  WE DID NOT ALLEGE ANYTHING NEW.

24     THE COURT:  GOT IT.  OKAY.

25     MR. VOSS:  YOUR HONOR, MAY I BE HEARD ON THAT SPECIFIC

1    ISSUE?

2              THE COURT:  SURE.

3              MR. VOSS:  IT CRITICALLY ADDS NEW FACTS THAT THEY

4    CONTEND THAT THERE ARE SALES THAT CONTINUED AFTER THE DATE

5    THE SETTLEMENT AGREEMENT WAS ENTERED INTO  -- WHICH WAS

6    SOMETHING THAT THE COURT FOCUSED ON IN THE ARGUMENT OF THE

7    PARTIES.

8              SO, THEY NOW CONTEND WHERE WE SAID EVERYTHING IN THE

9    SETTLEMENT AGREEMENT IS GONE FOREVER BECAUSE IT WAS PART OF

10   THE SETTLEMENT AGREEMENT, THEY AMENDED THE COMPLAINT,

11   CONTENDED THAT  BOTH AMN AND NEWMAN CONTINUED TO MAKE SALES

12   AFTER THE DATE THE SETTLEMENT AGREEMENT WAS ENTERED INTO.

13             THAT'S SIGNIFICANT AND IMPORTANT NEW FACTS THAT

14   NECESSITATED AN ANSWER BY BOTH AMN AND NEWMAN.  THAT'S NOT NO

15   CHANGE AND NO FACTS.

16             THE COURT:  OKAY.

17             SO, IN JUDGE WILSON'S ORDER THAT HE ISSUED ON APRIL 1ST

18   HE BIFURCATED THE CASE  -- SO, THERE'S THE BREACH OF CONTRACT

19   CLAIM.  AND THEN THERE IS THE REMAINING PLAINTIFF'S CLAIMS.

20             SO, THE BREACH OF CONTRACT CLAIM ASSOCIATES OR

21   RELATES TO SCHEDULE  -- THE PROVIDING OF INFORMATION SCHEDULE 1

22   AND 2.

23             IS THAT RIGHT, MR. HARRIS?

24             MR. HARRIS:  IT DOES, YOUR HONOR.  BUT ONLY FOR  --

25             THE COURT:  AMN.

1          MR. HARRIS:  AMN.

2          THE COURT:  CORRECT.  OKAY.

3          SO  -- AND THEN HE SAYS,  THE PARTIES WILL PROCEED TO

4    PHASE TWO DURING WHICH PLAINTIFF'S REMAINING CLAIMS WERE

5    RESOLVED.

6          SO, I PRESUME DURING THE  -- THAT BREACH OF CONTRACT

7    CLAIM IS WHEN DEFENDANTS OR AMN WILL ARGUE THAT THEY DID

8    SUBSTANTIALLY COMPLY OR WHATEVER ELSE DEFENSE THERE WILL BE

9    TO THE CONTRACT CLAIM.  AND IF THAT GETS DONE AWAY WITH, THEN,

10   THE REMAINING CLAIMS  -- I DON'T KNOW HOW THEY'RE RELATED AND

11   WHAT YOUR STRATEGY IS.

12         BUT CRITICALLY FOR MY PURPOSES I HAVE NOT SEEN A  -- I

13   MEAN, IT COULD BE THAT YOU HAVE A BREACH OF CONTRACT CLAIM.

14   GOES IN PLAINTIFF'S FAVOR.  AND THAT SAME JURY STARTS DECIDING

15   THE NEXT DAY, YOU GUYS, ALL RIGHT.  WELL, LET'S GO TO PHASE TWO

16   IMMEDIATELY.

17         SO, CRITICALLY FROM MY  -- FROM MY POINT OF VIEW AND MY

18   FUNCTION, I DON'T SEE A BIFURCATION OF DISCOVERY.

19         SO, ALL THE DISCOVERY AS TO ALL THE CLAIMS HAVE TO

20   HAPPEN AT THE SAME TIME.

21         MR. VOSS, WOULD YOU LIKE TO BE HEARD ON THAT POINT?

22         MR. VOSS:   I WOULD, YOUR HONOR.

23         WELL, FORTUNATELY, SINCE NO COMPLETE 26(F) TOOK PLACE

24   THE  -- AND THE COURT WILL NOTE THAT THERE WAS PREVIOUSLY

25   SCHEDULED A STATUS CONFERENCE WHICH WAS TAKEN OFF CALENDAR

1    AND SET A TRIAL DATE THE DAY AFTER THE COURT GRANTED THE MOTION

2    FOR THE DEFAULT JUDGMENT AGAINST NEWMAN.

3            AND THE COURT ALSO KNOWS THAT THE DEFAULT JUDGMENT

4    WAS SET ASIDE BECAUSE THE PROOF OF SERVICE, HE WAS IN AUSTRALIA.

5    HE WASN'T EVEN HERE.

6            SO, WHAT PLAINTIFF IS TRYING TO DO IS TO TAKE ADVANTAGE

7    OF THE FACT THAT THEY DEFAULTED HIM.

8            THE COURT THEN LOOKED AND SAID COHEN IS NOWHERE TO BE

9    FOUND.  HE'S NOT SHOWING UP FOR THE HEARING.  WE TOOK A DEFAULT

10   AGAINST THE JUDGE  -- AGAINST THE DEFENDANT.  SO, FORGET IT.

11   THERE IS NO DISCOVERY PLAN.  IT  -- IT REMOVED THE SCHEDULING

12   CONFERENCE WHEN THOSE THINGS WOULD HAVE TAKEN PLACE UNDER

13   THE LATER SUBPARTS OF RULE 26 INCLUDING THE DISCUSSION ABOUT

14   WHAT WOULD BE APPROPRIATE DISCOVERY.

15           WE HAVE BEEN LEFT, YOUR HONOR, AS  -- AS YOU HAVE PINNED

16   COUNSEL DOWN ON WITH BEING TOLD IT'S ALL OR NOTHING.  YOU DON'T

17   GET TO HAVE ANY OBJECTIONS.

18           THERE'S A LOT OF OBJECTIONS THAT NEEDED TO BE WAGED,

19   INCLUDING REQUESTS FOR DISCOVERY OF THE FINANCIAL CONDITION OF

20   THE DEFENDANTS.  THERE'S EVEN DISCOVERY PROMULGATED TO AMN

21   ASKING FOR NEWMAN TO DISCLOSE ALL OF HIS PERSONAL BANK

22   ACCOUNTS HE'S HAD FOR 10 YEARS, EVERYWHERE HE'S WORKED, ALL

23   KINDS OF THINGS THAT WERE INCLUDED IN THAT THAT ARE WHOLLY

24   INAPPROPRIATE AND SHOULD HAVE BEEN THE SUBJECT OF A RULE

25   26(1)(A)(C) OBJECTION WHEN A PARTY WOULD HAVE OBJECTED THAT

1   THEY   -- THE INITIAL DISCLOSURES ON SOME THINGS ARE

2   INAPPROPRIATE.  AND THERE SHOULD HAVE BEEN AN OBJECTION TO A

3   PROPOSED DISCOVERY PLAN.  AND IT SHOULD HAVE BEEN HANDLED IN AN

4   ORDERLY BASIS.

5        INTERESTINGLY NOW THAT THERE IS A CHANGE IN   -- AND IT'S A

6   CRITICAL CHANGE THAT KEPT THEM ALIVE IN OUR VIEW ON THE 12(B)(6) AS

7   TO THE BREACH OF CONTRACT CLAIM THAT THEY'RE ALLEGING THAT

8   THERE ARE BREACHES THAT OCCURRED AFTER THE DATE OF THE

9   SETTLEMENT AGREEMENT, WE HAVE NO INITIAL DISCLOSURES ON ANY OF

10   THAT STUFF EITHER.

11        SO, COUNSEL HASN'T PRESENTED ANYTHING OF A PRIMA FACIE

12   CASE OF ANY KIND WITH RESPECT TO WHAT EVIDENCE OR WITNESSES

13   THEY MIGHT HAVE AS TO SUBSEQUENT SALES AFTER THE DATE OF THE

14   SETTLEMENT AGREEMENT.

15        AND THAT'S A KEY THRUST IN WHY THE COURT I BELIEVE HAS

16   BIFURCATED IT IS BECAUSE WE PAID.  WE WROTE THE CHECK.  THEY

17   CASHED IT FOR THAT SETTLEMENT AGREEMENT.   AND IT THEREFORE

18   WITH ALL THE WAIVERS THEREIN PRECLUDES ANY RECOVERY FOR

19   COUNSEL.

20        SO, THEY'VE COME BACK AND AMENDED AND SAID, WELL, WE'RE

21   SELL   -- STILL SELLING THINGS.  AND THAT JUST MATERIALLY CHANGES

22   EVERYTHING.  AND THEY'RE REALLY ON THE EQUITIES GIVEN THE FACT

23   THAT MR. COHEN WAS COMPLETELY INCAPACITATED AT THE TIME   -- AND

24   WE NOW KNOW WHY.  AND IT'S NOT CONJECTURE.  IT WAS A PHYSICAL

25   ISSUE  -- IS THAT WE SHOULD BE SITTING DOWN AND SAYING LET'S DO A

1    PROPER RULE 26(F) NOW.  LET'S HAVE A DISCOVERY PLAN.  LET'S MEET

2    AND CONFER AND DO THE THINGS THAT ARE SUPPOSED TO BE DONE

3    WITH COMPETENT COUNSEL WHO DOESN'T CURRENTLY SUFFER FROM A

4    BRAIN TUMOR.  THAT'S WHAT REALLY NEEDS TO HAPPEN.

5         I ALSO WOULD NOTE, YOUR HONOR, THAT ONE KEY ITEM WE'VE

6    PRESENTED THERE IS THIS DISCOVERY THAT COUNSEL KEEPS

7    ASSERTING WAS SERVED  -- WAS SERVED BY EMAIL ON MR. COHEN, THE

8    SAME MR. COHEN WHO DIDN'T SHOW UP FOR THE COURT HEARINGS, WHO

9    WAS THE SUBJECT OF AN ORDER TO SHOW CAUSE FOR SANCTIONS FOR

10   WHY HE WASN'T SHOWING UP TO THE COURT HEARINGS.

11        AND I'VE ASKED COUNSEL MORE THAN ONCE PRIOR TO THIS

12   CONFERENCE TO PROVIDE PROOF OF COMPLIANCE WITH RULE 5 TO THE

13   EXTENT THAT THERE WAS A WRITTEN WAIVER, A WRITTEN STATEMENT

14   THAT HE AGREED TO HAVE DISCOVERY SERVED BY EMAIL.  THIS

15   DISCOVERY WAS NOT SERVED ON ANYBODY PERSONALLY.

16        WHEN WE TALKED TO COHEN HE DIDN'T KNOW ANYTHING ABOUT

17   ANY OF IT.  AND I'M NOT SURPRISED.

