UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CV 20-5526-SVW(SHK) |
| AMN DISTRIBUTION, INC., ET AL., | ) Riverside, California |
| Defendants. | ) April 19, 2021 |

DISCOVERY STATUS CONFERENCE
BEFORE THE HONORABLE SHASHI H. KEWALRAMANI
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:        See Next Page

COURT REPORTER:     Recorded, MS Teams

COURTROOM DEPUTY:   Dana Castellanos

TRANSCRIBER:        Dorothy Babykin
                    Courthouse Services
                    1218 Valebrook Place
                    Glendora, California  91740
                    (626) 963-0566

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.
TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
APPEARANCES:

1    FOR PLAINTIFF ATHENA COSMETICS, INC.:

2        SOCAL IP LAW GROUP LLP
         BY:  MICHAEL HARRIS
3             ATTORNEY AT LAW
         310 N. WESTLAKE BOULEVARD
4        SUITE 120
         WESTLAKE VILLAGE, CALIFORNIA  91362
5

6

7
     FOR DEFENDANT AMN DISTRIBUTION, INC., ET AL.:
8

9         VOSS SILVERMAN BRAYBROOKE LLP
          BY:  DAVID C. VOSS
10             ATTORNEY AT LAW
          4640 ADMIRALTY WAY
11        SUITE 800
          MARINA DEL REY, CALIFORNIA  90292
12

13

14

15

16

17

18

19

20

21

22

23

24

25

I N D E X

CV 20-05526-SVW(SHK)                                       APRIL 19, 2021

PROCEEDINGS:  DISCOVERY STATUS CONFERENCE

|    |    |
|----|----|
| 1  | RIVERSIDE, CALIFORNIA; APRIL 19, 2021 |
| 2  | THE CLERK:  CALLING CASE NUMBER 2:20-CV-5526, ATHENA |
| 3  | COSMETICS, INC. VERSUS AMN DISTRIBUTION, INC., ET AL. |
| 4  | COUNSEL, YOUR APPEARANCES, BEGINNING WITH THE |
| 5  | PLAINTIFF. |
| 6  | MR. HARRIS:  GOOD MORNING, YOUR HONOR. |
| 7  | MICHAEL HARRIS FOR THE PLAINTIFF. |
| 8  | MR. VOSS:  GOOD MORNING, YOUR HONOR. |
| 9  | DAVID VOSS FOR DEFENDANTS. |
| 10 | THE COURT:  ALL RIGHT.  GOOD MORNING. |
| 11 | I HAVE REVIEWED THE SUBMISSIONS PROVIDED BY BOTH |
| 12 | PARTIES AND DID A LITTLE OF MY OWN RESEARCH. |
| 13 | YOU KNOW, ONE OF THE CASES THAT – THAT APPEARS TO |
| 14 | CONTROL AS MR. VOSS INDICATED IS THE MAGNUSON CASE. |
| 15 | AND EVEN SUBSEQUENT CASES OUT OF THE EASTERN DISTRICT |
| 16 | OF CALIFORNIA AND THE CENTRAL DISTRICT OF CALIFORNIA INDICATE |
| 17 | THAT RULE 5 GOVERNS HOW DISCOVERY SHOULD BE SENT. |
| 18 | AND THE CASE I FOUND THAT WAS MOST AT LEAST SOMETHING I |
| 19 | CONSIDERED WHICH IS IT'S CALLED JIMENA, J-I-M-E-N-A VERSUS UBS AG |
| 20 | BANK, 2010 WESTLAW 462 4863.  AND BASICALLY IT CITED TO A CASE OUT |
| 21 | OF THE DISTRICT OF NORTH CAROLINA WHICH WAS PUBLISHED AND THAT |
| 22 | -- I THINK MAGNUSON FORECLOSES MERE NOTICE OF THE DISCOVERY OR |
| 23 | ANY OTHER PLEADING MAY  -- IS NOT ENOUGH.  THERE HAS TO BE OTHER |
| 24 | FACTORS. |
| 25 | AND IN MAGNA- -- I'M SORRY, IN JIMENA THE CASE INDICATED |

