Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355
Attorneys for Plaintiff Athena Cosmetics, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Athena Cosmetics, Inc., <br><br>   Plaintiff, <br><br> v. <br><br> AMN Distribution Inc., et al, <br><br>   Defendants. | No. : 2:20-cv-05526 <br><br> Memorandum of Contentions of Facts and Law [L.R. 16-4] <br><br> Date:  November 8, 2021 <br> Time:  3:00 p.m. <br> Judge: Wilson |

Plaintiff Athena Cosmetics, Inc ("Athena") submits this following Memorandum of Contentions of Fact and Law under Local Rule 16-4.

## TABLE OF CONTENTS

A. Claims and Defenses ..................................................................................... 1

    1.   Claim 1: Trademark Counterfeiting and Infringement ................................ 1

          a.   Elements of the Claim: ..................................................................... 1

          **b.**   Summary of Key Facts: .................................................................... 1

          **c.**   Summary of Key Evidence: .............................................................. 2

    2.   Claim 2: Unfair Competition and False Designation Under the Lanham Act .................................................................................................. 2

          **a.**   Elements of the Claim: ..................................................................... 2

Summary of Key Facts: .................................................................................. 3

          **b.**   Summary of Key Evidence: .............................................................. 4

    3.   Claim 3: Violation of Common Law Unfair Competition ......................... 4

|   |   |   |
|---|---|---|
| | a. Elements of the Claim: | 4 |
| | b. Summary of Key Facts and Evidence: | 5 |
| 4. | Claim 4: Breach of Contract | 5 |
| | a. Elements of the Claim: | 5 |
| | b. Summary of Key Facts: | 6 |
| | c. Summary of Key Evidence: | 6 |
| B. | Summary of Affirmative Defenses to Plaintiff's Claims | 7 |
| 1. | Failure to State a Claim | 7 |
| 2. | Unclean Hands | 7 |
| 3. | Estoppel | 7 |
| 4. | Waiver | 8 |
| 5. | Release | 8 |
| 6. | Barred by settlement | 8 |
| 7. | Failure to mitigate | 9 |
| 8. | Any claim for injunctive relief is moot | 9 |
| 9. | Any claim for injunctive relief is barred because Plaintiff has an adequate remedy at law | 9 |
| 10. | Plaintiff's negligence, fault, or tortious conduct caused its damages | 9 |
| 11. | If Plaintiff is awarded any damages, Defendants are entitled to an offset the amount paid under the parties' settlement agreement. | 10 |
| 12. | Plaintiff may not have damages because the damages sought are not certain or foreseeable. | 10 |
| | a. Key Facts and Evidence Rebutting the Defense: | 10 |
| 13. | Punitive damages sought are not authorized by applicable law and are unconstitutional | 10 |
| 14. | Any alleged conduct of the Defendants was not malicious, willful, knowing, intentional or in bad faith." | 10 |
| | a. Elements of the Defense: | 10 |
| | b. Key Facts and Evidence Rebutting the Defense: | 11 |
| C. | Anticipated evidentiary issues | 11 |

D.  Bifurcation of issues/jury trial ............................................................................... 11
E.  Attorney fees ........................................................................................................... 11

A. CLAIMS AND DEFENSES

Athena Cosmetics, Inc. ("Athena" or "Plaintiff") has pleaded and will pursue at trial claims for (1) trademark counterfeiting and infringement; (2) unfair competition and false designation in violation of the Lanham Act; (3) unfair competition under California common law and (4) breach of contract.

