1  DAVID C. VOSS, JR. (State Bar No. 147330)
2  david@vsbllp.com
   VOSS, SILVERMAN & BRAYBROOKE LLP
3  4640 Admiralty Way, Suite 800
   Marina Del Rey, California 90292-6602
4  T: (310) 306-0515/ F: (310) 306-5368

5
6  Attorneys for Defendants Moishe Newman
   and AMN Distribution, Inc.
7

8         UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA

10                WESTERN DIVISION

11

12  ATHENA COSMETICS, INC.,          Case No. 2:20-cv-05526-SVW-SHK

13              Plaintiff            **DEFENDANTS MEMORANDUM OF**
                                     **CONTENTIONS OF FACT AND LAW**
14                                   **(L.R. 16-4)**

15         v.

16  AMN DISTRIBUTION, INC., MOISHE   **PRE-TRIAL CONFERENCE**
    NEWMAN, an individual d/b/a BRUSH
17  EXPRESS, and DOES 1-10, INCLUSIVE,  Date: November 8, 2021
18              Defendants           Time: 3:00 p.m.
                                     Place: Courtroom 10A
19                                          First Street Courthouse
20                                          350 W. 1st Street, 10th Floor,
21                                          Los Angeles, California 90012

22

23

24

25

26

27

28

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# TABLE OF CONTENTS

I.   THE PARTIES' CLAIMS AND DEFENSES ............................................................1

A.   *Plaintiff's Sixth Claim For Relief:  Breach of Contract*...............................1

   1.   Summary of claim .................................................................................1

   2.   Elements required to establish Plaintiff's claim..................................2

   3.   Defendants' evidence in opposition to Plaintiff's claim .....................3

   4.   Defendant's affirmative defenses to claim..........................................5

   5.   Elements required to establish affirmative defenses and supporting evidence ......5

   6.   Evidentiary Issues ...............................................................................6

   7.   Issues of law and defendants' position with respect to same ...............8

B.   *Plaintiff's First Claim For Relief: "Trademark Counterfeiting [15 U.S.C. § 1117(B)]"*..........................................................................................8

   1.   Summary of claim .................................................................................8

   2.   Elements required to establish Plaintiff's claim..................................8

   3.   Defendants' evidence in opposition to Plaintiff's claim ...................10

   4.   Defendant's affirmative defenses to claim........................................11

   5.   Elements required to establish affirmative defenses and supporting evidence ....11

   6.   Evidentiary Issues .............................................................................12

   7.   Issues of law and defendants' position with respect to same .............14

C.   *Plaintiff's Second Claim For Relief: "Trademark Infringement [15 U.S.C. § 1114)]"*.........................................................................................14

   1.   Summary of claim ...............................................................................14

   2.   Elements required to establish Plaintiff's claim................................15

   3.   Defendants' evidence in opposition to Plaintiff's claim ...................15

   4.   Defendant's affirmative defenses to claim........................................15

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

5.   Elements required to establish affirmative defenses and supporting evidence ....15

6.   Evidentiary Issues...............................................................................15

7.   Issues of law and defendants' position with respect to same ..............................15

D.   *Plaintiff's Third Claim For Relief: "Contributory Trademark Counterfeiting and Infringement [15 U.S.C. § 1114]"* ...............................................................15

1.   Summary of claim ...............................................................................15

2.   Elements required to establish Plaintiff's claim....................................................16

3.   Defendants' evidence in opposition to Plaintiff's claim ..............................17

4.   Defendant's affirmative defenses to claim .......................................................18

5.   Elements required to establish affirmative defenses and supporting evidence ....18

6.   Evidentiary Issues...............................................................................18

7.   Issues of law and defendants' position with respect to same ..............................18

E.   *Plaintiff's Fourth Claim For Relief: "False Designation of Origin, False Description and False Advertising [15 U.S.C. § 1125(a)]"* ...............................................18

1.   Summary of claim ...............................................................................18

2.   Elements required to establish Plaintiff's claim....................................................19

3.   Defendants' evidence in opposition to Plaintiff's claim ..............................20

4.   Defendant's affirmative defenses to claim .......................................................20

5.   Elements required to establish affirmative defenses and supporting evidence ....20

6.   Evidentiary Issues...............................................................................20

7.   Issues of law and defendants' position with respect to same ..............................20

F.   *Plaintiff's Fifth Claim For Relief:   "Common Law Unfair Competition," Under State Law* ...............................................................................................21

1.   Summary of claim ...............................................................................21

2.   Elements required to establish Plaintiff's claim....................................................21

3.   Defendants' evidence in opposition to Plaintiff's claim ..............................21

4.   Defendant's affirmative defenses to claim ........................................22

5.   Elements required to establish affirmative defenses and supporting evidence ....22

6.   Evidentiary Issues ..............................................................................22

7.   Issues of law and defendants' position with respect to same ..............22

II.   BIFURCATION OF ISSUES ......................................................................22

III.   JURY TRIAL ..............................................................................................23

IV.   ATTORNEY'S FEES ..................................................................................23

V.   ABANDONMENT OF ISSUES ..................................................................23

# TABLE OF AUTHORITIES

## Cases

*Bank of the W. v. Superior Ct.*, 2 Cal. 4th 1254, 1263 (1992)..........................21

*Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994). ........................21

*Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021)............................6, 13

*Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 165 F. Supp. 3d 937, 949 (S.D. Cal. 2016) ........................................................................................................19

*Romag Fasteners, Inc v. Fossil, Inc.*, 140 S. Ct. 1492, 1495, 206 L. Ed. 2d 672 (2020).10

*Silver State Broad., LLC v. Bergner*, 705 F. App'x 640, 641 (9th Cir. 2017)..............7, 13

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-1106 (9th Cir. 2001 ........................................................................................................7, 13

