Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Athena Cosmetics, Inc.,<br><br>    Plaintiff,<br><br>        v.<br><br>AMN Distribution Inc., et al,<br><br>    Defendants. | No. 2:20-cv-05526-SVW-SHK<br><br>Declaration of Michael Harris in Support of Ex Parte Application For Order Permitting Plaintiff Athena to File Motion In Limine<br><br>Pretrial Conference: November 6, 2021<br>Time: 3:00 p.m.<br>Trial Date: November 16, 2021<br>Judge: Wilson |

I, Michael Harris, declare:

1.   I am the attorney for plaintiff Athena Cosmetics, Inc (Athena) and a member of the State Bar of California and of this Court. I am a partner in SoCal IP Law Group LLP (SoCal IP), plaintiff's attorneys. I am over the age of 18. If called as a witness, I could and would competently testify to the matters stated in this declaration. I submit this declaration in support of plaintiff Athena's Ex Parte Application For Order Permitting Plaintiff Athena to File Motion In Limine.

2.   On October 29, 2021, I called defense counsel David Voss at his office phone number (310) 306-0515. The telephone was answered by an automated system.

Decl. of M. Harris in Support of Ex Parte Application for Order Permitting Plaintiff Athena to File Motion In Limine

1

Athena Cosmetics, Inc v. AMN Dist. et al.
Case No.: 2:20-cv-05526-SVW-SHK

1  When I followed the prompts to talk to or leave a message for Mr. Voss, the system

2  said "goodbye" and ended the call.

3      3.   The previous day, October 28, I sent an email to Mr. Voss. Exhibit 6 is a

4  copy. It said, "We intend to move ex parte (probably tomorrow) for permission to file

5  a motion in limine to exclude Mr. Newman from testifying at trial. I must call you

6  about the ex parte motion. If you are in trial, email me a convenient time to call." Mr.

7  Voss did not respond.

8      4.   Plaintiff Athena alleges Defendants sold and continues to sell counterfeit

9  Athena cosmetics and breached an agreement in which Defendants promised to cease

10  sales, advertising, etc. of Athena counterfeits and legitimate products. Defendant

11  AMN also promised to provide two schedules with full contact information of De-

12  fendants' suppliers and customers. Defendant Newman warranted the accuracy of the

13  schedules. Instead of full contact information, the schedules provided the Internet fic-

14  titious names. The schedules also are inaccurate and incomplete.

15      5.   Athena has been trying to obtain documents from defendants verifying

16  their sales. Defendants objected to all discovery and produced no documents until

17  August 24, 2021 as discussed in paragraph 8 below.

18      6.   Defendants did not attend two depositions under Rule 30(b)(6) of AMN

19  November 5, 2020, and June 4, 2021. Exhibits 3 and 4 are copies of each  Notice of

20  Deposition. Defendants neither objected to each deposition nor filed a protective or-

21  der. No witness appeared.

22      7.   During discovery, I wanted to delay the Rule 30(b)(6) of AMN until AMN

23  produced documents, but when AMN resisted document production, I hoped to use

24  part of the deposition to identify documents I could obtain through a motion to com-

25  pel.  Except for the documents mentioned in paragraph 8 below, Defendants produced

26

27  Decl. of M. Harris in Support of Ex
   Parte Application for Order Permitting
28  Plaintiff Athena to File Motion In        2        Athena Cosmetics, Inc v. AMN Dist. et al.
   Limine                                              Case No.: 2:20-cv-05526-SVW-SHK

no other documents. Among other documents requested, Athena's first document requests (Exhibit 1 is a copy of defendants' response) asked for:

     a.  All invoices, shipping Documents and bills of lading for your shipping Athena Goods. Req. 4, p. 9

     b.  All communications including emails and letters with all suppliers or potential suppliers of Athena Goods. Req. 6, p. 11.

     c.  All financial records including any bank records showing all profits or losses made in the United States and worldwide from sales or shipments of any Athena Goods. Req. No. 18, p. 20.

    8.  On August 24, 2021, Defendants produced eBay orders, a lease for AMN's Pennsylvania warehouse and two email from a Czech company. Exhibit 2 is the first five pages of one of the eBay orders of Athena's REVITALASH. I redacted the names of the buyer and seller. Of the five pages, only the first page has the names of the buyer and seller without other contact information. Page 5 repeats the buyer's name, but the last four pages merely are eBay advertising.

    9.  Except for the eBay orders mentioned in the previous paragraph, Defendants produced no records they keep of the purchases and sales they made or of the contact information of their suppliers or customers.

    10.  Athena noticed a deposition of AMN through Mr. Newman as a corporate officer and set the deposition on October 28. Ex. 5. Athena noticed it as a live deposition in its attorney's office because defense counsel Mr. Voss insisted on live depositions. On October 22, Mr. Voss approved virtual deposition of ecommerce companies like eBay that Athena claims are online stores for AMN's counterfeits. AMN's headquarters also are in Long Beach. Neither Mr. Newman, Mr. Voss, nor another attorney from Mr. Voss's firm appeared.

---

Decl. of M. Harris in Support of Ex Parte Application for Order Permitting Plaintiff Athena to File Motion In Limine

3

Athena Cosmetics, Inc v. AMN Dist. et al.
Case No.: 2:20-cv-05526-SVW-SHK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

   11.  After Athena noticed the recent deposition, Mr. Voss said he had a two-week trial in Los Angeles Superior Court starting October 18, but he did not ask to postpone the deposition into November. He served no objection and did not move for a protective order. I did not know if the trial date was firm or whether the trial would extend long enough to interfere with the deposition in this case.

   12.  After Mr. Voss said Mr. Newman was the only knowledgeable witness, I noticed the deposition under Rule 30(b)(1) of AMN through its CEO Newman. Neither Mr. Newman nor Mr. Voss appeared.

   13.  The day before the October 28 scheduled deposition, I emailed Mr. Voss. Exhibit 2 is a copy of the email. I asked whether Moishe Newman will testify. Though I set the deposition at my office, I offered to conduct it virtually. I also said, "We can be flexible with the date, but the upcoming trial date may limit what we can do." Mr. Voss did not respond.

   14.  I have been unable to meet and confer on the proposed motion in limine because the motion deals with AMN/Newman's failure to attend a deposition yesterday. Mr. Voss appears unavailable.

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

 October 29, 2021                                    /s/ *Michael Harris*
                                                     Michael Harris

Decl. of M. Harris in Support of Ex
Parte Application for Order Permitting
Plaintiff Athena to File Motion In
Limine                                   4          Athena Cosmetics, Inc v. AMN Dist. et al.
                                                    Case No.: 2:20-cv-05526-SVW-SHK