Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

### United States District Court

### Central District of California – Western Division

| | |
|---|---|
| Athena Cosmetics, Inc., <br><br>    Plaintiff, <br><br>    v. <br><br>AMN Distribution Inc., et al, <br><br>    Defendants. | No. 2:20-cv-05526-SVW-SHK <br><br> Notice of Motion and Motion In Limine to Exclude Defendant Moishe Newman from Testifying At Trial <br><br> Pretrial Conference: November 6, 2021 <br> Time: 3:00 p.m. <br> Trial Date: November 16, 2021 <br> Judge: Wilson |

To Defendants and their attorneys of record:

Plaintiff Athena Cosmetics, Inc. moves in limine to exclude Moishe Newman from testifying at trial because of his refusal to be deposed three times without obtaining a protective order or other relief.

Athena relies on the declaration of its attorney, Michael Harris and the memorandum of points and authorities

### Memorandum of Points and Authorities

**A. Introduction**

Defendants AMN Distribution Inc. and its CEO Moishe Newman's tactic: avoid producing books and records of its sales and purchases of counterfeit Athena cosmetics and not attending depositions. That tactic forced Athena to obtain documents from online stores like eBay to discover defendants' suppliers and customers.

But defendants must be buying large quantities from at least one other supplier outside the online merchants.[1]

October 28 was the last straw. Defendants had produced no Rule 30(b)(6) witness twice before—November 5, 2020, and June 4, 2021. See Exs. 3 and 4 (notices of depositions). After their attorney said defendant Newman was the only potential witness who could be a Rule 30(b)(6) witness, Athena noticed Mr. Newman as AMN's Rule 30(b)(1) witness. See Ex 5. But he failed to attend on October 28.

**B.  ARGUMENT**

Plaintiff Athena alleges Defendants sold and continued to sell counterfeit Athena cosmetics and breached an agreement (the April 2020 Agreement) in which Defendants promised to cease sales, advertising, etc. of Athena counterfeits and legitimate products. Defendant AMN also promised to provide two schedules with full contact information of Defendants' suppliers and customers. Defendant Newman warranted the accuracy of the schedules. Instead of full contact information, the schedules provided the Internet fictitious names and no contact information. The schedules also are inaccurate and incomplete.

Athena sought documents from defendants verifying their sales and notice a Rule 30(b)(6) deposition under of AMN and Rule 30(b)(1) of AMN through its CEO Newman. Defendants have produced almost no documents. They objected to all Athena's first document requests (Ex. 1 is defendants' response). Requests include:

> All invoices, shipping Documents and bills of lading for your shipping Athena Goods. Req. 4, p. 9
>
> All communications including emails and letters with all suppliers or potential suppliers of Athena Goods. Req. 6, p. 11.
>
> All financial records including any bank records showing all profits

---

[1] The large suppliers probably sell counterfeits of other brands, but Athena did not direct its discovery to uncover evidence of other counterfeit brands.

or losses made in the United States and worldwide from sales or shipments of any Athena Goods. Req. No. 18, p. 20.

Defendants finally produced incomplete and useless documents on August 24, 2021. Exhibit 2 is the first five pages of an eBay order of Athena's REVITALASH with names redacted. Only the first page has the buyer's name without other contact information. The last four pages contain eBay advertising.

Defendants must be withholding documents. Otherwise, having no books and records summarizing every sale and purchase, especially after they prepared the schedules that are not credible.

Athena noticed AMN through Mr. Newman as a corporate officer under Rule 30(b)(1) and set the deposition on October 28. Ex. 5. Athena noticed it as a live deposition in its attorney's office because Defense counsel Mr. Voss insisted on live depositions. On October 22, Mr. Voss approved virtual depositions of ecommerce companies like eBay that Athena claims are stores for AMN's counterfeits.

After Athena noticed the October 28 deposition, Mr. Voss said he had a two-week trial in Los Angeles Superior Court starting October 18, but he did not ask to postpone the deposition into November. He served no objection and did not move for a protective order. Neither Mr. Newman, Mr. Voss, nor another attorney from Mr. Voss's firm appeared.

On October 26, Athena's attorney sent an email to Mr. Voss. Exhibit 7 is a copy. It asked whether Mr. Newman would testify on October 28. Athena offered to conduct it virtually. It ended, "We can be flexible with the date, but the upcoming trial date may limit what we can do." Defense counsel did not respond.

Rewarding the three-time refusal to be deposed and identify the documents defendants refused to produce is improper. *See Bakhico Co. v. Shasta Bevs.*, No. 3:94-CV-1780-H, 1998 U.S. Dist. LEXIS 7144, at *8 (N.D. Tex. May 12, 1998) (excluding plaintiff's witness's testimony at trial even though the witness's visa problems,

not a refusal to testify, prevented his deposition). Defendant listed Mr. Newman as their only witness affiliated with defendants. Allowing him to testify at trial when he refused to be deposed also is unfair.

      Any other sanction is insufficient. What Mr. Newman might say at trial is not the only problem. Athena wanted to depose him to explain what documents defendants have, who the custodians are, and to have him explain why AMN has so few documents and no summary records. Explaining that at trial—as if the jury wants to hear it—is too late to obtain, organize and study the documents.

### C. CONCLUSION

      Plaintiff Athena requests that the Court grant the motion in limine and exclude Moishe from testifying at trial.

October 29, 2021                                          /s/ *Michael Harris*
                                                                   Michael D. Harris
                                                                   SoCal IP Law Group LLP

                                                                   Attorneys for Plaintiff Athena Cosmetics, Inc.