EXHIBIT 1

DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC.,<br><br>Plaintiff<br><br>v.<br><br>AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE,<br><br>Defendants | Case No. 2:20-cv-05526-SVW-SHK<br><br>**DEFENDANT AMN DISTRIBUTION INC.'S RESPONSES TO PLAINTIFF ATHENA COSMETIC, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:**     PLAINTIFF ATHENA COSMETICS, INC

**RESPONDING PARTY:**     DEFENDANT AMN DISTRIBUTION, INC.

**SET NO:**     ONE

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1

2          Pursuant to Federal Rule of Civil Procedure 34, defendant AMN Distribution, Inc.

3   ("AMN") hereby responds to the First Request for Production of Documents (the

4   "Requests")  propounded by plaintiff Athena Cosmetics, Inc. ("Athena").

5                            **GENERAL OBJECTIONS**

6          1.     The following responses are made solely for the purpose of this action.

7   AMN is at present pursuing its investigation and analysis of the facts and law relating to

8   this case and has not completed its discovery or preparation for trial.  The responses set

9   forth herein are given without prejudice to AMN's right to produce subsequent evidence,

10  or to add to, modify or otherwise change or amend the responses contained herein.

11  AMN reserves the right to correct any inadvertent errors, mistakes or omissions, should

12  any be found to exist.

13         2.     AMN objects to each request to the extent that its calls for the disclosure,

14  inspection and/or copying of documents or information protected from discovery and

15  disclosure by the attorney-client privilege, the attorney work-product doctrine, and other

16  privileges or doctrines, including constitutional privileges such as, inter alia, the right to

17  privacy, afforded under federal and California law or other applicable jurisdictions.

18  AMN also objects to each request to the extent that it calls for the disclosure of

19  confidential, commercial, or proprietary information and/or trade secrets. AMN and its

20  counsel claim these privileges with respect to all such materials.

21         3.     AMN objects to each request to the extent that it calls for the disclosure of

22  the residential or home addresses, phone number, or e-mail addresses of any

23  individual(s).  Such information is protected by, inter alia, the right to privacy

24  (including, but not limited to, such rights under the California constitution) and such

25  other rights and privileges afforded under federal or state law, or the laws of applicable

26  foreign jurisdictions.

27

28

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

4.      AMN objects to each Request to the extent that it calls for the disclosure of information protected by employee or consumer privacy laws, including those of the jurisdictions in which such consumers or persons reside.

5.      Inadvertent disclosure of privileged information by AMN is not a waiver of any applicable privilege.  By responding to these Requests, AMN reserves all objections to the use or admission of such responses at trial.

6.      AMN objects to any definition or instruction set forth in the Requests to the extent that they seek to impose obligations on AMN that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

7.      AMN objects to each Request to the extent that it seek documents not within AMN's custody, possession or control and/or which are equally available to, or are already in the possession of Athena. Among other things, AMN will not produce pleadings and similar captioned documents filed with this Court in this action, or served upon the parties, correspondence generated during the course of the litigation, and deposition transcripts.

8.      AMN objects to the Requests to the extent that they call for the production of electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

9.      AMN objects to each "contention" Request on the grounds that it improperly combines a contention interrogatory with a document request and, in so doing, also seeks to avoid the statutory limitation on the number of interrogatories that may be propounded by a party.

10.     The preface to Athena's Requests specifically states that it excludes privileged documents for the scope of the Requests.  Accordingly, AMN responses shall exclude all privileged documents from its responses.  Any response herein in which AMN agrees to produce documents is with respect to non-privileged documents only. AMN reserves all objections to privileged materials.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

11.    To the extent that documents responsive to a Request include electronically stored information, such documents will be produced in written form in hardcopy or the .pdf format.

12.    AMN objects to the date and time of the production stated in the Requests. AMN will either provide the propounding party with copies of all documents which they agree to produce as stated herein at the propounding party's expense, or make the originals available for inspection and copying at the offices of Voss, Silverman & Braybrooke LLP at a mutually convenient date and time upon request by the propounding party.  Counsel for the propounding party should contact counsel for AMN to make arrangements for the copying of documents or inspection.

13.    AMN objects to the Requests in their entirety on the grounds that Athena filed its original complaint and first amended complaint in violation of Rule 11 to misuse and abuse the litigation and discovery process in order to obtain additional information from AMN beyond that which the parties' bargained for in the Settlement Agreement that is the purported basis for Athena's Sixth Claim for Relief for Breach of Contract. Athena only commenced the instant litigation *after* AMN refused to provide it with additional documents beyond that called for by the parties' settlement agreement.  In short, Athena is trying to use the discovery process to obtain documents and information to which it would only be legally entitled if it prevailed on a claim for specific performance – a claim that Athena has not even asserted in this action.  Moreover, Athena lacked evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed its complaint and amended complaint.  Athena has basically conceded the foregoing, as it has failed to provide any evidence of a breach or damages in its initial disclosures.  Athena cannot save itself by claiming that the factual contentions alleged in its Sixth Claim for Relief "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" because those factual contentions were not pled on information or belief or "specifically so identified" as required by Rule 11.  As a consequence of all of the foregoing, AMN objects to – and is

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  entitled to protection from – the discovery on the grounds of "annoyance,

2  embarrassment, oppression, or undue burden or expense" and that Athena is attempting

3  to do a blatant end-run around the Settlement Agreement which remains in full force and

4  effect. AMN reserves the right, if necessary, to seek a protective order.

5      14.   Each objection stated in this Preliminary Statement and General Objections

6  (the "GENERAL OBJECTIONS") is incorporated into each response set forth below.

7  All responses are made without waiver of any of the foregoing objections.

8                            **SPECIFIC RESPONSES**

9  **REQUEST NO. 1:**

10     All Documents mentioning Athena from January 1, 2019, to the present.

11 **RESPONSE TO REQUEST NO. 1:**

12     AMN objects to this Request on the grounds that it fails to identify the

13 information sought with reasonable particularity and is overbroad, unduly burdensome,

14 and oppressive. Given the breadth of the Request, AMN also objects to the extent that it

15 calls for pleadings filed in this matter, communications between and among counsel, or

16 documents or information protected from discovery by the attorney-client privilege

17 and/or the attorney work-product doctrine.  AMN further objects on the ground that the

18 Request seeks discovery on a matter not relevant to any party's claim or defense and not

19 proportional to the needs of the case.

20     AMN also objects to this Request on the grounds that Athena filed its original

21 complaint and first amended complaint in violation of Rule 11 to misuse and abuse the

22 litigation and discovery process in order to obtain additional information from AMN

23 beyond that which the parties' bargained for in the Settlement Agreement that is the

24 purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only

25 commenced the instant litigation *after* AMN refused to provide it with additional

26 documents beyond that called for by the parties' settlement agreement.  In short, Athena

27 is trying to use the discovery process to obtain documents and information to which it

28 would only be legally entitled if it prevailed on a claim for specific performance – a

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   claim that Athena has not even asserted in this action.  Moreover, Athena lacked

2   evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed

3   its complaint and amended complaint.  Athena has basically conceded the foregoing, as

4   it has failed to provide any evidence of a breach or damages in its initial disclosures.

5   Athena cannot save itself by claiming that the factual contentions alleged in its Sixth

6   Claim for Relief "will likely have evidentiary support after a reasonable opportunity for

7   further investigation or discovery" because those factual contentions were not pled on

8   information or belief or *"specifically so identified"* as required by Rule 11.  As a

9   consequence of all of the foregoing, AMN objects to – and is also entitled to protection

10  from – the discovery on the grounds of "annoyance, embarrassment, oppression, or

11  undue burden or expense" and that Athena is attempting to do a blatant end-run around

12  the Settlement Agreement which remains in full force and effect.

13  **REQUEST FOR PRODUCTION NO. 2:**

14      All Documents from January 1, 2019, to the present that use the words "Athena"

15  or "Revitalash".

16  **RESPONSE TO REQUEST NO. 2:**

17      AMN objects to this Request on the grounds that it fails to identify the

18  information sought with reasonable particularity and is overbroad, unduly burdensome,

19  and oppressive.  Given the breadth of the Request, AMN also objects to the extent that it

20  calls for pleadings filed in this matter, communications between and among counsel, or

21  documents or information protected from discovery by the attorney-client privilege

22  and/or the attorney work-product doctrine.  AMN further objects on the ground that the

23  Request seeks discovery on a matter not relevant to any party's claim or defense and not

24  proportional to the needs of the case.

25      AMN also objects to this Request on the grounds that Athena filed its original

26  complaint and first amended complaint in violation of Rule 11 to misuse and abuse the

27  litigation and discovery process in order to obtain additional information from AMN

28  beyond that which the parties' bargained for in the Settlement Agreement that is the

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  purported basis for Athena's Sixth Claim for Relief for Breach of Contract. Athena only

2  commenced the instant litigation *after* AMN refused to provide it with additional

3  documents beyond that called for by the parties' settlement agreement. In short, Athena

4  is trying to use the discovery process to obtain documents and information to which it

5  would only be legally entitled if it prevailed on a claim for specific performance – a

6  claim that Athena has not even asserted in this action. Moreover, Athena lacked

7  evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed

8  its complaint and amended complaint. Athena has basically conceded the foregoing as it

9  has failed to provide any evidence of a breach or damages in its initial disclosures.

10  Athena cannot save itself by claiming that the factual contentions alleged in its Sixth

11  Claim for Relief "will likely have evidentiary support after a reasonable opportunity for

12  further investigation or discovery" because those factual contentions were not pled on

13  information or belief or *"specifically so identified"* as required by Rule 11. As a

14  consequence of all of the foregoing, AMN objects to – and is also entitled to protection

15  from – the discovery on the grounds of "annoyance, embarrassment, oppression, or

16  undue burden or expense" and that Athena is attempting to do a blatant end-run around

17  the Settlement Agreement which remains in full force and effect.

18  **REQUEST NO. 3:**

19      All Documents mentioning any sources for whom You shipped goods using any

20  Athena Trademark or the words "Athena" or "Revitalash" including Documents naming

21  all Persons at all sources with whom you dealt.

22  **RESPONSE TO REQUEST NO. 3:**

23      AMN objects to this Request on the grounds that it is fails to identify the

24  information sought with reasonable particularity and is overbroad, unduly burdensome,

25  and oppressive in that is calls for "all Documents mentioning . . . ." The Request is also

26  vague and ambiguous with respect to the phrase "any sources for whom You shipped

27  goods," and AMN objects to the Request on that basis. Given the breadth of the

28  Request, AMN also objects to this Request to the extent that it calls documents or

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  information protected from discovery by the attorney-client privilege and/or the attorney

2  work-product doctrine. AMN further objects on the ground that the Request seeks

3  discovery on a matter not relevant to any party's claim or defense and not proportional to

4  the needs of the case.

5       AMN also objects to this Request on the grounds that Athena filed its original

6  complaint and first amended complaint in violation of Rule 11 to misuse and abuse the

7  litigation and discovery process in order to obtain additional information from AMN

8  beyond that which the parties' bargained for in the Settlement Agreement that is the

9  purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only

10  commenced the instant litigation *after* AMN refused to provide it with additional

11  documents beyond that called for by the parties' settlement agreement.  In short, Athena

12  is trying to use the discovery process to obtain documents and information to which it

13  would only be legally entitled if it prevailed on a claim for specific performance – a

14  claim that Athena has not even asserted in this action.  Moreover, Athena lacked

15  evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed

16  its complaint and amended complaint.  Athena has basically conceded the foregoing as it

17  has failed to provide any evidence of a breach or damages in its initial disclosures.

18  Athena cannot save itself by claiming that the factual contentions alleged in its Sixth

19  Claim for Relief "will likely have evidentiary support after a reasonable opportunity for

20  further investigation or discovery" because those factual contentions were not pled on

21  information or belief or *"specifically so identified"* as required by Rule 11.  As a

22  consequence of all of the foregoing, AMN objects to – and is also entitled to protection

23  from – the discovery on the grounds of "annoyance, embarrassment, oppression, or

24  undue burden or expense" and that Athena is attempting to do a blatant end-run around

25  the Settlement Agreement which remains in full force and effect.

26  **REQUEST NO. 4:**

27       All invoices, shipping Documents and bills of lading for your shipping Athena

28  Goods.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1

2

3   **RESPONSE TO REQUEST NO. 4:**

4         AMN objects to this Request on the grounds that it is overbroad. AMN also

5   objects to this Request on the grounds that Athena filed its original complaint and first

6   amended complaint in violation of Rule 11 to misuse and abuse the litigation and

7   discovery process in order to obtain additional information from AMN beyond that

8   which the parties' bargained for in the Settlement Agreement that is the purported basis

9   for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only commenced

10  the instant litigation *after* AMN refused to provide it with additional documents beyond

11  that called for by the parties' settlement agreement.  In short, Athena is trying to use the

12  discovery process to obtain documents and information to which it would only be legally

13  entitled if it prevailed on a claim for specific performance – a claim that Athena has not

14  even asserted in this action.  Moreover, Athena lacked evidence to support its Sixth

15  Claim for Relief for Breach of Contract at the time it filed its complaint and amended

16  complaint.  Athena has basically conceded the foregoing as it has failed to provide any

17  evidence of a breach or damages in its initial disclosures.  Athena cannot save itself by

18  claiming that the factual contentions alleged in its Sixth Claim for Relief "will likely

19  have evidentiary support after a reasonable opportunity for further investigation or

20  discovery" because those factual contentions were not pled on information or belief or

21  "specifically so identified" as required by Rule 11.  As a consequence of all of the

22  foregoing, AMN objects to – and is also entitled to protection from – the discovery on

23  the grounds of "annoyance, embarrassment, oppression, or undue burden or expense"

24  and that Athena is attempting to do a blatant end-run around the Settlement Agreement

25  which remains in full force and effect.

26  **REQUEST NO. 5:**

27        All communications including emails and letters with all suppliers or potential

28  suppliers of Athena Goods.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1

2

3 **RESPONSE TO REQUEST NO. 5:**

4    AMN objects to this Request on the grounds that it fails to identify the

5 information sought with reasonable particularity and is overbroad, vague and

6 ambiguous.  AMN further objects on the ground that the Request seeks discovery on a

7 matter not relevant to any party's claim or defense and not proportional to the needs of

8 the case.

9    AMN also objects to this Request on the grounds that Athena filed its original

10 complaint and first amended complaint in violation of Rule 11 to misuse and abuse the

11 litigation and discovery process in order to obtain additional information from AMN

12 beyond that which the parties' bargained for in the Settlement Agreement that is the

13 purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only

14 commenced the instant litigation *after* AMN refused to provide it with additional

15 documents beyond that called for by the parties' settlement agreement.  In short, Athena

16 is trying to use the discovery process to obtain documents and information to which it

17 would only be legally entitled if it prevailed on a claim for specific performance – a

18 claim that Athena has not even asserted in this action.  Moreover, Athena lacked

19 evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed

20 its complaint and amended complaint.  Athena has basically conceded the foregoing as it

21 has failed to provide any evidence of a breach or damages in its initial disclosures.

22 Athena cannot save itself by claiming that the factual contentions alleged in its Sixth

23 Claim for Relief "will likely have evidentiary support after a reasonable opportunity for

24 further investigation or discovery" because those factual contentions were not pled on

25 information or belief or *"specifically so identified"* as required by Rule 11.  As a

26 consequence of all of the foregoing, AMN objects to – and is also entitled to protection

27 from – the discovery on the grounds of "annoyance, embarrassment, oppression, or

28

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  undue burden or expense" and that Athena is attempting to do a blatant end-run around

2  the Settlement Agreement which remains in full force and effect.

3  **REQUEST NO. 6:**

4     All communications including emails and letters with all Persons who introduced

5  you to any Person affiliated with any suppliers or potential suppliers of Athena Goods.

6  **RESPONSE TO REQUEST NO. 6:**

7     AMN objects to this Request on the grounds that it fails to identify the

8  information sought with reasonable particularity and is overbroad, vague, and

9  ambiguous, unduly burdensome, and oppressive.  AMN further objects on the ground

10  that the Request seeks discovery on a matter not relevant to any party's claim or defense

11  and not proportional to the needs of the case.

12     AMN also objects to this Request on the grounds that Athena filed its original

13  complaint and first amended complaint in violation of Rule 11 to misuse and abuse the

14  litigation and discovery process in order to obtain additional information from AMN

15  beyond that which the parties' bargained for in the Settlement Agreement that is the

16  purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only

17  commenced the instant litigation *after* AMN refused to provide it with additional

18  documents beyond that called for by the parties' settlement agreement.  In short, Athena

19  is trying to use the discovery process to obtain documents and information to which it

20  would only be legally entitled if it prevailed on a claim for specific performance – a

21  claim that Athena has not even asserted in this action.  Moreover, Athena lacked

22  evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed

23  its complaint and amended complaint.  Athena has basically conceded the foregoing as it

24  has failed to provide any evidence of a breach or damages in its initial disclosures.

25  Athena cannot save itself by claiming that the factual contentions alleged in its Sixth

26  Claim for Relief "will likely have evidentiary support after a reasonable opportunity for

27  further investigation or discovery" because those factual contentions were not pled on

28  information or belief or "specifically so identified" as required by Rule 11.  As a

- 11 -

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  consequence of all of the foregoing, AMN objects to – and is also entitled to protection

2  from – the discovery on the grounds of "annoyance, embarrassment, oppression, or

3  undue burden or expense" and that Athena is attempting to do a blatant end-run around

4  the Settlement Agreement which remains in full force and effect.

5  **REQUEST NO. 7:**

6      All Documents mentioning any AMN visits to and meetings with any suppliers or

7  potential suppliers of Athena Goods.

8  **RESPONSE TO REQUEST NO. 7:**

9      AMN objects to this Request on the grounds that it fails to identify the

10  information sought with reasonable particularity and is vague, ambiguous, overbroad,

11  unduly burdensome, and oppressive. AMN further objects on the ground that the

12  Request seeks discovery on a matter not relevant to any party's claim or defense and not

13  proportional to the needs of the case.

14      AMN also objects to this Request on the grounds that Athena filed its original

15  complaint and first amended complaint in violation of Rule 11 to misuse and abuse the

16  litigation and discovery process in order to obtain additional information from AMN

17  beyond that which the parties' bargained for in the Settlement Agreement that is the

18  purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only

19  commenced the instant litigation *after* AMN refused to provide it with additional

20  documents beyond that called for by the parties' settlement agreement.  In short, Athena

21  is trying to use the discovery process to obtain documents and information to which it

22  would only be legally entitled if it prevailed on a claim for specific performance – a

23  claim that Athena has not even asserted in this action.  Moreover, Athena lacked

24  evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed

25  its complaint and amended complaint.  Athena has basically conceded the foregoing as it

26  has failed to provide any evidence of a breach or damages in its initial disclosures.

27  Athena cannot save itself by claiming that the factual contentions alleged in its Sixth

28  Claim for Relief "will likely have evidentiary support after a reasonable opportunity for

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  further investigation or discovery" because those factual contentions were not pled on

2  information or belief or "specifically so identified" as required by Rule 11.  As a

3  consequence of all of the foregoing, AMN objects to – and is also entitled to protection

4  from – the discovery on the grounds of "annoyance, embarrassment, oppression, or

5  undue burden or expense" and that Athena is attempting to do a blatant end-run around

6  the Settlement Agreement which remains in full force and effect.

7  **REQUEST NO. 8:**

8      All Documents mentioning any visits and meetings from AMN by any suppliers

9  or potential suppliers of Athena Goods.

10  **RESPONSE TO REQUEST NO. 8:**

11      AMN objects to this Request on the grounds that it fails to identify the

12  information sought with reasonable particularity and is vague, ambiguous, overbroad,

13  unduly burdensome, and oppressive. AMN further objects on the ground that the

14  Request seeks discovery on a matter not relevant to any party's claim or defense and not

15  proportional to the needs of the case.

16      AMN also objects to this Request on the grounds that Athena filed its original

17  complaint and first amended complaint in violation of Rule 11 to misuse and abuse the

18  litigation and discovery process in order to obtain additional information from AMN

19  beyond that which the parties' bargained for in the Settlement Agreement that is the

20  purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only

21  commenced the instant litigation *after* AMN refused to provide it with additional

22  documents beyond that called for by the parties' settlement agreement.  In short, Athena

23  is trying to use the discovery process to obtain documents and information to which it

24  would only be legally entitled if it prevailed on a claim for specific performance – a

25  claim that Athena has not even asserted in this action.  Moreover, Athena lacked

26  evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed

27  its complaint and amended complaint.  Athena has basically conceded the foregoing as it

28  has failed to provide any evidence of a breach or damages in its initial disclosures.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  Athena cannot save itself by claiming that the factual contentions alleged in its Sixth
2  Claim for Relief "will likely have evidentiary support after a reasonable opportunity for
3  further investigation or discovery" because those factual contentions were not pled on
4  information or belief or "specifically so identified" as required by Rule 11. As a
5  consequence of all of the foregoing, AMN objects to – and is also entitled to protection
6  from – the discovery on the grounds of "annoyance, embarrassment, oppression, or
7  undue burden or expense" and that Athena is attempting to do a blatant end-run around
8  the Settlement Agreement which remains in full force and effect.
9  **REQUEST NO. 9:**
10      All Documents showing each shipment you made of Athena Goods.
11  **RESPONSE TO REQUEST NO. 9:**
12      AMN objects to this Request on the grounds that it fails to identify the
13  information sought with reasonable particularity and is overbroad, unduly burdensome,
14  and oppressive. AMN further objects on the ground that the Request seeks discovery on
15  a matter not relevant to any party's claim or defense and not proportional to the needs of
16  the case.
17      AMN also objects to this Request on the grounds that Athena filed its original
18  complaint and first amended complaint in violation of Rule 11 to misuse and abuse the
19  litigation and discovery process in order to obtain additional information from AMN
20  beyond that which the parties' bargained for in the Settlement Agreement that is the
21  purported basis for Athena's Sixth Claim for Relief for Breach of Contract. Athena only
22  commenced the instant litigation *after* AMN refused to provide it with additional
23  documents beyond that called for by the parties' settlement agreement. In short, Athena
24  is trying to use the discovery process to obtain documents and information to which it
25  would only be legally entitled if it prevailed on a claim for specific performance – a
26  claim that Athena has not even asserted in this action. Moreover, Athena lacked
27  evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed
28  its complaint and amended complaint. Athena has basically conceded the foregoing as it

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    has failed to provide any evidence of a breach or damages in its initial disclosures.

2    Athena cannot save itself by claiming that the factual contentions alleged in its Sixth

3    Claim for Relief "will likely have evidentiary support after a reasonable opportunity for

4    further investigation or discovery" because those factual contentions were not pled on

5    information or belief or "specifically so identified" as required by Rule 11.  As a

6    consequence of all of the foregoing, AMN objects to – and is also entitled to protection

7    from – the discovery on the grounds of "annoyance, embarrassment, oppression, or

8    undue burden or expense" and that Athena is attempting to do a blatant end-run around

9    the Settlement Agreement which remains in full force and effect.

10   **REQUEST NO. 10:**

11        All Documents showing each sale you made of Athena Goods.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

13        AMN objects to this Request on the grounds on the ground that it fails to identify

14   the information sought with reasonable particularity and is overbroad, unduly

15   burdensome, and oppressive.  AMN further objects on the ground that the Request seeks

16   discovery on a matter not relevant to any party's claim or defense and not proportional to

17   the needs of the case.

18        AMN also objects to this Request on the grounds that Athena filed its original

19   complaint and first amended complaint in violation of Rule 11 to misuse and abuse the

20   litigation and discovery process in order to obtain additional information from AMN

21   beyond that which the parties' bargained for in the Settlement Agreement that is the

22   purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only

23   commenced the instant litigation *after* AMN refused to provide it with additional

24   documents beyond that called for by the parties' settlement agreement.  In short, Athena

25   is trying to use the discovery process to obtain documents and information to which it

26   would only be legally entitled if it prevailed on a claim for specific performance – a

27   claim that Athena has not even asserted in this action.  Moreover, Athena lacked

28   evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed

its complaint and amended complaint.  Athena has basically conceded the foregoing as it has failed to provide any evidence of a breach or damages in its initial disclosures. Athena cannot save itself by claiming that the factual contentions alleged in its Sixth Claim for Relief "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" because those factual contentions were not pled on information or belief or "specifically so identified" as required by Rule 11.  As a consequence of all of the foregoing, AMN objects to – and is also entitled to protection from – the discovery on the grounds of "annoyance, embarrassment, oppression, or undue burden or expense" and that Athena is attempting to do a blatant end-run around the Settlement Agreement which remains in full force and effect.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents showing all foreign trips by any AMN employee.

**RESPONSE TO REQUEST NO. 11:**

AMN objects to this Request on the grounds on the ground that it fails to identify the information sought with reasonable particularity and is overbroad, unduly burdensome, and oppressive.  AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense and not proportional to the needs of the case.  Among other things, the Request does not distinguish between business related or personal travel and is not limited by subject matter as to the nature of the trip that would make it relevant to the pending litigation.

**REQUEST NO. 12:**

All Documents showing any AMN employee or agent entertainment or dining expenses.

**RESPONSE TO REQUEST NO. 12:**

AMN objects to this Request on the grounds on the ground that it fails to identify the information sought with reasonable particularity and is overbroad, unduly burdensome, and oppressive.  AMN further objects on the ground that the Request seeks

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  discovery on a matter not relevant to any party's claim or defense and not proportional to

2  the needs of the case.

3  **REQUEST NO. 13:**

4  　　　All Documents to or from Newman from January 1, 2019, to the present that

5  mention:

6  　　　a.  Athena.

7  　　　b.  Revitalash.

8  　　　c.  Any Athena Trademark.

9  　　　d.  Newman's compensation.

10  　　　e.  The compensation to any relative of Newman.

11  　　　f.  Newman's then-current residence.

12  　　　g.  Newman's responsibilities with AMN.

13  　　　h.  Newman's bank accounts.

14  　　　i.  Any company or entity other than AMN which employed Newman or

15  　　　　　with which contracted with Newman.

16  **RESPONSE TO REQUEST NO. 13:**

17  　　　AMN objects to this Request on the grounds on the ground that it fails to identify

18  the information sought with reasonable particularity and is vague, ambiguous,

19  overbroad, unduly burdensome, and oppressive. AMN further objects on the ground that

20  the Request seeks discovery on a matter not relevant to any party's claim or defense.

21  Given the breadth of the Request, AMN also objects to this Request to the extent that it

22  calls for documents or information protected from discovery by the attorney-client

23  privilege and/or the attorney work-product doctrine.  AMN further objects on the

24  grounds that the Request calls for the production of confidential, commercial,

25  proprietary information and/or information that is otherwise protected by the right to

26  privacy - including the privacy rights of Mr. Newman and any other persons that may be

27  encompassed by the scope of the Request –under federal or California law and/or the

28  jurisdictions in which they reside.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

AMN also objects to this Request on the grounds that Athena filed its original complaint and first amended complaint in violation of Rule 11 to misuse and abuse the litigation and discovery process in order to obtain additional information from AMN beyond that which the parties' bargained for in the Settlement Agreement that is the purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only commenced the instant litigation *after* AMN refused to provide it with additional documents beyond that called for by the parties' settlement agreement.  In short, Athena is trying to use the discovery process to obtain documents and information to which it would only be legally entitled if it prevailed on a claim for specific performance – a claim that Athena has not even asserted in this action.  Moreover, Athena lacked evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed its complaint and amended complaint.  Athena has basically conceded the foregoing as it has failed to provide any evidence of a breach or damages in its initial disclosures. Athena cannot save itself by claiming that the factual contentions alleged in its Sixth Claim for Relief "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" because those factual contentions were not pled on information or belief or "specifically so identified" as required by Rule 11.  As a consequence of all of the foregoing, AMN objects to – and is also entitled to protection from – the discovery on the grounds of "annoyance, embarrassment, oppression, or undue burden or expense" and that Athena is attempting to do a blatant end-run around the Settlement Agreement which remains in full force and effect.

**REQUEST NO. 14:**

All Documents in categories a-i in the previous request to which Newman was copied.

**RESPONSE TO REQUEST NO. 14:**

AMN objects to this Request on the grounds on the ground that it fails to identify the information sought with reasonable particularity and is vague, ambiguous, overbroad, unduly burdensome, and oppressive. AMN further objects on the ground that

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   the Request seeks discovery on a matter not relevant to any party's claim or defense.

2   Given the breadth of the Request, AMN also objects to this Request to the extent that it

3   calls for documents or information protected from discovery by the attorney-client

4   privilege and/or the attorney work-product doctrine.  AMN further objects on the

5   grounds that the Request calls for the production of confidential, commercial,

6   proprietary information and/or information that is otherwise protected by the right to

7   privacy - including the privacy rights of Mr. Newman and any other persons that may be

8   encompassed by the scope of the Request –under federal or California law and/or the

9   jurisdictions in which they reside.

10          AMN also objects to this Request on the grounds that Athena filed its original

11   complaint and first amended complaint in violation of Rule 11 to misuse and abuse the

12   litigation and discovery process in order to obtain additional information from AMN

13   beyond that which the parties' bargained for in the Settlement Agreement that is the

14   purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only

15   commenced the instant litigation *after* AMN refused to provide it with additional

16   documents beyond that called for by the parties' settlement agreement.  In short, Athena

17   is trying to use the discovery process to obtain documents and information to which it

18   would only be legally entitled if it prevailed on a claim for specific performance – a

19   claim that Athena has not even asserted in this action.  Moreover, Athena lacked

20   evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed

21   its complaint and amended complaint.  Athena has basically conceded the foregoing as it

22   has failed to provide any evidence of a breach or damages in its initial disclosures.

23   Athena cannot save itself by claiming that the factual contentions alleged in its Sixth

24   Claim for Relief "will likely have evidentiary support after a reasonable opportunity for

25   further investigation or discovery" because those factual contentions were not pled on

26   information or belief or  "specifically so identified" as required by Rule 11.  As a

27   consequence of all of the foregoing, AMN objects to – and is also entitled to protection

28   from – the discovery on the grounds of "annoyance, embarrassment, oppression, or

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  undue burden or expense" and that Athena is attempting to do a blatant end-run around

2  the Settlement Agreement which remains in full force and effect.

3  **REQUEST NO. 15:**

4    All Documents discussing any policy for identifying potentially counterfeit goods

5  or goods that infringe any company's trademark or other intellectual property.

6  **RESPONSE TO REQUEST NO. 15:**

7    AMN objects to this Request on the ground that it is vague and ambiguous.

8  Subject to and without waiving the foregoing and GENERAL OBJECTIONS, and

9  assuming that the Request is seeking a specific written policy, AMN responds as

10  follows:

11    AMN has no documents within its possession, custody or control that are

12  responsive to this request.

13  **REQUEST NO. 16:**

14    All Documents from any Person other than Athena or Athena's attorneys

15  complaining or otherwise mentioning that AMN was selling, shipping or otherwise

16  distributing potentially counterfeit goods or goods that infringe any company's

17  trademark or other intellectual property.

18  **RESPONSE TO REQUEST NO. 16:**

19    AMN objects to this Request on the grounds on the ground that it overbroad,

20  vague and ambiguous, fails to identify the information sought with reasonable

21  particularity.  AMN also objects to the Request to the extent that it calls for documents

22  or information protected from discovery by the attorney-client privilege and/or the

23  attorney work-product doctrine.  AMN further objects on the ground that the Request

24  seeks discovery on a matter not relevant to any party's claim or defense and not

25  proportional to the needs of the case with respect to companies other than Athena.

26  **REQUEST NO. 17:**

27    All Documents to or from or copied to any Person that mentions this Lawsuit or

28  any lawsuit in which Athena is a party.

- 20 -
DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST NO. 17:**

The preface to Athena's Requests specifically states that it excludes privileged documents for the scope of the Requests.  To the extent that this specific Request is intended to call for any privileged documents, AMN objects on the grounds that it calls for the production of  disclosure, inspection and/or copying of documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense and not proportional to the needs of the case.

**REQUEST NO. 18:**

All financial records including any bank records showing all profits or losses made in the United States and worldwide from sales or shipments of any Athena Goods.

**RESPONSE TO REQUEST NO. 18:**

AMN objects to this Request on the grounds on the ground that it fails to identify the information sought with reasonable particularity and is overbroad, burdensome and oppressive in that it seeks "all financial records."  AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense and not proportional to the needs of the case as Plaintiff has yet to provide a computation of damages in its initial disclosures and has not stated in its initial disclosures that it intends to seek a remedy based upon AMN's profits.  In addition, the trial of the Sixth Cause of Action alleging the breach of the parties' settlement agreement has been bifurcated from the remaining causes of action and AMN intends to bring a motion for summary judgment on that cause of action.  Any discovery regarding profits or losses from Athena products is therefore premature, particularly where plaintiff has failed to provide any evidence of breach of the settlement agreement in its initial disclosures.  AMN also objects to this Request on the grounds that it calls for the production of confidential, commercial, proprietary information and/or information that is otherwise protected by the right to privacy.

- 21 -
DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 19:**

A copy of all printed or on-line advertising you used containing any Athena Trademark.

**RESPONSE TO REQUEST NO. 19:**

AMN objects to this Request on the ground that it is vague and ambiguous. AMN further objects to the Request on the ground that it seeks discovery on a matter not relevant to any party's claim or defense and not proportional to the needs of the case as AMN does not dispute that it sold Athena products prior to the parties entering into the settlement agreement.

**REQUEST NO. 20:**

All webpages You used containing any Athena Trademark.

**RESPONSE TO REQUEST NO. 20:**

AMN objects to this Request on the ground that it is vague and ambiguous. AMN further objects to the Request on the ground that it seeks discovery on a matter not relevant to any party's claim or defense and not proportional to the needs of the case as AMN does not dispute that it sold Athena products prior to the parties entering into their settlement agreement.

**REQUEST NO. 21:**

All postings on any e-commerce site including but not limited to eBay, Amazon, Alibaba, onlinecentershop.com and Esty.

**RESPONSE TO REQUEST NO. 21:**

AMN objects to this Request on the grounds on the ground that it fails to identify the information sought with reasonable particularity and is overbroad, unduly burdensome, and oppressive. AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense and not proportional to the needs of the case. Athena has made no effort whatsoever to limit this Request by the person or entity making any such posting or the subject matter of any such posting. In

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    addition, AMN does not dispute that it sold Athena products prior to the parties entering

2    into their settlement agreement.

3    **REQUEST NO. 22:**

4       Documents showing the names, all business and home addresses, business and

5    home telephone numbers and email addresses of (1) all Your owners of at least 10% of

6    AMN and (2) all AMN's officers and managing employees.

7    **RESPONSE NO. 22:**

8       AMN objects to this Request on the grounds on the ground that it is vague,

9    ambiguous, fails to identify the information sought with reasonable particularity and is

10   overbroad. AMN further objects on the ground that the Request seeks discovery on a

11   matter not relevant to any party's claim or defense.  AMN also objects on the grounds

12   that the Request calls for the production of confidential, commercial, proprietary

13   information and/or information that is otherwise protected by the right to privacy,

14   including the privacy rights of any AMN owners, officers or employees.  AMN further

15   objects on the ground that this Request is actually an interrogatory in the guise of a

16   document request.

17   **REQUEST NO. 23:**

18      Document showing the names, business addresses, business telephone numbers,

19   email address and web address of all businesses in which at least 10% of the business is

20   owned by any person named on a Document requested to be produced in the previous

21   request.

22   **RESPONSE NO. 23:**

23      AMN objects to this Request on the grounds on the ground that it fails to identify

24   the information sought with reasonable particularity and is overbroad.  AMN also

25   objects on the ground that the Request is vague, ambiguous, and unintelligible.

26   Specifically, AMN cannot comprehend what is meant by the phrase "of all businesses in

27   which at least 10% of the business is owned by any person named on a Document

28   requested to be produced in the previous request." AMN also objects on the grounds that

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

the Request calls for the production of confidential, commercial, proprietary information and/or information that is otherwise protected by the right to privacy, including the privacy rights of any AMN owners, officers or employees.   AMN also objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense.  AMN further objects on the ground that this Request is actually an interrogatory in the guise of a document request.

**REQUEST NO. 24:**

Document showing the formation of AMN whether articles of incorporation, a limited liability company operating agreement, a partnership agreement or any other Documents showing such a formation.

**RESPONSE TO REQUEST NO. 24:**

The preface to Athena's Requests specifically states that it excludes privileged documents for the scope of the Requests.  To the extent that this specific Request is intended to call for any privileged documents, AMN objects on the grounds that it calls for the production of  disclosure, inspection and/or copying of documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  AMN further objects to this Request on the grounds on the ground that it fails to identify the information sought with reasonable particularity.  AMN also objects to this Request on the grounds that it calls for the production of confidential, commercial, proprietary information and/or information that is otherwise protected by the right to privacy.  AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense.

Subject to and without waiving the foregoing and GENERAL OBJECTIONS, AMN responds as follows:  AMN will produce a copy of its publicly filed articles of incorporation.

**REQUEST NO. 25:**

Documents sufficient to identify all AMN facilities and offices including those shared with any other Person.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST NO. 25:**

AMN objects to this Request on the grounds on the ground that it vague,
ambiguous, and fails to identify the information sought with reasonable particularity and
is overbroad, unduly burdensome, and oppressive.  AMN further objects on the ground
that the Request seeks discovery on a matter not relevant to any party's claim or defense.
Given the ambiguity and broad scope of the Request, AMN to the extent that it calls for
the production of confidential, commercial, proprietary information and/or information
that is otherwise protected by the right to privacy.  AMN further objects on the ground
that this Request is actually an interrogatory in the guise of a document request.  Subject
to and without waiving the foregoing objections, and assuming that the request refers to
facilities owned and/or leased by AMN, AMN responds as follows:

AMN has a warehouse located at 10 Gallagher Drive, Plains, PA 18705.

**REQUEST NO. 26:**

Documents sufficient to identify all past and current managers at all AMN
facilities and offices including facilities and offices shared with any other Person.

**RESPONSE TO REQUEST NO. 26:**

AMN objects to this Request on the grounds on the ground that it is vague,
ambiguous, fails to identify the information sought with reasonable particularity and is
overbroad. AMN further objects on the ground that the Request seeks discovery on a
matter not relevant to any party's claim. AMN further objects on the ground that this
Request is actually an interrogatory in the guise of a document request.

**REQUEST FOR PRODUCTION NO. 27:**

All leases of AMN or Newman.

**RESPONSE TO REQUEST NO. 27:**

AMN objects to this Request on the ground that it seeks discovery on a matter not
relevant to any party's claim or defense and not proportional to the needs of the case.
AMN also objects it calls for the production of confidential, commercial, proprietary

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  information and/or information that is otherwise protected by the right to privacy,

2  including the privacy rights of Mr. Newman.

3  **REQUEST FOR PRODUCTION NO. 28:**

4      Documents sufficient to identify all AMN's or Newman's banks and other

5  financial institutions.

6  **RESPONSE TO REQUEST NO. 28:**

7      AMN objects to this Request on the grounds on the ground that it fails to identify

8  the information sought with reasonable particularity and is overbroad.  AMN further

9  objects on the ground that the Request seeks discovery on a matter not relevant to any

10  party's claim or defense and not proportional to the needs of the case.  Among other

11  things, the requested information is not relevant to any measure of damages, including

12  punitive damages.  AMN further objects to the Request on the grounds that it calls for

13  the production of confidential, commercial, proprietary information and/or information

14  that is otherwise protected by the right to privacy, including the privacy rights of Mr.

15  Newman.  To the extent that the Courts holds that such information is relevant to

16  punitive damages (which AMN disputes), the production of any such information should

17  only be permitted under the terms of the parties' protective order and should be delayed

18  until a ruling on AMN's anticipated summary judgment motion, given the fact that: (1)

19  there is only a single cause of action (the fifth cause of action) under which Athena *may*

20  be entitled to exemplary damages, and that cause of action will not be reached unless

21  Athena first prevails on its contract claim at a bifurcated trial; and (2) Athena has yet to

22  provide any of the required damages information or related documents in its initial

23  disclosures and, indeed, has failed to provide *any* evidence in support of its claims as

24  part of its initial disclosures. AMN further objects on the ground that this Request is

25  actually an interrogatory in the guise of a document request.

26  **REQUEST NO. 29:**

27      Documents sufficient to show the name, title, home and office address, email

28  address and phone numbers for all AMN managers.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  **RESPONSE TO REQUEST NO. 29:**

2      AMN objects to this Request on the ground that it seeks discovery on a matter not

3  relevant to any party's claim or defense and which is protected by the right to privacy,

4  including the privacy rights employees or managers. AMN further objects on the ground

5  that this Request is actually an interrogatory in the guise of a document request.

6  **REQUEST NO. 30:**

7      The profit and loss statements of AMN.

8  **RESPONSE NO. 30:**

9      AMN objects to this Request on the ground that it seeks discovery on a matter not

10  relevant to any party's claim or defense and not proportional to the needs of the case.

11  Among other things, the Request is not limited to profits or losses attributed to any sales

12  of Athena products.  In addition, Plaintiff has yet to provide its computation of damages

13  in its initial disclosures and has not stated in its initial disclosures that it intends to seek a

14  remedy based upon AMN's profits.  In addition, the trial of the Sixth Cause of Action

15  alleging the breach of the parties' settlement agreement has been bifurcated from the

16  remaining causes of action and AMN intends to bring a motion for summary judgment

17  on that cause of action.  To the extent that the Courts holds that such information is

18  relevant to punitive damages (which AMN disputes), the production of any such

19  information should only be permitted under the terms of the parties' protective order and

20  should be delayed until a ruling on AMN's anticipated summary judgment motion, given

21  the fact that: (1) there is only a single cause of action (the fifth cause of action) under

22  which Athena *may* be entitled to exemplary damages, and that cause of action will not be

23  reached unless Athena first prevails on its contract claim at a bifurcated trial; and (2)

24  Athena has yet to provide any of the required damages calculations or related documents

25  in its initial disclosures and, indeed, has failed to provide *any* evidence in support of its

26  claims as part of its initial disclosures.  AMN also objects to this Request on the grounds

27  that it calls for the production of confidential, commercial, proprietary information

28  and/or information that is otherwise protected by the right to privacy.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    **REQUEST NO. 31:**

2       Photographs or other images of the inside and outside of all AMN facilities and

3   offices including those shared with any other Person.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

5       AMN objects to this Request on the grounds on the ground that it fails to identify

6   the information sought with reasonable particularity and is overbroad.  AMN further

7   objects on the ground that the Request seeks discovery on a matter not relevant to any

8   party's claim or defense.

9    **REQUEST NO. 32:**

10      All Documents that support AMN's affirmative defense that Athena and AMN

11   were parties to a contract.

12    **RESPONSE NO. 32:**

13      AMN objects to this Request on the ground that that it vague and ambiguous and

14   fails to identify the information sought with reasonable particularity. Athena has

15   admitted in prefatory instruction no. 11 to the Requests that it has elected to

16   "paraphrase" the affirmative defenses rather than used the actual language set forth in

17   AMN's answer.   Any effort by Athena to recharacterize or mischaracterize an

18   affirmative defense and then demand that AMN respond to that recharacterization or

19   mischaracterization constitutes an abuse of the discovery process.  Athena has not even

20   taken the effort to refer to any affirmative defense by the specific number used by AMN

21   in its answer.  In addition, the only operative answer in this proceeding is the Answer of

22   AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff

23   Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and

24   superseded any prior answered filed by AMN.  AMN also objects to the Request to the

25   extent that it calls for documents or information protected from discovery by the

26   attorney-client privilege and/or the attorney work-product doctrine.  Subject to and

27   without waiving the foregoing and GENERAL OBJECTIONS, and construing the

28

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   Request as referring to AMN's sixth affirmative defense in its ANSWER that "Plaintiffs

2   claims are barred by the parties' settlement," AMN responds as follows:

3       Athena already has a copy of the parties' settlement.  In addition, AMN attached a

4   copy of the settlement, with redacted schedules, to the ANSWER that it filed and served

5   in this proceeding.  If Athena needs an additional copy of the parties' settlement

6   agreement, AMN will provide Athena with an additional copy at Athena's expense upon

7   written request to AMN's counsel.

8   **REQUEST NO. 33:**

9       All Documents that support AMN's affirmative defense that any AMN failure to

10  perform any obligation resulted from Athena's failure to perform material services

11  required of Athena.

12  **RESPONSE NO. 33:**

13      AMN objects to this Request on the ground that that it vague and ambiguous and

14  fails to identify the discovery sought with reasonable particularity.  Athena has admitted

15  in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the

16  affirmative defenses rather than used the actual language set forth in AMN's answer.

17  Any effort by Athena to recharacterize or mischaracterize an affirmative defense and

18  then demand that AMN respond to that recharacterization or mischaracterization

19  constitutes an abuse of the discovery process.  To confuse matters even more, Athena

20  has not even taken the effort to refer to any affirmative defense by the specific number

21  used by AMN in its answer.  In addition, the only operative answer in this proceeding is

22  the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended

23  Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on

24  April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to

25  the Request to the extent that it calls for documents or information protected from

26  discovery by the attorney-client privilege and/or the attorney work-product doctrine.  To

27  the extent that the Request is seeking discovery relating to AMN's prior answer, AMN

28

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  objects on the ground that the Request seeks discovery on a matter that is not "relevant

2  to any party's claim or defense."

3        Subject to and without waiving the foregoing and GENERAL OBJECTIONS,

4  AMN responds as follows:  AMN has not alleged "Athena's failure to perform material

5  services required of Athena" as an affirmative defense in its ANSWER.

6  **REQUEST NO. 34:**

7        All Documents that support AMN's affirmative defense that AMN's failure to

8  perform any obligation resulted from Athena's failure to perform material services.

9  **RESPONSE NO. 34:**

10       AMN objects to this Request on the ground that that it vague and ambiguous and

11  fails to identify the discovery sought with reasonable particularity. Athena has admitted

12  in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the

13  affirmative defenses rather than used the actual language set forth in AMN's answer.

14  Any effort by Athena to recharacterize or mischaracterize an affirmative defense and

15  then demand that AMN respond to that recharacterization or mischaracterization

16  constitutes an abuse of the discovery process.  To confuse matters even more, Athena

17  has not even taken the effort to refer to any affirmative defense by the specific number

18  used by AMN in its answer.  In addition, the only operative answer in this proceeding is

19  the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended

20  Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on

21  April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to

22  the Request to the extent that it calls for documents or information protected from

23  discovery by the attorney-client privilege and/or the attorney work-product doctrine. To

24  the extent that the Request is seeking discovery relating to AMN's prior answer, AMN

25  objects on the ground that the Request seeks discovery on a matter that is not "relevant

26  to any party's claim or defense."

27

28

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    Subject to and without waiving the foregoing and GENERAL OBJECTIONS,

2  AMN responds as follows:  AMN has not alleged "Athena's failure to perform material

3  services" as an affirmative defense in its ANSWER.

4  **REQUEST NO. 35:**

5    All Documents that support AMN's affirmative defense that AMN's failure to

6  perform any obligation constituted a prior breach by Athena that excused and discharged

7  the performance of any obligations by AMN.

8  **RESPONSE NO. 35:**

9    AMN objects to this Request on the ground that that it vague and ambiguous and

10  fails to identify the discovery sought with reasonable particularity. Athena has admitted

11  in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the

12  affirmative defenses rather than used the actual language set forth in AMN's answer.

13  Any effort by Athena to recharacterize or mischaracterize an affirmative defense and

14  then demand that AMN respond to that recharacterization or mischaracterization

15  constitutes an abuse of the discovery process. To confuse matters even more, Athena has

16  not even taken the effort to refer to any affirmative defense by the specific number used

17  by AMN in its answer.  In addition, the only operative answer in this proceeding is the

18  Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of

19  Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021

20  and superseded any prior answered filed by AMN.  AMN also objects to the Request to

21  the extent that it calls for documents or information protected from discovery by the

22  attorney-client privilege and/or the attorney work-product doctrine.  To the extent that

23  the Request is seeking discovery relating to AMN's prior answer, AMN objects on the

24  ground that the Request seeks discovery on a matter that is not "relevant to any party's

25  claim or defense."

26    Subject to and without waiving the foregoing and GENERAL OBJECTIONS,

27  AMN responds as follows:  AMN has not alleged "that AMN's failure to perform any

28

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   obligation constituted a prior breach by Athena that excused and discharged the

2   performance of any obligations by AMN" as an affirmative defense in its ANSWER.

3   **REQUEST NO. 36:**

4       All Documents that support AMN's affirmative defense that a condition precedent

5   to AMN's performance was the reasonable and satisfactory performance on the part of

6   Athena.

7   **RESPONSE TO REQUEST NO. 36:**

8       AMN objects to this Request on the ground that that it vague and ambiguous and

9   fails to identify the discovery sought with reasonable particularity. Athena has admitted

10  in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the

11  affirmative defenses rather than used the actual language set forth in AMN's answer.

12  Any effort by Athena to recharacterize or mischaracterize an affirmative defense and

13  then demand that AMN respond to that recharacterization or mischaracterization

14  constitutes an abuse of the discovery process. To confuse matters even more, Athena has

15  not even taken the effort to refer to any affirmative defense by the specific number used

16  by AMN in its answer.  In addition, the only operative answer in this proceeding is the

17  Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of

18  Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021

19  and superseded any prior answered filed by AMN.  AMN also objects to the Request to

20  the extent that it calls for documents or information protected from discovery by the

21  attorney-client privilege and/or the attorney work-product doctrine.  To the extent that

22  the Request is seeking discovery relating to AMN's prior answer, AMN objects on the

23  ground that the Request seeks discovery on a matter that is not "relevant to any party's

24  claim or defense."

25      Subject to and without waiving the foregoing and GENERAL OBJECTIONS,

26  AMN responds as follows:  AMN has not alleged "that a condition precedent to AMN's

27  performance was the reasonable and satisfactory performance on the part of Athena" as

28  an affirmative defense in its ANSWER.

**REQUEST NO. 37:**

All Documents that support AMN's affirmative defense that any failure on its part to perform any obligation attributable to it resulted from Athena's failure to provide reasonable and satisfactory performance of its obligations.

**RESPONSE TO REQUEST NO. 37:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the discovery sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer. Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process. To confuse matters even more, Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent that the Request is seeking discovery relating to AMN's prior answer, AMN objects on the ground that the Request seeks discovery on a matter that is not "relevant to any party's claim or defense."

Subject to and without waiving the foregoing and GENERAL OBJECTIONS, AMN responds as follows:  AMN has not alleged "that any failure on its part to perform any obligation attributable to it resulted from Athena's failure to provide reasonable and satisfactory performance of its obligations" as an affirmative defense in its ANSWER.

- 33 -

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 38:**

All Documents that support AMN's affirmative defense that any failure of condition precedent excused and discharged the performance of any AMN obligations.

**RESPONSE TO REQUEST NO. 38:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the discovery sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer. Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process. To confuse matters even more, Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent that the Request is seeking discovery relating to AMN's prior answer, AMN objects on the ground that the Request seeks discovery on a matter that is not "relevant to any party's claim or defense."

Subject to and without waiving the foregoing and GENERAL OBJECTIONS, AMN responds as follows:  AMN has not alleged "that any failure of condition precedent excused and discharged the performance of any AMN obligations" as an affirmative defense in its ANSWER.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 39:**

All Documents that support AMN's affirmative defense that a constructive and implied concurrent condition of performance was Athena's reasonable and satisfactory performance.

**RESPONSE TO REQUEST NO. 39:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the discovery sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer. Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process. To confuse matters even more, Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent that the Request is seeking discovery relating to AMN's prior answer, AMN objects on the ground that the Request seeks discovery on a matter that is not "relevant to any party's claim or defense."

Subject to and without waiving the foregoing and GENERAL OBJECTIONS, AMN responds as follows:  AMN has not alleged "that a constructive and implied concurrent condition of performance was Athena's reasonable and satisfactory performance" as an affirmative defense in its ANSWER.

**REQUEST NO. 40:**

All Documents that support AMN's affirmative defense that any failure on its part to perform any obligation attributable to AMN resulted from Athena's failure to provide such reasonable and satisfactory performance of its obligations.

**RESPONSE TO REQUEST NO. 40:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the discovery sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer. Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process. To confuse matters even more, Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent that the Request is seeking discovery relating to AMN's prior answer, AMN objects on the ground that the Request seeks discovery on a matter that is not "relevant to any party's claim or defense."

Subject to and without waiving the foregoing and GENERAL OBJECTIONS, AMN responds as follows:  AMN has not alleged "that any failure on its part to perform any obligation attributable to AMN resulted from Athena's failure to provide such reasonable and satisfactory performance of its obligations" as an affirmative defense in its ANSWER.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 41:**

All Documents that support AMN's affirmative defense that Athena's failure to perform any obligation of a concurrent condition attributable to AMN excused and discharged the performance of any obligations by AMN.

**RESPONSE TO REQUEST NO. 41:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the discovery sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer. Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process. To confuse matters even more, Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent that the Request is seeking discovery relating to AMN's prior answer, AMN objects on the ground that the Request seeks discovery on a matter that is not "relevant to any party's claim or defense."

Subject to and without waiving the foregoing and GENERAL OBJECTIONS, AMN responds as follows:  AMN has not alleged "that Athena's failure to perform any obligation of a concurrent condition attributable to AMN excused and discharged the performance of any obligations by AMN" as an affirmative defense in its ANSWER.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 42:**

All Documents that support AMN's affirmative defense that any failure to perform any obligation attributable to AMN, resulted from Athena's failure to perform material services required of Athena.

**RESPONSE TO REQUEST NO. 42:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the discovery sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer. Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process. To confuse matters even more, Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent that the Request is seeking discovery relating to AMN's prior answer, AMN objects on the ground that the Request seeks discovery on a matter that is not "relevant to any party's claim or defense."

Subject to and without waiving the foregoing and GENERAL OBJECTIONS, AMN responds as follows:  AMN has not alleged "that any failure to perform any obligation attributable to AMN, resulted from Athena's failure to perform material services required of Athena" as an affirmative defense in its ANSWER.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 43:**

All Documents that support AMN's affirmative defense that any that Athena's failure to perform any obligation constituted a material failure of consideration which excused and discharged the performance of any obligation by AMN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the discovery sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer. Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process. To confuse matters even more, Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent that the Request is seeking discovery relating to AMN's prior answer, AMN objects on the ground that the Request seeks discovery on a matter that is not "relevant to any party's claim or defense."

Subject to and without waiving the foregoing and GENERAL OBJECTIONS, AMN responds as follows:  AMN has not alleged "that any that Athena's failure to perform any obligation constituted a material failure of consideration which excused and discharged the performance of any obligation by AMN" as an affirmative defense in its ANSWER.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 44:**

All Documents that support AMN's affirmative defense that the Doctrine of
Frustration of Purpose bars Athena is barred from obtaining the relief sought.

**RESPONSE TO REQUEST NO. 44:**

AMN objects to this Request on the ground that that it vague and ambiguous and
fails to identify the discovery sought with reasonable particularity. Athena has admitted
in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the
affirmative defenses rather than used the actual language set forth in AMN's answer.
Any effort by Athena to recharacterize or mischaracterize an affirmative defense and
then demand that AMN respond to that recharacterization or mischaracterization
constitutes an abuse of the discovery process. To confuse matters even more, Athena has
not even taken the effort to refer to any affirmative defense by the specific number used
by AMN in its answer.  In addition, the only operative answer in this proceeding is the
Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of
Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021
and superseded any prior answered filed by AMN.  AMN also objects to the Request to
the extent that it calls for documents or information protected from discovery by the
attorney-client privilege and/or the attorney work-product doctrine.  To the extent that
the Request is seeking discovery relating to AMN's prior answer, AMN objects on the
ground that the Request seeks discovery on a matter that is not "relevant to any party's
claim or defense."

Subject to and without waiving the foregoing and GENERAL OBJECTIONS,
AMN responds as follows:  AMN has not alleged "that the Doctrine of Frustration of
Purpose bars Athena is barred from obtaining the relief sought" as an affirmative
defense in its ANSWER.

**REQUEST NO. 45:**

All Documents that support AMN's affirmative defense that the Statute of
Limitations including, but not limited to, California Code of Civil Procedure

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  Sections 337, 338, 339, 340, 343 and 344, and California Corporations Code

2  §25506 bars all Athena claims.

3  **RESPONSE TO REQUEST NO. 45:**

4   AMN objects to this Request on the ground that that it vague and ambiguous and

5  fails to identify the discovery sought with reasonable particularity. Athena has admitted

6  in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the

7  affirmative defenses rather than used the actual language set forth in AMN's answer.

8  Any effort by Athena to recharacterize or mischaracterize an affirmative defense and

9  then demand that AMN respond to that recharacterization or mischaracterization

10  constitutes an abuse of the discovery process. To confuse matters even more, Athena has

11  not even taken the effort to refer to any affirmative defense by the specific number used

12  by AMN in its answer.  In addition, the only operative answer in this proceeding is the

13  Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of

14  Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021

15  and superseded any prior answered filed by AMN.  AMN also objects to the Request to

16  the extent that it calls for documents or information protected from discovery by the

17  attorney-client privilege and/or the attorney work-product doctrine.  To the extent that

18  the Request is seeking discovery relating to AMN's prior answer, AMN objects on the

19  ground that the Request seeks discovery on a matter that is not "relevant to any party's

20  claim or defense."

21   Subject to and without waiving the foregoing and GENERAL OBJECTIONS,

22  AMN responds as follows:  AMN has not alleged the statute of limitations as an

23  affirmative defense in its ANSWER.

24  **REQUEST NO. 46:**

25   All Documents that support AMN's affirmative defense of the Doctrine of Waiver

26  and Release bars all Athena claims.

27

28

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST NO. 46:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the information sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer.   Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process.  Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  Subject to and without waiving the foregoing and GENERAL OBJECTIONS, and construing the Request as referring to AMN's fourth and fifth affirmative defense in its ANSWER, AMN responds as follows:

AMN will produce all non-privileged documents within its possession, custody or control that are responsive to this request as so construed.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents that support AMN's affirmative defense that the Doctrine of Estoppel bars Athena's claims.

**RESPONSE TO REQUEST NO. 47:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the information sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    AMN's answer.   Any effort by Athena to recharacterize or mischaracterize an

2    affirmative defense and then demand that AMN respond to that recharacterization or

3    mischaracterization constitutes an abuse of the discovery process.  Athena has not even

4    taken the effort to refer to any affirmative defense by the specific number used by AMN

5    in its answer.  In addition, the only operative answer in this proceeding is the Answer of

6    AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff

7    Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and

8    superseded any prior answered filed by AMN.  AMN also objects to the Request to the

9    extent that it calls for documents or information protected from discovery by the

10   attorney-client privilege and/or the attorney work-product doctrine.  Subject to and

11   without waiving the foregoing and GENERAL OBJECTIONS, and construing the

12   Request as referring to AMN's third affirmative defense in its ANSWER, AMN

13   responds as follows:

14        AMN will produce all non-privileged documents within its possession, custody or

15   control that are responsive to this request as so construed.

16   **REQUEST NO. 48:**

17        All Documents that support AMN's affirmative defense that the Doctrine of

18   Laches Athena bars Athena's claims.

19   **RESPONSE TO REQUEST NO. 48:**

20        AMN objects to this Request on the ground that that it vague and ambiguous and

21   fails to identify the information sought with reasonable particularity. Athena has

22   admitted in prefatory instruction no. 11 to the Requests that it has elected to

23   "paraphrase" the affirmative defenses rather than used the actual language set forth in

24   AMN's answer.   Any effort by Athena to recharacterize or mischaracterize an

25   affirmative defense and then demand that AMN respond to that recharacterization or

26   mischaracterization constitutes an abuse of the discovery process.  Athena has not even

27   taken the effort to refer to any affirmative defense by the specific number used by AMN

28   in its answer.  In addition, the only operative answer in this proceeding is the Answer of

- 43 -
DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff

2   Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and

3   superseded any prior answered filed by AMN.  AMN also objects to the Request to the

4   extent that it calls for documents or information protected from discovery by the

5   attorney-client privilege and/or the attorney work-product doctrine.  Subject to and

6   without waiving the foregoing and GENERAL OBJECTIONS, and construing the

7   Request as referring to AMN's fifteenth affirmative defense in its ANSWER, AMN

8   responds as follows:

9           AMN will produce all non-privileged documents within its possession, custody or

10  control that are responsive to this request as so construed.

11  **REQUEST NO. 49:**

12          All Documents that support AMN's affirmative defense that the Doctrine of

13  Unclean Hands bars Athena's claims.

14  **RESPONSE TO REQUEST NO. 49:**

15          AMN objects to this Request on the ground that that it vague and ambiguous and

16  fails to identify the information sought with reasonable particularity. Athena has

17  admitted in prefatory instruction no. 11 to the Requests that it has elected to

18  "paraphrase" the affirmative defenses rather than used the actual language set forth in

19  AMN's answer.  Any effort by Athena to recharacterize or mischaracterize an

20  affirmative defense and then demand that AMN respond to that recharacterization or

21  mischaracterization constitutes an abuse of the discovery process.  Athena has not even

22  taken the effort to refer to any affirmative defense by the specific number used by AMN

23  in its answer.  In addition, the only operative answer in this proceeding is the Answer of

24  AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff

25  Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and

26  superseded any prior answered filed by AMN.  AMN also objects to the Request to the

27  extent that it calls for documents or information protected from discovery by the

28  attorney-client privilege and/or the attorney work-product doctrine.  Subject to and

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1 | without waiving the foregoing and GENERAL OBJECTIONS, and construing the

2 | Request as referring to AMN's second affirmative defense in its ANSWER, AMN

3 | responds as follows:

4 | AMN will produce all non-privileged documents within its possession, custody or

5 | control that are responsive to this request as so construed.

6 | **REQUEST NO. 50:**

7 | All Documents that support AMN's affirmative defense that Athena has failed to

8 | take reasonable steps to avoid, mitigate, or minimize his damages.

9 | **RESPONSE TO REQUEST NO. 50:**

10 | AMN objects to this Request on the ground that that it vague and ambiguous and

11 | fails to identify the information sought with reasonable particularity. Athena has

12 | admitted in prefatory instruction no. 11 to the Requests that it has elected to

13 | "paraphrase" the affirmative defenses rather than used the actual language set forth in

14 | AMN's answer.   Any effort by Athena to recharacterize or mischaracterize an

15 | affirmative defense and then demand that AMN respond to that recharacterization or

16 | mischaracterization constitutes an abuse of the discovery process.  Athena has not even

17 | taken the effort to refer to any affirmative defense by the specific number used by AMN

18 | in its answer.  In addition, the only operative answer in this proceeding is the Answer of

19 | AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff

20 | Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and

21 | superseded any prior answered filed by AMN.  AMN also objects to the Request to the

22 | extent that it calls for documents or information protected from discovery by the

23 | attorney-client privilege and/or the attorney work-product doctrine.  Subject to and

24 | without waiving the foregoing and GENERAL OBJECTIONS, and construing the

25 | Request as referring to AMN's seventh affirmative defense in its ANSWER that

26 | "Plaintiff has failed to mitigate its damages, if any," AMN responds as follows:

27 |

28 |

- 45 -
DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1      AMN's investigation and discovery is ongoing. Such documents are presumably

2 within the custody, possession, and control of Athena.  AMN reserves the right to

3 supplement its response.

4 **REQUEST NO. 51:**

5      All Documents that support AMN's affirmative defense the Statute of Frauds bars

6 Athena's claims.

7 **RESPONSE TO REQUEST NO. 51:**

8      AMN objects to this Request on the ground that that it vague and ambiguous and

9 fails to identify the discovery sought with reasonable particularity. Athena has admitted

10 in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the

11 affirmative defenses rather than used the actual language set forth in AMN's answer.

12 Any effort by Athena to recharacterize or mischaracterize an affirmative defense and

13 then demand that AMN respond to that recharacterization or mischaracterization

14 constitutes an abuse of the discovery process. To confuse matters even more, Athena has

15 not even taken the effort to refer to any affirmative defense by the specific number used

16 by AMN in its answer.  In addition, the only operative answer in this proceeding is the

17 Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of

18 Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021

19 and superseded any prior answered filed by AMN.  AMN also objects to the Request to

20 the extent that it calls for documents or information protected from discovery by the

21 attorney-client privilege and/or the attorney work-product doctrine.  To the extent that

22 the Request is seeking discovery relating to AMN's prior answer, AMN objects on the

23 ground that the Request seeks discovery on a matter that is not "relevant to any party's

24 claim or defense."

25      Subject to and without waiving the foregoing and GENERAL OBJECTIONS,

26 AMN responds as follows:  AMN has not alleged the statute of frauds as an affirmative

27 defense in its ANSWER.

28

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 52:**

Athena is barred from obtaining the relief sought or asserting the claims because AMN' claims against Athena offsets the claims and amounts alleged in the Third Amended Complaint to be due to Athena by AMN.

**RESPONSE TO REQUEST NO. 52:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the information sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer.   Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process.  Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  Subject to and without waiving the foregoing and GENERAL OBJECTIONS, and construing the Request as referring to AMN's eleventh affirmative defense in its ANSWER that "Defendants are entitled to an offset for amounts paid under the parties' settlement agreement," AMN responds as follow:

Athena already has a copy of the parties' settlement and evidence of the payment made to it thereunder.  In addition, AMN attached a copy of the settlement, with redacted schedules, to the ANSWER that it filed and served in this proceeding.  If Athena needs an additional copy of the parties' settlement agreement or proof of

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

payment, AMN will provide Athena with an additional copy at Athena's expense upon
written request to AMN's counsel.

**REQUEST NO. 53:**

All Documents that support AMN's affirmative defense that all injuries Athena
suffered are the direct and proximate result of negligence, recklessness,
or other wrongful conduct by third parties.

**RESPONSE TO REQUEST NO. 53:**

AMN objects to this Request on the ground that that it vague and ambiguous and
fails to identify the information sought with reasonable particularity. Athena has
admitted in prefatory instruction no. 11 to the Requests that it has elected to
"paraphrase" the affirmative defenses rather than used the actual language set forth in
AMN's answer.   Any effort by Athena to recharacterize or mischaracterize an
affirmative defense and then demand that AMN respond to that recharacterization or
mischaracterization constitutes an abuse of the discovery process.  Athena has not even
taken the effort to refer to any affirmative defense by the specific number used by AMN
in its answer.  In addition, the only operative answer in this proceeding is the Answer of
AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff
Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and
superseded any prior answered filed by AMN.  AMN also objects to the Request to the
extent that it calls for documents or information protected from discovery by the
attorney-client privilege and/or the attorney work-product doctrine.  Subject to and
without waiving the foregoing and GENERAL OBJECTIONS, and construing the
Request as referring to AMN's tenth affirmative defense in its ANSWER, AMN
responds as follows:

AMN's investigation and discovery is ongoing. Such documents are presumably
within the custody, possession, and control of Athena.  Such documents are presumably
within the custody, possession, and control of Athena as Athena has yet to provide a

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  computation of damages or provide any evidence of damages in its initial disclosures.

2  AMN reserves the right to supplement its response.

3  **REQUEST NO. 54:**

4      All Documents that support AMN's affirmative defense that Athena assumed the

5  risk involved in its transaction with AMN.

6  **RESPONSE TO REQUEST NO. 54:**

7      AMN objects to this Request on the ground that that it vague and ambiguous and

8  fails to identify the discovery sought with reasonable particularity. Athena has admitted

9  in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the

10  affirmative defenses rather than used the actual language set forth in AMN's answer.

11  Any effort by Athena to recharacterize or mischaracterize an affirmative defense and

12  then demand that AMN respond to that recharacterization or mischaracterization

13  constitutes an abuse of the discovery process. To confuse matters even more, Athena has

14  not even taken the effort to refer to any affirmative defense by the specific number used

15  by AMN in its answer.  In addition, the only operative answer in this proceeding is the

16  Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of

17  Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021

18  and superseded any prior answered filed by AMN.  AMN also objects to the Request to

19  the extent that it calls for documents or information protected from discovery by the

20  attorney-client privilege and/or the attorney work-product doctrine.  To the extent that

21  the Request is seeking discovery relating to AMN's prior answer, AMN objects on the

22  ground that the Request seeks discovery on a matter that is not "relevant to any party's

23  claim or defense."

24      Subject to and without waiving the foregoing and GENERAL OBJECTIONS,

25  AMN responds as follows:  AMN has not alleged "that Athena assumed the risk

26  involved in its transaction with AMN" as an affirmative defense in its ANSWER.

27  **REQUEST NO. 55:**

28      All Documents that support AMN's affirmative defense of mutual mistake.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST NO. 55:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the discovery sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer. Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process. To confuse matters even more, Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent that the Request is seeking discovery relating to AMN's prior answer, AMN objects on the ground that the Request seeks discovery on a matter that is not "relevant to any party's claim or defense."

Subject to and without waiving the foregoing and GENERAL OBJECTIONS, AMN responds as follows:  AMN has not alleged "mutual mistake" as an affirmative defense in its ANSWER.

**REQUEST FOR PRODUCTION NO. 56:**

All Documents that support AMN's affirmative defense that Athena authorized AMN's conduct that might otherwise constitute a breach of contract, a breach of fiduciary duty, or a violation of statutes.

**RESPONSE TO REQUEST NO. 56:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the discovery sought with reasonable particularity. Athena has admitted

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the

2   affirmative defenses rather than used the actual language set forth in AMN's answer.

3   Any effort by Athena to recharacterize or mischaracterize an affirmative defense and

4   then demand that AMN respond to that recharacterization or mischaracterization

5   constitutes an abuse of the discovery process. To confuse matters even more, Athena has

6   not even taken the effort to refer to any affirmative defense by the specific number used

7   by AMN in its answer.  In addition, the only operative answer in this proceeding is the

8   Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of

9   Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021

10  and superseded any prior answered filed by AMN. AMN also objects to the Request to

11  the extent that it calls for documents or information protected from discovery by the

12  attorney-client privilege and/or the attorney work-product doctrine. To the extent that the

13  Request is seeking discovery relating to AMN's prior answer, AMN objects on the

14  ground that the Request seeks discovery on a matter that is not "relevant to any party's

15  claim or defense."

16      Subject to and without waiving the foregoing and GENERAL OBJECTIONS,

17  AMN responds as follows:  AMN has not alleged that "Athena authorized AMN's

18  conduct that might otherwise constitute a breach of contract, a breach of fiduciary duty,

19  or a violation of statutes" as an affirmative defense in its ANSWER.

20

21  DATED:  May 20, 2021          DAVID C. VOSS, JR.

22                                VOSS, SILVERMAN & BRAYBROOKE, LLP

23

24                          By: _____

25                                David C. Voss, Jr.
                                  Attorneys for Defendant AMN
26                                DISTRIBUTION, INC.

27

28

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

## PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 4640 Admiralty Way, Suite 800, Marina del Rey, California, 90292.

On May 20, 2021, I served the following document(s): **DEFENDANT AMN DISTRIBUTION INC.'S RESPONSES TO PLAINTIFF ATHENA COSMETIC, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as indicated below or on the attached service list as follows:

Marina Lang
Michael D. Harris
Brian S. Tamsut
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
(counsel for Plaintiff)
mlang@socalip.com
mharris@socalip.com
btamsut@socalip.com

**( )** **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons listed above or in the attached service list and:

( ) deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

( ) placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Marina Del Rey, California.

**(X) (By E-Mail)** I caused the above-referenced document(s) to be transmitted by e-mail transmission to the interested parties at the e-mail addresses listed above or on the attached service list. I did not receive, with a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The foregoing method of service was pursuant to the express written consent of the parties served.

( )  **(By Overnight Delivery)**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above or in the attached service list. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

( )  **(By Messenger Service)** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above or in the attached service list and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

I declare under penalty of perjury under the laws of the United States and State of California that the above is true and correct.

     Executed on May 20, 2021 at Marina Del Rey, California.

                                   Maria Franco