1  DAVID C. VOSS, JR. (State Bar No. 147330)
   david@vsbllp.com
2  VOSS, SILVERMAN & BRAYBROOKE LLP
3  4640 Admiralty Way, Suite 800
   Marina Del Rey, California 90292-6602
4  T: (310) 306-0515/ F: (310) 306-5368

5

6  Attorneys for Defendants Moishe Newman and
   AMN Distribution, Inc.

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                 WESTERN DIVISION

11

12  ATHENA COSMETICS, INC.,                   ) Case No. 2:20-cv-05526-SVW-SHK
                                              )
13                    Plaintiff               ) **OPPOSITION TO EX PARTE**
                                              ) **APPLICATION FOR ORDER**
14                                            ) **PERMITTING IT TO FILE MOTION**
        v.                                    ) **IN LIMINE AND DECLARATION OF**
15                                            ) **DAVID C. VOSS, JR. IN OPPOSITION**
16  AMN DISTRIBUTION, INC., MOISHE            )
    NEWMAN, an individual d/b/a BRUSH         )
17  EXPRESS, and DOES 1-10, INCLUSIVE,        ) PTC:   November 6, 2021
18                                            ) Time:  3:00 p.m.
                                              ) Trial: November 16, 2021
19                    Defendants              ) Place: Courtroom 10A
20                                            )        First Street Courthouse
                                              )        350 W. 1st Street, 10th Floor,
21                                            )        Los Angeles, California 90012
22                                            )
                                              )
23

24

25

26

27

28

## OPPOSITION

Defendants hereby submit that the arguments raised by Plaintiff in support of their Ex Parte Application are not well taken as may be seen from the Declaration of David C. Voss, Jr. which is a part hereof.

## DECLARATION OF DAVID C. VOSS, JR.

I, David C. Voss, Jr., declare:

1.      I am an attorney, duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California.  I am the managing partner of the law firm of Voss, Silverman & Braybrooke LLP, counsel for defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" and collectively, "Defendants.")  As lead trial counsel for Defendants in this matter, I am familiar with the pleadings and files in this matter, including the initial disclosures and discovery exchanged by the parties. Unless otherwise stated, I have personal knowledge of the facts set forth herein which I know to be true and correct and, if called as a witness, I could and would competently testify with respect thereto.

2.      I submit this declaration in opposition to the ex parte application of plaintiff Athena Cosmetic's Inc. ("Athena" or "Plaintiff") "For Order Permitting Plaintiff Athena to File Motion In Limine to Exclude Defendant Moishe Newman from Testifying At Trial."

3.      Defendants are not opposed to Court hearing Plaintiff's motion in limine heard on the November 16 trial date as proposed by Plaintiff, *subject to the proviso* that Defendants also be permitted sufficient time to *file a written opposition and also have their motions in limine heard on November 16.*  Defendants intend to seek an order excluding all evidence of Plaintiff's damages and prohibiting Plaintiff (and any witness or person under its control) from introducing, mentioning or presenting any evidence, testimony, or argument with respect to damages on any of Plaintiff's claims at all phases of the trial of this matter as a result of Plaintiff's repeated and failure to provide any of

DECLARATION OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

1 || the damages disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

2 || (Dkt. 141, p. 13).

3      4.      Defendants dispute the facts set forth in Plaintiff's ex parte application,

4 || motion in limine, and accompany declaration.  Should the Court entertain Plaintiff's

5 || motion in limine, Defendants will fully respond in greater detail. For the purposes of the

6 || ex parte, Defendants wish to point out the below discrepancies.

7      5.      Plaintiff has failed to comply with Local Rule 7-19 in filing the instant Ex

8 || Parte Application in failing "…to make reasonable, good faith efforts orally to advise

9 || counsel for all other parties…" L.R. 7-19.1

10      6.      Mr. Harris sent an email asking Mr. Voss on Thursday at 5:16 p.m. stating

11 || "I must call you about the ex parte motion.  If you are in trial, email me a convenient

12 || time to call."  I was in trial (I finished a two week long jury trial that very Thursday

13 || afternoon) and as asked I emailed him back and I emailed him back the following day

14 || stating right at the top of the email that:

15      "As I am now out of trial, I am available Monday, Tuesday, Wednesday or Thursday

16      for both the call "about the ex parte motion" and to meet and confer on any all

17      remaining issues to go to the Magistrate and make any and all other final

18      arrangements before trial November 16."

19      7.      A true and correct copy of that email from Voss to Harris et.al. dated Oct.

20 || 29, 2021 is attached hereto as Exhibit "A".

21      8.      Two and one half hours after I sent that email to counsel for Athena, they

22 || filed the Ex Parte Application making no effort to respond.  I also note that Mr. Harris

23 || has on most occasions contacted me on my cell phone number which he has, but made

24 || no effort to call me there on this occasion.  I further note that my email was set to advise

25 || all senders that:

26      "Brandon and I are starting a jury trial commencing Wednesday October 19 in Long Beach

27      Dept 27 (we picked the jury on Monday).  I expect I will be out of the office in that trial for

28

DECLARATION OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

the rest of this week and all of next week.  If this is an urgent matter, please call the office at 310.306.0515.  Thank you."

9.      Since that email was sent on Friday, Mr. Harris has not called me to conduct that call or even to arrange a time for that call.  No oral notice has ever been received.

10.      Plaintiff represents that Defendant Moishe Newman refuses to be deposed. This is untrue.

11.      Further reference to the Exhibit "A" provides detail establishing Defendants efforts to *mutually* schedule our clients depositions before trial; to wit:

"Four times now I have written to you proposing the deposition of Mark Newman and agreed it be virtual but need to accommodate the time difference with Australia.  We even talked about it two weeks ago!

a.  On July 28, I wrote as follows:

"In order to work around the 17 hour time difference and Mr. Newman's observation of the Sabbath, I propose the following dates and times available on my calendar:

Thursday, August 12 commencing at 3pm

Monday, August 16 commencing at 3pm

Tuesday, August 17 commencing at 3pm

As I discussed with you previously, I am leaving for a vacation headed out of the country for my 2d anniversary on Wednesday August 18 and returning to Los Angeles on the morning of Monday, August 30.

Likewise, when are you and your client available for the 30(b)(6) of Athena?  Please provide dates so that I may notice same."

- 4 -

b. On October 12, I offered the deposition of Mark Newman "on a mutually agreeable time and date in advance of trial in this matter which works around the 17 hour time difference and Mr. Newman's observation of the Sabbath. (Generally this means Monday through Thursday at 3pm and reminder I am trying to move my other trial.)

c. On October 13, we telephonically discussed my written proposal for mutual 30(b)(6) depos and you said you would get back to me after speaking with Ms. Lang.

d. On October 19, I repeated my offer: **\*\*\* We have no response at all from you on our proposal for mutual 30(b)(6) depositions which was sent to you a week ago last Tuesday October 12.  When we spoke *after* I sent that to you , you said you would get back to me, but I have heard nothing in reply.**

e. On October 25, I again asked for a response: "Clearly you are ignoring my email sent to you on Tuesday, October 20 to which I received no reply""

See attached Exhibit "A", highlight in original.

12.     The October 25 email is attached as Exhibit "B" to show my repeated efforts to get Mr. Harris to respond to arranging these depositions including my statement that "I have had ZERO response to my written proposal for moving forward with the 30(b)(6) depositions before trial which I sent to you almost two weeks ago." Highlight in original.

13.     I also point out that the issue raised in paragraph 3 hereinabove regarding Plaintiff's failure to provide answers to interrogatories was extensively detailed and is the basis for Defendants' intended motion in limine to exclude evidence together with Plaintiff's failure to comply with the disclosure requirements of Local Rule 16.

14.     Counsel misrepresents that there are two 30(b)(6) motions for which Defendant failed to show up.  The true facts are set forth in my email attached as Exhibit "A'; to wit:

DECLARATION OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

"Your statement that this is the third time he did not show ignores the fact that **on the prior occasions Magistrate Judge Kewalramani ruled that there was no proper service of the notice of deposition.** We have NOT failed to show for a properly noticed 30(b)(6)! Reminder – your words on September 3, 2021 – **"I am delaying taking a Rule 30(b)(6) deposition on AMN until I have more documents from defendants."** Declaration of Michael Harris Supporting Opposition to Defendants Motion to Bifurcate Discovery p.2, lns. 18-19 Dkt # 107-1.  We did not make you delay and we are not responsible for the failure to properly serve any other prior attempts many months ago.  This was your decision and your decision alone."

15.    Athena contends that Defendants objected to its Request for Production of Documents and that "Defendants produced almost no documents."  Again, Athena fails to advise the court that those discovery issues were resolved by Magistrate Judge Kewalramani and that it was provided almost 5000 pages of documents and has over 15000 pages of third party documents for which Defendants made not one single objection.

16.    On July 28, 2021, the Magistrate Judge "…discussed each interrogatory and responses at issue…" (Dkt. #96) the result of which was that Defendants made one minor addition to a single interrogatory answer and provided almost 5000 pages of documents responsive to the Request for Production of Documents after the Magistrate Judge upheld numerous objections to same and counsel further met and conferred on remaining disputes.

17.    Contrary to Athena's contentions, during the final Informal Discovery Hearing before the Magistrate Judge on September 8, 2021 (Dkt. #110) we noted to the Magistrate Judge that:

"WHAT WE PRODUCED AS PART OF THE 4,700 PAGES OF DOCUMENTS THAT WE SENT ORDER -- OVER WAS LITERALLY EVERY SINGLE ORDER, THE FULFILLMENT SHEET SHOWING THE CUSTOMER, EVEN THE UPS SHIPPING NUMBER."

DECLARATION OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

Transcript of IDH dated 9/8/2021 p.7, lns. 16-19.

18.    At the conclusion of the final Informal Discovery Hearing before the Magistrate Judge on September 8, 2021 (Dkt. #110) **Plaintiff had no further discovery disputes to be resolved with the assistance of the Magistrate Judge**; to wit:

"THE COURT: WELL -- WELL, IT SOUNDS LIKE -- MR. HARRIS, IT SOUNDS LIKE MR. VOSS IS REPRESENTING EXCEPT FOR TEXT MESSAGES THEY'VE SEARCHED ALL THEIR ELECTRONIC DATABASES FOR MATERIALS THAT ARE BEING SOUGHT PURSUANT TO THE RFPS AND INTERROGATORIES.

MR. HARRIS: THAT'S WHAT HE -- THAT IS WHAT HE'S SAYING NOW.

ONE OF --- ONE OF THE ISSUES THOUGH IS THESE DOCUMENTS THAT HE PRODUCED LAST WEEK OR TWO WEEKS AGO SAY WHAT -- WHAT RFP IT WAS ABOUT. AND I DON'T KNOW WHAT IT IS ABOUT.

IF HE'S SAYING IT'S EVERYTHING THAT THEY HAVE, THEN, OKAY, IT'S EVERYTHING THAT THEY HAVE

THE COURT: OKAY.

SO, WHAT DO YOU NEED FROM ME TODAY THEN, MR. HARRIS? MR. HARRIS: I -- IF -- AS I JUST SAID, IF I HAVE A REPRESENTATION THAT IT'S EVERYTHING THAT THEY HAVE, THEN, THAT'S FINE.

THE COURT: MR. HARRIS -- MR. HARRIS, YOU'VE HEARD WHAT I HEARD.

WHAT DO YOU WANT FROM ME TODAY THEN, SIR?

MR. HARRIS: NOTHING ELSE, YOUR HONOR.

THE COURT: OKAY. I THINK WE'VE GOT THIS RESOLVED THEN."

Transcript of Status Conference dated 9/10/2021 p.13-14, lns. 5-2.

DECLARATION OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION

1      19.    I declare under penalty of perjury under the laws of the United States that

2   the foregoing is true and correct.

3         Executed on November 1, 2021, in Marina Del Rey, California.

4

5                                            _____

6                                            DAVID C. VOSS, JR.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION