**David Voss**

| | |
|---|---|
| **From:** | David Voss |
| **Sent:** | Monday, October 25, 2021 12:38 AM |
| **To:** | Michael Harris |
| **Cc:** | Marina Lang; Anneliese Lomonaco; Maria Franco |
| **Subject:** | RE: Athena v. AMN A062.L20369 |

Mr. Harris:

Clearly you are ignoring my email sent to you on Tuesday, October 20 to which I received no reply:

> Dear Mr. Harris:
>
> **\*\*\* We have no response at all from you on our proposal for mutual 30(b)(6) depositions which was sent to you a week ago last Tuesday October 12. When we spoke *after* I sent that to you, you said you would get back to me, but I have heard nothing in reply.**
>
> Hmmmm. I walked straight out of the courtroom and sat on a bench near the elevators check email before leaving – never saw you again.
>
> I heard him twice say trial was on November 6 – and will not be continued – but I never heard him say that the jury trial clearly referenced on the docket was somehow now a bench trial. I thought it odd he demanded affidavits including foundation for all witnesses. But since he wouldn't let either one of us speak there was hardly a chance to tell him November 16 not 6.
>
> After talking to my trial judge on Monday, he gave me today to handle the Athena hearing. But, we handled all pretrial matters including motions in limine yesterday <u>and we picked a jury.</u> The judge told the jury we would not have trial today – but he also told me to tell Judge Wilson that his trial has priority! We have opening statements in the morning and call our first witness. I will be in trial all day every day through at least next Thursday if not Friday.
>
> I would like to do the three vendor depos you referenced the week after – Wednesday November 3 or 4???
>
> Sincerely,
> David Voss

==I have had ZERO response to my written proposal for moving forward with the 30(b)(6) depositions before trial which I sent to you almost two weeks ago.==

I also proposed dates for the vendor depos – and though my quick email from my phone may not be the best, I am amenable to conducting all of these depos remotely.

==I still need your interrogatory answers as I have detailed in writing or will likewise bring the matter before the Magistrate Judge.== As I wrote you on almost three weeks ago on October 13:

1

AMN's First Set of Interrogatories consist of 24 interrogatories, focused on: (a) the identification of facts, documents, and witnesses upon which Athena based its allegations that AMN breached the Settlement Agreement "by providing inaccurate and incomplete contact information of its customers and suppliers," including the identity of any persons or entities that were inaccurate, incomplete or omitted from Schedules 1 and 2, (Interrogatory Nos. 1-7); (b) the identification of facts, witness and documents upon which Athena based its allegation that Defendants breached the Settlement Agreement by continuing to sell Athena counterfeit goods, including an interrogatory requesting that Athena identify each such sale of counterfeits goods (Interrogatories 8-12); (c) information relating to damages sought by Athena's breach of settlement claim, including an explanation of damages, documents supporting the claim for damages, and an explanation of steps taken to mitigate damages (Interrogatories 13-15); and (d) the factual basis Athena's denials of the RFA's served concurrently with the Interrogatories (Interrogatories 16-24). The corresponding ten RFA's were focused on Plaintiff's breach of contract claim, including the breach and/or performance of Defendants' obligations thereunder.

Plaintiff's initial response to each and every interrogatory included almost an entire page of objections. (Responses 1-25.) Plaintiff followed its objections to all but one of the interrogatories with a "non-responsive" response[1], where Athena superficially offered to provide a response while providing no substantive response whatsoever. Athena answered each of the interrogatories, save interrogatory no. 16, as follows: "Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena will produce non-privileged materials, that it is able to locate after a reasonable search proportional to the needs of the case, sufficient to respond to this interrogatory." (Responses 1-15, 17-24).

Plaintiff subsequently provided amended responses to interrogatories 1 through 15, in which it still failed to provide basic facts and identify evidence in support of its breach of contract allegations, once again taking the position that it was Defendants' burden to somehow ascertain this from documents produced in the action or otherwise refusing to provide the requested information.[2] (Amended Responses 1-15). Plaintiff's initial and supplemental interrogatory responses failed to specifically identify a single witness, document or fact to support the elements of breach, damages, and causation.

Likewise, although Plaintiff's requests for admission responses consisted of blanket denials, Plaintiff once again failed to support these denials by identifying a single witness, specific document or fact in its corresponding interrogatory responses. (Interrogatory Responses 17-24; RFA Responses 2-10.) Tellingly, Plaintiff did not support, with a single fact, its denials that: (1) it lacked any evidence to support the alleged breaches of the Settlement Agreement; (2) it did not suffer any damages as a result of the alleged breaches; (3) Defendants performed all of their obligations under the Settlement Agreement; (4) Defendants satisfied any condition precedents to the release set forth in the Settlement Agreement; (5) that Plaintiff filed the FAC in violation of Rule 11. (Interrogatory Responses 17-24; RFA Responses 2-10.) Again, Plaintiff repeated its refrain that the answers could somehow be ascertained through documents produced by Plaintiff, even though Plaintiff was unable to point to specific documents or facts itself. (Interrogatory Responses 17-24).

It appears likely now that my jury trial that commenced last Monday (with day off Tuesday to allow me to appear on the MSJ) will end two days earlier than expected and perhaps as early as Tuesday afternoon.  **I suggest we plan to meet and confer on Wednesday afternoon with Thursday afternoon as a backup in case my trial is not completed.**

Given your willful ignorance of my detailed communications to you, I am more than happy to forward to the Magistrate Judge the email trail and let him see that I have made every effort to resolve these issues but that you have failed to even reply.

Please advise.

Sincerely,
David Voss

**VS&B**

David C. Voss Jr.
Attorney at Law

Marina Towers
4640 Admiralty Way, Suite 800
Marina del Rey, CA  90292
dave@vsbllp.com
(310) 306-0515 T
(310) 306-5368 F
www.vsbllp.com

**From:** David Voss <David@vsbllp.com>
**Sent:** Friday, October 22, 2021 4:43 PM
**To:** Michael Harris <MHarris@socalip.com>
**Cc:** Marina Lang <mlang@socalip.com>; Anneliese Lomonaco <alomonaco@socalip.com>; Maria Franco <maria@vsbllp.com>
**Subject:** RE: Athena v. AMN A062.L20369

I am in trial aal remotes for Walmart etc OK…


David C. Voss, Jr.
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina del Rey, CA 90292
310.306.0515



-------- Original message --------
From: Michael Harris <MHarris@socalip.com>
Date: 10/22/21 4:11 PM (GMT-08:00)
To: David Voss <David@vsbllp.com>
Cc: Marina Lang <mlang@socalip.com>, Anneliese Lomonaco <alomonaco@socalip.com>, Maria Franco <maria@vsbllp.com>
Subject: Athena v. AMN A062.L20369

We still have not completed our meet and confer about the issues my October 5 email raised. I complained that you were raising new issues, which I told you were your way of avoiding producing your discovery.

If you fail to confer by mid-afternoon Monday, I will email the magistrate judge and add the problems I have had with having a full meet and confer on the issues. I will tell him I am available every day next week except Thursday. I also will add Groupon to our eBay, Walmart and PayPal depositions. Groupon is headquartered in Chicago, but its custodian probably is working remotely from Iowa. We will confirm before we have the magistrate judge hearing.

When are you available to meet with the magistrate judge?

One other thing: In my email after our hearing Tuesday, I wrote, "One issue I assumed you wanted to discuss is the judge's stating trial would be November 4, which is the PTC date, and it would be a bench trial." The judge used the term "court trial," which I read as "bench trial." What is your position?

Michael