1  Marina Lang, No. 251,087 mlang@socalip.com
   Michael D. Harris, No. 59,470 mharris@socalip.com
2  Brian Tamsut, No. 322,780, btamsut@socalip.com
3  SoCal IP Law Group llp
   310 N. Westlake Blvd., Suite 120
4  Westlake Village, CA 91362-3788
5  Phone: (805) 230-1350 • Fax: (805) 230-1355

6  Attorneys for Plaintiff Athena Cosmetics, Inc.

7

8                   UNITED STATES DISTRICT COURT
         CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

9

10  Athena Cosmetics, Inc.,

11       Plaintiff,                        No. 2:20-cv-05526-SVW-SHK

12          v.                             Trial Brief of Plaintiff Athena Cosmetics, Inc.

13  AMN Distribution Inc., et al,          Trial Date: November 16, 2021
                                           Judge Wilson
14       Defendants.

15

16                          TABLE OF CONTENTS

A.   Introduction .................................................................................................1

B.   Facts...........................................................................................................2

     1.   Defendants breached of the April 2020 Agreement through
          inaccurate, incomplete schedules to the agreement and continued
          marketing and selling counterfeit Athena products. ...................................2

          a.   Merely looking at Schedule 1 (suppliers) shows it identifies no
               persons, much less their full and complete contact information.........4

          b.   Schedule 1 falsified its numbers. .......................................................5

          c.   Defendants hid their online activities by using aliases. .....................5

          d.   Defendants listing their own eBay accounts as a third-party
               "supplier" in Schedule 1 breaches the April 2020 Agreement
               because it is not complete contact information.................................5

**e.**   Defendants continued to display, advertise, and sell Athena products including more counterfeit products after the effective date of the April 2020 Agreement..........................................6

**f.**   Defendants did not disclose all its sales of Athena goods on Schedule 2 (sales to customers). .........................................6

**g.**   One effect of the breach of the April 2020 Agreement is the voiding of the conditional release. ......................................7

2.   By establishing defendants' counterfeiting, Athena need not introduce evidence of the *Sleekcraft* likelihood of confusion analysis..................................................................................7

3.   Defendants are liable to Athena for their profits, treble damages for the profits and statutory damages for counterfeiting of up to $2 million for each mark they counterfeited......................................8

**a.**   Defendants are liable for $312,880 based on their profits. .................8

**b.**   The statute requests treble damages in counterfeiting cases...............8

**c.**   Defendants are liable for statutory damages of up to $2 million for each Athena trademark counterfeited...........................................8

C.   Conclusion .................................................................................9

**TABLE OF AUTHORITIES**

**Cases**                                                                                           **Page(s)**

*AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) ................................... 5

*Chism v. Washington State*, 661 F.3d 380 (9th Cir. 2011) ...................................... 4

*F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228 (1952)  .......................... 6

*N. Atl. Operating Co. v. LA Price Check, LLC*, No. CV 17-5920-VAP (AFMx). *CV 17-5920-VAP* (AFMx), 2018 WL 5099479 (C.D. Cal. Mar. 27, 2018) ................................................................................. 5

Trial Brief of Plaintiff Athena Cosmetics, Inc.

ii

Athena Cosmetics, Inc v. AMN Dist. et al.
Case No.: 2:20-cv-05526-SVW-SHK

*Pepsico, Inc. v. Plank*, No. 02-CV-2476 NM (RZx), 2002 U.S. Dist. LEXIS 14378 (C.D. Cal. July 18, 2002) ........................................................... 5

*Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145 (4th Cir. 1987) .......................... 5

*Sega Enters. Ltd. v. Maphia*, 948 F. Supp. 923 (N.D. Cal. 1996) ............................ 5

**Statutes**

15 U.S.C. § 1114 ....................................................................................... 5

15 U.S.C. § 1117 .................................................................................... 5, 6

Trial Brief of Plaintiff Athena Cosmetics, Inc.

iii

Athena Cosmetics, Inc v. AMN Dist. et al.
Case No.: 2:20-cv-05526-SVW-SHK

## A.   INTRODUCTION

After plaintiff Athena caught defendants AMN and Moishe Newman trading in counterfeit Athena cosmetics including its flagship REVITALASH® brand, the parties signed an agreement (April 2020 Agreement) (Ex. 14). Defendants paid Athena a nominal $25,000 in exchange for a conditional release for past infringements. AMN promised to submit two schedules, Nos. 1 and 2, containing the full contact information of its suppliers and customers. Ex. 15, 16. Both defendants warranted the information was "the full and complete contact information" of the suppliers and customers. The agreement also required defendants to include in the schedules "the amount of product purchased from each seller" and sold to each buyer. But Schedules 1 and 2 are inaccurate and incomplete. By itself, that breaches the April 2020 Agreement.

Defendants also promised to be permanently enjoined and restrained from ever: purchasing, buying, obtaining, procuring, manufacturing, warehousing, producing, importing, distributing, circulating, selling, delivering, marketing, offering for sale, advertising, promoting, displaying, or otherwise using any goods or products with the Athena Cosmetics Marks (the eight Athena registered trademarks). Documents from online retailers like eBay, Walmart.com, Groupon, and from PayPal, eBay's online payment processor (Exs. 9, 10, 11, 12) show defendants marketing and advertising counterfeits after the April 2020 Agreement's effective date. That is a second breach.

The breaches void the conditional release and make every sale of an Athena counterfeit actionable.

Trial Brief of Plaintiff Athena Cosmetics, Inc.

1

Athena Cosmetics, Inc v. AMN Dist. et al.
Case No.: 2:20-cv-05526-SVW-SHK

**B.   FACTS**

## 1.   Defendants breached of the April 2020 Agreement through inaccurate, incomplete schedules to the agreement and continued marketing and selling counterfeit Athena products.

The April 2020 Agreement required AMN to provide Schedule 1, "the full and complete contact information" of each supplier (Ex. 14, § 2(a)(iii). But the last eight suppliers listed are devfashion26, snatch-it-deals, bto_deals, beautymagasin, sterling-woman, savingsimplellc, leeyelashoco[1] and jenn-knight. These online, fictitious names are not full and complete contact information because they show no contact person, no address, and no telephone number. Even leeyelashoco, which lists an address, has no named person.

LinkAmerika is the main supplier defendants listed on Schedule 1 (2,798 counterfeits in six listings), but the details fail to provide contact information such as telephone number or contact at the company.

Athena tried to obtain the information during discovery, but defendants responded to an interrogatory asking for "the name, street and email address and telephone numbers for all Persons that provided AMN with any product bearing an Athena Trademark," "The Persons identified in Schedule 1 are a complete list." (Ex. 49). Athena also attempted to obtain the information through a Rule 34 document request seeking, "All invoices, shipping Documents and bills of lading for your shipping Athena Goods." (Ex. 46, p. 9) "All communications including emails and letters with all suppliers or potential suppliers of Athena Goods." (*Id.*, p. 11.) "All financial records including any bank records showing all profits or losses made in the United

---

[1] After "leeyelashoco" in schedule 1, defendants added "(item sent to Athena in the order in question was from Cirit Beauty (seller display name at time of sale) 308 NW 17th TER Pompano Beach FL 33069)."

Trial Brief of Plaintiff Athena Cosmetics, Inc.

2

Athena Cosmetics, Inc v. AMN Dist. et al.
Case No.: 2:20-cv-05526-SVW-SHK

1    States and worldwide from sales or shipments of any Athena Goods. (*Id.*, p. 20.) De-

2    fendants objected and produced only a collection of the documents eBay provides to

3    customers ordering on eBay. Each set of pages contained three or four pages of eBay

4    advertising for related products. Defendants produced no invoices for products AMN

5    purchased; no correspondence with suppliers and no computer files such as spread-

6    sheets organizing purchases with quantities, cost, number of units and related infor-

7    mation. It is as if defendants tried to find something to produce, something that would

8    not help prove Athena's case, and that is what they produced.

9         If only to have accurate, organized information for yearly statements, to bor-

10   row or to pay taxes and claim deductions, AMN had to keep balance sheets, income

11   (profit and loss) statements, cash flow statements, balance sheets and statements of

12   shareholders' equity. But during a hearing with the magistrate judge, defendants' at-

13   torney said, "So, when it comes to how hard was it for us to just go through without

14   an ESI protocol and pull this stuff up, he goes in and puts in RevitaLash and hits

15   search and puts the dates in it and, bingo, it pops right out. So, we produced all that to

16   counsel." (9-10-21 Hearing Transcript, Dkt. 146, p. 8).

17        Since AMN claimed the documents were all it had, Athena noticed the deposi-

18   tion of AMN under Rule 30(b)(6). It had attempted that twice before—November 5,

19   2020, and June 4, 2021. After their attorney said defendant Newman was the only po-

20   tential witness who could be a Rule 30(b)(6) witness, Athena noticed Mr. Newman as

21   AMN's Rule 30(b)(1) witness. But he failed to attend on October 28.[2]

22        To discover counterfeiters, Christina Felix, an Athena employee and named

23   trial witness, searches product listings of online retailers like eBay, Walmart.com,

24   and Groupon as a "secret shopper." Because Athena received no useful information

---

[2] His failure is the subject of Athena's motion in limine, Dkt 157, to exclude his testifying at trial.

Trial Brief of Plaintiff Athena Cosmetics, Inc.

3

Athena Cosmetics, Inc v. AMN Dist. et al.
Case No.: 2:20-cv-05526-SVW-SHK

during discovery from defendants, Athena subpoenaed document from those three retailers and from PayPal, eBay's online payment processor.

Documents from those companies' record defendants' breach of the agreement by (1) Schedule 1's failure to disclose contact information for any person that supplied counterfeit goods, (2) falsifying purchase numbers in Schedule 1, (3) listing in Schedule 1 one of their own eBay seller's User Id's as their third-party "suppliers," (4) failing to return all their inventory to Athena on the agreement's effective date, (5) displaying and promoting Athena's goods on online sites after the effective date, and (6) continuing to sell counterfeit Athena goods after the effective date of the Agreement. To support the Schedule 1 lists only nine "sellers," and no listing included the contact's name and information of any person or entity as Section 2(a)(iii) of the April 2020 Agreement requires. Instead, the schedules used ecommerce fictitious names.

Discovering the identity of the manufacturing sources of counterfeits goods was an important consideration of Athena's entering into the April 2020 Agreement. Ensuring defendants would never again sell counterfeit Athena goods also was important because they already demonstrated that they intentionally sold counterfeit goods. If defendants breached the agreement, obtaining defendants' profits and statutory damage was also a goal though Athena hoped defendants "learn their lesson."

      **a.**    **Merely looking at Schedule 1 (suppliers) shows it identifies no persons, much less their full and complete contact information.**

Defendants claim LinkAmerika in the Czech Republic is their supplier with the most sales to defendants, but Schedule 1 does not name the persons with whom defendants dealt. No phone or email address either. Though deposing and obtaining documents in the Czech Republic would be difficult, Athena could have verified Schedule 1's numbers with LinkAmerika from the defendants' own documents such

as invoices, purchase order, payment records, emails, and if defendants' or LinkAmerika's employees visited each other, records of those visits. But defendants refused to produce them except for one email from LinkAmerika in August 2021, that is not about a current order and does not mention Athena goods.

### b. Schedule 1 falsified its numbers.

Defendants purchased 35 units from eBay seller "Sterlingwoman," but Schedule 1 says defendant purchased only five from this seller. Defendants' discovery failures forced Athena to discover this discrepancy through a subpoena to eBay (Ex. 10 (eBay production)). Had defendants produced its records, they would have no doubt shown other discrepancy.

### c. Defendants hid their online activities by using aliases.

Moishe, Dov, and Nechemiah Newman are AMN's main employees and sellers of counterfeit Athena's products. Dov and Nechemiah probably are Moishe's brothers, but defendants' refusal to produce documents and Moishe's refusal to be deposed prevented Athena from verifying the relationships.

eBay's, Walmart's, PayPal's and Groupon's subpoenaed business records showed the brothers use seller alias names to promote and sell Athena's goods, such as 'bluelinela" and "austramericacosmeticsoutlet. Defendants tried to hide all their other seller aliases by only producing a few emails from Dov Newman acting as "bluelinela" on eBay.

### d. Defendants listing their own eBay accounts as a third-party "supplier" in Schedule 1 breaches the April 2020 Agreement because it is not complete contact information.

"[A] computer that is connected to the internet can be uniquely identified by its IP number, much like a landline phone can be uniquely identified by its phone number. *Chism v. Washington State*, 661 F.3d 380, 390 (9th Cir. 2011). PayPal records

---

Trial Brief of Plaintiff Athena Cosmetics, Inc.

5

Athena Cosmetics, Inc v. AMN Dist. et al.
Case No.: 2:20-cv-05526-SVW-SHK

1  (Ex. 11) show Moishe and Dov Newman using same computer as eBay sellers "Cirit

2  Beauty" and "Mina Beauty." "Cirit Beauty" and "Mina Beauty" also sold counterfeit

3  goods to Athena's secret shopper, witness Christina Felix. Athena only discovered

4  though its third-party discovery that those sellers were part of defendants.

5  The false listing of those seller's aliases is not complete contact information from de-

6  fendants required by the April 2020 Agreement.

7          **e.    Defendants continued to display, advertise, and sell Athena prod-**

8                 **ucts including more counterfeit products after the effective date of**

9                 **the April 2020 Agreement.**

10          Subpoenaed Walmart.com business records show AMN Distribution dba

11  "Adina's Beauty Shop" created and listed sales auctions for Athena's products on

12  Walmart.com until as recently as July 2021, over a year after the April 2020 Agree-

13  ment (Ex. 9). Business records of Groupon, a large online seller, also show Defend-

14  ants signed a new merchant agreement to sell Athena products with Groupon in June

15  2020 just two months after the April 2020 Agreement. (*Id.*) Those records also show

16  defendants' active account to sell Athena goods in October 2021 (*Id.*).

17  AMN leases a warehouse at 10 Gallagher Drive, Unit C, Plains, PA. AMN is the only

18  tenant (Ex. 17). eBay business records reveal another of defendants' undisclosed, se-

19  cret alias, "michwa10" (Ex. 9). This seller also sold counterfeit goods to Athena's se-

20  cret shopper employee in October 2020 after the April 2020 Agreement's effective

21  date.

22          **f.    Defendants did not disclose all its sales of Athena goods on Sched-**

23                 **ule 2 (sales to customers).**

24          Defendants did not include Walmart.com as a customer in Schedule 2, but it

25  was a customer.

26

27

28

Defendants did not disclose all its sales of Athena goods on Schedule 2. Defendants did not disclose all the sales from all its different aliases on Schedule 2.

Athena's secret shopper purchased counterfeit Athena goods, which used Athena Trademarks, from Defendants or their employees or agents.

eBay records showed a seller with the same IP address as AMN, and that seller made its sale after the April 2020 Agreement's effective date.

Defendants used at least three user ID's, blulinelea, austramericacosmeticsoutlet, and micwha10 to buy and sell REVITALASH® products on eBay.

Defendants used the fictitious business name of "Adina's Beauty Shop" to sell Athena products on Walmart.com.

### g. One effect of the breach of the April 2020 Agreement is the voiding of the conditional release.

The release of past liability was "[c]onditional on Defendants … furnishing Schedules 1 and 2 as set forth in Section 8(g) below…." But the schedules are incomplete and inaccurate. Therefore, the release is void.

### 2. By establishing defendants' counterfeiting, Athena need not introduce evidence of the *Sleekcraft* likelihood of confusion analysis

One element of traditional trademark infringement cases is proving likelihood of confusion. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979), is the usual test courts use. "[B]y definition counterfeiting is "hard core" or "first degree" trademark infringement that seeks to trick the consumer or viewer into believing he or she is looking at the genuine article, rather than just a "colorable imitation." 4 J. T. McCarthy, McCarthy on Trademarks and Unfair Competition § 25:15.50 (5th ed.). *See also Pepsico, Inc. v. Plank*, Case No. 02-CV-2476 NM (RZx), 2002 U.S. Dist. LEXIS 14378, at *7 (C.D. Cal. July 18, 2002) Because defendants infringe to trick consumers, Athena does not have to present evidence on the

Trial Brief of Plaintiff Athena Cosmetics, Inc.

7

Athena Cosmetics, Inc v. AMN Dist. et al.
Case No.: 2:20-cv-05526-SVW-SHK

*Sleekcraft*, likelihood of confusion factors. *Id. See also Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 148 (4th Cir. 1987) ("Where, as here, one produces counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, another's product, there is a presumption of a likelihood of confusion.").

>   **3. Defendants are liable to Athena for their profits, treble damages for the profits and statutory damages for counterfeiting of up to $2 million for each mark they counterfeited.**

>   **a. Defendants are liable for $312,880 based on their profits.**

The evidence shows defendants gross revenue in 2019 for selling Athena counterfeits was $312,880. Here, gross revenue is the profits because defendants have no evidence of their expenses.

>   **b. The statute requests treble damages in counterfeiting cases.**

In counterfeiting cases, courts must "enter judgment for three times such profits or damages, whichever amount is greater, together with a reasonable attorney's fee, if the violation consists of intentionally using a mark … knowing such mark … is a counterfeit mark … in connection with the sale, offering for sale, or distribution of goods or services" in violation of 15 U.S.C. § 1114(1)(a) …." 15 U.S.C. § 1117(b)(1); *N. Atl. Operating Co. v. LA Price Check, LLC* , No. CV 17-5920-VAP (AFMx), 2018 WL 5099479 (C.D. Cal. Mar. 27, 2018); *Sega Enters. Ltd. v. Maphia*, 948 F. Supp. 923, 941 (N.D. Cal. 1996).

>   **c. Defendants are liable for statutory damages of up to $2 million for each Athena trademark counterfeited.**

Defendants are liable for statutory damages of "not more than $2,000,000 per counterfeit mark per type of goods or services sold." 15 U.S.C. § 1117(c)(2). To reach the $2 million maximum per mark, Athena must prove the infringement was willful. Defendants trying to make their packages look like Athena's packaging with

Trial Brief of Plaintiff Athena Cosmetics, Inc.

8

Athena Cosmetics, Inc v. AMN Dist. et al.
Case No.: 2:20-cv-05526-SVW-SHK

1   the Athena trademarks in the same location that Athena uses is willful. Their hiding

2   of documents and evidence during the lawsuit also is willfulness evidence because it

3   must show defendants' documents supported willfulness. *See F.W. Woolworth Co. v.*

4   *Contemporary Arts*, 344 U.S. 228, 231 (1952).

5          Athena cannot control the ingredients in defendants' counterfeit. Since

6   Athena's cosmetics are applied to a user's eyelashes and eyebrows, defendants' prod-

7   uct risk injuring a user's eyes. That disregard of the health and wellbeing of defend-

8   ants' customers warrants the maximum statutory damage award.

9   **C.   CONCLUSION**

10          Defendants sold Athena counterfeits. When Athena discovered the counterfeits,

11  it sought to find the counterfeits' manufacturer. Defendants knew the manufacturer's

12  identity, so defendants struck a deal with Athena: Defendants, you tell us the identi-

13  ties of your suppliers, the suppliers' contact information, the amount of product you

14  bought from each, the identity of your customers, agree to never sell Athena legiti-

15  mate of counterfeit product and pay Athena a nominal sun, $25,000, to compensate

16  Athena for having to investigate your business, and in exchange, Athena will release

17  past liability. But after the parties signed the agreement on these issues, defendants

18  provided inaccurate and incomplete lists of its suppliers and customers and the

19  amount bought form each supplier and sold to each customer. They also continued

20  selling counterfeits. Those acts breached the April 2020 Agreement and makes them

21  liable for infringement and counterfeiting.

22          That liability is up to $16 million in statutory damages.

    November 9, 2021

23                                                    /s/ *Michael Harris*
                                                     Michael D. Harris
24                                                   SoCal IP Law Group LLP

25                                                   Attorneys for Plaintiff Athena Cosmetics, Inc.

26

27

28  Trial Brief of Plaintiff Athena Cosmet-
    ics, Inc.                                9        Athena Cosmetics, Inc v. AMN Dist. et al.
                                                         Case No.: 2:20-cv-05526-SVW-SHK