DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **PRE-TRIAL CONFERENCE** <br> Date:  November 10, 2021 <br> Time: 1:30 p.m. <br><br> **TRIAL** <br> Date:  November 16, 2021 <br> Time: 9:00 a.m. <br> Place: Courtroom 10A <br>         First Street Courthouse <br>         350 W. 1st Street, 10th Floor, <br>         Los Angeles, California 90012 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Newman" and collectively "Defendants") will and hereby do move for an order to exclude all evidence of Plaintiff's damages and prohibit Plaintiff (and any witness or person under its control) from introducing, mentioning or presenting any evidence, testimony, or argument with respect to damages on any of Plaintiff's claims at all phases of the trial of this matter. Said motion shall be heard in Courtroom 10A of the above-entitled Court located at First Street Courthouse, 350 W. 1st Street, 10th Floor, Los Angeles, California 90012, the Honorable Steven V. Wilson presiding.

Defendants' bring this motion on the grounds that the introduction of such evidence *is automatically excluded under* Federal Rule of Civil Procedure 37(c) as a result of Plaintiff's failure to fulfill its disclosure obligations with respect to damages under Federal Rule of Civil Procedure 26(a)(1)(A)(iii). Given Plaintiff's repeated failure to fulfill those obligations despite the requests from Defendants, Plaintiff cannot meet its burden of establishing that its misconduct was substantially justified. Plaintiff's conduct is not harmless because there is insufficient time to rectify or "cure" Plaintiff's misconduct given the fact that trial is scheduled to commence in little over a week.

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities, the concurrently filed declaration of David C. Voss, Jr. and exhibits, the complete files and records of this action, and upon such other evidence as may be presented at the time of hearing on this motion.

Defense counsel has attempted to resolve the issues address herein during the drafting of the drafting of the Final Pre-Trial Conference Order and exchange of pre-trial materials under Local Rule 16-2. Plaintiff has failed to fully cooperate in the Rule 16-2 process and pre-trial preparation mandated by this Court.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  November 10, 2021 | DAVID C. VOSS, JR. |
| 3 | | VOSS, SILVERMAN & BRAYBROOKE, LLP |
| 4 | | By: _____ |
| 5 | | David C. Voss, Jr. |
| 6 | | Attorneys for Defendants AMN DISTRIBUTION, INC. and MOISHE NEWMAN |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Newman" and collectively "Defendants") move to prohibit plaintiff Athena Cosmetics, Inc. ("Plaintiff" or "Athena") and any witness or person under its control from introducing, mentioning or presenting any evidence, testimony, or argument with respect to damages on any of Plaintiff's claims at all phases of the trial of this matter.[1]  Defendants are entitled to this relief, as discussed below, on the grounds that Plaintiff has repeatedly failed to fulfill its disclosure obligations with respect to damages under Federal Rule of Civil Procedure 26(a)(1)(A)(iii) despite the fact that this action has been pending for almost 17 months.   Accordingly, the exclusion of such evidence from trial is automatic absent a showing by Plaintiff that its failure was "substantially justified" or "harmless." Given the proximity to trial (a little over a week away) and Plaintiff's repeated failure to comply, Plaintiff cannot make the requisite showing and this Court should follow the dictates of Federal Rule of Civil Procedure 37(c) and exclude all evidence or argument concerning Plaintiff's damages at trial.

## II. PLAINTIFF HAS FAILED TO COMPLY WITH ITS DISCLOSURE OBLIGATIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)(A)(iii)

Plaintiff has provided no less than three versions of its disclosures under Rule 26(a).  The first version is dated October 1, 2020.  Declaration of David C. Voss, Jr. ("Voss Decl."), ¶ 4, Exh. 1.  The second is also dated October 1, 2020, and is identical in all respects, except that it was served on April 15 – after Plaintiff had filed its First Amended Complaint and Defendants had filed their answer thereto.  Voss Decl., ¶ 5,

---

[1] The Court issued an order on April 1, 2021 bifurcating the jury trial into two phases, with the "first phase to address Plaintiff's breach of contract claim," i.e., the Sixth Claim. (Dkt. 74.)  The Court further ruled that: "If Plaintiff prevails on the breach of contract claim, the parties will proceed to phase two, during which Plaintiffs remaining claims will be resolved." (Dkt. 74).

1  Exh. 2.  Plaintiff's third Rule 26(a) disclosure is dated May 11, 2021 and entitled
2  "Supplemented Initial Disclosures from Plaintiff Athena Cosmetics, Inc." dated May 11,
3  2021. Voss Decl., ¶ 6, Exh. 3.

4  All three versions of Plaintiff's Rule 26(a) disclosures fail to provide any evidence
5  of or information regarding damages with respect to *any* of Plaintiff's claims.  Instead,
6  and despite the clear dictates of Rule 26(a)(1)(A)(iii), all three versions simply stated:

> "The amount is unknown at this time since discovery is ongoing, but Athena is entitled to actual and statutory damages, costs, and its reasonable attorney fees. 17 U.S.C. § 505."

Voss Decl., Exh 1, p. 4, Exh. 2, p. 4, Exh 3, p. 6.

As an aside, Plaintiff has also failed to come forward with any evidence of damages with respect to its contract claim in opposition to Defendants' motion for summary judgment.  (Dkt. 112, p. 8) It offered argument and speculation, but nothing more.  Plaintiff also failed to disclose its damages or identify documents relating to the same in response to basic written contention interrogatories regarding its contract claim. Voss Decl. Exh. 4 at p. 5; Exh. 5 at pp. 9 – 10 (Interrogatories 13, 14).

Plaintiff has failed to provide the required damages disclosures despite Defendants' repeated requests.  Voss Decl., ¶¶ 11- 13, Exh. 6 at pp. 3-4, Exh. 7 at p. 3.

### III. THE EXCLUSION OF PLAINTIFF'S EVIDENCE DAMAGES IS "AUTOMATIC" UNDER RULE 37(c) UNLESS PLAINTIFF CAN PROVE ITS REPEATED FAILURE TO MAKE THE STATUTORILY MANDATED DISCLOSURES IS SUBSTANTIALLY JUSTIFIED OR HARMLESS

The initial disclosure requirement with respect to damages are crystal clear.  The plaintiff "must, without awaiting a discovery request" provide the defendant with:

> "a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from

disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered"

Fed. R. Civ. Proc. 26(a)(1)(A)(iii).

Moreover, **a party cannot refuse to provide such disclosures on the ground that it has not fully investigated the case**:

> "*Basis for Initial Disclosure; Unacceptable Excuses*. A party must make its initial disclosures based on the information then reasonably available to it. *A party is not excused from making its disclosures because it has not fully investigated* the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."

Fed R. Civ. Proc. 26(a)(1)(E) (emphasis added).

The consequences for the failure to provide such information are also crystal clear:

> (1) *Failure to Disclose or Supplement*. **If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial**, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> 
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> 
> (B) may inform the jury of the party's failure; and
> 
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Fed R. Civ. Proc. 37(c)(1)(emphasis added).

The Ninth Circuit has held that "Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly disclosed evidence." *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (affirming exclusion of "case dispositive" expert witness

who was not properly disclosed under Rule 26(a)(2)).  *See also, Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-1106 (9th Cir. 2001) (affirming exclusion of defendant's damages expert for failure to properly report under Rule 26(a)).  "Rule 37(c)(1) makes exclusion of evidence the default, self-executing sanction for the failure to comply with Rule 26(a)." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018).  Because Rule 37(c)(1) "establishes an automatic exclusion sanction for violations" of Rule 26(a)(1)(A)(iii) and the latter requires a litigant to disclose its damages computation "without awaiting a discovery request," a party does "not need to move to compel disclosure before seeking sanctions" under Rule 37(c)(1). *Silver State Broad., LLC v. Bergner*, 705 F. App'x 640, 641 (9th Cir. 2017) (affirming order granting motion in limine excluding damages as a sanction for violating Rule 26(a)(1)(A)(iii).

　　　　The Ninth Circuit has also made it clear that the burden falls on the party who failed to make the requisite disclosures to prove that its conduct was *substantially justified or harmless* in order to avoid exclusion and invoke lesser sanctions.  "[L]itigants can escape the "harshness" of exclusion *only if they prove* that the discovery violations were substantially justified or harmless." *Merch.*, 993 F.3d at 740.  *See also Yeti by Molly, Ltd.*, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.")  The non-disclosing party "bears the burden of showing that a sanction other than exclusion is better suited to the circumstances" and **must specifically move** for such relief.  *Merch,* 993 F.3d at 741. *See also Vanderberg*, 906 F.3d 698, 705 ("The text of Rule 37(c)(1) provides that where a party violates the disclosure requirements in Rule 26(a), an alternative sanction to exclusion may be imposed by the court 'on motion.'"). "Where a party does not move for a lesser sanction, however, 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial'" and the "district court does not abuse its discretion in excluding evidence under the plain meaning of Rule 37(c)(1)." *Merch.,* 993 F.3d at 741.

Plaintiff has not moved for such relief in the instant case and it is too late for it to do so because there is no way it can rectify its misconduct. In addition, Plaintiff's failure to provide its damages disclosures under Rule 26(a)(1)(A)(iii) is neither harmless nor substantially justified and Plaintiff cannot sustain its burden with respect to the same. This action has been proceeding for almost seventeen months, with trial set to begin on November 16, and Plaintiff has remained steadfast in its refusal to fulfill its damages disclosure obligations under Rule 26(a)(1) despite repeated requests from Defendant's counsel. Indeed, as noted in Defendant's motion for summary judgment, Plaintiff has been recalcitrant with respect to providing facts and evidence on many key aspects of its case, failing to provide answers to basic contention interrogatories on a variety of issues including damages. *See* Dkt. Nos. 97, 115. It is for that reason, that Defendants have been forced to take the step of reminding Plaintiff of its obligations under Rule 11 and well as Rule 26.

Finally, should Plaintiff attempt to shift the blame to Defendants for Plaintiff's egregious violation of the rules, it should be noted that Defendants repeatedly put Plaintiff on notice about its failure to make the required disclosures. In addition to communications from Defendants' counsel, Defendants also attacked damages at the pleading stage – arguing that Plaintiff had failed to allege or articulate any theory of damages on its contract claim – and likewise argued in their motion for summary judgment that Plaintiff's failure to provide information regarding damages barred its claims. Given the complete lack of information, Defendants were forced to speculate in their pre-trial motions and trial preparation as to Plaintiff's possible damages and Plaintiff's methodology for calculating the same. This information was also clearly within Plaintiff's possession (or potentially, to a lesser extent, the third parties whom *Plaintiff* did not subpoena until almost a year after the commencement of this action). Defendants have no knowledge of any damages suffered by Plaintiff, or any profits that Plaintiff has lost to counterfeiters. With the exception of a single counterfeit transaction alleged in the complaint, Defendants are not even aware of any other possible

transactions involving the sale of counterfeit good or infringing acts of other unidentified third parties for whose acts Plaintiff apparently seeks to hold Defendants responsible.

Having failed to provide the statutorily mandated disclosures of its damages for over 17 months, Plaintiff should not be entitled to introduce evidence of the same at trial. The exclusion is automatic.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion in limine, exclude any evidence of Plaintiff's damages, and prohibit Plaintiff and any witnesses or persons under its control from introducing, mentioning or presenting any evidence, testimony, or argument with respect to damages on any of its claims at all phases of the trial of this matter

DATED: November 10, 2021

DAVID C. VOSS, JR.
VOSS, SILVERMAN & BRAYBROOKE, LLP

By: _____
David C. Voss, Jr.
Attorneys for Defendants AMN DISTRIBUTION, INC. and MOISHE NEWMAN