DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE EVIDENCE OF BREACHES NOT ALLEGED IN COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **PRE-TRIAL CONFERENCE** <br> Date: November 10, 2021 <br> Time: 1:30 p.m. <br><br> **TRIAL** <br> Date: November 16, 2021 <br> Time: 9:00 a.m. <br> Place: Courtroom 10A <br>       First Street Courthouse <br>       350 W. 1st Street, 10th Floor, <br>       Los Angeles, California 90012 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Newman" and collectively "Defendants") will and hereby do move for an order to exclude from Phase I of the trial of this matter all evidence of breaches of contract not alleged in the Sixth Claim for Relief of Plaintiff's First Amended Complaint (the "Non-Alleged Breaches") and to prohibit Plaintiff, its counsel, and any witness or person under their control from introducing, mentioning or presenting any evidence, testimony, or argument with respect to the Non-Alleged Breaches. Said motion shall be heard in Courtroom 10A of the above-entitled Court located at First Street Courthouse, 350 W. 1st Street, 10th Floor, Los Angeles, California 90012, the Honorable Steven V. Wilson presiding.

Defendants bring this motion pursuant to Federal Rules Evidence 401, 402, and 403 on the grounds that such evidence is not relevant to Plaintiff's Sixth Claim for Relief for Breach of Contract and, even if deemed remotely relevant, would confuse the issues, mislead the jury, and waste time.

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities, the concurrently filed declaration of David C. Voss, Jr., the complete files and records of this action, and upon such other evidence as may be presented at the time of hearing on this motion.

Defense counsel has attempted to resolve the issues address herein during the drafting of the drafting of the Final Pre-Trial Conference Order and exchange of pre-trial materials under Local Rule 16-2. Plaintiff has failed to fully cooperate in the Rule 16-2 process and pre-trial preparation mandated by this Court.

1  DATED:  November 10, 2021   DAVID C. VOSS, JR.
2  VOSS, SILVERMAN & BRAYBROOKE, LLP
3  By: _____
4  David C. Voss, Jr.
5  Attorneys for Defendants AMN
   DISTRIBUTION, INC. and MOISHE
6  NEWMAN

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Newman" and collectively "Defendants") move to prohibit plaintiff Athena Cosmetics, Inc. ("Plaintiff" or "Athena"), its counsel and any witness or person under their control from introducing, mentioning or presenting any evidence, testimony, or argument with respect to breaches of contract not alleged in the Sixth Claim for Relief of Plaintiff's First Amended Complaint (the "Non-Alleged Breaches"). This motion has been precipitated by Plaintiff's last-minute attempt to expand it breach of contract claim to include new matters not previously alleged in its Sixth Claim. Said evidence is subject to exclusion under Federal Rules of Evidence 401, 402, and 403 on the
rounds that such evidence is not relevant to Plaintiff's Sixth Claim for Relief for Breach of Contract and, even if deemed remotely relevant, would confuse the issues, mislead the jury, and waste time.

Plaintiff's Sixth Claim for Relief for breach of contract, as pled, is limited to two breaches: (a) "AMN breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers;" [FAC (Dkt. 73), ¶ 91]; and (b) both "Defendants breached the settlement agreement by continuing to sell Athena counterfeit goods" after the effective date of the Settlement Agreement. [FAC (Dkt. 73), ¶ 92]. Plaintiff amended its original June 22, 2020 complaint (Dkt. 1) to include the latter breach (i.e., post-settlement sale of counterfeit goods) on March 22, 2021 (Dkt. 73) in response to this Court's ruling on a motion to dismiss.[1] Dkt. 72, p. 3.

From the date of the amended complaint until the present, Plaintiff's case been specifically limited to *only* to those two allegations. Now, on the eve of trial, Plaintiff has attempted to expand its breach of contract claim by including the following statement in their section of proposed Final Pretrial Conference Order: "Defendants

---

[1] The Court held that only AMN, not Newman, had a contractual duty with respect to customer and supplier disclosures.

breached the agreement by purchasing, buying, obtaining, procuring, manufacturing, warehousing, producing, importing, distributing, circulating, selling, delivering, marketing, offering for sale, advertising, promoting, displaying or otherwise using products with one or more Athena Trademarks."

The foregoing marks a substantial last-minute expansion of the litigation that goes far beyond the existing allegations of Plaintiff's First Amended Complaint. Plaintiff had the opportunity to amend its complaint in March of 2021 in the wake of the Court's ruling on Mr. Newman's motion to dismiss. Plaintiff chose to add only one additional allegation regarding the Defendants' purported breach. *Plaintiff should not be permitted to engage in such gamesmanship at the last minute, which would severely prejudice Defendants, whose discovery, attack on the pleadings and other pre-trial motions and trial preparation have focused on the claims as pled.* Evidence that does not go those two breaches is irrelevant and would confuse the issues, mislead the jury, and waste time because matters beyond those two breaches are not part of Plaintiff's claims.

For the foregoing reasons, Defendants respectfully request that this Court grant their motion in limine, exclude from Phase I of the trial of this matter all evidence the Non-Alleged Breaches and to prohibit Plaintiff, its counsel, and any witness or person under their control from introducing, mentioning or presenting any evidence, testimony, or argument with respect to the Non-Alleged Breaches.

DATED: November 10, 2021

DAVID C. VOSS, JR.
VOSS, SILVERMAN & BRAYBROOKE, LLP

By: _____
David C. Voss, Jr.
Attorneys for Defendants AMN
DISTRIBUTION, INC. and MOISHE
NEWMAN