| | |
|---|---|
| 1 | DAVID C. VOSS, JR. (State Bar No. 147330) |
| 2 | david@vsbllp.com |
|   | VOSS, SILVERMAN & BRAYBROOKE LLP |
| 3 | 4640 Admiralty Way, Suite 800 |
|   | Marina Del Rey, California 90292-6602 |
| 4 | T: (310) 306-0515/ F: (310) 306-5368 |

Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., | Case No. 2:20-cv-05526-SVW-SHK |
| Plaintiff | **DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE EVIDENCE NOT LISTED ON PLAINTIFF'S EXHIBIT LIST; DECL. OF DAVID C. VOSS, JR.** |
| v. | |
| AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, | **PRE-TRIAL CONFERENCE** |
| | Date:  November 10, 2021 |
| Defendants | Time: 1:30 p.m. |
| | **TRIAL** |
| | Date:  November 16, 2021 |
| | Time:  9:00 a.m. |
| | Place:  Courtroom 10A |
| | First Street Courthouse |
| | 350 W. 1st Street, 10th Floor, |
| | Los Angeles, California 90012 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Newman" and collectively "Defendants") will and hereby do move for an order prohibiting Plaintiff, its counsel and any persons or witnesses under their control from introducing, mentioning, or presenting any evidence, testimony, or argument with respect any exhibit not disclosed on Plaintiff's Exhibit List filed on October 18, 2021 (Dkt. 138-2) (the "Non-Disclosed Exhibits") except to the extent used for impeachment or offered and introduced into evidence by Defendants.  Said motion shall be heard in Courtroom 10A of the above-entitled Court located at First Street Courthouse, 350 W. 1st Street, 10th Floor, Los Angeles, California 90012, the Honorable Steven V. Wilson presiding.

Defendants bring this motion on the grounds that Plaintiff has included, at the last minute, numerous exhibits in the proposed Final Pretrial Conference that it did not list in its exhibit list filed on October 18, 2021 (Dkt. 138-2). Consequently, Plaintiff's new evidence is subject to "automatic" exclusion under Federal Rule of Civil Procedure 37(c)(1) as a result of Plaintiff's failure to comply with Federal Rule of Civil Procedure 26(a)(3) and the Local Rules of this Court.

This motion is based upon this notice of motion and motion, the attached memorandum of points and authorities, the attached declaration of David C. Voss, Jr., the complete files and records of this action, and upon such other evidence as may be presented at the time of hearing on this motion.

Defense counsel has attempted to resolve the issues address herein during the drafting of the drafting of the Final Pre-Trial Conference Order and exchange of pre-trial materials under Local Rule 16-2.  Plaintiff has failed to fully cooperate in the Rule 16-2 process and pre-trial preparation mandated by this Court.

| | | |
|---|---|---|
| 1 | DATED: November 10, 2021 | DAVID C. VOSS, JR. |
| 2 | | VOSS, SILVERMAN & BRAYBROOKE, LLP |

By: _____
David C. Voss, Jr.
Attorneys for Defendants AMN
DISTRIBUTION, INC. and MOISHE
NEWMAN

- 3 -
DEFENDANTS' MIL TO EXCLUDE UNLISTED EXHIBITS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Newman" and collectively "Defendants") move for an order prohibiting Plaintiff, its counsel and any persons or witnesses under their control from introducing, mentioning, or presenting any evidence, testimony, or argument with respect any exhibit not disclosed on Plaintiff's Exhibit List filed on October 18, 2021 (Dkt. 138-2) (the "Non-Disclosed Exhibits") except to the extent used for impeachment or offered and introduced into evidence by Defendants.

Defendant's motion has been necessitated by Plaintiff's last-minute effort to include numerous exhibits in the Proposed Final Pretrial Conference Order that were not disclosed on its exhibit list filed on October 18, 2021 (Dkt. 138-2). Specifically, Plaintiff's exhibit list only included *12 items* of evidence. (Dkt. 138-2). Notwithstanding the foregoing, Plaintiff included *52* exhibits in the Proposed Pretrial Conference Order. These new belated exhibits include *22* new exhibits: Exhibits 12, 17, 18-24, 25, 42-52.[1]

The Federal Rules of Civil Procedure specifically call for the parties to disclose their exhibits and the Local Rules of this Court contain the additional requirement that the parties cooperate in the preparation and filing of a joint exhibit list twenty-one days before the pre-trial conference. Fed. R. Civ. Proc. 26(a)(3)(A)(iii); Local Rule 16-2.3, 16-6.1. The Federal Rules of Civil Procedure further call for the exclusion of materials not disclosed under Rule 26(a) absent a showing by Plaintiff that its conduct was substantially justified or harmless:

> 1) *Failure to Disclose or Supplement*. **If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use**

---

[1] These exhibit numbers are based upon the most recent version of the Proposed Final Pretrial Conference Order. It is possible that Plaintiff may yet add additional exhibits or change the numbering. For that reason, Defendants seek a broad order excluding any and all exhibits not listed in Plaintiff's original exhibit list filed on October 18, 2021.

*that information or witness to supply evidence on a motion, at a hearing, or at a trial*, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

    (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

    (B) may inform the jury of the party's failure; and

    (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Fed R. Civ. Proc. 37(c)(1)(emphasis added).

The Ninth Circuit has held that "Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly disclosed evidence." *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (affirming exclusion of "case dispositive" expert witness who was not properly disclosed under Rule 26(a)(2)). See also, *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-1106 (9th Cir. 2001) (affirming exclusion of defendant's damages expert for failure to properly report under Rule 26(a)). "Rule 37(c)(1) makes exclusion of evidence the default, self-executing sanction for the failure to comply with Rule 26(a)." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018).  Because Rule 37(c)(1) "establishes an automatic exclusion sanction for violations" of Rule 26(a)(1)(A)(iii) and the latter requires a litigant to disclose its damages computation "without awaiting a discovery request," a party does "not need to move to compel disclosure before seeking sanctions" under Rule 37(c)(1). *Silver State Broad., LLC v. Bergner*, 705 F. App'x 640, 641 (9th Cir. 2017) (affirming order granting motion in limine excluding damages as a sanction for violating Rule 26(a)(1)(A)(iii)).

The Ninth Circuit has also made it clear that the burden falls on the party who failed to make the requisite disclosures to prove that its conduct was *substantially* justified or harmless in order to avoid exclusion and invoke lesser sanctions.

"[L]itigants can escape the "harshness" of exclusion *only if they prove* that the discovery violations were substantially justified or harmless." *Merch.*, 993 F.3d at 740. *See also Yeti by Molly, Ltd.,* 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.")  The non-disclosing party "bears the burden of showing that a sanction other than exclusion is better suited to the circumstances" and ***must specifically move*** for such relief.  *Merch,* 993 F.3d at 741. *See also Vanderberg*, 906 F.3d 698, 705 ("The text of Rule 37(c)(1) provides that where a party violates the disclosure requirements in Rule 26(a), an alternative sanction to exclusion may be imposed by the court 'on motion.'"). "***Where a party does not move for a lesser sanction***, however, 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial'" and the "district court does not abuse its discretion in excluding evidence under the plain meaning of Rule 37(c)(1)." *Merch.,* 993 F.3d at 741.

      Not only did Plaintiff's counsel fail to cooperate the exchange, disclosure, and preparation of pre-trial conference materials, but Plaintiff's counsel Marina Lang resorted to profanities during her call with defense counsel.  Declaration of David C. Voss, Jr. ("Voss Decl."), ¶ 4.  Having engaged in this unprofessional and unseemly behavior, Plaintiff now seek to include several undisclosed exhibits into the Final Pretrial Conference Order at the last minute.  Plaintiff cannot establish that such tactics are harmless or justified and has not sought relief in the form of a lesser sanction through the requisite motion. As a result, these belatedly designated last-minute exhibits should be subject to the automatic exclusion of Rule 37.

      For the foregoing reasons, Defendants respectfully request that this Court grant their motion in limine and prohibit Plaintiff, its counsel and any persons or witnesses under their control from introducing, mentioning, or presenting any evidence, testimony, or argument with respect any exhibit not disclosed on Plaintiff's Exhibit List filed on October 18, 2021 (Dkt. 138-2) except to the extent used for impeachment or offered and introduced into evidence by Defendants.

| | | |
|---|---|---|
| DATED: November 10, 2021 | DAVID C. VOSS, JR. | |
| | VOSS, SILVERMAN & BRAYBROOKE, LLP | |
| | By: _____ | |
| | David C. Voss, Jr. | |
| | Attorneys for Defendants AMN DISTRIBUTION, INC. and MOISHE NEWMAN | |

## DECLARATION OF DAVID C. VOSS, JR.

I, David C. Voss, Jr., declare:

1. I am an attorney, duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California. I am the managing partner of the law firm of Voss, Silverman & Braybrooke LLP, counsel for defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" and collectively, "Defendants.") Unless otherwise stated, I have personal knowledge of the facts set forth herein which I know to be true and correct and, if called as a witness, I could and would competently testify with respect thereto.

2. I submit this declaration in support of the attached motion in limine of defendants AMN Distribution Inc. ("AMN") and Moishe Newman ("Newman" and collectively, "Defendants") prohibiting Plaintiff, its counsel and any persons or witnesses under their control from introducing, mentioning, or presenting any evidence, testimony, or argument with respect any exhibit not disclosed on Plaintiff's Exhibit List filed on October 18, 2021 (Dkt. 138-2) except to the extent used for impeachment or offered and introduced into evidence by Defendants

3. As lead trial counsel for Defendants in this matter, I am familiar with the pleadings and files in this matter, including the disclosures and discovery exchanged by the parties.

4. As set forth in Defendants' Memorandum of Contentions of Fact and Law filed on October 18, 2021 (Dkt. 141), I actively engaged in efforts and communications over several days to secure the cooperation of Plaintiff's counsel in the pre-trial preparation process. Plaintiff's counsel behaved unprofessionally and used profanity. Consequently, I was forced to provide Plaintiff's counsel with a draft of the information required under Local Rule 16-2 to Plaintiff's counsel in an e-mail dated September 29, 2021. Despite my repeated requests, Athena's counsel then refused to participate in the process and discuss, provide and/or exchange the information specified in Local Rule

1  16-2.  I was forced to submit Defendants' exhibit list unilaterally and Plaintiff's counsel did the same.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 10, 2021, in Marina Del Rey, California.

                                                                           DAVID C. VOSS, JR.