DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for defendants Moishe Newman and
AMN Distribution, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **DECLARATION OF ANTICIPATED TRIAL TESTIMONY OF MOISHE NEWMAN SUBMITTED PURSUANT TO ORDER OF TRIAL JUDGE** <br><br> **TRIAL** <br> Date: November 17, 2021 <br> Time: 9:00 a.m. <br> Place: Courtroom 10A <br> First Street Courthouse <br> 350 W. 1st Street, 10th Floor, <br> Los Angeles, California 90012 |

## **DECLARATION OF MOISHE NEWMAN**

I, Moishe Newman, declare:

I have personal knowledge of the facts set forth herein, which I know to be true and correct. I am over the age of 18, and if called as a witness, I could and would competently testify to the matters stated herein.

1) I submit this declaration on behalf of defendant AMN Distribution, Inc. ("AMN") and myself in response to a directive from this Court at the November 10, 2021 Pretrial Conference that I provide a declaration of my anticipated testimony at the Phase 1 trial of this matter for breach of contract. I reserve the right to submit additional testimony at the trial.I have read plaintiff's First Amended Complaint ("FAC"), including the sixth claim for relief for breach of contract and am familiar with the allegations set forth therein.

2) I have read the plaintiff's opposition to Defendants' motion for summary judgment (Dkt. 112).

3) I have read the proposed Final Pre-Trial Conference Order (Dkt. 167-1).

4) I have also read the November 9, 2021 declaration (Dkt. #163) submitted by Ms. Christina Felix ("Ms. Felix") on behalf of plaintiff Athena Cosmetics, Inc. ("Plaintiff" or "Athena").

5) I am the Chief Executive Officer of AMN and have been so since I started the company in August 2015. AMN is incorporated in Delaware and has a warehouse located at 10 Gallagher Drive, Unit C, Plains, PA.

6) AMN is in the business of purchasing goods and selling them online, including at such sites as eBay and Walmart.

7) In my capacity as CEO of AMN, I am responsible for the purchasing and selling of products, establishing new purchasing opportunities and developing new sales channels.

8) The employees of AMN include Dov Newman, Nechemiah Newman and Devorah Newman.

9) Brushexpress.com is a website entirely operated by AMN Distribution. It was set up to sell products directly to consumers online. AMN Distribution would list products on brushexpress.com so that consumers could purchase the products directly on our website without a third party channel being required to facilitate the sales. Goods for sale were purchased by AMN employees through the various accounts and were believed to be genuine. When AMN Distribution sells product on other e-commerce channels like ebay, amazon, walmart.com we just list the product and publish our available inventory. AMN doesn't need to conduct promotions and marketing for 3rd party e-commerce channels because the channels themselves promote themselves and attract consumers to their websites to buy products. In exchange for providing the

sales platform and the customers the e-commerce channels charge selling fees to AMN Distribution. The selling fees are generally a percentage of the overall sale. When AMN Distribution deactivates a listing on 3rd party ecommerce channels the product is no longer available for sale on any of the e-commerce channels or brushexpress.com.

10) I am familiar with the settlement agreement and schedules appended thereto (collectively, the "Settlement Agreement") that are referenced in and upon which Plaintiff bases its purported Sixth claim for relief. I was a signatory to the Settlement Agreement and my signature appears on the last two pages of the agreement. At the request of Plaintiff's legal counsel, AMN subsequently provided Plaintiff with a slightly more detailed schedule 1.

11) I entered into the Settlement Agreement on behalf of myself and AMN to resolve various claims that had been asserted against us by Plaintiff's lawyers, who threatened to file a lawsuit against us. Although I never personally sold any Athena Product or engaged in any alleged wrongdoing claimed by Plaintiff at the time of the Settlement Agreement, I wanted to be included in the Settlement Agreement to make sure that all potential claims against me would be released.

12) In my capacity as the CEO of AMN, I compiled and prepared the information that is set forth in Schedules 1 and 2 of the Settlement Agreement. The information set forth therein was accurate and complete at the time I prepared the schedules.

13) At various times from January 1, 2019 up until the execution of the April 30, 2020 settlement that is the subject of the Plaintiff's lawsuit (the "Settlement Agreement"), AMN sold Athena Products on the Brush Express website as well as through online channels such as Walmart and eBay. The customers to whom those products were sold during the time period from January 1, 2019 through December 31, 2019 are listed on Schedule 2 of the Settlement Agreement. Although some sales took place after December, 2019, those sales are not included in Schedule 2 because the time period specified by the Settlement Agreement was only January 1, 2019 to December 31, 2019. AMN has not and did not sell any Athena Products after the execution of the Settlement Agreement.

14) AMN publishes its inventory and sale price to the channel. Other 3rd party sellers also publish their inventory and price for the same item to the channel. The channel (except ebay) chooses who to display in the buybox based on their secret algorithm. When AMN deactivates a listing due to lack of stock or any other reason, our historical product offering may remain published in the backend of the listing webpage. This is out of AMN's control. We only have the ability to list, post and activate a product offering from our end, we don't have the ability to remove content from the channels platform when we deactivate a listing. We only have full control of the content on brushexpress.com.

15) As it relates to Groupon, those were specific searches done on google to produce the results. If you were to go on Groupon yourself and search revitalash, athena or amn distribution, no search results come up. In other words it is old google caches of the web pages that are stored on some server somewhere. AMN Distribution deactivated the listing prior to the date of the settlement. A review on Groupon can be added by a buyer at any time after the purchase, even several years later! We have zero control over this. It is entirely controlled by Groupon and manipulating with reviews is grounds for permanent suspension on all e-commerce platforms!

16) All "sellers" from whom Athena Products were purchased from January 1, 2019 through December 31, 2019 are set forth in Schedule 1 of the Settlement Agreement. Athena Products were also purchased prior to January 1, 2019, but they were not included in Schedule 1 because the time period specified by the Settlement Agreement was only January 1, 2019 to December 31, 2019.

17) In their opposition to Defendants' motion for summary judgment and the proposed Final Pretrial Conference Order, Plaintiff has made a number of false assertions in support of its argument that Defendants breached the Settlement Agreement. While not an exhaustive list, these false statements include the following[1]:

---

[1] Some items are also addressed elsewhere in this declaration.

(a) Plaintiff argues that AMN failed to disclose Walmart as a customer on Schedule 2 and that AMN continued to sell Athena Products on Walmart after execution of the Settlement Agreement.  Neither statement is true.  No post-settlement sales occurred.  In addition, Walmart was never a "customer" of AMN with respect to Athena Products. Walmart wasn't putting eyeliner on its eyes! Rather, it was an online channel through which the sales were made. The customers to whom those goods were ultimately sold appear on Schedule 2 of the Settlement Agreement and we have also separately provided the actual shipping invoices for all of the buyers on Schedule 2 including shipment tracking numbers which I pulled from our fulfilment software and are in Exhibit #114.

(b) Plaintiff also asserts that records it obtained from eBay indicate that "Defendants purchased 35 units from an eBay seller called 'Sterlingwoman,' but Schedule 1 says they purchased only five from this seller name."  The other 30 products were in fact returned by AMN to the seller in 2019 and, for that reason, AMN did not include the additional 30 units on Schedule 1.

(c) Plaintiff erroneously contends that AMN failed to identify the following "sellers" in Schedule 1 of the Settlement Agreement: (1) Nechemiah Newman; (2) Adina's Beauty Shop and Adina's Beauty Store; (3) austramericacosmeticsoutlet "Austramerica"; (4) bluelinela; and (5) valenced.

Plaintiff has also made accusations about Dov Newman. Although they are relatives, both Dov and Nechemiah Newman are AMN employees who purchased products for AMN in their capacity as AMN employees. Austramerica and bluelinela are all user ids, display names, or DBAs used by AMN and/or Dov or Nechemiah Newman acting on AMN's behalf. These are not separate entities. All Athena product acquired during 2019 through by Dov and/or Nechemiah using these user id's, display names, etc., are included in Schedule 1 along with the "seller" from whom those goods were purchases. Adina Beauty never bought Athena Products in 2019. "Valenced," on the other hand, has no relationship to AMN, but purchases from "valenced" were in fact disclosed on Schedule 1. At the time the purchases were made, "valenced" was known as "ciritbeauty." The purchase of goods from "ciritbeauty" is in fact reflected on Schedule 1, which identifies the source of 5 units purchased on 11/22/19 as follows: "leeyelashco (item sent to Athena in the order was from Cirit Beauty (seller display name at time of sale)."

(d) Plaintiff asserts in the Final Pre-Trial Conference Order that: "[D]efendants fraudulently represent[ed] [on Schedule 1] that "Cirit Beauty" is one of their third-party suppliers, but Cirit Beauty is really Dov Newman. Dov Newman operating under the alias of eBay seller "Cirit Beauty" and "Mina Beauty"

       also sold counterfeit goods to Athena's secret shopper employee." The assertion that Cirit Beauty and Mina Beauty are Dov Newman or are otherwise affiliated with AMN is false. Neither entity (or user id or display name as the case may be) is affiliated with AMN.

  (e)  Contrary to the Plaintiff's assertion in the Final Pre-Trial Conference Order, Defendants did not "continue to display, advertise, and sell Athena products including more counterfeit products after the effective date of the [Settlement] Agreement." we aren't listed for sale on the front end of the website, a customer can't buy a product that is sold out and has no add to cart option. We are not listed on the list of sellers for the customer to buy the product from on the listing pages they provided.

18) All of the above I liken to the yellow pages, you can choose to not advertise your business, but you can't stop the publisher from putting your details ii the alphabetical order of business names for an item and you certainly can't remove yourself or even your advertisement from every yellow pages book published last year!

19) In her declaration, Ms. Felix makes several statements which are simply not true and of which she has no personal knowledge. While not an exhaustive list, these false statements including the following:

  **(a)**  Ms. Felix states that Defendants "failed to disclose the contact information for a single person that supplied them with their bad counterfeit goods in

Schedule 1." That statement is false and misleading because we don't deal with named individuals, but rather with companies and with internet sellers such as on eBay who use marketplace names and seller ID's. There is simply no information for a "person" any more than a receipt for the purchase of a can of coke from 7/11. The receipt doesn't have the owner of 7/11's name listed on it, the coke was purchased from 7/11 not an individual. We provided all available contact information and even supplemented it at Athena's request. This information provided everything needed for Athena to identify the sellers from whom we obtained our product.

(b) Ms. Felix states that Defendants fraudulently listing "one of their own eBay seller User ID's as one of their third-party 'suppliers.'" In support of her testimony, Ms. Felix states that by looking at unspecified documents, she could "see that Cirit Beauty and Dov Newman use the same IP address." She also states that she purchased products from eBay seller Cirit Beauty and that those counterfeit features share the same features ones purchased from Brush Express on November 21, 2019. Again there is a simple explanation for this. Intuit and PayPal have an integration feature whereby you can connect to Paypal using Quickbooks.

https://quickbooks.intuit.com/online/integrations/paypal/

If you look at the raw data, both Dov Newman and Cirit had floating, not fixed, IP addresses. Floating addresses are not permanently assigned to you like your home address, but are temporarily used for the duration of an individual connection. In addition, Cirit had hundreds of different IP addresses. A search of the IP addresses that matched shows that the owner of all the matching IP addresses was INTUIT – owner of Quickbooks! When they are logging into their Quickbooks or other Intuit accounts the connection to PayPal is made through Intuit's servers which then assign IP addresses randomly from their block of assigned addresses.

c) Ms. Felix states that she "purchased counterfeit goods from eBay seller Micwha-10 who has the same address as Brush Express: 10 Gallagher Dr, Suite C, Plains PA 18705." She further states that she made the purchase of the foregoing goods in October of 2020 and that this is "further evidence that Defendants breached the settlement agreement" by continuing to sell counterfeit goods.

20) Ms. Felix's testimony on this subject is false and misleading in several respects. *First and foremost,* Micwha-10 is not affiliated with AMN and does not share the address of Brush Express. To the contrary, based upon documents that Plaintiff produced to us, it is clear that Micwha-10 does not have the same address as Brush Express.

(a) Proof comes from Athena's own document disclosure made on or about October 28, 2021 which included the only documents appearing to show an alleged sale of Athena products in October 2020 to Ms. Felix which are Bates stamped "ATHENA013808" through and including "ATHENA013813" true and correct copies of which are attached to the accompanying Declaration of David C. Voss, Jr.[2]

(b) The true facts are that:

　　i. The product purchased was not from the same address, but rather from thousands of miles away as shown on the shipping label produced as ATHENA013811:

　　"DOUGLAS LLC

　　802 Vineland Ave.

　　La Puente, CA 91745

　　United States"

(c) The eBay seller makes use of Chinese characters (defendants do not speak Chinese) as part of their eBay seller name as shown in the "Transaction Details" in two separate locations on ATHENA013810; to wit:

ebay　　eBay – 卫航 冀 (micwha-10)
　　　　October 20, 2020
　　　　Payment

---

[2] Defendants note that these documents ATHENA013808 through ATHENA013814 appear to have been in part altered with information such as the recipient removed from the mailing label and lines showing potential cut and paste alteration of the originals and would demand production of the originals without editing or redaction for use at trial.

21) It can be seen from the documents that the ebay seller ID number has been redacted from these documents making cross-referencing impossible.

22) Ms. Felix states that Defendants have continued to sell Athena Products after entering the parties Settlement Agreement. That is not true. I have never, in my personal capacity, sold Athena Products prior to or after the execution of the Settlement Agreement. Likewise, AMN and entities or electronic store front names though which AMN sells goods, such as Brush Express, discontinued all such sales upon the parties execution of the Settlement Agreement. Her unsupported conclusory statement that Defendants "continued to sell counterfeits under different aliases" is simply false. In addition, AMN, to its knowledge, hasn't sold any *counterfeit* Athena Products *prior* to (or following) the Settlement Agreement, with the exception of the products that Ms. Felix claims she purchased from the brushexpress.com website on November 21, 2019 which Athena contends are counterfeit. I do not know at the present time whether those products are in fact counterfeit and, at the time those products were sold, I had no knowledge that the products were counterfeit. Neither I nor AMN, as stated by Ms. Felix, have "continued to sell counterfeits under different aliases" post-settlement.

23) Ms. Felix states that as recently as of October 2021 that she has "purchased counterfeits all resembling the same counterfeit features of products purchased by Defendants." Again, neither I nor AMN have sold any Athena Products after the

- 13 -
DECLARATION OF MOISHE NEWMAN

execution of the Settlement Agreement. In addition, I have no knowledge of any counterfeit products ever sold by AMN (under an alias or otherwise), with the possible exception of the *single* November 21, 2019 transaction referenced in Ms. Felix's declaration and the First Amended Complaint, which Athena contends were counterfeit.

24) Ms. Felix states that she has reviewed Schedules 1 and 2 of the Settlement Agreement and "the math doesn't add up" because the units sold in 2019 exceed the units purchased in 2019. Ms. Felix mistakenly assumes that AMN had no inventory prior to January 1, 2019. AMN had, in fact, acquired inventory prior to January 1, 2019, and any sales from that inventory that took place during 2019 were in fact included on Schedule 2. The pre-existing inventory was not included in Schedule 1 because the Settlement Agreement only called for goods purchased from January 1, 2019 to December 31, 2019.

25) Ms. Felix states that "Defendants breached the agreement by purchasing, buying, obtaining, procuring, manufacturing, warehousing, producing, importing, distributing, circulating, selling, delivering, marketing, offering for sale, advertising, promoting, displaying, or otherwise using products with one or more Athena Trademarks." Neither I nor AMN (under an alias or otherwise) engaged in any of the foregoing activity after the execution of the Settlement Agreement. Bottom line, we deactivated all of our listings, this delists and unpublishes our offering. I can't change

historical offerings or control them from showing up when one searches historical data such as a google search!

26) Aside from AMN providing the schedules as required by the Settlement Agreement, AMN (a) returned all unsold inventory to Plaintiff; (b) paid Plaintiff the sum of $25,000; (c) stopped selling Athena Products. The cessation of sales and return of inventory includes any inventory sold under the Brush Express name or any other online store front operated by AMN.

27) With respect to me personally: (1) I never had any inventory of my own; (2) never engaged in the sale or purchase of Athena product either before or after the execution of the Settlement Agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 15, 2021 at Caulfield, Australia.

_____
MOISHE NEWMAN