Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Athena Cosmetics, Inc., <br>     Plaintiff, <br>     v. <br> AMN Distribution Inc., et al, <br>     Defendants. | No. 2:20-cv-05526-SVW-SHK <br><br> Athena's Opposition to Defendants' Motion in Limine No. 1 (to Exclude Evidence of Plaintiff's Damages) <br><br> Trial Date: November 17, 2021 <br> Judge: Wilson |

## MEMORANDUM OF POINTS AND AUTHORITIES

"Chutzpah," like many Yiddish words, is best defined with a story: The defendant on trial for murdering his parents asks the judge for mercy because he is now an orphan. Defendants' position here is another chutzpah example of, asking the Court to prevent plaintiff Athena from introducing evidence of damages when defendants refused to produce documents showing their sales and profits and refused to attend their deposition three times.

When a defendant refuses to produce documents in a trademark infringement case that a plaintiff needs to calculate damages and then defendant files a motion in limine to exclude evidence of damages obtained during third-party discovery, the only proper course is denying the motion.

> [I]n patent cases, [FED. R. CIV. P. 26(a)] is honored as much in the breach. In fact, the Advisory Committee Notes all but authorize this

breach in stating that "a party would not be expected to provide a calculation of damages which, as in many patents infringement actions, depends on information in the possession of another party or person." *Corning Optical Communs. Wireless Ltd. v. Solid, Inc.*, 306 F.R.D. 276, 277 (N.D. Cal. 2015). Trademark cases are no different because damages are a function of the infringer's sales. *See Good Tech. Corp. v. MobileIron, Inc.*, No. 5:12-cv-05826-PSG, 2015 WL 13376731, at *3 (N.D. Cal. July 6, 2015) (denying motion in limine in Lanham Act case where plaintiff needed discovery from defendants to calculate damages).

Athena is entitled to recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117. Defendants cannot complain about Athena's initial damage disclosure when defendants' strategy avoided providing any meaningful discovery; (1) refusing to produce its books and records of sales and purchases of counterfeit Athena product; (2) refusing to identify the names and addresses of its suppliers' and customers' employees with whom defendants' dealt; (3) withholding documents of communications between defendants and their suppliers and customers; (4) withholding documents showing its revenue for the sale of counterfeits; and (5) refusing to have defendant Newman and AMN's CEO attend depositions. Athena needed discovery from eBay, Walmart.com, Groupon and PayPal to have evidence to calculate defendants' revenue. And Athena's damage calculation assumes all defendants' sales went through those companies.

Defendants' even blames Athena for waiting to obtain the information from eBay, Walmart.com, Groupon and PayPal. Defendants are at fault again. Had defendants produced the discovery the rules required it to produce, Athena would not have sought the information from those companies only if it believed defendants falsified its documents.

For these reasons, defendants' motion is meritless and should be denied.

November 15, 2021

/s/ *Michael Harris*
Michael D. Harris
SoCal IP Law Group LLP

Attorneys for Plaintiff Athena Cosmetics, Inc.