DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **DEFENDANT AMN DISTRIBUTION INC.'S AMENDED RESPONSES TO PLAINTIFF ATHENA COSMETIC, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:**   PLAINTIFF ATHENA COSMETICS, INC

**RESPONDING PARTY:**   DEFENDANT AMN DISTRIBUTION, INC.

**SET NO:**   ONE

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1

2        Pursuant to Federal Rule of Civil Procedure 34, defendant AMN Distribution, Inc.

3   ("AMN") hereby responds to the First Request for Production of Documents (the

4   "Requests")  propounded by plaintiff Athena Cosmetics, Inc. ("Athena").

5                                    **GENERAL OBJECTIONS**

6        1.       AMN objects to the Requests in their entirety on the grounds that Athena

7   filed its original complaint and first amended complaint in violation of Rule 11 to misuse

8   and abuse the litigation and discovery process in order to obtain additional information

9   from AMN beyond that which the parties' bargained for in the Settlement Agreement

10   that is the purported basis for Athena's Sixth Claim for Relief for Breach of Contract.

11   Athena only commenced the instant litigation *after* AMN refused to provide it with

12   additional documents beyond that called for by the parties' settlement agreement.  In

13   short, Athena is trying to use the discovery process to obtain documents and information

14   to which it would only be legally entitled if it prevailed on a claim for specific

15   performance – a claim that Athena has not even asserted in this action.  Moreover,

16   Athena lacked evidence to support its Sixth Claim for Relief for Breach of Contract at

17   the time it filed its complaint and amended complaint.  Athena has basically conceded

18   the foregoing, as it has failed to provide any evidence of a breach or damages in its

19   initial disclosures.  Athena cannot save itself by claiming that the factual contentions

20   alleged in its Sixth Claim for Relief "will likely have evidentiary support after a

21   reasonable opportunity for further investigation or discovery" because those factual

22   contentions were not pled on information or belief or  "specifically so identified" as

23   required by Rule 11.  As a consequence of all of the foregoing, AMN objects to – and is

24   entitled to protection from – the discovery on the grounds of "annoyance,

25   embarrassment, oppression, or undue burden or expense" and that Athena is attempting

26   to do a blatant end-run around the Settlement Agreement which remains in full force and

27   effect. AMN reserves the right, if necessary, to seek a protective order.

28

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

2.     The following responses are made solely for the purpose of this action. AMN is at present pursuing its investigation and analysis of the facts and law relating to this case and has not completed its discovery or preparation for trial.  The responses set forth herein are given without prejudice to AMN's right to produce subsequent evidence, or to add to, modify or otherwise change or amend the responses contained herein. AMN reserves the right to correct any inadvertent errors, mistakes or omissions, should any be found to exist.

3.     AMN objects to each request to the extent that its calls for the disclosure, inspection and/or copying of documents or information protected from discovery and disclosure by the attorney-client privilege, the attorney work-product doctrine, and other privileges or doctrines, including constitutional privileges such as, inter alia, the right to privacy, afforded under federal and California law or other applicable jurisdictions. AMN also objects to each request to the extent that it calls for the disclosure of confidential, commercial, or proprietary information and/or trade secrets. AMN and its counsel claim these privileges with respect to all such materials.

4.     AMN objects to each request to the extent that it calls for the disclosure of the residential or home addresses, phone number, or e-mail addresses of any individual(s).  Such information is protected by, inter alia, the right to privacy (including, but not limited to, such rights under the California constitution) and such other rights and privileges afforded under federal or state law, or the laws of applicable foreign jurisdictions.

5.     AMN objects to each Request to the extent that it calls for the disclosure of information protected by employee or consumer privacy laws, including those of the jurisdictions in which such consumers or persons reside.

6.     Inadvertent disclosure of privileged information by AMN is not a waiver of any applicable privilege.  By responding to these Requests, AMN reserves all objections to the use or admission of such responses at trial.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

7.     AMN objects to any definition or instruction set forth in the Requests to the extent that they seek to impose obligations on AMN that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

8.     AMN objects to each Request to the extent that it seek documents not within AMN's custody, possession or control and/or which are equally available to, or are already in the possession of Athena. Among other things, AMN will not produce pleadings and similar captioned documents filed with this Court in this action, or served upon the parties, correspondence generated during the course of the litigation, and deposition transcripts.

9.     AMN objects to the Requests to the extent that they call for the production of electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

10.     AMN objects to each "contention" Request on the grounds that it improperly combines a contention interrogatory with a document request and, in so doing, also seeks to avoid the statutory limitation on the number of interrogatories that may be propounded by a party.

11.     The preface to Athena's Requests specifically states that it excludes privileged documents for the scope of the Requests.  Accordingly, AMN responses shall exclude all privileged documents from its responses.  Any response herein in which AMN agrees to produce documents is with respect to non-privileged documents only. AMN reserves all objections to privileged materials.

12.     To the extent that documents responsive to a Request include electronically stored information, such documents will be produced in written form in hardcopy or the .pdf format.

13.     AMN objects to the date and time of the production stated in the Requests. AMN will either provide the propounding party with copies of all documents which they agree to produce as stated herein at the propounding party's expense, or make the originals available for inspection and copying at the offices of Voss, Silverman &

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Braybrooke LLP at a mutually convenient date and time upon request by the propounding party. Counsel for the propounding party should contact counsel for AMN to make arrangements for the copying of documents or inspection.

14.     Each objection stated in this Preliminary Statement and General Objections (the "GENERAL OBJECTIONS") is incorporated into each response set forth below. All responses are made without waiver of any of the foregoing objections.

**SPECIFIC RESPONSES**

**REQUEST NO. 1:**

All Documents mentioning Athena from January 1, 2019, to the present.

**RESPONSE TO REQUEST NO. 1:**

AMN objects to this Request on the grounds that it fails to identify the information sought with reasonable particularity and is overbroad, unduly burdensome, and oppressive. Given the breadth of the Request, AMN also objects to the extent that it calls for pleadings filed in this matter, communications between and among counsel, or documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine. AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense and not proportional to the needs of the case.

AMN also objects to this Request on the grounds that Athena filed its original complaint and first amended complaint in violation of Rule 11 to misuse and abuse the litigation and discovery process in order to obtain additional information from AMN beyond that which the parties' bargained for in the Settlement Agreement that is the purported basis for Athena's Sixth Claim for Relief for Breach of Contract. Athena only commenced the instant litigation *after* AMN refused to provide it with additional documents beyond that called for by the parties' settlement agreement. In short, Athena is trying to use the discovery process to obtain documents and information to which it would only be legally entitled if it prevailed on a claim for specific performance – a claim that Athena has not even asserted in this action. Moreover, Athena lacked

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed its complaint and amended complaint.  Athena has basically conceded the foregoing, as it has failed to provide any evidence of a breach or damages in its initial disclosures. Athena cannot save itself by claiming that the factual contentions alleged in its Sixth Claim for Relief "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" because those factual contentions were not pled on information or belief or "specifically so identified" as required by Rule 11.  As a consequence of all of the foregoing, AMN objects to – and is also entitled to protection from – the discovery on the grounds of "annoyance, embarrassment, oppression, or undue burden or expense" and that Athena is attempting to do a blatant end-run around the Settlement Agreement which remains in full force and effect.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents from January 1, 2019, to the present that use the words "Athena" or "Revitalash".

**RESPONSE TO REQUEST NO. 2:**

AMN objects to this Request on the grounds that it fails to identify the information sought with reasonable particularity and is overbroad, unduly burdensome, and oppressive.  Given the breadth of the Request, AMN also objects to the extent that it calls for pleadings filed in this matter, communications between and among counsel, or documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense and not proportional to the needs of the case.

AMN also objects to this Request on the grounds that Athena filed its original complaint and first amended complaint in violation of Rule 11 to misuse and abuse the litigation and discovery process in order to obtain additional information from AMN beyond that which the parties' bargained for in the Settlement Agreement that is the purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

commenced the instant litigation *after* AMN refused to provide it with additional

documents beyond that called for by the parties' settlement agreement.  In short, Athena

is trying to use the discovery process to obtain documents and information to which it

would only be legally entitled if it prevailed on a claim for specific performance – a

claim that Athena has not even asserted in this action.  Moreover, Athena lacked

evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed

its complaint and amended complaint.  Athena has basically conceded the foregoing as it

has failed to provide any evidence of a breach or damages in its initial disclosures.

Athena cannot save itself by claiming that the factual contentions alleged in its Sixth

Claim for Relief "will likely have evidentiary support after a reasonable opportunity for

further investigation or discovery" because those factual contentions were not pled on

information or belief or "specifically so identified" as required by Rule 11.  As a

consequence of all of the foregoing, AMN objects to – and is also entitled to protection

from – the discovery on the grounds of "annoyance, embarrassment, oppression, or

undue burden or expense" and that Athena is attempting to do a blatant end-run around

the Settlement Agreement which remains in full force and effect.

**REQUEST NO. 3:**

All Documents mentioning any sources for whom You shipped goods using any

Athena Trademark or the words "Athena" or "Revitalash" including Documents naming

all Persons at all sources with whom you dealt.

**RESPONSE TO REQUEST NO. 3:**

AMN objects to this Request on the grounds that it is fails to identify the

information sought with reasonable particularity and is overbroad, unduly burdensome,

and oppressive in that is calls for "all Documents mentioning . . . ." The Request is also

vague and ambiguous with respect to the phrase "any sources for whom You shipped

goods," and AMN objects to the Request on that basis.  Given the breadth of the

Request, AMN also objects to this Request to the extent that it calls documents or

information protected from discovery by the attorney-client privilege and/or the attorney

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

work-product doctrine. AMN further objects on the ground that the Request seeks

discovery on a matter not relevant to any party's claim or defense and not proportional to

the needs of the case.

AMN also objects to this Request on the grounds that Athena filed its original

complaint and first amended complaint in violation of Rule 11 to misuse and abuse the

litigation and discovery process in order to obtain additional information from AMN

beyond that which the parties' bargained for in the Settlement Agreement that is the

purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only

commenced the instant litigation *after* AMN refused to provide it with additional

documents beyond that called for by the parties' settlement agreement.  In short, Athena

is trying to use the discovery process to obtain documents and information to which it

would only be legally entitled if it prevailed on a claim for specific performance – a

claim that Athena has not even asserted in this action.  Moreover, Athena lacked

evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed

its complaint and amended complaint.  Athena has basically conceded the foregoing as it

has failed to provide any evidence of a breach or damages in its initial disclosures.

Athena cannot save itself by claiming that the factual contentions alleged in its Sixth

Claim for Relief "will likely have evidentiary support after a reasonable opportunity for

further investigation or discovery" because those factual contentions were not pled on

information or belief or "specifically so identified" as required by Rule 11.  As a

consequence of all of the foregoing, AMN objects to – and is also entitled to protection

from – the discovery on the grounds of "annoyance, embarrassment, oppression, or

undue burden or expense" and that Athena is attempting to do a blatant end-run around

the Settlement Agreement which remains in full force and effect.

Subject to and without waiving the foregoing and GENERAL OBJECTIONS,

AMN responds as follows: The Schedules attached to the Settlement Agreement are

responsive to this request.

**REQUEST NO. 4:**

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    All invoices, shipping Documents and bills of lading for your shipping Athena

2  Goods.

3

4

5  **RESPONSE TO REQUEST NO. 4:**

6    AMN objects to this Request on the grounds that it is overbroad. AMN also

7  objects to this Request on the grounds that Athena filed its original complaint and first

8  amended complaint in violation of Rule 11 to misuse and abuse the litigation and

9  discovery process in order to obtain additional information from AMN beyond that

10  which the parties' bargained for in the Settlement Agreement that is the purported basis

11  for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only commenced

12  the instant litigation *after* AMN refused to provide it with additional documents beyond

13  that called for by the parties' settlement agreement.  In short, Athena is trying to use the

14  discovery process to obtain documents and information to which it would only be legally

15  entitled if it prevailed on a claim for specific performance – a claim that Athena has not

16  even asserted in this action.  Moreover, Athena lacked evidence to support its Sixth

17  Claim for Relief for Breach of Contract at the time it filed its complaint and amended

18  complaint.  Athena has basically conceded the foregoing as it has failed to provide any

19  evidence of a breach or damages in its initial disclosures.  Athena cannot save itself by

20  claiming that the factual contentions alleged in its Sixth Claim for Relief "will likely

21  have evidentiary support after a reasonable opportunity for further investigation or

22  discovery" because those factual contentions were not pled on information or belief or

23  "specifically so identified" as required by Rule 11.  As a consequence of all of the

24  foregoing, AMN objects to – and is also entitled to protection from – the discovery on

25  the grounds of "annoyance, embarrassment, oppression, or undue burden or expense"

26  and that Athena is attempting to do a blatant end-run around the Settlement Agreement

27  which remains in full force and effect.

28  **REQUEST NO. 5:**

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1    All communications including emails and letters with all suppliers or potential
2    suppliers of Athena Goods.

3

4

5    **RESPONSE TO REQUEST NO. 5:**

6    AMN objects to this Request on the grounds that it fails to identify the
7    information sought with reasonable particularity and is overbroad, vague and
8    ambiguous.  AMN further objects on the ground that the Request seeks discovery on a
9    matter not relevant to any party's claim or defense and not proportional to the needs of
10   the case.
11   AMN also objects to this Request on the grounds that Athena filed its original
12   complaint and first amended complaint in violation of Rule 11 to misuse and abuse the
13   litigation and discovery process in order to obtain additional information from AMN
14   beyond that which the parties' bargained for in the Settlement Agreement that is the
15   purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only
16   commenced the instant litigation *after* AMN refused to provide it with additional
17   documents beyond that called for by the parties' settlement agreement.  In short, Athena
18   is trying to use the discovery process to obtain documents and information to which it
19   would only be legally entitled if it prevailed on a claim for specific performance – a
20   claim that Athena has not even asserted in this action.  Moreover, Athena lacked
21   evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed
22   its complaint and amended complaint.  Athena has basically conceded the foregoing as it
23   has failed to provide any evidence of a breach or damages in its initial disclosures.
24   Athena cannot save itself by claiming that the factual contentions alleged in its Sixth
25   Claim for Relief "will likely have evidentiary support after a reasonable opportunity for
26   further investigation or discovery" because those factual contentions were not pled on
27   information or belief or "specifically so identified" as required by Rule 11.  As a
28   consequence of all of the foregoing, AMN objects to – and is also entitled to protection

- 10 -
DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  from – the discovery on the grounds of "annoyance, embarrassment, oppression, or

2  undue burden or expense" and that Athena is attempting to do a blatant end-run around

3  the Settlement Agreement which remains in full force and effect.

4  **REQUEST NO. 6:**

5       All communications including emails and letters with all Persons who introduced

6  you to any Person affiliated with any suppliers or potential suppliers of Athena Goods.

7  **RESPONSE TO REQUEST NO. 6:**

8       AMN objects to this Request on the grounds that it fails to identify the

9  information sought with reasonable particularity and is overbroad, vague, and

10  ambiguous, unduly burdensome, and oppressive.  AMN further objects on the ground

11  that the Request seeks discovery on a matter not relevant to any party's claim or defense

12  and not proportional to the needs of the case.

13       AMN also objects to this Request on the grounds that Athena filed its original

14  complaint and first amended complaint in violation of Rule 11 to misuse and abuse the

15  litigation and discovery process in order to obtain additional information from AMN

16  beyond that which the parties' bargained for in the Settlement Agreement that is the

17  purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only

18  commenced the instant litigation *after* AMN refused to provide it with additional

19  documents beyond that called for by the parties' settlement agreement.  In short, Athena

20  is trying to use the discovery process to obtain documents and information to which it

21  would only be legally entitled if it prevailed on a claim for specific performance – a

22  claim that Athena has not even asserted in this action.  Moreover, Athena lacked

23  evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed

24  its complaint and amended complaint.  Athena has basically conceded the foregoing as it

25  has failed to provide any evidence of a breach or damages in its initial disclosures.

26  Athena cannot save itself by claiming that the factual contentions alleged in its Sixth

27  Claim for Relief "will likely have evidentiary support after a reasonable opportunity for

28  further investigation or discovery" because those factual contentions were not pled on

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  information or belief or "specifically so identified" as required by Rule 11. As a

2  consequence of all of the foregoing, AMN objects to – and is also entitled to protection

3  from – the discovery on the grounds of "annoyance, embarrassment, oppression, or

4  undue burden or expense" and that Athena is attempting to do a blatant end-run around

5  the Settlement Agreement which remains in full force and effect.

6  **REQUEST NO. 7:**

7      All Documents mentioning any AMN visits to and meetings with any suppliers or

8  potential suppliers of Athena Goods.

9  **RESPONSE TO REQUEST NO. 7:**

10      AMN objects to this Request on the grounds that it fails to identify the

11  information sought with reasonable particularity and is vague, ambiguous, overbroad,

12  unduly burdensome, and oppressive. AMN further objects on the ground that the

13  Request seeks discovery on a matter not relevant to any party's claim or defense and not

14  proportional to the needs of the case.

15      AMN also objects to this Request on the grounds that Athena filed its original

16  complaint and first amended complaint in violation of Rule 11 to misuse and abuse the

17  litigation and discovery process in order to obtain additional information from AMN

18  beyond that which the parties' bargained for in the Settlement Agreement that is the

19  purported basis for Athena's Sixth Claim for Relief for Breach of Contract. Athena only

20  commenced the instant litigation *after* AMN refused to provide it with additional

21  documents beyond that called for by the parties' settlement agreement. In short, Athena

22  is trying to use the discovery process to obtain documents and information to which it

23  would only be legally entitled if it prevailed on a claim for specific performance – a

24  claim that Athena has not even asserted in this action. Moreover, Athena lacked

25  evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed

26  its complaint and amended complaint. Athena has basically conceded the foregoing as it

27  has failed to provide any evidence of a breach or damages in its initial disclosures.

28  Athena cannot save itself by claiming that the factual contentions alleged in its Sixth

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Claim for Relief "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" because those factual contentions were not pled on information or belief or *"specifically so identified"* as required by Rule 11.  As a consequence of all of the foregoing, AMN objects to – and is also entitled to protection from – the discovery on the grounds of "annoyance, embarrassment, oppression, or undue burden or expense" and that Athena is attempting to do a blatant end-run around the Settlement Agreement which remains in full force and effect.

**REQUEST NO. 8:**

All Documents mentioning any visits and meetings from AMN by any suppliers or potential suppliers of Athena Goods.

**RESPONSE TO REQUEST NO. 8:**

AMN objects to this Request on the grounds that it fails to identify the information sought with reasonable particularity and is vague, ambiguous, overbroad, unduly burdensome, and oppressive. AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense and not proportional to the needs of the case.

AMN also objects to this Request on the grounds that Athena filed its original complaint and first amended complaint in violation of Rule 11 to misuse and abuse the litigation and discovery process in order to obtain additional information from AMN beyond that which the parties' bargained for in the Settlement Agreement that is the purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only commenced the instant litigation *after* AMN refused to provide it with additional documents beyond that called for by the parties' settlement agreement.  In short, Athena is trying to use the discovery process to obtain documents and information to which it would only be legally entitled if it prevailed on a claim for specific performance – a claim that Athena has not even asserted in this action.  Moreover, Athena lacked evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed its complaint and amended complaint.  Athena has basically conceded the foregoing as it

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   has failed to provide any evidence of a breach or damages in its initial disclosures.

2   Athena cannot save itself by claiming that the factual contentions alleged in its Sixth

3   Claim for Relief "will likely have evidentiary support after a reasonable opportunity for

4   further investigation or discovery" because those factual contentions were not pled on

5   information or belief or "specifically so identified" as required by Rule 11.  As a

6   consequence of all of the foregoing, AMN objects to – and is also entitled to protection

7   from – the discovery on the grounds of "annoyance, embarrassment, oppression, or

8   undue burden or expense" and that Athena is attempting to do a blatant end-run around

9   the Settlement Agreement which remains in full force and effect.

10  **REQUEST NO. 9:**

11       All Documents showing each shipment you made of Athena Goods.

12  **RESPONSE TO REQUEST NO. 9:**

13       AMN objects to this Request on the grounds that it fails to identify the

14  information sought with reasonable particularity and is overbroad, unduly burdensome,

15  and oppressive.  AMN further objects on the ground that the Request seeks discovery on

16  a matter not relevant to any party's claim or defense and not proportional to the needs of

17  the case.

18       AMN also objects to this Request on the grounds that Athena filed its original

19  complaint and first amended complaint in violation of Rule 11 to misuse and abuse the

20  litigation and discovery process in order to obtain additional information from AMN

21  beyond that which the parties' bargained for in the Settlement Agreement that is the

22  purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only

23  commenced the instant litigation *after* AMN refused to provide it with additional

24  documents beyond that called for by the parties' settlement agreement.  In short, Athena

25  is trying to use the discovery process to obtain documents and information to which it

26  would only be legally entitled if it prevailed on a claim for specific performance – a

27  claim that Athena has not even asserted in this action.  Moreover, Athena lacked

28  evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  its complaint and amended complaint.  Athena has basically conceded the foregoing as it
2  has failed to provide any evidence of a breach or damages in its initial disclosures.
3  Athena cannot save itself by claiming that the factual contentions alleged in its Sixth
4  Claim for Relief "will likely have evidentiary support after a reasonable opportunity for
5  further investigation or discovery" because those factual contentions were not pled on
6  information or belief or "specifically so identified" as required by Rule 11.  As a
7  consequence of all of the foregoing, AMN objects to – and is also entitled to protection
8  from – the discovery on the grounds of "annoyance, embarrassment, oppression, or
9  undue burden or expense" and that Athena is attempting to do a blatant end-run around
10 the Settlement Agreement which remains in full force and effect.

11 **REQUEST NO. 10:**

12     All Documents showing each sale you made of Athena Goods.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

14     AMN objects to this Request on the grounds on the ground that it fails to identify
15 the information sought with reasonable particularity and is overbroad, unduly
16 burdensome, and oppressive.  AMN further objects on the ground that the Request seeks
17 discovery on a matter not relevant to any party's claim or defense and not proportional to
18 the needs of the case.

19     AMN also objects to this Request on the grounds that Athena filed its original
20 complaint and first amended complaint in violation of Rule 11 to misuse and abuse the
21 litigation and discovery process in order to obtain additional information from AMN
22 beyond that which the parties' bargained for in the Settlement Agreement that is the
23 purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only
24 commenced the instant litigation *after* AMN refused to provide it with additional
25 documents beyond that called for by the parties' settlement agreement.  In short, Athena
26 is trying to use the discovery process to obtain documents and information to which it
27 would only be legally entitled if it prevailed on a claim for specific performance – a
28 claim that Athena has not even asserted in this action.  Moreover, Athena lacked

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed its complaint and amended complaint.  Athena has basically conceded the foregoing as it has failed to provide any evidence of a breach or damages in its initial disclosures. Athena cannot save itself by claiming that the factual contentions alleged in its Sixth Claim for Relief "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" because those factual contentions were not pled on information or belief or "specifically so identified" as required by Rule 11.  As a consequence of all of the foregoing, AMN objects to – and is also entitled to protection from – the discovery on the grounds of "annoyance, embarrassment, oppression, or undue burden or expense" and that Athena is attempting to do a blatant end-run around the Settlement Agreement which remains in full force and effect.

**REQUEST NO. 11:**

Withdrawn by Plaintiff pursuant to Meet and Confer by and between counsel for the parties on June 22, 2021.

**REQUEST NO. 12:**

Withdrawn by Plaintiff pursuant to Meet and Confer by and between counsel for the parties on June 22, 2021.

**REQUEST NO. 13:**

All Documents to or from Newman from January 1, 2019, to the present that mention:

    a.  Athena.

    b.  Revitalash.

    c.  Any Athena Trademark.

    d.  Newman's compensation.

    e.  The compensation to any relative of Newman.

    f.   Newman's then-current residence.

    g.  Newman's responsibilities with AMN.

    h.  Newman's bank accounts.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

i. Any company or entity other than AMN which employed Newman or with which contracted with Newman.

**RESPONSE TO REQUEST NO. 13:**

AMN objects to this Request on the grounds on the ground that it fails to identify the information sought with reasonable particularity and is vague, ambiguous, overbroad, unduly burdensome, and oppressive. AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense. Given the breadth of the Request, AMN also objects to this Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine. AMN further objects on the grounds that the Request calls for the production of confidential, commercial, proprietary information and/or information that is otherwise protected by the right to privacy - including the privacy rights of Mr. Newman and any other persons that may be encompassed by the scope of the Request –under federal or California law and/or the jurisdictions in which they reside.

AMN also objects to this Request on the grounds that Athena filed its original complaint and first amended complaint in violation of Rule 11 to misuse and abuse the litigation and discovery process in order to obtain additional information from AMN beyond that which the parties' bargained for in the Settlement Agreement that is the purported basis for Athena's Sixth Claim for Relief for Breach of Contract. Athena only commenced the instant litigation *after* AMN refused to provide it with additional documents beyond that called for by the parties' settlement agreement. In short, Athena is trying to use the discovery process to obtain documents and information to which it would only be legally entitled if it prevailed on a claim for specific performance – a claim that Athena has not even asserted in this action. Moreover, Athena lacked evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed its complaint and amended complaint. Athena has basically conceded the foregoing as it has failed to provide any evidence of a breach or damages in its initial disclosures.

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Athena cannot save itself by claiming that the factual contentions alleged in its Sixth Claim for Relief "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" because those factual contentions were not pled on information or belief or "specifically so identified" as required by Rule 11.  As a consequence of all of the foregoing, AMN objects to – and is also entitled to protection from – the discovery on the grounds of "annoyance, embarrassment, oppression, or undue burden or expense" and that Athena is attempting to do a blatant end-run around the Settlement Agreement which remains in full force and effect.

**REQUEST NO. 14:**

All Documents in categories a-i in the previous request to which Newman was copied.

**RESPONSE TO REQUEST NO. 14:**

AMN objects to this Request on the grounds on the ground that it fails to identify the information sought with reasonable particularity and is vague, ambiguous, overbroad, unduly burdensome, and oppressive. AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense. Given the breadth of the Request, AMN also objects to this Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  AMN further objects on the grounds that the Request calls for the production of confidential, commercial, proprietary information and/or information that is otherwise protected by the right to privacy - including the privacy rights of Mr. Newman and any other persons that may be encompassed by the scope of the Request –under federal or California law and/or the jurisdictions in which they reside.

AMN also objects to this Request on the grounds that Athena filed its original complaint and first amended complaint in violation of Rule 11 to misuse and abuse the litigation and discovery process in order to obtain additional information from AMN beyond that which the parties' bargained for in the Settlement Agreement that is the

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  purported basis for Athena's Sixth Claim for Relief for Breach of Contract.  Athena only

2  commenced the instant litigation *after* AMN refused to provide it with additional

3  documents beyond that called for by the parties' settlement agreement.  In short, Athena

4  is trying to use the discovery process to obtain documents and information to which it

5  would only be legally entitled if it prevailed on a claim for specific performance – a

6  claim that Athena has not even asserted in this action.  Moreover, Athena lacked

7  evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed

8  its complaint and amended complaint.  Athena has basically conceded the foregoing as it

9  has failed to provide any evidence of a breach or damages in its initial disclosures.

10  Athena cannot save itself by claiming that the factual contentions alleged in its Sixth

11  Claim for Relief "will likely have evidentiary support after a reasonable opportunity for

12  further investigation or discovery" because those factual contentions were not pled on

13  information or belief or "specifically so identified" as required by Rule 11.  As a

14  consequence of all of the foregoing, AMN objects to – and is also entitled to protection

15  from – the discovery on the grounds of "annoyance, embarrassment, oppression, or

16  undue burden or expense" and that Athena is attempting to do a blatant end-run around

17  the Settlement Agreement which remains in full force and effect.

18  **REQUEST NO. 15:**

19      All Documents discussing any policy for identifying potentially counterfeit goods

20  or goods that infringe any company's trademark or other intellectual property.

21  **RESPONSE TO REQUEST NO. 15:**

22      AMN objects to this Request on the ground that it is vague and ambiguous.

23  Subject to and without waiving the foregoing and GENERAL OBJECTIONS, and

24  assuming that the Request is seeking a specific written policy, AMN responds as

25  follows:

26      AMN has no documents within its possession, custody or control that are

27  responsive to this request.

28  **REQUEST NO. 16:**

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   All Documents from any Person other than Athena or Athena's attorneys

2   complaining or otherwise mentioning that AMN was selling, shipping or otherwise

3   distributing potentially counterfeit goods or goods that infringe any company's

4   trademark or other intellectual property.

5   **RESPONSE TO REQUEST NO. 16:**

6   AMN objects to this Request on the grounds on the ground that it overbroad,

7   vague and ambiguous, fails to identify the information sought with reasonable

8   particularity.  AMN also objects to the Request to the extent that it calls for documents

9   or information protected from discovery by the attorney-client privilege and/or the

10  attorney work-product doctrine.  AMN further objects on the ground that the Request

11  seeks discovery on a matter not relevant to any party's claim or defense and not

12  proportional to the needs of the case with respect to companies other than Athena.

13  **REQUEST NO. 17:**

14  All Documents to or from or copied to any Person that mentions this Lawsuit or

15  any lawsuit in which Athena is a party.

16  **RESPONSE TO REQUEST NO. 17:**

17  The preface to Athena's Requests specifically states that it excludes privileged

18  documents for the scope of the Requests.  To the extent that this specific Request is

19  intended to call for any privileged documents, AMN objects on the grounds that it calls

20  for the production of  disclosure, inspection and/or copying of documents or information

21  protected from discovery by the attorney-client privilege and/or the attorney work-

22  product doctrine.  AMN further objects on the ground that the Request seeks discovery

23  on a matter not relevant to any party's claim or defense and not proportional to the needs

24  of the case.

25  **REQUEST NO. 18:**

26  All financial records including any bank records showing all profits or losses

27  made in the United States and worldwide from sales or shipments of any Athena Goods.

28  **RESPONSE TO REQUEST NO. 18:**

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   AMN objects to this Request on the grounds on the ground that it fails to identify
2   the information sought with reasonable particularity and is overbroad, burdensome and
3   oppressive in that it seeks "all financial records."  AMN further objects on the ground
4   that the Request seeks discovery on a matter not relevant to any party's claim or defense
5   and not proportional to the needs of the case as Plaintiff has yet to provide a computation
6   of damages in its initial disclosures and has not stated in its initial disclosures that it
7   intends to seek a remedy based upon AMN's profits.  In addition, the trial of the Sixth
8   Cause of Action alleging the breach of the parties' settlement agreement has been
9   bifurcated from the remaining causes of action and AMN intends to bring a motion for
10  summary judgment on that cause of action.  Any discovery regarding profits or losses
11  from Athena products is therefore premature, particularly where plaintiff has failed to
12  provide any evidence of breach of the settlement agreement in its initial disclosures.
13  AMN also objects to this Request on the grounds that it calls for the production of
14  confidential, commercial, proprietary information and/or information that is otherwise
15  protected by the right to privacy.

16      Subject to and without waiving the foregoing and GENERAL OBJECTIONS,
17  AMN responds as follows:  AMN does not maintain records in the format sought by this
18  request specific to Athena Goods.

19  **REQUEST NO. 19:**

20      A copy of all printed or on-line advertising you used containing any Athena
21  Trademark.

22  **RESPONSE TO REQUEST NO. 19:**

23      Athena modified this request pursuant to Meet and Confer by and between
24  counsel for the parties on June 22, 2021 to be time limited to post-execution of the
25  Settlement Agreement.

26      AMN objects to this Request on the ground that it is vague and ambiguous.  AMN
27  further objects to the Request on the ground that it seeks discovery on a matter not
28  relevant to any party's claim or defense and not proportional to the needs of the case as

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   AMN does not dispute that it sold Athena products prior to the parties entering into the

2   settlement agreement.

3       Pursuant to the modification of this request, AMN further responds that there are

4   no such documents as it did not sell Athena Goods after the execution of the Settlement

5   Agreement.

6   **REQUEST NO. 20:**

7       All webpages You used containing any Athena Trademark.

8   **RESPONSE TO REQUEST NO. 20:**

9       Athena modified this request pursuant to Meet and Confer by and between

10   counsel for the parties on June 22, 2021 to be time limited to post-execution of the

11   Settlement Agreement.

12       AMN objects to this Request on the ground that it is vague and ambiguous.  AMN

13   further objects to the Request on the ground that it seeks discovery on a matter not

14   relevant to any party's claim or defense and not proportional to the needs of the case as

15   AMN does not dispute that it sold Athena products prior to the parties entering into their

16   settlement agreement.

17       Pursuant to the modification of this request, AMN further responds that there are

18   no such documents as it did not sell Athena Goods after the execution of the Settlement

19   Agreement.

20   **REQUEST NO. 21:**

21       All postings on any e-commerce site including but not limited to eBay, Amazon,

22   Alibaba, onlinecentershop.com and Esty.

23   **RESPONSE TO REQUEST NO. 21:**

24       Athena modified this request pursuant to Meet and Confer by and between

25   counsel for the parties on June 22, 2021 to be time limited to post-execution of the

26   Settlement Agreement.

27       AMN objects to this Request on the grounds on the ground that it fails to identify

28   the information sought with reasonable particularity and is overbroad, unduly

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

burdensome, and oppressive.  AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense and not proportional to the needs of the case.  Athena has made no effort whatsoever to limit this Request by the person or entity making any such posting or the subject matter of any such posting.  In addition, AMN does not dispute that it sold Athena products prior to the parties entering into their settlement agreement.

AMN further objects tht the information sought is not within its custody or control and further notes that Plaintiff has sought this information from third parties by subpoena.

Pursuant to the modification of this request, AMN further responds that there are no such documents as it did not sell Athena Goods after the execution of the Settlement Agreement.

**REQUEST NO. 22:**

Documents showing the names, all business and home addresses, business and home telephone numbers and email addresses of (1) all Your owners of at least 10% of AMN and (2) all AMN' s officers and managing employees.

**RESPONSE NO. 22:**

AMN objects to this Request on the grounds on the ground that it is vague, ambiguous, fails to identify the information sought with reasonable particularity and is overbroad. AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense.  AMN also objects on the grounds that the Request calls for the production of confidential, commercial, proprietary information and/or information that is otherwise protected by the right to privacy, including the privacy rights of any AMN owners, officers or employees.  AMN further objects on the ground that this Request is actually an interrogatory in the guise of a document request.

**REQUEST NO. 23:**

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   Document showing the names, business addresses, business telephone numbers,
2   email address and web address of all businesses in which at least 10% of the business is
3   owned by any person named on a Document requested to be produced in the previous
4   request.

5   **RESPONSE NO. 23:**

6   AMN objects to this Request on the grounds on the ground that it fails to identify
7   the information sought with reasonable particularity and is overbroad.  AMN also
8   objects on the ground that the Request is vague, ambiguous, and unintelligible.
9   Specifically, AMN cannot comprehend what is meant by the phrase "of all businesses in
10   which at least 10% of the business is owned by any person named on a Document
11   requested to be produced in the previous request." AMN also objects on the grounds that
12   the Request calls for the production of confidential, commercial, proprietary information
13   and/or information that is otherwise protected by the right to privacy, including the
14   privacy rights of any AMN owners, officers or employees.   AMN also objects on the
15   ground that the Request seeks discovery on a matter not relevant to any party's claim or
16   defense.  AMN further objects on the ground that this Request is actually an
17   interrogatory in the guise of a document request.

18   **REQUEST NO. 24:**

19   Document showing the formation of AMN whether articles of incorporation, a
20   limited liability company operating agreement, a partnership agreement or any other
21   Documents showing such a formation.

22   **RESPONSE TO REQUEST NO. 24:**

23   The preface to Athena's Requests specifically states that it excludes privileged
24   documents for the scope of the Requests.  To the extent that this specific Request is
25   intended to call for any privileged documents, AMN objects on the grounds that it calls
26   for the production of  disclosure, inspection and/or copying of documents or information
27   protected from discovery by the attorney-client privilege and/or the attorney work-
28   product doctrine.  AMN further objects to this Request on the grounds on the ground that

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

it fails to identify the information sought with reasonable particularity.  AMN also objects to this Request on the grounds that it calls for the production of confidential, commercial, proprietary information and/or information that is otherwise protected by the right to privacy.  AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense.

Subject to and without waiving the foregoing and GENERAL OBJECTIONS, AMN responds as follows:  AMN will produce a copy of its publicly filed articles of incorporation.

**REQUEST NO. 25:**

Documents sufficient to identify all AMN facilities and offices including those shared with any other Person.

**RESPONSE TO REQUEST NO. 25:**

AMN objects to this Request on the grounds on the ground that it vague, ambiguous, and fails to identify the information sought with reasonable particularity and is overbroad, unduly burdensome, and oppressive.  AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense.  Given the ambiguity and broad scope of the Request, AMN to the extent that it calls for the production of confidential, commercial, proprietary information and/or information that is otherwise protected by the right to privacy.  AMN further objects on the ground that this Request is actually an interrogatory in the guise of a document request.  Subject to and without waiving the foregoing objections, and assuming that the request refers to facilities owned and/or leased by AMN, AMN responds as follows:

AMN will produce such documents showing that it has a warehouse located at 10 Gallagher Drive, Plains, PA 18705.

**REQUEST NO. 26:**

Documents sufficient to identify all past and current managers at all AMN facilities and offices including facilities and offices shared with any other Person.

**RESPONSE TO REQUEST NO. 26:**

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  AMN objects to this Request on the grounds on the ground that it is vague,

2  ambiguous, fails to identify the information sought with reasonable particularity and is

3  overbroad. AMN further objects on the ground that the Request seeks discovery on a

4  matter not relevant to any party's claim. AMN further objects on the ground that this

5  Request is actually an interrogatory in the guise of a document request.

6  **REQUEST FOR PRODUCTION NO. 27:**

7  All leases of AMN or Newman.

8  **RESPONSE TO REQUEST NO. 27:**

9  AMN objects to this Request on the ground that it seeks discovery on a matter not

10  relevant to any party's claim or defense and not proportional to the needs of the case.

11  AMN also objects it calls for the production of confidential, commercial, proprietary

12  information and/or information that is otherwise protected by the right to privacy,

13  including the privacy rights of Mr. Newman.

14  **REQUEST FOR PRODUCTION NO. 28:**

15  Documents sufficient to identify all AMN's or Newman's banks and other

16  financial institutions.

17  **RESPONSE TO REQUEST NO. 28:**

18  AMN objects to this Request on the grounds on the ground that it fails to identify

19  the information sought with reasonable particularity and is overbroad.  AMN further

20  objects on the ground that the Request seeks discovery on a matter not relevant to any

21  party's claim or defense and not proportional to the needs of the case.  Among other

22  things, the requested information is not relevant to any measure of damages, including

23  punitive damages.  AMN further objects to the Request on the grounds that it calls for

24  the production of confidential, commercial, proprietary information and/or information

25  that is otherwise protected by the right to privacy, including the privacy rights of Mr.

26  Newman.  To the extent that the Courts holds that such information is relevant to

27  punitive damages (which AMN disputes), the production of any such information should

28  only be permitted under the terms of the parties' protective order and should be delayed

- 26 -

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

until a ruling on AMN's anticipated summary judgment motion, given the fact that: (1)
there is only a single cause of action (the fifth cause of action) under which Athena *may*
be entitled to exemplary damages, and that cause of action will not be reached unless
Athena first prevails on its contract claim at a bifurcated trial; and (2) Athena has yet to
provide any of the required damages information or related documents in its initial
disclosures and, indeed, has failed to provide *any* evidence in support of its claims as
part of its initial disclosures. AMN further objects on the ground that this Request is
actually an interrogatory in the guise of a document request.

**REQUEST NO. 29:**

Documents sufficient to show the name, title, home and office address, email
address and phone numbers for all AMN managers.

**RESPONSE TO REQUEST NO. 29:**

AMN objects to this Request on the ground that it seeks discovery on a matter not
relevant to any party's claim or defense and which is protected by the right to privacy,
including the privacy rights employees or managers. AMN further objects on the ground
that this Request is actually an interrogatory in the guise of a document request.

**REQUEST NO. 30:**

The profit and loss statements of AMN.

**RESPONSE NO. 30:**

AMN objects to this Request on the ground that it seeks discovery on a matter not
relevant to any party's claim or defense and not proportional to the needs of the case.
Among other things, the Request is not limited to profits or losses attributed to any sales
of Athena products.  In addition, Plaintiff has yet to provide its computation of damages
in its initial disclosures and has not stated in its initial disclosures that it intends to seek a
remedy based upon AMN's profits.  In addition, the trial of the Sixth Cause of Action
alleging the breach of the parties' settlement agreement has been bifurcated from the
remaining causes of action and AMN intends to bring a motion for summary judgment
on that cause of action.  To the extent that the Courts holds that such information is

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

relevant to punitive damages (which AMN disputes), the production of any such information should only be permitted under the terms of the parties' protective order and should be delayed until a ruling on AMN's anticipated summary judgment motion, given the fact that: (1) there is only a single cause of action (the fifth cause of action) under which Athena *may* be entitled to exemplary damages, and that cause of action will not be reached unless Athena first prevails on its contract claim at a bifurcated trial; and (2) Athena has yet to provide any of the required damages calculations or related documents in its initial disclosures and, indeed, has failed to provide *any* evidence in support of its claims as part of its initial disclosures.  AMN also objects to this Request on the grounds that it calls for the production of confidential, commercial, proprietary information and/or information that is otherwise protected by the right to privacy.

**REQUEST NO. 31:**

Photographs or other images of the inside and outside of all AMN facilities and offices including those shared with any other Person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

AMN objects to this Request on the grounds on the ground that it fails to identify the information sought with reasonable particularity and is overbroad.  AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense.

**REQUEST NO. 32:**

All Documents that support AMN's affirmative defense that Athena and AMN were parties to a contract.

**RESPONSE NO. 32:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the information sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer.   Any effort by Athena to recharacterize or mischaracterize an

- 28 -
DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process. Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer. In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN. AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine. Subject to and without waiving the foregoing and GENERAL OBJECTIONS, and construing the Request as referring to AMN's sixth affirmative defense in its ANSWER that "Plaintiffs claims are barred by the parties' settlement," AMN responds as follows:

Athena already has a copy of the parties' settlement. In addition, AMN attached a copy of the settlement, with redacted schedules, to the ANSWER that it filed and served in this proceeding. If Athena needs an additional copy of the parties' settlement agreement, AMN will provide Athena with an additional copy at Athena's expense upon written request to AMN's counsel.

**REQUEST NO. 33:**

All Documents that support AMN's affirmative defense that any AMN failure to perform any obligation resulted from Athena's failure to perform material services required of Athena.

**RESPONSE NO. 33:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the discovery sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer. Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

constitutes an abuse of the discovery process.  To confuse matters even more, Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent that the Request is seeking discovery relating to AMN's prior answer, AMN objects on the ground that the Request seeks discovery on a matter that is not "relevant to any party's claim or defense."

Subject to and without waiving the foregoing and GENERAL OBJECTIONS, AMN responds as follows:  AMN has not alleged "Athena's failure to perform material services required of Athena" as an affirmative defense in its ANSWER.

**REQUEST NO. 34:**

All Documents that support AMN's affirmative defense that AMN's failure to perform any obligation resulted from Athena's failure to perform material services.

**RESPONSE NO. 34:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the discovery sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer. Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process.  To confuse matters even more, Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine. To the extent that the Request is seeking discovery relating to AMN's prior answer, AMN objects on the ground that the Request seeks discovery on a matter that is not "relevant to any party's claim or defense."

Subject to and without waiving the foregoing and GENERAL OBJECTIONS, AMN responds as follows:  AMN has not alleged "Athena's failure to perform material services" as an affirmative defense in its ANSWER.

**REQUEST NO. 35:**

All Documents that support AMN's affirmative defense that AMN's failure to perform any obligation constituted a prior breach by Athena that excused and discharged the performance of any obligations by AMN.

**RESPONSE NO. 35:**

The only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN objects to this Request on the grounds that that it has alleged no such affirmative defense in its ANSWER.

**REQUEST NO. 36:**

All Documents that support AMN's affirmative defense that a condition precedent to AMN's performance was the reasonable and satisfactory performance on the part of Athena.

**RESPONSE TO REQUEST NO. 36:**

The only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  answered filed by AMN.  AMN objects to this Request on the grounds that that it has

2  alleged no such affirmative defense in its ANSWER.

3  **REQUEST NO. 37:**

4       All Documents that support AMN's affirmative defense that any failure on its part

5  to perform any obligation attributable to it resulted from Athena's failure to provide

6  reasonable and satisfactory performance of its obligations.

7  **RESPONSE TO REQUEST NO. 37:**

8       The only operative answer in this proceeding is the Answer of AMN Distribution,

9  Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics

10  (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior

11  answered filed by AMN.  AMN objects to this Request on the grounds that that it has

12  alleged no such affirmative defense in its ANSWER.

13  **REQUEST NO. 38:**

14       All Documents that support AMN's affirmative defense that any failure of

15  condition precedent excused and discharged the performance of any AMN obligations.

16  **RESPONSE TO REQUEST NO. 38:**

17       The only operative answer in this proceeding is the Answer of AMN Distribution,

18  Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics

19  (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior

20  answered filed by AMN.  AMN objects to this Request on the grounds that that it has

21  alleged no such affirmative defense in its ANSWER.

22  **REQUEST FOR PRODUCTION NO. 39:**

23       All Documents that support AMN's affirmative defense that a constructive and

24  implied concurrent condition of performance was Athena's reasonable and satisfactory

25  performance.

26  **RESPONSE TO REQUEST NO. 39:**

27       The only operative answer in this proceeding is the Answer of AMN Distribution,

28  Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics

- 32 -

1  (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior

2  answered filed by AMN.  AMN objects to this Request on the grounds that that it has

3  alleged no such affirmative defense in its ANSWER.

4  **REQUEST NO. 40:**

5      All Documents that support AMN's affirmative defense that any failure on its part

6  to perform any obligation attributable to AMN resulted from Athena's failure to provide

7  such reasonable and satisfactory performance of its obligations.

8  **RESPONSE TO REQUEST NO. 40:**

9      The only operative answer in this proceeding is the Answer of AMN Distribution,

10  Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics

11  (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior

12  answered filed by AMN.  AMN objects to this Request on the grounds that that it has

13  alleged no such affirmative defense in its ANSWER.

14  **REQUEST NO. 41:**

15      All Documents that support AMN's affirmative defense that Athena's failure to

16  perform any obligation of a concurrent condition attributable to AMN excused and

17  discharged the performance of any obligations by AMN.

18  **RESPONSE TO REQUEST NO. 41:**

19      The only operative answer in this proceeding is the Answer of AMN Distribution,

20  Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics

21  (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior

22  answered filed by AMN.  AMN objects to this Request on the grounds that that it has

23  alleged no such affirmative defense in its ANSWER.

24  **REQUEST NO. 42:**

25      All Documents that support AMN's affirmative defense that any failure to perform

26  any obligation attributable to AMN, resulted from Athena's failure to perform material

27  services required of Athena.

28  **RESPONSE TO REQUEST NO. 42:**

The only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN objects to this Request on the grounds that that it has alleged no such affirmative defense in its ANSWER.

**REQUEST NO. 43:**

All Documents that support AMN's affirmative defense that any that Athena's failure to perform any obligation constituted a material failure of consideration which excused and discharged the performance of any obligation by AMN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

The only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN objects to this Request on the grounds that that it has alleged no such affirmative defense in its ANSWER.

**REQUEST NO. 44:**

All Documents that support AMN's affirmative defense that the Doctrine of Frustration of Purpose bars Athena is barred from obtaining the relief sought.

**RESPONSE TO REQUEST NO. 44:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the discovery sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer. Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process. To confuse matters even more, Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the

- 34 -
DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  To the extent that the Request is seeking discovery relating to AMN's prior answer, AMN objects on the ground that the Request seeks discovery on a matter that is not "relevant to any party's claim or defense."

Subject to and without waiving the foregoing and GENERAL OBJECTIONS, AMN responds as follows:  AMN has not alleged "that the Doctrine of Frustration of Purpose bars Athena is barred from obtaining the relief sought" as an affirmative defense in its ANSWER.

**REQUEST NO. 45:**

All Documents that support AMN's affirmative defense that the Statute of Limitations including, but not limited to, California Code of Civil Procedure Sections 337, 338, 339, 340, 343 and 344, and California Corporations Code §25506 bars all Athena claims.

**RESPONSE TO REQUEST NO. 45:**

The only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN objects to this Request on the grounds that that it has alleged no such affirmative defense in its ANSWER.

**REQUEST NO. 46:**

All Documents that support AMN's affirmative defense of the Doctrine of Waiver and Release bars all Athena claims.

- 35 -
DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST NO. 46:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the information sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer.   Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process.  Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  Subject to and without waiving the foregoing and GENERAL OBJECTIONS, and construing the Request as referring to AMN's fourth and fifth affirmative defense in its ANSWER, AMN responds as follows:

AMN will produce all non-privileged documents within its possession, custody or control that are responsive to this request as so construed.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents that support AMN's affirmative defense that the Doctrine of Estoppel bars Athena's claims.

**RESPONSE TO REQUEST NO. 47:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the information sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

AMN's answer.  Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process.  Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  Subject to and without waiving the foregoing and GENERAL OBJECTIONS, and construing the Request as referring to AMN's third affirmative defense in its ANSWER, AMN responds as follows:

AMN will produce all non-privileged documents within its possession, custody or control that are responsive to this request as so construed.

**REQUEST NO. 48:**

All Documents that support AMN's affirmative defense that the Doctrine of Laches Athena bars Athena's claims.

**RESPONSE TO REQUEST NO. 48:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the information sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer.  Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process.  Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1  AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff

2  Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and

3  superseded any prior answered filed by AMN.  AMN also objects to the Request to the

4  extent that it calls for documents or information protected from discovery by the

5  attorney-client privilege and/or the attorney work-product doctrine.  Subject to and

6  without waiving the foregoing and GENERAL OBJECTIONS, and construing the

7  Request as referring to AMN's fifteenth affirmative defense in its ANSWER, AMN

8  responds as follows:

9      AMN will produce all non-privileged documents within its possession, custody or

10  control that are responsive to this request as so construed.

11  **REQUEST NO. 49:**

12      All Documents that support AMN's affirmative defense that the Doctrine of

13  Unclean Hands bars Athena's claims.

14  **RESPONSE TO REQUEST NO. 49:**

15      AMN objects to this Request on the ground that that it vague and ambiguous and

16  fails to identify the information sought with reasonable particularity. Athena has

17  admitted in prefatory instruction no. 11 to the Requests that it has elected to

18  "paraphrase" the affirmative defenses rather than used the actual language set forth in

19  AMN's answer.   Any effort by Athena to recharacterize or mischaracterize an

20  affirmative defense and then demand that AMN respond to that recharacterization or

21  mischaracterization constitutes an abuse of the discovery process.  Athena has not even

22  taken the effort to refer to any affirmative defense by the specific number used by AMN

23  in its answer.  In addition, the only operative answer in this proceeding is the Answer of

24  AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff

25  Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and

26  superseded any prior answered filed by AMN.  AMN also objects to the Request to the

27  extent that it calls for documents or information protected from discovery by the

28  attorney-client privilege and/or the attorney work-product doctrine.  Subject to and

- 38 -

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

without waiving the foregoing and GENERAL OBJECTIONS, and construing the Request as referring to AMN's second affirmative defense in its ANSWER, AMN responds as follows:

AMN will produce all non-privileged documents within its possession, custody or control that are responsive to this request as so construed.

**REQUEST NO. 50:**

All Documents that support AMN's affirmative defense that Athena has failed to take reasonable steps to avoid, mitigate, or minimize his damages.

**RESPONSE TO REQUEST NO. 50:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the information sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer.   Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process.  Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer.  In addition, the only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  Subject to and without waiving the foregoing and GENERAL OBJECTIONS, and construing the Request as referring to AMN's seventh affirmative defense in its ANSWER that "Plaintiff has failed to mitigate its damages, if any," AMN responds as follows:

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

AMN's investigation and discovery is ongoing. Such documents are presumably within the custody, possession, and control of Athena. AMN reserves the right to supplement its response.

**REQUEST NO. 51:**

All Documents that support AMN's affirmative defense the Statute of Frauds bars Athena's claims.

**RESPONSE TO REQUEST NO. 51:**

The only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN. AMN objects to this Request on the grounds that that it has alleged no such affirmative defense in its ANSWER.

**REQUEST NO. 52:**

Withdrawn by Plaintiff.

**REQUEST NO. 53:**

All Documents that support AMN's affirmative defense that all injuries Athena suffered are the direct and proximate result of negligence, recklessness, or other wrongful conduct by third parties.

**RESPONSE TO REQUEST NO. 53:**

AMN objects to this Request on the ground that that it vague and ambiguous and fails to identify the information sought with reasonable particularity. Athena has admitted in prefatory instruction no. 11 to the Requests that it has elected to "paraphrase" the affirmative defenses rather than used the actual language set forth in AMN's answer. Any effort by Athena to recharacterize or mischaracterize an affirmative defense and then demand that AMN respond to that recharacterization or mischaracterization constitutes an abuse of the discovery process. Athena has not even taken the effort to refer to any affirmative defense by the specific number used by AMN in its answer. In addition, the only operative answer in this proceeding is the Answer of

- 40 -
DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN also objects to the Request to the extent that it calls for documents or information protected from discovery by the attorney-client privilege and/or the attorney work-product doctrine.  Subject to and without waiving the foregoing and GENERAL OBJECTIONS, and construing the Request as referring to AMN's tenth affirmative defense in its ANSWER, AMN responds as follows:

AMN's investigation and discovery is ongoing. Such documents are presumably within the custody, possession, and control of Athena.  Such documents are presumably within the custody, possession, and control of Athena as Athena has yet to provide a computation of damages or provide any evidence of damages in its initial disclosures. AMN reserves the right to supplement its response.

**REQUEST NO. 54:**

All Documents that support AMN's affirmative defense that Athena assumed the risk involved in its transaction with AMN.

**RESPONSE TO REQUEST NO. 54:**

The only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior answered filed by AMN.  AMN objects to this Request on the grounds that that it has alleged no such affirmative defense in its ANSWER.

**REQUEST NO. 55:**

All Documents that support AMN's affirmative defense of mutual mistake.

**RESPONSE TO REQUEST NO. 55:**

The only operative answer in this proceeding is the Answer of AMN Distribution, Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1   answered filed by AMN.  AMN objects to this Request on the grounds that that it has

2   alleged no such affirmative defense in its ANSWER.

3   **REQUEST FOR PRODUCTION NO. 56:**

4       All Documents that support AMN's affirmative defense that Athena authorized

5   AMN's conduct that might otherwise constitute a breach of contract, a breach of

6   fiduciary duty, or a violation of statutes.

7   **RESPONSE TO REQUEST NO. 56:**

8       The only operative answer in this proceeding is the Answer of AMN Distribution,

9   Inc. and Moishe Newman to First Amended Complaint of Plaintiff Athena Cosmetics

10  (the "ANSWER"), which answer was filed on April 5, 2021 and superseded any prior

11  answered filed by AMN.  AMN objects to this Request on the grounds that that it has

12  alleged no such affirmative defense in its ANSWER.

13

14     DATED:  June 30, 2021      DAVID C. VOSS, JR.

15                                  VOSS, SILVERMAN & BRAYBROOKE, LLP

16

17                             By: _____

18                               David C. Voss, Jr.

19                               Attorneys for Defendant AMN

                             DISTRIBUTION, INC.

20

21

22

23

24

25

26

27

28

DEFENDANT AMN'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

## PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 4640 Admiralty Way, Suite 800, Marina del Rey, California, 90292.

On July 1, 2021, I served the following document(s):  **DEFENDANT AMN DISTRIBUTION INC.'S AMENDED RESPONSES TO PLAINTIFF ATHENA COSMETIC, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as indicated below or on the attached service list as follows:

Marina Lang
Michael D. Harris
Brian S. Tamsut
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
(counsel for Plaintiff)
mlang@socalip.com
mharris@socalip.com
btamsut@socalip.com

**( )  By United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons listed above or in the attached service list and:

    ( )    deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    ( )    placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Marina Del Rey, California.

**(X)  (By E-Mail)** I caused the above-referenced document(s) to be transmitted by e-mail transmission to the interested parties at the e-mail addresses listed above or on the attached service list.  I did not receive, with a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  The foregoing method of service was pursuant to the express written consent of the parties served.

( )  **(By Overnight Delivery)**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above or in the attached service list. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

( )  **(By Messenger Service)** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above or in the attached service list and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

I declare under penalty of perjury under the laws of the United States and State of California that the above is true and correct.

Executed on July 1, 2021 at Marina Del Rey, California.

A. Brandon Bassir