Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

# United States District Court

## Central District of California – Western Division

| | |
|---|---|
| Athena Cosmetics, Inc., <br><br>　　Plaintiff, <br><br>　　v. <br><br>AMN Distribution Inc., et al, <br><br>　　Defendants. | No. 2:20-cv-05526-SVW-SHK <br><br> Athena's Opposition to Defendants' Motion in Limine No. 3 (to Exclude Evidence not Listed on Plaintiff's Exhibit List) <br><br> Trial Date: November 17, 2021 <br> Judge: Wilson |

## Table of Contents

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page**

A.　Introduction ...................................................................................................1

B.　Argument .......................................................................................................1

　　1.　Defendants' discovery refusals force Athena to seek evidence of sales from third parties, which necessarily delayed Athena's analysis of the evidence and caused any delay listing the documents in the initial exbibit list. ...................................................................1

　　2.　Athena's recounting of the pretrial conference discussions between counsel differs from defendants. ..................................................2

　　3.　Defendants were not prejudiced. ...........................................................3

　　4.　The law defendants cite does not apply/ ...............................................3

C.　Conclusion .....................................................................................................4

# TABLE OF AUTHORITIES

**Cases** Page(s)

*Castillo v. Bank of Am. N.A.*, No. 17-CV-580-DOC (KESx), 2018 WL 6074580 (C.D. Cal. Sept. 28, 2018) ................................................................... 3

*In re Daily*, 47 F.3d 365 (9th Cir. 1995) ................................................................. 1, 2

*Merchant v. Corizon Health, Inc.*, 993 F.3d 733 (9th Cir. 2021) ............................... 3

*Silver State Broad., LLC v. Bergner*, 705 F. App'x 640 (9th Cir. 2017) .................... 3

*Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698 (8th Cir. 2018) ........................................................................................................................ 3

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001) ........................................................................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. INTRODUCTION

Defendants are responsible for the issues they raise. They refused to produce documents—withholding books and records and almost every document showing suppliers, customers, invoices, sales, and related business records— which forced plaintiff Athena to obtain documents from online sellers, eBay, Walmart.com, and Groupon and eBay's payment processer PayPal. Defendants did not merely delay producing documents, they never produced them. Defendant Newman refused to be deposed without moving for a protective order. The last of his three refusals was October 28, 2021.

Defendants' "strategy" obstruct discovery hoping that as the pretrial conference and trial approached, they could seek to exclude Athena's evidence. Their motion is part of their strategy. Had Athena not obtained documents through subpoenas from the third parties, the strategy might have succeeded.

## B. ARGUMENT

**1. Defendants' discovery refusals forced Athena to seek evidence of defendants' sales from third parties, which delayed Athena's analysis of the evidence and caused any delay listing the documents in the initial exbibit list.**

Defendants refused to cooperate during discovery though the rules require cooperation. L.R. 37–4. See also *In re Daily*, 47 F.3d 365, 369 (9th Cir. 1995) (approving default judgment against a defendant for its refusal to cooperate with discovery).

Athena served its first sets of interrogatories and document requests on October 1, 2020. Attorney Ronan Cohen represented defendants then. When defendants served no responses, Athena's attorney asked Mr. Cohen to meet and confer, but Mr. Cohen ignored the request.

After Mr. Voss became defendants' attorney, he objected that the discovery requests had been served by email, though Mr. Cohen did not object on that basis. So Athena served the discovery by Postal Service mail. Defendants responded on May 25, 2021 objecting to all interrogatories and document requests. After the parties met and conferred, defendants served amended responses on May 1, 2021 (Ex. 1), which again objected to all discovery. For example, Document Request No. 5 sought "All communications including emails and letters with all suppliers or potential suppliers of Athena Goods." Id. pp. 9–10. Defendants' objection reads:

> AMN objects to this Request on the grounds that it fails to identify the information sought with reasonable particularity and is overbroad, vague and ambiguous. AMN further objects on the ground that the Request seeks discovery on a matter not relevant to any party's claim or defense and not proportional to the needs of the case.
>
> AMN also objects to this Request on the grounds that Athena filed its original complaint and first amended complaint in violation of Rule 11 to misuse and abuse the litigation and discovery process in order to obtain additional information from AMN beyond that which the parties' bargained for in the Settlement Agreement that is the purported basis for Athena's Sixth Claim for Relief for Breach of Contract. Athena only commenced the instant litigation after AMN refused to provide it with additional documents beyond that called for by the parties' settlement agreement. In short, Athena is trying to use the discovery process to obtain documents and information to which it would only be legally entitled if it prevailed on a claim for specific performance - a claim that Athena has not even asserted in this action. Moreover, Athena lacked evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed its complaint and amended complaint. Athena has basically

> conceded the foregoing as it has failed to provide any evidence of a breach or damages in its initial disclosures.
>
> Athena cannot save itself by claiming that the factual contentions alleged in its Sixth Claim for Relief "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" because those factual contentions were not pled on information or belief or "specifically so identified" as required by Rule 11. As a consequence of all of the foregoing, AMN objects to- and is also entitled to protection from- the discovery on the grounds of "annoyance, embarrassment, oppression, or undue burden or expense" and that Athena is attempting to do a blatant end-run around the Settlement Agreement which remains in full force and effect.

*Id.* pp. 10–11. Defendants' incorrect position was that Athena's case was too weak for defendants to bother responding to discovery. *See Castillo v. Bank of Am. N.A.*, No. 17-CV-580-DOC (KESx), 2018 WL 6074580, at *5 (C.D. Cal. Sept. 28, 2018) (overruling objection to discovery based on argument that plaintiff had a weak case). But defendants still refused to produce documents.

Magistrate Judge Kewalramani suggested during an informal discovery conference that using an Electronically Stored Information (ESI) protocol may be more productive, so Athena served a second document request, but again, defendants objected to all requests (Ex. 2) and produced nothing. Request No. 57 is an example:

> All Documents from January 1, 2019, to the present exchanged between AMN or sent or received on an AMN email address on one hand, and:

| | |
|---|---|
| Adina Newman | Adina's Store |
| Adina's Beauty Shop | Amanda Hill |
| Adina's Beauty Store | Amina Newman |

| | |
|---|---|
| AMN Health Beauty Cosmetics LLC | Bluelinela |
| Aryeh Leib Newman | Brush Express |
| austramericacosmeticsoutleand (username) | Brushexpress.com |
| beautymagasin (username) | David Newman |
| Bernie Tillinger | Devorah Daneshrad |
| | Devorah Hershkop |
| | Devorah Newman |

and other persons named in documents Athena obtained from third persons. Many names share the "Newman" last name with defendant Moishe Newman. Since defendant served its objections on October 22, 2021, Athena had insufficient time before the pretrial conference to move to compel especially with defendants' previous avoidance of discovery.

Defendants finally produced its first documents on September 3, 2021.[1] Exhibit 3 is a copy of the first five pages of the production (names redacted).[2] They are documents customers receives when they order from eBay. They are not the organized books and records, which a company like AMN must have.

The third parties' document production took place on (all dates 2021):

July 13, September 17, and October 26 (eBay)

July 26 and August 3 (PayPal)

October 8 (Groupon)

July 16 (Walmart)

The documents required analysis. eBay produced a spreadsheet with 1,481 lines sales of Athena products. Many sellers use aliases too, so Athena had to cross-reference those aliases with names known to be associated with defendants.

---

[1] It had served the same document on August 25, but they were not Bates Numbered and the documents' margins were cut off.

[2] Defendants also produced its warehouse lease and an email.

Athena also sent copies of the third-party document to defense counsel so defendants cannot claim surprise that any are trial documents.

Had defendants produced its documents when it should have when Mr. Cohen was counsel last year, Athena would have a year to analyze the documents. And defendant Newman's refusal to be deposed three times blocked Athena from using his testimony to make sense of the documents.

Athena also tried to obtain the information and at least some documents through deposing Nechemia, Dov, Devorah, and David Newman, persons whose names are on the online merchants' documents. Athena believes they work with AMN and are related to defendant Moishe Newman. Defendants would not say whether any were managing agents for AMN, which forced Athena to try subpoenaing them. They evaded service of the subpoenas.

When defendants produce nothing useful, withhold relevant and requested document and refuse to be deposed, the slight delay for listing documents between the initial exhibit list and the documents in the pretrial conference order is understandable and excusable.

2. **Athena's recounting of the pretrial conference discussions between counsel differs from defendants'.**

Defendants claim Athena would not negotiate the terms of the pretrial conference order. Not so. The parties had their initial pretrial conference order meeting on September 29, 2021. That meeting broke down. Athena's attorneys disagree with defendants' explanation of the reasons for the breakdown, but the reasons are unimportant for the motion.

After the meeting, Athena counsel emailed Mr. Voss asking, "Please let us know when you are available to resume the Local Rule 16-2 meeting begun this morning." (Ex. 4 – highlight added). He did not respond.

**3. Defendants were not prejudiced.**

Nothing in defendants' motion claims any prejudice, and this opposition shows they suffered none. Further, they caused the delay in Athena's obtaining documents for exhibits, which negates any claim of prejudice

Athena's document list in the Pretrial Conference Order contains no new documents Athena was withholding. All are from third parties, which Athena provided to defendants. The first list has one exhibit grouping several counterfeits Athena obtained; the Pretrial Conference Order provides an exhibit number for each counterfeit.

**4. The law defendants cite does not apply.**

The two cases defendants cite, *Merchant v. Corizon Health, Inc.*, 993 F.3d 733 (9th Cir. 2021), and *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001), both deal with exclusion of experts' testifying because parties failed to file expert witness reports. The opponents were automatically prejudiced there because they had no chance to depose the experts. Both courts rely on case law regarding expert reports.

The other two cases defendants cite, *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698 (8th Cir. 2018), and *Silver State Broad., LLC v. Bergner*, 705 F. App'x 640 (9th Cir. 2017), relate to exclusion of damage evidence. Athena's opposition to defendants' Motion in Limine No. 1, explains why in trademark cases where damages depend on defendants' sales, a plaintiff's initial disclosures need no damage calculation. Damages also are not an issue in the initial trial.

## C. CONCLUSION

Defendants cannot complain about Athena's exhibit list because their refusal to cooperate during discovery, produce documents Athena requested and be deposed delayed Athena from organizing its trial exhibit. Defendants' motion, therefore, should be denied.

November 15, 2021

/s/ *Michael Harris*
Michael D. Harris
SoCal IP Law Group LLP

Attorneys for Plaintiff Athena Cosmetics, Inc.

**DECLARATION OF MICHAEL HARRIS IN SUPPORT TO ATHENA'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3**

I, Michael Harris, declare:

1. I am attorney for plaintiff Athena Cosmetics, Inc (Athena) and a member of the State Bar of California and of this Court. I am a partner in SoCal IP Law Group LLP (SoCal IP), plaintiff's attorneys. I know the facts stated in the declaration on personal knowledge. The attached exhibits are true and correct copies of what I state them to be.

2. Athena served its first sets of interrogatories and document requests on October 1, 2020, while attorney Ronan Cohen represented defendants. When defendants served no responses, we asked Mr. Cohen to meet and confer, but he did not. On November 9, 2021, he wrote us he was transferring his files to defendants' current attorney, David Voss.

3. After Mr. Voss objected to the discovery requests because we had served them by email, we served them by USPS mail. Defendants responded on May 25, 2021, objecting to all interrogatories and document requests. After the parties met and conferred, defendants served amended responses on May 1, 2021. Exhibit 1 is a copy of the amended responses objecting to all discovery, so defendants produced nothing.

4. During an informal discovery conference, Magistrate Judge Kewalramani suggested that using an Electronically Stored Information (ESI) protocol may be more productive. Therefore, we served a second document request on defendants, but again, defendants objected to all requests and produced nothing. (Exhibit 2 is a copy of the second document request.

5. Since defendant served its objections on October 22, 2021, I did not think we had sufficient time before the pretrial conference to move to compel and object the requested documents especially with defendants' previous avoidance of discovery.

6. Defendants finally produced its first documents on September 3, 2021. Exhibit 3 is a copy of the first five pages of the production (names redacted). They are documents customers receives when they order from eBay. They are not the organized books and records of a company like AMN. Defendants also produced its warehouse lease and an email

7. The third parties' document production took place on (all dates 2021):

July 13, September 17, and October 26 (eBay)

July 26 and August 3 (PayPal)

October 8 (Groupon)

July 16 (Walmart)

8. The third-party documents required our analysis. One spreadsheet eBay produced contained 1,481 lines of sales of Athena products.

9. Many sellers use aliases, so we had to cross-reference those aliases with names known to be associated with defendants.

10. We also sent copies of the third-party document to defense counsel.

11. Had defendants produced its documents when it should have when Mr. Cohen was counsel last year, we would have a year to analyze the documents. And defendant Newman's refusal to be deposed three time, prevented our using his testimony to identify defendants' documents and make sense third-party documents.

12. We also tried to obtain the information and at least some documents through deposing Nechemia, Dov, Devorah, and David Newman, persons whose names are on the online merchants' documents. Defense counsel would not tell me whether any were managing agents for AMN, which forced us to try subpoenaing them. Our process server reported the witnesses were evading service of the subpoenas.

13. When defendants produce nothing useful, withhold relevant and requested document and refuse to be deposed, the slight delay for listing documents between

the initial exhibit list and the documents listed in the pretrial conference order is understandable and excusable.

14. Defendants claim Marina Lang and I would not negotiate the terms of the pretrial conference order. Not so. We had our initial pretrial conference order meeting on September 29, 2021. That meeting broke down. I disagree with Mr. Voss's explanation why it broke down, but the reasons are unimportant for the motion.

15. After the meeting, I emailed Mr. Voss asking, "Please let us know when you are available to resume the Local Rule 16-2 meeting begun this morning." Exhibit 4 is a copy of the email. He did not respond.

16. Athena's document list in the Pretrial Conference Order contains no new documents Athena had withheld. Athena provide defendants copies of those from third parties.

17. Athena's first list has one exhibit grouping several counterfeits Athena obtained; the Pretrial Conference Order provides an exhibit number for each counterfeit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

November 15, 2021               /s/ *Michael Harris*
                                Michael Harris