DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **DEFENDANT AMN DISTRIBUTION INC.'S RESPONSES TO PLAINTIFF ATHENA COSMETIC, INC.'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:**   PLAINTIFF ATHENA COSMETICS, INC

**RESPONDING PARTY:**   DEFENDANT AMN DISTRIBUTION, INC.

**SET NO:**   TWO

Pursuant to Federal Rule of Civil Procedure 34, defendant AMN Distribution, Inc. ("AMN") hereby responds to the Second Request for Production of Documents (the "Requests")  propounded by plaintiff Athena Cosmetics, Inc. ("Athena").

## GENERAL OBJECTIONS

1.     The following responses are made solely for the purpose of this action. AMN is at present pursuing its investigation and analysis of the facts and law relating to this case and has not completed its discovery or preparation for trial.  The responses set forth herein are given without prejudice to AMN's right to produce subsequent evidence, or to add to, modify or otherwise change or amend the responses contained herein. AMN reserves the right to correct any inadvertent errors, mistakes or omissions, should any be found to exist.

2.     AMN objects to each Request to the extent it seeks discovery that is neither relevant to any party's claim or defense nor proportional to the needs of the case in light of the factors set forth in Federal Rule of Civil Procedure 26(b), i.e., the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit or otherwise seek documents or otherwise seeks information in excess of the scope of discovery permitted under Federal Rule of Civil Procedure 26(b).

3.     AMN objects to each Request to the extent that its calls for the disclosure, inspection and/or copying of documents or information protected from discovery and disclosure by the attorney-client privilege, the attorney work-product doctrine, and other privileges or doctrines, including constitutional privileges such as, inter alia, the right to privacy, afforded under federal and California law or other applicable jurisdictions. AMN and its counsel claim these privileges with respect to all such materials.

4.     AMN objects to each Request to the extent that it calls for the disclosure of confidential, commercial, or proprietary information and/or trade secrets or information

1  contractually prohibited from disclosure.  AMN claims these privileges with respect to

2  all such materials.

3      5.    AMN objects to each Request to the extent that it calls for the disclosure of

4  the residential or home addresses, phone number, or e-mail addresses of any

5  individual(s).  Such information is protected by, inter alia, the right to privacy

6  (including, but not limited to, such rights under the California constitution) and such

7  other rights and privileges afforded under federal or state law, or the laws of applicable

8  foreign jurisdictions.

9      6.    AMN objects to each Request to the extent that it calls for the disclosure of

10  any information called for by any other Request previously served on AMN.  It is

11  improper for Plaintiff to repeat prior requests by repackaging or rephrasing them in a

12  new set of Requests.

13      7.    AMN objects to each Request to the extent that it calls for the disclosure of

14  information protected by employee or consumer privacy laws, including those of the

15  jurisdictions in which such consumers or persons reside.

16      8.    Inadvertent disclosure of privileged information by AMN is not a waiver of

17  any applicable privilege.  By responding to these Requests, AMN reserves all objections

18  to the use or admission of such responses at trial.

19      9.    AMN objects to each Request to the extent its call for disclosure of

20  information beyond the scope of the first phase of the bifurcated trial which is also the

21  subject of Defendants' Motion to Bifurcate Discovery filed on August 30, 2021.  That

22  motion is currently pending and has yet to be decided by the Court.

23      10.   AMIN objects to any definition or instruction set forth in the Requests to the

24  extent that they seek to impose obligations on AMIN that are inconsistent with or beyond

25  those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

26  AMIN further objects to the definitions on the grounds that the expansive nature of some

27  of the definitions render the Requests overbroad and have resulted in Requests that fail

28  to identify the documents or information sought with reasonable particularity

AMN'S RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

11.    AMN objects to each Request to the extent that it seek documents, items, or information not within AMN's custody, possession or control and/or which are equally available to or are already in the possession of Athena. Among other things, AMN will not produce pleadings and similar captioned documents filed with this Court in this action, or served upon the parties, correspondence generated during the course of the litigation, and deposition transcripts.

12.    AMN objects to the Requests to the extent that they call for the production of electronically stored information from sources that are not reasonably accessible because of undue burden or cost.  To the extent that documents responsive to a Request include electronically stored information, such documents will be produced in written form in hardcopy or the .pdf format.

13.    The preface to Athena's Requests specifically states that it excludes privileged documents for the scope of the Requests.  Accordingly, AMN's responses shall exclude all privileged documents from its responses.  Any response herein in which AMN agrees to produce documents is with respect to non-privileged documents only. AMN reserves all objections to privileged materials.

14.    AMN objects to the date and time of the production stated in the Requests. AMN will either provide the propounding party with copies of all documents which they agree to produce as stated herein at the propounding party's expense, or make the originals available for inspection and copying at the offices of Voss, Silverman & Braybrooke LLP at a mutually convenient date and time upon request by the propounding party.  Counsel for the propounding party should contact counsel for AMN to arrange for the copying of documents or inspection.

15.    AMN objects to each Request to the extent that it constitutes, in full or in part, a reformulation or rephrasing of prior Requests propounded in this matter.  The prior Requests have already been the subject of extensive discussions and rulings by the Magistrate Judge in this matter.

AMN'S RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

16.     AMN objects to the Requests in their entirety on the grounds that Athena filed its original complaint and first amended complaint in violation of Rule 11 to misuse and abuse the litigation and discovery process in order to obtain additional information from AMN beyond that which the parties' bargained for in the Settlement Agreement that is the purported basis for Athena's Sixth Claim for Relief for Breach of Contract. Athena only commenced the instant litigation *after* AMN refused to provide it with additional documents beyond that called for by the parties' settlement agreement.  In short, Athena is trying to use the discovery process to obtain documents and information to which it would only be legally entitled if it prevailed on a claim for specific performance – a claim that Athena has not even asserted in this action.  Moreover, Athena lacked evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed its complaint and amended complaint.  Athena has basically conceded the foregoing, as it has failed to provide any evidence of a breach or damages in its initial disclosures.  Athena cannot save itself by claiming that the factual contentions alleged in its Sixth Claim for Relief "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" because those factual contentions were not pled on information or belief or  "specifically so identified" as required by Rule 11.  Asa consequence of all of the foregoing, AMN objects to – and is entitled to protection from – the discovery on the grounds of "annoyance, embarrassment, oppression, or undue burden or expense" and that Athena is attempting to do a blatant end-run around the Settlement Agreement which remains in full force and effect. AMN reserves the right, if necessary, to seek a protective order.

17.     Each objection stated in this Preliminary Statement and General Objections (the "GENERAL OBJECTIONS") is incorporated into each response set forth below. All responses are made without waiver of any of the foregoing objections.

## **SPECIFIC RESPONSES**

**REQUEST NO. 57:**

AMN'S RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

All Documents from January 1, 2019, to the present exchanged between AMN or sent or received on an AMN email addres [sic] son [sic] one hand, and:

| | |
|---|---|
| Adina Newman | Dina Newman |
| Adina's Beauty Shop | Dov Yehuda Newman |
| Adina's Beauty Store | eBay |
| Adina's Store | Eric Romero |
| Amanda Hill | Geula Newman |
| Amina Newman | Gila Newman |
| AMN Health Beauty Cosmetics LLC | Gilad Bruchim |
| Aryeh Leib Newman | Jack Keefe |
| austramericacosmeticsoutleand (username) | Joel Goldhirsch |
| | Joseph Newman |
| beautymagasin (username) | Kaye Keefe |
| Bernie Tillinger | Keefe Plumbing |
| Bluelinela | Keefe Sales Co. |
| Brush Express | LinkAmerica |
| Brushexpress.com | LinkAmerika |
| David Newman | Lousie-Leglanc |
| Devorah Daneshrad | Mark Newman |
| Devorah Hershlcop | Meir Newman |
| Devorah Newman | Meyer Newman |
| Moishe Vogel | Sheri Dziewit |
| Nechemia Hashgacha | Sheri Dziewit |
| Nechemia Newman | Shlomo Newman |
| Paul Gallagher | Shmuel Dovid Newman (aka Sam Newman) |
| PayPal | |

AMN'S RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

| | |
|---|---|
| Qualitransit Health | Tonya Buchowski |
| Rene Morel | Valenced |
| Safes Mania | Walmart |
| Sam Newman | Yehudas Newman |
| Sara Newman | Yhali Newman (aka Yhali Lipp) (aka Yhali Sharvit) |
| savingsimplellc (username) | |
| Shelly Hatzav | Yisroel Newman |
| Shelly Hatzay | Yossi Rapaport (aka Yosef Yitzchok Rapoport) |
| Shelly Heimannson | |
| Shelly Newman) | |

**RESPONSE TO REQUEST NO. 57:**

AMN objects to this Request on the grounds that it fails to identify the information sought with reasonable particularity and is overbroad, unduly burdensome, and oppressive.  Among other defects, the Request seeks all "Documents" exchanged between AMN and over 60 entities and/or individuals without any limitation as to subject matter. The Request is also overbroad and fails to identify the information sought with reasonable particularity in light of expansive definition of the term "AMN,"  which Plaintiff has defined to include "AMN and all predecessors, subsidiaries, parents and their past and present employees, officers, agents, or attorneys."  Plaintiffs use of such numerous and extensive search terms, in and of itself, also imposes an undue burden and expense on the AMN.  AMN also objects to the production of document or information not within its possession, custody, or control.

AMN further objects on the ground that the Request seeks discovery on matters that are neither relevant to any party's claim or defense nor proportional to the needs of the case in light of the factors set forth in Federal Rule of Civil Procedure 26(b), *i.e.,* the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

AMN'S RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

1  discovery in resolving the issues, and whether the burden or expense of the proposed

2  discovery outweighs its likely benefit.

3       AMN also objects to this Request to the extent it calls for the production of

4  electronically stored information from sources that are not reasonably accessible because

5  of undue burden or cost.

6       Given the breadth of the Request, AMN further objects to the extent that it calls

7  for the production of confidential, commercial, proprietary information and/or

8  information that is otherwise protected by the right to privacy - including the privacy

9  rights of the defendants – and any other person or entity who may be encompassed by

10 the scope of the Request – under federal or California law and/or the jurisdictions in

11 which they reside. AMN also objects to the Request to the extent that it seeks the

12 disclosure the residential or home addresses, phone number, or e-mail addresses of any

13 individual(s) and/or other information relating to consumers or employees.  Such

14 information is protected by, inter alia, the right to privacy (including, but not limited to,

15 such rights under the California constitution) and such other rights and privileges

16 afforded under federal or state law, or the laws of applicable foreign jurisdictions.

17      AMN also objects to this Request to the extent that it calls for the disclosure of

18 documents or information protected from discovery by the attorney-client privilege

19 and/or the attorney work-product doctrine.  While it is difficult to identify specific

20 documents or information given the vast scope and breadth of the Request, AMN

21 specifically objects to the production of any documents or information relating,

22 reflecting or referring to communications between the defendants (and those acting on

23 their behalf) and defendants' legal counsel (including its partners, employees and others

24 performing services on its behalf).

25      AMN further objects to this Request to the extent that it calls for the disclosure of

26 any information called for by any other Request previously propounded in this matter.  It

27 is improper for Plaintiff to repeat prior requests by repackaging or rephrasing them in a

28

AMN'S RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

1  new set of Requests. The prior Requests have already been the subject of extensive

2  discussions and rulings by the Magistrate Judge in this matter.

3  **REQUEST NO. 58:**

4      All Documents from January 1, 2019, to the present exchanged between Moishe

5  Newman on one hand and:

| | |
|---|---|
| Adina Newman | Bernie Tillinger |
| Adina's Beauty Shop | Bluelinela |
| Adina's Beauty Store | Brush Express |
| Adina's Store | Brushexpress.com |
| Amanda Hill | David Newman |
| Amina Newman | Devorah Daneshrad |
| AMN Health Beauty Cosmetics LLC | Devorah Hershlcop |
| Aryeh Leib Newman | Devorah Newman |
| austramericacosmeticsoutleand (username) | Dina Newman |
| | Dov Yehuda Newman |
| beautymagasin (username) | eBay |
| Eric Romero | Rene Morel |
| Geula Newman | Safes Mania |
| Gila Newman | Sam Newman |
| Gilad Bruchim | Sara Newman |
| Groupon | savingsimplellc (username) |
| Jack Keefe | Shelly Hatzav |
| Joel Goldhirsch | Shelly Hatzay |
| Joseph Newman | Shelly Heimannson |
| Kaye ICeefe | Shelly Newman |
| Keefe Plumbing | Sheri Dziewit |
| Keefe Sales Co. | Sheri Dziewit |

AMN'S RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

| | |
|---|---|
| LinkAmerica | Shlomo Newman |
| LinkAmerika | Shmuel Dovid Newman (aka Sam Newman) |
| Lousie-Leglanc | |
| Mark Newman | Tonya Buchowski |
| Meir Newman | Valenced |
| Meyer Newman | Walmart |
| Moishe Vogel | Yehudas Newman |
| Nechemia Hashgacha | Yhali Newman (aka Yhali Lipp) (aka Yhali Sharvit) |
| Nechemia Newman | |
| Paul Gallagher | Yisroel Newman |
| PayPal | Yossi Rapaport (aka Yosef Yitzchok Rapoport) |
| Qualitransit Health | |

and that also mention any of these words, plurals or possessives, or translations of any of these words:

| | |
|---|---|
| AMN | Any of Athena's attorneys including Marina Lang, Michael Harris and Brian Tamsut. |
| Any Athena Trademark (defined term) | |
| Athena | |
| Bill of lading | Groupon |
| Brush Express | Import |
| China | Invoice |
| Cosmetic | Knock-off |
| Counterfeit | Link Amerika or Link America |
| Customs | PayPal |
| Czech | Revitalash |
| Czechoslovakia | Ship, shipping or shipment |

AMN'S RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

| eBay | Slovakia |
| Export | This Lawsuit |
| Eyelash | United States Postal Service |
| FedEx | UPS |
| Gray or gray market goods | Walmart |
| | Warehouse |

**RESPONSE TO REQUEST NO. 58:**

AMN objects to this Request on the grounds that it fails to identify the information sought with reasonable particularity and is overbroad, unduly burdensome, and oppressive. Among other defects, the Request seeks all "Documents" exchanged between defendant Moishe Newman "Newman") and over 60 entities and/or individuals and that also mention any single one or a combination of over 35 additional search terms or "translations" thereof. Plaintiff has also defined AMN expansively to include "AMN and all predecessors, subsidiaries, parents and their past and present employees, officers, agents, or attorneys." Plaintiffs use of such numerous and extensive search terms, in and of itself, also imposes an undue burden and expense on the AMN. AMN further objects to this Request on the ground that it is not limited by subject matter.

AMN further objects on the ground that the Request seeks discovery on matters that are neither relevant to any party's claim or defense nor proportional to the needs of the case in light of the factors set forth in Federal Rule of Civil Procedure 26(b), *i.e.,* the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

AMN also objects to this Request to the extent it calls for the production of electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

AMN'S RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

1    Given the breadth of the Request, AMN further objects to the extent that it calls
2    for the production of confidential, commercial, proprietary information and/or
3    information that is otherwise protected by the right to privacy - including the privacy
4    rights of the defendants – and any other person or entity who may be encompassed by
5    the scope of the Request – under federal or California law and/or the jurisdictions in
6    which they reside. AMN also objects to the Request to the extent that it seeks the
7    disclosure the residential or home addresses, phone number, or e-mail addresses of any
8    individual(s) and/or other information relating to consumers or employees.  Such
9    information is protected by, inter alia, the right to privacy (including, but not limited to,
10   such rights under the California constitution) and such other rights and privileges
11   afforded under federal or state law, or the laws of applicable foreign jurisdictions.

12   AMN also objects to this Request to the extent that it calls for the disclosure of
13   documents or information protected from discovery by the attorney-client privilege
14   and/or the attorney work-product doctrine.  While it is difficult to identify specific
15   documents or information given the vast scope and breadth of the Request, AMN
16   specifically objects to the production of any documents or information relating,
17   reflecting or referring to communications between the defendants (and those acting on
18   their behalf) and defendants' legal counsel (including its partners, employees and others
19   performing services on its behalf).

20   AMN further objects to this Request to the extent that it calls for the disclosure of
21   any information called for by any other Request previously propounded in this matter.  It
22   is improper for Plaintiff to repeat prior requests by repackaging or rephrasing them in a
23   new set of Requests. The prior Requests have already been the subject of extensive
24   discussions and rulings by the Magistrate Judge in this matter.

25   AMN also notes that all the Request is ostensibly directed at AMN, it seeks
26   documents "exchanged" between defendant Newman and others.  Accordingly, AMN
27   objects to the production of document or information not within its possession, custody,
28   or control.

AMN'S RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 59:**

The page from Your Rolodex, computer address book (e.g., MS Outlook) and other address book mentioning these Persons who ever resided or worked at:

4225 Lime Ave., Long Beach, CA

Any other address on Lime Ave., Long Beach, CA

10 Gallagher Drive, Wilkes Barre, PA

10 Gallagher Drive, Plains, PA

548 Rutter Avenue, Kingston, PA

1201 Orange Street, Wilmington, DE

**RESPONSE TO REQUEST NO. 59:**

AMN objects to this Request on the grounds that it fails to identity the information sought with reasonable particularity and is overbroad, unduly burdensome, and oppressive.  Among other things, the term "YOUR" is defined to include "AMN," which in turn, is defined expansively to include "AMN and all predecessors, subsidiaries, parents and their past and present employees, officers, agents, or attorneys." AMN objects to the production of document or information not within its possession, custody, or control.

AMN further objects to this Request on the ground that it seeks discovery on matters that are neither relevant to any party's claim or defense nor proportional to the needs of the case in light of the factors set forth in Federal Rule of Civil Procedure 26(b), *i.e.,* the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

AMN also objects to this Request to the extent it calls for the production of electronically stored information from sources that are not reasonably accessible because of undue burden or cost.

AMN'S RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

AMN further objects to this Request to the extent that it seeks the disclosure the residential or home addresses, phone number, or e-mail addresses of any individual(s) and/or other information relating to consumers or employees.  Such information is protected by, inter alia, the right to privacy (including, but not limited to, such rights under the California constitution) and such other rights and privileges afforded under federal or state law, or the laws of applicable foreign jurisdictions

AMN further objects to this Request to the extent that it calls for the disclosure of any information called for by any other Request previously propounded in this matter.  It is improper for Plaintiff to repeat prior requests by repackaging or rephrasing them in a new set of Requests. The prior Requests have already been the subject of extensive discussions and rulings by the Magistrate Judge in this matter.

DATED:  October 22, 2021      DAVID C. VOSS, JR.
                                      VOSS, SILVERMAN & BRAYBROOICE, LLP

By: _____
      David C. Voss, Jr.
      Attorneys for Defendant AMN DISTRIBUTION, INC.

AMN'S RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

## **PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 4640 Admiralty Way, Suite 800, Marina del Rey, California, 90292.

On October 22, 2021, I served the following document(s):  **DEFENDANT AMN DISTRIBUTION INC.'S RESPONSES TO PLAINTIFF ATHENA COSMETIC, INC.'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action as indicated below or on the attached service list as follows:

Marina Lang
Michael D. Harris
Brian S. Tamsut
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
(counsel for Plaintiff)
miang@socalip.com
mharris@socalip.com
btamsut@socahp.com

( )   By **United States mail**.  I enclosed the documents in a sealed envelope or package addressed to the persons listed above or in the attached service list and:

( )      deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

( )      placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Marina Del Rey, California.

**(X)   (By E-Mail)** I caused the above-referenced document(s) to be transmitted by e-mail transmission to the interested parties at the e-mail addresses listed above or on the attached service list.  I did not receive, with a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.  The foregoing method of service was pursuant to the express written consent of the parties served.

( )  **(By Overnight Delivery)**  **I** enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above or in the attached service list. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

( )  **(By Messenger Service) I** served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above or in the attached service list and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

I declare under penalty of perjury under the laws of the United States and State of California that the above is true and correct.

Executed on October 22, 2021 at Marina Del Rey, California.

Maria Franco