Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

# United States District Court
## Central District of California – Western Division

| | |
|---|---|
| Athena Cosmetics, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>AMN Distribution Inc., et al,<br><br>Defendants. | No. 2:20-cv-05526-SVW-SHK<br><br>Supplemental Trial Brief of Plaintiff Athena Cosmetics, Inc.<br><br>Trial Date: November 16, 2021<br>Judge Wilson |

## Table of Contents

A. Introduction ................................................................................................. 1

B. Argument .................................................................................................... 1

    1.    Athena just received self-authenticating documents showing Moishe Newman is CEO of an Australian "AMN" company ..................... 1

    2.    Mr. Newman had to review documents for his statements, but he neither attached the documents to his declaration, referred to defendants' trial exhibits numbers, nor produced the supporting documents during discovery. ........................................................................... 2

    3.    The Newman declaration contains improper expert testimony and testimony about which he has no personal knowledge ................................ 3

    4.    Defendants' failure to list Nechemiah Newman, Adina's Beauty Shop and Adina's Beauty Store, austramericacosmeticsoutlet "Austramerica," bluelinela, and valenced in schedule 1 is a breach ................... 4

5. Mr. Newman should not tell the jury AMN sold no counterfeit Athena products because defendants refused to produce document or be deposed...................................................................................................4

C. Conclusion...................................................................................................4

# TABLE OF AUTHORITIES

**Cases**                                                    **Page(s)**

*Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119 (C.D. Cal. 2007) ...................... 4

**Rules**

Fed. R. Civ. P. 26 .................................................................................. 1, 3

A. INTRODUCTION

Moishe Newman should be excluded from testifying live because he refused to be deposed three times. Defendants' failure to produce documents also prevents plaintiff Athena from having documents to impeach him or to refute his testimony. Because he is not a retained expert, AMN only needed to produce "a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(c), but he provided no such summary until now. Athena had no chance to retain an expert to refute his opinion.

His testimony is not based on personal knowledge. He had to base it on reviewing documents. Paragraph 17(a), for example (p. 7), refers to "tracking numbers which I pulled from out fulfilment software." Where are the documents containing those tracking numbers? This is especially an issue because defendants produced almost no documents during discovery.

B. ARGUMENT

### 1. Athena just received self-authenticating documents showing Moishe Newman is CEO of an Australian "AMN" company

On Thursday, Athena's attorneys obtained a certified copy of the corporate records of AMN Imports Pty. Ltd. (Australian Company Number (ACN): 154 804 225) Unit 1, 25 Jersey Road, Bayswater, Victoria 3153, Australia. Exhibit A to this brief is a copy, and Athena will add it as an exhibit to its exhibit list. Defendant Moishe Newman is the CEO of the Australian company. PayPal and eBay identify purchases and sales from the entity, which schedules 1 and 2 do not show. That is another breach of the Settlement Agreement

**2. Mr. Newman had to review documents for his statements, but he neither attached the documents to his declaration, referred to defendants' trial exhibits numbers, nor produced the supporting documents during discovery.**

The first mention of documents is in paragraph 9. He admits AMN listed production on brushexpress.com, but failed to reference of attach documents showing AMN's listing of products on brushexpress.com. He claims, "Goods for sale were purchased by AMN employees through the various accounts and were believed to be genuine. When AMN Distribution sells product on other e-commerce channels like ebay, amazon, walmart.com we just list the product and publish our available inventory," but though Athena Document Request No. 4 asked for "All communications including emails and letters with all suppliers or potential suppliers of Athena Goods" defendants produced no documents showing the purchases. See Trial Exhibit 50. They also produced no documents showing defendants listing products and publishing inventory.

Mr. Newman claims AMN provided a "slightly more detailed schedule 1." ¶ 10. He did not produce it, and he need to see both now to testify it was more detailed. See also paragraph 19(b), "[W]e even supplemented it [schedule 1]."

He claims he compiled and prepared scheduled 1 and 2, ¶ 12, but defendants produced no source material though Athena asked for it.

Paragraph 14 refers to "the channel," which probably means an online retailer. He did not produce what AMN published, though it was requested.

Paragraph 17(a) refers to tracking number Mr. Newman "pulled from our fulfilment software." AMN did not produce the documents from which he pulled the tracking numbers he included in Exbibit 114.

Paragraph 17(b) references products returned by AMN, but neither Schedules 1 nor 2 references any documents. During discovery, defendants produced no documents showing any returns.

Paragraph 19(b) refers to Cirit's "hundreds of different IP addresses." Schedule 1 should have had complete contact information, but the schedule has no IP addresses, and defendants failed to produce the documents showing the IP addresses.

Paragraph 24 refers to pre-January 1, 2019, inventory, but Mr. Newman did not make the inventory records an exhibit. He also did not make the post-January 1, 2019, inventory documents exhibits, but accurate testimony required him to review those records. Defendants also produced no inventory records.

In paragraph 25, Mr. Newman says, Bottom line, we deactivated all of our listings, this delists and unpublishes our offering." But he does no support that with documents, and he produced none during discovery.

### 3. The Newman declaration contains improper expert testimony and testimony about which he has no personal knowledge.

Mr. Newman relies on expert opinion testimony in his declaration. Though he is not specifically retained to provide expert testimony he still had to disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(c), His attempts at presenting expert testimony include:

Paragraph 14's testimony about channels' (believed to mean online sellers) procedures for deciding what to publish.

Paragraph 15's discussion of how Groupon operates and why consumers' computers would still show Groupon displaying an AMN counterfeit.

The discussions of an integration feature in Intuit and PayPal and floating IP addresses in paragraph 19(b).

The claim that documents were altered in paragraph 20(a), note 2.

### 4. Defendants' failure to list Nechemiah Newman, Adina's Beauty Shop and Adina's Beauty Store, austramericacosmeticsoutlet "Austramerica," bluelinela, and valenced in schedule 1 is a breach

The April 2020 Agreement requires schedule 1 to have complete contact information for all suppliers, but if the named persons and aliases are not the true sellers, Schedule 1 should have listed Nechemiah and the others as AMN employees. If it had, Athena could have deposed them to discover their relationship with AMN.

### 5. Mr. Newman should not tell the jury AMN sold no counterfeit Athena products because defendants refused to produce document or be deposed.

Counterfeiters and willful trademark infringers are liable if they act with willful blindness. *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1123 (C.D. Cal. 2007). Defendants should have but did not produce documents among their employees showing what they believed about the low-price Athena products. And Mr. Newman refused to be deposed. Any testimony to the jury he had no knowledge the products were counterfeits is improper without Athena having a chance to refute the claim with defendants' documents and employees' testimony.

## C. CONCLUSION

Mr. Newman should not be permitted to testify if only as a sanction for refusing to produce his and AMN's document. But Athena seeks this sanction not only as punishment but also because of his three-time brushing off his deposition obligation and the continuing refusal to produce document prevented Athena from learning about evidence refuting defendants claims.

He also referred to no documents in his declaration though he had to review them to make the statements he made. His inclusion of opinion testimony also is improper.

Athena's evidence, improperly limited by defendants' actions, shows defendants breached the settlement agreement. Defendants have not refuted Athena's evidence.

November 15, 2021

/s/ *Michael Harris*
Michael D. Harris
SoCal IP Law Group LLP

Attorneys for Plaintiff Athena Cosmetics, Inc.