UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 16, 2021 |
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   TRIAL PREPARATION ORDER

This order resolves the parties' motions in limine and clarifies the issues to be tried in phase I of this bifurcated trial, which only concerns the breach of contract claim.

**I.   Motions in Limine**
   **a.   Plaintiff's Motion in Limine**

Plaintiff's Motion in Limine seeks to exclude the testimony of Moishe Newman because he did not attend a deposition on October 28. According to Plaintiff, Newman also failed to attend two prior depositions as a 30(b)(6) witness for AMN. However, Defendants counter that any failure to attend these two prior depositions cannot be held against them because Magistrate Judge Kewalramani concluded that neither deposition had been properly noticed.

Here, no court order was in effect compelling Newman to attend a deposition. Accordingly, this matter is governed by Rule 37(d), which provides for sanctions for failure a party's failure to attend a properly noticed deposition. Fed. R. Civ. P. 37(d).

The Ninth Circuit has held that, when a court is considering sanctions of dismissal or default for a discovery violation, it is to consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). However, these factors are just as

:
_____

Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 16, 2021 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

valuable in considering lesser sanctions, not just dismissal or default. The "key factors" are prejudice and availability of lesser sanctions.

Here, while there is some prejudice from Newman's failure to attend the October 28 deposition, this prejudice is mitigated by the declaration that this Court ordered, requiring Newman to present a sworn, narrative declaration detailing the substance of his direct testimony. *See* Newman Decl., ECF No. 172. Thus, Plaintiff is not operating in the dark without any idea as to what Newman's testimony will entail. To the extent Newman's live testimony contradicts his sworn statement, Plaintiff may point it out to the jury.

The Court is also not persuaded by Plaintiff's argument that deposition of Newman was essential to inquire about AMN's lack of documents and summary records so that it could "obtain, organize, and study" prior to trial any such documents Newman admitted to exist. In the Court's view, Defendants have reiterated that they have turned over all relevant documents responsive to Plaintiff's requests. Plaintiff's assertion that "Defendants must be withholding documents" because Plaintiff expected them to have more records and sales summaries is simply speculation. A claim of withholding discovery that is backed by nothing more than conjecture is not sufficient reason to preclude testimony of Defendants' key witness.

Relatedly, the Court concludes that other sanctions are adequate here. Rule 37(d) provides that, in addition to or in lieu of other sanctions, a court must impose a sanction of reasonable expenses on the party failing to appear unless it was substantially justified in doing so or such sanction would be unjust. Fed. R. Civ. P. 37(d)(3). Given the Court's analysis of prejudice, an expenses sanction is sufficient here to fit the failure to appear. An expense sanction, rather than exclusion of Defendants' key witness, comports with the principle that "courts should make the punishment fit the crime and should take care not to impose a drastic sanction that will prevent adjudication of a case on its merits except on a clear showing that this course is required." 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2284 (3d ed. 2014).

Accordingly, Plaintiff's motion in limine is denied. Plaintiff is ordered to file evidence of its expenses related to the October 28 deposition no later than 14 days after the conclusion of the trial on Phase I. If Defendants wish to challenge the expenses sought as unreasonable, they may file a response

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 16, 2021 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

within 7 days of Plaintiff's submission.

### b. Defendant's Motion in Limine #1

Defendants' first motion in limine seeks to exclude any evidence, testimony, or argument with respect to damages because Plaintiff failed to provide any computation of damages in its initial or supplemental disclosures, as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). Plaintiff argues that the only reason it could not provide a damages computation is because of the additional documents that Defendants "must be" withholding as to their sales and profits.

Defendants' motion is granted *solely* with respect to the Phase I trial. The Phase I trial is on the single issue of Defendants' liability on the breach of contract claim. If Defendant prevails in Phase I, there are no damages on any claim. If Plaintiff prevails in Phase I, a second jury will consider liability on Plaintiff's other claims in Phase II and may assess damages on all claims as appropriate. Plaintiff itself agrees (in its opposition to Defendants' Motion in Limine #3) that damages are not in issue in the first trial. Thus, any argument or evidence with regard to damages is not relevant.

However, the Court expresses no view on the merits of Defendants' motion with respect to a Phase II trial, if one occurs.

### c. Defendant's Motion in Limine #2

Defendants' second motion in limine seeks to exclude any evidence, testimony, or argument as to breaches of contract not pleaded in the First Amended Complaint ("FAC"). The Court grants the motion in a limited respect only.

The thrust of Defendants' motion is that the FAC alleged that "Defendants breached the settlement agreement by continuing to sell Athena counterfeit goods," but that now, Plaintiff seeks to impermissibly "expand" that claim by alleging that Defendants breached by "purchasing, buying, obtaining, procuring, manufacturing, warehousing, producing, importing, distributing, circulating, selling, delivering, marketing, offering for sale, advertising, promoting, displaying or otherwise using" Athena products.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 16, 2021 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

In essence, Defendant seeks an order that would require Plaintiff to prove *actual* sales of product to establish a breach, whereas Plaintiff opposes the motion so that may also establish a breach by showing related activities, such as delivering, marketing, or advertising.

A court may limit argument or evidence as to issues not raised in the pleadings when doing so would prejudice a party's ability to present its claim or defense. *See* Fed. R. Civ. P. 15(b). However, in general, unpleaded issues may be tried by the parties' consent. *Id.* A court "should freely permit" amendment of the pleadings – even at trial – to encompass the unpleaded issues if it presents no prejudice and would aid in presenting the merits of the case. *Id.* Indeed, the pleadings may be so amended merely by entering findings on the unpleaded issues. *Galindo v. Stoody Co.*, 793 F.2d 1502, 1513 n. 8.

Accordingly, the Court concludes that Defendants would be prejudiced if, at trial, Plaintiff raised a completely new theory of breach unrelated the pleadings because Defendants would have had no notice or opportunity to prepare a defense. For example, Plaintiff may not suddenly raise the argument that Defendants failed to pay the $25,000 owed under the Settlement or that Defendants acted not just as sellers but also as manufacturers of counterfeit products – theories that have never before been raised.

But to the extent that Defendants try to draw some fine distinction between making *actual* sales of Athena product and merely *offering* Athena product for sale – so as to argue that only the former was pleaded and evidence of the latter must be excluded – the Court rejects such hair-splitting. The FAC's allegation that Defendants "continu[ed] to sell" Athena goods is more than enough to put Defendants on notice of the general nature of the allegations against them. The contention that an entity sold a good clearly implies incidental activities such as marketing and delivering the good. And "delivering, marketing, [or] offering for sale" Athena goods would violate the same provision of the Settlement Agreement as actually making a sale. Thus, arguments or evidence as to this related conduct is fairly encompassed within the FAC's allegation and Defendants would not be prejudiced by their presentation to the jury.

d. **Defendant's Motion in Limine #3**

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 16, 2021 |
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

Defendants' final motion in limine seeks to exclude any exhibit not included on Plaintiff's Exhibit List of October 18, 2021 as a violation of the initial and supplemental disclosure requirements of Fed. R. Civ. P. 26, making the exhibits subject to "automatic" exclusion under Fed. R. Civ. P. 37(c).

Defendants' broad motion is denied. From the Court's comparison of Plaintiff's October 18 exhibit list and the list of Plaintiff's exhibits in the proposed pretrial conference order, the difference between the two seems to be that in the October 18 list, Plaintiff identified exhibits by categories, whereas the list in the proposed pretrial order identifies exhibits individually.

For example, one entry in the October 18 list referred to "Trademark registrations from the United States Patent and Trademark office," whereas the pretrial list individually enumerated each relevant Athena trademark. Similarly, the October 18 list referred to "Business records from ecommerce platforms showing continued sales of counterfeit Revitalash product", while the pretrial list enumerated separate entries for the business records of Walmart.com, eBay, Paypal, and Groupon.

Further, many of these specific records have already been the subject of much discussion between the parties and with the Court. The Walmart and eBay records, for example, were extensively relied on in Plaintiff's opposition to the summary judgment motion and were discussed at length in the hearing on that motion before the Court.

Thus, even accepting for the sake of argument the premise that Plaintiff did not meet its disclosure obligations under Rule 26, in the Court's view, that failure would be harmless, and thus exclusion is not warranted under Rule 37(c). Indeed, Defendants' motion does not even articulate any harm to it from introduction of evidence that it has known about and that has obviously been at the heart of this case for quite some time. And to the extent that any of the exhibits include recently discovered materials, Plaintiff's disclosure would be timely under Rule 26.

In sum, given the analysis above, the broad-strokes exclusion that Defendants seek of all evidence not referenced essentially verbatim in the October 18 list is not warranted here. Defendants are free to make specific evidentiary objections to exhibits as it sees fit. Accordingly, Defendants third motion in limine is denied.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 16, 2021 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

### II. Issues for Trial

The Court also concludes that, in the interest of securing a just and speedy determination of trial, it necessary to clarify the issues that are appropriate to be tried. *See* Fed. R. Civ. P. 1. Doing so will allow the parties to focus their arguments and evidence on the relevant issues and will ensure that the jury is not confused or misled by extraneous matters.

Pursuant to the Court's bifurcation order, ECF No. 74, this trial is only on Phase I – Plaintiff's breach of contract claim. If Plaintiff prevails on its breach of contract claim such that a Phase II is necessary, that trial will be conducted at a later date before a different jury.

Plaintiff has proffered two theories as to how Defendants breached the Settlement Agreement. First, that Defendants' disclosures of its buyers and sellers in 2019 (the disclosure period covered only 2019) in Schedules 1 and 2 of the Settlement Agreement were inaccurate or incomplete. Second, that Defendants' continued to market or sell Athena cosmetic goods after the Effective Date of the Settlement Agreement (which was April 30, 2020).

Based on Plaintiff's prior submissions, including its opposition to the summary judgment motion, its memorandum of contentions of fact and law, and its trial brief, Plaintiff has identified the following bases for its first claimed breach regarding inaccurate disclosures.

- 1) In Schedule 1, Defendant identified LinkAmerika as its main supplier, but did not identify a phone number, email, or contact person for the company. Further, Defendant identified eight other minor suppliers, but only provided an eBay username and nothing more. Thus, this falls short of providing "full and complete contact information" as required by the Agreement.

- 2) In Schedule 1, Defendant stated that it bought 5 units from eBay seller "Sterlingwoman," yet eBay records indicate that Defendant actually bought 35 units from "Sterlingwoman." Thus, Defendants did not truthfully disclose the "amount of product purchased from each seller," as required by the Agreement.

- 3) In Schedule 1, Defendant listed as suppliers certain eBay sellers, such as "Cirit Beauty," that

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 16, 2021 |
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

were in fact operated by Moishe or Dov Newman themselves. Thus, it was "false" to list them.

- 4) In its Schedules, Defendant indicated that in 2019 it had bought only 2,835 units of Athena goods, yet it sold 4,474 units. Thus, it did not disclose who sold it the other 1,639 units, making the Schedule of its suppliers inaccurate or incomplete.

However, the Court concludes that item (3) above is not an adequate basis to support a breach claim. Even accepting Plaintiff's argument that connects these eBay sellers to Moishe and Dov Newman by virtue of the IP address used (which is certainly subject to dispute), if Moishe or Dov Newman, operating as one of these eBay sellers, "sold" units to Defendant AMN for it to then resell, there is nothing "false" about listing them in Schedule of suppliers. Accordingly, presentation of this issue to the jury would be needlessly confusing.

Further, based on Plaintiff's prior submissions, Plaintiff has identified the following bases for its second claimed breach regarding continued marketing and sale of Athena goods after the Agreement.

- 1) Records from Walmart, eBay, and Groupon that show Defendants continuing to market and list Athena products through their e-commerce platforms. In particular, Plaintiff cites Walmart records that show an entity named "AMN Distribution," doing business as "Adina's Beauty Shop" on Walmart.com, with Nechemia Newman listed as its contact person, that had listings for Athena goods after the Agreement's Effective Date.

- 2) Evidence from Plaintiff's employee, Christina Felix, that in October 2020 (after the Agreement's Effective Date) she purchased a counterfeit Athena product from eBay user "Michwa-10," which Plaintiff believes to be connected to Defendants because the goods shipped from their warehouse at 10 Gallagher Dr., Plains, PA.

Accordingly, in light of the foregoing, the Court concludes that the issues for trial are as follows:

1) Whether Defendants breached the Settlement Agreement by making inaccurate or incomplete disclosures of its buyers and sellers. Specifically, this includes:
   a. Whether Schedule 1 included the "full and complete contact information" that

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 16, 2021 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

        Defendants had for each seller;
    b. Whether Schedule 1 accurately disclosed the amount of product purchased from eBay user "Sterlingwoman";
    c. Whether the 1,639 unit discrepancy between the amount Defendants bought and sold in 2019 was the result of inaccurate or incomplete disclosures of Defendants' suppliers.
2) Whether Defendants breached the Settlement Agreement by continuing to market and sell Athena goods after the Effective Date of the Agreement
    a. Whether records from Walmart, eBay, and Groupon show Defendants' continued marketing and sales of Athena goods;
    b. Whether Defendants operated under the eBay username "Michwa-10" and sold counterfeit Athena goods to Christina Felix in October 2020.

    The parties' arguments and evidence should be directed <u>only</u> towards these issues or matters that are necessary to lay a foundation or provide <u>essential</u> background for these issues.

    Finally, the Court briefly notes a few matters that it concludes are not relevant or proper to raise before the jury. First, the parties should refrain from eliciting testimony or giving argument that relates to whether they *thought* the Settlement Agreement had been complied with. Witness are free to describe what they *did* – but the determination of whether that conduct complied with the Agreement is for the jury to make.

    Additionally, Plaintiff may not present evidence or argument about the nature of its Revitalash products compared to counterfeit products, characteristics of a counterfeit Revitalash product, or the specific Athena trademarks infringed by a counterfeit product. While these may be relevant to matters in a Phase II trial, concerning Plaintiff's infringement-related claims, they are not relevant to this Phase I trial that focuses solely on the breach of contract claim.

    Accordingly, the Court also excludes the PowerPoint that Plaintiff lodged as a Graphic and Illustrative material. ECF No. 165. Much of the PowerPoint concerns these infringement-related topics that are not at issue in Phase I. To the extent it does focus on the breach of contract issues, it mainly includes photographs of other evidence, such as the Settlement Agreement, the Schedules, or third-party business records, with brief written explanations. Plaintiff can present the evidence itself, as explained

                                                                                           :

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 16, 2021 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

by appropriate witnesses; the Court concludes the PowerPoint is not necessary to help the jury understand the evidence or the relevant issues. Thus, it has little probative value and would only invite the risk of prejudice, delay, or confusion of the issues.

Further, the Court notes that much of the time spent in this case has been spent on discovery disputes between the parties. Indeed, the magistrate judge has noted as much on several occasions. *See, e.g.,* Tr. of Hr'g 14:9-14, July 28, 2021, ECF No. 132. In the Court's view, these discovery matters that have been the subject of so much dispute have little relevance to the issues detailed. Accordingly, if the parties seek to raise any of the discovery disputes before the jury, they should be prepared to provide a detailed explanation of why it is essential to address the issues identified above by the Court.

**IT IS SO ORDERED.**

Initials of Preparer

PMC