Marina Lang, No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355
Attorneys for Plaintiff Athena Cosmetics, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| Athena Cosmetics, Inc., | |
| Plaintiff, | No. 2:20-cv-05526-SVW-SHK |
| v. | Joint Jury Instructions |
| AMN Distribution Inc., et al., | Judge Wilson |
| Defendants. | |

## INDEX OF INSTRUCTIONS

**Preliminary Instructions**

| Instruct. No. | Title | Source | Page No. |
|---|---|---|---|
| A(1) | Duty of Jury | 9th Cir. Model Inst. 1.2 | 9 |
| A(2) | Claims and Defenses | 9th Cir. Model Inst. 1.5 | 10 |
| A(3) | Burden of Proof – Preponderance of the Evidence | 9th Cir. Model Inst. 1.6 | 11 |
| A(5) | What is Evidence | 9th Cir. Model Inst. 1.9 | 12 |
| A(6) | What is not Evidence | 9th Cir. Model Inst. 1.10 | 13 |
| A(7) | Evidence for a Limited Purpose | 9th Cir. Model Inst. 1.11 | 14 |

Joint Jury Instructions

1

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

| A(8) | Direct and Circumstantial Evidence | 9th Cir. Model Inst. 1.12 | 15 |
| A(9) | Ruling on Objections | 9th Cir. Model Inst. 1.13 | 16 |
| A(10) | Credibility of Witnesses | 9th Cir. Model Inst. 1.14 | 17 |
| A(11) | Conduct of the Jury | 9th Cir. Model Inst. 1.15 | 18 |
| A(12) | No Transcript Available to Jury | 9th Cir. Model Inst. 1.17 | 20 |
| A(13) | Taking Notes | 9th Cir. Model Inst. 1.18 | 22 |
| A(14) | Questions to Witnesses by Jurors During Trial | 9th Cir. Model Inst. 1.19 | 23 |
| A(15) | Bench Conferences and Recesses | 9th Cir. Model Inst. 1.20 | 24 |
| A(16) | Outline of Trial | 9th Cir. Model Inst. 1.21 | 25 |
|  |  |  | 26 |

## Instructions in the Course of Trial

| Instruct. No. | Title | Source | Page No. |
|---|---|---|---|
| B(1) | Cautionary Instructions | 9th Cir. Model Inst. 2.0 | 27 |
| B(2) | Deposition in Lieu of Live Testimony | 9th Cir. Model Inst. 2.4 | 28 |
| B(3) | Use of Interrogatories | 9th Cir. Model Inst. 2.11 | 29 |
| B(4) | Charts and Summaries not Received in Evidence | 9th Cir. Model Inst. 2.14 | 30 |
| B(5) | Charts and Summaries Received in Evidence | 9th Cir. Model Inst. 2.15 | 31 |
| B(6) | Evidence in Electronic Format | 9th Cir. Model Inst. 2.16 | 32 |

**Instructions at the End of the Case**

| Instruct. No. | Title | Source | Page No. |
|---|---|---|---|
| C(1) | Duty to Deliberate | 9th Cir. Model Inst. 3.1 | 34 |
| C(2) | Consideration of Evidence—Conduct of the Jury | 9th Cir. Model Inst. 3.2 | 35 |
| C(3) | Communication with Court | 9th Cir. Model Inst. 3.3 | 37 |
| C(4) | Readback or Playback | 9th Cir. Model Inst. 3.4 | 38 |
| C(5) | Return of Verdict | 9th Cir. Model Inst. 3.5 | 39 |
| C(6) | Additional Instructions of Law | 9th Cir. Model Inst. 3.6 | 40 |
| C(7) | Deadlocked Jury | 9th Cir. Model Inst. 3.7 | 41 |
| C(8) | Continuing Deliberations after Juror Is Discharged | 9th Cir. Model Inst. 3.8 | 42 |
| C(9) | Post-Discharge Instruction | 9th Cir. Model Inst. 3.9 | 43 |

**Instructions Regarding Breach of Contract**

| Instruct. No. | Title | Source | Page No. |
|---|---|---|---|
| C(1) | Breach of Contract—Introduction | CACI 300 | 81 |
| C(2) | Breach of Contract—Essential Factual Elements | CACI 303 | 89 |

## A.   PRELIMINARY JURY INSTRUCTIONS

### 1.   DUTY OF JURY[1]

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen

---

[1] To be read and a copy to be provided at the beginning of trial.

to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

9th Cir. Model Inst. 1.2

## 2.    CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The parties are the plaintiff Athena Cosmetics, Inc. and the defendants are AMN Distribution Inc. and its CEO Moishe Newman. Plaintiff Athena Cosmetics, Inc. will often be called Athena, and defendant AMN Distribution Inc. will often be called AMN. The plural "defendants" means both AMN and Mr. Newman. Athena asserts that the defendants' market, advertise and sell counterfeit AMN cosmetics. After Athena wrote AMN demanding they stop selling counterfeit Athena products, the parties signed an agreement (the April 2020 agreement) in which defendant paid money to Athena, agreed never to market, sell, advertise or other actions

with Athena products, either counterfeit or legitimate, and agreed to provide Athena with contact information about the persons or companies that supplied defendants with counterfeits and that bought them from defendants along with the number of units bought and sold.

In exchange, Athena released defendants from liability for selling counterfeits before the parties signed the April 2020 agreement. However, the release was only effective if defendants fully performed their duties under the agreement.

Athena alleges defendants breached the April 2020 agreement by not fully performing their duties. Athena alleges the following breaches:

(1) The contact information defendants provided was incomplete and inaccurate;

(2) The reported number of counterfeits defendants bought was inaccurate;

(3) Defendants sold, advertised, and marketed Athena products after the parties signed the April 2020 agreement.

Athena alleges that these breaches make defendants liable for all sales of counterfeits before and after the parties signed the April 2020 agreement.

Athena also alleges that defendants continue to market, sell and advertise counterfeit Athena products using a copy of Athena's box and printing Athena's registered trademarks where Athena prints them on its legitimate products.

Athena has the burden of proving these claims.
The defendant denies those claims and asserts that because they did not breach the April 2020 Agreement, the agreement releases them from all liability.

9th Cir. Model Inst. 1.5

**3.      BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

9th Cir. Model Inst. 1.6

**4.      WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I may instruct you to accept as proved.

9th Cir. Model Inst. 1.9

**5.      WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say during their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If

the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9th Cir. Model Inst. 1.10

### 6.    EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

9th Cir. Model Inst. 1.11

## 7.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

9th Cir. Model Inst. 1.12

## 8.    RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

9th Cir. Model Inst. 1.13

## 9.    CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider

these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9th Cir. Model Inst. 1.14

## 10.   CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room,

blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information

through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

9th Cir. Model Inst. 1.15

**11.    NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

9th Cir. Model Inst. 1.17

**12.    TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

9th Cir. Model Inst. 1.18

**13.    QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

9th Cir. Model Inst. 1.19

**14.    BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may be necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

9th Cir. Model Inst. 1.20

## 15. OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

9th Cir. Model Inst. 1.21

Joint Jury Instructions

14

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

## B.   INSTRUCTIONS IN THE COURSE OF TRIAL

### 1.   CAUTIONARY INSTRUCTIONS

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental. If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

9th Cir. Model Inst. 2.0

## 2.  DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

9th Cir. Model Inst. 2.4

## 3.  USE OF INTERROGATORIES

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

9th Cir. Model Inst. 2.11

## 4.  CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

9th Cir. Model Inst.2.14

**5.      CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

9th Cir. Model Inst. 2.15

**6.      EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data disk from the jury room, and do not copy any such data.

9th Cir. Model Inst. 2.16

## C.   INSTRUCTIONS AT THE END OF THE CASE

### 1.   DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9th Cir. Model Inst. 3.1

## 2.      CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your

jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

9th Cir. Model Inst. 3.2

### 3.     COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

9th Cir. Model Inst. 3.3

### 4.     READBACK OR PLAYBACK

Because a request has been made for a [readback] [playback] of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The

[readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

9th Cir. Model Inst. 3.4

**5.      RETURN OF VERDICT**

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

9th Cir. Model Inst. 3.5

**6.      ADDITIONAL INSTRUCTIONS OF LAW**

At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]

You will now retire to the jury room and continue your deliberations.

9th Cir. Model Inst. 3.6

**7.     DEADLOCKED JURY**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

9th Cir. Model Inst. 3.7

**8.      CONTINUING DELIBERATIONS AFTER JUROR IS DIS-
CHARGED**

[One] [Some] of your fellow jurors [has] [have] been excused from service and
will not participate further in your deliberations. You should not speculate about the
reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors. Do not con-
sider the opinions of the excused [juror] [jurors] as you continue deliberating. All the
previous instructions given to you still apply, including the requirement that all the
remaining jurors unanimously agree on a verdict.

9th Cir. Model Inst. 3.8

**9.      POST-DISCHARGE INSTRUCTION**

Now that the case has been concluded, some of you may have questions about
the confidentiality of the proceedings. Now that the case is over, you are free to dis-
cuss it with any person you choose. By the same token, however, I would advise you
that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it
with a degree of solemnity in that whatever you do decide to say, you would be will-
ing to say in the presence of the other jurors or under oath here in open court in the
presence of all the parties.

Finally, always bear in mind that if you do decide to discuss this case, the other
jurors fully and freely stated their opinions with the understanding they were being
expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.

9th Cir. Model Inst. 3.9

Joint Jury Instructions

25

Athena Cosmetics, Inc v. AMN et al.
Case No.: 2:20-cv-05526-SVW-SHK

**No.** _____

**BREACH OF CONTRACT – INTRODUCTION**

**Plaintiff Athena's Proposal**

**10.    BREACH OF CONTRACT INTRODUCTION**

Athena claims that it and defendants entered into a contract for resolving Athena's claim that defendants were selling counterfeit Athena goods. The contract has these duties:

1. Defendants had to provide full and accurate contact information for its customers and suppliers of counterfeit Athena products.

2. Defendants had to provide the amount of counterfeit Athena products it received from each of its suppliers.

3. Defendants agreed not to sell counterfeit or legitimate Athena goods after the April 2020 contract became effective.

Athena claims that defendants breached this contract by providing inaccurate and incomplete information of its customers and suppliers, they filed to state the number of counterfeits they received from each supplier, and they continued marketing, advertising and selling counterfeit Athena goods after the April 2020 contract became effective. Athena also alleges one or more of the contract breaches makes the agreement's release of claims for past sales of counterfeits void.

Athena also claims that defendant's breach of this contract caused harm to Athena for which should pay.

Defendants denies Athena's allegations. They assert the information they provided to Athena was accurate and that they neither advertised, marketed, nor sold counterfeit Athena products after the April 2020 contract became effective.

California Civil Jury Instructions (CACI) 300

**Defendants' Proposal**

Plaintiff Athena claims that it and Defendants AMN and Moishe Newman entered into a contract, known as the "Settlement Agreement," to settle potential claims.

Plaintiff Athena claims that defendant AMN breached this contract by providing inaccurate and incomplete contact information of its customers and suppliers.

Plaintiff Athena claims that both defendants AMN and Moishe Newman breached this contract by continuing to sell Athena counterfeit goods after the April 31, 2020.

Plaintiff Athena also claims that Defendants AMN and Moishe Newman breach of this contract caused harm to Athena for which he should pay.

Defendants AMN and Moishe Newman deny that they breached the contract.

Defendants AMN and Moishe Newman also assert the following affirmative defenses:

> (a) failure to mitigate damages
>
> (b) right of offset
>
> (c) damages not certain
>
> (d) damages caused by others/comparative fault

## AUTHORITY FOR INSTRUCTION

CACI No. 300 ("Breach of Contract – Introduction") Judicial Council of California Civil Jury Instructions (2021 edition).

**No. _____**

## No. _ – BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS

### PLAINTIFF'S PROPOSAL

The parties agree that they entered into the April 2020 contract, and its effect date is April 30, 2020. The parties also agree:

> 1. The contract terms were clear enough that the parties could understand what each was required to do;
>
> 2. The parties agreed to give each other something of value; and
>
> 3. That the parties agreed to the terms of the contract.

CACI 303

### DEFENDANT'S PROPOSAL

In order to recover damages from a Defendant for breach of contract, Plaintiff must prove all of the following:

1. That Plaintiff and Defendant entered into a contract;

2. That Plaintiff did all, or substantially all, of the significant things that the contract required it to do;

3. That all conditions required by the contract for Defendant's performance occurred;

4. That Defendant failed to do something that the contract required each of them to do;

5. That Plaintiff was harmed;

6. That the breach of contract was material; and

7.      That Defendants' breach of contract was a substantial factor in causing Plaintiff's harm.

## **AUTHORITY FOR INSTRUCTION**

CACI No. 303 ("Breach of Contract – Essential Factual Elements") Judicial Council of California Civil Jury Instructions (2021 edition).

Boston LLC v. Juarez, 245 Cal.App.4th 75, 87 (Cal. Ct. App. 2016)