FILED
CLERK, U.S. DISTRICT COURT

NOV 17 2021

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Athena Cosmetics, Inc., | ) CASE NO.: 2:20-cv-05526-SVW-SHK |
| Plaintiff | ) JURY INSTRUCTIONS |
| vs. | ) |
| AMN Distribution Inc. et al, | ) |
| Defendant. | ) |

## Special Question Jury Instruction

There is no dispute in this case that the Settlement Agreement between the parties constituted a valid contract. The task for you as the jury is to decide whether the Defendants violated their obligations under that contract.

There are two obligations that are relevant to this case. First, the Settlement Agreement required AMN to disclose the entities from which it bought and sold Athena products or Athena imitation products in 2019. Specifically, the Agreement required AMN to disclose the "full and complete contact information" of each entity.

Second, the Settlement Agreement required Defendants AMN and Newman to refrain from selling any Athena products or Athena imitation products after the Effective Date of the Agreement, which was April 30, 2020. Specifically, the Agreement required Defendants to refrain from, among other things, "selling, delivering, marketing, offering for sale, advertising, promoting, displaying, or otherwise using" any Athena products or Athena imitation products.

Thus, there are certain factual questions for you to decide.

As to the first issue, whether Defendant AMN breached the Settlement Agreement by making inaccurate or incomplete disclosures of its buyers and sellers, you are to decide the following questions:

   a. Did Schedule 1 include the "full and complete contact information" that Defendant AMN had for each seller?

   \_\_\_\_ Yes   \_\_\_\_ No

   b. Did Schedule 1 of the Settlement Agreement accurately disclose the amount of product that Defendant AMN purchased from eBay user "Sterlingwoman"?

   \_\_\_\_ Yes   \_\_\_\_ No

   c. Was the 1,639-unit discrepancy between the amount Defendant AMN bought and sold in 2019, as set out in Schedules 1 and 2 of the Settlement Agreement, the result of inaccurate or incomplete disclosures of Defendant AMN's suppliers?

   \_\_\_\_ Yes   \_\_\_\_ No

As to the second issue, whether Defendants breached the Settlement Agreement by continuing to market and sell Athena goods after the Effective Date of the Agreement, April 30, 2020.

   d. Do the business records from Walmart, eBay, or Groupon show Defendant AMN continued marketing or sales of Athena goods?

____ Yes   ____ No

e. Did Defendant AMN operate under the eBay username "Michwa-10" and sell the Athena goods that Christina Felix purchased in October 2020?

____ Yes   ____ No

f. Do the business records from Walmart, eBay, or Groupon show Defendant Newman continued marketing or sales of Athena goods?

____ Yes   ____ No

g. Did Defendant Newman operate under the eBay username "Michwa-10" and sell the Athena goods that Christina Felix purchased in October 2020?

____ Yes   ____ No

## 1.10 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.
(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.
(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.
(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## 1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 1.13 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## 1.14 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## 3.1 DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## 3.3 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## 3.5 RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.