DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **REPLY OF DEFENDANTS AMN DISTRIBUTION, INC. AND MOISHE NEWMAN IN SUPPORT OF POST-TRIAL MOTIONS PURSUANT TO FRCP 50(b) AND 59** <br><br> **HEARING** <br><br> Date: December 20, 2021 <br> Time: 1:30 p.m. <br> Place: Courtroom 10A <br>   First Street Courthouse <br>   350 W. 1st Street, 10th Floor, <br>   Los Angeles, California 90012 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

There are presently before the Court three separate motions made by defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" and collectively, "Defendants") with respect to the "Phase 1" trial of this matter.

*First,* AMN has brought a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) on the grounds that there is not a legally sufficient evidentiary basis upon which a reasonable jury could find that AMN breached the parties' Settlement Agreement by: (1) engaging in the "continued marketing or sales of [plaintiff] Athena goods"; or (2) failing to provide "'full and complete contact information' that Defendant AMN had for each seller." Special Verdict Form (Dkt. 189), p. 2.

*Second*, Mr. Newman has brought his own Rule 50(b) motion for judgment as a matter of law on the grounds that there is not a legally sufficient evidentiary basis upon which a reasonable jury could find that Mr. Newman, *in individual capacity*, breached the parties' Settlement Agreement by engaging in the "continued marketing or sales of [plaintiff] Athena goods." There is no issue as to whether Mr. Newman breached the Settlement Agreement by failing to provide "full and complete contact" information as this Court has previously ruled that Mr. Newman had no contractual duty to provide such information and the jury made no finding against Mr. Newman on this issue.

*Third,* both AMN and Mr. Newman have moved, in the alternative, for a new trial under Rule 59(a) on the grounds of attorney misconduct by plaintiff's lead trial attorney Marina Lang. As the Court will recall, Ms. Lang's misconduct was so egregious that she was held in contempt, remanded into custody, ordered off the case, then released and escorted out of the Courthouse. Civil Trial Minutes (Dkt. 183).

During the oral argument of the foregoing motions, Plaintiff's remaining counsel of record, Michael D. Harris, requested the opportunity to submit a written opposition to the foregoing motions. The Court also ordered the parties to obtain transcripts of the

proceedings. Civil Minutes (Dkt. 195). As discussed below, the transcripts and Mr. Harris' declaration in opposition to Defendants motions *bolster* the arguments previously made by Defendants in support of their motions.

## II. DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW

### A. A Party Is Entitled To A Judgment As A Matter Of Law When The Verdict Is Not Supported By Substantial Evidence

In ruling on a motion for a judgment as a matter of law under Rule 50(b), the court must determine "whether substantial evidence supported the prevailing party's claims." *See Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014), *cert. denied*, 574 U.S. 1191 (2015). "Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Id.* "It is error to deny a judgment [as a matter of law] when it is clear that the evidence and its inferences cannot reasonably support a judgment in favor of the opposing party." *Id.*

### B. The Alleged Breaches and Jury's Findings

The operative pleading, Plaintiff's First Amended Complaint, alleged only two breaches of the Settlement Agreement: (a) "AMN breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers;" and (b) both "Defendants breached the settlement agreement by continuing to sell Athena counterfeit goods" after the effective date of the Settlement Agreement. FAC (Dkt. 73), ¶¶ 91, 92.

The special verdict form adopted by the Court on the disclosure issues asked the jury "Whether Defendant AMN breached the Settlement Agreement by making inaccurate or incomplete disclosures of its buyers and sellers," by breaking the question down into three parts: "a. Did Schedule 1 include the 'full and complete contact information' that Defendant AMN had for each seller?"; "b. Did Schedule 1 of the Settlement Agreement accurately disclose the amount of product that Defendant AMN

purchased from eBay user "Sterlingwoman"?; and "c. Was the 1,639-unit discrepancy between the amount Defendant AMN bought and sold in 2019, as set out in Schedules 1 and 2 of the Settlement Agreement, the result of inaccurate or incomplete disclosures of Defendant AMN' s suppliers?" Special Verdict (Dkt. 189), p. 2. *The jury found in AMN's favor on item b (by answering yes) and on item c (by answering no). Id.* Thus, the only adverse finding against AMN on the disclosure issue was that Schedule 1, despite the jury's other findings, still did not "include the 'full and complete contact information' that Defendant AMN *had* for each seller" (emphasis added).

With respect to the sale of goods, the Court – over Defendants' objection – expanded the scope of issues to be decided by the jury by adding the continued "marketing" of goods. Specifically, the verdict form adopted by the Court asked, "Whether Defendants breached the Settlement Agreement by continuing to market and sell Athena goods after the Effective Date of the Agreement, April 30, 2020." Special Verdict (Dkt. 189), p. 2. The Court's special verdict form broke this question down into four separate parts: "d. Do the business records from Walmart, eBay, or Groupon show Defendant AMN continued marketing or sales of Athena goods?"; "e. Did Defendant AMN operate under the eBay username "Michwa-10" and sell the Athena goods that Christina Felix purchased in October 2020?"; "f. Do the business records from Walmart, eBay, or Groupon show Defendant Newman continued marketing or sales of Athena goods?; "g. Did Defendant Newman operate under the eBay username "Michwa-10" and sell the Athena goods that Christina Felix purchased in October 2020?" Special Verdict (Dkt. 189), pp. 2, 3. The jury found in favor of Defendants on questions e and g (Michwa-10), but against Defendants on items d and f (continued marketing or sales of goods). Special Verdict (Dkt. 189), pp. 2, 3.[1]

---

[1] Significantly, the verdict form used by the Court did not ask the jury whether Plaintiff "was harmed" by the breach and whether Defendants' "breach of contract was a substantial factor in causing [plaintiff's] harm." The jury was also not instructed on the elements of damages and causation. Accordingly, Defendants object to the entry of verdict as to a breach of contract claim as a whole, as such findings are essential under California law. *See* CACI No. 303 ("Breach of Contract – Essential

C. **There Is Insufficient Evidence to Support a Verdict That AMN Breached the Settlement Agreement By Failing To Provide "'Full And Complete Contact Information' That Defendant AMN *Had* For Each Seller."**

The jury's sole adverse finding against AMN on the disclosure issue is unsupported by the evidence, as Plaintiff failed to present any admissible evidence as to what contact information AMN *"had"* for each seller and the time of the disclosure.

```
It must be noted to the court that Ms. Lang's final screaming
outburst that "It's so hard being a woman" came right in the middle
of this point being argued to the jury.  It is no wonder that the
jury was so completely distracted that it missed the key point that
there is no evidence of what information AMN did or did not have when
it created the schedules.
```
Indeed, on cross-examination, Plaintiff's own witness Ms. Felix who represented she was an experienced investigator was herself unable to provide the name, address or phone number for the ebay seller she investigated.

```
Q. So when you went to purchase this product from
   Michwa-10, you didn't get a name or an address or a phone
   number except the address on the shipping label, right?
A. That is correct.
```
Trial Transcript 11/17/21 p.77, lns 9-12.

The record is completely devoid of any testimony or documentary evidence to show that AMN "had" any information in its possession that it failed to include on the schedules. As such this court should reverse the jury finding in favor of Defendant AMN.

---

Factual Elements") Judicial Council of California Civil Jury Instructions (2021 edition). The jury's "verdict" if it stands, can only be construed as a finding as to *one* of the factors (*i.e.,* whether a "breach" occurred) that could *potentially* enable Plaintiff to proceed with its non-contract claims in a Phase II trial. In that regard, Defendants note that there still has been no *finding of materiality with respect to any breach* by Defendants that would excuse Plaintiff's performance of its own obligations of the Settlement Agreement (including the release provisions and Plaintiff's promise not to sue) or that would negate the release provisions or entitle Plaintiff to rescind the Settlement Agreement – assuming that the latter is a course of action that is even presently available to Plaintiff.

Inviting this Court to expand upon the jury's verdict, Plaintiff argues that Mr. Newman should be *held individually liable* because "Mr. Newman breached defendants' joint warranty in Section 2 of the settlement agreement" by purportedly acknowledging, representing, and warranting the schedules' accuracy. Plaintiff's Opp., p. 4, lines 10-14. This line or reasoning is misguided on several levels. *First and foremost,* the only party held liable by the jury with respect to the breach of a disclosure obligation under the Settlement Agreement *was AMN*. Special Verdict Form, Dkt. 189, p. 2. *The jury never held that Mr. Newman breached any purported duty with respect to the disclosure and the Plaintiff is not entitled to have the Court make such a new factual finding in its favor*. To the contrary, it would be reversible error for the Court to do so. The Court's mandate on a motion for judgment as a matter of law is to determine whether the jury's findings are supported by the evidence, not to make entirely new findings in favor of Plaintiff. *Second*, the language of the Settlement Agreement upon which Plaintiff relies – even if construed most favorably to Plaintiff – cannot be considered in connection with Defendants' motion because the Settlement Agreement itself was never entered into evidence for the jury to consider.

B. **There Is Insufficient Evidence To Support A Verdict That AMN Or Mr. Newman "Continued Marketing Or Sales Of [Plaintiff] Athena Goods."**

As a prefatory matter, Defendants have consistently maintained both prior to and during the trial that breaches to be tried by the jury should be limited to the two breaches alleged in Plaintiff's complaint, i.e., whether "AMN breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers" and whether both Defendants "breached the settlement agreement by continuing to sell Athena counterfeit goods" after its effective date. FAC (Dkt. 73), ¶¶ 91, 92. Because Plaintiff never sought, nor obtained, leave to amend it complaint to include the "continued marketing" allegation as a basis for its breach of contact claim and failed to establish good cause for the same, the issue should have never gone to the

jury and it cannot, as a matter of law, support a finding in favor of Plaintiff on its breach of contract claim.

That issue aside, Defendants are nonetheless entitled to judgment as a matter of law as there was no admissible evidence that either AMN or Mr. Newman sold or marketed any goods after the execution of the parties' Settlement Agreement.

Athena was unable to show even one single transaction selling any Athena trademarked item after entering the Settlement Agreement. Not one! This was indeed the essence of the Settlement Agreement to stop selling. They did. It is without any basis in logic to suggest that there should be an inference of marketing when the facts show no sales.

Athena argues that "just because Newman is AMN's CEO, AMN's corporate status does not excuse his acts." In advancing this argument, Athena is either deliberately mischaracterizing Mr. Newman's argument or is creating a strawman in an effort to distract the Court from the lack of evidence against Mr. Newman. Mr. Newman does not contend that his status as AMN's CEO shields him from liability. Rather, to take the bull by the horn, it is his Mr. Newman's position that there was no evidence that Mr. Newman sold or marketed goods in his individual capacity.

In support of its argument, Plaintiff points to erroneous language in the Settlement Agreement suggesting that Mr. Newman was an individual doing business under the name Brush Express. Plaintiff then attempts to link this to a Groupon exhibit involving Brush Express which Plaintiff has characterized as "marketing." The problem with this argument, of course, is that the Settlement Agreement was never entered into evidence for the jury to consider. In fact, *the only evidence presented to the jury was to the contrary* as the Groupon exhibit upon which Plaintiff relies clearly states that Brush Express was "operated by AMN Distribution," *not Mr. Newman.*

Finally, Plaintiff has disingenuously relied upon principles of tort liability to argue that Mr. Newman should be held personally liable for alleged breaches of the Settlement Agreement by his employer, AMN. Indeed, all three cases upon which Plaintiff relies

for its novel proposition that Mr. Newman should be held individually liable for a purported breach of contract by his corporate employer are tort liability cases. *See PMC, Inc. v. Kadisha,* 78 Cal. App. 4th 1368, 1379 (2000) ("Directors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position, unless they participate in the wrong or authorize or direct that it be done."); *Leroy W. v. Costco Wholesale Corp.,* No. LACV2004265JAKFFMX, 2020 WL 7023777, at *4 (C.D. Cal. Nov. 30, 2020) (negligence and premises liability); *Semiconductor Components Indus., L.L.C. v. I2A Techs., Inc.*, No. C10-0603 TEH, 2010 WL 3036731, at *5 (N.D. Cal. July 30, 2010) (liability for the tort of conversion). As the Court is quite aware, breach of contract is a different animal than a tort, and Mr. Newman can only be held liable for *breaches by him of duties which he owed in his individual capacity to Plaintiff under the Settlement Agreement.* A contrary ruling would mean that corporate executives of Fortune 500 Companies would be personally liable for every breach of contract by their companies, including those breaches that they personally determined to be in the best interest of their companies. That is not the state of law in California and. In the present case, as discussed above, there was no evidence presented to the jury that Mr. Newman breached a personal obligation that he owed directly to Plaintiff under the Settlement Agreement, such as individually selling Athena Goods after its effective date.

### III. DEFENDANTS ARE ENTITLED, IN THE ALTERNATIVE, TO A NEW TRIAL

#### A. A New Trial Motion May Be Granted Upon Persistent Attorney Misconduct That Permeates a Proceeding

A trial court is statutorily empowered to "grant a new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. Proc., Rule 59. Among other grounds, a new trial may be granted based upon attorney misconduct, including misconduct during closing argument. *See e.g., Hemmings v. Tidyman's Inc.*,

285 F.3d 1174, 1193 (9th Cir. 2002), *cert. denied,* 537 U.S. 1110 (2003); *Christopher v. Fla.,* 449 F.3d 1360, 1365 – 1368) (11th Cir. 2006) (affirming grant of new trial motion based upon closing argument, including statements made in violation of prior court order). "To warrant reversal on grounds of attorney misconduct, the 'flavor of misconduct must sufficiently permeate an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" *Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir. 1984). *See also Hemmings,* 285 F.3d at 1192. Although isolated misconduct will not necessarily support the granting of new trial, such relief may be warranted when "persistent." *Kerr,* 736 F.2d at 1286. Where the conduct permeates the proceeding, the jury is "necessarily prejudiced." *Id.* "[C]onstant objections are certainly not required, as they could antagonize the jury." *Id.* "In evaluating the likelihood of prejudice from the comments," the court must consider "the totality of circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and the verdict itself." *Hemmings*, 285 F.3d at 1193.

The trial in this matter has striking similarities to that in Chen v. City of Medina 2013 WL 4511411 in which new trial was granted with finding of attorney misconduct:

> "To warrant a new trial, attorney misconduct must "sufficiently permeate an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." **Kehr v. Smith Barney, Harris Upham & Co., 736 F.2d 1283, 1286 (9th Cir.1984)**. In deciding whether to **grant** a **new trial**, the Court may consider the nature of the improper comments, their frequency, and their relevance to the issues before the jury, *Hemmings v. Tidyman's Inc.,* 285 F.3d 1174, 1193 (9th Cir.2002), as well as whether the offending behavior occurred principally during opening and/or closing statements, which the jury in this case was instructed does not constitute evidence, Instr. No. 5 (docket no. 321), as opposed to throughout the course of the trial, **Kehr, 736 F.2d at 1286**. The Court may also analyze whether opposing counsel timely objected, requested a curative instruction, or moved for a mistrial, while bearing in mind the potentially antagonizing effect on the jury of frequent objections. ***Id.;*** *see Anheuser–Busch,* 69 F.3d at 346; *see also Hemmings,* 285 F.3d at 1193

(applying the plain error standard to a claim of improper closing argument that was raised for the first time after trial)." Id at p.11-12.

In Chen the judge was confronted with a similar situation unique in his 25 years on the bench. As here, there was misconduct commencing with the opening statement. In our case, Athena's counsel disregarded the Court's rulings on motions in limine and even this Court's pretrial order regarding the subject matter to be disclosed before the jury. This even resulted in a citation for contempt of court against Athena's counsel both during opening statement and closing argument. There were extensive objections sustained for questions in which Athena's counsel continually attempted to put counterfeiting into issue.

As discussed below, this is one of the rare cases that does warrant a new trial based upon attorney misconduct, particularly given the almost pathologically systemic and repeated misconduct by Plaintiff's lead trial attorney Marina Lang which this Court observed could easily be found to be wilful.

B. **The Persistent, Pervasive and Deliberate Misconduct by Plaintiff's Lead Trial Counsel – Which Led to Her Being Held in Contempt and Remanded Into Custody – Is One of Those Rare Cases That Warrants A New Trial**

Defendants ask that this court look in particular at the Trial Transcript from page 111 through page 116. The misconduct of Ms. Lang influenced the jury and its verdict, denying Defendants a fair trial.

Not only did Ms. Lang attempted to poison the jury repeatedly with impermissible and questions and inferences, including matters specifically barred by the Court's pre-trial order she was sobbing and in tears repeatedly during the trial. She screamed that it was outrageous that the jury would not see the Settlement Agreement. In the presence of the jury that the Settlement Agreement must be shown to the jury or that counsel would be

"disbarred". She said that she could "lose her license" and finally made her gender a part of her impact by stating "It's so hard being a woman."

It must also be noted that Mr. Harris' declaration confirms that she did show the prohibited demonstrative exhibits to the jury – just that they were too small to read! Ms. Lang's co-counsel, Mr. Harris, has basically admitted in his declaration ostensibly in opposition to this motion that he personally witnessed this behavior. Harris Decl. (Dkt. 197-1), ¶¶ 2-3.

The circus atmosphere deliberately[2] created by Ms. Lang prevented jury from focusing on closing argument of Defendants' counsel, which was critical given fact that defendant Newman did not appear as a trial witness.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Court enter judgement in their favor as a matter of law pursuant to Rule 50(b). Alternatively, Defendants request that they be granted a new trial pursuant to rule 59.

DATED: December 13, 2021   DAVID C. VOSS, JR.
VOSS, SILVERMAN & BRAYBROOKE, LLP

By: _____
David C. Voss, Jr.
Attorneys for Defendants
AMN DISTRIBUTION, INC. and
MOISHE NEWMAN

---

[2] There can be no doubt as to Ms. Lang's bad faith and intent given her, for lack of a better phrase, "systemic" misconduct throughout the trial despite the Court repeatedly sustaining objections against her and admonishing her for her behavior.

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................1

II. DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW..2

A. A Party Is Entitled To A Judgment As A Matter Of Law When The Verdict Is Not Supported By Substantial Evidence ........................................................................2

B. The Alleged Breaches and Jury's Findings............................................................2

C. There Is Insufficient Evidence to Support a Verdict That AMN Breached the Settlement Agreement By Failing To Provide "'Full And Complete Contact Information' That Defendant AMN *Had* For Each Seller."....................................4

D. There Is Insufficient Evidence To Support A Verdict That AMN Or Mr. Newman "Continued Marketing Or Sales Of [Plaintiff] Athena Goods." ...........................5

III. DEFENDANTS ARE ENTITLED, IN THE ALTERNATIVE, TO A NEW TRIAL...................................................................................................................7

A. A New Trial Motion May Be Granted Upon Attorney Misconduct .......................7

B. The Persistent, Pervasive and Deliberate Misconduct by Plaintiff's Lead Trial Counsel – Which Led to Her Being Held in Contempt and Remanded Into Custody – Is One of Those Rare Cases That Warrants A New Trial......................9

IV. CONCLUSION..................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Christopher v. Fla.*, 449 F.3d 1360, 1365 – 1368) (11th Cir. 2006) ..................................7

*Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002), *cert. denied,* 537 U.S. 1110 (2003)..................................................................................................................7

*Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir. 1984) .........7

*Leroy W. v. Costco Wholesale Corp.,* No. LACV2004265JAKFFMX, 2020 WL 7023777, at *4 (C.D. Cal. Nov. 30, 2020) .......................................................................6

*PMC, Inc. v. Kadisha,* 78 Cal. App. 4th 1368, 1379 (2000) ..............................................6

*Semiconductor Components Indus., L.L.C. v. I2A Techs., Inc.*, No. C10-0603 TEH, 2010 WL 3036731, at *5 (N.D. Cal. July 30, 2010) ..................................................6

*Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014), *cert. denied*, 574 U.S. 1191 (2015) ..........................................................................................................2

**Other Authorities**

CACI No. 303 ("Breach of Contract – Essential Factual Elements") Judicial Council of California Civil Jury Instructions (2021 edition). .........................................................4

**Rules**

Fed. R. Civ. Proc., Rule 59 ................................................................................................7