# Exhibit 1

Exhibits to Athena's Summary Judgment Motion

Athena Cosmetics, Inc v. AMN Dist. et al.
Case No.: 22:20-cv-05526-SVW-SHK)

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is entered into as of the last date signed below (the "Effective Date"), by and amongst Athena Cosmetics, Inc. ("Athena Cosmetics"), a corporation organized under the laws of Nevada, with a principal place of business at 1838 Eastman Avenue, Suite 200, Ventura, California, and AMN Distribution Inc. (hereafter "AMN") a Delaware corporation with its principal place of business at 4225 Lime Ave Long Beach, CA 90807 and Moishe Newman an individual doing business under the name of "Brush Express" at the e-commerce website www.brushexpress.com (hereafter "Brush Express"), with its principal place of business also located at 4225 Lime Ave Long Beach, CA 90807 (hereafter AMN and Brush Express are collectively referred to herein as "AMN");

**WHEREAS**, Athena Cosmetics manufactures and sells cosmetics and is the owner of numerous trademarks, service marks, trade names, logos, designs, and trade dress in the United States and worldwide including, without limitation, United States Trademark Registration No.'s 3,246,814, 3,526,373, 3,413,360, 5,633,064, 4,501,304, No. 5,871,804 (all of Athena's trademarks, service marks, trade names, logos, designs, and trade dress owned in the United States and worldwide, whether expressly cited herein or not, are collectively referred to in this Agreement as the "Athena Cosmetics Marks");

**WHEREAS**, AMN acknowledges that it purchased and sold certain cosmetic product that Athena Cosmetics contends are counterfeit products and infringe the intellectual property and other related proprietary rights of Athena Cosmetics; and

**WHEREAS**, Athena Cosmetics has not yet pursued its claims in a court of law, although it has transmitted to AMN a complaint captioned "Athena Cosmetics, Inc., Plaintiff v. Mordechai Hershkop, and individual, and Brush Express, a dba of Mordechai Hershkop, and DOES 1-10,

Inclusive, Defendants, venued in the United States District Court, Central District of California-Western Division (No. 2:19-cv-8466-MWF-MRW) (referred to hereafter as the "Lawsuit" and the Plaintiff referred to hereafter as the "Plaintiff" and the Defendants referred to hereafter as the "Defendants"; and

**WHEREAS,** the Plaintiff and Defendants now desire to settle and resolve their disputes and differences;

**NOW THEREFORE,** in consideration for entering into this Agreement, and for the representations, promises and releases set forth in the above Recitals and in the terms below, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Plaintiff and Defendants agree as follows:

1. <u>Civil Action</u>

    (a) In consideration for the mutual promises, terms and conditions set forth in this Agreement, Athena Cosmetics agrees not to file or pursue any action, including the Lawsuit, against Defendants related to their purchase and sale of products bearing Athena Cosmetics Marks occurring on or before the Effective Date of this Agreement. Defendants agree not to bring any affirmative claims against Athena Cosmetics related to the Lawsuit including without limitation, a demand for injunctive or declaratory relief, in any court.

2. <u>Athena Cosmetics Products</u>

    (a) Defendants hereby expressly acknowledge, represent and warrant to Athena Cosmetics the following:

    i. The Athena Cosmetics Marks are all the sole and exclusive property of Athena Cosmetics;

      ii.     Athena Cosmetics has never and does not grant the Defendants any rights to use, whether for commercial or non-commercial purposes, any of the Athena Cosmetics Marks;

      iii.    From January 1, 2019 to December 31, 2019, AMN purchased products bearing Athena Cosmetics Marks from different sellers, the full and complete contact information and the amount of product purchased from each seller will be set forth on Schedule 1 to this Agreement;

      v.     From January 1, 2019 to December 31, 2019, AMN sold or otherwise delivered products bearing Athena Cosmetics Marks to various consumers, the full and complete contact information for each customer and the aggregate amount of product sold will be set forth on Schedule 2 to this Agreement;

      vi.    Some Athena Cosmetics Marks remain in AMN's possession;

      vii.   Defendants, their agents, affiliates, employees, contractors, and all other persons in privity or acting in concert with Defendants, are permanently enjoined and restrained from ever: purchasing, buying, obtaining, procuring, manufacturing, warehousing, producing, importing, distributing, circulating, selling, delivering, marketing, offering for sale, advertising, promoting, displaying or otherwise using any goods or products with the Athena Cosmetics Marks, including any simulation, reproduction, counterfeit, copy or colorable imitation of the Athena Cosmetics Marks;

      viii.  Within 30 days of the Effective Date, Defendants will, at their expense, ship its entire remaining inventory of any goods or products with the Athena Cosmetics Marks, including any simulation, reproduction, counterfeit, copy or colorable imitation of the Athena Cosmetics Marks, to Athena Cosmetics for any purpose that Athena Cosmetics deems appropriate, including destruction or disposal to the following address:

          Attention: Dave Hooper
          Athena Cosmetics, Inc.

1838 Eastman Avenue, Suite 200
Ventura, California

3. <u>Validity of the Athena Cosmetic Marks</u>

Defendants agree not to challenge, directly or indirectly, the validity or enforceability of the Athena Cosmetics Marks and corresponding registrations in any court or other tribunal, including the United States Patent and Trademark Office, and including in the form of invalidity and unenforceability defenses in any future litigation, arbitration, or other proceeding.

4. <u>Payment</u>

Defendants will pay Athena Cosmetics the amount of Twenty Five Thousand Dollars ($25,000) (the "Settlement Payment"), in full and complete settlement, compromise, release, satisfaction and discharge of all claims, damages and liabilities in favor of Plaintiff based on or arising out of all claims that are or that could have been asserted in the aforementioned Lawsuit. Defendants shall deliver within 3 business days following the Effective Date of this Agreement the complete Settlement Payment in the form of a cashier's check or money order made payable to "SoCal IP Trust Account" and sent to SoCal IP Law Group LLP, Attention: Ms. Marina Lang, 310 N. Westlake Blvd., Suite 120, Westlake Village, CA 91362.

5. <u>Release</u>

Conditional on Defendants making the Settlement Payment, furnishing Schedules 1 and 2 as set forth in Section 8(g) below, and Defendants' delivery of the entire remaining inventory of any goods or products with the Athena Cosmetics Marks pursuant to Section 2(a)viii herein, Athena Cosmetics, on behalf of itself and its officers, directors, employees, agents, subsidiaries, affiliates, related companies, parent corporations, shareholders, joint venturers, partners, limited partners, anyone in privity or acting in concert with Plaintiff, and its and their attorneys (collectively, the "Releasors"), does hereby irrevocably release and discharge each of the

Defendants, together with its and their officers, directors, employees, agents, subsidiaries, affiliates, related companies, parent corporations, shareholders, joint venturers, partners, limited partners, anyone in privity or acting in concert with any of the Defendants, and its and their attorneys (collectively, the "Released Parties") from any and all claims, damages, charges, causes of action or liabilities that the Releasors have or may have against any of the Releasees, whether known or unknown, of any nature whatsoever, from the beginning of time to the execution date of this Agreement which arose in any way from, the sale of any Athena products (counterfeit or otherwise), including, but not limited to, any and all claims, losses, demands, causes of action, suits, whether known or unknown, whether at law or in equity, that may have accrued from the beginning of time or may exist as of the Effective Date of this Agreement that are or that could have been asserted in the Lawsuit or any other civil or criminal action, or that arise out of or in connection with Defendants' purchases and sales of Athena product (whether counterfeit or not).

6. Waiver of Claims

The Releasors and Releasees agree that this Agreement shall act as a release of any and all claims that may arise from conduct prior to the execution of this Agreement whether such claims are known, unknown, foreseen, or unforeseen, liquidated or unliquidated, choate or inchoate, notwithstanding Section 1542 of the California Civil Code which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SEITLEMENT WITH THE DEBTOR.

The Releasors and Releasees understand and acknowledge the significance and consequence of such specific waiver of Section 1542 and hereby assume full responsibility for any injuries, damages, losses, or liability that they may hereafter incur as a result of any prior action of the other party hereto.

7. <u>Confidentiality</u>

The Plaintiff, Defendants and their respective counsel agree that they will keep the terms of this Agreement strictly confidential and agree that confidentiality is a material term of this Agreement. Specifically, the Plaintiff, Defendants and their counsel agree not to disclose, divulge, publish, broadcast, or state to anyone other than their respective spouses, attorneys, agents, parent companies, accountants, insurers, tax preparers, and/or bookkeepers any of the terms and conditions of this Agreement, each of whom agrees to keep the same confidential. Nothing in this Agreement shall prohibit the Plaintiff, Defendants and their counsel from disclosing the existence or terms of this Agreement in the course of the Parties' normal business affairs, as regarding communications with their officers, shareholders, agents, employees, accountants, advisors, insurance companies, attorneys, and all other financial or regulatory agencies/bodies having a bona fide need to know such information, or in any judicial proceeding to enforce or construe this Agreement. Nothing in this Agreement will prohibit the Plaintiff, Defendants and their counsel from complying with a valid subpoena, court order, or other legal process requiring production of this Agreement, disclosure of the terms of the Agreement, or disclosure of any other matter covered by the confidentiality of this Agreement. However, upon receiving such a subpoena, court order, or process, the subpoenaed party or its counsel will immediately give written notice to the other parties, identifying the subpoena, court order, or process and the time in which production or disclosure is required, so as to afford the other parties an opportunity to obtain an order barring

such production or disclosure. If disclosure is compelled or if the parties opt not to oppose such disclosure, the parties shall have no further obligations pursuant to this Section.

8. <u>Entire Agreement</u>

This Agreement sets forth the entire agreement and understanding between the Plaintiff and Defendants with respect to the subject matter herein, and supersedes all previous discussions, understandings, representations, negotiations, and agreements with respect to the matters included in this Agreement. This Agreement cannot be changed orally, but only by an agreement signed by the Plaintiff and Defendants.

9. <u>Miscellaneous</u>

a. If any provision or part of a provision of this Agreement shall be determined to be void or unenforceable by a court of competent jurisdiction, the remainder of the Agreement shall remain valid and enforceable by the Plaintiff and Defendants.

b. The terms of this Agreement are binding as to the Plaintiff and Defendants and each of their respective predecessors, affiliates, subsidiaries, successors, assigns, heirs, executors, administrators, representatives and trustees. No claim, objection or cause of action described or released in this Agreement has been assigned, in whole or in part, by either Plaintiff or Defendants to any third party.

c. This Agreement and the provisions contained herein shall be governed by and construed under the laws of the State of California. Any lawsuit or other legal proceeding arising out of or concerning this Agreement must be brought only in Los Angeles County, California, and Plaintiff and Defendants, by executing this Agreement, specifically consent to venue and jurisdiction in and of those courts for any such proceeding. In the event of any litigation arising from breach of this

Agreement, the prevailing party shall be entitled to recover from the non-prevailing party all reasonable costs incurred including staff time, court costs, and attorney's fees.

d. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Agreement delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

e. The language of this Agreement shall not be presumptively construed in favor of or against either Plaintiff or Defendants.

f. Plaintiff and Defendants were represented by counsel in the negotiation of this Agreement.

g. Prior to execution of this Agreement, ANM shall prepare Schedules 1 and 2 of this Agreement and shall deliver same to Ronan Cohen, Esq. who shall act as escrow agent under this Agreement for the limited purpose of holding said schedules in escrow and delivering same to SoCal IP Law Group LLP, Attention: Ms. Marina Lang, 310 N. Westlake Blvd., Suite 120, Westlake Village, CA 91362 upon delivery of a counterpart of this Agreement duly executed by Athena Cosmetics, whereupon said completed schedules shall be appended to this Agreement and shall be deemed a part hereof.

**IN WITNESS WHEREOF,** the undersigned parties hereto have executed this Agreement or caused this Agreement to be executed by their duly authorized officers.

ATHENA COSMETICS, INC.

By: _____

AMN DISTRIBUTION INC.

By: _____

Name: LORI JACOBUS
Title: PRESIDENT + CMO
Date: 4-29-2020

Name: Moishe Newman
Title: CEO
Date: 04/30/20

**BRUSH EXPRESS**

By: *[signature]*
Name: Moishe Newman
Title: _____
Date: 04/30/20

**MOISHE NEWMAN**

By: *[signature]*
Name: _____
Title: _____
Date: 04/30/20