UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05526-SVW-SHK | Date | December 21, 2021 |
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING DEFENDANTS' MOTION FOR NEW TRIAL [195] AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [199]

Before the Court is Defendants' motion for judgment as a matter of law or new trial [195].[1] For the reasons below, the Court concludes that a new trial on Phase I of this bifurcated case is warranted given the conduct of Plaintiff's trial counsel, Ms. Marina Lang. The Court thus GRANTS Defendants' motion for a new trial. In light of the Court's conclusion regarding the new trial, Defendants' motion for judgment as a matter of law is DENIED AS MOOT, as is Plaintiff's motion for summary judgment on the Phase II claims [199].

## I.   Factual Background

This case concerns Defendants' alleged infringement of Plaintiff's trademarks by selling counterfeit cosmetic products. First Amended Compl. ¶¶ 13-47, ECF No. 73 ("FAC"). The parties had previously executed a settlement agreement, in which Plaintiff released its claims of infringement. *Id.* ¶¶ 85-94. However, Plaintiff brought this suit, alleging that Defendants breached their obligations under the settlement agreement. *Id.* Plaintiff also brought its original infringement claims, contending that, by virtue of Defendants' breach, it was no longer bound by the release. *Id.* ¶¶ 48-84.

---

[1] At a hearing on November 18, 2021, the day after trial, defense counsel presented arguments for judgment as a matter of law or, alternatively, new trial. The Court indicated that it would treat his oral argument as his motion and that he need not file additional moving papers.

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05526-SVW-SHK | Date | December 21, 2021 |
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

### a. The Court's Pre-Trial Orders

This Court had previously ordered the bifurcation of issues in this case, with the first phase to focus solely on Plaintiff's breach of contract claim. ECF No. 74. Unless Plaintiff successfully showed a breach of the settlement agreement contract, Plaintiff's other claims related to trademark infringement were released by the agreement and thus were barred.

Trial on Phase I occurred on November 17, 2021. Prior to trial, this Court issued an order carefully laying out the issues for trial. ECF No. 179. The Court determined that this was necessary for three reasons. First, the factual and legal theories had continuously evolved over the course of the litigation, and the Court sought to limit the trial to the currently operative theories, rather than run the risk of a party raising some previously abandoned theory or springing some completely novel theory at trial.

Second, the parties had been involved in a litany of discovery disputes that had taken up much of this Court's time and Magistrate Judge Kewalramani's time in prior hearings. In some instances, the parties seemed unable to agree about even basic facts regarding what discovery had taken place. Thus, the Court sought to keep the trial from devolving into yet another arguing match over discovery, which would only serve to confuse the jury and distract them from the relevant issues. *See* Fed. R. Evid. 401.

Third, the Court sought to preserve the distinction between the two phases of the cases: the first relating to the breach of the settlement agreement and the second relating to the infringement claims. The breach of contract claim presents distinct factual issues, and the Court sought to prevent the jury from being confused, distracted, or prejudiced by evidence or argument related to the underlying infringement claims. *See* Fed. R. Civ. P. 42(b).

Accordingly, the Court's pretrial order strictly limited the issues for trial to the two forms of breach that Plaintiff alleged and the specific, evidence-backed factual theories underlying those two forms of breach. Trial Prep. Order 6-9, ECF No. 179

### b. Ms. Lang's Conduct at Trial

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | December 21, 2021 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

At trial, Plaintiff's counsel, Ms. Lang, engaged in a repeated pattern of disruptive behavior that is almost unparalleled in this Court's long tenure. Even now, it is difficult to detail Ms. Lang's conduct in a way that fully captures its effect on the proceedings. Her disruptive and inappropriate actions fell into four general types of behavior.

First, Ms. Lang repeatedly made reference to the counterfeiting allegations underlying the trademark infringement claims, which were not at issue in the Phase I trial. *See* Trial Tr. 37:16-38:9, 54:9-56:2, 108:5-7. The Court warned Ms. Lang not to do so, yet she did in both her opening statement and her examination of the only live witness in the case. *Id.* at 37:16-38:9, 54:9-56:2. This contravened the Court's pretrial order, which specifically indicated that Plaintiff was not to present evidence or argument regarding the nature or characteristics of a counterfeit product, or the trademarks infringed by a counterfeit product. Trial Prep. Order 8.

Second, Ms. Lang repeatedly interrupted proceedings throughout the trial. It first began in colloquy outside the jury's presence even before opening statements were made. Trial Tr. 32:25-33:19. However, it continued in the jury's presence during the presentation of Plaintiff's evidence, where the Court sought to have several business records introduced in a streamlined manner. *Id.* at 44:21-45:3. At that point, the Court had to excuse the jury and warned Ms. Lang about her interruptions, yet even then, she continued to interject, talking over the Court to insist, "This is my case. This is my client. I'm advocating for them. They're paying me a lot of money for advocating for them." *Id.* at 47:3-48:17. At that point, the Court cited Ms. Lang for contempt. *Id.* at 48:18-21.

However, even the first contempt citation could not stem the tide of interruptions. Ms. Lang again interjected during a later colloquy between the Court and opposing counsel, Mr. Voss. *Id.* at 88:23-89:6. She also interrupted as the Court was attempting to rule on objections during her closing argument. *Id.* at 110:11-111:1. And Ms. Lang even interrupted Mr. Voss's closing argument, speaking under her breath during his argument in a manner that the jury likely heard since Plaintiff's counsel's table was directly in front of the jury box. *Id.* at 115:24-116:12. Thus, despite more than one warning, Ms. Lang continuously interrupted the Court and opposing counsel from the trial's start to its finish.

Third, and related to her interjections, Ms. Lang frequently continued to argue after the Court had issued rulings. After the Court overruled one of Ms. Lang's objections during Mr. Voss's opening

:  _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | December 21, 2021 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

statement, she continued to relitigate the issue, at which point the Court informed her that she should not keep arguing a point once the Court had ruled. *Id.* at 42:18-25. Despite that warning, Ms. Lang did so on multiple other occasions. *Id.* at 78:15-19, 110:11-111:1, 115:24-116:12.

Finally, and most significantly, Ms. Lang repeatedly made highly inappropriate comments and prejudicial outbursts. The first such incident occurred during a colloquy on an evidentiary matter outside the presence of the jury. The Court asked Ms. Lang about the origins of the document at issue, which she had submitted in her opposition to the Defendants' summary judgment motion, and Ms. Lang disdainfully commented, "am I being deposed? [. . .] I'm a witness now." *Id.* at 86:23-87:22.

Unfortunately, things only got worse from there, including episodes in front of the jury. After the Court sustained an objection during Ms. Lang's closing argument, and she interrupted to continue arguing the ruling, Ms. Lang raised her voice to the point of yelling. *Id.* at 111:2-112:25. Ms. Lang shouted, "this is my client. They are paying me a lot of money to advocate for them, and you won't even let the jury see the Settlement Agreement. This is outrageous. This is outrageous." *Id.* at 112:8-11. She continued, "I could lose my license if I don't scream from the top of the wall that this Settlement Agreement needs to go into evidence. That's all I want. The Settlement Agreement needs to go into evidence, or I'm going to get disbarred." *Id.* at 112:17-21.[2] At that point, the Court ended Ms. Lang's closing argument as the only way to regain control of the proceeding, and the Court warned Ms. Lang that it was being left with almost no recourse other than more drastic action. *Id.* at 112:22-25.

Mr. Voss then began his closing argument, in which Ms. Lang continued outright yelling in making her objections and shouting "this is error," after the Court overruled her. *Id.* at 114:14-25. The Court again cautioned that the proceedings were getting out of control. *Id.* It was at this point that Ms. Lang began speaking under her breath, within earshot of the jury, during Mr. Voss's closing argument. *Id.* at 116:1-5. The Court raised this point, and Ms. Lang responded in exasperation, "It's so hard being a woman," implying that the Court's actions to maintain order were motivated by sexism. *Id.* at 116:6-9.

---

[2] The Court notes that it did not permit the *full* Settlement Agreement to go into evidence, as Ms. Lang desired, because it included some detailed discussions of the underlying counterfeiting allegations that were not relevant to the breach issue, and the Court sought to avoid potential jury prejudice from those details, consistent with its pretrial order. However, the Court did enter *portions* of the agreement into evidence that were relevant to the breach of contract claim, including Schedules 1 and 2, which directly pertained to the first breach claimed by Plaintiff.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | December 21, 2021 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

With order in the courtroom having completely broken down, the Court had the jury excused. The Court indicated that it was at a breaking point, with no other way to regain control, when Ms. Lang interrupted by shouting, "No, I am at the breaking point. I'm at the breaking point." *Id.* at 116:10-21. In the Court's view, it was clear that if Ms. Lang continued to participate, the trial could not be concluded in an orderly fashion, and the Court held Ms. Lang in contempt and ordered her removed from the courtroom. *Id.* at 116:22-117:20. Ms. Lang's co-counsel, Mr. Harris, had to finish the trial on behalf of Plaintiff. *Id.* at 117:24-118:8.

The jury returned, closing arguments concluded shortly thereafter, and the case was submitted to the jury.³ The Court gave the jury a special verdict form with specific factual question for it to answer based on the evidence and argument it heard. *See* Jury Verdict, ECF No. 189. The jury returned a mixed verdict; on three of the factual questions, its findings were consistent with a verdict for Plaintiff. *See id.*

At a post-trial hearing the next day, Defendants moved for a new trial on the grounds that Ms. Lang's misconduct at trial influenced the jury and denied it a fair trial. Hr'g Tr. 7:18-8:6, Nov. 18, 2021.

**II.    Legal Standard**

A court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "The authority to grant a new trial, moreover, is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).

A new trial on the grounds of attorney misconduct is not lightly given – to be warranted, the "'flavor of misconduct must sufficiently permeate an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." *Kehr v. Smith Barney, Harris Upham & Co., Inc.*, 736 F.2d 1283, 1286 (9th Cir. 1984) (quoting *Standard Oil Co. of California v. Perkins*, 347 F.2d 379, 388 (9th Cir. 1965)). Factors that mitigate the need for a new trial include (1)

---

³ While the jury was deliberating, the Court indicated for the record that it had cited Ms. Lang for contempt and that the Court ordered that she be removed from the building and take no further part in the trial. *Id.* at 143:11-145:8.

Initials of Preparer    PMC

Case 2:20-cv-05526-SVW-SHK   Document 203   Filed 12/21/21   Page 6 of 8   Page ID #:4041

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | December 21, 2021 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

when the misconduct is "isolated, rather than persistent;" (2) when the "offending remarks" occur mainly in the opening statement or closing argument; (3) when the opposing party fails to contemporaneously object; and (4) when the jury awards reasonable damages. *See id.*

However, courts have concluded that a new trial is warranted where an attorney repeatedly refers to matters not in evidence or prohibited by pre-trial orders, *see, e.g., Rodgers v. Hyatt*, 697 F.2d 899, 901-02 (10th Cir. 1983) or where an attorney uses "[i]mproper or intemperate argument. *See, e.g., Mileski v. Long Island R. Co.*, 499 F.2d 1169, 1171 (2d. Cir. 1974).

### III.   Application

As the Court noted after having Ms. Lang removed from the courtroom, her comportment at trial encompassed a level of disruption that is almost unprecedented in this Court's tenure. *See* Trial Tr. at 117:24-118:2. The collection of conduct detailed above is made all the more remarkable by the fact that it all occurred within a single day – indeed, within a mere *four and half hours* that court was in session between the jury being empaneled and Ms. Lang being removed.

Given that, although a new trial on grounds of attorney misconduct is generally reserved for exceptional cases, the Court simply cannot avoid the conclusion that this is one such exceptional case where a new trial is warranted. Ms. Lang's misconduct "permeate[d]" the proceedings to the point of improperly influencing the jury and prejudicing Defendants' right to a fair trial. *See Kehr*, 736 F.2d at 1286.

First, Ms. Lang's misconduct was persistent – not isolated. *See id.* She repeatedly interrupted the Court and opposing counsel, despite admonitions not to, while in the presence of the jury. Trial Tr. 44:21-45:3; 88:23-89:6; 110:11-111:1; 115:24-116:12. Such interruptions hampered the jury's ability to focus on the relevant trial issues, and, more seriously, undermined Defendants' opportunity to present their case in a cohesive fashion. Indeed, her interruption of Defendants' closing argument was especially significant because they presented no live witnesses, and argument was thus Defendants' main opportunity to convince the jury of its case.

Moreover, Ms. Lang repeatedly referred to the underlying counterfeiting allegations, which this

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | |
|  | PMC | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | December 21, 2021 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

Court had expressly prohibited in its pretrial order. *Id.* 37:16-38:9, 54:9-56:2, 108:5-7; *See* Trial Prep. Order 8. The Court's order was specifically intended to limit any potential prejudice from the jury basing its verdict about Defendants' *post*-settlement conduct on statements regarding their alleged *pre*-settlement counterfeiting. Ms. Lang's conduct thus reintroduced the very risk of prejudice and confusion that the Court sought to eliminate, and it is the sort of action that has been the basis for a new trial. *See Rogers*, 697 F.2d at 901-02. Further, these references to counterfeiting occurred not only during Ms. Lang's opening statement – where the risk of prejudice could have been lessened by the Court's instruction to the jury that such statements are not evidence – but Ms. Lang also asked multiple impermissible questions about counterfeiting to the *only* live witness in the case. Trial Tr. 54:9-56:2; *see Kehr*, 736 F.2d at 1286.[4]

    Finally, closing arguments were marred by Ms. Lang's "[i]mproper [and] intemperate argument." *See Mileski*, 499 F.2d at 1171. Ms. Lang's behavior went from disruptive to downright inflammatory, shouting at the Court, "this is my client. They are paying me a lot of money to advocate for them, and you won't even let the jury see the Settlement Agreement. This is outrageous. This is outrageous. [] I could lose my license if I don't scream from the top of the wall that this Settlement Agreement needs to go into evidence. That's all I want. The Settlement Agreement needs to go into evidence, or I'm going to get disbarred." Trial Tr. at 112:8-21. The Court tried to restore order by terminating her argument. But even that was unavailing, as Ms. Lang then began speaking under her breath – within earshot of the jury – during Mr. Voss's closing argument and, when the Court directed her to stop, exclaiming, "It's so hard being a woman." *Id.* at 116:1-9.

    In these statements, Ms. Lang created the impression that the Court was unfairly denying her the ability to present her case, and, moreover, was doing so because of sexist bias. *See id.* Such conduct invited the jury to rely on "passion and prejudice in reaching its verdict" – to render a decision for the Plaintiff not on the merits of the case, but to redress what Ms. Lang suggested was her biased and unjustified persecution at the hands of the Court. *See Kehr*, 736 F.2d at 1286; *see also Cadorna v. City & Cnty of Denver, Colo.*, 245 F.R.D. 490, 494-95 (D. Colo. 2007) (granting new trial for attorney misconduct where counsel's comments "tended to cast the court before the jury as bad tempered and

---

[4] Significantly, this is not a case where the opposing party failed to object to the offending conduct – indeed, defense counsel, Mr. Voss, repeatedly objected to Ms. Lang's improper behavior. *See Kehr*, 736 F.2d at 1286.

                                                                      Initials of Preparer    :

                                                                       PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | December 21, 2021 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et al* | | |

nitpicking and himself as the victim of my supposed personal displeasure with him" and "served to make the court's enforcement of reasonable rules and procedures appear to the jurors as an impediment to the truth.").

In sum, Ms. Lang's persistent misconduct infected the trial from start to end, prejudicing the jury and Defendants' right to a fair trial. *See Kehr*, 736 F.2d at 1286. Such a regrettable episode – nearly unparalleled in this Court's experience – is the sort of extreme occurrence for which a new trial is rightly warranted.

### IV. Conclusion

For the foregoing reasons, Defendants' motion for a new trial [195] is GRANTED. The new trial on Phase I is set for Tuesday, February 1, 2022, at 9:00 a.m., with a pre-trial conference on Monday, January 24, 2022, at 3:00 p.m.

Given the Court's decision to grant a new Phase I trial, Defendants' motion for judgment as a matter of law [195], and Plaintiff's motion for summary judgment on the Phase II issues [199] are both DENIED AS MOOT.

**IT IS SO ORDERED.**

Initials of Preparer   PMC