Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355
Attorneys for Plaintiff Athena Cosmetics, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| Athena Cosmetics, Inc., <br><br> Plaintiff, <br><br> v. <br><br> AMN Distribution Inc., et al, <br><br> Defendants. | No.: 2:20-cv-05526-SVW-SHK <br><br> Amended Memorandum of Contentions of Facts and Law [L.R. 16-4] <br><br> Trial Date: February 1, 2022 <br> Time:  9:00 a.m. <br> Pretrial Conference: January 24, 2022 <br> Time: 3:00 p.m. <br> Judge: Wilson |

Plaintiff Athena Cosmetics, Inc ("Athena") submits this following Memorandum of Contentions of Fact and Law under Local Rule 16-4.

## TABLE OF CONTENTS

A.  Claims and Defenses ...........................................................................................1

    1.  Claim 4: Breach of Contract ..................................................................... 1

        **a.**  Elements of the Claim:............................................................... 1

        **b.**  Summary of Key Facts:.............................................................. 1

        **c.**  Summary of Key Evidence: ....................................................... 4

B.  Athena's Positions on Defendants' Affirmative Defenses to Plaintiff's Claims ...................................................................................................................5

    1.  Failure to State a Claim ............................................................................ 5

    2.  Unclean Hands .......................................................................................... 6

    3.  Estoppel..................................................................................................... 6

Plaintiff Athena's Amended Memo of
Contentions of Fact and Law
    i    
Athena Cosmetics, Inc. v. AMN Distribution Inc.
Case No.: 2:20-cv-05526-SVW-SHK

4.  Waiver...........................................................................................7

5.  Release ..........................................................................................7

6.  Barred by settlement .....................................................................7

7.  Failure to mitigate ........................................................................7

8.  Any claim for injunctive relief is moot........................................8

9.  Any claim for injunctive relief is barred because Plaintiff has an
    adequate remedy at law.................................................................8

10. Plaintiff's negligence, fault, or tortious conduct caused its damages.............8

11. If Plaintiff is awarded any damages, Defendants are entitled to an
    offset the amount paid under the parties' settlement agreement. ...................8

12. Plaintiff may not have damages because the damages sought are not
    certain or foreseeable. ...................................................................8

13. Punitive damages sought are not authorized by applicable law and
    are unconstitutional........................................................................9

14. Any alleged conduct of the defendants was not malicious, willful,
    knowing, intentional or in bad faith...............................................9

C.  Anticipated evidentiary issues.................................................................9

D.  Bifurcation of issues/jury trial................................................................9

E.  Attorney fees...........................................................................................9

**A.    CLAIMS AND DEFENSES**

Athena Cosmetics, Inc. ("Athena" or "Plaintiff") has pleaded and will pursue at trial claims for (1) trademark counterfeiting and infringement; (2) unfair competition and false designation in violation of the Lanham Act; (3) unfair competition under California common law and (4) breach of contract. Because of the bifurcation order, this trial will be limited to breach of contract.

### 1.    Claim 4: Breach of Contract

#### a.    Elements of the Claim:

Athena's claim for breach of contract requires that 1. The parties entered into a contract, 2. Athena performed under the contract, except for those obligations it was prevented or excused from performing due to Defendant's breach, 3. Defendant agreed to immediately and permanently stop marketing, offering for sale, advertising, displaying, promoting any goods or products with the Athena Cosmetics Marks, ship its entire remaining inventory of any goods or products to Athena, disclose the complete name and contact information of all of its suppliers and customers of Athena goods, and pay a nominal amount of money, 4. Defendants failed to do something that the contract required it to do [or] Defendants did something the contract prohibited it from doing, 5. Plaintiff was harmed, and 6. Defendants breach of contract was a substantial factor is causing Athena's harm. Cal. Civil Jury Instructions ("CACI") No. 303 (2020).

#### b.    Summary of Key Facts:

Defendants AMN Distribution, Inc. and its CEO, defendant Moishe Newman, sold counterfeit Athena cosmetics of Athena's newly re-branded 2019 REVITALASH® cosmetics line. After Athena threatened to sue defendants for counterfeiting, the parties settled in April 2020 ("2020 Agreement"). They promised they would never again market or sell any Athena products irrespective of authenticity. Defendants also promised to supply full and complete contact information of all their suppliers and

Plaintiff Athena's Amended Memo of
Contentions of Fact and Law                    1         Athena Cosmetics, Inc. v. AMN Distribution Inc.
                                                          Case No.: 2:20-cv-05526-SVW-SHK

customers of Athena goods. AMN and Mr. Newman also jointly warranted the schedules were accurate. Finally, defendants agreed to return all their inventory to Athena and to pay Athena a nominal sum of $25,000. Athena agreed to release defendants' liability for past infringements, but the release was "[c]onditional on Defendants making the Settlement Payment, furnishing Schedules 1 and 2 … and Defendants' delivery of the entire remaining inventory of any goods or products with the Athena Cosmetics Marks." Athena settled with defendants on the condition it could learn the identities of those manufacturing defendants' counterfeits. To obtain that information, Athena was willing to forego obtaining statutory damages of up to $2 million for each Athena Trademark counterfeited. 15 U.S.C. § 1117(c).

The 2020 Agreement (Ex. 1) includes these terms:

a.   AMN would prepare Schedules 1 and 2 (Exs. 2 and 3[1]) for Athena to obtain accurate contact information about defendants' customers and suppliers. Though only AMN had the duty to prepare the schedules, both defendants, AMN and Moishe Newman, warranted the schedules contained the full and complete contact information of all sellers and suppliers and the amount of product purchased and sold. Ex. 1, pp. 2–3.

b.   Defendants would never display, market or sell Athena products. *Id.* p. 3.

c.   Defendants would return all inventory of Athena products to Athena. *Id.*

d.   Defendants would pay Athena $25,000. *Id.* p. 4.

In exchange for defendants' obligations and conditioned on their full performance, Athena conditionally released defendants AMN and Moishe Newman from past infringements. Corporate defendant AMN agreed to prepare the two accurate

---

[1] Only the first two pages are included in Exhibit 3.

1 schedules of the contact information and the amount of product purchased from of its

2 suppliers and the amount of product sold to each customer. (Ex. 1, ¶ 9.g.).

3        Accurate schedules were crucial to Athena. Counterfeiters use fictitious names

4 and aliases and discovering the true identity of owners of webpages and URLs is dif-

5 ficult because changing URLs is easy. With accurate schedules, Athena could com-

6 pare the full contact information with data from eBay and other online sellers to learn

7 the suppliers' and customers' true identities.

8        Schedule 1 did not include the full and complete contact information of defend-

9 ants' suppliers. Schedules 1 and 2 show discrepancies in the amount defendants

10 bought and sold. Athena also found defendants continued displaying, selling or mar-

11 keting Athena cosmetics after the 2020 Agreement's effective date. These acts are

12 breaches that cause the agreement's release to be ineffective.

13        Two sources establish Mr. Newman's liability. Jointly with AMN, he war-

14 ranted the completeness of the 2020 Agreement's schedules and promised not to mar-

15 ket or sell Athena products. But he also admitted under penalty of perjury, "In my ca-

16 pacity as CEO of AMN, I am responsible for the purchasing and selling of products,

17 establishing new purchasing opportunities and developing new sales channels."

18 (Newman Declaration, Dkt. 172, p. 3).[2]

19        Defendants entered into an April 29–30, 2020 agreement, the 2020 Agreement,

20 with Athena that required AMN to prepare Schedule 1 showing how many Athena

21 products it purchased, and Schedule 2 showing how many each customer bought.

22 Both defendants, AMN and Newman warranted both schedules were accurate. De-

23 fendants claim they purchased 2,835 units during 2019, the number obtained by add-

24 ing each supplier's purchasers from Schedule 1. Adding each sale from Schedule 2

25 shows defendants' sales of 4,474 units during 2019. This major inaccuracy of 1,639

26 units breaches the agreement.

27

28 [2] The first eight paragraphs of the declaration were read to the jury.

---

| Plaintiff Athena's Amended Memo of Contentions of Fact and Law | 3 | Athena Cosmetics, Inc. v. AMN Distribution Inc. Case No.: 2:20-cv-05526-SVW-SHK |

1    Defendants cannot claim they had Athena stock on hand at the start of 2019,

2  because: (1) they produced no documentation supporting pre-2019 purchases, and (2)

3  all units bought and sold by defendants and all the inventory returned to Athena was

4  from Athena's 2019 cosmetics line, which did not exist before 2019.

5    The 2020 Agreement required Schedule 1 to include the "full and complete

6  contact information" AMN had for each company from which AMN purchased. "the

7  full and complete contact information and the amount of product purchased from

8  each seller." Schedule 1 lists LinkAmerika in the Czech as the principal supplier, but

9  Schedule 1 fails to list the full and complete contact information of any persons at

10  LinkAmerika with whom defendants placed order, sent purchase orders, sent payment

11  or otherwise communicated. Athena requested these communications during discov-

12  ery, asking for, "All invoices, shipping Documents and bills of lading for your ship-

13  ping Athena Goods." Defendants objected fully and produced nothing.

14    In the 2020 Agreement, defendants agreed it would not continue marketing

15  Athena products. Defendants continued marketing Athena's RevitaLash® product

16  through eBay, Groupon, PayPal, and Walmart during 2021.

### c. Summary of Key Evidence:

- A copy of the executed 2020 Agreement[3] with Schedules 1 and 2 showing De-
  fendants violated terms of settlement agreement and provide identity and con-
  tact information of who supplied them with counterfeit goods.

- Business Records of Walmart authenticated under Fed. R. Evid. 902 showing
  defendant's sales listings of Athena's goods after the agreement effective date,
  in breach.

---

[3] Athena understands the Court will explain what it believes are the necessary por-
tions of the 2020 Agreement without allowing the jury to see the agreement.

Plaintiff Athena's Amended Memo of
Contentions of Fact and Law                4        Athena Cosmetics, Inc. v. AMN Distribution Inc.
                                                    Case No.: 2:20-cv-05526-SVW-SHK

- Business Records of Groupon authenticated under Fed. R. Evid. 902 showing defendant's sales listings of Athena's goods after the agreement effective date, in breach.
- Business records of PayPal authenticated under Fed. R. Evid. 902.
- Business records of eBay authenticated under Fed. R. Evid. 902.
- Testimony of Christina Felix testifying with Schedules 1 and 2 showing defendants claim they purchased 2,835 units during 2019, the number obtained by adding each supplier's purchasers from Schedule 1. Adding each sale from Schedule 2 shows defendants' sales of 4,474 units during 2019. This major inaccuracy of 1,639 units breaches the agreement.
- Testimony of Christina Felix showing defendants advertising, displaying or selling Athena's RevitaLash® products after the agreement effective date.
- Testimony of Christina Felix showing that Defendants only sold Athena goods that were made or mimicked from their 2019 cosmetics line and nothing prior to 2019.
- Testimony of Moishe Newman offered through his declaration that he is the CEO of AMN, the primary buyer and seller of goods for this company, owner and operator of brushexpress.com, and that his relatives Dov Newman, Devorah Newman, and Nechemiah Newman are his employees
- Testimony of Moishe Newman offered through his declaration that he leases warehouse located at 10 Gallahger Drive in Pennsylvania to store and ship goods for his businesses.

**B.   ATHENA'S POSITIONS ON DEFENDANTS' AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLAIMS**

**1.   Failure to State a Claim**

"Failure to state a claim is not an affirmative defense. *See Elliot v. Mission Tr. Servs.,* LLC, 104 F. Supp. 3d 931, 936 n.3 (N.D. Ill. 2015) ("Technically, failure to

state a claim is not a defense, although often erroneously pleaded as such as a matter of course."); *see also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (distinguishing between Rule 12(b)(6) motions and affirmative defenses).

Athena has pled its causes of action with particularity. Defendant even filed a summary judgment motion against the merits of the claim. This affirmative defense is meritless.

### 2.   Unclean Hands

"To prevail on an unclean hands defense, 'the defendant must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims.'" *Brother Records v. Jardine*, 318 F.3d 900, 909 (9th Cir. 2003).

Defendants produced no evidence supporting an unclean hand defense. Athena endeavored to protect consumers by getting counterfeit product off the market as quickly and cost effectively as possible. Athena offered defendants the ability to settle by providing accurate and full contact information of their consumers and suppliers and to cease dealing in counterfeit Athena good. Defendant did none of these things.

### 3.   Estoppel

"The traditional elements of equitable estoppel are: "(1) the party to be estopped knows the facts; (2) the party intends that his or her conduct will be acted on; (3) the claimant must be ignorant of the true facts; (4) and the claimant must detrimentally rely on the other party's conduct." *Salgado-Diaz v. Ashcroft*, 395 F.3d 1158, 1166 (9th Cir. 2005).

Athena contracted with defendant believing that defendant would truthfully reveal every supplier and seller of counterfeit Athena product. Instead, Athena received almost nothing it bargained for and was forced to proceed with this lawsuit.

Plaintiff Athena's Amended Memo of
Contentions of Fact and Law                    6                    Athena Cosmetics, Inc. v. AMN Distribution Inc.
Case No.: 2:20-cv-05526-SVW-SHK

### 4.   Waiver

The implied waiver doctrine provides that where a plaintiff, despite knowledge of a breach, "enters into a new contract with the defendant regarding the same subject matter that supersedes the former agreement and confers upon [it] significant benefits," it has waived any claim based on the prior contract. *Oakland Raiders v. Oakland-Alameda Cty. Coliseum, Inc*., 144 Cal. App. 4th 1175, 1185 (2006); *see Schmidt v. Mesmer*, 116 Cal. 267, 270-71 (1897); *A.B.C. Distrib. Co. v. Distillers Distrib. Corp*., 154 Cal. App. 2d 175, 187 (1957).

Athena contracted with defendants, there was no subsequent contract or agreement. And defendant failed to tender specific performance to the original contract.

### 5.   Release

The release in the settlement agreement is not a bar to this suit because defendant never discharged its duty under the contract. It provided no full, accurate list of their suppliers and customers and their contact information and continued infringing, selling, advertising and purchasing REVITALASH products and counterfeits.

### 6.   Barred by settlement

To be barred by a settlement, defendants had to perform under the terms of the contract without an omission of any of its essential parts. *Connell v. Higgins,* 170 Cal. 541, 556 (1915). AMN's schedules in the settlement agreement satisfy none of its obligations and its continued selling, buying, advertising and offering for sale violating its promises in the settlement agreement bar their reliance of this defense.

### 7.   Failure to mitigate

To rely on this defense, Defendant must prove Athena a duty to mitigate damages and cannot recover losses it could have avoided through reasonable efforts. *Thrifty-Tel, Inc. v. Bezenek* 46 Cal. App. 4th 1559, 1568 (1996). Defendants prevented all mitigation by withholding information and continuing to infringe and sell, buy, advertise and offer for sale counterfeit Athena products.

**8.   Any claim for injunctive relief is moot.**

Injunctive relief is relevant only to the claims not part of this trial.

**9.   Any claim for injunctive relief is barred because Plaintiff has an adequate remedy at law.**

Injunctive relief is relevant only to the claims not part of this trial.

**10.   Plaintiff's negligence, fault, or tortious conduct caused its damages.**

" "[T]he existence of a duty is a question of law for the court." (*Ky. Fried Chicken of Cal. v. Superior Court* 14 Cal. 4th 814, 819 (1997). "The elements of a cause of action for negligence are "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo* 12 Cal.4th 913, 917 (1996)

Key Facts and Evidence Rebutting the Defense: Plaintiff acted promptly when defendant breached its agreement.

**11.   If Plaintiff is awarded any damages, Defendants are entitled to an offset of the amount paid under the parties' settlement agreement.**

"In the absence of any other allocation … the percentage of economic damages reflected in the jury verdict [should] be applied to determine the percentage of the settlements to be offset." *Ehret v. Congoleum Corp.*, 73 Cal. App. 4th 1308, 1320 (citation omitted).

**12.   Plaintiff may not have damages because the damages sought are not certain or foreseeable.**

"[E]ven a dispute as to the amount of damages does not necessarily prevent those damages from being made certain by calculation where the amount of recovery closely approximated plaintiff's claims." *Leff v. Gunter*, 33 Cal. 3d 508, 519 (1983).

**Key Facts and Evidence Rebutting the Defense**: The settlement agreement signed by the parties show that the terms were certain. Additionally, Athena's

damages are mandated by statute based on claims to be adjudicated in the trial on other claims.

### 13. Punitive damages sought are not authorized by applicable law and are unconstitutional

Some Athena damages are mandated by statute based on claims to be adjudicated on other claims. Punitive damages are mandated by statute based on claims to be adjudicated on other claims. 15 U.S.C. § 1117 allows courts to enter a judgment for amounts above actual damages and above actual profits. At the next trial, plaintiff will show defendant willfully counterfeited the Athena Trademarks.

### 14. Any alleged conduct of the defendants was not malicious, willful, knowing, intentional or in bad faith.

**Elements of the Defense**: To determine whether the interests of justice support an award of defendant's profits, the court may consider evidence of willfulness and bad faith by defendant *Wildlife Research Ctr., Inc. v. Robinson Outdoors, Inc.*, 409 F. Supp. 2d 1131, 1135 (D. Minn. 2005).

**Key Facts and Evidence Rebutting the Defense**: Athena intends on showing screenshots and sales data obtained from third parties showing that Defendant continued to sell or advertise counterfeit REVITALASH products after the settlement agreement.

## C. ANTICIPATED EVIDENTIARY ISSUES

Athena anticipates opposing any attempt by defendants to introduce witnesses, documents, or other evidence they opposed producing during discovery.

## D. BIFURCATION OF ISSUES/JURY TRIAL

The Court already ordered bifurcation of the breach of contract claim from the other claims. All claims and affirmative defenses pose jury questions.

## E. ATTORNEY FEES

Athena intends on seeking attorney fees.

1

2   January 4, 2022                          /Michael Harris/
                                              Michael Harris
3                                             SoCal IP Law Group LLP

4                                             Attorneys for Defendant and Counter-
                                              claimant Athena Cosmetics, Inc.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Plaintiff Athena's Amended Memo of          Athena Cosmetics, Inc. v. AMN Distribution Inc.
Contentions of Fact and Law        10       Case No.: 2:20-cv-05526-SVW-SHK