Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Dan Lawton, No. 127342 dlawton@klinedinstlaw.com
Klinedinst
777 South Figueroa St., Suite 4000
Los Angeles, California 90017
Phone: (619) 239-8131 • Fax: (619) 238-8707

Edward D. Chapin, No. 53287
echapin@sanfordheisler.com
Sanford Heisler Sharp, LLP
2550 Fifth Avenue, 11th Floor
Phone: (619) 577-4253 • Fax: (619) 577-4250
San Diego, CA 92103

Attorneys for Plaintiff Athena Cosmetics, Inc.

**United States District Court**

**Central District of California – Western Division**

| | |
|---|---|
| Athena Cosmetics, Inc.,<br>Plaintiff,<br>v.<br>AMN Distribution Inc., et al,<br>Defendants. | No. 2:20-cv-05526-SVW-SHK<br>Athena Cosmetics, Inc.'s Trial Brief for Second Trial on Bifurcated Breach-of-Contract Issue<br>Trial Date: May 10, 2022<br>Time: 9:00 am<br>Judge Wilson |

**Table of Contents**

A. Introduction ........ 1

B. Facts ........ 2

1. The 2020 Agreement ........ 2
2. Defendants' refusal to produce books and records and Mr. Newman's refusal to be deposed forced Athena to obtain evidence by subpoenaing it from online vendors like eBay. ........ 3
3. Defendants' obligations in the 2020 Agreement included providing schedules containing the full and complete contact information of its suppliers and customers, disclosing in the schedules' accurate information about all suppliers and customers and the amount of Athena products bought and sold, and ceasing sales and promotion of Athena products. ........ 3

a. Schedule 1 – the full and complete contact information and amount of product purchased from each supplier. .... 3
b. Schedule 2 – Equivalent of Schedule 1 but listing customers instead of suppliers. .... 4
c. Defendants promised they would not sell, market, advertise, promote, or display products with Athena's trademarks. .... 4
4. Defendants' breaches. .... 5
a. Schedule 1 fails to provide the promised full and complete contact details for each supplier. .... 5
b. Defendants used aliases to hide their online activities. .... 6
c. Documents from online sellers like eBay and Walmart show sales by defendants' employees that defendants failed to include in Schedule 2. .... 6
d. Despite defendants' promise they would cease advertising promoting, and selling Athena's trademarked product through Groupon, they continued those acts after the 2020 Agreement's effective date. .... 7
e. Defendants' failure to list Nechemiah Newman, Adina's Beauty Shop, austramericacosmeticsoutlet and bluelinela in Schedule 1 breaches the agreement. .... 8
C. Conclusion .... 8

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Glaukos Corp. v. Ivantis, Inc., No. 18-SACV-620 JVS*, 2020 WL 5914552 (C.D. Cal. July 30, 2020) .... 5

*Wimo Labs LLC v. eBay Inc., No. 15-SACV-1330-JLS,* 2016 WL 11507382 (C.D. Cal. Jan. 28, 2016) .... 6

*Omohundro v. United States*, 300 F.3d 1065 (9th Cir. 2002) .... 5

## A. INTRODUCTION

Defendants AMN Distribution and Moishe Newman breached their 2022 Agreement with plaintiff Athena by:

1. Refusing to provide "the full and complete contact information and the amount of product purchased from each [supplier]" in Schedule 1 to the 2020 Settlement Agreement.

2. Providing inaccurate information in Schedule 2 about how many products each customer purchased and the selling price each paid.

3. Selling 50% more Athena products (RevitaLash® and RevitaBrow®) in Schedule 2 than they show having purchased in Schedule 2.

4. Using fictitious names such as Adina's Beauty Shop and Austramerica-cosmeticsoutlet to sell Athena products and no accounting for purchases and sales from them on the schedules.

5. Continuing to promote Athena products through Groupon and Walmart after the effective date of the Settlement Agreement.

Moishe Newman also is liable for breach of contract for two reasons:

1. The Court's ruling on two defense motions, stated, "Under the settlement agreement, however, only AMN is obligated to provide that information [Schedules 1 and 2] to Plaintiff." Dkt 72, p. 3 (Mar. 16, 2021). But the first paragraph of the Agreement reads, "AMN Distribution Inc. (hereafter "AMN") … and Moishe Newman an individual doing business under the name of "Brush Express" … (hereafter AMN and Brush Express are collectively referred to herein as "AMN"). Thus, both defendants, AMN Distribution and Mr. Newman, must perform the duties of the agreement and are liable for any breaches.

2. Mr. Newman also breached his warranties—just as defendant AMN Distribution breached the same warranties—that the schedules contained "full and complete contact information," and both defendants agreed not to sell, advertise, promote,

display or otherwise use any goods or products with the Athena Cosmetics Marks, whether fake or legitimate.

Defendants disclosed nothing in its initial disclosures and discovery that could challenge the evidence proving their breaches. They refused to produce their books and records, and defendant Newman, who also is AMN Distribution's CEO, did not attend his properly noticed deposition.

## B. Facts

### 1. The 2020 Agreement

The agreement came about after Athena caught defendants selling fake Athena products. Athena appreciates the jury will not hear evidence of defendants' counterfeiting, but it is here for the Court's background. Christina Felix, Athena's live witness, is its secret shopper. A 13-year Athena employee, she searches the Internet to locate sellers of fake Athena products. In November 2019, she found an advertisement on the brushexpress.com website for fake Athena RevitaLash.[1] Defendant Newman admitted brushexpress is his dba, and he signed the 2020 Agreement on its behalf. After Ms. Felix ordered the fake RevitaLash, it arrived in a box with a label having a return address of "Brush Express, Shipping Department, 10 Gallagher Drive, Unit C, Plains, PA.". Mr. Newman admitted that address is AMN Distribution's warehouse.

After Athena wrote Brush Express in February 2020 demanding defendants stop selling fake Athena products, Athena, AMN Distribution and Mr. Newman avoided litigation then by negotiating and signing the 2020 Agreement on April 29 and 30.[2]

[1] The Court objected to Athena using "counterfeit," at the first trial so with the Court's permission, plaintiff instead will use "fake" before the jury.

[2] The Court would not permit the jury to see the agreement but explained what it considered the relevant terms of the agreement. Athena prepared a redacted version of the agreement (Ex. 14) and will ask the Court to admit it instead of the Court telling the jury what the agreement contains.

**2. Defendants' refusal to produce books and records and Mr. Newman's refusal to be deposed forced Athena to obtain evidence by subpoenaing it from online vendors like eBay.**

Mr. Newman refused to be deposed. He was the only witness defendants' initial disclosures identified (excluding Athena employees). Without his testifying, Athena neither could determine what books and records defendants withheld nor identify their suppliers on Schedule 1.

**3. Defendants' obligations in the 2020 Agreement included providing schedules containing the full and complete contact information of its suppliers and customers, disclosing in the schedules' accurate information about all suppliers and customers and the amount of Athena products bought and sold, and ceasing sales and promotion of Athena products.**

**a. Schedule 1 – the full and complete contact information and amount of product purchased from each supplier.**

One Athena goal in the 2020 Agreement was to obtain accurate identifications of companies supplying defendants with fake Athena products (RevitaLash® and RevitaBrow®). The agreement, therefore, required defendants to prepare Schedule 1, which had to contain the full and complete contact information and the amount of product purchased from AMN's suppliers of Athena trademarked products during 2019. Schedule 1 (Ex. 15)[3] lists nine suppliers, but eight each supplied fewer than ten units. The schedule claims the main supplier, Czech company LinkAmerika II, sold 2,798 Athena products.

The schedule includes a street address for LinkAmerika in the Czech Republic but no names, email address, phone numbers, or titles of LinkAmerika's real people

[3] Exhibit numbers are those from the first trial and for this trial.

with whom defendants communicated. The remaining eight suppliers have only fictitious names listed. Defendants had to know the full information. Retailers like defendants would never deal with a supplier, especially one overseas, without a string of emails to and from their Czech contacts, which at least would provide persons' names, emails and phone numbers Athena could use the information to track down where defendants' fakes came from.

Defense counsel argued that buyers do not always know sellers' contact information. Yes, one might not know the names of a supermarket cashier or waiter, whose "contact information" is not on the receipt or restaurant check. Not so when buying quantities of goods from a foreign company. Defendants and their contacts with LinkAmerika had to generate emails and phone calls to defendants and shipping and insurance documents to shippers and possibly the Czech government.

Athena requested communications with suppliers during discovery, asking for, "All invoices, shipping Documents and bills of lading for your shipping Athena Goods." Defendants objected fully and produced nothing.

    **b.   Schedule 2 – Equivalent of Schedule 1 but listing customers instead of suppliers.**

Schedule 2, which defendants claim lists the full and complete contact information and the amount of product it sold to every customer, has over 3,900 sales of Athena products during 2019.

    **c.   Defendants promised they would not sell, market, advertise, promote, or display products with Athena's trademarks.**

The 2020 Agreement restrains "defendants and their agents, affiliates, employees, contractors, and all other persons in privity or acting in concert with Defendants from "selling, delivering, marketing, offering for sale, advertising, promoting, displaying or otherwise using any goods or products with the Athena Cosmetics Marks." Ex. 14, ¶ 2(a)vii.

**4. Defendants' breaches.**

**a. Schedule 1 fails to provide the promised full and complete contact details for each supplier.**

Defendants agreed Schedule 1 (Ex. 15) would include all suppliers' full and complete contact details. The schedule claims defendants purchased 2,798 units from nine suppliers, but most are from LinkAmerika II. The schedule includes LinkAmerika's company address with no names, phone numbers, email addresses or other contact information about the persons with whom defendants dealt. Defendants' withholding the complete contact information of its contacts at LinkAmerika prevented Athena from verifying the data defendants provided in the schedule.

If only for tax purposes, businesses like AMN Distribution would save the data on the suppliers' contact information. Defendants received by email a cease-and-desist letter on February 11, 2020[4]. By then, defendants had to institute a litigation hold. *See Glaukos Corp. v. Ivantis, Inc.,* No. 18-SACV-620 JVS, 2020 WL 5914552, at *4 (C.D. Cal. July 30, 2020) (holding litigation hold is necessary when litigation is reasonably foreseeable). February 2020 also is too soon to destroy 2019 documents. *See Omohundro v. United States*, 300 F.3d 1065, 1068 (9th Cir. 2002) (holding taxpayers have three years from filing tax return to seek refund or credit). When defendants prepared Schedule 1, they must have had documents allowing them to provide full and complete information for every supplier.

The eight other suppliers in Schedule 1 are, devfashion26, snatch-it-deals, bto_deals, beautymagasin, sterlingwoman, savingsimplellc, jenn-knight, and leeyelashoco.[5] As a buyer from these businesses, defendants would have received online order forms and shipping labels like those Ms. Felix received from defendants (Exs. 2

[4] Because the exhibit discusses counterfeiting, and the Court probably will not allow the jury to see the exhibit, Athena will attach it to the declaration of Michael Harris authenticating the exhibit but will not request its admission as a trial exhibit.

[5] Defendants gave an address but no other data for leeyelashoco.

and 3). Defendants furnished an address for leeyelashoco, but if defendants knew enough to equate leeyelashoco with a company called Cirit Beauty, defendants knew enough about leeyelashoco to provide full and complete contact information.

The Agreement's requirements for Schedules 1 and 2 were not limited to what defendants' claim to have known. The schedules would be meaningless with a knowledge requirement because defendants always could claim a lack of knowledge.

**b. Defendants used aliases to hide their online activities.**

Defendant Moishe Newman admitted Dov Newman, Nechemiah[6] Newman, and Devorah Newman are AMN Distribution employees Dov, Devorah, and Nechemiah probably are Moishe's relatives, but defendants' refusal to produce documents and Moishe's refusal to be deposed prevented Athena from verifying any relationships.

Walmart's, eBay's, PayPal's and Groupon's subpoenaed business records showed Dov, Devorah, and Nechemiah promote and sell Athena's goods using seller alias names like "Adina's Beauty Shop," "austramericacosmeticsoutlet," and "bluelinela."

**c. Documents from online sellers like eBay and Walmart show sales by defendants' employees that defendants failed to include in Schedule 2.**

The 2020 Agreement required Schedule 2 to include every 2019 sales by defendants. Evidence eBay and PayPal[7] produced show Dov, Devorah, and Nechemiah Newman sold Athena products during 2019, but Schedule 2 does not include their sales for defendants.

---

[6] Some documents spell his name without the final "h," "Nechemia."

[7] PayPal "facilitates a majority of the transactions occurring on ebay.com." *Wimo Labs LLC v. eBay Inc.*, No. 15-SACV-1330-JLS, 2016 WL 11507382, at *3 (C.D. Cal. Jan. 28, 2016).

Nechemiah Newman's PayPal application lists AMN Distribution's website as www.amndistribution.com. The amounts in the schedules are inaccurate because Schedule 2 shows sales of about 60% greater than products supplied under Schedule 1.

Defendants claim in Schedule 1 of the 2020 Agreement they purchased 2,835 units during 2019. But Schedule 2 shows them selling 4,474 units that year. This breaches the agreement that required the amount purchased from each seller (Schedule 1) and the amount each customer bought (Schedule 2).

If defendants somehow claim they had Athena inventory at the start of 2019, they have no admissible evidence, documents or testimony, supporting pre-2019 inventory. Athena is moving in limine to prevent defendants from arguing they had inventory.

**d. Despite defendants' promise they would cease advertising promoting, and selling Athena's trademarked product through Groupon, they continued those acts after the 2020 Agreement's effective date.**

Defendants promised in the 2020 Agreement they and their employees would never purchase, sell, offer for sale, advertise, promote, otherwise use any goods or products with Athena Cosmetics Marks. The parties signed the agreement on April 29 and 30, but defendant continued advertising and selling anyway.

Groupon and Walmart produced Brush Express webpages advertising Athena trademarked products. Groupon produced six of its webpages showing Brush Express listings for RevitaLash and RevitaBrow from October 2021, about a year and a half after the 2020 Agreement became effective.

Documents subpoenaed from Walmart.com shows Adina's Beauty Shop promoting and selling Revitalash and RevitaBrow as late as July 2021, when Walmart responded Athena's subpoena. Another Walmart document lists Adina's Beauty Shop as AMN Distribution's fictitious name. The Walmart document also lists Nechemia

Newman as AMN Distribution's primary contact and nechemia@amndistricu-tion.com as his email address. Each listing breaks defendants' promise not to advertise, promote, or sell Athena-branded products.

**e. Defendants' failure to list Nechemiah Newman, Adina's Beauty Shop, austramericacosmeticsoutlet and bluelinela in Schedule 1 breaches the agreement.**

The 2020 Agreement requires Schedule 1 to have complete contact information for all suppliers. During 2019, Nechemiah Newman, Adina's Beauty Shop, austramericacosmeticsoutlet and bluelinela bought Athena products. Defendant Moishe Newman identified Nechemiah Newman as an employee of defendant AMN Distribution. The other three buyers are aliases. Because they bought Athena-branded products in 2019, defendants had to list them on Schedule 1. Defendants' failure breaches the 2020 Agreement.

## C. CONCLUSION

Defendants breached the 2020 Agreement by:

- Selling, advertising and promoting Athena fakes using Athena's REVITALASH® AND REVITABROW® trademarks.
- Failing to list the full and complete contact information for all its suppliers.
- Failing to provide in Schedule 2 every 2019 sale it made.
- Failing to account for all purchases so the purchases in Schedule 1 are about 60% of the sales in Schedule 2.

Athena should prevail at this bifurcated trial for any of these breaches. No evidence defendants could or will present contradict Athena's evidence.

May 3, 2022

/s/ *Michael Harris*
Michael D. Harris
SoCal IP Law Group LLP

Attorneys for Plaintiff Athena Cosmetics, Inc.