Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Dan Lawton, No. 127342 dlawton@klinedinstlaw.com
Klinedinst
777 South Figueroa St., Suite 4000
Los Angeles, California 90017
Phone: (619) 239-8131 • Fax: (619) 238-8707

Edward D. Chapin, No. 53287
echapin@sanfordheisler.com
Sanford Heisler Sharp, LLP
2550 Fifth Avenue, 11th Floor
Phone: (619) 577-4253 • Fax: (619) 577-4250
San Diego, CA 92103

Attorneys for Plaintiff Athena Cosmetics, Inc.

# United States District Court
## Central District of California – Western Division

| Athena Cosmetics, Inc., | No. 2:20-cv-05526-SVW-SHK |
|---|---|
| Plaintiff, | Notice of Motion and Motion In Limine Re Arguments and Evidence about Defendants' Inventory before 2019 |
| v. | Pretrial Conference: May 9, 2022<br>Time: 3:00 p.m. |
| AMN Distribution Inc., et al, | Trial Date: May 10, 2022<br>Time: 9:00 a.m. |
| Defendants. | Judge: Wilson |

To Defendants and their attorneys of record:

Please take notice: Plaintiff Athena Cosmetics, Inc. moves in limine (1) to allow Athena to present evidence that defendants could not have had Athena-branded products in inventory before 2019, or (2) to exclude defendants from introducing evidence or arguing they had inventory of Athena-branded products before 2019, or (3) for a Jury Instruction defendants had no pre-2019 inventory because:

  1.  The Court excluded Athena's witness, Christina Felix, from testifying that Athena changed its packaging at the start of 2019, and no Athena-branded products she bought from defendants had the old packaging.

  2.  Ms. Felix also would testify the all Athena-branded products defendants returned to Athena under the 2020 Agreement had the newer packaging.

  3.  Defendants produced no books and records showing purchases of Athena-branded products for inventory before 2019.

  4.  Defendant Moishe Newman refused to be deposed so he could not be asked about pre-2019 inventory.

  5.  Defendants' Fed. R. Civ. P. 26(a)(1) initial disclosures and their discovery responses included nothing about alleged pre-2019 inventory.

 Athena relies on the declaration of its attorney, Michael Harris and the memorandum of points and authorities.

 Counsel for Athena, Michael Harris, tried to meet with defense counsel David Voss under L.R. 7-3. Mr. Harris emailed defendants' attorney on April 26 to confer on this motion. The email suggested meeting April 29. Mr. Voss responded on May 2 when he said he returned to his office and suggested meeting on May 3 at 11:00. Mr. Harris set up a Zoom schedule for Tuesday, May 3, but Mr. Voss emailed Mr. Harris about ten minutes after the scheduled start saying he was in a meeting with a client. Mr. Harris suggested moving the meeting to 11:30 or during that afternoon. Mr. Voss did not respond until late in the day when he suggested a meeting by telephone on Thursday because he was unavailable on Wednesday.

 When Athena files this motion, the parties will not have met, but if they resolve the issues on Thursday, May 5, Athena will notify the Court promptly.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## A.  INTRODUCTION

At the first trial, plaintiff Athena introduced evidence that Schedules 1 and 2 to the parties' 2020 agreement showed defendants sold 1,639 more Athena-branded products than they were supplied. 4,474 sold; 2,835 bought. Defense counsel argued the schedules were limited to 2019 transactions, so defendants' purchases did not include pre-2019 inventory. No evidence supported that argument, and defendants refused to produce discovery related to defendants' sales, purchases, or inventory.

Further, Athena's witness Ms. Felix was prepared to testify (1) Athena changed its packaging in 2019 to include its RL logo, Trademark Registration No. 5,871,804, (2) no Athena product she bought from defendants had the older packaging, and (3) none of defendants' products they returned to Athena after the Agreement's effective date, had the old packaging.

Athena interpreted the Court excluded Ms. Felix's testimony about packaging because of a concern comparing packaging might relate to identification of counterfeits.

## B.  FACTS

### 1. The existence of any pre-2019 inventory of Athena-branded products could affect whether defendants breached the 2020 Agreement.

Athena introduced Schedules 1 and 2 from the 2020 Agreement. Defendants warranted Schedule 1 contained "the full and complete contact information and the amount of product purchased from each seller" during 2019. Schedule 2 was supposed to contain the "amount of products sold" to each customer during 2019. Schedule 2 showed 4,474 sold versus 2,835 bought, a 1,639 difference and a breach of the agreement. Faced with this evidence, defense counsel argued:

> The evidence will show that there was no requirement in the Settlement
> Agreement for a beginning inventory count. In other words, there was no

> evidence that there is – there is no evidence that will show that my clients were required to say how many units they already had at the start of 2019. And so that evidence will come in to show why there is a differential.

Tr. p. 41. Defendants introduced no documents or testimony of any pre-2019 inventory to support counsel's argument, especially evidence that the inventory contained 1,639 Athena products.

The first amended complaint alleges:

> 90. The settlement agreement also required defendant AMN to disclose to Athena the complete contact information of every customer of its infringing and counterfeit products and complete contact information of all suppliers to Defendants of infringing and counterfeit products.
>
> 91. AMN breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers.

Dkt. 73. Defendants essentially denied the allegations. Dkt. 75, p. 10.

**2.    Defendants' initial disclosures, written discovery responses and refusal to be deposed prevented defendants from establishing any pre-2019 inventory existed.**

Defendants' Rule 26(a)(1) initial disclosures, Harris Decl. Ex. A, mentioned nothing about pre-2019 inventory. The only witness affiliated with defendants they named was defendant Moishe Newman, AMN's CEO. The subjects on which he had evidence include:

> the factual basis for the affirmative defenses set forth in AMN's answer;
> (b) the factual allegations that Mr. Newman and AMN (collectively, "Defendants") dispute with respect to Plaintiff's complaint; (c) the settlement agreement that Defendants entered into with Plaintiff in April of

2020, including the schedules attached thereto (the "Settlement Agreement"); (d) and Defendants' [sic] performance of their obligations under the Settlement Agreement.

*Id.* p. 2. It mentions nothing about Mr. Newman's knowledge of any inventory defendants had before 2019. And the documents listed mention no books and records about any inventory. *Id.* p. 3.

Athena's Interrogatory No. 4 asked, "State the name, street and email address and telephone numbers for all Persons that provided AMN with any product bearing an Athena Trademark. If the Person is a natural person, also state his or her employer and its street and email address and telephone numbers." Defendants' further amended responses to Interrogatory No. 4 (Ex. B) has a full page of objections ending with:

> Subject to and without waiving the foregoing and GENERAL OBJECTIONS and with the understanding that the relevant time frame is January 1, 2019 to the present as set forth in the definitional section of the Interrogatories, AMN responds as follows: The information that AMN was contractually obligated to provide to Athena with respect to the source of Athena products was previously provided to Athena as Schedule 1 to the settlement agreement (the "Settlement Agreement") that is the basis for Athena's breach of contract claim in the above-captioned action.
> The Persons identified in Schedule 1 are a complete list.

The statement, "the relevant time frame is January 1, 2019 to the present" does not treat Athena's definitions correctly. It reads, "These interrogatories only seek knowledge from January 1, 2019, to the present …." If Defendants had inventory before then, the inventory would have existed during 2019. Defendants thus conceded nothing including any inventory they had before January 1, 2019, is relevant. Defendants cannot raise the inventory issue now.

Athena sought documents from defendants verifying their sales and noticed a Rule 30(b)(6) deposition under AMN and Rule 30(b)(1) of AMN through its CEO Newman, see Harris Decl. Ex. C.  Defendants have produced almost no documents and no books and records. They objected to all Athena's first document requests (Ex. D is defendants' response). Requests include:

> **Request No. 5**: All communications including emails and letters with all suppliers or potential suppliers of Athena Goods.
>
> **Response**: AMN objects to this Request on the grounds that it fails to identify the information sought with reasonable particularity and is over-broad, vague and ambiguous. AMN further objects on the ground that the Request seeks discovery on a *matter not relevant to any party's claim or defense* and not proportional to the needs.…

Harris Decl. Ex. D, pp. 9–11 (emphasis added). Defendants' response concedes communications with "suppliers or potential suppliers" including any that show their suppliers provided pre-2019 inventory, are irrelevant. Since defendants assert the communications are irrelevant, they should not be permitted to introduce evidence or present argument about any pre-2019 inventory.

Athena tried three times unsuccessfully to depose defendants' Rule 30(b)(6) witness, but defendants did not attend the first time, and they interposed last-minute objects to the second and third attempts. Finally, Athena noticed Moishe Newman's deposition under Rule 30(b)(1) as an officer of defendant AMN and set the deposition on October 28. Harris Ex. C. He did not move for a protective order; he just did not attend. Harris Decl. ¶ 7. Athena noticed it as a live deposition in its attorney's office because defense counsel Mr. Voss insisted on live depositions.

After Athena noticed the October 28 deposition, Mr. Voss said he had a two-week trial in Los Angeles Superior Court starting October 18, but he did not ask to postpone the deposition into November. He neither served objections nor moved for a

protective order. Neither witness Newman, Mr. Voss, nor another attorney from Mr. Voss's firm appeared.

Defendants first document production finally occurred August 24, 2021, but they are incomplete and useless documents. Harris Decl. Ex. E (first five pages only). Those pages are copies from an eBay order of Athena's REVITALASH with names redacted. Only the first page has the buyer's name but no other contact information. The last four pages contain eBay advertising. The production is irrelevant to the issue of inventory of Athena-branded products before 2019.

C.  **ARGUMENT**

    1.  **Ms. Felix should be permitted to testify defendants had no inventory before 2019 of Athena's current packaging.**

Athena appreciates the Court wanting to avoid mixing evidence about packaging with the second phase of trial on counterfeiting. Athena believes it can prepare the witness to avoid reference to counterfeiting. Athena does not intend to ask her whether the packaging is counterfeit, only whether she bought any products from defendants or received the products turned over to Athena with packaging like old-style Athena-branded packaging.

    2.  **Another option: a jury instruction that defendants had no inventory before January 1, 2019.**

Because defendants produced no evidence of pre-2019 evidence, the court can inform the jury that defendants had no pre-2019 inventory.

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

* * *

(B) may inform the jury of the party's failure….

FED. R. CIV. P. 37(c)(1). *See also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (Court excluded expert testimony because party did not file a Rule 26 expert report and noting sanction is "self-executing," "automatic" and "provides a strong inducement for disclosure of material...." FED. R. CIV. P. Advisory Committee's Note (1993)).

### 3. Defense counsel also should be prohibited from mentioning pre-2019 inventory.

Prohibiting introduction of evidence of pre-2019 inventory, which probably does not exist, is insufficient. Defendants' attorney should be prohibited from alluding to the possibility the inventory existed. That argument can confuse the jury into thinking defendants' going business must have had an inventory before 2019. But even if it had an inventory, it did not necessarily contain Athena-branded products.

Allowing defense counsel to argue about any such inventory also rewards defendants' incomplete initial disclosures, their improper written discovery responses, refusal to produce documents showing products supplied before 2019 for inventory, and their failure to attend properly noticed depositions.

### D. CONCLUSION

Plaintiff Athena requests that the Court grant the motion in limine, allow Ms. Felix to testify defendants had no pre-2019 inventory, instruct the jury no such inventory existed, and prohibit defendants from presenting any evidence or argument of pre-2019 Athena-branded inventory.

May 4, 2022

/s/ *Michael Harris*
Michael D. Harris
SoCal IP Law Group LLP

Attorneys for Plaintiff Athena Cosmetics, Inc.