Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Dan Lawton, No. 127342 dlawton@klinedinstlaw.com
Klinedinst
777 South Figueroa St., Suite 4000
Los Angeles, California 90017
Phone: (619) 239-8131 • Fax: (619) 238-8707

Edward D. Chapin, No. 53287
echapin@sanfordheisler.com
Sanford Heisler Sharp, LLP
2550 Fifth Avenue, 11th Floor
Phone: (619) 577-4253 • Fax: (619) 577-4250
San Diego, CA 92103

Attorneys for Plaintiff Athena Cosmetics, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| Athena Cosmetics, Inc., <br><br> Plaintiff, <br><br> v. <br><br> AMN Distribution Inc., et al, <br><br> Defendants. | No. 2:20-cv-05526-SVW-SHK <br><br> Declaration of Michael Harris in Support of Motion In Limine to Exclude Evidence and Argument of Defendants' pre-2019 Inventory <br><br> Pretrial Conference: May 9, 2022 <br> Time: 3:00 p.m. <br> Trial Date: May 10, 2022 <br> Judge: Wilson |

I, Michael Harris, declare:

1. I am an attorney for plaintiff Athena Cosmetics, Inc (Athena) and a member of the State Bar of California and of this Court. I am a partner in SoCal IP Law Group LLP (SoCal IP), plaintiff's attorneys. I am over the age of 18. If called as a witness, I could and would competently testify to the matters stated in this declaration. I submit this declaration supporting plaintiff Athena's Motion In Limine to Exclude Evidence and Argument of Defendants' pre-2019 Inventory.

2. Defendants agreed in the 2020 settlement agreement to produce two schedules of its Athena-branded products. Schedule 1 had to include contact information and quantities defendants received form their suppliers of their Athena-branded products during 2019. Schedule 2 is similar, but instead of information and quantities of defendants' suppliers, the schedule had to cover defendants' customers, again during 2019.

3. Athena anticipates showing defendants' breach of the agreement because Schedule 2's sales are about 50% greater than Schedule 1's purchases. At the first trial, defendants' attorney, David Voss, argued because the data from the schedules was limited to 2019 purchases and sales, they did not include pre-2019 inventory. But defendants introduced no supporting evidence.

4. Exhibit A is a copy of defendants' Rule 26(a)(1) initial disclosures.

5. Exhibit B is a copy of defendants' responses to plaintiff's request for production of documents. The motion in limine quotes from Request No. 4 and defendants' response.

6. Exhibit C is a copy of defendants' notice for deposition of Moishe Newman's under Rule 30(b)(1) as an officer of defendant AMN.

7. After Athena noticed the deposition, Mr. Voss said he had a two-week trial in Los Angeles Superior Court starting October 18, but he did not ask to postpone the deposition into November though I offered to change the date. Defendants served no objections and filed no protective order motion. Neither witness Newman, Mr. Voss, nor another attorney from Mr. Voss's firm appeared.

8. Exhibit D is a copy of defendants' response to Athena's request for production of documents.

9. Exhibit E is a copy of the first five pages of Defendants' only document production, which occurred August 24, 2021.

10. I have tried to obtain books and records from defendants verifying their purchase and sales. Defendants objected to all discovery and produced no documents until August 24, 2021, as discussed in paragraph 8, above.

11. I tried to meet with defense counsel David Voss under L.R. 7-3. I emailed defendants' attorney on April 26 to confer on this motion. The email suggested meeting April 29. Mr. Voss responded on May 2 when he said he returned to his office and suggested meeting on May 3 at 11:00. I set up a Zoom schedule for Tuesday, May 3, but Mr. Voss emailed me at about ten minutes after the scheduled start saying he was in a meeting with a client. I suggested moving the meeting to 11:30 or during that afternoon. Mr. Voss did not respond until late in the day when he suggested a meeting by telephone on Thursday because Mr. Voss was not available on Wednesday.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

May 4, 2022                             /s/ *Michael Harris*
                                        Michael Harris