DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman and
AMN Distribution, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC.,<br><br>Plaintiff<br><br>v.<br><br>AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE,<br><br>Defendants | Case No. 2:20-cv-05526-SVW-SHK<br><br>**OPPOSITION TO MOTION IN LIMINE AND DECLARATION OF DAVID C. VOSS, JR. IN OPPOSITION**<br><br>PTC:   None Set<br>Trial:  None Set<br>Place: Courtroom 10A<br>          First Street Courthouse<br>          350 W. 1st Street, 10th Floor,<br>          Los Angeles, California 90012 |

Defendants hereby submit that the arguments raised by Plaintiff in support of their Motion in Limine to Exclude Evidence and Argument of Defendants' pre-2019 Inventory are not well taken as may also be seen from the Declaration of David C. Voss, Jr. which is a part hereof and seek order of the Court enforcing its prior ruling on Defendants' Motion in Limine #2.

## **SUMMARY**

1) The Settlement Agreement did not require Plaintiff to disclose any information about units of inventory on hand at any time rendering the attempt to argue inventory discrepancy as a basis for breach of contract both irrelevant and incomplete.

2) Plaintiff improperly raised its inventory discrepancy issue at trial which was not disclosed in the First Amended Complaint, Pre-Trial disclosures or in Plaintiff's Trial Brief.

3) Plaintiff did not disclose ANY issues it intended to raise at trial in response to contention interrogatories and requests for admissions.

4) In the Court's Trial Preparation Order, Plaintiffs the Court already concluded that Plaintiff's claims of withholding discovery are "simply speculation" and granted Defendants' Motion in Limine #2 prohibiting expansion of breach of contract claims beyond those alleged in the First Amended Complaint.

5) Plaintiff continues to mischaracterize discovery compliance by Defendants including in particular that all but one of Defendants objections were sustained by Magistrate Kewalramani as proper and that Athena represented there were no further discovery disputes despite raising them all over again by way of this motion.

OPPOSITION AND DECL OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

### ARGUMENT

1) **The Settlement Agreement did not require Plaintiff to disclose any information about units of inventory on hand at any time rendering the attempt to argue inventory discrepancy as a basis for breach of contract both irrelevant and incomplete.**

Plaintiff seeks to force Defendant to prove the negative with information that was not required by the terms of the subject of the Settlement Agreement. By its terms, Schedules 1 and 2 were time limited to purchases and sales respectively for the period January 1, 2019 to December 31, 2019. That was the sum total of all information AMN was required to provide. No information was required to be provided providing detail about inventory on hand. No information was required to be provided on purchases, sales or inventory for before or after this period. The Agreement makes no effort to quantify quantity on hand at any time, indeed at the closest only noting that "Some Athena cosmetics marks remain in AMN's possession." The Agreement is devoid of any duty for AMN to make representations about inventory that could be an alleged breach.

Plaintiff now wants to make use of an incomplete hypothetical to conclusively establish that they did not get all the units of inventory still in AMN's possession at the time it was shipped to Athena _after_ execution of the Settlement Agreement. That in itself presents a hurdle Plaintiff cannot surmount because the Settlement Agreement was executed by AMN on April 30, 2019 and by its terms required delivery of remaining inventory within 30 days thereafter - five months after the information Plaintiff relies upon in the Schedules!

Plaintiff's hypothethical has no facts to establish inventory on hand before start of the reporting period in the schedules of January 1, 2019, no information on inventory on

OPPOSITION AND DECL OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

hand at the time of the execution of the settlement agreement on April 30, 2019 (or indeed at any time at all) and no information on how many units were bought or sold between the end of the reporting period and the May 2020 conveyance of remaining inventory.

Plaintiff's own motion belies the problems with their incomplete hypothetical and relies upon argument that is mere speculation such as "...pre-2019 inventory, which probably does not exist..." and "...alluding to the possibility that inventory existed..." These statements are not evidence but rather mere conjecture and so unlikely as to be absurd. The Plaintiff would have the Court accept as some kind of implied fact that a going concern selling thousands of units a year simply had no inventory coming into the year.

Plaintiff has not even offered any explanation why it failed to ask for any such information in a settlement agreement drafted by it and in which it was represented by counsel but now tries to contend this was material information critical to settling with not one piece of evidence showing that Plaintiff so much as asked. It was enough for Plaintiff to sign the Settlement Agreement with the mere recitation that "some" was still in AMN's possession.

This inventory discrepancy issue simply not what this case was ever about and is not even mentioned in the original complaint filed nor the First Amended Complaint. It is a red herring for which Plaintiff should not be given any of the relief it seeks by way of this motion in limine. Plaintiff fails to provide prima facie evidence to support such a claim by means of an incomplete hypothetical and then insists it be preordained the winner of the claim because Defendants failed to provide information they were never required to provide by the Settlement Agreement in the first place.

- 4 -

2) **Plaintiff improperly raised the inventory discrepancy issue at trial which was not disclosed in the First Amended Complaint, Pre-Trial disclosures or even in Plaintiff's Trial Brief**

Plaintiff did not disclose the intent to make any argument about disparities in inventory during the pretrial process a such making this an argument through trial by ambush. There is not one word about a claim for breach of contract based on inventory discrepancy even so much as mentioned in Plaintiff's Memorandum of Contentions of Law and Fact [Dkt. #138 p.5, ln.16 - p.6, ln.26] or even in Plaintiff's Trial Brief [Dkt. #164]

In the Memorandum of Contention of Law and Fact, Plaintiff vaguely alleged only that:

> "Defendants failed to do something that the contract required it to do [or] Defendants did something the contract prohibited it from doing"
>
> [Dkt. #138 p.5, lns.21-23]

The "Summary of Key Facts" cited by Plaintiff says nothing at all about any issue regarding inventory:

> "Summary of Key Facts: AMN entered into an April 29-30, 2020, agreement with Athena for AMN to provide Schedules 1 and 2 that contain "full and complete contact information and the amount of product purchased from each seller and sold to each customer. Schedules 1 and 2 are incomplete, inaccurate and provide suppliers' and customers' usernames instead of their full and complete contact information. Under the agreement, Defendants agreed they and their related persons would be "permanently enjoined and restrained from ever: purchasing, buying, obtaining, procuring, manufacturing, warehousing, producing, importing, distributing. circulating, selling, delivering, marketing, offering for sale,

- 5 -

advertising, promoting, displaying or otherwise using any goods or products with the Athena Cosmetics Mark …" Defendants continued to do the acts from which they agreed to be restrained. Even now, posts to various ecommerce platforms such as Walmart and eBay still have advertisements for REVITALASH that use Athena trademarks on them. In exchange for correct information from AMN and the ceasing of infringement and counterfeiting, Athena relinquished the ability to obtain substantial actual and statutory damages from Defendants."

[Dkt. #138, p.6, lns.1-17]

Nonetheless, Plaintiff is now seeking to use evidence it did not identify, and which Defendants believe is nothing more than a backdoor attempt to put "counterfeiting" into the first phase of trial in violation of this Court's Pretrial Order. At no time was any disclosure made by Plaintiff that packaging information or inventory discrepancy calculations were "Key Evidence" which Plaintiff intended to introduce at trial. Defendants did were not put on notice that they needed to disclose related defenses.

Plaintiff submitted the following as the only "Key Evidence" identified in its Memorandum of Law and Fact:

"• A copy of the executed contracts with Schedules 1 and 2 showing Defendants violated terms of settlement agreement and provide identity and contact information of who supplied them with counterfeit goods.

• Business Records of Walmart Showing Defendant's Sales Listings of Athena's goods after the agreement effective date, in breach.

• Business records of Walmart

• Business records of PayPal

• Business records of eBay

- 6 -

1

2

  • Deposition testimony of document custodians of PayPal, eBay and Walmart
  authenticating their companies' business records.'"'

  [Dkt. #138, p.6, ln.18 - p.7, ln.2]

3

4

5   Not one word about packaging or inventory discrepancies in the Key Evidence.  Put

6   simply, during written discovery (discussed more fully hereinbelow) and prior to the

7   filings pursuant to Rules 16 and 26 in this matter Plaintiff did not put Defendant on notice

8   that inventory discrepancy would be a trial issue.  Having failed to even mention the

9   issue, Plaintiff comes now seeking to not only advance the issue but to deny Defendants

10  the right to so much as respond or argue the issue – because Plaintiff contends Defendant

11  did not raise a defense to the issue in its Rule 26 disclosures for which it had no notice.

12

13  It should also be noted that the Rule 16 documents filed by each side were unilateral due

14  to unprofessional conduct by Ms. Lang as noted in the email to Plaintiff's counsel dated

15  September 29, 2021 and attached to the Declaration of David C. Voss, Jr. hereinbelow as

16  Exhibit C.  In that email Plaintiff was advised that:

17

18  "I must note at the outset that Plaintiff has failed to identify witnesses, documents

19  or facts in support (contention interrogatories) of its claims in response to

20  discovery nor supplement same pursuant to Rule 26 as of this moment.  Pursuant to

21  L.R.16-2.8 in particular we are entitled to have Plaintiff "disclose to every party

22  which of the party's claims and defenses the party plans to pursue, together with

23  the party's contentions regarding the applicable facts and law."  **I fully expect**

24  **Plaintiff will at a minimum comply with L.R. 16-2.2, 16-2.3, 16-2.4 and 16-2.8**

25  **in particular before the end of the day or you can expect to see a Motion to**

26  **Preclude Evidence at time of trial.  Defendants has the right to know what**

27  **facts the Plaintiff has to support its contentions.  Trial by ambush is**

28  **unacceptable.'** [Exhibit C, p.1, Emphasis in Original]

And yet Trial by Ambush is exactly what occurred with not one mention of this claimed basis for breach of contract before the Pretrial Conference.  It is truly astounding that Plaintiff argues in support of the instant Motion in Limine that to deny the motion "rewards defendant's incomplete initial disclosures…" [Dkt. #235, p.6, lns.11,12.] when Plaintiff is the party that failed to identify facts or law relating to this inventory discrepancy issue.

**Indeed, Defendants believe that if anything it is Plaintiff that should be estopped from making any claim about inventory discrepancy because of their willful failure to disclose the issue as required by Rule 16 and failure to disclose any intended claim at all in response to contention interrogatories.** ***Even more to the point, Plaintiff did not raise this inventory discrepancy as part of its Trial Brief!***

In support of Defendants' position that Plaintiff should be estopped from even raising the inventory discrepancy issue it must be strongly noted that **even Plaintiff's Trial Brief itself fails to advance the inventory discrepancy issue**, to wit:

> "C. Conclusion   Defendants sold Athena counterfeits. When Athena discovered the counterfeits, it sought to find the counterfeits' manufacturer. Defendants knew the manufacturer's identity, so defendants struck a deal with Athena: Defendants, you tell us the identities of your suppliers, the suppliers' contact information, the amount of product you bought from each, the identity of your customers, agree to never sell Athena legitimate of counterfeit product and pay Athena a nominal sun, $25,000, to compensate Athena for having to investigate your business, and in exchange, Athena will release past liability. But after the parties signed the agreement on these issues, defendants provided inaccurate and incomplete lists of its suppliers and customers and the amount bought form each supplier and sold to

- 8 -

OPPOSITION AND DECL OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

each customer. They also continued selling counterfeits. Those acts breached the April 2020 Agreement and makes them liable for infringement and counterfeiting." [Dkt. #164, p.9, lns.9-21]

**With trial just a week away, Defendants expected to see these issues raised at trial as filed by Plaintiff on November 9, 2021. No mention of inventory discrepancy.**

In stark contrast, to Plaintiff's Defendants' Memorandum of Contentions of Law and Fact [Dkt. #141] observed that:

> "Defendants' counsel repeatedly attempted to meet and confer with counsel for plaintiff Athena Cosmetics, Inc. ("Athena" or "Plaintiff") in advance of the pre-trial conference to discuss the items set forth in Local Rule 16-2. During the first attempt, Plaintiff's counsel behaved unprofessionally and used profanity. Consequently, Defendant's counsel provided a draft of the information required under Local Rule 16-2 to Plaintiff's counsel in an e-mail dated September 29, 2021. Despite repeated requests by Defendants' counsel, Athena's counsel then refused to participate in the process and discuss, provide and/or exchange the information specified in Local Rule 16-2. Thus, **Defendants have had to prepare the attached list without knowledge of, among other things: (1) the claims that Plaintiff intends to pursue; (2) Plaintiff's contentions of law and fact with respect to the same**; (3) facts to which Plaintiff will stipulate; (4) witnesses that Plaintiff intends to call at trial; and (5) exhibits that Plaintiff intends to introduce at trial." [Dkt #141, p.1, Emphasis added]

Defendants then set for their understanding of the trial issues based on the First Amended Complaint [Dkt #73] and in part on Plaintiff's own argument filed in response to the

-9-

12(b)(6) motion (granted in part and denied in part) stating the Summary of Claim as follows:

> "**1. Summary of claim** Plaintiff alleges that Defendants breached a settlement agreement executed by Plaintiff and Defendants on April 29 and 30, 2020 (the "Settlement Agreement"). Specifically, Plaintiff alleges that: (a) AMN breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers; [FAC (Dkt. 73), ¶ 91]; and (b) both Defendants breached the settlement agreement by continuing to sell Athena counterfeit goods after the effective date of the Settlement Agreement. [FAC (Dkt. 73), ¶ 92]. *Plaintiff has not alleged any other breaches of the Settlement Agreement.*" [Dkt. #141, p.1, ln.23 - p2. ln.6 *Emphasis in original.*]

Plaintiff never mentioned word one about this inventory discrepancy claim and yet it even goes so far as to argue that it should be entitled to a jury instruction on the issue as though this Motion in Limine was a Motion for Summary Adjudication!  Are Defendants expected to be clairvoyant?

3) **Plaintiff did not disclose ANY issues it intended to raise at trial in response to contention interrogatories and requests for admissions.**

Defendants served contention Interrogatories and Requests for Admission on Plaintiff but received no substantive response – just objections – as may be seen in the correspondence between counsel attached by the Voss Declaration hereinbelow as Exhibit B.  On October 8, 2021 counsel for Plaintiff was provided an extensive detailed meet and confer letter that in small part stated that:

> "Regrettably, your client failed to provide substantive responses to any of the interrogatories, which consisted of perfectly proper contention interrogatories

OPPOSITION AND DECL OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

relating to the facts, documents, and witnesses underlying Athena's breach of contract claim." [Exhibit B, p.1]  It went on to note that although Athena denied each and every Request for Admission, it did not provide ANY facts upon which it based its response to ANY of the 10 denials of Request for Admissions. [Exhibit B, p.6]

4) **In the Court's Trial Preparation Order, Plaintiffs the Court already concluded that Plaintiff's claims of withholding discovery are "simply speculation" and granted Defendants' Motion in Limine #2 prohibiting expansion of breach of contract claims beyond those alleged in the First Amended Complaint.**

In ruling on the parties' Motions in Limine, this Court was already resolved these same specious claims regarding inadequate discovery and made the following relevant rulings:

Ruling Denying Plaintiff's Motion in Limine to Exclude Newman's Testimony:

"The Court is also not persuaded by Plaintiff's argument that deposition of Newman was essential to inquire about AMN's lack of documents and summary records so that it could "obtain, organize, and study" prior to trial any such documents Newman admitted to exist. In the Court's view, Defendants have reiterated that they have turned over all relevant documents responsive to Plaintiff's requests. Plaintiff's assertion that "Defendants must be withholding documents" because Plaintiff expected them to have more records and sales summaries is simply speculation. A claim of withholding discovery that is backed by nothing more than conjecture is not sufficient reason to preclude testimony of Defendants' key witness." [Trial Preparation Order, Dkt. #179, p.2]

Ruling Granting in Limited Respect Defendants' Motion in Limine #2 to Exclude Any
Evidence, Testimony or Argument as to Breaches of Contract Not Pled in the First
Amended Complaint:

"Accordingly, the Court concludes that Defendants would be prejudiced if, at trial,
Plaintiff raised a completely new theory of breach unrelated the pleadings because
Defendants would have had no notice or opportunity to prepare a defense. For
example, Plaintiff may not suddenly raise the argument that Defendants failed to
pay the $25,000 owed under the Settlement or that Defendants acted not just as
sellers but also as manufacturers of counterfeit products - theories that have never
before been raised.

But to the extent that Defendants try to draw some fine distinction between making
*actual* sales of Athena product and merely *offering* Athena product for sale - so as
to argue that only the former was pleaded and evidence of the latter must be
excluded - the Court rejects such hair-splitting. The FAC's allegation that
Defendants "continu[ed] to sell" Athena goods is more than enough to put
Defendants on notice of the general nature of the allegations against them. The
contention that an entity sold a good clearly implies incidental activities such as
marketing and delivering the good. And "delivering, marketing, [or] offering for
sale" Athena goods would violate the same provision of the Settlement Agreement
as actually making a sale. Thus, arguments or evidence as to this related conduct is
fairly encompassed within the FAC's allegation and Defendants would not be
prejudiced by their presentation to the jury." [Trial Preparation Order, Dkt. #179,
p.4]

Yet, this is precisely what Plaintiff did.  As discussed above, Plaintiff violated the ruling
in favor of Plaintiff by advancing this inventory discrepancy theory which was not
alleged in the First Amended Complaint. Nor did it disclose its theory in discovery or

- 12 -

Pretrial Disclosures.  This is entirely different than the "limited respect" granted by the Court to permit argument of advertising as *offering* for sale vs. *actual* sales and is an impermissible expansion of Plaintiff's alleged breaches of contract as alleged in the First Amended Complaint in violation of the ruling granting Defendants' Motion in Limine #2.

Plaintiff comes now to essentially reargue the Motion in Limine it previously lost.  The current MIL basically argues that because of discovery issues it should be granted additional sanctions against Defendants in the form of evidentiary sanctions on the inventory discrepancy theory.  But this Court already determined that Plaintiff's claims of discovery failures were without merit with exception of the September 28 depo for which it granted monetary sanctions as adequate "punishment to fit the crime".  [See Trial Preparation Order, Dkt. #179, p.2]

Defendants further note the *materiality* of a mere offering for sale without an actual sale is critical to determining whether Plaintiff has proved *material* breach as a required element of excuse of performance.

5) **Plaintiff continues to mischaracterize discovery compliance by Defendants including in particular that all but one of Defendants objections were sustained by Magistrate Kewalramani as proper and that Athena represented there were no further discovery disputes despite raising them all over again by way of this motion.**

Plaintiff has apparent amnesia about the discovery process in this matter and surprisingly fails to advise the Court that Plaintiff brought every argument about discovery responses it now attempts to relitigate before the Magistrate Judge as part of an extensive Informal Discovery Conference.  Indeed, Plaintiff pins its argument for the Motion in Limine on

OPPOSITION AND DECL OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

the theory that Defendants refused to provide discovery – an argument already rejected

by the Court.  This attempted second bite at the apple should be summarily rejected.

As may be seen from Exhibit A, Plaintiff fails to disclose that Defendants made repeated

attempts for the conduct of <u>mutual depositions</u> and offered to proceed virtually and with

specific dates and times of availability - but that it was <u>Plaintiff that never so much as</u>

<u>even responded to the request for the offer nor did Plaintiff ever respond to any</u>

<u>opportunity to conduct its own client's deposition</u>.

As exhaustively detailed in the within Declaration of David C. Voss, Jr., after many hours

of discussion with the Magistrate Judge and numerous pleadings filed in argument over

discovery issues raised by Plaintiff, the outcome was this: Plaintiff's complaints about

Defendants Objections were rejected save one single minor clarification.  Almost 5000

pages of documents were provided. Defendants' objections were sustained as meritorious

or in many instances Plaintiff's counsel admitted that discovery was irrelevant, vague or

otherwise withdrawn and Mr. Harris ultimately advised the Magistrate Judge that

Plaintiff had no other discovery issues.

> "WHAT WE PRODUCED AS PART OF THE 4,700 PAGES OF DOCUMENTS
> THAT WE SENT ORDER  -- OVER WAS LITERALLY EVERY SINGLE
> ORDER, THE FULFILLMENT SHEET SHOWING THE CUSTOMER,
> EVEN THE UPS SHIPPING NUMBER."  [IDC, 9/8/2021 p.7, lns. 16-19.]

Plaintiff now makes the bald assertion that these thousands of documents are "useless and

incomplete" [Dkt. #235, p.5] notwithstanding accepting their production without further

objection before the Magistrate Judge.

Significantly, not once did Plaintiff articulate that discovery was relevant because of this

inventory disparity issue.  The issue was simply never raised as part of discovery.  The

OPPOSITION AND DECL OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

transcripts make no mention of any such claim even though Plaintiff now tries to twist discovery that says nothing about inventory on its face as though that was what it was about all along!

## **CONCLUSION**

As this Court stated in its Trial Preparation Order "A court may limit argument or evidence as to issues not raised in the pleadings when doing so would prejudice a party's ability to present its claim or defense. *See* Fed. R. Civ. P. 15(b)." [Dkt. #179 p.3]

Defendants are particularly struck by the irony of Plaintiff's accusation of rewarding Defendants when it is the Plaintiff seeking to take advantage of a new trial occasioned by its own actions of counsel to try to reframe their case in the 13th hour and fashion a Motion in Limine into a de facto Motion for Summary Judgment. Defendants assert that there could be no more prejudicial outcome than to force them to defend a claim the Plaintiff failed to assert in its pleadings or even disclose up to the week before trial.

Defendants hereby request that the Court deny Plaintiff's Motion in Limine and instead order that any presentation to the jury of the "inventory discrepancy issue" be precluded at trial as violative of the Court's prior ruling on Defendants' Motion in Limine #2 to exclude any evidence, testimony, or argument as to breaches of contract not pleaded in the First Amended Complaint (with limited exception of offering v. actual sale).

Respectfully Submitted,

David C. Voss, Jr.

- 15 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OPPOSITION AND DECL OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OPPOSITION AND DECL OF DAVID C. VOSS, JR. IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

## DECLARATION OF DAVID C. VOSS, JR.

I, David C. Voss, Jr., declare:

1.     I am an attorney, duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California.  I am the managing partner of the law firm of Voss, Silverman & Braybrooke LLP, counsel for defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" and collectively, "Defendants.")  As lead trial counsel for Defendants in this matter, I am familiar with the pleadings and files in this matter, including the initial disclosures and discovery exchanged by the parties. Unless otherwise stated, I have personal knowledge of the facts set forth herein which I know to be true and correct and, if called as a witness, I could and would competently testify with respect thereto.

2.     I submit this declaration in opposition to the Motion in Limine to Exclude Evidence and Argument of Defendants' pre-2019 Inventory filed by plaintiff Athena Cosmetics' Inc. ("Athena" or "Plaintiff").

3.     Exhibits A, B and C attached hereto are true and correct copies of correspondence by and between counsel in this matter on the dates indicated thereon.

4.     Defendants made repeated efforts to *mutually* schedule our clients' depositions before trial; to wit:

    a. On October 12, I offered the deposition of Mark Newman "on a mutually agreeable time and date in advance of trial in this matter which works around the 17 hour time difference and Mr. Newman's observation of the Sabbath. (Generally this means Monday through Thursday at 3pm and reminder I am trying to move my other trial.)

    b. On October 13, we telephonically discussed my written proposal for mutual 30(b)(6) depos and you said you would get back to me after speaking with Ms. Lang.

    c. On October 19, I repeated my offer: *** **We have no response at all from you on our proposal for mutual 30(b)(6) depositions which was sent to you a week ago last Tuesday October 12.  When we spoke *after* I sent that to you , you said you would get back to me, but I have heard nothing in reply.**

d. On October 25 I sent a follow up email demonstrating my repeated efforts to get Mr. Harris to respond to arranging these depositions including my statement that <mark>"I have had ZERO response to my written proposal for moving forward with the 30(b)(6) depositions before trial which I sent to you almost two weeks ago."</mark> Highlight in original. I again asked for a response: "Clearly you are ignoring my email sent to you on Tuesday, October 20 to which I received no reply""

e. And finally on October 29, 2021 I stated that: <mark>"Four times now I have written to you proposing the deposition of Mark Newman and agreed it be virtual but need to accommodate the time difference with Australia.</mark> And in that same email I asked "Likewise, when are you and your client available for the 30(b)(6) of Athena? Please provide dates so that I may notice same." See attached Exhibit "A", highlight in original.

5.     I also point out that the issue raised in paragraph 3 hereinabove regarding Plaintiff's failure to provide answers to interrogatories was extensively detailed and is the basis for Defendants' intended motion in limine to exclude evidence together with Plaintiff's failure to comply with the disclosure requirements of Local Rule 16.

6.     Counsel misrepresents that there are two 30(b)(6) motions for which Defendant failed to show up. The true facts are set forth in my email attached as Exhibit "A'; to wit:

"Your statement that this is the third time he did not show ignores the fact that ***on the prior occasions Magistrate Judge Kewalramani ruled that there was no proper service of the notice of deposition.*** We have NOT failed to show for a properly noticed 30(b)(6)! Reminder – your words on September 3, 2021 – **"I am delaying taking a Rule 30(b)(6) deposition on AMN until I have more documents from defendants."** Declaration of Michael Harris Supporting Opposition to Defendants Motion to Bifurcate Discovery p.2, lns. 18-19 Dkt # 107-1. We did not make you delay and we are not responsible for the failure to properly serve any other prior attempts many months ago. This was your decision and your decision alone."

7.     Athena contends that Defendants objected to its Request for Production of Documents and that "Defendants produced almost no documents." Again, Athena fails to advise the court that those discovery issues were resolved by Magistrate Judge Kewalramani and that it was provided almost 5000 pages of documents and has over 15000 pages of third party documents for which Defendants made not one single objection.

8.     On July 28, 2021, the Magistrate Judge "...discussed each interrogatory and responses at issue..." (Dkt. #96) the result of which was that Defendants made one minor addition to a single interrogatory answer and provided almost 5000 pages of documents responsive to the Request for Production of Documents after the Magistrate Judge upheld numerous objections to same and counsel further met and conferred on remaining disputes.

9.     Contrary to Athena's contentions, during the final Informal Discovery Hearing before the Magistrate Judge on September 8, 2021 (Dkt. #110) we noted to the Magistrate Judge that:

> "WHAT WE PRODUCED AS PART OF THE 4,700 PAGES OF DOCUMENTS THAT WE SENT ORDER -- OVER WAS LITERALLY EVERY SINGLE ORDER, THE FULFILLMENT SHEET SHOWING THE CUSTOMER, EVEN THE UPS SHIPPING NUMBER."

Transcript of IDH dated 9/8/2021 p.7, lns. 16-19.

10.     At the conclusion of the final Informal Discovery Hearing before the Magistrate Judge on September 8, 2021 (Dkt. #110) **Plaintiff had no further discovery disputes to be resolved with the assistance of the Magistrate Judge**; to wit:

> "THE COURT: WELL -- WELL, IT SOUNDS LIKE -- MR. HARRIS, IT SOUNDS LIKE MR. VOSS IS REPRESENTING EXCEPT FOR TEXT MESSAGES THEY'VE SEARCHED ALL THEIR ELECTRONIC DATABASES FOR MATERIALS THAT ARE BEING SOUGHT PURSUANT TO THE RFPS AND INTERROGATORIES.
>
> MR. HARRIS: THAT'S WHAT HE -- THAT IS WHAT HE'S SAYING

NOW.

        ONE OF --- ONE OF THE ISSUES THOUGH IS THESE DOCUMENTS THAT HE

PRODUCED LAST WEEK OR TWO WEEKS AGO SAY WHAT -- WHAT RFP IT WAS ABOUT.

AND I DON'T KNOW WHAT IT IS ABOUT.

        IF HE'S SAYING IT'S EVERYTHING THAT THEY HAVE, THEN, OKAY, IT'S

EVERYTHING THAT THEY HAVE

        THE COURT:  OKAY.

        SO, WHAT DO YOU NEED FROM ME TODAY THEN, MR. HARRIS? MR.

        HARRIS: I -- IF -- AS I JUST SAID, IF I HAVE A REPRESENTATION THAT IT'S

        EVERYTHING THAT THEY HAVE, THEN, THAT'S FINE.

THE COURT: MR. HARRIS -- MR. HARRIS, YOU'VE HEARD WHAT I HEARD.

        WHAT DO YOU WANT FROM ME TODAY THEN, SIR?

MR. HARRIS: NOTHING ELSE, YOUR HONOR.

THE COURT:  OKAY.  I THINK WE'VE GOT THIS RESOLVED THEN."

Transcript of Status Conference dated 9/10/2021 p.13-14, lns. 5-2.


    11.    I declare under penalty of perjury under the laws of the United States that
the foregoing is true and correct.

    Executed on May 13, 2022, in Marina Del Rey, California.


                                DAVID C. VOSS, JR.

**David Voss**

| | |
|---|---|
| **From:** | David Voss |
| **Sent:** | Friday, October 29, 2021 4:04 PM |
| **To:** | Michael Harris |
| **Cc:** | Marina Lang; Anneliese Lomonaco; Maria Franco |
| **Subject:** | RE: Athena v. AMN A062.L20369 Moishe's Rule 30(b)(1) Deposition |

As I am now out of trial, I am available Monday, Tuesday, Wednesday or Thursday for both the call "about the ex parte motion" and to meet and confer on any all remaining issues to go to the Magistrate and make any and all other final arrangements before trial November 16.

Mr. Harris:

1) **Four times now I have written to you proposing the deposition of Mark Newman and agreed it be virtual but need to accommodate the time difference with Australia.** We even talked about it two weeks ago!

   a. On July 28, I wrote as follows:
      "In order to work around the 17 hour time difference and Mr. Newman's observation of the Sabbath, I propose the following dates and times available on my calendar:

      Thursday, August 12 commencing at 3pm
      Monday, August 16 commencing at 3pm
      Tuesday, August 17 commencing at 3pm

      As I discussed with you previously, I am leaving for a vacation headed out of the country for my 2d anniversary on Wednesday August 18 and returning to Los Angeles on the morning of Monday, August 30.

      Likewise, when are you and your client available for the 30(b)(6) of Athena?  Please provide dates so that I may notice same."

   b. On October 12, I offered the deposition of Mark Newman "on a mutually agreeable time and date in advance of trial in this matter which works around the 17 hour time difference and Mr. Newman's observation of the Sabbath. (Generally this means Monday through Thursday at 3pm and reminder I am trying to move my other trial.)

c. On October 13, we telephonically discussed my written proposal for mutual 30(b)(6) depos and you said you would get back to me after speaking with Ms. Lang.

d. On October 19, I repeated my offer: **\*\*\* We have no response at all from you on our proposal for mutual 30(b)(6) depositions which was sent to you a week ago last Tuesday October 12.  When we spoke *after* I sent that to you , you said you would get back to me, but I have heard nothing in reply.**

e. On October 25, I again asked for a response: "Clearly you are ignoring my email sent to you on Tuesday, October 20 to which I received no reply"

2) Your statement that this is the third time he did not show ignores the fact that *on the prior occasions Magistrate Judge Kewalramani ruled that there was no proper service of the notice of deposition.* We have NOT failed to show for a properly noticed 30(b)(6)! Reminder – your words on September 3, 2021 – **"I am delaying taking a Rule 30(b)(6) deposition on AMN until I have more documents from defendants."** <u>Declaration of Michael Harris Supporting Opposition to Defendants Motion to Bifurcate Discovery</u> p.2, lns. 18-19 Dkt # 107-1.  We did not make you delay and we are not responsible for the failure to properly serve any other prior attempts many months ago.  This was your decision and your decision alone.

3) **I have been unavailable due to jury trial in Long Beach for the past two weeks (now completed).** *This was made known to you well in advance.* On October 12, I told you: "FYI, We received notice from the court's clerk that the Court in Long Beach rescheduled our trial to proceed on Monday, October 18, 2021!" On September 29, I wrote: "I remind your firm again that I am in trial next week for two weeks and would add that we are the oldest case on the calendar."

4) If you want to go ex parte on Motions in Limine, we can do one for Defendants while we are there!  On September 29, I wrote you in part: "I must note at the outset that Plaintiff has failed to identify witnesses, documents or facts in support (contention interrogatories) of its claims in response to discovery nor supplement same pursuant to Rule 26 as of this moment.  Pursuant to L.R.16-2.8 in particular we are entitled to have Plaintiff "disclose to every party which of the party's claims and defenses the party plans to pursue, together with the party's contentions regarding the applicable facts and law." **I fully expect Plaintiff will at a minimum comply with L.R. 16-2.2, 16-2.3, 16-2.4 and 16-2.8 in particular before the end of the day or you can expect to see a Motion to Preclude Evidence at time of trial.  Defendants has [sic] the right to know what facts**

**the Plaintiff has to support its contentions.  Trial by ambush is unacceptable."**

*You did not ever comply with the Local Rules and filed an incomplete and unilateral disclosure* for which you were repeatedly warned of Motion to Preclude per Rule 26.

5)  I just received your draft Pretrial Conference Order with your request for changes so it can be filed on Monday.  I will start on that this weekend and finish it up to get it back to you by close of business Monday as requested.

6)  On October 19, I had emailed you possible dates for virtual depos of ebay/Walmart/Groupon (Nov. 3+4).  You did not reply.  We can schedule those during our call.

7)  I do not see any change to our Jury Trial on the docket.  Did the clerk ever reply to your email?

I expect we will all be very busy getting the case ready for trial over the next two weeks.  PLEASE NOTE: I will be traveling to West Virginia on Friday next week.


Sincerely,
David Voss

David C. Voss Jr.
Attorney at Law

Marina Towers
4640 Admiralty Way, Suite 800
Marina del Rey, CA  90292
dave@vsbllp.com
(310) 306-0515T
(310) 306-5368F
www.vsbllp.com


**From:** Michael Harris <MHarris@socalip.com>
**Sent:** Thursday, October 28, 2021 5:16 PM
**To:** David Voss <David@vsbllp.com>
**Cc:** Marina Lang <mlang@socalipocal .com>; Anneliese Lomonaco <alomonaco@socalip.com>; Maria Franco <maria@vsbllp.com>
**Subject:** Athena v. AMN A062.L20369 Moishe's Rule 30(b)(1) Deposition

David,

Moishe Newman failed today to attend a properly notice deposition of AMN through its CEO Moishe Newman.

3

We intend to move ex parte (probably tomorrow) for permission to file a motion in limine to exclude
Mr. Newman from testifying at trial. I must call you about the ex parte motion. If you are in trial, email
me a convenient time to call.

This is the third time Mr. Newman did not show. The other times were Rule 30(b)(6) depositions. You
and Ronan did not object or move for a protective order for any of the three depositions.

The notice of deposition offered to have it virtual. We served it before you said your Long Beach trial
dates were firm, but no attorney can tell accurately how long a trial will take. I emailed you on October
26 asking if you and Moishe Newman would attend today and said we could be flexible with the date.
You didn't respond. Neither you nor anyone in your office told us to cancel the reporter with an offer
for a new date.

Michael D. Harris
SoCal IP Law Group LLP
310 N. Westlake Blvd., Ste. 120
Westlake Village, CA 91362-3788
 1332 Anacapa St., Suite 201
 Santa Barbara, CA 93101
Direct Phone (805) 497-3488
Office Phone (805) 230-1350
Fax (805) 230-1355
Cell (818) 590-5540
mharris@socalip.com
http://www.socalip.com

## David Voss

| | |
|---|---|
| **From:** | David Voss |
| **Sent:** | Friday, October 8, 2021 4:30 PM |
| **To:** | Michael Harris |
| **Cc:** | Marina Lang; Anneliese Lomonaco; Maria Franco |
| **Subject:** | RE: Athena v. AMN A062.L20369 - Discovery Disputes |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Dear Mr. Harris:

Per our conversation, I understand you are looking into a meeting on Monday for us all to meet on our respective discovery issues and completion of 16-2. Please advise.

You have asked me to detail the problems with your interrogatory responses in addition to that provided yesterday (see below).

Regrettably, *your client failed to provide substantive responses to any of the interrogatories*, which consisted entirely of perfectly proper contention interrogatories relating to the facts, documents, and witnesses underlying Athena's breach of contract claim. Almost nothing was changed by way of the Amended Responses to Interrogatories – certainly no substantive answers were included albeit some specious objections were deleted.

### INTERROGATORIES

AMN served a total of 24 narrowly focused contention interrogatories, the relevance of which is self-evident and can be summarized as follows:

- Interrogatories 1-12 seek the identification of facts and documents upon which Athena predicated certain allegations in it breach of settlement claims, along with the identity of witnesses with knowledge of the same.

- Interrogatories 13-15 seek information relating to damages sought by Athena's breach of settlement claim, including an explanation of damages, document that support the claim for damages, and an explanation of steps taken to mitigate damages.

- Interrogatories 16-24 merely seek the factual basis for any denial of the RFA's served concurrently with the Interrogatories.

### AMENDED RESPONSES TO INTERROGATORIES

Athena's response to Interrogatory #1 was:

"Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena produced non-privileged materials ascertained as of the date signed below sufficient to

Ex B

respond to this interrogatory consisting of information obtained from third-parties evidencing that AMN failed to truthfully disclose (1) "the full and complete contact information and the amount of product purchased from each seller" (2) "the full and complete contact information for each customer and the aggregate amount of product sold" and that AMN failed to cease trading in goods bearing the Athena Cosmetics Marks. Discovery is ongoing. Further discovery, including discovery requested and not yet received from the propounding party, and analysis may supply additional information."

Athena's responses to Interrogatories 2-9, 11, 12 consisted of an identical response; to wit:

"Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena produced non-privileged materials ascertained as of the date signed below sufficient to respond to this interrogatory. Discovery is ongoing. Further discovery, including discovery requested and not yet received from the propounding party, and analysis may supply additional information."

Athena's response to Interrogatory #10 was:

"Plaintiff objects to this interrogatory because this interrogatory is so broad, uncertain, and unintelligible that plaintiff cannot determine the nature of the information sought. Therefore, the plaintiff cannot provide an answer. Plaintiff further objects to this interrogatory to the extent it seeks information not within its possession, custody, control, or personal knowledge. Plaintiff further objects to this interrogatory to the extent it requests information that will not be known until the propounding party complies with Plaintiff's discovery requests and additional discovery is completed."

Athena's responses to Interrogatories 13-15 consisted of an identical response; to wit:

"Plaintiff objects to this interrogatory because it calls for the plaintiff to make a legal conclusion. Plaintiff further objects to this interrogatory to the extent it requests information that will not be known until after additional discovery is completed. Plaintiff further objects to the extent this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial."

Athena's responses to Interrogatories 16-24 *were not amended* and consisted of an identical response; to wit:

"Athena incorporates by reference its Preliminary Statement and each of the General Objections set forth above as if fully set forth herein. Athena objects to this request to the extent it seeks confidential or competitively sensitive information or information protected by the right to privacy of Athena or any third parties. Athena objects to this request to the extent it seeks disclosure of information solely in the possession of Defendants, which has been withheld from Athena, not produced, or not shared with Athena, or destroyed by Defendants subjecting Defendants to spoliation of evidence penalties. Athena objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege. Athena objects to this request to the extent it is overbroad and unduly burdensome. Athena objects to this request to the extent it seeks information that is equally available to Defendants from itself, other sources that are more convenient, less burdensome and/or less expensive, particularly to the extent the information sought is publicly available. Athena objects to this request to the extent that it seeks

Ex.B

information that is not relevant to any party's claim or defense or proportional to the needs of the case. Athena objects to this request to the extent it calls for a legal conclusion.

Without waiving any of the foregoing objections, Athena responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena will produce non-privileged materials, that it is able to locate after a reasonable search proportional to the needs of the case, sufficient to respond to this interrogatory. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional documents responsive to this request. This response is given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which this Responding Party may later recall. Responding Party accordingly reserves the right to change any and all of its response herein as additional facts are ascertained, analysis are made, legal research is completed and contentions are made. This response is made in a good faith effort to supply as much information as is presently known but should in no way prejudice Responding Party in relation to further discovery, research or analysis."

## DEFICIENCIES IN AMENDED RESPONSES TO INTERROGATORIES

AMN was forced to propound basic interrogatories concerning the damages purportedly arising from Athena's breach of contract claim because Athena has failed and continues to fail to provide such basic information in its initial disclosures under Rule 26. *Athena failed to identify a single witness, document, or facts in support of the key contentions and damages that underly its breach of settlement agreement claim!* Although this is consistent with the approach taken by Athena with respect to its initial disclosures, which were also woefully inadequate and defective, this "non-responsive" response is not authorized or condoned by the Federal Rules of Civil Procedure. In fact the only documents produced by Athena that identify the issues it believes to be in dispute are its Opposition to Motion for Summary Judgment and related Statement of Genuine Disputes of Material Facts (identifying only six factual disputes).

Rule 33d:

To the extent that Athena relies upon Rule 33(d) in its responses to Interrogatories #1-9, 11, 12 and 16-24, that reliance is misplaced. Rule 33(d) provides as follows:

(d) **Option to Produce Business Records**. If the answer to an interrogatory *may be determined* by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), *and if the burden of deriving or ascertaining the answer will be substantially the same for either party*, the responding party may answer by: (1) *specifying the records* that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries

The plain language of the foregoing rules makes it clear that it does not apply to the interrogatories at issue. *First,* the facts, documents, or witnesses that Athena intends to rely upon cannot be "determined" by reviewing documents. (Nor does the recitation in Response #1 of the generic allegations in the Complaint itself.) The only way that AMN can discover what *Athena's contentions* are if *Athena itself* identifies the facts, documents, witnesses and other discoverable information upon which it bases it allegations and contentions. The purpose of discovery is not to force AMN to speculate and guess as to those facts, witnessed, documents, amount of damages, cause of damages, etc., Athena has relied or intends to rely. *Second,* the "burden of deriving or ascertaining the answer" is not "substantially the same for either party" because, once again, AMN is forced to speculate as to the factual and legal

3

*ExB*

underpinnings of Athena's contentions and allegations.  *Third*, Athena's approach, if upheld by a Court, would essentially eliminate the well-established practice of using contention interrogatories as a vehicle for discovery. *Fourth,* even if approach were permissible, which AMN denies, Athena has failed to identify records to be reviewed "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."

By contrast, in its Statement of Genuine Disputes of Material Facts, with respect to Athena claims as disputed facts **_only the following items_** that appear to be directly responsive to contentions of inaccurate or incomplete information supplied in the schedules:

| Disputed Fact | Supporting Evidence |
|---|---|
| AMN breached the agreement by omitting these companies:<br>Valenced<br>Fullbright-Sales | Purchase history for Bluelinela |
| The schedules include Savingsimplellc, but that company had no dealings with defendants. | Romero Declaration |
| Defendants failed to disclose their total purchases including purchasing 35 units from "Sterlingwoman" not the five listed in the schedules. | Purchase history for Bluelinela |

Furthermore, regarding alleged sales after the execution of the Settlement Agreement prohibiting same, in its Statement of Genuine Disputes of Material Facts, Athena claims as disputed facts:

| Disputed Fact | Supporting Evidence |
|---|---|
| Defendants sold Revitalash, an Athena product, after the agreement was executed which breached the agreement | Groupon on-line orders and Jaunary 8, 2021, product review. |
| Athena products for sale on Walmart.com every week starting April 30, 2020, the agreements effective date, until July 8, 2021 | Row 304 to 394 from Walmart Marketplace |

*The Statement of Genuine Disputes of Material Facts does not identify any other issues in dispute regarding the Schedules or any other alleged breach of the Settlement Agreement. Defendants are entitled to that answer - just like you insisted that AMN clarify its response regarding Newman's employment as the only employment responsive to the request. In other words, these are the facts and contentions of the Plaintiff and there are no other contentions known to Plaintiff relating to breach of the Settlement Agreement.*

<u>Athena has failed to identify even one witness or document!</u>

Simple interrogatories asking that Athena identify all persons with knowledge of these facts (Interrogatories #2, 6 and 8) are *devoid of any substantive response*. Who is your witness or witnesses to the issues alleged on breach of contract?

Likewise, interrogatories asking Athena to identify all documents that support Athena's contentions (Interrogatories #3, 11, 12 and 14) are *devoid of any substantive response*. It is not enough to say we have sent you ten thousand pages of documentary materials.  You need ot specifically identify which of those documents supports your claims and contentions.

<u>Discovery is ongoing/Information will not be known until after additional discovery completed:</u>

These objections are not only without merit, if true, they evidence a complete disregard for the requirement that counsel have evidence to support claims before filing suit, or in this case before also adding the allegation of post-settlement agreement sales in the First Amended Complaint. Rule 11 specifically states that the attorney signing the pleading certifies "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the factual contentions have evidentiary support" unless they are "specifically so identified" that they "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." The allegations set forth in Athena's breach of contract claim were not pled based "upon information and belief," and counsel did not specifically identify factual allegations that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. If Athena filed the complaint *and* amended complaint – which alleged for the first time the post-settlement sale of counterfeit goods – in compliance with Rule 11, where is the evidence in support of the same and why does Athena continuously refuse to disclose the same? Athena has also had a year from the filing of the complaint to conduct its own investigation and to conduct third party discovery. Trial is in just over a month from now. What have you got to support your case today?

"In practice, the major impact of Rule 11 is to make lawyers stop and think before asserting claims or defenses lacking adequate support. **It is unacceptable to file suit first and find out later whether or not you have a case.** [See Schwarzer, Sanctions Under the New Federal Rule 11—A Closer Look (1985) 104 FRD 181]" (Rutter Group Fed. Proc. Bef. Trial, emphasis added).

<u>Interrogatory #10- Identify details of sales of counterfeit goods as alleged in paragraph 92 of the FAC:</u>

This should be an easy one. Plaintiff Athena claims Defendants sold counterfeit goods. The interrogatory asks for each sale that Athena identify the seller, buyer, date, product, quantity and dollar amount. How is this "so broad, uncertain, and unintelligible that plaintiff cannot determine the nature of the information sought"? Defendants are entitled to know what evidence Plaintiff has to support its claim. Objection because "it seeks information not within its possession, custody or control or personal knowledge"? So is Athena admitting that it has no information of counterfeit goods sold by Defendants? Athena has hundreds of units of inventory turned over to it pursuant to the Settlement Agreement. It has no such "personal knowledge"? If so, we are entitled to a clear an unequivocal statement that it has no evidence of counterfeit sales (again not unlike your insistence on clarifying that Newman had *only* one employer – AMN).

<u>No Identified Information Regarding Damages:</u>

With respect to the responses to Interrogatories #13-15 in particular, Athena provided no substantive information whatever, claiming that it calls for a legal conclusion.

This is completely off base. Without even asking by way of an interrogatory, pursuant to Rule 26, Athena was required and failed to provide AMN with the following information:

> "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered" Civ. Proc. 26(a)(1)(A)(iii).

Note also that evidence *is automatically excluded under* Federal Rule of Civil Procedure 37(c) as a
result of Plaintiff's repeated failure to fulfill its disclosure obligations with respect to damages under
Federal Rule of Civil Procedure 26(a)(1)(A)(iii). Given the rapidly approaching trial date and Plaintiff's
repeated failure to make the required disclosures, Plaintiff cannot meet its burden of establishing that
its failure to comply with its initial disclosure obligations was substantially justified or is harmless.

<u>Although Athena Denied Each and Every Request for Admission, It Did Not Provide ANY Facts Upon
Which It Based Its Response To ANY of the 10 Denials of Requests for Admissions</u>

Interrogatories #17-24 can be broken down into the following categories: (1) Plaintiff lacked any
evidence to support the alleged breaches of the Settlement Agreement; (2) Plaintiff did not suffer any
damages as a result of the alleged breaches; (3) Defendants performed all of their obligations under
the Settlement Agreement; (4) Defendants satisfied any condition precedents to the release set forth
in the Settlement Agreement; (5) that Plaintiff filed the FAC in violation of Rule 11. (Interrogatory
Responses 17-24; RFA Responses 2-10.)

All of the cited objections are without merit. For example, it is well established that it is not proper
grounds to object to an interrogatory on the grounds that propounding party is in possession of such
information or that it is equally available to it. *See generally,* Rutter Group Prac. Guide Fed. Civ. Pro.
Before Trial Ch. 11(IV)-B at §§ 11:1740-42. In addition, contention interrogatories have been routinely
upheld and it well established that a party cannot object to a contention interrogatory because it calls
for non-privileged information solely within the possession of the party's attorney or because it calls for
the application of law to fact. *See* Fed. R. Civ. Proc., Rule 33(a)(2) ("An interrogatory is not
objectionable merely because it asks for an opinion or contention that relates to fact or the application
of law to fact . . . ."); *Hickman v. Taylor*, 329 U.S. 495, 504 (1947) ("A party clearly cannot refuse to
answer interrogatories on the ground that the information sought is solely within the knowledge of his
attorney.")

*Even more troublesome, however, is Athena's use of "non-responsive responses," where
Athena superficially offers to provide a response while providing no substantive response
whatsoever.* Athena asserts that "This response is made in a good faith effort to supply as much
information as is presently known". Though each of the Interrogatories #16-24 seeks the facts on which
Athena denies the corresponding RFA not a single fact was provided in response. Just the blanket
objections cited above. So again, since Athena provided zero information, does this mean that Athena
had zero information to deny the RFA's? Either Athena needs to admit that or provide the factual basis
for denying each RFA.

(Note that in its initial meet and confer, Athena contended it had not been provided a copy of the
Settlement Agreement the genuineness of which was the subject of RFA #1. It was resupplied
notwithstanding Plaintiff's use of same in its Complaint and FAC. The denial of its genuineness was
not amended.)

Sincerely,
David Voss

David C. Voss Jr.
Attorney at Law

Marina Towers
4640 Admiralty Way, Suite 800
Marina del Rey, CA  90292
dave@vsbllp.com
(310) 306-0515 T
(310) 306-5368 F
www.vsbllp.com

**From:** Michael Harris <MHarris@socalip.com>
**Sent:** Friday, October 8, 2021 9:21 AM
**To:** David Voss <David@vsbllp.com>
**Cc:** Marina Lang <mlang@socalip.com>; Anneliese Lomonaco <alomonaco@socalip.com>; Maria Franco <maria@vsbllp.com>
**Subject:** RE: Athena v. AMN A062.L20369 - Discovery Dispute

1:00 is now better. I may be late returning from lunch so let's make it 1:15.

Before the meeting, please tell us what in our response to your discovery requests is inadequate. After you met with Ms. Lang, we served amended responses that are adequate. Since then, have you sent a Local Rule 37-1 letter detailing what you claim our responses and document production lacked? We sent you all documents we received from eBay, etc. Contrast that with your clients' interrogatory response, document production and attending depositions.

Regarding the Local Rule 16-2 meeting, Ms. Lang needs to participate, but I don't know if she will be available today. I'll let you know promptly if the meeting also can cover this subject. If not, we will reschedule ASAP. Remember, however, that I wrote you September 28 to continue the meeting, and you waited until yesterday to reschedule for today.

Michael D. Harris
SoCal IP Law Group LLP
310 N. Westlake Blvd., Ste. 120
Westlake Village, CA 91362-3788
 1332 Anacapa St., Suite 201
 Santa Barbara, CA 93101
Direct Phone (805) 497-3488
Office Phone (805) 230-1350
Fax (805) 230-1355
Cell (818) 590-5540
mharris@socalip.com
http://www.socalip.com

**From:** David Voss <David@vsbllp.com>
**Sent:** Thursday, October 7, 2021 5:11 PM
**To:** Michael Harris <MHarris@socalip.com>
**Cc:** Marina Lang <mlang@socalip.com>; Anneliese Lomonaco <alomonaco@socalip.com>; Maria Franco <maria@vsbllp.com>
**Subject:** RE: Athena v. AMN A062.L20369 - Discovery Dispute

Dear Mr. Harris and Ms. Lang:

So there is no confusion, please be advised that I will be out of state and unavailable next Thursday and Friday October 14 and 15.

7

I can do 11 or 1 tomorrow at which time we need to meet and confer to address both your 37-1 issues and ours; to wit, meet and confer (again) per Local Rule 37-1 regarding Athena's <u>Amended</u> Responses to Defendant AMN Distribution, Inc.'s First Set of Interrogatories and Requests for Admissions.

We must also complete our 16-2 conference for which you have our positions in writing already.

Proposed arguments supporting our position for reference per 37-1:

Re: Athena Cosmetics v. AMN Distribution, et. al, No. 2:20-cv-05526-SVW-SHK.
The parties request a conference with Magistrate Judge Kewalramani under Local Rule 37-1 concerning discovery that plaintiff Athena requests.
Trial is set for November 16, 2021.  The Rule 26(f) Report was filed.  There is no current scheduling order.
This concerns these issues:

AMN's First Set of Interrogatories consist of 24 interrogatories, focused on: (a) the identification of facts, documents, and witnesses upon which Athena based its allegations that AMN breached the Settlement Agreement "by providing inaccurate and incomplete contact information of its customers and suppliers," including the identity of any persons or entities that were inaccurate, incomplete or omitted from Schedules 1 and 2,  (Interrogatory Nos. 1-7); (b) the identification of facts, witness and documents upon which Athena based its allegation that Defendants breached the Settlement Agreement by continuing to sell Athena counterfeit goods, including an interrogatory requesting that Athena identify each such sale of counterfeits goods (Interrogatories 8-12); (c) information relating to damages sought by Athena's breach of settlement claim, including an explanation of damages, documents supporting the claim for damages, and an explanation of steps taken to mitigate damages (Interrogatories 13-15); and (d) the factual basis Athena's denials of the RFA's served concurrently with the Interrogatories (Interrogatories 16-24).  The corresponding ten RFA's were focused on Plaintiff's breach of contract claim, including the breach and/or performance of Defendants' obligations thereunder.

Plaintiff's initial response to each and every interrogatory included almost an entire page of objections.  (Responses 1-25.)  Plaintiff followed its objections to all but one of the interrogatories with a "non-responsive" response[1], where Athena superficially offered to provide a response while providing no substantive response whatsoever.  Athena answered each of the interrogatories, save interrogatory no. 16, as follows: "Pursuant to Fed. R. Civ. P. 33(d), and subject to the Protective Order, Athena will produce non-privileged materials, that it is able to locate after a reasonable search proportional to the needs of the case, sufficient to respond to this interrogatory." (Responses 1-15, 17-24).

Plaintiff subsequently provided amended responses to interrogatories 1 through 15, in which it still failed to provide basic facts and identify evidence in support of its breach of contract allegations, once again taking the position that it was Defendants' burden to somehow ascertain this from documents produced in the action or otherwise refusing to provide the requested information.[2]  (Amended Responses 1-15). Plaintiff's initial and supplemental interrogatory responses failed to specifically identify a single witness, document or fact to support the elements of breach, damages, and causation.

Likewise, although Plaintiff's requests for admission responses consisted of blanket denials, Plaintiff once again failed to support these denials by identifying a single witness, specific document or fact in its corresponding interrogatory responses.  (Interrogatory Responses 17-

24;  RFA Responses 2-10.)  Tellingly, Plaintiff did not support, with a single fact, its denials that: (1) it lacked any evidence to support the alleged breaches of the Settlement Agreement; (2) it did not suffer any damages as a result of the alleged breaches; (3) Defendants performed all of their obligations under the Settlement Agreement; (4) Defendants satisfied any condition precedents to the release set forth in the Settlement Agreement; (5) that Plaintiff filed the FAC in violation of Rule 11.  (Interrogatory Responses 17-24; RFA Responses 2-10.)  Again, Plaintiff repeated its refrain that the answers could somehow be ascertained through documents produced by Plaintiff, even though Plaintiff was unable to point to specific documents or facts itself.  (Interrogatory Responses 17-24).

Sincerely,
David Voss

David C. Voss Jr.
Attorney at Law

Marina Towers
4640 Admiralty Way, Suite 800
Marina del Rey, CA  90292
dave@vsbllp.com
(310) 306-0515 T
(310) 306-5368 F
www.vsbllp.com

**From:** David Voss
**Sent:** Wednesday, October 6, 2021 3:47 PM
**To:** 'Michael Harris' <MHarris@socalip.com>
**Cc:** Marina Lang <mlang@socalip.com>; Anneliese Lomonaco <alomonaco@socalip.com>; Maria Franco <maria@vsbllp.com>
**Subject:** RE: Athena v. AMN A062.L20369 - Discovery Dispute

Looking at Friday...don't have time yet.

**From:** Michael Harris <MHarris@socalip.com>
**Sent:** Tuesday, October 5, 2021 10:37 AM
**To:** David Voss <David@vsbllp.com>
**Cc:** Marina Lang <mlang@socalip.com>; Anneliese Lomonaco <alomonaco@socalip.com>; Maria Franco <maria@vsbllp.com>
**Subject:** Athena v. AMN A062.L20369 - Discovery Dispute

David,

This is a request under Local Rule 37-1 to meet and confer in an attempt to resolve the discovery dispute discussed below. I drafted arguments supporting our position for you. After we have our conference, I will edit it to comply with what the magistrate judge prefers. I can free up time all week for our conference.

Michael D. Harris
SoCal IP Law Group LLP
310 N. Westlake Blvd., Ste. 120
Westlake Village, CA 91362-3788
  1332 Anacapa St., Suite 201
  Santa Barbara, CA 93101
Direct Phone (805) 497-3488
Office Phone (805) 230-1350
Fax (805) 230-1355
Cell (818) 590-5540



Re: Athena Cosmetics v. AMN Distribution, et. al, No. 2:20-cv-05526-SVW-SHK.

The parties request a conference with Magistrate Judge Kewalramani under Local Rule 37-1 concerning discovery that plaintiff Athena requests.

Trial is set for November 16, 2021.  The Rule 26(f) Report was filed.  There is no current scheduling order.

This concerns these issues:

(1) Athena has been trying to depose three witnesses, Dov, Devorah, and Nechemia Newman. All are related to defendant Moishe Newman (we believe Devorah may be related by marriage), but they are evading subpoenas. Devorah and Nechemia Newman live in the Scranton, Pennsylvania, area. Athena's process server has tried to serve them three times, and he reports they were home twice but refused to answer the door. Dov Newman lives in Los Angeles. The process server tried to serve him five times. He heard voices inside and concludes they are evading service.

(2) Opposing counsel David Voss says the three witnesses are not officers or executives of defendant AMN so subpoenas are required. We believe they are selling Athena products and are actively involved in the counterfeit business and at least one of them is an officer or executive. One Athena document request asked, "Documents showing the names … [of] (2) all AMN' s officers and managing employees." Defendants objected and produced no responsive documents.

(3) Mr. Voss asserts that if the two Pennsylvania witnesses are subpoenaed, he will not agree to virtual depositions and will require counsel to fly there.

(4) We have received information from eBay, PayPal and Walmart about defendants' sales. The three companies have submitted declarations about their sales of Athena sales, and we sent copies of the documents and declarations to Mr. Voss. He refuses to accept the declarations and insists on cross-examining their document custodians. That is his right, but eBay's custodian is believed to be in Texas, PayPal's is in Nebraska, and Walmart's is in Arkansas. Mr. Voss will not agree to virtual depositions and wants live testimony in Texas, Nebraska and Arkansas.

**Athena's position**:

Defendants' position is their way to further delay discovery. Defendants should be ordered to submit declarations from Dov, Devorah and Nechemia Newman stating their positions with defendant AMN. If they do not, they should be considered to have positions with AMN that do not require them to be subpoenaed. Athena may subpoena them within seven days. Athena also requests that service on them by overnight mail or FedEx is proper. See *Toni Brattin & Co. v. Mosaic Int'l, LLC*, No. 15-mc-80090-MEJ, 2015 U.S. Dist. LEXIS 46756, at *11 (N.D. Cal. Apr. 9, 2015) (holding service by overnight mail proper where witness evading service); *Green v. Baca*, 02-CV-204744-MMM-MAN, 2005 WL 283361, at *1, n. 1 (C.D. Cal. Jan. 31, 2005) (holding "effective service under Rule 45 is not limited to personal service."). There are contrary cases, however. Their failure to sign the mail or FedEx receipt should not be grounds to argue they were not served.

[1] Plaintiff asserted in response to interrogatory 16 that it could not authenticate the settlement agreement that is the basis for its complaint because it claimed a copy of the document was not attached to the Requests for Admission.   Voss Decl., Exh. 6, p. 24, Resp. 16.   Plaintiff failed to provide an amended response after being provided another copy of the document.  Voss Decl., Exh. 8, p. 10. Ironically, Plaintiff did not dispute the authenticity of the settlement agreement or otherwise object when Defendants requested that the Court take judicial notice of the exact same document in support of Defendants' respective motions to dismiss and for judgment on the pleadings.  (Dkts. 64, 66)

[2] Although Plaintiff produced some documents in response to document demands propounded by  AMN, Defendants are at a loss as to how any of them constitute admissible evidence that establish a breach of Settlement Agreement or resulting damages, as *Plaintiff* itself was unable to do so in its corresponding interrogatory responses.

## David Voss

| | |
|---|---|
| **From:** | David Voss |
| **Sent:** | Wednesday, September 29, 2021 3:54 PM |
| **To:** | Michael Harris |
| **Cc:** | Marina Lang; Anneliese Lomonaco; Maria Franco |
| **Subject:** | RE: Athena v. AMN A062.L20369 - Meeting today |

**Importance:**       High

Mr. Harris:

I regret we were unable to proceed, but given Ms. Lang's use of profanity, intentional interruption and talking over me, I have no choice but to comply as I can. This is by no means the first time. Again I am reminded that Ms. Lang has been obstreperous from the outset. Ms. Lang's very first comment to me during the mediation was that "I am not going to work with you at all." She has followed that up with behavior during of telephonic conference in December causing her to be admonished by Magistrate Judge Kewalramani and in June offensively made her derogatory comments to me as her "bro." Today she has gone to a new low. Here is one absolutely undeniable fact: The only person resorting to profanity on the call today was Ms. Lang. <u>F bombs are not acceptable under any circumstances</u>.

I remind you that I am in trial next week for two weeks and would add that we are the oldest case on the calendar. As such, I am sending this to you now as I will have limited time to work on it during trial and **all pretrial documents (including Memorandum of Contentions of Fact and Law, Witness Lists and Joint Exhibit List) will need to be filed with the Court by October 18**. I am setting aside that day to complete these filings.

I must note at the outset that Plaintiff has failed to identify witnesses, documents or facts in support (contention interrogatories) of its claims in response to discovery nor supplement same pursuant to Rule 26 as of this moment. Pursuant to L.R.16-2.8 in particular we are entitled to have Plaintiff "disclose to every party which of the party's claims and defenses the party plans to pursue, together with the party's contentions regarding the applicable facts and law." **I fully expect Plaintiff will at a minimum comply with L.R. 16-2.2, 16-2.3, 16-2.4 and 16-2.8 in particular before the end of the day or you can expect to see a Motion to Preclude Evidence at time of trial. Defendants has the right to know what facts the Plaintiff has to support its contentions. Trial by ambush is unacceptable.**

Again, this is why I had set the MSJ for last Monday *before* today's deadline to exchange complete information for trial. We had agree to do this yesterday, but you moved it to today – the 40th day in advance per the local rules.

Since Ms. Lang now professes to have no time today to complete the required meeting pursuant to L.R.16-2, and contends we were not prepared, Defendants provide the following information compliant with L.R.16-2.1 through L.R.16-2.9:

L.R.16-2.1 – The parties agreed the Court has subject matter jurisdiction.

L.R.16-2.2 – The parties can stipulate to all of the following facts:

*ExC*

- The parties settled all claims pursuant to the Settlement Agreement ("SA").
- Defendants provided to Plaintiff Schedules to the SA which Defendants contend were in full
compliance with the requirements thereof.
- Defendants paid the $25,000 called for by the SA and Plaintiff received this sum.
- Defendants conveyed to Plaintiff a total of 192 units of inventory.  Defendants represented this to be
all inventory in their possession.
- All admissions made by Defendants in their Answer to the First Amended Complaint (to be
specifically detailed and excerpted therefrom).

L.R.16-2.3 – Exhibits:
- The Settlement Agreement, including all schedules appended thereto
- Letter from counsel for LinkAmerica II to counsel for Athena warning Athena against defaming
American customers
- email from LinkAmerica II confirming it is the source of Revitalash products resold by AMN
- Document production by Defendants including order fulfillment records for all orders from 2019 to
present
- Walmart production (Ex. 28/Dkt. #114-17)
- E-mails between Marina Lang and AMN's prior counsel after the execution of the Settlement
Agreement re: Subsequent information demanded by Athena (cited by Lang in Declaration in Opp. to
MSJ p.4, lns. 21-24)
- Athena's Responses to Interrogatories
- Athena's Responses to Request for Production of Documents
- Athena's Responses to Requests for Admissions
- Supplemental production of documents from ebay/Google search (provided by email today-see
below) establishing that Fullbright Sales was formerly named SavingSimpleLLC as they are listed in
the schedules.  Valenced was formerly named ciritbeauty as they are listed in the schedules.

L.R.16-2.4 – Witnesses: Moishe Newman and Marina Lang* (note Plaintiff has failed to identify any
witnesses in response to discovery)

L.R.16-2.5 – No Expert Witnesses

L.R.16-2.6 – Evidentiary Matters:
The only evidence offered by Plaintiff to date (none is identified in response to AMN's interrogatories)
is contained in its opposition to MSJ including the declaration of Marina Lang and attached
exhibits.  There are significant and numerous objections (including in particular lack of foundation)
which are the subject of formal Evidentiary Objections set for hearing on October 4.

L.R.16-2.7 – Depositions: N/A

L.R.16-2.8 – Contentions of Law and Fact:
Based upon discovery produced by Plaintiff, Defendants will not pursue the 1st, 2nd, 3rd, 8th, 9th, 15th &
16th Affirmative Defenses. Defendants have pled sixteen affirmative defenses and plan to pursue the
following:
4th, 5th, 6th Aff. Defenses: (Waiver/Release/Claims barred by Settlement Agreement)  Facts:
Defendants complied with all duties required of it including in particular: Payment of $25,000,
Providing requisite schedules containing the information as specified in the Settlement Agreement;
Turning over to Athena all remaining inventory in its possession; and Ceasing to sell Athena products.
7th & 12th Aff. Defenses: (Failure to mitigate damages/Unforeseeable damages) Facts: Plaintiff has
neither identified *any* damages nor any mitigation efforts in response to discovery

10th Aff. Defense: (Contribution of others to Plaintiff's damages)  Facts: Defendants have no control over sales of Athena products by unrelated third parties
11th Aff. Defense: (Offset)  Facts: Defendants paid and Plaintiff received $25,000 pursuant to the Settlement Agreement
13th & 14th Aff. Defenses: (Punitive Damages/Malicious, knowing etc.) None of Plaintiff's claims are a basis for punitive damages with exception of the claimed punitive damages for the 5th Claim for Relief.  Facts: Plaintiff has only alleged that one single unit of its product is counterfeit and Defendant had no knowledge that said unit of product was counterfeit when it purchased same on the internet from a supplier with whom it had no prior purchases.

L.R.16-2.9 – Settlement:  The parties have had prior discussions without success.


Sincerely,
David Voss

> **David C. Voss Jr.**
> Attorney at Law
>
> Marina Towers
> 4640 Admiralty Way, Suite 800
> Marina del Rey, CA  90292
> dave@vsbllp.com
> (310) 306-0515 T
> (310) 306-5368 F
> www.vsbllp.com


**From:** David Voss
**Sent:** Wednesday, September 29, 2021 12:08 PM
**To:** 'Michael Harris' <MHarris@socalip.com>
**Cc:** 'Marina Lang <mlang@socalip.com>; 'Anneliese Lomonaco' <alomonaco@socalip.com>; Maria Franco <maria@vsbllp.com>
**Subject:** RE: Athena v. AMN A062.L20369 - Meeting today

Ms. Lang:

I promised to give you the proof.  Here it is!

In paragraph 13 of your declaration, you are misleading the Court to suggest that "fullbright-sales" and "valenced" were not disclosed in our schedules to the Settlement Agreement.  You have a duty of candor with the Court and even a simple Google search before Monday would show you this!  (See below as an example.)

Fullbright Sales was formerly named SavingSimpleLLC as they are listed in the schedules.  Valenced was formerly named ciritbeauty as they are listed in the schedules.

When we first saw this allegation in your opposition to MSJ – *never before raised at any time in Athena's pleadings or discovery responses* – we went back to ebay to confirm that in both instances the simple explanation is that the ebay vendor had simply changed their name between the time we disclosed it (May 2020) and when you searched in August/September 2021.

Yes I want to have you properly authenticate the ebay documents you intend to use and will ask them under oath to confirm these facts which are now known to you.  Your allegation that valenced and fullbright sales were not disclosed is 100% without merit!

Here is ebay's response to AMN:

**customerhelp@ebay.com**

to me



1-383484585465 SR= 1-383484585465

## Hello

Here's your request confirming 223708643359 ( RevitaLas
SavingSimpleLLC and they changed it to User ID: fullbright
Conditioner 3.5ml ~ New & Sealed ***FLASH SALE*** ) U

Thanks,

Trixie

Furthermore, even a rudimentary Google search done by me for "savingsimplellc ebay" yields this:



The second link reveals this:



As it says, they operate a store called SavingSimpleLLC!!!

Check it for yourself.  These vendors were in fact disclosed – they just later changed their names!

Sincerely,
David Voss

David C. Voss Jr.
Attorney at Law

Marina Towers
4640 Admiralty Way, Suite 800
Marina del Rey, CA  90292
dave@vsbllp.com
(310) 306-0515T
(310) 306-5368F
www.vsbllp.com

**From:** David Voss
**Sent:** Wednesday, September 29, 2021 11:34 AM
**To:** 'Michael Harris' <MHarris@socalip.com>
**Cc:** Marina Lang <mlang@socalip.com>; Anneliese Lomonaco <alomonaco@socalip.com>; Maria Franco <maria@vsbllp.com>
**Subject:** RE: Athena v. AMN A062.L20369 - Meeting today

Using the F word and acting in the manner you are is professionally unacceptable.  When you can behave in a professional manner please let me know.  I am available to continue for the rest of the day until 3pm.  Ms. Lang you will not tell me F###.

**From:** Michael Harris <MHarris@socalip.com>
**Sent:** Wednesday, September 29, 2021 11:02 AM
**To:** David Voss <David@vsbllp.com>
**Cc:** Marina Lang <mlang@socalip.com>; Anneliese Lomonaco <alomonaco@socalip.com>; Maria Franco <maria@vsbllp.com>
**Subject:** RE: Athena v. AMN A062.L20369 - Meeting today

We sent you a link to call.
Michael

**From:** David Voss <David@vsbllp.com>
**Sent:** Wednesday, September 29, 2021 11:01 AM
**To:** Michael Harris <MHarris@socalip.com>
**Cc:** Marina Lang <mlang@socalip.com>; Anneliese Lomonaco <alomonaco@socalip.com>; Maria Franco <maria@vsbllp.com>
**Subject:** RE: Athena v. AMN A062.L20369 - Meeting today

I assume you are calling me since there are two of you?  310.306.0515

**From:** Michael Harris <MHarris@socalip.com>
**Sent:** Wednesday, September 29, 2021 10:09 AM
**To:** David Voss <David@vsbllp.com>
**Cc:** Marina Lang <mlang@socalip.com>; Anneliese Lomonaco <alomonaco@socalip.com>; Maria Franco <maria@vsbllp.com>
**Subject:** Athena v. AMN A062.L20369 - Meeting today

We will confer by telephone unless you'd rather we use Zoom or Teams.

Michael