Michael D. Harris, State Bar No. 59470
mharris@socalip.com
Brian Tamsut, State Bar No. 322780
btamsut@socalip.com
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Dan Lawton, State Bar No. 127342
dlawton@klinedinstlaw.com
Klinedinst
777 South Figueroa St., Suite 4000
Los Angeles, CA 90017
Phone: (619) 239-8131 • Fax: (619) 238-8707

Edward D. Chapin, State Bar No. 53287
echapin@sanfordheisler.com
Sanford Heisler Sharp, LLP
2550 Fifth Avenue, 11th Floor
Phone: (619) 577-4253 • Fax: (619) 577-4250

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Athena Cosmetics, Inc.,<br><br>　　Plaintiff,<br><br>　　v.<br><br>AMN Distribution Inc., et al,<br><br>　　Defendants. | No. 2:20-cv-05526-SVW-SHK<br><br>Declaration of Michael Harris Supporting Athena's Summary Judgment Motion<br><br>Date: June 27, 2022<br>Time: 1:30 p.m.<br>Judge: Wilson |

1.　I am an attorney for plaintiff Athena Cosmetics, Inc. ("Athena") and a member of the State Bar of California and of this Court. I am over 18 years old and not a party. I know of these facts through personal knowledge, and if called to testify, I could competently testify.

2.　On February 11, 2020, I sent a cease-and-desist letter by FedEx to Brush Express in Plains, Pennsylvania, demanding it cease selling and advertising Athena-brand products.

3.　Instead of beginning litigation immediately, the parties began negotiating a settlement agreement, and on April 29 and 30, 2020, they signed the Settlement

Agreement. AMN Distribution, Inc., ("AMN Distribution"), Moishe Newman, as an individual and on behalf of his dba, Brush Express, were parties and signed the agreement. Exhibit 8 (Felix Decl.) is a copy of the Agreement.

4. Two schedules, Schedule 1 and Schedule 2, are part of the Settlement Agreement. Exhibit 9 (Felix Decl.) is a copy of Schedule 1, and Exhibit 10 (Felix Decl.) is a copy of Schedule 2.

5. Because of perceived breaches to the Settlement Agreement, Athena sued defendants AMN Distribution and Moishe Newman in this litigation.

6. Exhibit 11 contains these nine United States trademark registrations from the United States Patent and Trademark Office website which name Athena the registered owner:

    a. No. 3,246,814, which issued May 29, 2007, for the mark REVITALASH.®

    b. No. 4,558,881, which issued July 1, 2014, for REVITALASH® (LOGO).

    c. No. 3,526,373, which issued November 4, 2008, for the mark ATHENA AND DESIGN.®

    d. No. 3,413,360, which issued April 15, 2008, for the mark ATHENA COSMETICS.®

    e. No. 5,633,064, which issued December 18, 2018, for the mark ETERNALLY PINK.®

    f. No. 4,501,304, which issued March 25, 2014, for the mark REVITALASH ADVANCED.®

    g. No. 3,588,423, which issued March 10, 2009, for the mark REVITABROW.®

    h. No. 4,501,307, which issued March 25, 2014, for the mark REVITABROW ADVANCED.®

   i. No. 5,871,804, which issued October 1, 2019, for the mark shown to the right (the RL Logo registration).

7. I refer to these trademarks as "Athena Trademarks."

8. This lawsuit has been pending since June 2020. On October 1, 2020, my firm served interrogatories and documents requests (Exs. 12 and 13) on defendant AMN Distribution. The firm also served a Rule 30(b)(6) deposition notice for November 5 (Ex. 14). They were served by email on attorney Ronan Cohen, who initially represented defendant AMN Distribution.

9. Mr. Cohen and AMN Distribution did not respond to written discovery, and without Mr. Cohen telling any Athena attorney the witness would not attend, he and AMN Distribution did not attend. See Ex. 15 (Certificate re Nonappearance).

10. Attorney David Voss replaced Mr. Cohen as defendants' attorney in mid-November 2020. Dkt. 41. He moved to set aside the default judgment against defendant Moishe Newman, AMN Distribution's CEO. After Mr. Newman produced a document from the Australian government, showing he was in Australia when he was allegedly served in Long Beach, I agreed to set aside the default. The Court granted the set-aside motion on January 19. Dkt. 62.

11. On January 9 and 12, 2021, Mr. Newman moved to dismiss under Rule 12(b)(6), Dkt. 63, and AMN Distribution filed a Rule 12(c) motion. Dkt. 65. The Court denied both. Dkt. 72. Athena filed a first amended complaint on March 22, 2021, Dkt. 73, which now is the operative complaint. Defendants answered April 5. It asserted no counterclaims. Dkt. 75.

12. In early April 2021, six months after my firm had served its initial written discovery and its Rule 30(b)(6) deposition notice, Mr. Voss emailed me saying Athena's service by email of interrogatories, documents requests and the notice of a Rule 30(b)(6) deposition did not comply with FED. R. CIV. P. 5 because Mr. Cohen,

defendants' first attorney, and I had no written agreement to serve discovery by email. Mr. Cohen never raised the issue

13. On April 15, 2021, my firm served the same interrogatories and documents requests on Mr. Voss, this time by postal mail. We also served a Rule 30(b)(6) deposition notice on May 11, 2021, on AMN Distribution for a June 4 deposition (Ex. 16).

14. On May 20, 2021, defendants served objections to every document request and interrogatory. After a conference with Magistrate Judge Kewalramani, defendants served amended responses on July 1, Exhibits 17 and 18, and on August 17, they served additional interrogatories responses. Exhibit 19. Until then and August 25, defendants produced no documents, at which time Mr. Voss's office sent me 4,703 pages of documents. The documents were not Bates numbered and all but 22 pages were the six or seven pages a person ordering from eBay receives when he or she completes an order. They contain advertising for other products. Defendants produced no purchase orders or documents to and from their suppliers. Exhibit 20 is the first six pages of that production.

15. I asked Mr. Voss to tell me which document request these documents cover, but I received no answer.

16. Exhibit 21 is a copy of defendants' initial disclosures under FED. R. CIV. P. 26(a)(1), which defendants served on me May 21, 2021.

17. I noticed the deposition of AMN Distribution under Rule 30(b)(6) for a May 11, 2021, deposition, and after Mr. Voss objected, I noticed Rule 30(b)(6) deposition for October 12, 2021. Exhibit 22 is a copy of the latter notice.

18. After Mr. Voss objected to the latter notice, defendants' failure to produce documents put me in a bind. Even if I could complete the procedures under Local Rule 37 to order defendants to produce documents, document production might not begin before the trial date set in November. Since I had no defendants' documents for questioning the witness, I did not proceed with the deposition.

19. Though I had no books, records or other useful documents from defendants, I noticed AMN Distribution's deposition for October 28, 2021, under Rule 30(b)(1) through its CEO Mr. Newman. Exhibit 23 is a copy. I sent Mr. Voss an email asking whether Mr. Newman would attend. Exhibit 24 is a copy. Mr. Voss did not respond to my email. On October 28, neither Mr. Voss nor defendant Newman attended.

20. I noticed depositions of Nechemiah Newman on July 23, 2021, for August 26. Exhibit 25 is a copy of the notice and the subpoena.

21. I noticed the deposition of Devorah Newman on July 23, 2021, for August 27. Exhibit 26 is a copy of the notice and the subpoena.

22. I noticed the deposition of Dov Newman on August 12, 2021, for August 27. Exhibit 27 is a copy of the notice and the subpoena.

23. The process servers my firm retained to serve subpoenas on Nechemiah, Devorah in Dov Newman were unsuccessful in serving the subpoenas.

24. Exhibit 28 contains the declaration of eBay's document custodian and its attached documents relevant to the motion.

25. Exhibits 29 contains the declaration of Groupon's document custodian and its attached documents relevant to the motion.

26. Exhibit 30 contains pages of the deposition of Maria Baez de Hicks, Walmart's document custodian, and its attached documents relevant to the motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

May 23, 2022                                  /s/ *Michael Harris*
                                              Michael Harris