# Exhibit 19

DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **DEFENDANT AMN DISTRIBUTION INC.'S FURTHER AMENDED RESPONSES TO PLAINTIFF ATHENA COSMETIC, INC.'S FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:** PLAINTIFF ATHENA COSMETICS, INC
**RESPONDING PARTY:** DEFENDANT AMN DISTRIBUTION, INC.
**SET NO:** ONE

DEFENDANT AMN'S RESPONSES TO FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, defendant AMN Distribution, Inc. ("AMN") hereby responds to the First Set of Interrogatories (the "Interrogatories") propounded by plaintiff Athena Cosmetics, Inc. ("Athena").

Pursuant to its stipulation to clarify and further amend its response to Interrogatory #5 during the conference with Magistrate Judge Kewalramani, AMN makes one addition to its responses herein; to wit, AMN adds that it has been Newman's only employer from June 2019 to present. See below.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1. The following responses are made solely for the purpose of this action. AMN is at present pursuing its investigation and analysis of the facts and law relating to this case and has not completed its discovery or preparation for trial. The responses set forth herein are given without prejudice to AMN's right to produce subsequent evidence, or to add to, modify or otherwise change or amend the responses contained herein. AMN reserves the right to correct any inadvertent errors, mistakes or omissions, should any be found to exist.

2. AMN objects to each Interrogatory to the extent that its calls for the disclosure of information which is protected from discovery and disclosure by the attorney-client privilege, the attorney work-product doctrine, and other privileges or doctrines, including constitutional privileges such as, inter alia, the right to privacy, afforded under federal and California law or other applicable jurisdictions. AMN also objects to each request to the extent that it calls for the disclosure of confidential, commercial, or proprietary information and/or trade secrets. AMN and its counsel claim these privileges with respect to all such materials.

3. AMN objects to each Interrogatory to the extent that it calls for the disclosure of the residential or home addresses, phone number, or e-mail addresses of any individual(s). Such information is protected by, inter alia, the right to privacy

(including, but not limited to, such rights under the California constitution) and such other rights and privileges afforded under federal or state law, or the laws of applicable foreign jurisdictions.

4. AMN objects to each Interrogatory to the extent that it calls for the disclosure of information protected by consumer privacy laws, including those of the jurisdictions in which such consumers or persons reside.

5. Inadvertent disclosure of privileged information by AMN is not a waiver of any applicable privilege. By responding to these Interrogatories, AMN reserves all objections to the use or admission of such responses at trial.

6. AMN objects to the Interrogatories in their entirety on the grounds that Athena filed its original complaint and first amended complaint in violation of Rule 11 to misuse and abuse the litigation and discovery process in order to obtain additional information from AMN beyond that which the parties' bargained for in the Settlement Agreement that is the purported basis for Athena's Sixth Claim for Relief for Breach of Contract. Athena only commenced the instant litigation *after* AMN refused to provide it with additional documents beyond that called for by the parties' settlement agreement. In short, Athena is trying to use the discovery process to obtain documents and information to which it would only be legally entitled if it prevailed on a claim for specific performance – a claim that Athena has not even asserted in this action. Moreover, Athena lacked evidence to support its Sixth Claim for Relief for Breach of Contract at the time it filed its complaint and amended complaint. Athena has basically conceded the foregoing, as it has failed to provide any evidence of a breach or damages in its initial disclosures. Athena cannot save itself by claiming that the factual contentions alleged in its Sixth Claim for Relief "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" because those factual contentions were not pled on information or belief or "specifically so identified" as required by Rule 11. As a consequence of all of the foregoing, AMN objects to – and is entitled to protection from – the discovery on the grounds of "annoyance,

embarrassment, oppression, or undue burden or expense" and that Athena is attempting to do a blatant end-run around the Settlement Agreement which remains in full force and effect. AMN reserves the right, if necessary, to seek a protective order.

7.  AMN objects to any definition or instruction set forth in the Interrogatories to the extent that they seek to impose obligations on AMN that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

8.  Each objection stated in this Preliminary Statement and General Objections (the "GENERAL OBJECTIONS") is incorporated into each response set forth below. All responses are made without waiver of any of the foregoing objections.

**SPECIFIC RESPONSES**

**INTERROGATORY NO. 1:**

State the name, employers, street and email address and telephone numbers for all Persons with knowledge Athena and AMN have an enforceable or unenforceable contract between them.

**RESPONSE TO INTERROGATORY NO. 1:**

AMN objects to this interrogatory to the extent that it seeks the residential or home addresses, phone number, or e-mail addresses of any Persons. Such information is protected by, inter alia, the right to privacy, and such other rights and privileges afforded by federal or state law, foreign jurisdictions, and the United States and California constitutions. AMN also objects to this Interrogatory on the ground that it is vague and ambiguous. Subject to and without waiving the GENERAL OBJECTIONS, AMN responds as follows:

(1) Defendant Moishe Newman, the Chief Executive Officer of AMN, who is represented by and may be contacted through AMN's counsel of record.

(2) Employees, agents, legal counsel and others acting on behalf of Athena whose identities have yet to be fully ascertained, but are presently believed to include the following: (a) Christina Felix, c/o SoCal IP Law Group LLP, 310 N. Westlake Blvd.,

- 4 -
DEFENDANT AMN'S RESPONSES TO FIRST SET OF INTERROGATORIES

Suite 120, Westlake Village, CA 91362-3788, (805) 230-1350; (b) Dave Hooper, c/o SoCal IP Law Group LLP, 310 N. Westlake Blvd., Suite 120, Westlake Village, CA 91362-3788, (805) 230-1350; (c) Marina Lang, SoCal IP Law Group LLP, 310 N. Westlake Blvd., Suite 120, Westlake Village, CA 91362-3788, (805) 230-1350; and (d) Michael D. Harris, SoCal IP Law Group LLP, 310 N. Westlake Blvd., Suite 120, Westlake Village, CA 91362-3788, (805) 230-1350.

**INTERROGATORY NO. 2:**

State the name, employers, street and email address and telephone numbers for all Persons knowing that AMN fully performed its contract with Athena.

**RESPONSE TO INTERROGATORY NO. 2:**

AMN objects to this interrogatory to the extent that it seeks the residential or home addresses, phone number, or e-mail addresses of any Persons. Such information is protected by, inter alia, the right to privacy (including, but not limited to, such rights under the California constitution), and such other rights and privileges afforded by federal or state law, or applicable foreign jurisdictions. AMN also objects to this Interrogatory on the ground that it is vague and ambiguous. Subject to and without waiving the GENERAL OBJECTIONS, AMN responds as follows:

(1) Defendant Moishe Newman, the Chief Executive Officer of AMN, who is represented by and may be contacted through AMN's counsel of record;

(2) Employees, agents, legal counsel and others acting on behalf of Athena whose identities have yet to be fully ascertained, but are presently believed to include the following: (a) Christina Felix, c/o SoCal IP Law Group LLP, 310 N. Westlake Blvd., Suite 120, Westlake Village, CA 91362-3788, (805) 230-1350; (b) Dave Hooper, c/o SoCal IP Law Group LLP, 310 N. Westlake Blvd., Suite 120, Westlake Village, CA 91362-3788, (805) 230-1350; (c) Marina Lang, SoCal IP Law Group LLP, 310 N. Westlake Blvd., Suite 120, Westlake Village, CA 91362-3788, (805) 230-1350; and (d) Michael D. Harris, SoCal IP Law Group LLP, 310 N. Westlake Blvd., Suite 120, Westlake Village, CA 91362-3788, (805) 230-1350.

**INTERROGATORY NO. 3:**

State the name, employers, street and email address and telephone numbers for all Persons AMN sold, caused to be sold, shipped or caused to be shipped any product bearing an Athena Trademark.

**RESPONSE TO INTERROGATORY NO. 3:**

AMN objects to this interrogatory to the extent that it seeks the residential or home addresses, employers, phone number, or e-mail addresses of any Persons. Such information is protected by, inter alia, the right to privacy (including, but not limited to, such rights under the California constitution), consumer privacy laws, and such other rights and privileges afforded by federal or state law, or any foreign jurisdictions in which such persons reside. AMN further object to this interrogatory on the ground that it is vague and ambiguous. AMN further objects to the extent that this Interrogatory calls for the disclosure of information beyond that required by the parties' Settlement Agreement that is the purported basis for Athena's Sixth Claim for Relief for Breach of Contract. As explained in GENERAL OBJECTION No. 6, which is incorporated fully by this reference, Athena has initiated this legal action to misuse and abuse the litigation and discovery process in order to obtain additional information from AMN beyond that which the parties' bargained for in the Settlement Agreement that is the purported basis for Athena's Sixth Claim for Relief for Breach of Contract. Athena only commenced the instant litigation after AMN refused to provide it with additional documents beyond that called for by the parties' settlement agreement. As a consequence of all of the foregoing, AMN objects to – and is entitled to protection from – the discovery on the grounds of "annoyance, embarrassment, oppression, or undue burden or expense" and that Athena is attempting to do a blatant end-run around the Settlement Agreement which remains in full force and effect. AMN further objects to this Interrogatory on the ground that it seeks discovery on a matter not relevant to any party's claim or defense.

Subject to and without waiving the foregoing and GENERAL OBJECTIONS and with the understanding that the relevant time frame is January 1, 2019 to the present as set forth in the definitional section of the Interrogatories, AMN responds as follows:

The information that AMN was contractually obligated to provide to Athena with respect to purchasers of Athena products was previously provided to Athena as Schedule 2 to the settlement agreement (the "Settlement Agreement") that is the basis for Athena's breach of contract claim in the above-captioned action. Schedule 2 included, among other things, the first and last names of the buyers, their shipping addresses, their shipping phone numbers. The Persons identified in Schedule 2 are a complete list.

**INTERROGATORY NO. 4:**

State the name, street and email address and telephone numbers for all Persons that provided AMN with any product bearing an Athena Trademark. If the Person is a natural person, also state his or her employer and its street and email address and telephone numbers.

**RESPONSE TO INTERROGATORY NO. 4**:

AMN objects to this interrogatory to the extent that it seeks the residential or home addresses, phone number, employment information or e-mail addresses of any Persons. Such information is protected by, inter alia, the right to privacy (including, but not limited to, such rights under the California constitution), and such other rights and privileges afforded by federal or state law, or any foreign jurisdictions in which such persons reside. AMN further object to this interrogatory on the ground that it is vague and ambiguous. AMN further objects to the extent that this Interrogatory calls for the disclosure of information beyond that required by the parties' Settlement Agreement that is the purported basis for Athena's Sixth Claim for Relief for Breach of Contract. As explained in GENERAL OBJECTION No. 6, which is incorporated fully by this reference, Athena has initiated this legal action to misuse and abuse the litigation and discovery process in order to obtain additional information from AMN beyond that which the parties' bargained for in the Settlement Agreement that is the purported basis

for Athena's Sixth Claim for Relief for Breach of Contract. Athena only commenced the instant litigation after AMN refused to provide it with additional documents beyond that called for by the parties' settlement agreement. As a consequence of all of the foregoing, AMN objects to – and is entitled to protection from – the discovery on the grounds of "annoyance, embarrassment, oppression, or undue burden or expense" and that Athena is attempting to do a blatant end-run around the Settlement Agreement which remains in full force and effect. AMN further objects to this Interrogatory on the ground that it seeks discovery on a matter not relevant to any party's claim or defense.

Subject to and without waiving the foregoing and GENERAL OBJECTIONS and with the understanding that the relevant time frame is January 1, 2019 to the present as set forth in the definitional section of the Interrogatories, AMN responds as follows:

The information that AMN was contractually obligated to provide to Athena with respect to the source of Athena products was previously provided to Athena as Schedule 1 to the settlement agreement (the "Settlement Agreement") that is the basis for Athena's breach of contract claim in the above-captioned action.

The Persons identified in Schedule 1 are a complete list.

**INTERROGATORY NO. 5:**

Identify all Persons that employed Newman from June 2019 to the present and state the Person's name, employers, street and email address and telephone numbers.

**RESPONSE TO INTERROGATORY NO. 5:**

AMN objects to this Interrogatory on the grounds that the interrogatory seeks information that is not relevant to the claim or defense of any party. AMN further objects on the ground that the Interrogatory seeks the disclosure of confidential information relating to an employee who has not consented to the disclosure of such information other than with respect to his position at AMN. Such information is protected by, inter alia, the right to privacy (including, but not limited to, such rights under the California constitution), and other applicable laws concerning the rights of

- 8 -
DEFENDANT AMN'S RESPONSES TO FIRST SET OF INTERROGATORIES

employees. Subject to and without waiving the foregoing and General Objections, AMN responds as follows:

Mr. Newman is the Chief Executive Officer of AMN. He is represented by and may be contacted through AMN's counsel of record. AMN has been Newman's only employer from June 2019 to present.

**INTERROGATORY NO. 6:**

State every street and email address and telephone numbers for Newman from June 2019 to the present.

**RESPONSE INTERROGATORY NO. 6**:

AMN objects to this Interrogatory on the grounds that the interrogatory seeks information that is not relevant to the claim or defense of any party it is not reasonably calculated to lead to the discovery of admissible evidence. AMN objects to this interrogatory to the extent that it seeks the residential or home addresses, phone number, or e-mail addresses of Mr. Newman. Such information is protected by, inter alia, the right to privacy (including, but not limited to, such rights under the California constitution) and such other rights and privileges afforded by federal or state law, and foreign jurisdictions. AMN further objects to this Interrogatory on the ground that it seeks discovery on a matter not relevant to any party's claim or defense. Subject to and without waiving the foregoing and General Objections, AMN responds as follows:

Mr. Newman is represented by and may be contacted through AMN's counsel of record. In addition, as stated in Mr. Newman's declaration filed in support of his motion to set aside the default and default judgment taken against him in this matter, Mr. Newman: (1) currently resides at 39 Lumeah Rd, Caulfield, North Victoria 3161 Australia and has resided there since November 2019; (2) his residence immediately prior to foregoing residence was 2 Talbot Ave, St Kilda, East Victoria 3183 Australia, where he resided from March 2013 to November 2019.

DATED: August 17, 2021

DAVID C. VOSS, JR.
VOSS, SILVERMAN & BRAYBROOKE, LLP

By: _____
David C. Voss, Jr.
Attorneys for Defendant AMN
DISTRIBUTION, INC.

## PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 4640 Admiralty Way, Suite 800, Marina del Rey, California, 90292.

On August 17, 2021, I served the following document(s): **DEFENDANT AMN DISTRIBUTION INC.'S RESPONSES TO PLAINTIFF ATHENA COSMETIC, INC.'S FIRST SET OF INTERROGATORIES** on the interested parties in this action as indicated below or on the attached service list as follows:

Marina Lang
Michael D. Harris
Brian S. Tamsut
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
(counsel for Plaintiff)
mlang@socalip.com
mharris@socalip.com
btamsut@socalip.com

**( ) By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons listed above or in the attached service list and:

( ) deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

( ) placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Marina Del Rey, California.

**(X) (By E-Mail)** I caused the above-referenced document(s) to be transmitted by e-mail transmission to the interested parties at the e-mail addresses listed above or on the attached service list. I did not receive, with a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The foregoing method of service was pursuant to the express written consent of the parties served.

1 ( ) **(By Overnight Delivery)** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above or in the attached service list. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

2

3

4

5 ( ) **(By Messenger Service)** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above or in the attached service list and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

6

7

8 I declare under penalty of perjury under the laws of the United States and State of California that the above is true and correct.

9

10   Executed on August 17, 2021 at Marina Del Rey, California.

11

12                                         _____
                                             A. Brandon Bassir
13                                           David C Voss, Jr

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28