DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendant AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **DECLARATION OF DAVID C. VOSS, JR. IN SUPPORT OF:** <br><br> **DEFENDANTS' EX PARTE APPLICATION FOR: 1) CONTINUANCE OF HEARING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT #240]; AND 2) CONTINUANCE OF DEADLINE TO FILE OPPOSITION** <br><br> **DEFENDANTS 'EX PARTE APPLICATION TO STRIKE PLAINITFF'S MOTION FOR SUMMARY JUDGMENT [DKT #240]** <br><br> Place: Courtroom 10A <br> First Street Courthouse <br> 350 W. 1st Street, 10th Floor, <br> Los Angeles, California 90012 |

DECL. OF DAVID C. VOSS, JR. IN SUPPORT OF EX PARTE APPLICATIONS TO CONTINUE HEARING ON MOTION FOR SUMMARY JUDGMENT AND TO STRIKE MOTION FOR SUMMARY JUDGMENT

## DECLARATION OF DAVID C. VOSS, JR.

I, David C. Voss, Jr., declare:

1. I am an attorney, duly licensed to practice law before all courts of the State of California and the United States District Court for the Central District of California. I am the managing partner of the law firm of Voss, Silverman & Braybroooke LLP, counsel for defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" or "defendant Newman"). I have personal knowledge of the facts set forth herein which I know to be true and correct and, if called as a witness, I could and would competently testify with respect thereto.

2. I submit this declaration in support of the Ex Parte Applications for Continuance of Hearing on Plaintiff's Motion for Summary Judgment [Dkt #240] and Ex Parte Application to Strike Motion for Summary Judgment [Dkt #240].

3. Plaintiff's counsel did not at any time comply with Local Rule 7-3 which requires that the moving party meet and confer in advance of filing the motion. I received no communication whatever from Mr. Harris or any other counsel for Plaintiff regarding a meet and confer in advance of filing the Motion for Summary Judgment. For that matter, the first and only time I was ever advised that Plaintiff desired to file the Motion for Summary Judgment was at the scheduling conference when counsel raised its desire to file such motion orally with the court. Mr. Harris and I each have the other's cell phone numbers and have used these to communicate regularly.

4. Mr. Harris' Declaration [Dkt #240-14] is devoid of any reference to compliance with Local Rule 7-3.

5. I confirmed yesterday with the court clerk that I am scheduled to be engaged in trial on June 27, 2022 in Dept 15 of the Los Angeles Superior, in the matter of Morera v. Saheedy, Case #20STCV05462 which was already the subject of a prior trial continuance to the upcoming June 27 trial date.

6. I have diligently commenced preparation of the opposition to Plaintiff's pending Motion for Summary Judgment although I was out of the office on Friday with

unexpected medical issues attended to by my cardiologist and this week is shortened by the Federal holiday.

7. During my initial work preparing said opposition, several matters have become apparent both procedurally and substantively rendering which have rendered the preparation of clear and proper response by way of opposition to the motion unnecessarily time intensive and confusing.

8. Plaintiff's Notice of Motion [Dkt #240] fails to succinctly state the grounds for its Motion for Summary Judgment. In fact it makes no statement of the grounds for the motion at all. Without this direction, I am left to respond to a scattershot of every issue raised in both phases of the case by Plaintiff with no clear direction to which specific issues the Motion for Summary Judgment is founded upon.

9. Plaintiff filed an extensive Statement of Uncontroverted Facts (28 pages in length) with no indication or cross-referencing in the Points and Authorities to identify which ones are relied upon as basis for the Motion. This is unnecessarily burdensome as Defendants are left to guess which or all of the Facts listed are relied upon by way of the Motion and the Points and Authorities.

10. There is no trial date set in this matter and there are no deadlines pending.

11. The above issues prejudice Defendants' ability to oppose this motion which if granted would obviously terminate the matter in favor of Plaintiff and against Defendants and should be weighed against a brief continuance of time requested.

12. In light of the above issues, I called and spoke with Mr. Harris to request that Plaintiff stipulate to a short continuance to accommodate a number of factors including in particular conflict with the Morera matter, certain medical and vacation issues (I will be out of the country with extremely limited communications from June 30-July 13) and the sheer volume of responding the extensive Separate Statement. During that call, Mr. Harris had indicated his likely cooperation and discussed July 18 as a date for the continued hearing on which we were both available.

DECL. OF DAVID C. VOSS, JR. IN SUPPORT OF EX PARTE APPLICATIONS TO CONTINUE AND TO STRIKE MOTION FOR SUMMARY JUDGMENT

13. Mr. Harris had further indicated I could expect to hear back from him before the end of the day after he consulted with his team; however, it was this morning at 10:35 am when I was advised that his team had declined to cooperate in continuing the hearing. Mr. Harris proposed that I move my trial instead.

14. In response I even offered to provide an additional week for Plaintiff to prepare its reply brief.

15. **NOTICE OF *EX PARTE* APPLICATION**  In compliance with Local Rule 7-19.1 On June 2, 2022 at 3:11 pm, I spoke by telephone with Plaintiff's counsel, Mr. Michael D. Harris, and advised him that defendant AMN would be filing two *ex parte* applications before the above-captioned court for 1) Application for continuance of the hearing on Plaintiff's Motion for Summary Judgment to July 18, 2022 at 1:30 pm and filing deadlines; and, 2) Application to Strike Plaintiff's Motion for Summary Judgment. I provided him with the detailed basis for each of these Ex Parte Applications and I also advised him any opposing papers must be filed by no later than 3:00 p.m. tomorrow. I subsequently sent an e-mail to Mr. Harris and the court's clerk Mr. Cruz alerting them that said motions were being filed this evening.

16. No notice to any other parties is required per Local Rule Local Rule 7-19.1.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 2, 2022 in Marina Del Rey, California.

DAVID C. VOSS, JR.