DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for defendants AMN Distribution, Inc. and
Moishe Newman

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **DEFENDANTS' EX PARTE APPLICATION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT #240]** <br><br> Place:  Courtroom 10A <br> First Street Courthouse <br> 350 W. 1st Street, 10th Floor, <br> Los Angeles, California 90012 |

## EX PARTE APPLICATION

By way of this Ex Parte Application, and the Supporting Declaration of David C. Voss, Jr., **Defendants herein apply for 1) An order striking Plaintiff's Motion for Summary Judgment [Dkt #240] in its entirety; or, 2) In the alternative striking**

**those portions of Plaintiff's Motion for Summary Judgment which pertain to matters reserved for Phase II of this matter.**

Defendants bring this motion on the following grounds:

1) Plaintiff's counsel failed to meet and confer with Defendant's counsel pursuant to Local Rule 7-3.
2) The Notice of Motion and Motion are procedurally defective for failure to comply with FRCP 7(b)(1) for failure to state with particularity the grounds on which it is made or state the relief sought.
3) The matter is bifurcated. Claims regarding counterfeiting are premature in that Plaintiff is barred from bringing such claims unless and until it prevails on Phase I Breach of Contract.

### Local Rule 7-3

Plaintiff's counsel did not at any time comply with Local Rule 7-3 which requires that the moving party meet and confer in advance of filing the motion. Defendants counsel received no communication whatever from Mr. Harris or any other counsel for Plaintiff regarding a meet and confer in advance of filing the Motion for Summary Judgment. For that matter, the first and only time Defendants were ever advised that Plaintiff desired to file this Motion for Summary Judgment was at the scheduling conference when counsel raised its desire to file such motion orally with the court. Mr. Harris and I each have the other's cell phone numbers and have used these to communicate regularly.

Mr. Harris' Declaration [Dkt #240-14] is devoid of any reference to compliance with Local Rule 7-3.

**FRCP 7(b)(1)**

In its two pages, "Plaintiff Athena's Notice of Motion and Motion for Summary Judgment" merely recites that it is a motion for summary judgment and relies upon various associated documents.  It does not on its face include the grounds or specific claims that are the alleged basis for the motion.  It provides no guidance of what the grounds or claims are to which the Defendants are to respond.

Without this direction, Defendants are left to respond to a scattershot of every issue raised in both phases of the case by Plaintiff with no clear direction to which specific issues the Motion for Summary Judgment is founded upon.  Defendants are prejudiced from providing a clear and cogent opposition to the motion by virtue of Plaintiff's apparent approach to throwing in every issue they can think of from both phases of this matter without clear particularity.  FRCP 7(b)(1) is designed to prevent this by requiring that the motion itself "(B) state with particularity the grounds for seeking the order; and (C) state the relief sought."

In fact, Plaintiff filed an extensive Statement of Uncontroverted Facts [Dkt #240-2] (28 pages in length) with no indication or cross-referencing in the Points and Authorities to identify which ones are relied upon as basis for the Motion. This is unnecessarily burdensome as Defendants are left to guess which or all of the Facts listed are relied upon by way of the Motion and the Points and Authorities.  Not only is this burdensome, but it unfairly prejudices Defendants who are left to surmise which of the various Uncontroverted Facts alleged by Plaintiff in its 28 page long list are ones to which Defendants need to address their opposition.

Indeed, the Memorandum of Points and Authorities is purportedly "in Support of the Notice of Motion and Motion for Summary Judgment" [Dkt #240-1].  Yet, the Notice of Motion and Motion [Dkt #240] does not state any grounds on which the Motion is based.

Given that a Motion for Summary Judgment by its very nature is designed to result in the most severe outcome possible to the adverse party, it is critical that Plaintiff be held to comply with FRCP 7(b)(1).

**The Matter is Bifurcated - Claims Regarding Counterfeiting Are Premature**

This Court has previously ordered that "The first phase will address Plaintiffs breach of contract claim. If Plaintiff prevails on the breach of contract claim, the parties will proceed to phase two, during which Plaintiffs remaining claims will be resolved." [Dkt #74]

The logic behind bifurcation - which Defendants have previously argued to the Court - is that by way of the Settlement Agreement, Defendants obtained Plaintiff's agreement not to proceed with litigation of the underlying claims.  Until such time as Plaintiff is able to first obtain a judgment of material breach of contract entitling Plaintiff to excuse of performance from the Settlement Agreement, it is illogical and prejudicial to force Defendants to respond to such counterfeiting claims as are raised and intertwined in various parts of the Motion for Summary Judgment.

Defendants submit that consistent with the Court's decision to bifurcate this matter, they should not be compelled to respond to any claims other than those relating to Breach of Contract which is Phase I of this matter. If Plaintiff's should prevail on Phase I, they would then be free to proceed with a Motion for Summary Judgment, but until then, arguments scattered through the Motion for Summary Judgment on counterfeiting or other Phase II issues are premature and the court should strike those matters from Plaintiff's Motion for Summary Judgment.

- 5 -

1  In compliance with Local Rule 7-19.1 I spoke with Mr. Harris at 3:11 pm this afternoon
2  to provide notice of these two Ex Parte matters that I am filing today and the basis for
3  the relief sought.
4
5       Counsel for the other party (Plaintiff Athena Cosmetics, Inc.) in this matter are:
6
7  Socal IP Law Group LLP
   Michael D. Harris
8  Email: mharris@socalip.com
   Marina L Lang
9  Email: mlang@soalip.com
10 Brian Tamsut
   Email: btamsut@socalip.com
11 310 North Westlake Boulevard Suite 120
12 Westlake Village, CA 91362-3788
13 805-230-1350
   Fax: 805-230-1355
14
15 Klinedinst PC
   Dan Lawton
16 Email: dlawton@klinedinstlaw.com
17 777 South Figueroa Street Suite 4000
   Los Angeles, CA 90017
18 619-239-8131
19 Fax: 619-238-8707
20
   Sanford Heisler Sharp
21 Edward D Chapin
22 Email: echapin@sanfordheisler.com
   2550 Fifth Avenue Suite 11th Floor
23 San Diego, CA 92103
24 619-577-4253
   Fax: 619-577-4250
25
26
27
28

For the foregoing reasons, Defendants respectfully request that the Court issue an order: 1) Striking Plaintiff's Motion for Summary Judgment in its entirety; or, 2) In the alternative striking those portions of Plaintiff's Motion for Summary Judgment which pertain to matters reserved for Phase II of this matter.

DATED: June 2, 2022

DAVID C. VOSS, JR.
VOSS, SILVERMAN & BRAYBROOKE, LLP

By: _____
David C. Voss, Jr.
Attorneys for Defendants
AMN DISTRIBUTION, INC. and
MOISHE NEWMAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 1 -
*EX PARTE* APPLICATION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT MOTION