Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Dan Lawton, No. 127342 dlawton@klinedinstlaw.com
Klinedinst
777 South Figueroa St., Suite 4000
Los Angeles, California 90017
Phone: (619) 239-8131 • Fax: (619) 238-8707

Edward D. Chapin, No. 53287
    echapin@sanfordheisler.com
Sanford Heisler Sharp, LLP
2550 Fifth Avenue, 11th Floor
Phone: (619) 577-4253 • Fax: (619) 577-4250
San Diego, CA 92103

Attorneys for Plaintiff Athena Cosmetics, Inc.

**United States District Court**

**Central District of California – Western Division**

| | |
|---|---|
| Athena Cosmetics, Inc., <br><br>   Plaintiff, <br><br> v. <br><br> AMN Distribution Inc., et al, <br><br>   Defendants. | No. 2:20-cv-05526-SVW-SHK <br><br> Plaintiff Athena's Opposition to Defendants' Ex Parte Application to Continue the Hearing on Athena's Summary Judgment Motion <br><br> Judge: Wilson |

Athena opposes defendants' ex parte application to continue the hearing on Athena's summary judgment motion because:

**A.   Introduction**

Delaying the summary judgment hearing and the rest of the lawsuit is not warranted. Contrary to defendants' arguments, Athena's counsel did not agree to the continuance.

B. **DEFENDANTS' PROPOSED DELAY IS JUST ANOTHER IN A SERIES OF DELAY.**

Plaintiff Athena moved for summary judgment on May 23, but until June 1, nine days later, defendant first thought of continuing the hearing. The ex parte application to continue the hearing is their way of delaying this lawsuit.

Plaintiff sued almost two years ago on June 22, 2020. It should be over, but it has been delayed repeatedly.

C. **A TRIAL SET IN SUPERIOR COURT AFTER ATHENA NOTICED THE MOTION SHOULD NOT DELAY THE HEARING.**

Neither Athena nor the Court knows if defense counsel told the superior court judge of the summary judgment hearing or whether that judge would have begun the trial later to accommodate the motion here. Without evidence from defendants, assuming the issue was not raised in superior court is a proper inference.

D. **ATHENA'S ATTORNEY DID NOT AGREE TO THE CONTINUANCE.**

Counsel for both parties spoke about the proposed continuance on June 1. Before counsel spoke, Mr. Voss did not email his proposal with dates for opposition, reply or hearing. While Mr. Harris said he might not object to continue the hearing, he said he would check his calendar and check with co-counsel's schedule. After discussions with them, he notified Mr. Voss he would not agree.

E. **THE COURT MAY NOT HOLD A HEARING ON THE SUMMARY JUDGMENT MOTION.**

Yes, this is speculating, but the Court has decided previous dispositive motions without a hearing. If the Court does not plan a hearing for this motion, basing a continuance on a hearing that will not occur lacks support for the continuance.

F. **DEFENDANTS' ISSUES WITH THE SUMMARY JUDGMENT MOTION BELONG IN ANY OPPOSITION, NOT IN EX PARTE APPLICATIONS.**

Defendants argue flaws in the summary judgment motion make their opposition more difficult. Those arguments belong in any opposition they might file.

### G. CONCLUSION

Defendants have not shown good cause to delay the summary judgment hearing and the deadlines for filing an opposition or reply. Their opposition should be denied.

June 3, 2022

/s/ *Michael Harris*
Michael D. Harris
SoCal IP Law Group LLP

Attorneys for Plaintiff Athena Cosmetics, Inc.