Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Dan Lawton, No. 127342 dlawton@klinedinstlaw.com
Klinedinst
777 South Figueroa St., Suite 4000
Los Angeles, California 90017
Phone: (619) 239-8131 • Fax: (619) 238-8707

Edward D. Chapin, No. 53287
    echapin@sanfordheisler.com
Sanford Heisler Sharp, LLP
2550 Fifth Avenue, 11th Floor
Phone: (619) 577-4253 • Fax: (619) 577-4250
San Diego, CA 92103

Attorneys for Plaintiff Athena Cosmetics, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| Athena Cosmetics, Inc., | No. 2:20-cv-05526-SVW-SHK |
|---|---|
| Plaintiff, | Plaintiff Athena's Opposition to Defendants' Ex Parte Application to Strike Athena's Summary Judgment Motion |
| v. | |
| AMN Distribution Inc., et al, | |
| Defendants. | Judge: Wilson |

Plaintiff Athena opposes defendants' ex parte application to strike Athena's summary judgment motion on these grounds:

**A.  INTRODUCTION**

Athena moved for summary judgment on May 23 (Dkt. 240). Almost two weeks later, defendants filed two ex parte applications, this one striking the motion and the other one seeking a continuance. The application to strike has no support. The motion should be decided on the merits.

### B. THE COURT ORDERED ATHENA TO MOVE FOR SUMMARY JUDGMENT.

At the May 9, 2022, pretrial conference, plaintiff Athena's counsel Harris raised Athena moving for summary judgment. The Court ordered Athena to make its motion within two weeks (Dkt. 237). Defendants' attorney Voss was present. If he wanted further discussion, he could have approached Athena's attorney to raise his reasons for opposing. He must have heard the Court issue its oral order, so he knew further discussions with Athena's attorney was futile.

For previous motions, Athena's attorney found defense counsel made scheduling a meet and confer difficult. After the first trial, Athena moved for summary judgment (Dkt. 199, Dec. 15, 2021).[1] Attorney Harris first notified defense counsel on November 22 it planned to move for summary judgment and requested a meet and confer. Opposing counsel Voss emailed back the next day saying he was ill but would return to work the following day. About a week later, Mr. Harris emailed Mr. Voss asking, "Email me a time for you to confer tomorrow." A few days later, Mr. Voss wrote, "… I am not in today... Might be in tomorrow mid-day." Later that day, Mr. Harris emailed back, "Call me tomorrow." Mr. Voss did not call back. Had Mr. Voss not avoided meeting and conferring, the attorneys would have discussed the same issues for the present summary judgment motion.

### C. ATHENA'S NOTICE OF MOTION COMPLIES WITH FED. R. CIV. P. 7(b)(1).

Defendants' advance an improperly technical reading of Rule 7(b)(1). Ruling on an opposition's reliance on the rule, the court in *M.S. v. City of Fontana*, EDCV-1602498-JGB, 2018 WL 11356420, at *2 (C.D. Cal. Apr. 30, 2018), held, "Courts generally consider whether any party has been prejudiced by the movant's lack of particularity and whether the court can comprehend the basis of the motion and deal with it fairly." (quoting *Yates v. Delano Retail Partners, LLC*, C 10-3073 CW, 2012 WL 2563850, at *2 (N.D. Cal. June 28, 2012). *See also* 5 J. Moore, Moore's Fed.

---

[1] Denied without prejudice after the Court granted a new trial.

Prac. Civ. § 1192 (4th Ed.) ("Many district judges tend to focus on whether any party has been prejudiced by the movant's lack of particularity and whether the court can comprehend the basis of the motion and deal with it fairly."). Though defendants' claim to be prejudiced, they cannot have been. They know the issues. They are aware of the acts Athena asserts are breaches of the settlement agreement. They also know what they did to sell and promote their counterfeit Athena products.

D. **BIFURCATION OF TRIAL SHOULD NOT LIMIT A SUMMARY JUDGMENT MOTION ON WHAT THE COURT HAD BIFURCATED.**

The purpose of any summary judgment motion is to avoid trial when facts are undisputed. The Court's bifurcation order was designed for orderly trials. It should not affect whether summary judgment on bifurcated issues is justified.

Defendants propose having a second summary judgment motion if Athena succeeds on the first, breach of contract claim, just drags out this lawsuit. If they have evidence to refute the evidence of their counterfeiting, they should present it now.

E. **CONCLUSION**

Defendants failed to show legal reasons why striking the summary judgment motion is proper. Its ex parte application should be denied.

June 3, 2022

/s/ *Michael Harris*
Michael D. Harris
SoCal IP Law Group LLP

Attorneys for Plaintiff Athena Cosmetics, Inc.