DAVID C. VOSS, JR. (State Bar No. 147330)
david@vsbllp.com
VOSS, SILVERMAN & BRAYBROOKE LLP
4640 Admiralty Way, Suite 800
Marina Del Rey, California 90292-6602
T: (310) 306-0515/ F: (310) 306-5368

Attorneys for Defendants Moishe Newman
and AMN Distribution, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ATHENA COSMETICS, INC., <br><br> Plaintiff <br><br> v. <br><br> AMN DISTRIBUTION, INC., MOISHE NEWMAN, an individual d/b/a BRUSH EXPRESS, and DOES 1-10, INCLUSIVE, <br><br> Defendants | Case No. 2:20-cv-05526-SVW-SHK <br><br> **EVIDENTIARY OBJECTIONS OF DEFENDANTS AMN DISTRIBUTION, INC. AND MOISHE NEWMAN IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br> **HEARING** <br><br> Date: July 18, 2022 <br> Time: 1:30 p.m. <br> Place: Courtroom 10A <br>        First Street Courthouse <br>        350 W. 1st Street, 10th Floor, <br>        Los Angeles, California 90012 <br><br> **TRIAL** <br> Prior Mistrial, No New Trial Date Currently Pending |

Defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman" and collectively, "Defendants") hereby object to the following materials and evidence submitted by plaintiff Athena Cosmetics, Inc. ("Athena" or "Plaintiff") in support of its summary judgment motion.

**OBJECTIONS TO CHRISTINA FELIX DECLARATION AND EXHIBITS REFERENCED THEREIN**

| OBJ. NO. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTIONS |
|---|---|---|
| 1. | Declaration of Christina Felix (Dkt. 240-3, hereinafter, "Felix Decl."), ¶ 18, p. 6, lines 9-10: "The list price for authentic REVITALASH Eyelash Conditioner 3.5 ml /0.118 fl-oz is $150." | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). The declarant has failed to provide any foundation or establish any personal knowledge and competence to testify as to the matters stated, such as whether she had access to and familiarity with Athena's list prices and the time frame covered by those prices. |
| 2. | Felix Decl., ¶ 18, p. 6, line 10: "Defendants' average price for the same product is $75.17." | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). Among other things, the declarant has failed to explain the basis for any personal knowledge of the matter |

| OBJ. NO. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTIONS |
|---|---|---|
| | | stated and the basis for her calculation. |
| 3. | Felix Decl., ¶ 19, p. 6, line 11: "Athena never sold Athena-brand products to any defendant." | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). The declarant has failed to provide any foundation or establish any personal knowledge and competence to testify as to the matters stated, such as whether she had access to and reviewed Athena's sales records. |
| 4. | Felix Decl., ¶ 21, p. 6, lines 21 through 24: "I determined that all the goods were counterfeits of Athena's new 2019 product-line. Athena's new 2019 product-line did not exist prior to 2019." | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)) to the extent that the declarant is referring to any goods (she uses the phrase "all the goods were counterfeit") other than the 3 specific units she purchased on November 21, 2019 as set forth in paragraphs 9 through 13 of her declaration. She has failed to provide any admissible testimony that she obtained, |

| OBJ. NO. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTIONS |
|---|---|---|
| | | reviewed, or examined any of the other thousands of items listed on Schedule 2 of the Settlement Agreement. |

## OBJECTIONS TO MICHAEL HARRIS DECLARATION AND EXHIBITS REFERENCED THEREIN

| OBJ. NO. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTIONS |
|---|---|---|
| 1. | Declaration of Michael Harris (Dkt. 240-14, hereinafter, "Harris Decl."), Harris Decl., ¶ 2, p. 1., line 1, "cease and desist" and line 2, "demanding it cease selling and advertising Athena- brand products." | Best evidence rule (Fed R. Evid. 1002). The best evidence of the contents of the referenced letter is the letter it the document itself. |
| 2. | Harris Decl., ¶ 3, p. 2, lines 2 through 3: "Moishe Newman, as an individual and on behalf of his dba, Brush Express, were parties and signed the agreement. Exhibit 8 (Felix Decl.) is a copy of the Agreement." | Best evidence rule (Fed R. Evid. 1002). Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). The best evidence of the contents of |

| OBJ. NO. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTIONS |
|---|---|---|
|  |  | the document it the document itself. In addition, the declarant has failed to otherwise establish his personal knowledge and competence to testify as to whether Brush Express is a dba of Moishe Newman. |
| 3. | Harris Decl., ¶ 4, in its entirety and Exhibits 9 and 10. | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). Lack of authentication. (Fed. R. Evid. 901(a)). The declarant has failed to demonstrate any personal knowledge with respect to the Settlement Agreement and attached schedules, including whether he was involved in the negotiation or preparation of the same. He has also failed to testify that the referenced exhibits are true and correct copies of the documents they purport to be. Accordingly, neither of the exhibits has been properly authenticated. |
| 4. | Harris Decl., ¶ 5, p. 2, lines 7 through 8: "Because of perceived breaches to the Settlement Agreement, Athena | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. |
- 5 -
DEFENDANTS' EVIDENTIARY OBJECTIONS

| OBJ. NO. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTIONS |
|---|---|---|
| | sued defendants AMN Distribution and Moishe Newman in this litigation." . | 602; Fed. R. Civ. Proc. 56(c)(4)). The declarant has failed to demonstrate any personal knowledge or provide the basis for any knowledge with respect to the Settlement Agreement, any alleged breaches, and the reason that Athena sued defendants. Moreover, with respect to subject matter, the declarant's testimony is subject to the automatic exclusion under Federal Rule of Civil Procedure 37(c)(1) as a result of his failure to identify himself as a witness on his clients three versions of it Rule 26(a) initial disclosures. *If the declarant wants to testify as to his client's motivation for bringing this lawsuit, he should have identified himself as a witness in the initial disclosures, made himself available for his deposition, and waived the attorney-client communication privilege. By failing to identify himself as a witness with respect to his client's motivation and* |

| OBJ. NO. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTIONS |
|---|---|---|
|  |  | "perceived breaches," declarant at his deprived the Defendants of the opportunity to depose him on a fact that declarant himself has deemed "material" by including it in support of the instant motion. |
| 5. | Harris Decl., ¶ 6, p. 2, line 9 – p. 3, line 2 and Exh. 11 referenced therein. | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). Failure to authenticate exhibit (Fed. R. Evid. 901(a)). The declarant has failed to establish the basis of any personal knowledge with respect to the referenced material or his ability to authenticate the same. |
| 6. | Harris Decl., ¶ 24, p. 5 and Exh. 28 referenced therein. | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). Lack of authentication. (Fed. R. Evid. 901(a)). The declarant has failed to demonstrate any personal knowledge to authenticate the referenced exhibit and has failed to testify that it is a true and correct |

| OBJ. NO. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTIONS |
|---|---|---|
|  |  | copies of the document that it purports to be. Accordingly, the exhibit has not been properly authenticated. |
| 7. | Harris Decl., ¶ 25, p. 5 and Exh. 29 referenced therein. | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). Lack of authentication. (Fed. R. Evid. 901(a)). The declarant has failed to demonstrate any personal knowledge to authenticate the referenced exhibit and has failed to testify that it is a true and correct copies of the document that it purports to be. Accordingly, the exhibit has not been properly authenticated. |
| 8. | Harris Decl., ¶ 26, p. 5 and Exh. 30 referenced therein. | Lack of foundation, personal knowledge and competence to testify on the matters stated (Fed R. Evid. 602; Fed. R. Civ. Proc. 56(c)(4)). Lack of authentication. (Fed. R. Evid. 901(a)). The declarant has failed to demonstrate any personal knowledge to authenticate the |

| OBJ. NO. | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTIONS |
|---|---|---|
| | | referenced exhibit and has failed to testify that it is a true and correct copies of the document that it purports to be. Accordingly, the exhibit has not been properly authenticated. |

DATED:  June 27, 2022                    DAVID C. VOSS, JR.
                                         VOSS, SILVERMAN & BRAYBROOKE, LLP


                                         By: _____
                                             David C. Voss, Jr.
                                             Attorneys for Defendants
                                             AMN DISTRIBUTION, INC. and
                                             MOISHE NEWMAN