1  DAVID C. VOSS, JR. (State Bar No. 147330)
   david@vsbllp.com
2  VOSS, SILVERMAN & BRAYBROOKE LLP
3  4640 Admiralty Way, Suite 800
   Marina Del Rey, California 90292-6602
4  T: (310) 306-0515/ F: (310) 306-5368

5
6  Attorneys for Defendants Moishe Newman
   and AMN Distribution, Inc.
7

8             UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11

12  ATHENA COSMETICS, INC.,            ) Case No. 2:20-cv-05526-SVW-SHK
                                       )
13              Plaintiff              ) **DEFENDANTS' STATEMENT OF**
                                       ) **GENUINE DISPUTES IN**
14                                     ) **OPPOSITION TO PLAINTIFF'S**
                                       ) **MOTION FOR SUMMARY**
15       v.                            ) **JUDGMENT**
                                       )
16  AMN DISTRIBUTION, INC., MOISHE     ) **HEARING**
17  NEWMAN, an individual d/b/a BRUSH  )
    EXPRESS, and DOES 1-10, INCLUSIVE, ) Date: July 18, 2022
18                                     ) Time: 1:30 p.m.
              Defendants               ) Place: Courtroom 10A
19                                     )        First Street Courthouse
20                                     )        350 W. 1st Street, 10th Floor,
                                       )        Los Angeles, California 90012
21                                     )
22                                     )
                                       )
23                                     ) **TRIAL**
24                                     ) Prior Mistrial, No New Trial Date
                                       ) Currently Pending
25                                     )
26                                     )

27       Pursuant to Local Rule 56-2, Defendants AMN Distribution, Inc. ("AMN") and

28  Moishe Newman ("Newman" and collectively "Defendants") hereby submit the

following "Statement of Genuine Disputes" in opposition to the motion for summary judgment filed by plaintiff Athena Cosmetic's, Inc. ("Plaintiff" or "Athena").

Facts 1 through 52 below correspond to the facts and supporting evidence presented in the Statement of Uncontroverted Facts filed by Plaintiff as the moving party.

## MOVING PARTIES' ALLEGED UNCONTROVERTED FACTS

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE |
|---|---|
| 1.  Christina Felix has been employed by Athena Cosmetics, Inc. ("Athena") for over 13 years. Athena is in Ventura, California. | **UNDISPUTED** |
| 2. Defendant AMN Distribution, Inc. ("AMN Distribution") is a Delaware Corporation. | **UNDISPUTED** |
| 3. Defendant Moishe Newman ("Newman"), an individual, resides in the Melbourne, Australia area. | **UNDISPUTED** |
| 4. Athena Manufactures luxury cosmetics under the RevitaLash® and RevitaBrow® brands and other trademarks. It sells luxury cosmetics throughout the United States and in selected foreign markets. | **UNDISPUTED** |
| 5. Dr. Michael Brinkenhoff, Athena's CEO, is known as the developer of Athena's RevitaLash® eyelash conditioning serum. | **DISPUTED - Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings.** |

| | |
|---|---|
| 6. Ms. Felix's current job titles at Athena are Customer Support Manager and Anti-Diversion Manager. | **DISPUTED - Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings.** |
| 7. When Ms. Felix uses the word "counterfeit" in this declaration, she is referring to products using Athena trademarks made to look like authentic Athena products. | **DISPUTED - Unsupported conjecture or argument rather than a statement of fact.** |
| 8. Ms. Felix's role as Anti-Diversion Manager entails investigating and buying "unauthorized" products from Internet sellers' websites advertising cosmetic products bearing Athena's trademarks. When she uses the word "unauthorized," she means Athena does not authorize the online seller to sell goods with any Athena trademark. | **UNDISPUTED** |
| 9. Ms. Felix maintains a purchase log of all unauthorized products I [sic] purchase that are advertised using an Athena trademark. When I [sic] buy the product on the Internet, I [sic]: <br>     a. copy and save a copy of the webpage listing the product; <br>     b. save a copy of my proof of purchase of the products generated by the web site; | **UNDISPUTED** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| c. photograph the shipping label and product package when the item is delivered;<br><br>d. photograph the package contents;<br><br>e. update the purchase log; and<br><br>f. secure items a through d. | |
| 10. On November 21, 2019, Ms. Felix visited the website www.brushexpress.com and purchased three units of RevitaLash Eyelash Conditioner. She took a screen shot of that website on the same date… Athena's RevitaLash is one of the website's "Featured Collections." | **DISPUTED - Unsupported by admissible evidence** |
| 11. She documented proof of my [sic] purchase by printing the screen capture. | **DISPUTED - Unsupported by admissible evidence** |
| 12. The goods Ms. Felix ordered from brushexpress.com arrived in a container. She photographed the container's label. | **DISPUTED - Unsupported by admissible evidence** |
| 13. The return address label states: Brush Express, Shipping Department, 10 Gallagher Dr, Suite C, Plains PA 18705. I [sic] covered over the "ship to" portion, which has my home address. | **DISPUTED - Unsupported by admissible evidence** |
| 14. The three products, that BrushExpress called RevitaLash, were fakes. Ms. Felix base that conclusion on: | **DISPUTED - Inadmissible expert opinion** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

a.  Athena prints its lot code on all its products. If a customer has a problem with a product, Athena can determine the product's lot. The BrushExpress counterfeits use a falsified lot code. Exhibit 4 and the photograph below shows lot codes of a legitimate (left) and counterfeit (right) Athena product.

b.  Genuine Athena products contain anti-diversion, tracking technology, but BrushExpress's counter-feits do not.

c.  Athena uses custom, machine-glued, seamless, adhesive packaging for its containers, which is important to protect the goods sensitive components during shipment and ensure they are not subject to tampering. The containers from BrushExpress were taped with clear ¾- inch

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

adhesive tape.

d. Athena's boxes are of a custom shade of blue, but BrushExpress's blue for its box differs from Athena's blue. See Exhibit 5 (copied on the next page), side-by-side photographs of an authentic (left) and a fake (right) RevitaLash boxes.

e. Athena's package comes with an internal booklet. In the image below, which shows Athena's (top) and BrushExpress's (bottom) internal booklets, BrushExpress's booklet is incorrectly folded and written with Chinese characters off to one side. Athena's booklet is folded differently and has no Chinese characters. Exhibit 6.

f. BrushExpress's counterfeits have a thicker wand and brush tube than Athena's authentic wand and

| | |
|---|---|
| brush tube. Exhibit 7 is a photograph on the next page, which shows Athena's wand and brush tube (left) and the BrushExpress wand and brush tube (right). | |
| 15. Exhibit 8 is a copy of the April 29 and 30, 2020, settlement agreement between Athena and AMN Distribution, Moishe Newman and BrushExpress. The agreement has two schedules, Schedules 1 and 2. Exhibits 9 and 10 are copies. | **UNDISPUTED** |
| 16. Ms. Felix reviewed Schedules 1 and 2 of the 2020 Agreement. Schedule 1 identifies no human with his or her full name, email address, or phone number. | **DISPUTED - Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings.** |
| 17. In Schedule 1, defendants claim they purchased 2,835 units during 2019. | **UNDISPUTED** |
| 18. According to the data of Schedule 2, defendants sold 4,474 units during 2019. Their grand total 2019 revenue is $312,880. | **DISPUTED – Revenue is not defined as net v. gross.  Plaintiff has failed to calculated profit as distinguished from revenue.** **Revenue is not the same as profit, nor is the number causally linked to alleged sales of counterfeit products and presumes that all the products sold must be counterfeit despite the very** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| | limited sample and apparent genuineness of the many hundreds of units returned to Plaintiff. |
| 19. The list price for authentic REVI-TALASH Eyelash Conditioner 3.5 ml /0.118 fl-oz is $150. Defendants' average price for the same product is $75.17. | **DISPUTED – Evidence shows many different types of products sold rendering the average given inaccurate – See Exhibit 103 identified by Defendants for Trial and produced in discovery Bates stamp #004682** |
| 20. Athena never sold Athena-brand products to any defendant. | **UNDISPUTED** |
| 21. In 2019, Athena significantly refreshed the look and feel of its product-line by adopting new product packaging, artwork, colors, designs, fonts, and logos. In 2019, shortly after Athena started shipping its re-branded product line to its authorized distributers, Athena was very surprised to discover unauthorized online retailers, including BrushExpress, advertising and selling products from Athena's newly introduced 2019 product line, with its newly designed product packaging, artwork, colors, designs, fonts, and logos. So, as part of my [sic] job duties, in November 2019, I [sic] purchased from the BrushExpress website, the products that they were | **DISPUTED - Unsupported by evidence cited by Plaintiff.  Fails to accurately indicate actual number of units purchased and implies ALL products advertised were purchased. Unsupported by admissible evidence, Unsupported conjecture or argument rather than a statement of fact.** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| advertising and selling that appeared to be from Athena's new 2019 product-line. | |
| 22. After Ms. Felix analyzed her purchases from BrushExpress in November 2019, she determined that all the goods were counterfeits of Athena's new 2019 product-line. Athena's new 2019 product-line did not exist prior to 2019. | **DISPUTED - Unsupported by admissible evidence.  Unsupported by evidence cited by Plaintiff. Unsupported conjecture or argument rather than a statement of fact. Declarant only reviewed a few sample purchases out of thousands sold and did not state she had found any counterfeits among the hundreds of units returned to Plaintiff pursuant to the Settlement Agreement.** |
| 23. | **DISPUTED - Unsupported by admissible evidence, see Evidentiary Objections. Unsupported by evidence cited by Plaintiff. Unsupported conjecture or argument rather than a statement of fact. Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings.** |
| 24. Athena's counsel wrote to BrushExpress and demanded it stop selling Athena-brand products. | **UNDISPUTED** |
| 25. Instead of litigation then and after discussions among the parties, Athena, AMN | **UNDISPUTED** |

| | |
|---|---|
| Distribution and Mr. Newman avoided litigation by negotiating and signing the Settlement Agreement on April 29 and 30, 2020 | |
| 26. Two schedules, Schedule 1 and Schedule 2, are part of the Settlement Agreement. Exhibit 9 (Felix Decl.) is a copy of Schedule 1, and Exhibit 10 (Felix Decl.) is a copy of Schedule 2. | **DISPUTED – AMN provided a supplemtal schedule with additional information at theinstance and request of Plaintiff** |
| 27. Because of perceived breaches to the Settlement Agreement, Athena sued defendants AMN Distribution and Moishe Newman in this litigation. | **DISPUTED - Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings. Perception of breaches is insufficient cause for violating covenant not to sue.** |
| 28. Athena owns these United States Trademark Registrations, which are in-contestable under 15 U.S.C. §§ 1058, 1065:<br>    a. No. 3,526,373 (November 4, 2008), for ATHENA AND DESIGN.®<br>    b. No. 3,413,360 (April 15, 2008), for ATHENA COSMETICS.®<br>    c. No. 5,633,064 (December 18, 2018), for ETERNALLY PINK.® | **UNDISPUTED** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| d. No. 4,501,304 (March 25, 2014), for REVITALASH ADVANCED.® e. No. 3,588,423 (March 10, 2009), for the mark REVITABROW.® f. No. 4,501,307 (March 25, 2014), for REVITABROW ADVANCED.® g. No. 5,871,804 (October 1, 2019), (the "RL Logo.") **REVITALASH** COSMETICS REVITALASH, ATHENA AND DESIGN, ATHENA COSMETICS, ETERNALLY PINK, REVITALASH ADVANCED, REVITABROW, REVI-TABROW ADVANCED and the RL LOGO are collectively "Athena Trade-marks." | |
| 29. This lawsuit has been pending since June 2020. On October 1, 2020, my firm served interrogatories and documents requests (Exs. 12 and 13) on defendant AMN Distribution. The firm also served a Rule 30(b)(6) deposition notice for November 5 (Ex. 14). They were served by email on attorney Ronan Cohen, who | **DISPUTED - Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings. Magistrate Judge Kewalramani upheld objections raised by Defendants including form of service by email being in violation of FRCP Rule 5. In addition, Mr. Cohen was at the time** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| initially represented defendant AMN Distribution. | **mentally incapacitated by what was later determined to be a brain tumor requiring surgical removal of the tumor. All discovery properly served was answered after rulings by the Magistrate Judge. This has already been the subject of this Court's ruling denying Plainitff's Motion in Limine to preclude evidence.** |
| 30. Mr. Cohen and AMN Distribution did not respond to written discovery, and without Mr. Cohen telling any Athena attorney the witness would not attend, he and AMN Distribution did not attend. See Ex. 15 (Certificate re Nonappearance). | **DISPUTED - Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings. Magistrate Judge Kewalramani upheld objections raised by Defendants including form of service by email being in violation of FRCP Rule 5. In addition, Mr. Cohen was at the time mentally incapacitated by what was later determined to be a brain tumor requiring surgical removal of the tumor. All discovery properly served was answered after rulings by the Magistrate Judge. This has already been the subject of this Court's ruling denying Plainitff's Motion in Limine to preclude evidence.** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| 31. Attorney David Voss replaced Mr. Cohen as defendants' attorney in mid-November 2020. Dkt. 41. He moved to set aside the default judgment against defendant Moishe Newman, AMN Distribution's CEO. After Mr. Newman produced a document from the Australian government, showing he was in Australia when he was allegedly served in Long Beach, I [sic] agreed to set aside the default. The Court granted the set-aside motion on January 19. Dkt. 62. | **DISPUTED – Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings.** **Plaintiff fiercely contested the Motion to Set-Aside over many months. Despite admonition from the Magistrate Judge that the Motion would likely be granted and Defendants offer of proof to Plaintiff, counsel did not agree to set-aside the default until after many months and forcing Defendants to file Motion to Set-Aside Default [Dkt. #47], Reply Brief [Dkt. #53] and further Declaration of Moishe Newman [Dkt. #59].** **Plaintiff filed Opposition to the Motion to Set-Aside [Dkt. #51], a Motion to Strike [Dkt. #54] (denied) and a Sur-Reply [Dkt. #61] in contesting the Motion.** MINUTE ORDER (IN CHAMBERS) GRANTING <u>47</u> MOTION TO SET ASIDE DEFAULT JUDGMENT by Judge Stephen V. Wilson. Before the Court is Defendant Moishe Newman's motion to set aside the default judgment entered against him. Dkt. 47. After briefing, Plaintiff withdrew its opposition to Newman's motion. Dkt. 61. |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| | The Court finds that Newman presented strong and convincing evidence to meet his burden and, accordingly, Newman's motion is GRANTED. The Court hereby ORDERS as follows: 1. The August 7, 2020 default entered against Newman is set aside and vacated; 2. The September 17, 2020 default judgment entered against Newman is set aside and vacated; and 3. Newman must answer Plaintiff's complaint or file a Rule 12 motion within 21 days of this order. (mrgo) (Entered: 01/20/2021) |
| 32. On January 9 and 12, 2021, Mr. Newman moved to dismiss under Rule 12(b)(6), Dkt. 63, and AMN Distribution filed a Rule 12(c) motion. Dkt. 65. The Court denied both. Dkt. 72. Athena filed a first amended complaint on March 22, 2021, Dkt. 73, which now is the operative complaint. Defendants answered April 5. It asserted no counterclaims. Dkt. 75. | **DISPUTED – The court GRANTED in part the Motion to Dismiss finding that "Under the Settlement Agreement, however, only AMN is obligated to provide that information to Plaintiff."** |
| 33. In early April 2021, six months after my firm had served its initial written discovery and its Rule 30(b)(6) deposition notice, Mr. Voss emailed me saying Athena's service by email of inter-rogatories, documents requests and the | **DISPUTED – Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings. Magistrate Judge Kewalramani expressly upheld Defendants objections** |

| | |
|---|---|
| notice of a Rule 30(b)(6) deposition did not comply with FED. R. CIV. P. 5 because Mr. Cohen, defendants' first attorney, and I had no written agreement to serve discovery by email. Mr. Cohen never raised the issue | to the Rule 30(b)(6) deposition notices and other discovery. **Improper service is no service at all. Mr. Harris ultimately advised the Magistrate Judge that Plaintiff had no other discovery issues. As this court has ruled, Plaintiff is engaged in conjecture and importantly no discovery order was ever obtained by Plaintiff despite this Court ordering that Plaintiff bring such motion.** |
| 34. Schedule 2 shows 4,474 Athena-brand sales during 2019 with a gross revenue of $312,880. | **DISPUTED – See #18 above. Unsupported conjecture or argument rather than a statement of fact. Unsupported by admissible evidence. Precluded by Plaintiff's failure to disclose damages as more particularly discussed in the Opposition to Motion for Summary Judgment and irrelevant to the issues raised by the FAC.  Gross revenue is not the same as profit, nor is the number causally linked to alleged sales of counterfeit products and presumes that all the products sold must be counterfeit despite the very limited sample and apparent genuineness of the many hundreds of units returned to Plaintiff.** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| 35. On April 15, 2021, my firm served the same interrogatories and documents requests on Mr. Voss, this time by postal mail. We also served a Rule 30(b)(6) deposition notice on May 11, 2021, on AMN Distribution for a June 4 deposition. | **DISPUTED – Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings. Magistrate Judge Kewalramani expressly upheld Defendants objections to the Rule 30(b)(6) deposition notices and other discovery.  Improper service is no service at all. Mr. Harris ultimately advised the Magistrate Judge that Plaintiff had no other discovery issues. As this court has ruled, Plaintiff is engaged in conjecture and importantly no discovery order was ever obtained by Plaintiff despite this Court ordering that Plaintiff bring such motion.** |
| 36. On May 20, 2021, defendants served objections to every document request and interrogatory. After a conference with Magistrate Judge Kewalramani, defendants served amended responses on July 1, and on August 17, they served additional interrogatories responses. Until then and August 25, defendants produced no documents, at which time Mr. Voss's office sent me 4,703 pages of documents. The documents were not Bates numbered and all but 22 pages were the six or seven | **DISPUTED – As has been briefed ad nauseum in multiple filings, upon exhaustive review of the discovery propounded and Defendants objections by the Magistrate Judge, nearly all of the objections were upheld or counsel for Plaintiff withdrew their contention that the discovery response/objection was improper.  There was one very slight change to one interrogatory response to clarify.  All responsive documents were then produced.  As this** |

| | |
|---|---|
| pages a person ordering from eBay receives when he or she completes an order. They contain advertising for other products. Defendants produced no purchase orders or documents to and from their suppliers. Exhibit 20 is the first six pages of that production. | court has ruled, Plaintiff is engaged in conjecture and importantly no discovery order was ever obtained by Plaintiff despite this Court ordering that Plaintiff bring such motion. After the document production, Mr. Harris ultimately advised the Magistrate Judge that Plaintiff had no other discovery issues yet he attempts to raise such arguments anew as a factual allegation. |
| 37. Mr. Harris asked Mr. Voss to tell me which document request these documents cover, but I received no answer. | DISPUTED - Unsupported by admissible evidence. Unsupported by evidence cited by Plaintiff. Unsupported conjecture or argument rather than a statement of fact. Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings. |
| 38. Mr. Harris noticed the deposition of AMN Distribution under Rule 30(b)(6) for a May 11, 2021, deposition, and after Mr. Voss objected, I noticed Rule 30(b)(6) deposition for October 12, 2021. | DISPUTED – Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings. Magistrate Judge Kewalramani expressly upheld Defendants objections to the Rule 30(b)(6) deposition notices and other discovery. |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| | As this court has ruled, Plaintiff is engaged in conjecture and importantly no discovery order was ever obtained by Plaintiff despite this Court ordering that Plaintiff bring such motion. |
| 39. Defendants' Initial Disclosures lists only one witness from defendants. The only documents listed are the Settlement Agreement, a letter from counsel for LinkAmerika II, proof of defendants paying $25,000 under Settlement Agreement, which is not an issue here, and emails between Athena's counsel and AMN's prior counsel. | **DISPUTED - Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings.  The referenced emails and letter demonstrate that Athena's counsel had the information sought and had been in contact with Link Amerika through European counsel for Athena.** |
| 40. After Mr. Voss objected to the latter notice, defendants' failure to produce documents put me in a bind. Even if Mr. Harris could complete the procedures under Local Rule 37 to order defendants to produce documents, document production might not begin before the trial date set in November. Since Mr. Harris had no defendants' documents for questioning the witness, Mr. Harris did not proceed with the deposition. | **DISPUTED - Unsupported conjecture or argument rather than a statement of fact.** **Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings.** **As has been briefed ad nauseum in multiple filings, upon exhaustive review of the discovery propounded and Defendants objections by the Magistrate Judge, nearly all of the objections were upheld or counsel for Plaintiff withdrew their contention that the discovery response/objection was** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | improper. There was one very slight change to one interrogatory response to clarify. All responsive documents were then produced. As this court has ruled, Plaintiff is engaged in conjecture and importantly no discovery order was ever obtained by Plaintiff despite this Court ordering that Plaintiff bring such motion.<br><br>After the document production, Mr. Harris ultimately advised the Magistrate Judge that Plaintiff had no other discovery issues. |
|---|---|
| 41. Though no books, records or other useful documents were produced from defendants, Mr. Harris noticed AMN Distribution's deposition for October 28, 2021, under Rule 30(b)(1) through its CEO Mr. Newman. Mr. Harris sent Mr. Voss an email asking whether Mr. Newman would attend. Mr. Voss did not respond to my email. On October 28, neither Mr. Voss nor defendant Newman attended. | DISPUTED - Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings.<br><br>This Court issued monetary sanctions only expressly declining to issue evidentiary sanctions. Trial Preparation Order [Dkt. #72]. Plaintiff has no basis at law for seeking reconsideration of this Court's ruling. |
| 42. Defendants listed no books and records of its purchases and sales and, except for a letter from counsel for | Unsupported conjecture or argument rather than a statement of fact. |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| LinkAmerika II, no communications with its suppliers and customers. | **Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings.** **As has been briefed ad nauseum in multiple filings, upon exhaustive review of the discovery propounded and Defendants objections by the Magistrate Judge, nearly all of the objections were upheld or counsel for Plaintiff withdrew their contention that the discovery response/objection was improper.  There was one very slight change to one interrogatory response to clarify.  All responsive documents were then produced.  As this court has ruled, Plaintiff is engaged in conjecture and importantly no discovery order was ever obtained by Plaintiff despite this Court ordering that Plaintiff bring such motion.** |
| 43. Defendants refused to provide books and records of all sales as part of its Rule 26 disclosures and in response to Athena's discovery requests. | **Unsupported conjecture or argument rather than a statement of fact.** **Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings.** **As has been briefed ad nauseum in multiple filings, upon exhaustive review of the discovery propounded and** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

Defendants objections by the Magistrate Judge, nearly all of the objections were upheld or counsel for Plaintiff withdrew their contention that the discovery response/objection was improper.  There was one very slight change to one interrogatory response to clarify.  All responsive documents were then produced.  As this court has ruled, Plaintiff is engaged in conjecture and importantly no discovery order was ever obtained by Plaintiff despite this Court ordering that Plaintiff bring such motion.

Additionally, Plaintiff failed to participate in Rule 16/26 as required.  See Opposition to Motion in Limine [Dkt. #238]

Defendants' counsel repeatedly attempted to meet and confer with counsel for plaintiff Athena Cosmetics, Inc. ("Athena" or "Plaintiff") in advance of the pre-trial conference to discuss the items set forth in Local Rule 16-2. During the first attempt, Plaintiff's counsel behaved unprofessionally and used profanity. Consequently, Defendant's counsel

| | |
|---|---|
| | provided a draft of the information required under Local Rule 16-2 to Plaintiff's counsel in an e-mail dated September 29, 2021. Despite repeated requests by Defendants' counsel, Athena's counsel then refused to participate in the process and discuss, provide and/or exchange the information specified in Local Rule 16-2. Thus, Defendants have had to prepare the attached list without knowledge of, among other things: (1) the claims that Plaintiff intends to pursue; (2) Plaintiff's contentions of law and fact with respect to the same; (3) facts to which Plaintiff will stipulate; (4) witnesses that Plaintiff intends to call at trial; and (5) exhibits that Plaintiff intends to introduce at trial." [Dkt #141, p.1, Emphasis added] |
| 44. Defendants' only document production occurred August 24, 2021, when all they produced were photocopies of some eBay order confirmations, a lease for AMN Distribution's Pennsylvania warehouse and two emails from a Czech company | **DISPUTED** – Almost 5000 pages of documents were provided. As noted hereinabove, Defendants' objections were sustained as meritorious or in many instances Plaintiff's counsel admitted that discovery was irrelevant, vague or otherwise withdrawn.  After |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | the document production, Mr. Harris ultimately advised the Magistrate Judge that Plaintiff had no other discovery issues. |
|---|---|
| 45. Schedule 2 was computer generated. | **UNDISPUTED** |
| 46. Defendants could not have done business without being fully computerized, but they produced no computer records though Athena requested their production. | **DISPUTED – Almost 5000 pages of documents were provided. As noted hereinabove, Defendants' objections were sustained as meritorious or in many instances Plainitff's counsel admitted that discovery was irrelevant, vague or otherwise withdrawn.  After the document production, Mr. Harris ultimately advised the Magistrate Judge that Plaintiff had no other discovery issues.** **As this court has ruled, Plaintiff is engaged in conjecture and importantly no discovery order was ever obtained by Plaintiff despite this Court ordering that Plaintiff bring such motion. "WHAT WE PRODUCED AS PART OF THE 4,700 PAGES OF DOCUMENTS THAT WE SENT ORDER  -- OVER WAS LITERALLY EVERY SINGLE ORDER, THE** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | FULFILLMENT SHEET SHOWING THE CUSTOMER, EVEN THE UPS SHIPPING NUMBER." [IDC, 9/8/2021 p.7, lns. 16-19.] |
|---|---|
| 47. Defendants breached their 2020 Agreement with Athena | **DISPUTED – Defendant AMN stopped selling or advertising Athena products. Defendant Newman never sold or advertised Athena products in his individual capacity.** |
| 48. Athena's release was "[c]onditional on Defendants making the Settlement Payment, furnishing Schedules 1 and 2 … and Defendants' delivery of the entire remaining inventory of any goods or products with the Athena Cosmetics Marks." The breach of the 2020 Agreement causes the agreement's release to be ineffective. | **DISPUTED – Defendants complied with each and every part of the Settlement Agreement as specified. "The breach" as stated in #48 is unspecified but cannot exceed the alleged breach as defined in the FAC. Improper conclusion of law – fails to address materiality or causation of damages as required elements of remedy of excuse of performance.** |
| 49. Defendant Newman admitted in his declaration he is "responsible for the purchasing and selling of products …." | **DISPUTED – Plaintiff attemps to mislead by citing out of context the fuller quotation that:** "*In my capacity as CEO of AMN*, **I am responsible for the purchasing and selling of products, establishing new** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| | purchasing opportunities and developing new sales channels. (emphasis added). |
| 50. Had defendants been legitimate sellers of Athena goods, they would have produced their books and records willingly because they had nothing to hide and the books might exculpate them. Instead, they tried to conceal what they did. | **DISPUTED – This argument has already been rejected by this Court as "simply speculation" and "mere conjecture"  TRIAL PREPARATION ORDER [Dkt. #179, p. 2] Defendants complied with valid discovery requests (see above). Unsupported conjecture or argument rather than a statement of fact. Unsupported by admissible evidence, see Evidentiary Objections. Unsupported by evidence cited by Plaintiff. Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings.** |
| 51. Defendants' refusal to produce its books and records during discovery is evidence its goods were counterfeit. | **DISPUTED – Defendants refused nothing.  They complied with valid discovery requests (see above).  This argument has already been rejected by this Court as "simply speculation" and "mere conjecture"  TRIAL PREPARATION ORDER [Dkt. #179, p. 2]** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| | Unsupported conjecture or argument rather than a statement of fact. Unsupported by admissible evidence, see Evidentiary Objections. Unsupported by evidence cited by Plaintiff. Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings. |
| 52. Defendants are willful counterfeiters. | **DENIED – Unsupported by admissible evidence.** Unsupported by evidence cited by Plaintiff. Unsupported conjecture or argument rather than a statement of fact. Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings. Defendants have never themselves counterfeited any Athena product. Defendants were merely a middleman that bought Athena products from the suppliers disclosed in the Schedules to the Settlement Agreement and resold the acquired products to end users on the internet as disclosed in the |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | Schedules and in production of documents. |
|---|---|

**MOVING PARTIES' ALLEGED CONCLUSIONS OF LAW**

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACTS | DEFENDANTS' RESPONSE |
|---|---|
| 1. The Court has subject matter jurisdiction because the claims address federal questions concerning the Lanham Act, trademark infringement of federally registered trademarks and federal unfair competition under | **UNDISPUTED** |
| 2. The Court has supplemental jurisdiction over the claims arising under the laws of the State of California because the state law claims are so related to the federal subject-matter claims they form part of the same case or controversy and derive from a common nucleus of operative fact. | **UNDISPUTED** |
| 3. Defendants are subject to personal jurisdiction because their principal place of business is in this district, and because they make, store, purchase, import, sell, assemble, package, advertise, distribute, and ship counterfeit Athena products to residents in California and in this district. | **DISPUTED – Defendants have made general appearances; however, Defendants dispute that they engaged in the alleged activities and that Defendant Newman has individual liability for actions in his capacity as CEO of AMN.** |

| | |
|---|---|
| 4. To prevail on summary judgment, moving party Athena must show "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." | **UNDISPUTED** |
| 5. Athena bears the initial burden of demonstrating the absence of a genuine issue of material fact.<br><br>After Athena meets its initial burden, defendants must go beyond the pleadings, and, by their own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. | **UNDISPUTED** |
| 6. A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." | **DISPUTED – "Unless reasonable minds could not differ, materiality is generally a question of fact for the jury to decide." [Dkt. #72, p.2]** |
| 7. Any opposition by defendants must establish more than mere "metaphysical doubt as to the material facts." Justifiable inferences must be drawn in the light most favorable to the nonmoving party. | **UNDISPUTED** |
| 8. Defendants' refusal to produce evidence during discovery prevents them from introducing evidence against summary judgment. | **DISPUTED – Defendants refused nothing.  They complied with valid discovery requests (see above).  This argument has already been rejected by this Court as "simply speculation" and "mere conjecture"  TRIAL** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | PREPARATION ORDER [Dkt. #179, p. 2] |
| --- | --- |
| | Almost 5000 pages of documents were provided. As noted hereinabove, Defendants' objections were sustained as meritorious or in many instances Plainitff's counsel admitted that discovery was irrelevant, vague or otherwise withdrawn.  After the document production, Mr. Harris ultimately advised the Magistrate Judge that Plaintiff had no other discovery issues. |
| | As this court has ruled, no discovery order was ever obtained by Plaintiff despite this Court ordering that Plaintiff bring such motion. Unsupported by admissible evidence. Unsupported by evidence cited by Plaintiff. Unsupported conjecture or argument rather than a statement of fact. Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings. |
| 9.  Defendants' abnormally low prices are evidence of counterfeiting. | DISPUTED - Unsupported by admissible evidence. |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | Unsupported conjecture or argument rather than a statement of fact. Plaintiff would apparently have this court presume that every seller of goods selling at a discounted price from retail must be counterfeiting. |
|---|---|
| 10. Newman, as AMN's CEO and guiding spirit is liable for AMN's and his own counterfeiting. | **DISPUTED - Plaintiff has failed to present any evidence that Mr. Newman, *in his individual capacity*, ever engaged in the post-settlement (or even pre-settlement) sale of Athena goods. Instead, Plaintiff tries to twist his statements omitting the corporate capacity in which he acted (See #49 above). One cannot turn a party into an alter-ego of another by merely wishing it to be so. His spirit is not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings.** |
| 11. The products defendants sold as those of Athena are counterfeits. | **DISPUTED - Unsupported by admissible evidence. Unsupported by evidence cited by Plaintiff. Unsupported conjecture or argument rather than a statement of fact. Plaintiff has at best alleged one single counterfeit item of the many thousands** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | of products sold – and not one of the hundreds of products returned to Plaintiff. |
|---|---|
| 12. Unless there are extenuating circumstances, a court must award treble damages for intentionally using a counterfeit mark. | **DISPUTED – Unsupported by admissible evidence.** **Unsupported by evidence cited by Plaintiff.** **Unsupported conjecture or argument rather than a statement of fact.** **Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings.** **Defendants have never themselves counterfeited any Athena product. Defendants were merely a middleman that bought Athena products from the suppliers disclosed in the Schedules to the Settlement Agreement and resold the acquired products to end users on the internet as disclosed in the Schedules and in production of documents.** **Plaintiff has produced no evidence on the issue of intent. There is no evidence of intentional use of a counterfeit mark.** |
| 13. There are no extenuating circumstances. The exception is extremely | **DENIED – Unsupported by admissible evidence.** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| narrow." Defendants here have no evidence of extenuating circumstances. | **Unsupported by evidence cited by Plaintiff.** **Unsupported conjecture or argument rather than a statement of fact.** **Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings.** **Defendants have never themselves counterfeited any Athena product.** **Defendants were merely a middleman that bought Athena products from the suppliers disclosed in the Schedules to the Settlement Agreement and resold the acquired products to end users on the internet as disclosed in the Schedules and in production of documents.** **Plaintiff has produced no evidence on the issue of intent.  There is no evidence of intentional use of a counterfeit mark.** |
| 14. Treble damages are $417,173 x 3 = $1,251,519. | **DISPUTED – Unsupported by admissible evidence.** **Unsupported by evidence cited by Plaintiff.** **The math as started is accurate, however it is fundamentally flawed as based upon facts contained in #18 and 34 hereinabove.** |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| | Gross revenue is not the same as profit, nor is the number causally linked to alleged sales of counterfeit products and presumes that all the products sold must be counterfeit despite the very limited sample and apparent genuineness of the many hundreds of units returned to Plaintiff. |
| 15. Unless the court finds "extenuating circumstances," an award of a "reasonable attorney's fee" is mandated where the defendant knowingly sells counterfeits. | DISPUTED – Unsupported by admissible evidence. Unsupported by evidence cited by Plaintiff. Defendants have never themselves counterfeited any Athena product. Defendants were merely a middleman that bought Athena products from the suppliers disclosed in the Schedules to the Settlement Agreement and resold the acquired products to end users on the internet as disclosed in the Schedules and in production of documents. Plaintiff has produced no evidence on the issue of intent. There is no evidence of intentional use of a counterfeit mark. |
| 16. Defendants have not shown "extenuating circumstances." | DISPUTED - Unsupported by admissible evidence. |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| | Unsupported by evidence cited by Plaintiff.<br><br>Outside of the scope of the issues raised by the pleadings.<br><br>Defendants are not in Phase II of Trial unless and until Plaintiff prevails in Phase I and have not been compelled to have to make any such showing, especially as Plaintiff has produced no evidence on the predicate issue of intent. |
| 17. Athena may detail its right to attorney fees and their amount in a motion under FED. R. CIV. P.54(d)(2) following entry of judgment. | DISPUTED – Athena must be prevailing party as to each defendant on Phase II of Trial after first successfully prevailing on Phase I as to all elements necessary for the remedy of excuse of performance (covenant not to sue/waiver and dismissal of claims per Settlement Agreement). |
| 18. Had defendants been a legitimate seller of Athena goods, it would have produced its books and records willingly because it had nothing to hide. Instead, it made every effort to conceal what it did and was continuing to do. | DISPUTED – See identical #50 herinabove.<br><br>This argument has already been rejected by this Court as "simply speculation" and "mere conjecture" TRIAL PREPARATION ORDER [Dkt. #179, p. 2] |

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION

| | |
|---|---|
| | Defendants complied with valid discovery requests (see above). Unsupported conjecture or argument rather than a statement of fact. Unsupported by admissible evidence, see Evidentiary Objections. Unsupported by evidence cited by Plaintiff. Not relevant to Plaintiff's motion and outside of the scope of the issues raised by the pleadings. |
| 19.  A counterfeiter can be liable for up to $2 million for each trademark it used, here nine trademarks. | **DISPUTED – Unsupported conjecture or argument.** **Not relevant to Plaintiff's motion and oversimpifies relevant law and facts. outside of the scope of the issues raised by the pleadings.** **Plaintiff failed to provide its damage claims or causation in initial disclosures, Rule 16 or 26 disclosures or in response to contention interrogatories and such claims should be excluded per Rule 37.** |
| 20. An injunction against future coun-terfeiting is proper | **DISPUTED – Plaintiff has failed to meet its burden for such injunction.** |

DATED:  June 27, 2022         DAVID C. VOSS, JR.
                              VOSS, SILVERMAN & BRAYBROOKE, LLP


                              By:
                                  David C. Voss, Jr.
                                  Attorneys for Defendants AMN
                                  DISTRIBUTION, INC. and MOISHE
                                  NEWMAN

DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN OPPOSITION TO SUMMARY JUDGMENT MOTION