18        SO, FUNDAMENTALLY, YOU'VE GOT TO START WITH THE FACT

19   THAT COUNSEL WROTE BACK TO ME ON THE ISSUE OF WHETHER OR NOT

20   FRCP 5(B)(2)(E) WAS COMPLIED WITH REGARDING WRITTEN CONSENT.

21        AND I QUOTE, UNLESS A PARTY OBJECTS TO EMAIL SERVICE IT

22   WAIVES THE OBJECTION.  THAT'S NOT A PROPER STATEMENT OF LAW.

23        THE PROPER STATEMENT OF LAW IS YOU HAVE TO PROVIDE A

24   WRITTEN  -- EITHER A WRITTEN AGREEMENT THAT YOU ACCEPT SERVICE

25   OR ANYTHING THAT OBVIOUSLY IS DONE THROUGH THE COURT SYSTEM

1    WE ALL STIPULATE WE AGREED THAT IT'S BEEN PROPERLY SERVED.

2          COUNSEL TODAY SINCE OUR MEETING THIS MORNING FOR THE

3    FIRST TIME IS CITING TO ME AN UNPUBLISHED OPINION THAT SOMEHOW

4    SINCE PRIOR COUNSEL COMMUNICATED BY EMAIL HE WAIVED THE

5    REQUIREMENT OF FRCP 5(B)(2)(E).

6          WE'VE TAKEN A QUICK LOOK AT THAT IN THE 10 MINUTES WE

7    HAD TO LOOK AT IT  -- AND BELIEVE THAT THERE IS BETTER NINTH

8    CIRCUIT PUBLISHED AUTHORITY ON POINT THERE THAT SAYS THAT

9    SERVICE BY EMAIL WHERE THERE'S NOT BEEN COMPLIANCE WITH A

10   WRITTEN CONSENT.

11         AND, AGAIN, I ASKED COUNSEL TO PROVIDE IT TO ME BECAUSE

12   THE SKETCHY STUFF  -- AND I'LL CHARACTERIZE IT AS SKETCHY FROM

13   MY PREDECESSOR MR. COHEN  -- I DIDN'T SEE ANY WRITTEN OBJECT- --

14   WRITTEN AGREEMENT TO BE SERVED BY  -- BY EMAIL.

15         SO, YOU KNOW, THERE ARE SO MANY FUNDAMENTAL PROBLEMS

16   WITH THIS DISCOVERY, INCLUDING THE FACT THAT THE RULE 26(F)

17   PURPORTEDLY TOOK PLACE WHEN NEWMAN DIDN'T GET TO PARTICIPATE.

18   AND THE ONLY REASON NEWMAN DIDN'T GET TO PARTICIPATE IS

19   BECAUSE THEY TOOK A DEFAULT IMPROPERLY.  AND THE COURT RULED

20   ON THAT.

21         AND I WOULD REMIND THE COURT THAT WHEN WE DISCUSSED

22   SOME OF THESE THINGS BACK IN DECEMER IT WAS THE COURT'S

23   SUGGESTION THAT WE WERE LIKELY TO  -- YOU KNOW, THAT THEY   --

24   THE GENERAL RULE IN THE NINTH CIRCUIT IS TO LIBERALLY GRANT

25   MOTIONS TO SET ASIDE.   I BELIEVE THOSE WERE YOUR PRECISE WORDS.

1          AND YOUR SUGGESTION WAS THAT IF THEY WOULD STIPULATE

2    TO SET ASIDE THAT IT OUGHT TO INCLUDE LANGUAGE REGARDING A NEW

3    RULE 26 FOR ALL THE PARTIES.  LET'S GET IT GOING.

4          I OFFERED THAT I WASN'T GOING TO FORCE THEM TO DO HAGUE

5    CONVENTION.  YOU KNOW, WE JUST ANSWERED.  YOU KNOW, WE'VE

6    MOVED IT ALONG.  BUT YOU KNOW YOU CAN'T  --

7          THE COURT:  HOLD ON.

8          MR. VOSS:  YOU CAN'T  --

9          THE COURT:  YOU'VE GOTTEN A LOT IN THERE.

10          MR. VOSS:   THANK YOU.  I HAVE MORE.

11          THE COURT:  OKAY.

12          MR. HARRIS, DO YOU HAVE THAT   -- HOW   -- IS THERE AN ISSUE

13    REGARDING SERVICE OF THIS DISCOVERY?

14          MR. HARRIS:  I DON'T THINK SO, YOUR HONOR.

15          I THINK THE CASE LAW SAYS THAT.

16    '          THE COURT:  OKAY.  LET'S   -- LET'S KIND OF GET TO THE CORE

17    HERE.

18          I MEAN, ONE OF THE THINGS THIS WHOLE PROCESS IS MEANT

19    TO DO IS SAVE YOUR CLIENT'S MONEY ON ATTORNEY'S FEES.

20          MR. HARRIS:  AGREED.

21          THE COURT:  OKAY.

22          LET'S GET TO -- THE CRUX OF THE ISSUE IS YOU WANT

23    DISCOVERY.  YOU WANT INITIAL DISCLOSURES.  YOU WANT  -- YOU WANT

24    A   -- YOU WANT THE MATERIAL.  DEFENDANTS WANT THE MATERIAL.

25          RIGHT?  I MEAN, THIS IS WHAT WE'RE ABOUT.

1        LET'S GET THE FREE FLOW OF INFORMATION GOING, RIGHT.

2        I MEAN, IF YOU WANT TO  -- IF YOU WANT TO CONTINUE AND

3    SAY, OH, THEY WAIVED THE OBJECTION AND THINGS OF THAT NATURE,

4    IT'S JUST GOING TO COST ANYBODY  -- EVERYBODY MORE MONEY.

5        WHAT  -- SO, I'M TRYING TO COME UP WITH A PRACTICAL

6    SOLUTION HERE.  AND IF YOU'RE SAYING THEY WAIVED IT.  WE WANT IT

7    ALL.  TOUGH  -- YOU KNOW, TOUGH COOKIES.

8        IS THAT  -- IS THAT WHERE YOU'RE AT?

9        MR. HARRIS:  NO, YOUR HONOR.

10       YOUR HONOR, THERE IS   -- WE WANT TO BE REASONABLE.   BUT

11   WHAT WE REALLY WANT HERE IS ALL THE INFORMATION ABOUT WHO

12   THEY SOLD TO AND WHO THEY BOUGHT FROM -- THOSE ARE THE MOST

13   IMPORTANT THINGS -- AND WHEN THOSE TRANSACTIONS TOOK PLACE

14   AND THE DOCUMENTS THAT AUTHENTICATE THAT.

15       THE COURT:  OKAY.

16       MR. VOSS:  ALL OF  --

17       THE COURT:  THAT SEEMS REASONABLE.

18       MR.VOSS:  ALL OF WHICH GOES TO, YOUR HONOR, ISSUES THAT

19   ARE IN THE SECOND PHASE AND ALL OF WHICH  --

20       THE COURT:   NO, NO.  DISCOVERY IS NOT --

21       MR. VOSS:  BUT MAYBE HERE  --

22       THE COURT:  DISCOVERY IS NOT BIFURCATED, SIR.   DISCOVERY

23   IS NOT BIFURCATED.

24       YOU WANT TO POINT ME TO AN ORDER?

25       MR. VOSS:  BUT NOTE, YOUR HONOR.  WHAT I'M   -- WHAT I'M

1    POINTING TO IS TO 26(F)(3)(B) THAT DISCUSSES WHICH DISCOVERY IS

2    NEEDED.

3            THE COURT:  IF  -- IF  --

4            MR. VOSS:  AND WHAT WE  --

5            THE COURT:  I'M GOING TO  -- SORRY TO CUT YOU OFF, SIR.  BUT

6    HERE'S THE THING.

7            IF JUDGE WILSON HAD INDICATED THAT HE WANTED TO

8    BIFURCATE DISCOVERY, HE WOULD HAVE DONE SO.

9            THE COURT:  AND THAT  --

10           MR. VOSS:   -- YES.  I UNDERSTAND.  NO  BIFURCATION.

11           THE COURT:  NO BIFURCATION ON DISCOVERY  --

12           MR. VOSS:   GOT IT  --

13           THE COURT:   -- RIGHT?.

14           MR. VOSS:  GOT IT.

15           THE COURT:  OKAY.

16           MR. VOSS:  I'M  -- I'M ADDRESSING A DIFFERENT ISSUE.  AND

17   THAT IS SOMETHING THAT WE STARTED TO DISCUSS IN DECEMBER.

18           THE COURT:  GO AHEAD.

19           MR. VOSS:  AND THAT WAS THE ISSUE OF WHICH DISCOVER  --

20   DISCOVERY IS APPROPRIATELY NEEDED.

21           THESE PARTIES HAD AN ARM'S LENGTH TRANSACTION

22   NEGOTIATION OF A SETTLEMENT AGREEMENT.

23           PURSUANT TO THAT SETTLEMENT AGREEMENT CERTAIN LIMITED

24   INFORMATION WAS TO BE PROVIDED BY THE DEFENDANTS TO THE

25   PLAINTIFFS.

1        OUR CONTENTION IS THAT THE ONLY  -- THE ONLY ISSUES THAT

2   ARE RAISED BY THE PLAINTIFFS ARE THAT WE SOLD AFTER THAT DATE

3   AND THAT THE INFORMATION CONTAINED IN THOSE DISCLOSURES IS

4   ITSELF INACCURATE.

5        OUR CONTENTION IS THAT IT'S ACCURATE.  COUNSEL AND THE

6   PLAINTIFF HAVE NEVER MADE A PRIMA FACIE  --

7        THE COURT:  AGAIN  --

8        MR. VOSS:   -- SHOWING OF ANY INFORMATION  --

9        THE COURT:  MR. VOSS, THAT   -- THAT   --

10       MR. VOSS:    -- TO SHOW WHAT''S INACCURATE FOR US TO

11   RESPOND TO.

12       THE COURT:  MR. VOSS, THAT SCHEDULE 1 AND SCHEDULE 2

13   ISSUE.  THAT'S RELATED TO BREACH OF CONTRACT.

14       CORRECT?

15       MR. VOSS:  IT IS.  AND, YOUR HONOR, WHAT WE'RE CONTENDING

16   IS THEY DON'T GET TO ASK FOR MORE THAN THAT WITHOUT SOME INITIAL

17   SHOWING.   YOU  --

18       THE COURT:  WELL, THEY CAN TAKE IT   --

19       MR. VOSS:   -- BECAUSE IT'S  --

20       THE COURT:  I'M SORRY.  NO.  MR. VOSS.

21       WHAT OTHER CLAIM DO THEY HAVE IN THERE BESIDES THE

22   BREACH OF CONTRACT THAT YOU BELIEVE WARRANTS   --

23       MR. VOSS:  OUR   --

24       THE COURT:  YOU'RE SAYING THAT THE OTHER CLAIMS IN  THE --

25   IN THE FIRST AMENDED COMPLAINT DO NOT WARRANT DISCOVERY, SIR?

1        MR. VOSS:  THAT'S NOT WHAT I'M ADDRESSING.  NO, SIR.

2        THE COURT:  OKAY.  SO, THEY ARE ENTITLED TO DISCOVERY

3   UNDER THE OTHER CLAIMS ASSERTED IN THEIR FAC, RIGHT?

4        MR. VOSS:  THEY ARE ENTITLED TO DISCOVERY.  HOWEVER,

5   THERE SHOULD BE IN THEIR INITIAL DISCLOSURES  -- WHICH THERE IS NOT

6   -- AT LEAST SOME PRIMA FACIE SHOWING.  BECAUSE THE IQ-  -- THE

7   ASHCROFT V. IQBAL HOLDS  THE U.S. SUPREME COURT --

8        THE COURT: I KNOW WHAT   -- NO, NO, NO.  DON'T  -  DON'T --

9   DON'T GO  -- I ,KNOW ASHCROFT.  I KNOW ALL THE   -- I KNOW BELL V.

10  TWOMBLY.  I GET IT.

11       BUT YOU TOOK A SHOT AT THE  -- YOU MISSED.  THE COMPLAINT

12  IS ALIVE AS IT IS WITH RESPECT TO THOSE CLAIMS OUT  -- IN ADDITION TO

13  THE BREACH OF CONTRACT, CORRECT?

14       MR. VOSS: IT IS, YOUR HONOR.  HOWEVER  --

15       THE COURT:  OKAY.

16       MR. VOSS:  -- THERE HAS BEEN NO PRESENTATION OTHER THAN

17  CONCLUSIONS  --

18       THE COURT :  OKAY.

19       MR. VOSS:    -- TO AMEND THE NEW AMENDED COMPLAINT.

20       THE COURT   ARE YOU INTENDING ON FILING A MOTION TO

21  DISMSS?

22       MR. VOSS:   I WAS HOPING TO CIRCUMVENT THIS BY HAVING A

23  MEET AND CONFER WITH COUNSEL RATHER THAN DO THAT ALL AGAIN.

24       THE COURT: OKAY.  WELL, I MEAN  --

25       MR. VOSS:  BUT COUNSEL DOESN'T WANT TO WORK WITH US.

1          SO, I GUESS I'M LEFT WITH NO CHOICE.

2          THE COURT:  OKAY.  SO, MR. HARRIS HAS HE BROUGHT UP THE

3    SUBJECT OF POTENTIALLY A 12(B)(6) MOTION WITH RESPECT TO THE FAC?

4          MR. HARRIS:  NO.  HE BROUGHT -- HE  -- HE  -- FOR AMN HE

5    BROUGHT A RULE 12(C) MOTION.  THAT WAS  --

6          THE COURT:   I SAW THAT.

7          MR. HARRIS:    -- AT LEAST DENIED

8          THE COURT:   RIGHT.  THE RULE 12(C).

9          NO.  HE IS NOW SAYING  -- MR. VOSS IS INDICATING THAT HE

10   INTENDS ON POTENTIALLY FILING A RULE 12(B)(6) AND WANTS TO HAVE A

11   MEET AND CONFER WITH YOU.

12          IS THAT RIGHT, MR. VOSS?

13          MR. VOSS:  IT IS,  EXCEPT THAT, YOUR HONOR, I REALLY THINK

14   WHAT -- GETTING TO THE HEART OF WHAT YOU SAY ABOUT TRYING TO

15   GET IT MOVED ALONG, WHAT I'M REALLY SAYING IS LET'S HAVE A NEW

16   RULE 26(F)  -- OKAY  -- WITH ALL THE PARTIES.  WE'LL MOVE IT FORWARD.

17   GET IT DONE TODAY.

18          COUNSEL HAD OFFERED IN WRITING THAT HE WOULD  HAVE  --

19   THAT IN HIS WORDS THAT HE WOULD – OFFERRED  ANOTHER EARLY

20   MEETING CONFERENCE WHICH WE ACCEPTED IN WRITING.

21          HE THEN CHANGED HIS MIND I GUESS.  THAT'S ALL I'M SAYING IS

22   LET'S DO THIS AND DO IT PROPERLY.

23          THE COURT:  WHY   --

24          MR. VOSS:  AND AVOID THAT.  BECAUSE PART AND PARCEL OF

25   THE   --

1      THE COURT:  HOLD ON.  I'VE GOT TO  --

2      MR. VOSS:    -- OF THAT   -- RULE 16   --

3      THE COURT:   MR. HARRIS.  MR. VOSS.  SIR.

4      MR. VOSS:    -- WE WERE SET UP FOR A 56   --

5      THE COURT:   MR. VOSS, SIR, HOLD ON.  I'M TRYING TO GET

6   THERE.

7      MR. HARRIS, WHY NOT JUST DO IT.  AND LET'S GET THIS

8   DISCOVERY STARTED.

9      HAVE A RULE 26(F) CONFERENCE.

10      I DON'T SEE ANYTHING THAT A CONFERENCE WAS SET BY

11   JUDGE WILSON.  OR YOU CAN GO THROUGH THE BRIEFING.  I'LL MAKE A

12   RULING.  IT'S GOING TO COST YOUR CLIENT A WHOLE LOT  -- BUNCH OF

13   MONEY.  AND YOU DON'T KNOW WHICH WAY IT'S GOING TO GO.

14      MR. HARRIS:  YOU'RE CORRECT, YOUR HONOR.

15      I'M GLAD TO SIT DOWN AND TALK TO   -- TO MR. VOSS.

16      MY PROBLEM IS WE'RE COMING UP ON A TRIAL SOON.  AND WE

17   DON'T HAVE DOCUMENTS.

18      THE COURT:  WHEN IS THE TRIAL  -- WHEN IS THE TRIAL SET

19   FOR?

20      THE CLERK:  END OF MAY.

21      MR. HARRIS:  END OF MAY.  MID-MAY, I THINK.

22      THE COURT:  END OF MAY.  OKAY.  YEAH.  SO, THAT  -- THAT  --

23   THAT TAKES CARE OF EVERYTHING.

24      I THINK THE DISCOVERY HAS GOT TO START NOW.

25      MR.VOSS:  YOUR HONOR, THE   -- COUNSEL HASN'T EVEN

1    COMPLIED  -- YOU MAY RECOLLECT I'VE POINTED THIS OUT BACK IN

2    DECEMBER  -- ON NEITHER OCCASION.  COUNSEL HAS ALREADY RUN

3    PAST THE SPEED BUMP OF DOING THE THINGS THAT ARE SUPPOSED TO

4    BE DONE IN ADVANCE OF TRIAL.

5            WE'RE SUPPOSED TO HAVE ALREADY HAD THAT MEETING LAST

6    WEEK.  COUNSEL HASN'T EVEN OFFERED TO SCHEDULE IT.

7            THE COURT:  THE RULE 26(F) CONFERENCE MEETING?

8            MR. HARRIS:  NO.  THE  --

9            MR. VOSS:  NO.  THE  -- FOR PURPOSES OF TRIAL.

10           THE COURT :   OKAY.

11           MR. HARRIS:  BUT I NEED DOCUMENTS IN ORDER TO SHOW

12   WHAT I'M GOING TO INTRODUCE.

13           THE COURT:  RIGHT.  OKAY.

14           MR. HARRIS:  AND I DON'T HAVE THEM.

15           THE COURT:  HERE'S THE THING.

16           JUDGE WILSON HAS SET THIS FOR A TRIAL.

17           MR. VOSS:  A JURY TRIAL.

18           THE COURT:  OKAY.  JURY TRIAL AT THE END OF MAY.

19           IS THAT RIGHT?

20           THE CLERK:  YES.

21           MR. HARRIS:  YES.

22           THE COURT:  OKAY.

23           HE SET THIS FOR  -- END OF TRIAL  -- AT END-OF-MAY TRIAL.

24           HERE'S THE THING.  WE'RE GOING TO HAVE TO  -- WE'RE GOING

25   TO HAVE TO START  --

1        WHEN CAN YOU GET YOUR UPDATED INITIAL DISCLOSURES OUT

2    BY, MR. HARRIS?

3        (COUNSEL CONFERRING.)

4        MR.HARRIS:  WE   -- OURS ARE COMPLETE, YOUR HONOR.

5        THE COURT:  THOSE ARE COMPLETE.

6        MR. HARRIS:  THEY WERE COMPLETE IN  --

7        THE COURT:  OKAY.

8        MR. VOSS:  I'LL ACCEPT THAT STATEMENT.  AND THEN WE --

9        THE COURT:  OKAY.  MR. VOSS.

10        MR. VOSS:    -- ABSOLUTELY ARE BRINGING A 12(C).

11        MR. HARRIS:  THEY WERE COMPLETE AS OF   --

12        THE COURT:  OKAY.

13        MR. HARRIS:  -- OCTOBER.

14        THE COURT:  UNDERSTOOD.

15        MR. VOSS:  THEN WE NEED TIME TO BE ABLE TO  -- IF THAT'S

16    TRUE, BASED ON THE FIRST AMENDED COMPLAINT, WE NEED TIME TO BE

17    ABLE TO FILE OUR MOTION FOR SUMMARY JUDGMENT.

18        THE COURT:   OKAY.  WHATEVER.

19         HERE'S THE THING.  WHEN ARE YOU GOING TO SEND OVER

20    YOUR INTIIAL DISCLOSURES, MR. VOSS?

21        MR. VOSS:   I WOULD SEND THEM OVER WITHIN THE 14-DAY

22    REQUIREMENT.

23        THE COURT:  OF WHEN?

24        MR. VOSS:   WELL, ORDINARILIY IF WE    -- YOU'RE REQUIRED TO

25    DO YOUR INITIAL DISCLOSURES WITHIN 14 DAYS.

1          THE COURT:  THEY'VE DONE THEIR INITIAL DISCLOSURES.

2          MR. VOSS:  I APPRECIATE THAT, YOUR HONOR.

3          THE FACT IS I'VE GOT A FIRST AMENDED COMPLAINT.  I

4  ANSWERED ON MONDAY.

5          (LAUGHTER.)

6          THE COURT:  OKAY.  WELL, YOUR INITIAL DISCLOSURES, CAN

7  YOU GET THEM OUT BY THIS FRIDAY?

8          MR. VOSS:   I SERIOUSLY DOUBT IT.

9          THE COURT:   OKAY.  I'M GOING TO ORDER BY THIS FRIDAY.

10          MR. VOSS:   MY CLIENT IS IN AUSTRALIA, YOUR HONOR.

11          THE COURT:  OKAY.

12          MR. VOSS:  THAT MAKES THE   --

13           THE COURT:    -- CLOSE OF BUSINESS, PACIFIC TIME, 4/16 INITIAL

14  DISCLOSURES.

15          ALL RIGHT.  WITH RESPECT TO THE  -- BY PLAINTIFFS.   OKAY.

16          IS THAT AGREEABLE, MR. HARRIS?

17          MR. HARRIS:  YES, THAT'S AGREEABLE, YOUR HONOR.

18          THE COURT:  OKAY.

19          SECOND, WITH RESPECT TO THE OUTSTANDING RFPS, HOW

20  MANY ARE THERE?

21          MR. HARRIS:   I'M SORRY, YOUR HONOR?  I --

22          THE COURT:   MR. HARRIS, IS THERE SOMEBODY WHO IS BETTER

23  VERSED IN THIS, WE'LL PUT THEM ON   --

24          MR. HARRIS:  OH, NO, YOUR HONOR.  I AM.  BUT SOMEBODY

25  WALKED BY MY OFFICE IS THE PROBLEM OF BEING IN A   -- IN A ZOOM

1   CONFERENCE.

2           BUT GO AHEAD.   I'M SORRY.

3           THE COURT:  OKAY.  YOU CAN CLOSE YOUR DOOR, TOO, IF THAT

4   WOULD MAKE YOU MORE COMFORTABLE, SIR.

5           MR. VOSS:  AND I'VE ASKED TO GO THROUGH EACH INDIVIDUAL

6   DISCOVERY REQUEST WITH RESPECT  (AUDIO OUT.)  -- POTENTIAL

7   OBJECTIONS AND THEN WAIVED OFF THAT IT WAS INAPPROPRIATE TO DO

8   THAT BECAUSE THERE ARE NO OBJECTIONS.

9           THE COURT:  OKAY.

10           NOW, LET'S SAY WITH RESPECT TO AMN  -- RIGHT  -- THOSE DIS-

11   --- THOSE DISCOVERY REQUESTS WERE SENT OUT IN OCTOBER.

12           RESPONSES WERE DUE IN NOVEMBER.

13           MR. VOSS, YOU MADE AN APPEARANCE WHEN, SIR?

14           MR. VOSS:  PROBABLY DECEMBER, YOUR HONOR.

15           THE COURT: OKAY.  AND YOU  --

16           MR. VOSS:  A  --  DECEMBER  --

17           THE COURT:   -- CONSENT TO WITHDRAW YOUR OBJECTION   --

18   TO WITHDRAW THE   -- OR TO ASSERT OBJECTIONS, CORRECT?

19   `           MR. VOSS:  YOUR HONOR, WE HAVE NOT.  BUT YOU MAY RECALL

20   THAT THE SUBJECT OF THIS MOTION TO COMPEL CAME UP IN DECEMER.

21   COUNSEL AGREED THAT HE WAS GOING TO PROCEED TO A DISCOVERY  -- TO

22   A SETTLEMENT CONFERENCE.  WE DIDN'T THINK THERE WAS ANYTHING TO

23   HAVE TO DO AT THAT POINT IN TIME.

24           THE COURT:  OKAY.  WELL, LET'S  -- LET'S TAKE THE   -- YOU

25   KNOW, WHETHER YOU WAIVED IT OR NOT, WOULD YOU AGREE, MR. HARRIS,

1   THAT WE CAN SIT DOWN AND JUST GET YOU THE DOCUMENTS AS SOON AS

2   POSSIBLE SO THAT YOU CAN PREPARE YOUR CASE, SIR?

3                   MR. HARRIS:  AS SOON AS POSSIBLE CAN   -- YOU KNOW, WHAT?

4   -- IN THE NEXT 10 DAYS?  THAT SHOULD BE   --

5                   MR. VOSS:  AND WITH WHAT OBJECTIONS?

6                   THE COURT:  OKAY.  I MEAN, ONE OF THE THINGS   -- LET'S TALK

7   ABOUT THE OBJECTIONS THEN.

8                   SO, HOW MANY RFPS ARE WE TALKING ABOUT HERE?

9                   MR. HARRIS:  ABOUT 40.

10                  THE COURT:  OKAY.

11                  AND HOW MANY INTERROGS?

12                  MR. HARRIS:  THREE PAGES   -- WAIT A SECOND, YOUR HONOR.

13                  THE COURT:  OKAY.  ALL RIGHT.

14                  SO, LET'S   -- LET'S DO THIS.  LET'S  -- I'M GOING TO  -- WE'RE

15  GOING TO  -- WE'RE ON A   -- WE'RE ON A CLOCK HERE.  BECAUSE THE TRIAL

16  IS SET FOR END OF MAY.

17                  MR. HARRIS:  SIX INTERROGATORIES, YOUR HONOR.

18                  THE COURT:  GOT IT.  SIX INTERROGATORIES END OF MAY.

19                  AND I ANTICIPATE YOU DON'T WANT TO TAKE ANY   -- OR

20  THERE'S A 30(B)(6) THAT'S GOING TO HAVE TO BE TAKEN.

21                  MR. HARRIS:  YES   --

22                  THE COURT:  MR. VOSS, YOU'RE GOING TO PROPOUNDE RFPS,

23  INTERROGATORIES AND RFAS  I ASSUME AS WELL AS SEEKING THEIR

24  30(B)(6), RIGHT?

25                  MR. VOSS:  THAT WOULD BE CORRECT, YOUR HONOR.  EXCEPT

1  BASED ON WHAT I HEARD TODAY, I RIGHT NOW HAVE  A MOTION FOR

2  SUMMARY JUDGMENT IN THE  --

3            THE COURT:  AND  --

4            MR. VOSS:    -- AND THAT IF THEIR  -- THEIR INITIAL

5  DISCLOSURES DON'T SHOW ANY SALES AFTER THE DATE OF THE

6  SETTLEMENT AGREEMENT.

7            THE COURT:  OKAY.

8            MR. VOSS:   SO, I WOULD LIKE  -- I WOULD LIKE TO BE ABLE TO

9  BRING THAT MOTION FOR SUMMARY JUDGMENT.

10            THE COURT:  NOTHING IS PRECLUDING YOU FROM DOING THAT,

11  SIR.

12            I'M TALKING DISCOVERY.  JUDGE WILSON IS GOING TO DEAL

13  WITH MSJ.  ALL RIGHT.

14            MR. VOSS:  YOUR HONOR, SCHEDULING WISE, WE NEED ENOUGH

15  TIME TO BE ABLE TO BRING THAT MSJ.

16            THE COURT:  I MEAN, THAT'S  -- IF YOU FOLKS WANT TO   --

17            MR. VOSS:    -- NEED A MOTION TO EXTEND THE TRIAL DATE.

18            THE COURT:   WELL, THAT'S NOT UP TO ME.

19            ONE OF THE THINGS YOU  -- AS FAR AS I SEE THERE WAS NO   --

20  THERE WAS NO ORDER BY JUDGE WILSON SETTING FORTH A SCHEDULE OF

21  WHEN DISCOVERY NEED TO COMPLETE BY EXPERTS.

22            IS THERE, MR. HARRIS?

23            MR. HARRIS:  NO, THERE ISN'T, YOUR HONOR.

24            THE COURT:  OKAY.  SO, IN LIGHT OF THAT, YOU KNOW, IT'S A  --

25  WE'RE GOING TO HAVE TO GO BY THE FEDERAL RULES OF CIVIL PROCEDURE

1    BECAUSE THERE'S NOTHING   --

2              MR. VOSS:  THAT'S   --

3              THE COURT:   -- FROM   --

4              WHAT?

5              MR. VOSS:  THEN, YOUR HONOR, I THINK   -- I INVITE THEM TO

6    BRING THEIR MOTION TO COMPEL BECAUSE THEY DID NOT SERVE THIS

7    DISCOVERY   --

8              THE COURT:  OKAY.

9              MR. VOSS:    -- PROPERLY.

10             THE COURT:   OKAY.

11             SO, OKAY.  SO, HERE'S THE THING.

12        `    MR. HARRIS, YOU WANT TO   -- YOU WANT TO FIGHT   --

13             MR. HARRIS:  YES.

14             THE COURt:   -- THAT FIGHT ON   -- ON LACK OF SERVICE?

15             MR. HARRIS:  YES, YOUR HONOR.

16        `    THE COURT:  OKAY.

17             MR. HARRIS:  I'LL FIGHT IT.  BUT I   -- I   -- IT'S SUCH AN EASY

18   THING TO   -- TO SETTLE NOW.

19             THE COURT:  NO.  NO, MR. HARRIS.  YOU CAN'T HAVE IT BOTH

20   WAYS.  YOU WANT ALL THE OBJECTIONS WAIVED, RIGHT?

21             MR. HARRIS:  RGHT.  BUT I'M LOOKING   --

22             THE COURT:  OKAY.  IF YOU WANT ALL THE OBJECTIONS WAIVED,

23   SIR, MR. VOSS IS ENTITLED TO SAY YOU DIDN'T SERVE IT PROPERLY

24   BECAUSE THAT GOES TO THE CORE OF IT   -- WHICH HE'S SAYING IF IT'S NOT

25   TIMELY   -- IF IT'S NOT SERVED PROPERLY, THERE WERE NO OBJECTIONS

1    DUE IN A, QUOTE, TIMELY FASHION.  IF THERE'S NO OBJECTIONS DUE,

2    QUOTE, IN A TIMELY FASHION, SIR, NOTHING WAS WAIVED.

3                IF YOU'RE STICKING ON THAT POINT  -- IF YOU'RE WILLING TO

4    DIE ON THAT HILL, SIR, OF SAYING THE OBJECTIONS ARE WAIVED, THEN,

5    WE'VE GOT TO OPEN THAT DOOR TO RULE 5.

6                MR. HARRIS:  YOUR HONOR, I AM WILLING TO LOOK AT SOME OF

7    THESE RFPS AND INTERROGATORIES AND JUST FOCUS ON THE ONES WE

8    NEED NOW.

9                THE COURT:  NO.  YOU DIDN'T ANSWER MY QUESTION, SIR.

10                WHAT ABOUT OBJECTIONS?

11                MR. HARRIS:  I DON'T THINK THEY'RE PROPER.  I THINK THEY'RE

12    WAIVED.

13                THE COURT:  SO, YOU THINK ALL OF THEM SHOULD BE WAIVED,

14    RIGHT?

15                MR. HARRIS:  THAT'S RIGHT.  BUT THERE ARE SOME   --

16                THE COURT:  OKAY.  OKAY.  HOLD ON THEN.

17                IF YOU SAY THAT, THEY CAN SAY IT'S WAIVED BECAUSE YOU'RE

18    SAYING IT'S UNTIMELY, RIGHT?

19                MR. HARRIS:  CORRECT.

20                THE COURT:  OKAY.  THEY'RE SAYING IT WASN'T UNTIMELY

21    BECAUSE YOU DIDN'T SERVE IT PROPERLY.

22                MR. HARRIS:  AND I'M SAYING ALSO THAT   -- THAT WHEN WE

23    DIDN'T SERVE THEM PROPERLY AS THEY CLAIM, THAT THEY WAIVED THAT AS

24    WELL.

25                THE COURT:  HOW DOES   -- OKAY.

1          MR. HARRIS:  THERE'S CASE LAW ON IT.

2          THE  COURT:  ALL RIGHT.  OKAY.  OKAY.

3          SO   --

4          MR. HARRIS:  THE   --

5          THE COURT:   -- THE   --

6          MR. HARRIS:   WE'RE   -- WE'RE TRYING TO RESOLVE IT RIGHT

7    NOW.

8          THE COURT:  I'D   -- NO.  YOU'RE NOT GOING TO RESOLVE IT

9    RIGHT NOW BECAUSE THAT'S GOING TO HAVE SOME BRIEFING AND THINGS

10   OF THAT NATURE.  AND WE'RE GOING TO CUT INTO MORE TIME.

11          HERE'S WHAT I WOULD RECOMMEND YOU FOLKS DO.  OKAY.

12          YOU HAVE THE RFPS THAT ARE OUTSTANDING.  YOU HAVE THE

13   INTERROGATORIES THAT ARE OUTSTANDING.

14          I SUGGEST BASED UPON THE DEADLINES THAT ARE COMING UP

15   I'M GOING TO ORDER YOU   --

16          WHAT'S YOUR SCHEDULE LIKE TOMORROW, MR. HARRIS?

17          MR. HARRIS:  COMPLETELY OPEN.

18          THE COURT:  OKAY.

19          MR. VOSS.

20          MR. VOSS:  YES, YOUR HONOR.

21          THE COURT:   OKAY.  I'M GOING TO   -- I'M GOING TO   -- THE

22   ORDER THAT'S GOING TO COME OUT TODAY IS YOU ARE TO EITHER DO BY

23   ZOOM TO GO THROUGH EACH ONE OF THE RFPS AND DISCUSS WHAT SCOPE

24   IS BEING SOUGHT WITH RESPECT TO EACH OF THE RFPS.

25          ALL RIGHT.  NOW, KEEP THIS IN MIND, MR. VOSS.

1        DISCOVERY IS NOT BIFURCATED.

2              MR. VOSS:    I GOT- THAT, YOUR HONOR.

3              THE COURT:  FIRST OF ALL.

4        IF I  -- YOU KNOW, THAT'S  -- I THINK THAT'S WHAT   -- IF I HAVE

5   TO RULE ON THAT, I'LL RULE ON THAT.   BUT I HOPE I DON'T HAVE TO

6   BECAUSE I THINK THAT'S WHAT JUDGE WILSON HAS INDICATED.

7        ALL RIGHT.  SO, RFPS AND INTERROGATORIES, I PRESUME, MR.

8   VOSS, YOU HAVE  -- YOU HAVE AN IDEA OF WHAT RFPS YOU'RE GOING TO

9   SEND OUT AND INTERROGATORIES?

10             MR.. VOSS:  I FRANKLY DON'T RIGHT NOW, YOUR HONOR.  WE

11  JUST GOT SERVED WITH THE FIRST AMENDED COMPLAINT.

12             THE COURT:  OKAY.

13             MR. VOSS:  AND I'M  -- AND CANDIDLY I'M BURDENED WITH

14  PREPARING WITH FOR A WEEK-LONG ARBITRATION THAT'S TWO YEARS

15  OVERDUE TO COVID.  I'VE GOT ARBITRATION BRIEFS DUE TODAY.  I'VE GOT

16  TO GET ALL MY DOCUMENTS READY TOGETHER.  AND I'VE GOT TO PREP

17  WITNESSES THIS WEEK.

18             THE COURT:  OKAY

19             WELL  --

20             MR. VOSS:  THIS IS COMING NOW MONTHS AFTER THE FACT --

21  YOU KNOW IT PLACES A BURDEN WHEN COUNSEL SHOULD HAVE JUST

22  ACCEPTED AND DONE WHAT HE OFFERED TO DO WHICH IS TO HAVE A NEW

23  26(F) AND GET IT DONE.

24             THE COURT:  I AGREE.

25             I THINK, MR. HARRIS, YOU SHOULD HAVE DONE  -- THAT SHOULD

1    HAVE BEEN DONE.  BUT WE'RE  -- WE'VE CROSSED THAT BRIDGE.

2            MR. VOSS:  WELL, BUT THE PROBLEM I'M LOOKING AT, YOUR

3    HONOR, IS WE'RE PURPORTEDLY IN A JURY TRIAL IN MAY ON A   --

4            THE COURT : OKAY.

5            MR. VOSS:   -- CIVIL JURY TRIAL THAT IT SEEMS HIGHLY UNLIKELY

6    GIVEN THE CURRENT   --

7            THE COURT :  NOT MY CALL.

8            MR. VOSS:  BUT I  -- I MAY MOVE FOR  --

9            THE COURT: IF YOU FOLKS   -- IF YOU FOLKS   --

10           MR. VOSS:    -- SO WE CAN HAVE AN ORDERLY DISCOVERY   --

11           THE COURT:  MAY I   -- MAY I SUGGEST SOMETHING ELSE.

12           MR. VOSS:  UH-HUH.

13           THE COURT:  THIS IS GOING TO ALLOW FOR A MORE ORDERED

14   APPROACH TO ACTUALLY ALLOW THE MEANINGFUL EXTENT   -- SORRY,

15   EXCHANGE OF INFORMATION.

16           I THINK THE PARTIES SHOULD CONSIDER FILING A STIPULATION

17   TO MOVE THE TRIAL DATE AND SET DEADLINES FOR DISCOVERY, EXPERT

18   DISCOVERY AND THE LIKE.

19           MR. VOSS:  WHICH IS WHAT WE OFFERED.

20           THE COURT:  OKAY.  MR. VOSS, ENOUGH, SIR.

21           GO AHEAD AND GET THE LAST WORD IN, MR. VOSS.

22           MR. VOSS:  YOUR HONOR, I SIMPLY HAVE SAID THROUGHOUT

23   LET'S HAVE AN   -- AND I COULD READ IT TO YOU   -- THE EMAILS THAT I'VE

24   BEEN SENDING  -- THAT WE NEED TO HAVE AN ORDERLY DISCOVERY

25   PROCESS.  IT'S NOT FAIR TO A DEFENDANT WHOSE DEFAULT WAS TAKEN

1   AGAINST HIM IMPROPERLY.  COUNSEL REFUSED TO SET IT ASIDE FOR NO

2   GOOD REASON.  THE COURT RULED AS SUCH.  BUT THAT NOW BY

3   PROCEEDING IN THIS MANNER WHAT ATHENA IS ATTEMPTING TO DO IS TO

4   TRY AND SCORE A WIN MISUSING THE DISCOVERY PROCESS INSTEAD OF

5   GIVING EVERYBODY AN EQUAL CHANCE TO PROCEED ON AN ORDERLY BASIS

6   WITH DISCOVERY AS THE FEDERAL RULES ARE INTENDED.

7           THE COURT:  BUT AMN  --

8           MR. VOSS:    -- BEING ASKED   --

9           THE COURT:  AMN WAS IN THE GAME.  YOU CAN DO WHATEVER

10   YOU WANT BY NOON.  AND AMN WAS HERE.

11          MR. VOSS:  AND THERE'S DISCOVERY  THAT   --

12          THE COURT:  ALL RIGHT.  THE WHOLE  -- YOUR WHOLE

13   ARGUMENT WITH RESPECT TO TAKING ADVANTAGE, THAT DOESN'T APPLY

14   TO AMN.

15          MR. VOSS:  I JUST DISCUSSED NEWMAN, YOUR HONOR.

16          THE COURT:  OKAY.  SO, WHERE IS THE AMN DISCOVERY THEN?

17          MR. VOSS:  SO, AMN DISCOVERY INCLUDES THE REQUESTS   --

18   WHICH I TRIED TO GO THROUGH WITH COUNSEL WHO REFUSED TO DO IT    --

19   IT INCLUDES REQUESTS SUCH AS ASKING AMN TO DISCLOSE NEWMAN'S

20   BANK ACCOUNTS, NEWMAN'S   --

21          THE COURT:   OKAY.  LET ME ASK   -- LET ME ASK THIS.

22          IS AMN A CLOSELY-HELD CORPORATION?

23          MR. VOSS:  WITHIN THE MEANING OF THE CALIFORNIA

24   CORPORATION'S CODE I DON'T BELIEVE SO, BUT I DON'T KNOW.

25          THE COURT:  OKAY.  HOW MANY   -- HOW MANY OTHER   -- LOOK,

1    THERE'S OFTENTIMES CORPORATIONS WHERE THERE'S A SINGLE PERSON

2    KIND OF RUNNING THE SHOW AND OFTENTIMES IN ORDER TO DO  --

3            MR. VOSS:   CLEARLY THIS. I FREELY ADMIT.

4            THE COURT:  OKAY.  SO, THEY DO GET TO GET TO MR.

5    NEWMAN'S ACCOUNT BECAUSE IF THERE IS THIS MONEY GOING BACK AND

6    FORTH, AND IF THERE IS A CLAIM OF DAMAGES, THEY GET TO GET THERE.

7            MR. VOSS:  EXCEPT, YOUR HONOR, THERE ARE NO ALTER EGO

8    ALLEGATIONS  -- EITHER IN THE BODY OF THE COMPLAINT.  IT IS IN THE

9    PRAYER BUT IT'S NOT IN THE BODY OF THE COMPLAINT.

10           THE COURT:   OKAY.  WELL, I MEAN, LOOK, IF THAT'S  -- IF THAT'S

11   WHAT YOU'RE GOING TO ARGUE I DON'T  -- FROM A DISCOVERY STANDPOINT

12   THAT MAY BE A LEGAL ISSUE.  THEY GET IT IN DISCOVERY THOUGH.

13           AND, SO, WHAT I  -- WHAT I'M GOING TO PROPOSE, MR. HARRIS,

14   IS YOU FOLKS START TALKING TOMORROW NO LATER THAN 9:00 A.M.,  GOING

15   THROUGH EACH ONE OF THE RFPS AND SEEING WHICH ONES CAN BE

16   RESPONDED TO AND WHICH ONES WILL NOT BE RESPONDED TO AND AS

17   WELL AS THE INTERROGATORIES AND AS WELL AS TRYING TO SCHEDULE A

18   30(B)(6) DEPOSITION OF AMN.

19           YOU SHOULD ALSO BE ABLE, MR. HARRIS, TO OFFER A 30(B)(6)

20   DATE.  THE TOPICS WILL BE FORTHCOMING.  BUT YOU NEED TO START

21   OFFERING SOME DATES FROM YOUR CLIENT  -- FROM ATHENA TO

22   DEFENDANTS.

23           MR. HARRIS:  SURE.

24           THE COURT:  WE JUST NEED TO  -- WE NEED TO START THAT  --

25   WE NEED TO START THAT PROCESS.

1          THE ALTERNATIVE TO DOING ALL THIS FIRE, YOU KNOW, DRILL IS

2   THE PARTIES FILE A STIPULATION WITH JUDGE WILSON INDICATING THAT

3   THEY'RE AGREEABLE TO MOVE THE TRIAL DATE AND THEN DOING

4   DISCOVERY IN A MORE ORDERED FASHION.

5          PLEASE BE MINDFUL, MR. HARRIS, I AM GOING TO PUT SOME

6   UNREASONABLE   -- WHAT YOU MAY CONSIDER UNREASONABLE DEADLINES

7   ON YOUR CLIENT AS WELL.

8          MR.VOSS:   YOUR HONOR, THIS DISCOVERY WASN'T SERVED.

9   HAVING UNREASONABLE DEADLINES IS JUST WHOLLY INAPRRORPRIATE

10  WHEN THE FIRST AMENDED COMPLAINT JUST GOT FILED AND JUST GOT

11  RESPONDED TO BY NEWMAN.

12         THE COURT: SO, WHY NOT, MR. HARRIS   -- KIND OF   -- LIKE THE

13  FIRST AMENDED COMPLAINT DID JUST GET FILED.  WHY   -- WHY NOT DO THE

14  STIPULATION PROCESS?  IT'S JUST -- THIS IS GOING TO WASTE EVERYBODY

15  MONEY.  AND I THINK AT THE END OF THE DAY   -- I DON'T KNOW FOR

16  SURE  ---  BUT I WOULD  -- IF I WERE A BETTING MAN, I WOULD BET THAT THIS

17  TRIAL ISN'T GOING FORWARD AT THE END OF MAY.

18         MR. HARRIS:  YOUR HONOR, WE   -- WE DON'T DISAGREE AT ALL.

19         WE   -- WE'RE WILLING TO MAKE IT MORE ORDERLY AND TO   --

20  TO DELAY THE TRIAL IF NECESSARY.  WE JUST WANT THE DOCUMENTS.

21         THE COURT:  I GET IT.  BUT HERE'S THE THING.

22         THE MANNER IN WHICH THE DOCUMENTS ARE GOING TO COME

23  ARE DICTATED BY WHAT THE TRIAL DATE IS, WHAT THE CLAIMS ARE, RIGHT.

24         AT THIS POINT WE HAVE AN FAC.  THEY HAVEN'T EVEN FILED AN

25  ANSWER.

1              MR. VOSS:  WE HAVE FILED AN ANSWER.

2              THE COURT:  OH, YOU HAVE.

3              MR. VOSS:  WE DIDN'T WANT TO DELAY ANYTHING, YOUR

4   HONOR.  SO, WE WENT AHEAD AND FILED AN ANSWER.

5              THE COURT:  ANSWER WAS FILED ON APRIL 5TH, RIGHT.

6              MR. VOSS:  IT'S WHEN I PROMISED YOU THE LAST TIME WE MET I

7   SAID  --

8              THE COURT:   OKAY.

9              MR. VOSS:    -- WE WOULDN'T HOLD IT UP.

10             THE COURT:  RIGHT.  APRIL 5TH WAS AN FAA   -- THE ANSWER

11  WAS FILED.  OKAY.

12             SO, WHY NOT APPROACH THIS IN A MORE MEASURED FASHION

13  TO TRY AND GET THE FACTS OUT CORRECTLY.

14             WHY NOT?

15             MR. HARRIS:  YOUR HONOR, I'LL DO MY BEST, YOUR HONOR.

16             THE COURT:  WHAT DO YOU MEAN YOU'LL DO YOUR BEST?

17             MR. HARRIS:  BECAUSE I STILL NEED AGREEMENT WITH

18  OPPOSING COUNSEL.

19             THE COURT : ABOUT WHAT?

20             MR. HARRIS:  ABOUT  -- ABOUT DATES AND   --

21             THE COURT:  OKAY.

22             MR. HARRIS:   AND  --

23             THE COURT:  OKAY.  BUT   --

24             MR. HARRIS:  IF   -- IF  --

25             THE COURT:  THAT'S ONE   --

1          MR. HARRIS:  AND I'M NOT ACCUSING HIM OF THIS.  BUT IF HE

2   SAID THE DEADLINE, THE DATE FOR THE 30(B)(6)   -- OF HIS CLIENT IS IN

3   AUGUST, I CAN'T ACCEPT THAT.

4          THE COURT:  ALL RIGHT   --

5          MR. HARRIS:  I'M NOT ACCUSING HIM OF IT.

6          THE COURT:  WHAT DO YOU MEAN?

7          MR. HARRIS:  I MEAN, IF HE SETS THE DATE OF   -- OF THE 30(B)(6)

8   DEPOSITION OF HIS WITNESS TOO FAR IN THE FUTURE I CAN'T ACCEPT THAT.

9   BUT I'M GOING TO ACCEPT SOMETHING REASONABLE.

10          THE COURT:   OKAY.  WHAT IS REASONABLE?  -- JUNE.

11          MR. HARRIS:  NOT IF THE   -- NOT IF WE HAVE THE TRIAL IN MAY.

12          THE COURT:  WELL   --

13          MR. HARRIS:  THAT'S   --

14          THE COURT:  LOOK, HERE'S THE THING.  QUIT GOING AROUND IN

15   CIRCLES.  LET'S NOT BE CUTE, MR. HARRIS.

16          IT'S PART OF A STIPULATION.  IF YOU'RE GOING TO STIPULATE

17   TO MOVING THE TRIAL, SIR   --

18          MR. HARRIS:  WELL, I AM, YOUR HONOR.  I'M WILLING TO   --

19          THE COURT:   OKAY THEN.  OKAY.  OKAY.  BUT IF THE TRIAL

20   IS -- IF YOU FILE A STIPULATION, AND JUDGE WILSON SIGNS OFF ON IT, I

21   THINK WE HAVE TO GO ON TWO TRACKS   -- ONE, WE GET THE STIPULATION

22   FILED, RIGHT   -- IF THAT'S WHERE YOU GUYS WANT TO GO.  THAT'S FINE.

23          JUDGE WILSON WILL DO WHAT JUDGE WILSON DOES.

24          ON THE OTHER TRACK WE HAVE TO ANTICIPATE MARCH 18TH IS

25   -- I'M SORRY.

1          WHEN IS THE TRIAL DATE?

2          MR. HARRIS:   MAY.

3          THE COURT:  MAY.  MAY WHAT?

4          MR. VOSS:  12   -- I FORGET.  I THINK IT MIGHT BE 12, RIGHT IN

5    THERE.

6          THE COURT:  MAY WHAT?

7          MR. VOSS:  I THINK IT MIGHT BE 12.

8          THE COURT:  MAY 12TH?

9          MR. VOSS:  I'M NOT SURE TOP OF MY HEAD.

10          I KNOW THAT THE REQUIREMENT FOR PRETRIAL CONFERENCE

11   ALREADY CAME AND WENT.  AND I ADVISED COUNSEL THAT IT WAS LAST

12   WEEK BEFORE IT WAS TIME TO DO IT.

13          THE COURT:  OKAY.  SO, MAY 12TH.  OKAY.  THAT'S EVEN MORE  --

14          MR. HARRIS:  MAY 18TH, YOUR HONOR.

15          THE COURT:   OKAY.  WELL  --

16          MR. VOSS:  WE'LL  --

17          THE COURT:  MAY 18TH.  OKAY.

18          I SUGGEST YOU FOLKS GET THIS STIPULATION ON FILE ASAP.

19          AND, LOOK, THIS CASE WAS FILED IN JUNE OF 2020.  GETTING TO

20   TRIAL IN A YEAR, IT'S  -- THAT'S A BIG RUSH CONSIDERING WHAT ALL HAS

21   HAPPENED.  THAT WOULD BE MY SUGGESTION.

22          IF NOT, I WOULD SUGGEST THAT YOU  -- WE'RE GOING TO HAVE

23   TO START RESOLVING DISCOVERY.

24          AND IF YOU'RE SAYING  -- YOU KNOW, LET  -- JUST START

25   GOING THROUGH THE DISCOVERY.  SERVE IT PROPERLY.

1    I THINK YOU PARTIES SHOULD AGREE TO SERVE STUFF

2    ELECTRONCIALLY TO ONE ANOTHER.

3            CAN WE GET THAT ON THE RECORD.

4            MR. HARRIS, WOULD YOU AGREE TO RECEIVE SERVICE BY

5    ELECTRONICALLY   --

6            MR. HARRIS:  OF COURSE, YOUR HONOR.  I  --

7            THE COURT:   OKAY.

8            MR. VOSS.

9            MR. VOSS:  AND WE WOULD AGREE THAT   -- I WILL TELL YOU

10   EXACTLY WHAT I AGREE SO I'M ABSOLUTELY CLEAR.

11           WE WOULD AGREE THAT AFTER A RULE 26(F) THAT WE WILL

12   THEN AGREE BOTH SIDES TO PROMULGATED TERMS    -- PROMULGATED

13   DISCOVERY THAT THERE ARE THINGS IN A DISCOVERY PLAN THAT NEED TO

14   BE DISCUSSED.

15           THE COURT:  OKAY.  BUT HERE'S  -- OKAY.

16           WITH RESPECT TO THE RULE 26(F) CONFERENCE, IF THE  -- IF

17   THE DISTRICT JUDGE DOESN'T SET A RULE 26(F) HEARING, HOW IS THE

18   CONFERENCE TRIGGERED?

19           MR. VOSS:  WELL, THAT WOULD BE  -- YOU'RE TALKING ABOUT

20   THE 16  -- THERE IS THE 16 CONFERENCE WHICH I THINK IS WHAT YOU'RE

21   REFERRING TO    -- NOT THE 26(F).

22           THE COURT:  RIGHT.

23           MR. VOSS:  SO   --

24           THE COURT:  HOLD ON.

25           MR. VOSS:   THERE'S A DIFFERENCE BETWEEN THE TWO.

1                  (PAUSE IN PROCEEDINGS.)

2                  THE COURT:  -- BEFORE A SCHEDULING CONFERENCE IS HELD  --

3      SO, THERE WAS NO SCHEDULING CONFERENCE HELD.

4                  CORRECT, MR. HARRIS?

5                  MR. HARRIS:  CORRECT.

6                  THE COURT:  ALL RIGHT.

7                  MR. HARRIS:  THE  --

8                  THE COURT:    -- THAT SCHEDULING ORDER IS DUE UNDER 16(B).

9                  MR. VOSS:  OKAY.

10                 THE COURT:  SO, WHEN WAS THE SCHEDULING DUE UNDER

11     16(B)?

12                 MR. VOSS:  IT WOULD ARGUABLY BE, YOUR HONOR, AFTER THE

13     COMPLETION OF THE 26(F).

14                 AND YOU THEN HAVE THE  -- I BELIEVE IT'S  -- I'VE GOT   --

15                  THE COURT:  FOUR  --

16                 MR. VOSS:    -- BE HERE.  I BELIEVE IT'S 30 DAYS  -- IT'S EITHER

17     30 OR 14.   I'LL STOP MY HEAD.  YOU'RE SUPPOSED TO DO YOUR 16(B) AND

18     YOU'RE SUPPOSED TO PROVIDE THE PLAN AND THE DISCOVERY PLAN  --

19     THE THINGS THAT I WAS ADDRESSING ARE SUPPOSED TO BE PART OF THAT

20     DISCUSSION.

21                 THE COURT:  HOLD ON A SECOND.

22                 TIME TO  -- 16(B)(2), THE JUDGE MUST ISSUE THE SCHEDULING

23     ORDER AS SOON AS PRACTICABLE  UNLESS THE JUDGE FINDS GOOD CAUSE

24     THAT THE JUDGE MUST ISSUE IT WITHIN THE  -- 90 DAYS AFTER ANY

25     DEFENDANT ISN'T SERVED OR 60 DAYS AFTER ANY DEFENDANT HAS

1   APPEARED.

2              SO, DID JUDGE WILSON ISSUE A RULE 16 ORDER?  -- A

3   SCHEDULING ORDER?

4              MR. HARRIS:  NO, YOUR HONOR.  I DON'T THINK SO.

5              BUT I  -- YOUR HONOR, I WANT TO MAKE CLEAR THAT WE DID

6   HAVE THE RULE 26 CONFERENCE.

7              THE COURT:  WHEN?

8               WITH AMN'S COUNSEL?

9              MR. VOSS:  WITH RONAN AND  --

10             MR. HARRIS:  YES, YOUR HONOR.  WITH AMN'S COUNSEL.

11             MR. VOSS:  WITH  --

12             THE COURT:  WHEN?

13             MR. HARRIS:  THE 19TH  -- SEPTEMBER 19TH, YOUR HONOR.  I'M

14   LOOKING AT MY NOTES.

15             MR. VOSS:  PURSUANT TO  --

16             THE COURT:  SEPTEMBER 19TH  --

17             MR. VOSS:   -- WHICH THERE WAS NO SCHEDULING FOR

18   DISCOVERY.  NO DEPOSITIONS WERE SET.  NO MOTION FOR DISCOVERY

19   CUTOFFS.  NO INITIAL DISCLOSURES   -- DISCLOSURES.  NO DEADLINES FOR

20   --

21             THE COURT:    -- HOLD ON.

22             MR. VOSS:    -- ANYTHING  --

23             THE COURT:  HOLD ON.  MR. VOSS, HOLD ON, SIR.  HOLD ON.

24             YOU'RE ABOUT TO SNATCH VICTORY  -- YOU SNATCHED DEFEAT

25   FROM THE JAWS OF VICTORY HERE.

1              OKAY.  LET ME   --

2                 MR. HARRIS, WHERE WAS THE RULE 20-   -- WAS THE RULE 26(F)

3    CONFERENCE ORDER FILED?

4              MR. HARRIS:  NO, YOUR HONOR, BECAUSE THE JUDGE DIDN'T

5    WANT IT FILED.

6              THE COURT:  DID HE INDICATE THAT?

7               MR. HARRIS:  YES.

8                THE COURT : WHERE?

9              MR. HARRIS:  IT'S IN HIS   -- I THINK IT'S IN HIS STANDING ORDER.

10             THE COURT:  IN HIS STANDING ORDER?  OKAY.

11             ALL RIGHT.  SO, DID HE ISSUE A RULE 16(B) ORDER SETTING OUT

12   WHEN HE HAS TO JOIN OTHER PARTIES, AMEND THE PLEADINGS, COMPLETE

13   DISCOVERY AND FILE MOTIONS?

14             MR. HARRIS:  NO, YOUR HONOR.

15             THE COURT:  OKAY.  WE DON'T   -- IF WE DON'T HAVE A RULE

16   16(B) ORDER, IS THERE ANYTHING IN JUDGE WILSON'S STANDING ORDER

17   THAT SUPPLANTS THE REQUIREMENT OF FILING THIS ORDER?

18             MR. HARRIS:  I DON'T BELIEVE SO.

19             (PAUSE IN PROCEEDINGS.)

20             THE COURT:  SO   -- LOOK HERE.  LET ME LOOK FOR JUDGE

21   WILSON'S LOCAL ORDERS HERE OR LOCAL RULES.

22             (PAUSE IN PROCEEDINGS.)

23             THE COURT:  OKAY.  SO, WHEN WAS THE FINAL PRETRIAL

24   CONFERENCE SCHEDULED IN THIS MATTER?

25             MR. HARRIS.

1          MR. HARRIS:  I  --

2          THE COURT:  DID JUDGE WILSON SCHEDULE ONE?

3          MR. HARRIS:  I DON'T BELIEVE SO.  I THINK ALL HE DID WAS SET A

4   TRIAL DATE IN   --

5          THE COURT:  OKAY.

6          MR. HARRIS:    -- JUNE.

7          MR. VOSS:  IN MAY.

8          THE COURT:  SO, MAY   -- LET'S SEE IT CAME -- UNDER THE

9   LOCAL RULES, MEETING AT LEAST 4   -- 16-2, AT LEAST 40 DAYS BEFORE THE

10  DATE SET FOR A FINAL PRETRIAL CONFERENCE.

11          BUT WE DON'T HAVE   -- YOU DON'T HAVE A FINAL PRETRIAL

12  CONFERENCE, CORRECT?

13          MR. VOSS:  CORRECT.

14          THE COURT:  OKAY.  SO, LET'S TAKE THAT AS THE TRIAL DATE

15  THEN.

16          MR. VOSS:  WHICH WE DID IN ADVISING COUNSEL THAT THAT

17  PRETRIAL CONFERENCE BETWEEN THE PARTIES SHOULD HAVE TAKEN

18  PLACE LAST WEEK.

19          THE COURT:  GOT IT.  OKAY.

20          MR. VOSS:  WHICH IS WHY I WAS POINTING OUT WE'RE JAMMING

21  ALL THIS STUFF THROUGH.  WE'RE NOT EVEN COMPLYING WITH THE RULES

22  TO GO TO TRIAL ON A TRIAL THAT'S PROBABLY NOT GOING TO HAPPEN

23  BECAUSE NOBODY HAS GOT A JURY FOR A CIVIL CASE LIKE THIS.

24          THERE'S BEEN NO 26(F).   THERE WAS NO REPORT UNDER 26(F).

25  WITH NO REPORT UNDER 26(F)   -- WHICH WOULD HAVE BEEN EVIDENCE

1   THAT THERE WAS A MEETING UNDER 26(F), THEN, THERE WAS NO RULE 16(B)

2   ORDER.

3         SO, EVERYTHING GOES BACK TO THE ISSUES THAT I'VE BEEN

4   TALKING ABOUT FOR MONTHS AND OFFERING OVER AND OVER AND OVER

5   AGAIN LET'S JUST DO THIS ORDERLY.

6         THE COURT:  MR. HARRIS, I THINK  -- I MEAN, I'M JUST LOOKING

7   AT THE FEDERAL RULES AND THE LOCAL RULES.

8         AND I DON'T  -- DID MR. VOSS TRY TO REACH OUT TO YOU LAST

9   WEEK ABOUT SETTING A FINAL PRETRIAL CONFERENCE HEARING OR

10  MEETING?

11        MR. VOSS:   I DID IT BY EMAIL.

12        MR. HARRIS:  THERE WAS SO MUCH, YOUR HONOR, IN THE

13  EMAILS GOING BACK AND FORTH, I DON'T   -- I DON'T REMEMBER.

14        THE COURT:  OKAY.  I'LL TAKE  THAT   --

15        MR. HARRIS:  THE   --

16        THE COURT:   -- AS A YES THEN.

17        MR. HARRIS:  OKAY.

18        THE COURT:  THAT HE ASKED.  AND YOU FOLKS DIDN'T DO IT.

19  SO, IT IS WHAT IT IS.

20        BUT I'M TRYING TO FIGURE OUT WITHIN THE CONFINES OF THE

21  RULES  -- I MEAN, ONE OF THE WAYS TO   -- THAT YOU COULD KIND OF LIKE

22  GIVE YOURSELVES SOME ACTUAL – THERE'S --   NOT TO ME BUT THERE'S

23  OTHER MAGISTRATE JUDGES ON A CONSENT PANEL.  YOU COULD  -- THEN

24  THEY WOULD GIVE YOU MUCH MORE   -- THEY COULD  -- THEY COULD

25  ADDRESS SOME OF THESE ISSUES.  THERE'S JUST A LOT GOING ON AS YOU

1   CAN IMAGINE WITH CRIMINAL TRIALS AT THE FOREFRONT OF EVERYBODY'S

2   MIND.

3           MR. HARRIS:  THERE WAS A LARGE ARTICLE IN TODAY'S L.A.

4   TIMES.  I DON'T KNOW IF YOU SAW IT ON THAT.

5           THE COURT:  I SAW  -- LAST WEEK.  I GOT IT.

6           MR  VOSS:  YET ANOTHER REASON WHY I HAVE NO REASON TO

7   BELIEVE THIS TRIAL IS GOING OUT IN MAY.

8           AND COUNSEL SHOULD JUST STIPULATE TO CONTINUE THE

9   TRIAL WHICH IS THE EXACT SAME THING WE TALKED ABOUT IN DECEMBER.

10           I PREPARED THAT  --

11           THE COURT:  WHY  -- WHY  --

12           MR. VOSS:    -- STIPULATION.

13           THE COURT:  WHY NOT DO THIS, MR. HARRIS?  WHY NOT  --

14           MR. HARRIS:  I'M GOING TO, YOUR HONOR.

15           THE COURT:  NO.  WHY NOT DO THIS IS AN ORDERLY FASHION.

16   DO A RULE   -- OKAY.  THEY'VE ANSWERED.  SET A RULE 26(F) CONFERENCE

17   FOR TOMORROW.

18           MR. HARRIS:  I WILL, YOUR HONOR.

19           THE COURT:  OKAY.

20           HAVE THAT RULE 26(F) CONFERENCE TOMORROW.

21           JUDGE WILSON DOESN'T WANT IT FILED WITH THE COURT.

22           IS THAT RIGHT?

23           MR. HARRIS:  HE WOULD  --

24           THE COURT:  IS THAT WHAT HIS LOCAL RULE SAID?

25           MR. VOSS:  I BELIEVE IT'S STILL -- TO FILE A REPORT.

1          MR. HARRIS:  HE SAID DON'T FILE A REPORT.  I   --

2          MR. VOSS:  HE'S REFERRING TO ORALLY ON THE DAY THAT MR.

3    COHEN DIDN'T SHOW UP.  AND   -- AND THE DAY AFTER THEY TOOK THE

4    DEFAULT.  SOME ORAL DICTA.

5          THE COURT : OKAY.  WELL, IT'S NOT DICTA.  IT'S ORAL.

6          MR. VOSS:  WELL, I THINK   -- THAT'S A GOOD POINT, YOUR

7    HONOR. (LAUGHTER.)

8          THE COURT:  OKAY.  THOSE ARE TWO DIFFERENT THINGS.

9          MR. VOSS:  BUT WE WEREN'T THERE.  NO  -- NO  --

10         THE COURT:  OKAY.  WELL   -- WELL YOUR CLIENT'S  -- YOUR

11   CLIENT'S ATTORNEY, YOU KNOW, SHOULD HAVE BEEN THERE.  WASN'T

12   THERE.  NOT FOR ME HOW YOU WANT TO SEEK REDRESS AGAINST THAT

13   PERSON.  IT'S NOT MY PROBLEM.

14         MY ISSUE IS TRYING TO ADJUST WHAT WE CAN DO NOW.

15         LOOK, JUDGE WILSON HAS GOT YOUR FEET TO THE FIRE RIGHT

16   NOW.  YOU KNOW, UNLESS YOU FOLKS DECIDE   -- YOU CAN  --  YOU MAY OR

17   MAY NOT HOLD THE KEY BY FILING A STIP TO MOVE IT OUT, SETTING

18   BENCHMARKS   -- AGREE AMONGST YOURSELVES.

19         AND TO EXCHANGE DOCUMENTS AND THINGS OF THAT NATURE.

20         I WOULD SUGGEST YOU FOLKS DO A RULE 26(F) CONFERENCE.

21   FILE A STIPULATION TO MOVE THE TRIAL DATE AND SET SOME DEADLINES IN

22   THERE THAT ARE GOING TO HOLD BOTH YOUR SIDES TO IT.

23         AND IF YOU WANT TO WASTE TIME ON   -- NOT WASTE TIME   -- IF

24   YOU WANT TO ARGUE THAT THE RULE   -- THAT THE DOCUMENTS WERE

25   SERVED PROPERLY   -- I MEAN, I ANTICIPATE EVEN IF THEY SAY   -- RIGHT   --

1    EVEN    -- EVEN IF DEFENDANTS SAY, OKAY.  FINE.  OR IF I COME OUT AND

2    SAY RULE 5 WAS COMPLIED WITH.  WHATEVER.  THEY WERE SERVED

3    PROPERLY, RIGHT.

4           LET'S SAY I COME OUT YOUR WAY.

5           DON'T YOU THINK THERE'S SOME EQUITABLE CONSIDERATIONS

6    THAT I COULD TURN TO THEN IN LIGHT OF MR. COHEN'S ISSUES?

7           MR. HARRIS:  YOUR HONOR, I'M VERY SYMPATHETIC TO MR.

8    COHEN'S ILLNESS.  BUT HE WAS FINE IN OCTOBER AND NOVEMBER AND

9    DECEMBER.

10           THERE WERE A LOT OF CONVERSATIONS WIITH HIM.  HE WAS

11   ACTING    --

12           THE COURT:   OKAY.

13           MR. HARRIS:    -- PROPERLY.  AND SO I HAVE  --

14           THE COURT: AND SO  -- I THINK  -- LET ME GO DOWN THAT    --

15           MR. HARRIS:    -- I THINK THIS IS A WAY TO DELAY THINGS.

16           THE COURT:  DO YOU   -- DO YOU WANT ME TO GO DOWN THAT

17   ROUTE OF SAYING    --

18           MR. HARRIS:  NO, YOUR HONOR.  I DON'T.

19           THE COURT:    -- YOU WANT MEDICAL RECORDS AND DO THIS,

20   AND EVERYBODY FILE STUFF.  AND LET'S HAVE A BIG OLD HEARING ABOUT

21   IT.

22           MR. HARRIS:  NO, I DON'T, YOUR HONOR.  I WANT TO GET THE

23   DOCUMENTS AND THE INTERROGATORIES ANSWERS PROPERLY.

24           THE COURT: OKAY.  VERY GOOD.

25           SO, I THINK YOU WANT THAT, TOO.  AND IF THERE'S VALID

1   OBJECTIONS THAT MAY BE RAISED OR MAY NOT BE RAISED, YOU SEEM LIKE

2   -- I THINK I HAVE AN EXTENSIVE APPROACH TO THE DISCOVERY ESPECIALLY

3   IN LIGHT OF THE FACT THAT THIS IS A COMPANY THAT SEEMS TO BE

4   CONTROLLED LARGELY BY MR. NEWMAN SUCH THAT THERE MAY BE NOT

5   FROM AN ALTER EGO STANDPOINT BUT FROM A DAMAGES STANDPOINT OF

6   BEING COLLECTABILITY OR WHO KNOWS WHAT.  I DON'T KNOW.

7            THAT BEING SAID, WE'RE GOING ROUND AND ROUND HERE.

8   YOU'VE CLEARED  --

9            MR. HARRIS, YOU'VE GOT TWO ATTORNEYS THERE BILLING TIME

10  ON THIS.

11           MR. VOSS IS DOING TIME ON THIS RIGHT NOW.

12           LET'S SAVE THE CLIENT SOME MONEY AND MOVE FORWARD

13  EFFICIENTLY.

14           MR. HARRIS:  YOUR HONOR, I  -- I AGREE.  I'M GOING TO  --

15           THE COURT:  OKAY.

16           MR. HARRIS:  I'M WILLING TO HAVE THE RULE 26 CONFERENCE

17  TOMORROW MORNING.

18           I'M WILLING TO STIPULATE TO AN EXTENSION.  I DON'T KNOW

19  WHAT ELSE TO DO.

20           THE COURT:  OKAY.  PERFECT.

21           AND THEN   -- BUT NOW ARE YOU HOLDING ON TO THE –

22           HOLD ON, MR. VOSS.

23           ARE YOU THIEN SAYING ALSO THAT ALL THE OBJECTIONS THEN

24  TO THE PREVIOUSLY PROPOUNDED DISCOVERY THAT YOU'RE SAYING IS

25  WAIVED OR ARE WE GOING TO GIVE SOME   -- GIVE SOME LEEWAY ON THAT,

1    TOO?

2                    MR. HARRIS:  I'LL GIVE SOME LEEWAY, YOUR HONOR.  BUT  --

3                    THE COURT:  OKAY.

4                    MR. HARRIS:  I WILL.

5                    THE COURT:  OKAY.

6                    MR. VOSS.

7                    MR.VOSS :  IT WILL BE REFERRED.   AND WE'LL DISCUSS IT.

8                    IT WILL BE GOOD.

9                    YOUR HONOR, I HAD OFFERED TO MR. HARRIS TO HAVE TO   --

10                   THE COURT:   OKAY.  YES.  MR. VOSS   --

11                   MR. VOSS:  THE RULE 26 WAS IN THREE DAYS  --

12                   THE COURT:   MR. VOSS.  MR. VOSS.  MR. VOSS, YOU'VE GOT

13   WHAT YOU ASKED FOR, RIGHT?

14                   MR. VOSS:  I'M JUST ASKING NOT TUESDAY.   (LAUGHTER.)  IF WE

15   CAN JUST MOVE IT TO THURSDAY.

16                   THE COURT:   WHY -- LOOK, I NEED YOU   --

17                   MR. VOSS:  I SAID  -- I HAD OFFERED   --

18                   THE COURT:    -- DELAY  -- I MEAN, ONE OF THE FIRST THINGS

19   YOU CAN DO IS GET A STIP TO MOVE THE TRIAL ON.   THAT SHOULDN'T TAKE

20   TIME.

21                   AND THEN DO THE OTHER THINGS SAYING THE PARTIES ARE

22   CONTINUING TO NEGOTIATE THIS, THAT, AND THE OTHER AND SET SOME

23   FIRM DEADLINES.

24                   MR. VOSS:  STIPULATION TO CONTINUE THE TRIAL DRAFT WAS

25   ALREADY SENT TO COUNSEL IN DECEMER.  THEY ALREADY GOT IT.

1          THE COURT:  OKAY.  WELL, THAT'S FINE.

2          SO, MR. HARRIS, WHAT DO YOU   -- WHAT DO YOU THINK ABOUT

3  THURSDAY?

4          MR. HARRIS:  I'M JUST LOOKING AT MY CALENDAR NOW.

5          THE COURT:  SURE.

6          MR. HARRIS:  I'M FINE WITH THURSDAY.

7          THE COURT:  OKAY.

8          THURSDAY AT 9:00.  AND WE'LL   -- I'LL KEEP AN EYE OUT.

9          AND I WOULD LIKE TO HAVE A FOLLOW-UP CALL WITH YOU

10  FOLKS ON FRIDAY AT 10:00 A.M.

11         MR. VOSS:  HANG ON ONE SECOND.

12         (PAUSE IN PROCEEDINGS.)

13         MR. VOSS:  THAT'S GREAT, YOUR HONOR.

14         THE COURT:  MR. HARRIS.

15         MR. HARRIS:  CAN I   --

16         THE COURT:  HOW ABOUT   -- HOW ABOUT   --

17         MR. HARRIS:  AND I HAVE A DEPOSITION AT 10:00.

18         THE COURT:  OKAY.  10:00.

19         HOW ABOUT 9:00 A.M.?

20         MR. HARRIS:  IT STARTS AT 9:00.

21         THE COURT:  OH, YOU START   --

22         MR. HARRIS:  IF I DON'T   -- I'LL LET SOMEBODY ELSE HANDLE IT.

23         THE COURT:  HOW ABOUT THIS.  LET'S HAVE A FOLLOW-UP CALL

24  SATURDAY MORNING AT 9:00.

25         MR. VOSS:  CAN'T DO.  OUT OF TOWN.

1          THE COURT:  OKAY.  THERE'S ELECTRONIC.  YOU CAN DO IT.

2          MR. VOSS:  ARE WE DOING A LOT OF   -- DOES MIKE SAWTEAMS

3  WORK ON A PHONE?

4          THE COURT:  YES.

5          MR. HARRIS:  YOUR HONOR, I'LL  -- I'LL DO   -- I'LL DO FRIDAY,

6  YOUR HONOR.

7          THE COURT:  OKAY.  I MEAN, WHAT TIME DO YOU THINK YOUR

8  DEPOSITION IS GOING TO END ON FRIDAY?

9          MR. HARRIS:  I DON'T KNOW, YOUR HONOR, BUT I'LL   --

10  SOMEBODY ELSE WILL HANDLE IT.  I WAS JUST GOING TO BE AN ASSISTANT.

11  SO, I'LL LET THEM HANDLE  IT.

12          THE COURt:  OKAY.  SO, HOW ABOUT 10:00 A.M. ON   -- LET'S DO

13  THIS.  LET'S DO 1:30 ON FRIDAY.

14          MR. HARRIS:  THAT WILL WORK.

15          THE COURT:  OKAY.  WE'LL DO A FOLLOW-UP CALL ON FRIDAY TO

16  FOLLOW UP ON THESE ISSUES, SEE WHERE WE STAND.

17          AND IF I GOT TO START MAKING RULINGS, I'VE GOT TO START

18  MAKING RULINGS.

19          MR. HARRIS:  OKAY.  THANK YOU, YOUR HONOR.

20          THE COURT:  ALL RIGHT.

21          THANK YOU, EVERYONE.

22          MR. VOSS:  UH-HUH.

23          AGAIN, MY APOLGIES FOR BEING LATE.

24          (PROCEEDINGS ADJOURNED.)

25

1

2                                   DISCLAIMER

3          THE INTEGRITY OF THIS TRANSCRIPT MAY BE ADVERSELY AFFECTED

4                DUE TO MUFFLED AND UNCLEAR AUDIO TRANSMISSION.

5

6          I, Dorothy Babykin, attest that the foregoing proceedings provided to me

7    electronically were transcribed by me to the best of my ability.

8

9

10                      /s/   *Dorothy Babykin*

11

12                                   Dorothy Babykin

     Date: 10/17/21

13

14

15

16

17

18

19

20

21

22

23

24

25

Dorothy Babykin Courthouse Services
1218 Valebrook Place   •   Glendora, CA 91740   •   626.963.0566   •   dotnisbet@aol.com