1 WHERE CERTAIN DISCOVERY THE DEFENDANT OR THE OTHER PARTY
2 WHO WAS THEN OBJECTING UNDER RULE 5 HAD PREVIOUSLY RESPONDED
3 TO DISCOVERY REQUESTS -- OTHER PLEADINGS. AND THEN SOUGHT
4 SUBSEQUENT AT SOME POINT THROUGH THE CASE. SO, THERE WAS
5 SOME SORT OF RELIANCE ASPECT TO IT.
6     IN THE DOCUMENTS THAT I RECEIVED FROM PLAINTIFF THE –
7 THE DOCUMENT – AT LEAST THAT SEEMED TO HAVE BEEN SUBMITTED
8 AND THEN RESPONDED TO WAS A PROTECTIVE ORDER.
9     THERE IS NO INDICATION THAT ANY OTHER PLEADING OR
10 30(B)(6) OR ANY OTHER DOCUMENTS HAD BEEN RESPONDED TO SUCH
11 THAT PLAINTIFFS COULD HAVE RELIED ON IT.
12     SO, WHAT WE'RE KIND OF -- WHAT I'M KIND OF HANDCUFFED BY
13 IS IS THERE ANY SHOWING OF GOOD CAUSE.
14     NOW, THAT BEING SAID, IT LOOKS LIKE THERE WAS A RULE 26
15 CONFERENCE AT SOME POINT EARLY ON WITH MR. COHEN. AND, SO,
16 DEFENDANTS DID HAVE AN OBLIGATION AT LEAST TO AMN TO SUBMIT ITS
17 INITIAL DISCLOSURES.
18     SO, LET ME FIRST TURN TO THE DISCOVERY THAT'S
19 OUTSTANDING. AND THEN WE CAN TURN TO THE INITIAL DISCLOSURES.
20 AND THEN WE CAN TALK ABOUT WHAT OPTIONS YOU FOLKS HAVE.
21     SO, MR. HARRIS, IS THERE ANYTHING ELSE YOU WOULD LIKE TO
22 ADD IN ADDITION TO THE PAPERS THAT WERE SUBMITTED BASED UPON
23 MY DESCRIPTION OF WHAT I BELIEVE THE CONTROLLING LAW IS UNDER
24 RULE 5?
25     MR. HARRIS: NO, YOUR HONOR. THE ONLY THING I'D LIKE TO

1    ADD IS THAT IN THE CASE THAT WE CITED, THE GALLO CASE, IT LOOKED
2    LIKE THERE WAS A WAY – A LACK OF OBJECTION BECAUSE IT TOOK SO
3    LONG FOR THE LAW FIRM -- I THINK IT WAS GIBSON DUNN -- TO MAKE THE
4    OBJECTION SO THAT I THINK THE COURT CONSIDERED THAT A WAIVER OF
5    THE OBJECTION OF RULE 5.  THAT'S THE ONLY THING I WOULD ADD.
6            THE COURT:  RIGHT.  AND AS I INDICATED AT LEAST MERE
7    NOTICE – AND I'VE READ THAT CASE.  IT REALLY WAS ALL OF MAYBE
8    THREE SENTENCES THAT THE MAGISTRATE JUDGE THERE WROTE WITH
9    NO REAL EXPLANATION; WHEREAS THE JUDGE IN JIMENA HAD A MUCH
10   MORE ROBUST EXPLANATION WHERE IT INDICATED THAT IN ORDER TO
11   IGNORE THE REQUIREMENTS OF RULE 5, PERHAPS GOING UNDER THE
12   EQUITIES, IF THERE WAS A SHOWING OF GOOD CAUSE, THAT WOULD
13   WARRANT THE ALLOWANCE OF THE IMPROPER SERVICE.
14           OKAY.  WELL, THANK YOU, MR. HARRIS.
15           MR. VOSS, ANYTHING YOU'D LIKE TO ADD, SIR?
16           MR. VOSS:  NO, YOUR HONOR.
17           THE COURT:  OKAY.
18           SO, THE NEXT ISSUE THEN IS – SO, IN THAT REGARD BASED
19   UPON THE RECORD BEFORE ME I DON'T THINK THE DISCOVERY WAS
20   PROPERLY SERVED UNDER RULE 5.
21           AND THERE IS NO INDICATION OF GOOD CAUSE THAT WOULD
22   WARRANT AT LEAST ME BASED ON THE CURRENT RECORD TO FIND THAT
23   THE EQUITIES WOULD WEIGH IN FAVOR OF WAIVER.
24           SO, NOW, TURNING TO THE INITIAL DISCLOSURES, THE PLAINTIFF
25   HAS MADE INITIAL DISCLOSURES IN THIS MATTER.

1          IS THAT CORRECT, MR. HARRIS?

2          MR. HARRIS: THAT'S CORRECT, YOUR HONOR.

3          THE COURT: OKAY.

4          MR. VOSS, DO YOU KNOW IF AMN HAS MADE INITIAL

5   DISCLOSURES, SIR?

6          MR. VOSS: THEY HAVE NOT.

7          THE COURT: OKAY.

8          MR. VOSS: MY CLIENT DOESN'T --

9          THE COURT: OKAY. AMN, SO – APPEARS TO BE THE SITUATION

10  UNDER THIS AT LEAST RULE -- A RULE 26 CONFERENCE APPEARS TO

11  HAVE BEEN HELD BETWEEN PLAINTIFF'S COUNSEL AND MR. COHEN.

12         MR. VOSS: MAY I BE HEARD ON THAT?

13         THE COURT: SURE.

14         MR. VOSS: THERE IS A REFERENCE FROM MS. LANG AND MR.

15  HARRIS TO HAVING CERTAIN ITEMS THAT THEY WANTED COVERED

16  COMING OUT OF SOME TELEPHONE CALL OR SOMETHING.

17         THERE IS NO RESPONSE FROM MR. COHEN.

18         THIS ALSO AS I MIGHT REMIND THE COURT IS IN OR ABOUT THE

19  TIME MR. COHEN FAILED TO SHOW UP FOR THE CRITICAL HEARING WHICH

20  WAS THE DAY AFTER THE DEFAULT WAS TAKEN. AND AN OSC WAS ISSUED

21  AGAINST HIM FOR SANCTIONS FOR NOT SHOWING UP WITH THE COURT.

22         I DON'T BELIEVE THAT MR. COHEN WAS ABLE TO PARTICIPATE --

23  WAS PARTICIPATING, WAS REPRESENTING HIS CLIENT IN THAT

24  TIMEFRAME. AND NONE OF THE TYPICAL INDICIA OF A RULE 26

25  CONFERENCE SUCH AS THINGS THAT I SAY WE STILL NEED LIKE

1 DISCOVERY DEADLINES, MOTION DEADLINES, THE USUAL STUFF YOU DO
2 IN THE ORDINARY MATTER OF COURSE IN A SIMPLE RULE 26, THERE'S NO
3 INDICATION OF ANY OF THOSE ITEMS NOT EVEN IN THE ONE-WAY
4 COMMUNICATION FROM PLAINTIFF'S COUNSEL TO DEFENSE COUNSEL.
5   SO, I DON'T SEE A 26(F) REPORT AS DISTINGUISHED FROM A
6 DISCOVERY PLAN.
7   I DON'T SEE ANY OF THOSE USUAL THINGS EVER BEING SET
8 SHOW GIVEN MR. COHEN'S MENTAL STATE AND PHYSICAL CONDITION
9 THAT WAS THE CAUSE THEREFORE, I DON'T BELIEVE A 26(F) EVER TOOK
10 PLACE.
11   SO, THE QUESTION WOULD BE HOW DO YOU PROCEED IF NOT
12 GIVEN THE FACT THAT THE – THE DISCOVERY THAT WAS PROMULGATED
13 PURPORTEDLY THAT YOU'VE NOW RULED WAS NOT PROPERLY SERVED
14 WE'RE AT A RESET ANYWAY.
15   SO, WHY NOT HAVE THE PARTIES HAVE A PROPER 26(F), SET
16 DEADLINES AND MOVE FORWARD. AND THAT AS I HAD OFFERED TO
17 COUNSEL IF WE HAD THAT 26(F) WOULD MEAN WE GOT 14 DAYS TO GIVE
18 YOU OUR INITIAL DISCLOSURES.
19   I HAVE NEVER SAID THAT WE DON'T OWE DISCOVERY.
20   I HAVE NEVER SAID THAT ANY OF THOSE THINGS SHOULD, YOU
21 KNOW -- ALL I SAID IS IT SHOULD BE ON AN EVEN PLAYING FIELD.
22 NOBODY GETTING THE JUNK. EVERYBODY ACTING --
23   THE COURT: OKAY.
24   MR. VOSS: -- FAIRLY. SO, WE WOULD ASK THAT THERE BE A
25 PROPER 26(F) BY COMPETENT COUNSEL. I'LL REPRESENT

1    THAT I'M COMPETENT COUNSEL.  AND THAT WE MOVE THE CASE

2    FORWARD.  AND WE DO THAT 26(F) DAMN NEAR IMMEDIATELY.  I'M – I'M

3    DONE --

4             THE COURT:  OKAY.

5             MR. VOSS:  -- THIS AFTERNOON AT 4:30.

6             THE COURT:  OKAY.  WELL, I HAD RECEIVED A DECLARATION

7    FROM PLAINTIFF'S COUNSEL INDICATING THIS.

8             AND I UNDERSTAND THAT YOU SAY MR. COHEN HAS – HAS

9    ISSUES.  AND OBVIOUSLY FROM HIS PERFORMANCE IN THIS CASE THERE

10   ARE SOME OBJECTIVE INDICIA OF THAT.  HOWEVER, THERE IS NO

11   DECLARATION OR ANYTHING INDICATING WHY.

12            WHO KNOWS?  MAYBE – YOU KNOW, THERE  -- THERE'S  --

13            MR. VOSS:  THE –

14            THE COURT:  MR. VOSS, I LET YOU TALK.  LET ME TALK.

15            THERE'S NO INDICATION.  THERE'S NO DECLARATION OR

16   ANYTHING OF THAT NATURE.  SO, I HAVE TO TAKE IT ON FACE VALUE

17   BASED ON THE DECLARATION ON THE DOCUMENTS BEFORE ME THAT

18   THERE WAS A RULE 26 CONFERENCE.

19            INITIAL DISCLOSURES ARE GOING TO BE DUE.

20            AND YOU HAVE TRIAL COMING UP.

21            NOW, I UNDERSTAND THAT THERE'S NO AGREEMENT BETWEEN

22   THE PARTIES.  SO, I FIGURE IF YOU WANT TO – YOU KNOW, IF YOU GUYS –

23   IF YOU FOLKS WANT TO GO TO TRIAL IN A CIVIL CASE UNLIKE A CRIMINAL

24   CASE YOU HAVE TO HAVE TURNED OVER STUFF.  AND ALL THE STUFF

25   YOU'VE TURNED OVER WAS SUPPOSED TO BE TURNED OVER UNDER THE

1   FEDERAL RULES CAN BE USED DURING THE TRIAL.

2   (PHONE RINGING.)

3   THE COURT: IF MR. HARRIS AND THE PLAINTIFFS ARE ONLY

4   INTENDING TO RELY ON THEIR INITIAL DISCLOSURE, I THINK THEY'RE SET.

5   (PHONE RINGING.)

6   THE COURT: IF THEY WANT TO RELY ON ANYTHING ELSE AT

7   TRIAL, THEY BETTER DARN NEAR QUICKLY TURN IT OVER VOLUNTARILY.

8   OTHERWISE, IT WON'T BE USED AT TRIAL.

9   AND I THINK JUDGE WILSON WILL ORDER -- WILL MAKE A RULING

10  ON THAT.

11  SO, THAT'S WHERE WE STAND FROM A -- FROM AT LEAST MY

12  READING OF, YOU KNOW, AND THERE'S CIVIL TRIALS. UNLESS YOU'VE

13  TURNED IT OVER, AND YOU'RE REQUIRED TO. AND THE INITIAL

14  DISCLOSURES TRIGGERS THAT AUTOMATIC DISCOVERY ASPECT, IT'S NOT

15  GOING TO BE -- I WOULD ASSUME THAT IT'S NOT GOING TO BE USABLE AT

16  TRIAL WHICH IS SET FOR MAY.

17  NOW, THE OTHER OPTION IS YOU FOLKS HAVE NOT AGREED TO

18  ANY SORT OF DELAY.

19  BUT THE OTHER OPTION IS YOU FOLKS CAN SEE – CONSENT TO

20  A MAGISTRATE JUDGE – NOT ME NECESSARILY. THERE'S PLENTY OF

21  OTHER MAGISTRATE JUDGES ON THE LIST THAT YOU CAN CONSENT TO.

22  AND THEY MAY GIVE YOU MORE LEEWAY.

23  JUDGE WILSON MAY NOT.

24  SO, FOR THE HEARING TODAY I'M FINDING THAT THE RULE 5 AT

25  LEAST BASED UPON THE RECORD BEFORE ME WOULD NOT COMPLY WITH

1  AND THE DISCOVERY WAS NOT PROPERLY SERVED. AND INITIAL
2  DISCLOSURES SHOULD HAVE BEEN PROVIDED BY AMN AT LEAST AND
3  PLAINTIFFS.
4      AND JUST TO KIND OF - AND THIS IS DICTA -- MY
5  UNDERSTANDING OF THE RULE IS IF YOU WANT TO USE IT AT TRIAL,
6  BETTER HAVE BEEN DISLOSED UNDER -- AS REQUIRED UNDER THE
7  FEDERAL RULES.
8      MR. VOSS: WE HAVE – I SHOULD AMEND THAT TO SAY, YOUR
9  HONOR, NOT WITH A FORMAL PLEADING, BUT WE DID DISCLOSE ONE
10 SINGLE DOCUMENT. AND THAT'S ALL WE'VE GIVEN TO THE OTHER SIDE.
11     AND APPRECIATE THE DICTA.
12     THE COURT: YEAH. ALL RIGHT.
13     ANYTHING FURTHER TODAY, MR. HARRIS?
14     MR. HARRIS: NO, YOUR HONOR.
15     THE COURT: OKAY.
16     MR. HARRIS : NO. NO, YOUR HONOR.
17     THANK YOU.
18     MR. VOSS: THANK YOU FOR YOUR TIME AND CONSIDERATION,
19 YOUR HONOR.
20     THE COURT: THANK YOU, FOLKS. AND THANK YOU FOR
21 STEPPING OUT, MR. VOSS. YOU'RE APPRECIATED. .
22     MR. VOSS: THANK YOU.
23     BYE-BYE.
24     THE COURT: THANKS.
25     (PROCEEDINGS ADJOURNED.)

| | |
|---|---|
| 1 | TRANSCRIBER'S CERTIFICATE |
| 2 | |
| 3 | DISCLAIMER |
| 4 | THE INTEGRITY OF THIS TRANSCRIPT MAY BE ADVERSELY AFFECTED |
| 5 | DUE TO MUFFLED AND UNCLEAR AUDIO TRANSMISSION. |
| 6 | |
| 7 | I, Dorothy Babykin, attest that the foregoing proceedings provided to me |
| 8 | electronically were transcribed by me to the best of my ability. |
| 9 | |
| 10 | |
| 11 | /s/  *Dorothy Babykin* |
| 12 | Dorothy Babykin |
| 13 | Date: 10/18/21 |