### 1. Claim 1: Trademark Counterfeiting and Infringement

**a. Elements of the Claim:**

The elements of trademark counterfeiting and infringement are: 1. a valid federally registered trademark held by plaintiff; 2. Used without authorization by defendant; 3. With goods transported or offered for sale in interstate commerce (for counterfeiting) or so it is likely to cause consumer confusion, deception, or mistake (for infringement); 4. thus harming the plaintiff. 15 U.S.C. §§ 1114, 1125; *Brookfield Communs. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 n.6 (9th Cir. 1999) (trademark infringement); *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1312 (9th Cir. 1997) (counterfeiting); *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1122 (C.D. Cal. 2007) (counterfeiting).[1]

**b. Summary of Key Facts:**

Defendants have infringed and willfully infringed Plaintiff's U.S. trademark registrations No. 3,246,814, which issued May 29, 2007, for the mark REVITALASH®, No. 3,526,373, which issued November 4, 2008, for the mark ATHENA AND DESIGN®, No. 3,413,360, which issued April 15, 2008, for the mark ATHENA COSMETICS®, No. 5,633,064, which issued December 18, 2018, for the

---

[1] The Lanham Act defines a counterfeit as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. "Unloading and transporting counterfeit cargo is 'use in commerce,' as required by the Lanham Act." *Philip Morris USA*, 489 F. Supp. 2d at 1122. Trademark counterfeiting and infringement are strict liability offenses; willfulness and intent are relevant only to assessing the egregiousness of the activity for the purpose of awarding trebled damages or, in the alternative, awarding maximum statutory damages. *Id.*; *see also* 15 U.S.C. § 1117.

mark ETERNALLY PINK®, No. 4,501,304, which issued March 25, 2014, for the mark REVITALASH ADVANCED®, No. 5,871,804, for the mark RL REVITALASH COSMETICS®, which issued October 1, 2019, No. 3,588,423 for the mark REVITABROW®, which issued March 10, 2009, and No. 3,588,423 for the mark REVITABROW ADVANCED®, which issued March 25, 2014 (all the foregoing eight (8) U.S. Trademark Registrations called the "Athena Trademarks"), in violation of the Lanham Act, 15 U.S.C. § 1114 (1)(A), with such infringement constituting counterfeiting under 15 U.S.C. § 1117(B).

      c. **Summary of Key Evidence:**

Athena anticipates using this evidence to prove its counterfeiting claims:

- Witness Christina Felix: History, reputation, goodwill, investment, advertising, press, world-renowned fame
- Witness Christina Felix: Testimony regarding counterfeit products purchased from brushexpress.com
- Witness Christina Felix: Testimony regarding authentic versus counterfeit products
- Counterfeit products purchased from Defendants
- Authentic versions of counterfeit products sold by Defendants
- Business records of Athena regarding purchases of counterfeit goods
- Counterfeit products purchased from other suppliers identical to the counterfeit products sold by Defendants
- Copies of Registrations from the USPTO

  **2. Claim 2: Unfair Competition and False Designation Under the Lanham Act**

      a. **Elements of the Claim:**

The elements of unfair competition and false designation under the Lanham Act are: **1.** use of Athena's Trademark(s), or use of "any word, term, name, symbol,

or device . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact"; **2.** in a manner that is likely to cause confusion, deception or mistake as to "the origin, sponsorship, or approval" of any "goods, services or commercial activities" of a party, or as to an "affiliation, connection, or association" between the parties, where such affiliation did not exist; **3.** thus harming the plaintiff. 15 U.S.C. § 1125(a); *see also Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988).[2]

**Summary of Key Facts:**

Defendants knowingly sold counterfeit cosmetic products with Athena trademarks. Specifically, through websites BrushExpress.com, eBay.com, Walmart.com and other ecommerce platforms, Defendant's sold counterfeit REVITALASH® goods that also displayed the other Athena Trademarks. Plaintiff routinely purchases products online bearing its trademarks for quality control. Upon purchasing REVITALASH products from Defendants and their customers, plaintiff discovered Defendant was selling counterfeit goods. All counterfeit goods Defendants sold contained the same counterfeit features, including: the same fake "lot number" imprinted on each counterfeit product, noncommercial-grade "scotch-tape" product wrapping, unusual font and textures on the product packaging, the wrong "blue" colors, and improperly sized non-English instruction manuals that other counterfeiters sold or offered for sale.

---

[2] Where a defendant uses an exact copy of plaintiff's trademark without authorization in connection with the same goods or services, likelihood of confusion and thus liability follows as a matter of course. *Brookfield Communs.*, 174 F.3d at 1056. Whether other conduct is likely to cause confusion, to deceive, or cause mistake is analyzed based on the *Sleekcraft* factors, including: (1) the strength of the mark; (2) the proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) the marketing channels used; (6) the type of goods and the degree of care likely to be exercised by the purchaser; and (7) defendant's intent. *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).

### b. Summary of Key Evidence:

- Witness Christina Felix: History, reputation, goodwill, investment, advertising, press, world-renowned fame
- Witness Christina Felix: Testimony regarding counterfeit products purchased from brushexpress.com
- Witness Christina Felix: Testimony regarding authentic versus counterfeit products
- Counterfeit products purchased from Defendants
- Authentic versions of counterfeit products sold by Defendants
- Business records of Athena regarding purchases of counterfeit goods
- Counterfeit products purchased from other suppliers identical to the counterfeit products sold by Defendants
- Copies of Registrations from the USPTO

### 3. Claim 3: Violation of Common Law Unfair Competition

#### a. Elements of the Claim:

To prevail on its common law unfair competition claim, Plaintiff must prove that: Defendant tried to pass off false goods as those of Plaintiff, or as somehow related or associated with, or sponsored or endorsed by Plaintiff. See, e.g., *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1263 (1992). California's unfair competition law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising …" Cal. Bus. & Prof. Code § 17200. **1.** "Proof of trademark infringement under the Lanham Act independently constitutes unfair competition under California law." *Philip Morris*, 489 F. Supp. 2d at 1123. A claim for violation of the UCL may be brought by any "person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Trademark counterfeiting and infringement

deprive the plaintiff of an intangible property right and satisfies this standard. *Philip Morris*, 489 F. Supp. 2d at 1123; *see Hall v. Time Inc.*, 158 Cal. App. 4th 847, 853 (2008) ("An injury in fact is '[a]n actual or imminent invasion of a legally protected interest, in contrast to an invasion that is conjectural or hypothetical.'"; a plaintiff has "lost money or property" where it "expended money due to the defendant's acts of unfair competition"); *Solid Host, NL v. Namecheap, Inc.*, NO. 08- CV-5414 MMM (Ex), 2009 U.S. Dist. LEXIS 63423, at *85 & n. 65 (C.D. Cal. May 19, 2009) ("cyber-squatting" causes injury-in-fact and lost property to support a UCL claim).

### b. Summary of Key Facts and Evidence:

Athena's claims under the UCL are substantially congruent with its Lanham Act claim and will be supported by the same facts and testimony. *New West Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1204 (9th Cir. 1979).

### 4. Claim 4: Breach of Contract

#### a. Elements of the Claim:

Athena's claim for breach of contract requires that 1. The parties entered into a contract, 2. Athena performed under the contract, except for those obligations it was prevented or excused from performing due to Defendant's breach, 3. Defendant agreed to, stop marketing, offering for sale, advertising, displaying, promoting any goods or products with the Athena Cosmetics Marks, ship its remaining inventory of any goods or products to Athena, disclose the name and contact information of all of its suppliers and customers, and pay a nominal amount of money, 4. Defendants failed to do something that the contract required it to do [or] Defendants did something the contract prohibited it from doing, 5. Plaintiff was harmed, and 6. Defendants breach of contract was a substantial factor is causing Athena's harm. Cal. Civil Jury Instructions ("CACI") No. 303 (2020).

### b. Summary of Key Facts:

AMN entered into an April 29-30, 2020, agreement with Athena for AMN to provide Schedules 1 and 2 that contain "full and complete contact information and the amount of product purchased from each seller and sold to each customer. Schedules 1 and 2 are incomplete, inaccurate and provide suppliers' and customers' usernames instead of their full and complete contact information.

Under the agreement, Defendants agreed they and their related persons would be "permanently enjoined and restrained from ever: purchasing, buying, obtaining, procuring, manufacturing, warehousing, producing, importing, distributing. circulating, selling, delivering, marketing, offering for sale, advertising, promoting, displaying or otherwise using any goods or products with the Athena Cosmetics Mark …" Defendants continued to do the acts from which they agreed to be restrained. Even now, posts to various ecommerce platforms such as Walmart and eBay still have advertisements for REVITALASH that use Athena trademarks on them.

In exchange for correct information from AMN and the ceasing of infringement and counterfeiting, Athena relinquished the ability to obtain substantial actual and statutory damages from Defendants

### c. Summary of Key Evidence:

- A copy of the executed contracts with Schedules 1 and 2 showing Defendants violated terms of settlement agreement and provide identity and contact information of who supplied them with counterfeit goods.
- Business Records of Walmart Showing Defendant's Sales Listings of Athena's goods after the agreement effective date, in breach.
- Business records of Walmart
- Business records of PayPal
- Business records of eBay

- Deposition testimony of document custodians of PayPal, eBay and Walmart authenticating their companies' business records.

B. **SUMMARY OF AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLAIMS**

### 1. Failure to State a Claim

"Failure to state a claim is not an affirmative defense. *See Elliot v. Mission Tr. Servs.,* LLC, 104 F. Supp. 3d 931, 936 n.3 (N.D. Ill. 2015) ("Technically, failure to state a claim is not a defense, although often erroneously pleaded as such as a matter of course."); *see also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (distinguishing between Rule 12(b)(6) motions and affirmative defenses).

Athena has pled its causes of action with particularity. Defendant even filed a summary judgment motion against the merits of the claim. This affirmative defense is meritless.

### 2. Unclean Hands

"To prevail on an unclean hands defense, 'the defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims.'" *Brother Records v. Jardine*, 318 F.3d 900, 909 (9th Cir. 2003).

Defendants produced no evidence supporting an unclean hand defense. Athena endeavored to protect consumers by getting counterfeit product off the market as quickly and cost effectively as possible. Athena offered defendants the ability to settle by providing accurate and full contact information of their consumers and suppliers and to cease dealing in counterfeit Athena good. Defendant did none of these things.

### 3. Estoppel

"The traditional elements of equitable estoppel are: "(1) the party to be estopped knows the facts; (2) the party intends that his or her conduct will be acted on;

(3) the claimant must be ignorant of the true facts; (4) and the claimant must detrimentally rely on the other party's conduct." *Salgado-Diaz v. Ashcroft*, 395 F.3d 1158, 1166 (9th Cir. 2005).

Athena contracted with defendant believing that defendant would truthfully reveal all of its suppliers and sellers of counterfeit Athena product. Instead, Athena received almost nothing it bargained for and was forced to proceed with this lawsuit.

### 4. Waiver

The implied waiver doctrine provides that where a plaintiff, despite knowledge of a breach, "enters into a new contract with the defendant regarding the same subject matter that supersedes the former agreement and confers upon [it] significant benefits," it has waived any claim based on the prior contract. *Oakland Raiders v. Oakland-Alameda Cty. Coliseum, Inc.*, 144 Cal. App. 4th 1175, 1185 (2006); *see Schmidt v. Mesmer*, 116 Cal. 267, 270-71 (1897); *A.B.C. Distrib. Co. v. Distillers Distrib. Corp.*, 154 Cal. App. 2d 175, 187 (1957).

Athena contracted with defendants, there was no subsequent contract or agreement. And defendant failed to tender specific performance to the original contract.

### 5. Release

The release in the settlement agreement is not a bar to this suit because defendant never discharged its duty under the contract. It provided no full, accurate list of their suppliers and customers and their contact information and continued infringing, selling, advertising and purchasing REVITALASH products and counterfeits.

### 6. Barred by settlement

To be barred by a settlement, defendants had to perform under the terms of the contract without an omission of any of its essential parts. *Connell v. Higgins,* 170 Cal. 541, 556 (1915). AMN's schedules in the settlement agreement satisfy none of its obligations and its continued selling, buying, advertising and offering for sale violating its promises in the settlement agreement bar their reliance of this defense.

### 7. Failure to mitigate

To rely on this defense, Defendant must prove Athena a duty to mitigate damages and cannot recover losses it could have avoided through reasonable efforts. *Thrifty-Tel, Inc. v. Bezenek* 46 Cal. App. 4th 1559, 1568 (1996). Defendants prevented all mitigation by withholding information and continuing to infringe and sell, buy, advertise and offer for sale counterfeit Athena products.

### 8. Any claim for injunctive relief is moot.

Defendant still are withholding information and continuing to infringe and sell, buy, advertise and offer for sale counterfeit Athena products. An injunction is not moot.

### 9. Any claim for injunctive relief is barred because Plaintiff has an adequate remedy at law.

Defendants produced no evidence about an adequate remedy at law. "A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction or upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order." 15 U.S.C. § 1116(a).

### 10. Plaintiff's negligence, fault, or tortious conduct caused its damages.

" "[T]he existence of a duty is a question of law for the court." (*Ky. Fried Chicken of Cal. v. Superior Court* 14 Cal.4th 814, 819 (1997). "The elements of a cause of action for negligence are "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo* 12 Cal.4th 913, 917 (1996)
Key Facts and Evidence Rebutting the Defense: Plaintiff acted promptly when defendant breached its agreement.

**11. If Plaintiff is awarded any damages, Defendants are entitled to an offset the amount paid under the parties' settlement agreement.**

"In the absence of any other allocation … the percentage of economic damages reflected in the jury verdict [should] be applied to determine the percentage of the settlements to be offset." *Ehret v. Congoleum Corp.*, 73 Cal. App. 4th 1308, 1320 (citation omitted).

**12. Plaintiff may not have damages because the damages sought are not certain or foreseeable.**

"[E]ven a dispute as to the amount of damages does not necessarily prevent those damages from being made certain by calculation "where the amount of recovery closely approximated plaintiff's claims." *Leff v. Gunter*, 33 Cal. 3d 508, 519 (1983)

    **a. Key Facts and Evidence Rebutting the Defense:**

The settlement agreement signed by the parties show that the terms were certain. Additionally some of Athena's damages are mandated by statute, and an accounting of counterfeit product sold may also be used to calculate damages.

**13. Punitive damages sought are not authorized by applicable law and are unconstitutional**

15 U.S.C. § 1117 allows courts to enter a judgment for amounts above actual damages and above actual profits. Plaintiff will show that Defendant willfully counterfeited the Athena Trademarks.

**14. Any alleged conduct of the Defendants was not malicious, willful, knowing, intentional or in bad faith."**

    **a. Elements of the Defense:**

To determine whether the interests of justice support an award of defendant's profits, the court may consider evidence of willfulness and bad faith by defendant *Wildlife Research Ctr., Inc. v. Robinson Outdoors, Inc.*, 409 F. Supp. 2d 1131, 1135 (D. Minn. 2005).

### b. Key Facts and Evidence Rebutting the Defense:

Athena intends on showing screenshots and sales data obtained from third parties showing that Defendant continued to sell and advertise counterfeit REVITALASH products after the settlement agreement.

### C. ANTICIPATED EVIDENTIARY ISSUES

Athena anticipates opposing any attempt by defendants to introduce witnesses, documents, or other evidence they opposed producing during discovery.

### D. BIFURCATION OF ISSUES/JURY TRIAL

The Court already ordered bifurcation of the breach of contract claim from the other claims. All claims and affirmative defenses pose jury questions.

### E. ATTORNEY FEES

Athena intends on seeking attorney fees.

October 18, 2021

/s/ *Marina Lang*
Marina Lang
SoCal IP Law Group LLP

Attorneys for Defendant and Counter-claimant Athena Cosmetics, Inc.