## Statutes

15 U.S.C. § 1117(a)......................................................................................14

15 U.S.C. § 1117(b)......................................................................................10

15 U.S.C. § 1117(c)...................................................................................10, 14

*Romag Fasteners, Inc v. Fossil, Inc.*, 140 S. Ct. 1492 at 1495 ......................................10

## Other Authorities

CACI No. 303 ("Breach of Contract – Essential Factual Elements").........................2, 6

CACI No. 351 ("Special Damages")...................................................................3

CACI No. 352 ("Loss of Profits – No Profits Earned")........................................3, 6

CACI No. 353 ("Loss of Profits – Some Profits Earned"),.....................................3, 6

CACI No. 358 ("Mitigation of Damages"). .........................................................5

Ninth Circuit Manual of Model Civil Jury Instructions § 15.11 (2017) .........................9

Ninth Circuit Manual of Model Civil Jury Instructions § 15.20 (2017) .......................17

Ninth Circuit Manual of Model Civil Jury Instructions § 15.26 (2017). .........................9

Ninth Circuit Manual of Model Civil Jury Instructions § 15.27 (2017). .........................9

Ninth Circuit Manual of Model Civil Jury Instructions § 15.29 (2017). ..........................9

Ninth Circuit Manual of Model Civil Jury Instructions § 5.3 (2017) .............................12

Ninth Circuit Manual of Model Civil Jury Instructions §15.21 (2017) ..........................16

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" and collectively, "Defendants") hereby submit their contentions of fact and law pursuant to Local Rule 16.4.

Defendants' counsel repeatedly attempted to meet and confer with counsel for plaintiff Athena Cosmetics, Inc. ("Athena" or "Plaintiff") in advance of the pre-trial conference to discuss the items set forth in Local Rule 16-2. During the first attempt, Plaintiff's counsel behaved unprofessionally and used profanity. Consequently, Defendant's counsel provided a draft of the information required under Local Rule 16-2 to Plaintiff's counsel in an e-mail dated September 29, 2021. Despite repeated requests by Defendants' counsel, Athena's counsel then refused to participate in the process and discuss, provide and/or exchange the information specified in Local Rule 16-2. Thus, Defendants have had to prepare the attached list without knowledge of, among other things: (1) the claims that Plaintiff intends to pursue; (2) Plaintiff's contentions of law and fact with respect to the same; (3) facts to which Plaintiff will stipulate; (4) witnesses that Plaintiff intends to call at trial; and (5) exhibits that Plaintiff intends to introduce at trial.

As a result of the foregoing, Defendants reserve the right to amend or supplement this memorandum and also respond in their trial brief to any matters set forth in any contentions of fact and law filed by Plaintiff.

## DEFENDANTS' CONTENTIONS OF LAW AND FACT

### I.   THE PARTIES' CLAIMS AND DEFENSES

#### A.   *Plaintiff's Sixth Claim For Relief:  Breach of Contract*[1]

##### 1.   Summary of claim

Plaintiff alleges that Defendants breached a settlement agreement executed by Plaintiff and Defendants on April 29 and 30, 2020 (the "Settlement Agreement").

---

[1] This Court issued an order on April 1, 2021 bifurcating the jury trial into two phases, with the "first phase to address Plaintiff's breach of contract claim," i.e., the Sixth Claim. (Dkt. 74.)  Accordingly, Defendants have addressed Plaintiff's Sixth Claim for relief first.

Specifically, Plaintiff alleges that: (a) "AMN breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers;" [FAC (Dkt. 73), ¶ 91]; and (b) both "Defendants breached the settlement agreement by continuing to sell Athena counterfeit goods"  after the effective date of the Settlement Agreement. [FAC (Dkt. 73), ¶ 92].  ***Plaintiff has not alleged any other breaches of the Settlement Agreement***.

### 2.    Elements required to establish Plaintiff's claim

In order to recover damages from a Defendant for breach of contract, Plaintiff must prove all of the following *with respect to that* Defendant:

1.    That Plaintiff and Defendants entered into a contract;

2.    That Plaintiff did all, or substantially all, of the significant things that the contract required it to do;

3.    That all conditions required by the contract for Defendants' performance occurred;

4.    That Defendants failed to do something that the contract required each of them to do;

5.    That Plaintiff was harmed; and

6.    That Defendants' breach of contract was a substantial factor in causing Plaintiff's harm.

*See* CACI No. 303 ("Breach of Contract – Essential Factual Elements") Judicial Council of California Civil Jury Instructions (2021 edition).

***Additional Elements of Proof Relating to Contract Damages***

- To recover damages for breach of contract, Plaintiff "must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract." Plaintiff must also prove the amount of such damages, although it need not prove the exact amount.  *See* CACI No. 350 ("Introduction to Contract Damages") Judicial Council of California Civil Jury Instructions (2021 edition).

2

- To the extent that Plaintiff seeks special damages resulting from the continued sales of counterfeit goods by third parties as a result of the alleged non-disclosures or omissions by AMN. To recover for this harm, Plaintiff must prove that when the parties made the contract, AMN knew or reasonably should have known of the special circumstances leading to the harm. *See* CACI No. 351 ("Special Damages") Judicial Council of California Civil Jury Instructions (2021 edition). Plaintiff must also prove the existence of such counterfeit sales and, per the above, also establish that Defendants' purported breach was a "substantial factor" in causing such damages.

- To the extent that Plaintiff is seeking damages in the form of lost profits it must also prove, in addition to the above, that "it is reasonably certain" that it "would have earned profits but for Defendants' breach of contract." Plaintiff must also prove that there is "a reasonable basis for computing the loss." *See* CACI No. 352 ("Loss of Profits – No Profits Earned"), CACI No. 353 ("Loss of Profits – Some Profits Earned"), Judicial Council of California Civil Jury Instructions (2021 edition).

### 3.   <u>Defendants' evidence in opposition to Plaintiff's claim</u>

Defendants are at a disadvantage and have been handicapped in their trial preparation because of Plaintiff's failure to comply with Local Rule 16.2, including their identification of their contentions of fact and law. In addition, Plaintiff failed to present evidence of even *a single post-settlement settlement sale of counterfeit goods* in opposition to Defendants' motion for summary judgment. Consequently, Defendants intend to focus at trial on the *absence of evidence* in support of Plaintiff's allegations and the falsity of those allegations.

In addition to pointing to the absence of such evidence, Defendants intend to introduce evidence – some of which was obtained by Plaintiff's itself from third parties – which demonstrate that Defendants did not engage in the post-settlement sale of

Athena counterfeit goods and that AMN's disclosures were not incomplete or inaccurate. This evidence includes:

(1) testimony by defendant Newman, who is also the Chief Executive Officer of AMN, that neither AMN nor Newman himself breached their obligations under the Settlement Agreement;

(2) the Settlement Agreement itself and attachments thereto, which include the disclosures that Plaintiff alleges are inaccurate;

(3) communications and other evidence identified in Defendants' Exhibit List that demonstrate that the disclosures attached to the Settlement Agreement are accurate, including, but not limited to, relevant online searches demonstrating that certain of the suppliers had changed their names and a communication from an entity known as LinkAmerika II confirming that it was in fact the source of some of the product acquired by AMN, and order fulfillment records produced by Defendants;

(4) communications between Plaintiff's trial counsel, Marina Lang, and Defendants' prior counsel, demonstrating that Plaintiff brought this action against Defendants as a pretext for obtaining documents and additional information *to which Plaintiff was not entitled under the terms of the Settlement;*

(5) if necessary, testimony from Ms. Lang regarding the foregoing communications, the lack of evidence in support of Plaintiff's claims, and the *substantive discussion of facts* in her declaration in opposition to Defendants' motion for summary judgment[2];

(6) anticipated testimony from other representatives of Plaintiff, including but not limited to Athena employees Christina Felix and Dave Hooper regarding the lack of

---

[2] Although Defendants recognize that it is unusual to call the opposing party's trial counsel to the stand and prefer to do so only if necessary, this is a highly unusual case *in which the only evidence* introduced in opposition to Defendants' motion for summary judgment was in the form of a declaration from Plaintiff's counsel, Ms. Lang, *as to actual substantive facts underlying Plaintiff's claims.* Plaintiff's counsel did not submit a *single* declaration from Athena in opposition to the summary judgment motion. Consequently, Plaintiff has forced Defendants' hand on this issue.

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

evidence in support of Plaintiff's claims, Athena's lack of damages, Athena's failure to mitigate any damages, and Athena's inability to attribute any breach of contract by Defendants' as a "substantial factor" in causing Athena harm; and

(7)   Plaintiffs' written discovery responses and Rule 26 disclosures in which Plaintiff, among other things, failed to identify facts, witnesses and documents in support of their claims, including the required computation of damages and supporting documents.

### 4.   Defendant's affirmative defenses to claim

Defendants' affirmative defenses to Plaintiff's contract claim include: (a) failure to mitigate damages [Defendants' 7th Affirmative Defense]; (b) offset [Defendants' 11th Affirmative]; (c) damages not certain or [Defendants' 12th Affirmative Defense]; Defense]; (d) damages caused by others/comparative fault [Defendants' 10th Affirmative Defense.

### 5.   Elements required to establish affirmative defenses and supporting evidence

*Failure to Mitigate Damages*:

The Plaintiff "is not entitled to recover damages for harm that [Defendants] prove could have avoided with reasonable efforts or expenditures." *See* CACI No. 358 ("Mitigation of Damages"). Judicial Council of California Civil Jury Instructions (2021 edition). Defendants anticipated presenting testimony from Athena's own witnesses establishing their failure to take steps to mitigate damages.

*Offset*:

To the extent that Plaintiff is awarded any damages for the alleged breach of the Settlement Agreement, Defendants are entitled to an offset of the $25,000 paid by them to Plaintiff pursuant to the terms of the Settlement Agreement. Plaintiff has not alleged that Defendants failed to make the $25,000 payment or otherwise disputed the same and Defendants will introduce proof of payment, if necessary, at trial.

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

*Damages Not Certain*:

Although Defendants have included this in their answer as an affirmative defense, **it is Plaintiff's burden, as part of its case in chief with respect to its contract claim,** to prove with respect to any claimed lost profits that: (a) "it is reasonably certain" that Plaintiff "would have earned profits but for Defendants' breach of contract; and (b) there is "a reasonable basis for computing the loss." *See* CACI Nos. 352, 353 discussed *supra*.

*Damages Caused by Others/Comparative fault*:

Defendants asserted this affirmative defense generally to Plaintiff's complaint. With respect to Plaintiff's contract claim, however, *Plaintiff must prove* **as part of its case in chief** *that Defendants' breach of contract was a "substantial factor" in causing the harm claimed by Plaintiff.* *See* CACI No. 303 discussed *supra*. Defendants contend that Plaintiff lack evidence to establish the foregoing. Defendants further contend it is **Plaintiff's burden** to establish **as part of its case in chief** that Defendants are somehow legally responsible for counterfeit sales by third parties that purportedly took place after the execution of the Settlement Agreement as a matter of law and fact.

### 6. **Evidentiary Issues**

**Damages**

Defendants object to and seek an order excluding all evidence of Plaintiff's damages and prohibiting Plaintiff (and any witness or person under its control) from introducing, mentioning or presenting any evidence, testimony, or argument with respect to damages on any of Plaintiff's claims at all phases of the trial of this matter as a result of Plaintiff's repeated and failure to provide *any* of the damages disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii). Such exclusion is an "automatic" sanction under Federal Rule of Civil Procedure 37(c)(1) unless Plaintiff can overcome its burden of proving that its discovery violation was either substantially justified or harmless. *See generally, Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (affirming exclusion of "case dispositive" expert witness who was not properly

disclosed under Rule 26(a)(2)); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-1106 (9th Cir. 2001) (affirming exclusion of defendant's damages expert for failure to properly report under Rule 26(a)); *Silver State Broad., LLC v. Bergner*, 705 F. App'x 640, 641 (9th Cir. 2017) (affirming order granting motion in limine excluding damages as a sanction for violating Rule 26(a)(1)(A)(iii)).

Given the rapidly approaching trial date and Plaintiff's repeated failure to make the required disclosures, Plaintiff cannot meet its burden of establishing that its failure to comply with its initial disclosure obligations was substantially justified or is harmless. In fact, Plaintiff has been steadfast in its refusal to provide the required information despite three disclosures, the most recent of which is dated May 11, 2021. Plaintiff has also failed to come forward with any evidence of damages with respect to its contract claim – or any claim for that matter– in opposition to Defendants' motion for summary judgment and failed to disclose its damages or identify documents relating to the same in response to written interrogatories regarding its contract claim. Defendants are prepared to provide separate briefing on this matter in the form of a formal motion in limine if so desired by this Court.

### Other Evidentiary Issues

Plaintiff's failure to cooperate in the Rule 16 process has made it difficult, if not impossible, to discuss evidentiary issues. Consequently, Defendants object to any exhibit list submitted by Plaintiff and all exhibits listed on the same. Defendants further reserve their right to assert all objections to such evidence. To the extent that Plaintiff intends to rely, at trial, on any of the evidence it submitted in opposition to Defendants' motion for summary judgment, Defendants assert the same objections identified in their "Evidentiary Objections to Materials Submitted by Plaintiff to Motion for Summary Judgment" (Dkt. 116), which is attached to Defendants' Exhibit list filed concurrently herewith and incorporated by this reference.

### 7.   Issues of law and defendants' position with respect to same

Because Plaintiff failed to cooperate in the Rule 16-2 process, Defendants do not know what additional issues of law exist with respect to Plaintiff's contract claim. Defendants reserve the right to supplement their discussion with respect to the same. Defendants have also discussed the contract claim in detail in their motion for summary judgment and reply brief in support thereof.  (Dkts. 97 and 115).

### B.   *Plaintiff's First Claim For Relief: "Trademark Counterfeiting [15 U.S.C. § 1117(B)]"*

#### 1.   Summary of claim

Plaintiff has failed to specify which of the numerous factual and legal theories it intends to pursue with respect to this claim.  To add to the confusion, 15 U.S.C. section 1117(B) is a remedy for other violations and not a claim for relief in and of itself.  It appears that the Plaintiff is attempting to plead and prove a violation of 15 U.S.C. section 1114, although Plaintiff does not allege under which specific subsection it is proceeding.  Plaintiff's First Amended Complaint, Dkt. 73 ("FAC"), ¶ 42.

Plaintiff alleges, among other things, that "Defendants' liability stems from their manufacture, purchase, importation, sale and distribution of counterfeit Athena cosmetics bearing Athena's federally registered Athena Trademarks."  FAC, ¶ 25.  Despite the foregoing allegation, Plaintiff has only identified  one purported instance of trademark infringement by Defendants:  the single sale of alleged counterfeit Athena products to Plaintiff  in November of 2019 prior to the execution of the parties' Settlement Agreement.  FAC, ¶ 26.

#### 2.   Elements required to establish Plaintiff's claim

In order to prevail on a claim for trademark infringement against a Defendant, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence *as to that Defendant*:

1.   The "Athena Trademarks" are valid, protectable trademarks;

2.   Plaintiff owns the "Athena Trademarks"; and

8

3.      The Defendant used the "Athena Trademarks" without the consent of the Plaintiff in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 15.11 (2017).

### ***Additional Elements of Proof Relating to Damages***

- To recover damages against a Defendant, the Plaintiff has the burden of proving by a preponderance of the evidence that the Defendant had either statutory or actual notice that the plaintiff's the trademark was registered. *See* Ninth Circuit Manual of Model Civil Jury Instructions § 15.26 (2017).

- The Plaintiff has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the Plaintiff for damages caused by the Defendant's infringement of the plaintiff's registered trademark in light of the factors set forth in the applicable jury instruction.  *See* Ninth Circuit Manual of Model Civil Jury Instructions § 15.27 (2017).

- If Plaintiff seeks and is otherwise entitled to damages in the form of profits earned by a Defendant "that are attributable to the infringement," Plaintiff bears the burden of proving by a preponderance of evidence Defendant's gross revenue relating to the infringement.  The Defendant then "has the burden of proving the expenses and the portion of the profit attributable to factors other than use of the infringed trademark by a preponderance of the evidence."  This award of damages may not include any amount that taken "into account in determining actual damages."

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 15.29 (2017).

- Any award of treble profits damages under 15 U.S.C. section 1117(b) requires that Plaintiff prove, among other things, that the Defendant acted "*intentionally* and with specified *knowledge*."

9

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

*Romag Fasteners, Inc v. Fossil, Inc*., 140 S. Ct. 1492, 1495, 206 L. Ed. 2d 672
(2020).  *See also* 15 U.S.C. § 1117(b).

- To the extent that Plaintiff elects to receive statutory damages for infringement
  under 15 U.S.C. section 1117(c) and otherwise proves all other elements entitling
  it to the same, such damages are capped between $1,000 and $200,000 absent a
  showing of willfulness.

*Romag Fasteners, Inc v. Fossil, Inc*., 140 S. Ct. 1492 at 1495.  *See also* 15 U.S.C. §
1117(c).

### 3.　　Defendants' evidence in opposition to Plaintiff's claim

As is the case with Plaintiff's contract claim, Defendants intend to focuses on the
*absence of evidence* in support of Plaintiff's claims. AMN does not dispute that it sold
Athena products to various customers as set forth in Schedule 2 of the Settlement
Agreement.  Neither AMN nor Newman knew that any of the products were counterfeit.
In addition, Plaintiff has only identified a single purported sale of a counterfeit Athena
products, which allegedly took place in November of 2019 prior to the execution of the
parties' Settlement Agreement.  Plaintiff has not presented Defendants with any actual
evidence that this transaction involved the sale of a counterfeit goods.  Moreover,
Plaintiff has failed to provide Defendants with any evidence of any post-settlement sales
of any Athena goods by Defendants – let alone the sale of any other *counterfeit* goods
before or after the execution of the Settlement Agreement.

Defendants dispute all other factual allegations made by Plaintiff with respect to
this claim.  Defendants presently intend to negate Plaintiff's factual allegations with the
following evidence:

(1) testimony by defendant Newman, who is also the Chief Executive Officer of
AMN negating the elements of Plaintiff's claims and factors such as willfulness, intent,
knowledge, extenuating circumstance and/or other applicable facts;

(2) the Settlement Agreement itself and attachments thereto;

(3) communications and other evidence identified in Defendants' Exhibit List that demonstrate that the disclosures attached to the Settlement Agreement are accurate; and

(4) Plaintiffs' written discovery responses and Rule 26 disclosures.

### 4.    Defendant's affirmative defenses to claim

Defendants' affirmative defenses to Plaintiff's contract claim include: (a) waiver [Defendants' 4th Affirmative Defense]; (b) release [Defendants' 5th Affirmative Defense]; (c) claims barred by settlement agreement [Defendants' 6th Affirmative Defense]; (d) offset [Defendants' 11th Affirmative Defense]; and (e) failure to mitigate damages [Defendants' 7th Affirmative Defense].

### 5.    Elements required to establish affirmative defenses and supporting evidence

*Affirmative Defenses Relating to Release, Waiver, and Settlement Agreement (4th, 5th and 6th Affirmative Defenses)*

Because this Court has already ruled that Plaintiff must establish a breach of the Settlement Agreement in order to proceed to this and the other remaining claims, the issue of whether Defendants have complied with their obligations under the Settlement Agreement should have already been reached prior to Phase 2 of the trial at which this claim may be decided.  In connection with the foregoing, it should be noted that Plaintiff has not alleged that Defendants failed to comply with the other requirements of the Settlement Agreement, including: (1) the payment of $25,000 to Plaintiff; and (2) the delivery to Plaintiff of the entire remaining inventory of goods and products bearing Plaintiff's marks.  Plaintiff has also failed to dispute the same in connection with Defendants' motion for summary judgement and have not otherwise sought to rescind or nullify the Settlement Agreement.

Notwithstanding the foregoing, Defendants will be prepared, if necessary to present evidence of their performance of their obligations of the Settlement Agreement including, but not limited to: (1) the testimony of defendant Newman; (2) presentation of documents establishing payment by AMN and/or the receipt thereof by Plaintiff; (3) the

delivery of inventory by AMN and/or the receipt thereof by Plaintiff; and (4) to the extent necessary, the testimony of Plaintiff's own witnesses regarding the receipt of payment and inventory.

Plaintiff have pled materiality in their breach of contract claim.   Defendants concur that Plaintiff –  as the party seeking to vitiate the release provisions of the Settlement Agreement – will have the burden of proof at trial to establish that any breach of the Settlement Agreement is materially sufficient to nullify the release provisions.

*Failure to Mitigate Damages*:

"The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated."

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 5.3 (2017).

Defendants anticipate presenting testimony from Athena's own witnesses establishing their failure to take steps to mitigate damages.

*Offset*:

To the extent that Plaintiff is awarded any damages, Defendants are entitled to an offset of the $25,000 paid by them to Plaintiff pursuant to the terms of the Settlement Agreement.  Plaintiff has not alleged that Defendants failed to make the $25,000 payment or otherwise disputed the same and Defendants will introduce proof of payment, if necessary, at trial.

## 6.   <u>Evidentiary Issues</u>

<u>Damages</u>

Defendants object to and seek an order excluding all evidence of Plaintiff's damages and prohibiting Plaintiff (and any witness or person under its control) from introducing, mentioning or presenting any evidence, testimony, or argument with respect to damages on any of Plaintiff's claims at all phases of the trial of this matter as a result

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

of Plaintiff's repeated and failure to provide *any* of the damages disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii).  Such exclusion is an "automatic" sanction under Federal Rule of Civil Procedure 37(c)(1) unless Plaintiff can overcome its burden of proving that its discovery violation was either substantially justified or harmless.  *See generally, Merch. v. Corizon Health, Inc*., 993 F.3d 733, 740 (9th Cir. 2021) (affirming exclusion of "case dispositive" expert witness who was not properly disclosed under Rule 26(a)(2)); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1105-1106 (9th Cir. 2001) (affirming exclusion of defendant's damages expert for failure to properly report under Rule 26(a)); *Silver State Broad., LLC v. Bergner*, 705 F. App'x 640, 641 (9th Cir. 2017) (affirming order granting motion in limine excluding damages as a sanction for violating Rule 26(a)(1)(A)(iii)).

Given the rapidly approaching trial date and Plaintiff's repeated failure to make the required disclosures, Plaintiff cannot meet its burden of establishing that its failure to comply with its initial disclosure obligations was substantially justified or is harmless. In fact, Plaintiff has been steadfast in its refusal to provide the required information despite three disclosures, the most recent of which is dated May 11, 2021.  Defendants are prepared to provide separate briefing on this matter in the form of a formal motion in limine if so desired by this Court.

### Other Evidentiary Issues

Plaintiff's failure to cooperate in the Rule 16 process has made it difficult, if not impossible, to discuss evidentiary issues because Plaintiff has not provided to or discussed with Defendants' counsel: (1) the claims that Plaintiff intends to pursue; (2) Plaintiff's contentions of law and fact with respect to the same; (3) facts to which Plaintiff will stipulate; (4) witnesses that Plaintiff intends to call at trial; and (5) exhibits that Plaintiff intends to introduce at trial.

As a result of the foregoing, Defendants object to any exhibit list submitted by Plaintiff and all exhibits listed on the same.  Defendants further reserve their right to assert all objections to such evidence.  To the extent that Plaintiff intends to rely, at trial,

on any of the evidence it submitted in opposition to Defendants' motion for summary judgment, Defendants assert the same objections identified in their "Evidentiary Objections to Materials Submitted by Plaintiff to Motion for Summary Judgment" (Dkt. 116), which is attached hereto as Exhibit 1 and incorporated by this reference.

### 7.   Issues of law and defendants' position with respect to same

- Plaintiff's first five claims for relief constitute alternative theories for relief. Defendants contend that Plaintiff is only entitled to recover damages once and is not entitled to a separate award of damages under each claim for relief.
- Any award of statutory damages under 15 U.S.C. § 1117(c) must be in lieu of actual profits and damages.  *See* 15 U.S.C. § 1117(c).
- Any award of lost profits or damages under 15 U.S.C. § 1117(a) shall be assessed shall be "subject to the principles of equity."  *See* 15 U.S.C. § 1117(a).
- All of Plaintiff's claims are currently based on the sale, distribution, etc. of purported *counterfeit* good. To the extent that Plaintiff subsequently attempts to allege or argue that Defendants are barred from selling genuine Athena Products, Defendants reserve the right to assert the First Sale Doctrine as a defense.

Because Plaintiff failed to cooperate in the Rule 16-2 process, Defendants do not know what additional issues of law exist with respect to Plaintiff's claim.  Defendants reserve the right to supplement their discussion with respect to the same.

### C.   *Plaintiff's Second Claim For Relief: "Trademark Infringement [15 U.S.C. § 1114)]"*

### 1.   Summary of claim

Plaintiff has failed to specify which of its factual and legal theories it intends to pursue with respect to this claim.  Plaintiff alleges, among other things, that Defendants "made and sold at wholesale, retail and online goods bearing infringements or counterfeits of Athena Trademarks in interstate and foreign commerce" and "Defendants' goods used the Athena Trademarks, knowing the trademarks are the exclusive property of Athena."  FAC, ¶¶ 51, 52.  Despite this general allegation, Plaintiff

has only identified once specific purported instance of trademark infringement by

Defendants, which has been incorporated by reference from its First Claim for Relief:

the single sale of alleged counterfeit Athena products to Plaintiff itself in November of

2019 – prior to the execution of the parties' Settlement Agreement.  FAC, ¶¶ 26, 48.

### 2.   Elements required to establish Plaintiff's claim

*See discussion, supra, with respect to Plaintiffs'  First Claim for Relief.*

### 3.   Defendants' evidence in opposition to Plaintiff's claim

*See discussion, supra, with respect to Plaintiffs'  First Claim for Relief.*

### 4.   Defendant's affirmative defenses to claim

*See discussion, supra, with respect to Plaintiffs'  First Claim for Relief*

### 5.   Elements required to establish affirmative defenses and supporting evidence

*See discussion, supra, with respect to Plaintiffs'  First Claim for Relief.*

### 6.   Evidentiary Issues

*See discussion, supra, with respect to Plaintiffs' Sixth and First Claims for Relief.*

### 7.   Issues of law and defendants' position with respect to same

*See discussion, supra, with respect to Plaintiffs'  First Claim for Relief.*

### D.   *Plaintiff's Third Claim For Relief: "Contributory Trademark Counterfeiting and Infringement [15 U.S.C. § 1114)]"*

### 1.   Summary of claim

Plaintiff has failed to specify which of its numerous factual and legal theories it

intends to pursue with respect to this claim.  Plaintiff alleges, among other things, that

Defendants: (a) "made, advertised, packaged, warehoused, sold and distributed the

counterfeit goods to retailers, wholesalers, or directly to consumers;" (b) "advertised,

sold and delivered the counterfeit goods counterfeit goods to third parties with actual or

constructive knowledge that the third-party customers were engaging or were going to

engage in trademark infringement and counterfeiting;" and (c) "had the right and ability

to prevent the promotion, sale and distribution of infringing and counterfeit goods to

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

consumers and other third parties, but instead of preventing those acts, Defendants *induced unspecified customers to infringe Athena's trademarks and promote, sell, and distribute counterfeit Athena products*." FAC, ¶¶ 61, 63, 64 (emphasis added).

Despite the foregoing broad allegation, Plaintiff has only identified once specific purported instance of trademark infringement by Defendants:  the alleged single sale of counterfeit Athena products *to Plaintiff* (*not any specifically identified direct infringer*) in November of 2019 prior to the execution of the parties' Settlement Agreement, which allegation is incorporated by reference from Plaintiff's First Claim for Relief.  FAC, ¶¶ 26, 59.  Plaintiff has not identified any direct infringers or infringing acts by third parties.

### 2.   Elements required to establish Plaintiff's claim

In order to establish the liability of a Defendant for contributory infringement, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence *as to that Defendant*:

1.   the Defendant sold and/or supplied goods to an infringer identified and named by Plaintiff;

2.   the infringer used the goods the Defendant sold/supplied to infringe the Plaintiff's trademark;

3.   the Defendant knew or had reason to know the infringer would use the goods to infringe the Plaintiff's trademark or was infringing the Plaintiff's trademark and the Defendant continued to supply its services; and

4.   the Plaintiff was damaged by the infringement.

*See* Ninth Circuit Manual of Model Civil Jury Instructions §15.21 (2017) (Derivative Liability – Contributory Infringement).

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Similarly, in order to establish the liability of a Defendant for inducing[3] infringement, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence *as to that Defendant*:

1.      A direct infringer specified and identified by Plaintiff infringed the Plaintiff's trademark;

2.      the Defendant intentionally induced the direct infringer to infringe Plaintiff's trademark; and

3.      the Plaintiff was damaged by the infringement.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 15.20 (2017) (Derivative Liability – Inducing Infringement).

### ***Additional Elements of Proof Relating to Damages***

*See discussion, supra, with respect to Plaintiffs' First Claim for Relief.*

### **3.      Defendants' evidence in opposition to Plaintiff's claim**

As is the case with all of Plaintiff's other Lanham Act claims, Defendants intend to focus on the absence of evidence in support this claim. AMN does not dispute that it sold Athena products to various customers as set forth in Schedule 2 of the Settlement Agreement.  Neither AMN nor Newman knew that any of the products were counterfeit. In addition, Plaintiff has only identified a single purported sale of counterfeit Athena products, which allegedly took place in November of 2019 prior to the execution of the parties' Settlement Agreement.  Plaintiff has not presented Defendants with any actual evidence that this transaction involved the sale of a counterfeit good, let alone evidence that any other sales by Defendants involved counterfeit Athena products.  Moreover, Plaintiff has failed to provide Defendants with any evidence of any post-settlement sales of any Athena goods by Defendants.

---

[3] Plaintiff has denominated its claims as one for contributory infringement but has used the term "induced" in its allegations.

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Defendants dispute all other factual allegations made by Plaintiff with respect to this claim and intend to introduce by the way of defendant Newman, who is also the Chief Executive Officer of AMN negating the elements of claims for derivative liability contributory or inducing infringement.

### 4.   Defendant's affirmative defenses to claim

*See discussion, supra, with respect to Plaintiffs' First Claim for Relief.*

### 5.   Elements required to establish affirmative defenses and supporting evidence

*See discussion, supra, with respect to Plaintiffs' First Claim for Relief.*

### 6.   Evidentiary Issues

*See discussion, supra, with respect to Plaintiffs' Sixth and First Claims for Relief.*

### 7.   Issues of law and defendants' position with respect to same

*See discussion, supra, with respect to Plaintiffs' First Claim for Relief.*

### E.   Plaintiff's Fourth Claim For Relief: "False Designation of Origin, False Description and False Advertising [15 U.S.C. § 1125(a)]"

### 1.   Summary of claim

Once again, Plaintiff has failed to specify which of the numerous allegations it intends to proceed with at trial.  Plaintiff alleges, among other things, that: (a) Defendants engaged in the "sale and distribution of its goods [,] used false designations of origin and false and misleading descriptions and representations, including the Athena Trademarks, which falsely describe the origin, sponsorship, association or approval by Athena of the goods they sell; (b) Defendant's "use of the Athena Trademarks and Athena's distinctive packaging, logos, and designs, constitutes false descriptions and representations falsely describing or representing Defendants" as being affiliated with Athena; (c) Defendants, through e-commerce, "are advertising and selling counterfeit goods displaying Athena's unique packaging and displaying the Athena Trademarks" and "falsely representing to the public each sells authentic goods made by Athena"; and

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

(d) the foregoing "acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representations, falsely or misleadingly describing or represent Defendants' products as those of Athena in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)."  FAC, ¶¶ 69, 71-73.

As is the case with all of Plaintiff's other Lanham Act claims, Plaintiff has only identified once specific purported instance of misconduct by Defendants:  the alleged single sale of  counterfeit Athena products to Plaintiff  in November of 2019 prior to the execution of the parties' Settlement Agreement, which allegation is incorporated by reference from Plaintiff's First Claim for Relief.  FAC, ¶¶ 26, 67.

## 2.   Elements required to establish Plaintiff's claim

In order to prevail on a false designation of origin claim[4] under the Lanham Act, a plaintiff must show:

> "(1) defendant use[d] a designation (any word, term, name, device, or any combination thereof) or false designation of origin; (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of defendant with another person, or (b) as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person; and (5) plaintiff has been or is likely to be damaged by these acts."

*Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 165 F. Supp. 3d 937, 949 (S.D. Cal. 2016).

In addition, "[t]he likelihood of confusion must be probable, not just possible." *Obesity Rsch. Inst.*, 165 F. Supp. 3d 937, 949.

---

[4] Although Plaintiff has also used the term "false advertising" under the heading for this claim, it appears based upon the allegations in the claim that Plaintiff is proceeding under a "false designation of origin" theory as it has not pled the requisite elements of a false advertising claim.  Defendants reserve the right to address false advertising should Plaintiff be permitted to proceed with such a claim.

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

### *Additional Elements of Proof Relating to Damages*

*See discussion, supra, with respect to Plaintiffs'  First Claim for Relief.*

### 3.   **Defendants' evidence in opposition to Plaintiff's claim**

Defendants intend to focus on the absence of evidence in support this claim. AMN does not dispute that it sold Athena products to various customers as set forth in Schedule 2 of the Settlement Agreement.  Neither AMN nor Newman knew that any of the products were counterfeit.  In addition, Plaintiff has only identified a single purported sale of counterfeit Athena products, which allegedly took place in November of 2019 prior to the execution of the parties' Settlement Agreement.  Plaintiff has not presented Defendants with any actual evidence that this transaction involved the sale of a counterfeit good, let alone evidence that any other sales by Defendants involved counterfeit Athena products.  Moreover, Plaintiff has failed to provide Defendants with any evidence of any post-settlement sales of any Athena goods by Defendants.

Defendants dispute all other factual allegations made by Plaintiff with respect to this claim and intend to introduce by the way of defendant Newman, who is also the Chief Executive Officer of AMN, negating the elements of this claim.

### 4.   **Defendant's affirmative defenses to claim**

*See discussion, supra, with respect to Plaintiffs'  First Claim for Relief.*

### 5.   **Elements required to establish affirmative defenses and supporting evidence**

*See discussion, supra, with respect to Plaintiffs'  First Claim for Relief.*

### 6.   **Evidentiary Issues**

*See discussions, supra, with respect to Plaintiffs' Sixth and First Claims for Relief.*

### 7.   **Issues of law and defendants' position with respect to same**

*See discussions, supra, with respect to Plaintiffs'  First Claim for Relief.*

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**F.** **_Plaintiff's Fifth Claim For Relief:  "Common Law Unfair Competition," Under State Law_**

### 1. Summary of claim

Plaintiff has asserted an unfair competition claim under California common law bases upon Defendants' alleged palming off of goods as those of Athena.  FAC, ¶ 78.

Plaintiff has only identified once specific purported instance of misconduct by Defendants:  the alleged single sale of  counterfeit Athena products to Plaintiff  in November of 2019 prior to the execution of the parties' Settlement Agreement, which allegation is incorporated by reference from Plaintiff's First Claim for Relief.  FAC, ¶¶ 26, 75.

### 2. Elements required to establish Plaintiff's claim

The Ninth Circuit "has consistently held that state common law claims of unfair competition" are ""substantially congruent" to claims made under the Lanham Act."  *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994).  In California, the "common law tort of unfair competition is generally thought to be synonymous with the act of 'passing off' one's goods as those of another.'"  *Bank of the W. v. Superior Ct.*, 2 Cal. 4th 1254, 1263 (1992).

### 3. Defendants' evidence in opposition to Plaintiff's claim

Plaintiff has failed to allege or disclose evidence of an incident of infringement or palming off other than the single instance alleged in its first claim for relief, which is has incorporated by reference into this claim.  FAC, ¶¶ 26, 75.  Consequently, Defendants intend to focus on the absence of evidence in support this claim. AMN does not dispute that it sold Athena products to various customers as set forth in Schedule 2 of the Settlement Agreement.  Neither AMN nor Newman knew that any of the products were counterfeit.  In addition, Plaintiff has only identified a single purported sale of counterfeit Athena products, which allegedly took place in November of 2019 prior to the execution of the parties' Settlement Agreement.  Plaintiff has not presented Defendants with any actual evidence that this transaction involved the sale of a

counterfeit good, let alone evidence that any other sales by Defendants involved counterfeit Athena products.  Moreover, Plaintiff has failed to provide Defendants with any evidence of any post-settlement sales of any Athena goods by Defendants.

Defendants dispute all other factual allegations made by Plaintiff with respect to this claim and intend to introduce by the way of defendant Newman, who is also the Chief Executive Officer of AMN, negating the elements of this claim.

### 4.    Defendant's affirmative defenses to claim

*See discussion, supra, with respect to Plaintiffs'  First Claim for Relief.*

### 5.    Elements required to establish affirmative defenses and supporting evidence

*See discussion, supra, with respect to Plaintiffs'  First Claim for Relief.*

### 6.    Evidentiary Issues

*See discussions, supra, with respect to Plaintiffs' Sixth and First Claims for Relief.*

### 7.    Issues of law and defendants' position with respect to same

*See discussions, supra, with respect to Plaintiffs'  First Claim for Relief.*

## II.    BIFURCATION OF ISSUES

This Court issued an order on April 1, 2021 bifurcating the jury trial into two phases, with the "first phase to address Plaintiff's breach of contract claim," i.e., the Sixth Claim. (Dkt. 74.)  The Court further ruled that: "If Plaintiff prevails on the breach of contract claim, the parties will proceed to phase two, during which Plaintiffs remaining claims will be resolved." (Dkt. 74).

Defendants request that a new jury be empaneled for the second phase of the trial. In addition, Defendants have filed a motion to bifurcate discovery pertaining to second phase of the trial from discovery pertaining to the first phase of the trial. (Dkt. 99)  That motion is currently pending before the Court and has been continued for hearing to October 19, 2021 at 1:30 p.m. along with Defendants' motion for summary judgment. (Dkt. 129).

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Defendants request a further bifurcation of Phase II with respect to the issue of Plaintiff's request for punitive damages, which are potentially only available on Plaintiff's claim for common law unfair competition.

## III.   <u>JURY TRIAL</u>

Defendants and Plaintiff have timely demanded a jury trial.  Defendants are entitled to a jury trial as a matter of right.

## IV.   <u>ATTORNEY'S FEES</u>

Defendants assert that they are entitled to attorney's fees on all claims pursuant to the attorney's fees provision of the parties' Settlement Agreement.  As a separate ground and in addition to the foregoing, Defendants intend to seek attorney's fees with respect to Plaintiff's Lanham Act claims on the grounds that this is an "exceptional case." 15 U.S. 1117(a).

## V.   <u>ABANDONMENT OF ISSUES</u>

Defendants have tentatively abandoned the following affirmative defenses: 1st, 8th, 9th, 15th, 16th.  Because of Plaintiff's failure to provide, disclose, and exchange the required in information under Local Rule 16-2, Defendants reserve the right to resurrect any of the affirmative defenses pled in their answer.

By virtue of the foregoing, it is also unclear to the extent that Plaintiff has abandoned any of its claims of the factual allegations asserted therein.

DATED:  October 18, 2021          DAVID C. VOSS, JR.
                                  VOSS, SILVERMAN & BRAYBROOKE, LLP


                                  By: _____
                                      David C. Voss, Jr.
                                      Attorneys for Defendants
                                      AMN DISTRIBUTION, INC. and
                                      MOISHE NEWMAN

DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW