1   DAVID C. VOSS, JR. (State Bar No. 147330)
    david@vsbllp.com
2   VOSS, SILVERMAN & BRAYBROOKE LLP
    4640 Admiralty Way, Suite 800
3   Marina Del Rey, California 90292-6602
    T: (310) 306-0515/ F: (310) 306-5368
4
5
6   Attorneys for Defendants Moishe Newman
    and AMN Distribution, Inc.
7

8                UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11

12   ATHENA COSMETICS, INC.,            )   Case No. 2:20-cv-05526-SVW-SHK
                                        )
13                  Plaintiff           )   OPPOSITION OF DEFENDANTS
                                        )   AMN DISTRIBUTION, INC. AND
14                                      )   MOISHE NEWMAN TO PLAINTIFF'S
                                        )   MOTION FOR SUMMARY
15           v.                         )   JUDGMENT
                                        )
16   AMN DISTRIBUTION, INC., MOISHE     )   HEARING
17   NEWMAN, an individual d/b/a BRUSH  )
     EXPRESS, and DOES 1-10, INCLUSIVE, )
18                                      )   Date: July 18, 2022
                    Defendants          )   Time: 1:30 p.m.
19                                      )   Place: Courtroom 10A
                                        )          First Street Courthouse
20                                      )          350 W. 1st Street, 10th Floor,
                                        )          Los Angeles, California 90012
21                                      )
22                                      )
                                        )   TRIAL
23                                      )   Prior Mistrial, No New Trial Date
24                                      )   Currently Pending
                                        )
25                                      )
26   _____)
27
28

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

# Contents

I.   INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF FACTS ................................................................................. 5

   A.   Defendants and Plaintiff Enter into a Settlement Agreement Releasing Any Claims that Plaintiff May Have Had Against Defendants for Trademark Infringement or Unfair Competition ................................................................................. 5

   B.  Plaintiff Files the Instant Action for Trademark Infringement and Unfair Competition, Concocting a Breach of the Settlement Agreement in Order to Avoid its Prior Release of Those Claims ................................................................................. 6

   C.   Plaintiff Fails to Identify or Produce Any Evidence of the Alleged Breaches of the Settlement Agreement or Any Resulting Damages ..................................... 7

   D.   Plaintiff Fails to Identify Any Evidence of the Alleged Breaches of the Settlement Agreement or Any Resulting Damages in Response to Written Discovery 11

III.  PLAINTIFF'S MOTION SHOULD BE DENIED OR STRICKEN BECAUSE IT IS UNTIMELY AND THE NOTICE HAS FAILED TO IDENTIFY THE CLAIMS AND PARTS THEREIN UPON WHICH JUDGMENT IS SOUGHT AND GROUNDS FOR THE RELIEF SOUGHT ................................................................................. 11

IV.  PLAINTIFF BEARS THE BURDEN OF SHOWING THAT THERE IS NO GENUINE DISPUTE AS TO ANY MATERIAL FACT WITH RESPECT TO *EACH AND EVERY* ELEMENTSOF ITS CLAIMS ................................................................. 13

V.  PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON ITS CONTRACT CLAIM (6th CLAIM FOR RELIEF) ................................................... 14

   A.   The Essential Elements of a Breach of Contract Claim Under California Law Include Breach, Damages, and Causation ........................................................ 14

   B.  Plaintiff Has Failed to Meet its Burden With Respect to the Element of Breach . 14

**C.**    Plaintiff has Failed to Meet its Initial Burden With Respect to the Element of Damages and this Court is Obligated to Exclude Any Evidence of Contract Damages as a Result of Plaintiff's Violation of Their Disclosure Obligations............................. 22

**D.**    Plaintiff Has Failed to Meet it Initial Burden With Respect to Defendant Newman on its Contract Claim........................................................................ 24

**VI.**    PLAINTIFF IS NOT ENTITELD TO SUMMARY JUDGMENT ON ITS INFRINGEMENT CLAIM (1st CLAIM FOR RELIEF) ................................................. 24

**A.**    Plaintiff's Failure to Establish that Is Entitled to Summary Judgment on Its Contract Claim Precludes it From Moving Forward On Its Other Claims................... 25

**VII.**    CONCLUSION............................................................................................. 25

1

## Table of Authorities

2

3

**Cases**

4  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) ..................................... 13

5  *Cnty. of Inyo v. Dep't of Interior*, 873 F. Supp. 2d 1232, 1238 (E.D. Cal. 2012 ............. 13

6  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986 ......................... 13

7  *InteliClear, LLC v. ETC Glob. Holdings, Inc.,* 978 F.3d 653, 657 (9th Cir. 2020 ......... 13

8  *Tolan v. Cotton*, 572 U.S. 650, 651 (2014 ....................................... 14

9  *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021 ................... 23

10

**Other Authorities**

11
CACI No. 303 ("Breach of Contract – Essential Factual Elements") ........................ 14

12

13

**Rules**

14  Rule 26(a)(1) ............................................................................. 3

15  Rule 37(c)(1) ............................................................................. 3

16  Federal Rule of Civil Procedure 26(a)(2) .............................................. 3

17  Rules 16 and 26 .......................................................................... 9

18  Fed. R. Civ. Proc. 56(a) ............................................................... 13

19  Fed. R. Civ. Proc. 56(b) ............................................................... 11

20  Fed. R. Civ. Proc. 7(b) ................................................................ 12

21  FED. R. CIV. P. 56 ..................................................................... 12

22  Fed. R. Civ. Proc., Rule 56(a) ........................................................ 12

23  Rules 7(b) and 56(a) ................................................................... 13

24  Fed. R. Civ. Proc. 37(c) ............................................................... 15

25  Fed. R. Civ. Proc. 26(a)(1)(A)(iii) .................................................... 22

26  Fed R. Civ. Proc. 37(c)(1 ............................................................. 23

27

28

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The most striking aspect of the plaintiff's untimely and defectively noticed summary judgment motion[1] is the almost total failure of Plaintiff Athena Cosmetics, Inc. ("Athena" or "Plaintiff") to support essential elements of its contract and trademark infringement claims with admissible evidence. In lieu of such evidence, Plaintiff instead relies in large measure upon sheer speculation and conjecture, cursory legal conclusions, and unsupported interpretations of the settlement agreement that lies at the heart of the parties' dispute. Consistent with this approach, Plaintiff's supporting brief and separate statement are often devoid of citations to admissible evidence.  In one particularly egregious instance Plaintiff cites to a purported finding from a trial *to which a new trial motion has been granted!*  (Plaintiff's Uncontroverted Fact No. 47).  Similarly, the only supporting evidence that Plaintiff offers in support of the "fact" that "Defendants are willful counterfeiters" is the desperate conclusory assertion by Plaintiff's counsel that "Defendants had to know they were marketing and selling counterfeits."  (Plaintiff's Uncontroverted Fact No. 52).  This lackadaisical approach to evidence – for lack of a better phrase – suggests that Plaintiff has brought this motion in bad faith solely to increase the cost of litigation.

By taking this approach Plaintiff has failed to satisfy the *initial* burden under Federal Rule of Civil Procedure 56 necessary to shift the onus onto defendants AMN Distribution, Inc. ("AMN") and Moishe Newman ("Mr. Newman," and collectively, "Defendants") to demonstrate the existence of genuine dispute as to any material fact. This is particularly so with respect to the elements of damages and causation on Plaintiff's contract claim.

---

[1] As discussed in greater detail below, Plaintiff's motion is untimely under Rule 56(b) because the motion has been brought long past 30 days after the close of discovery. The notice is deficient because it fails to specify the grounds for the motion and each claim or defense — or the part of each claim or defense —on which summary judgment is sought in accordance with Rules 7(b) and 56(b).

Likewise, there is no question under California law that Plaintiff must prove that it "was harmed" by the breach and that Defendants' "breach of contract was a *substantial factor* in causing [plaintiff's] harm." Plaintiff itself has conceded that it bears the burden of proving materiality to nullify the extensive release provisions of the Settlement Agreement and excuse its performance from its obligations thereunder. *See* FAC (Dkt. 73), p. 16, ¶ 93; Opp. to Motion to Dismiss (Dkt. 67), p. 4, line 24 – p. 5, line 5. Opp. to Motion for Judgment on the Pleadings (Dkt. 68), p. 5, lines 5-27.

Plaintiff cannot and has not made the showing of materiality necessary to vitiate the extensive release contained in the parties' written settlement, which is a prerequisite element of excuse of performance on which Plaintiff prevail in Phase I prior to proceeding with its infringement claim.

This Court has also previously acknowledged this essential element stating **"…unless reasonable minds could not differ, materiality is generally a question of fact for the jury to decide. Here, reasonable minds could differ on whether AMN's alleged breach is material. Accordingly, this Court is precluded from entering judgment as a matter of law."[2]** [Dkt 72, March 16, 2021, p.2, case citations by Court omitted/emphasis added]

The other striking aspect of Plaintiff motion is that although it complains (again) about alleged shortcomings in Defendant's discovery responses[3], Plaintiff ignores the

---

[2] As this Court has previously ruled in its bifurcation order, Plaintiff is not entitled to proceed with its remaining five claims for relief unless it prevails on its contract claim.

[3] Under the constraint of the 25 page limit, Defendants note that they have extensively addressed the issue that Plaintiff continues to mischaracterize discovery compliance by Defendants including in particular that all but one of Defendants objections were sustained by Magistrate Kewalramani as proper and that Athena represented there were no further discovery disputes despite raising them all over again by way of this motion as part of their Opposition to Plaintiff's Motion in Limine [Dkt. #238] which remains pending before this Court and ask this Court to take notice of the arguments and exhibits filed therein. Plaintiff comes now to essentially reargue the Motion in Limine it previously lost. The MSJ basically argues that because of discovery issues Defendant is not permitted to introduce evidence at trial – effectively that Plaintiff should be granted the ultimate sanction of evidence preclusion against Defendants on the inventory discrepancy theory. But this Court already determined that Plaintiff's claims of discovery failures were without merit with exception of the September 28 depo for which it

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

1  fact that Plaintiff itself relies on theories that were not alleged in its operative complaint

2  and on facts and evidence that it failed to disclose in the multiple versions of its Rule

3  26(a)(1) disclosures and written discovery responses. Indeed, long after those disclosure

4  deadlines had run, this inventory discrepancy theory was not even alleged in Plaintiff's

5  Trial Brief. [See Dkt. #164, p.9, lns.9-21]

6      This not only includes Plaintiff's new inventory "does not add up" theory and

7  evidence relating to the same, but also damages, for which Plaintiff has never made the

8  requisite disclosures under Rule 26(a)(1).  Consequently, all such evidence is subject to

9  *automatic* exclusion and must be disregarded in connection with the present motion

10  pursuant to Rule 37(c)(1).

11      Furthermore, Defendants object to the proffered testimony of Christina Felix

12  which is impermissible expert testimony of an undesignated expert. Plaintiff has now

13  extended its streak of deliberately violating its mandatory disclosures obligations by

14  failing to disclose an employee expert under Federal Rule of Civil Procedure 26(a)(2).

15  The foregoing rule specifically mandate the disclosure as an expert of a witness "whose

16  duties as the party's employee regularly involve giving expert testimony."  The

17  disclosure obligation also extends to employee witnesses offering expert testimony

18  whose duties *do not* regularly involve giving expert testimony.

19      Defendants also contend that they are entitled to test the credibility of the witness

20  by cross-examination at time of trial and note that Ms. Felix previously represented to

21  this Court under penalty of perjury that she had proof of purchasing product from

22  Defendants through "Michwa-10", yet cross-examination revealed that said

23  representation were false and rejected by the jury in its now vacated findings.

24  Defendants likewise intend to expose the flaws and shortcomings in Ms. Felix opinion

25  that the new inventory "does not add up" theory is without merit for lack of a starting

26

27  _____

28  granted monetary sanctions as adequate "punishment to fit the crime". [See Trial Preparation Order,
   Dkt. #179, p.2]

DEFENDANTS' OPPOSITION TO  MOTION FOR SUMMARY JUDGMENT

1   inventory, and even failing to account for sales made between the end of 2019 disclosure

2   date and the Settlement Agreement at the end of May 2020.

3   **Likewise, Defendants returned hundreds of units of Plaintiff's products**

4   **pursuant to the terms of the Settlement Agreement and yet neither Ms. Felix nor**

5   **any other witness for Plaintiff has even alleged a single unit thereof to be**

6   **counterfeit!  This too should be part of the Ms. Felix cross-examination in Phase II**

7   **of the trial of this matter should it advance to that stage. No explanation is given for**

8   **this significant fact contra to Ms. Felix' assertions.**

9   Conversely, Plaintiff's argument that Defendants should be denied the opportunity

10  to present evidence is absurd, particularly in light of Plaintiff's failure to obtain any

11  orders compelling the production of additional documents or deposition testimony,[4] and

12  Plaintiff's repeated rejection of offers made by Defendants AMN and/or Mr. Newman

13  (who resides in Australia and remained there throughout the pandemic)[5].  This Court's

14  clear denial of Plaintiff's prior Motion in Limine to exclude the testimony of Moishe

15  Newman should also guide the Court here where Plaintiff again seeks to reiterate the

16  same arguments raised therein to suggest that drastic evidentiary sanctions be levied

17  against Defendants as part of Plaintiff's Motion for Summary Judgment.  (See Trial

18  Preparation Order part I, p. 1-2, Dkt. #179.

19  Finally, even assuming, *arguendo*, that Plaintiff can get past the evidentiary

20  exclusions and shortcomings, the untimeliness of its motion, and the lack of a proper

21  noticed of motion, there remain genuine issues of material facts with respect to

22

23  _____

24  [4] Plaintiff's previous Motion in Limine to Exclude the testimony of Moishe Newman was denied by this
    Court on November 16, 2021. The Court observed that Defendants pointed out that "Magistrate Judge

25  Kewalramani concluded that neither deposition had been properly noticed.  Here no court order was in
    effect compelling Newman to attend a deposition."  This Court further concluded that "Plaintiff's

26  assertion that 'Defendants must be withholding documents'…is simply speculation.  A claim of
    withholding discovery that is backed by nothing more than conjecture is not sufficient reason to

27  preclude testimony of Defendants' key witness." The Court found that "…an expenses sanction is
    sufficient here…"

28  [5] See Opposition to Plaintiff's Motion in Limine, Exhibit A at p. 22-25, Dkt. #239

1  Plaintiff's contract and infringement claim.  These issues of not only include the

2  damages and causation issues addressed above, but the existence of a breach of the

3  parties' settlement agreement, whether the breach was sufficiently material to negate the

4  releases set forth in the settlement, and whether Mr. Newman has an individual liability.

5

6  **II.   STATEMENT OF FACTS**

7      **A.   Defendants and Plaintiff Enter into a Settlement Agreement Releasing**

8          **Any Claims that Plaintiff May Have Had Against Defendants for**

9          **Trademark Infringement or Unfair Competition**

10      Defendants AMN and Newman entered into a settlement agreement (the

11  "Settlement Agreement") with plaintiff Athena to resolve various claims relating to sale

12  of Athena's cosmetic products.  First Amended Complaint, ("FAC"), Dkt. 73, ¶ 87;

13  Declaration of Moishe Newman ("Newman Decl.")[6], ¶¶ 3, 4 and Exh. 1 thereto.

14      Defendant AMN, **but not Newman**[7], was also obligated under the Settlement

15  Agreement to provide: (a) "the full and complete contact information and the amount of

16  roduct purchased from each seller" as Schedule 1 to the Settlement Agreement

17  ("Schedule 1"); and (b)  "the full and complete contact information for each customer

18  and the aggregate amount of product sold" as Schedule 2 to the Settlement Agreement

19  ("Schedule 2") .  The disclosures in the foregoing schedules were limited to sales and

20  purchases from January 1 to December 31, 2019. The combined schedules total 47 pages

21  and identified over 3,800 transactions.

22      The Settlement Agreement also includes several release provisions in favor of

23  Defendants including in particular a covenant not to sue.

24

25

26  _____

27  [6] The Declaration of Moishe Newman was previously filed as Dkt. #97-1 with Exhibits Dkt. #97-2, 97-3 and 97-4.

28  [7] This Court has previously ruled that "Under the Settlement Agreement, however, only AMN is obligated to provide that information to Plaintiff."  [Dkt. 72, p.3]

**B.**     **Plaintiff Files the Instant Action for Trademark Infringement and Unfair Competition, Concocting a Breach of the Settlement Agreement in Order to Avoid its Prior Release of Those Claims**

Notwithstanding the clear release provisions of the Settlement Agreement, Plaintiff commenced the instant action by filing a complaint against defendants AMN and Newman on June 22, 2020.  (Dkt. 1), which it subsequently amended with a first amended complaint ("FAC") filed on March 22, 2021 (Dkt. 73).  All the claims are predicated upon the Defendants' purported use of Plaintiff's trademark in connection with the alleged sale of Athena cosmetic goods online.  The only specific dates alleged with respect to the purported misconduct are November 2019 and January 20, 2020.  Complaint (Dkt. 1), p. 6, ¶ 26; FAC (Dkt. 73), p. 6, ¶ 26.

Plaintiff's original complaint alleged only a single breach of the Settlement Agreement by Defendants. Specifically, Plaintiff alleged that: "Defendants breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers."  Complaint (Dkt. 1), ¶ 92.  In the wake of this Court's ruling on defendant Newman's motion to dismiss that Newman did not have a duty to disclose such information under the Settlement Agreement (Dkt. 72, p. 3), Plaintiff then amended its complaint to allege for the first time that "Defendants breached the settlement agreement by continuing to sell Athena counterfeit goods."  FAC (Dkt. 73), ¶ 92.  Plaintiff also retained its allegation regarding the adequacy of disclosures, but this time limiting it solely to defendant AMN:  "AMN breached the settlement agreement by providing inaccurate and incomplete contact information of its customers and suppliers."  FAC (Dkt. 73), ¶ 91.

Aside from the alleged breaches noted above, Plaintiff has never alleged a breach of any other provision of the Settlement Agreement.  Complaint (Dkt. 1), ¶¶ 85-94; FAC (Dkt. 73), ¶¶ 85-94.  Thus, the FAC, which is the operative complaint in this case, does not allege that Defendants otherwise breached the Settlement Agreement by failing to make the settlement payment or failing to return inventory.  FAC (Dkt. 73), ¶¶ 85-94.

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff also does not allege that AMN failed to provided Schedule 1 and 2 or that the schedules were not appended to the Settlement Agreement.  FAC (Dkt. 73), ¶¶ 85-94.

Rather, Plaintiff's FAC challenges the accuracy and completeness of Schedules on unspecified grounds.  FAC (Dkt. 73), ¶ 91.

Significantly, none of Plaintiff's breach of contract allegations are based upon information and belief.  FAC, (Dkt. 73), ¶¶ 86-94.

**C.**     **Plaintiff Fails to Identify or Produce Any Evidence of the Alleged Breaches of the Settlement Agreement or Any Resulting Damages**

Plaintiff did not disclose the intent to make any argument about disparities in inventory during the pretrial process a such making this an argument through trial by ambush.  There is not one word about a claim for breach of contract based on inventory discrepancy even so much as mentioned in Plaintiff's Memorandum of Contentions of Law and Fact [Dkt. #138 p.5, ln.16 - p.6, ln.26] or even in Plaintiff's Trial Brief [Dkt. #164]

In the Memorandum of Contention of Law and Fact, Plaintiff vaguely alleged only that:

"Defendants failed to do something that the contract required it to do [or] Defendants did something the contract prohibited it from doing"

[Dkt. #138 p.5, lns.21-23]

The "Summary of Key Facts" cited by Plaintiff says nothing at all about any issue regarding inventory:

"Summary of Key Facts: AMN entered into an April 29-30, 2020, agreement with Athena for AMN to provide Schedules 1 and 2 that contain "full and complete contact information and the amount of product purchased from each seller and sold to each customer. Schedules 1 and 2 are incomplete, inaccurate and provide suppliers' and customers' usernames instead of their full and complete contact information. Under the agreement, Defendants agreed they and their related

- 7 -

persons would be "permanently enjoined and restrained from ever: purchasing, buying, obtaining, procuring, manufacturing, warehousing, producing, importing, distributing. circulating, selling, delivering, marketing, offering for sale, advertising, promoting, displaying or otherwise using any goods or products with the Athena Cosmetics Mark …" Defendants continued to do the acts from which they agreed to be restrained. Even now, posts to various ecommerce platforms such as Walmart and eBay still have advertisements for REVITALASH that use Athena trademarks on them. In exchange for correct information from AMN and the ceasing of infringement and counterfeiting, Athena relinquished the ability to obtain substantial actual and statutory damages from Defendants."

[Dkt. #138, p.6, lns.1-17]

Nonetheless, Plaintiff is now seeking to use evidence it did not identify. At no time was any disclosure made by Plaintiff that packaging information or inventory discrepancy calculations were "Key Evidence" which Plaintiff intended to introduce at trial. Defendants did were not put on notice that they needed to disclose related defenses.

Plaintiff submitted the following as the only "Key Evidence" identified in its Memorandum of Law and Fact:

"• A copy of the executed contracts with Schedules 1 and 2 showing Defendants violated terms of settlement agreement and provide identity and contact information of who supplied them with counterfeit goods.

• Business Records of Walmart Showing Defendant's Sales Listings of Athena's goods after the agreement effective date, in breach.

• Business records of Walmart

• Business records of PayPal

• Business records of eBay

• Deposition testimony of document custodians of PayPal, eBay and Walmart authenticating their companies' business records.'"'

[Dkt. #138, p.6, ln.18 - p.7, ln.2]

**Not one word about packaging or inventory discrepancies in the Key Evidence**. Put simply, during written discovery (discussed more fully hereinbelow) and prior to the filings pursuant to Rules 16 and 26 in this matter Plaintiff did not put Defendant on notice that inventory discrepancy would be a trial issue. Having failed to even mention the issue, Plaintiff comes now seeking to not only advance the issue but to deny Defendants the right to so much as respond or argue the issue – because Plaintiff contends Defendant did not raise a defense to the issue in its Rule 26 disclosures for which it had no notice.

It should also be noted that the Rule 16 documents filed by each side were unilateral due to unprofessional conduct by Ms. Lang as noted in the email to Plaintiff's counsel dated September 29, 2021 and attached to the Declaration of David C. Voss, Jr. hereinbelow as Exhibit C. In that email Plaintiff was advised that:

"I must note at the outset that Plaintiff has failed to identify witnesses, documents or facts in support (contention interrogatories) of its claims in response to discovery nor supplement same pursuant to Rule 26 as of this moment. Pursuant to L.R.16-2.8 in particular we are entitled to have Plaintiff "disclose to every party which of the party's claims and defenses the party plans to pursue, together with the party's contentions regarding the applicable facts and law." **I fully expect Plaintiff will at a minimum comply with L.R. 16-2.2, 16-2.3, 16-2.4 and 16-2.8 in particular before the end of the day or you can expect to see a Motion to Preclude Evidence at time of trial. Defendants has the right to know what facts the Plaintiff has to support its contentions. Trial by ambush is unacceptable.'**

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

There was not one mention of this claimed basis for breach of contract before the Pretrial Conference.  It is truly astounding that Plaintiff argues in support of the instant Motion in Limine that to deny the motion "rewards defendant's incomplete initial disclosures…" [Dkt. #235, p.6, lns.11,12.] when Plaintiff is the party that failed to identify facts or law relating to this inventory discrepancy issue.

**Indeed, Defendants believe that if anything it is Plaintiff should be estopped from making any claim about inventory discrepancy because of their willful failure to disclose the issue as required by Rule 16 and failure to disclose any intended claim at all in response to contention interrogatories.  *Even more to the point, Plaintiff did not raise this inventory discrepancy as part of its Trial Brief!***

In support of Defendants' position that Plaintiff should be estopped from even raising the inventory discrepancy issue it must be strongly noted that **even Plaintiff's Trial Brief itself fails to advance the inventory discrepancy issue**, to wit:

"C. Conclusion   Defendants sold Athena counterfeits. When Athena discovered the counterfeits, it sought to find the counterfeits' manufacturer. Defendants knew the manufacturer's identity, so defendants struck a deal with Athena: Defendants, you tell us the identities of your suppliers, the suppliers' contact information, the amount of product you bought from each, the identity of your customers, agree to never sell Athena legitimate of counterfeit product and pay Athena a nominal sun, $25,000, to compensate Athena for having to investigate your business, and in exchange, Athena will release past liability. But after the parties signed the agreement on these issues, defendants provided inaccurate and incomplete lists of its suppliers and customers and the amount bought form each supplier and sold to each customer. They also continued selling counterfeits. Those acts breached the April 2020 Agreement and makes them liable for infringement and counterfeiting."

[Dkt. #164, p.9, lns.9-21]

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff does not dispute that AMN provided the Schedule showing each and every purchaser as required by the Settlement Agreement – or that it even produced in discovery all electronic records totaling thousands of pages of documents with detailed order fulfilment information for each and every sale as required – all of which are listed on Defendants Trial Documents as filed with this Court.

### D. Plaintiff Fails to Identify Any Evidence of the Alleged Breaches of the Settlement Agreement or Any Resulting Damages in Response to Written Discovery

Defendants served contention Interrogatories and Requests for Admission on Plaintiff but received no substantive response – just objections – as may be seen in the correspondence between counsel attached to the Voss Declaration [Dkt. #89] as Exhibit B. On October 8, 2021 counsel for Plaintiff was provided an extensive detailed meet and confer letter that in small part stated that:

> "Regrettably, your client failed to provide substantive responses to any of the interrogatories, which consisted of perfectly proper contention interrogatories relating to the facts, documents, and witnesses underlying Athena's breach of contract claim." [Dkt. #89, Exhibit B, p.1] It went on to note that although Athena denied each and every Request for Admission, it did not provide ANY facts upon which it based its response to ANY of the 10 denials of Request for Admissions. [Dkt. #89, Exhibit B, p.6]

### III. PLAINTIFF'S MOTION SHOULD BE DENIED OR STRICKEN BECAUSE IT IS UNTIMELY AND THE NOTICE HAS FAILED TO IDENTIFY THE CLAIMS AND PARTS THEREIN UPON WHICH JUDGMENT IS SOUGHT AND GROUNDS FOR THE RELIEF SOUGHT

A summary judgment motion must be brought thirty days prior to the close of discovery. Fed. R. Civ. Proc. 56(b). Here, the case has proceeded well beyond the discovery phase, with the Court having conducted a "Phase 1" jury trial that resulted in a

mistrial because of the misconduct of Plaintiff's counsel. Consequently, the time to bring the motion has long passed.

In addition, the notice of motion must, among other things, "state with particularity the grounds for seeking the order" and the "relief sought." Fed. R. Civ. Proc. 7(b). The Rule governing summary judgment motions specifically requires the moving party to "identify[] each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Fed. R. Civ. Proc., Rule 56(a). *See also Celotex,* 477 U.S. 317 at 323 (moving party "always bears the initial responsibility of informing the district court of the basis for its motion"). Here, not only does the notice of motion completely omit any reference to grounds for the motion, but it fails specifically *identify the claims or defenses (or any part thereof)* to which the motion is directed and link them to any specific ground. Instead, Plaintiff simply states that it is "mov[ing] for summary judgment under FED. R. CIV. P. 56." Plaintiff's Notice of Motion, Dkt. No. 240, p. 1, lines 23-24.

*This is not just a technical procedural matter as Defendants cannot tell, based upon defective and insufficient notice, the extent to Plaintiff is seeking "partial" summary judgment on various issues or claims.* While it appears from Plaintiff's brief (but not its notice) that Plaintiff is not seeking summary judgment on its entire complaint, but only "partial" summary judgment respect to sixth claim for breach of the Settlement Agreement and first claim for trademark infringement,[8] it is unclear whether Plaintiff is also seeking to adjudicate "parts" of any claim or defenses. Defendants cannot and should not defend themselves from issues to which they have no notice and

---

[8]Plaintiff admits in its brief that although the "First Amended Complaint, Dkt 73, has six claims for relief," its "motion deals with two: the sixth for breach of contract under California law and the first for federal trademark counterfeiting under 15 U.S.C. § 1117(b). Plaintiff's Memo. of P&A's, p. 3, lines 13-15.

1  are prejudiced in preparing a proper concise opposition by the lack of notice of exactly

2  what they are defending without such notice.

3       Given the prejudice to Defendants, Plaintiff's motion should be stricken or denied

4  outright given the Plaintiff's failure to comply with Rules 7(b) and 56(a).

5  **IV.**   **PLAINTIFF BEARS THE BURDEN OF SHOWING THAT THERE IS NO**

6        **GENUINE DISPUTE AS TO ANY MATERIAL FACT WITH RESPECT**

7        **TO *EACH AND EVERY* ELEMENTSOF ITS CLAIMS**

8       The trial court may only grant a motion for summary judgment upon a showing by

9  the moving party that "there is no genuine dispute as to any material fact and and the

10  movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a) The moving

11  party, "of course," "always bears the initial responsibility of informing the district court

12  of the basis for its motion, and identifying those portions of the pleadings, depositions,

13  answers to interrogatories, and admissions on file, together with the affidavits, if any,'

14  which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*

15  *Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "When the moving party has the burden of

16  proof at trial, that party must carry its initial burden at summary judgment by presenting

17  evidence affirmatively showing, *for all essential elements of its case*, that no reasonable

18  jury could find for the non-moving party." *Cnty. of Inyo v. Dep't of Interior*, 873 F.

19  Supp. 2d 1232, 1238 (E.D. Cal. 2012) (emphasis added). Thus, if the plaintiff is the

20  moving party, it "must establish beyond peradventure *all of the essential elements of the*

21  *claim . . . to warrant judgment in [its] favor.*" *Fontenot v. Upjohn Co.*, 780 F.2d 1190,

22  1194 (5th Cir. 1986) (emphasis added).

23       Only if "the moving party meets this burden" does the burden then shift to the

24  opposing party "to set out specific facts showing a genuine issue for trial to defeat the

25  motion." *See InteliClear, LLC v. ETC Glob. Holdings, Inc.,* 978 F.3d 653, 657 (9th Cir.

26  2020). *See also Celotex,* 477 U.S. at 323. "In the endeavor to establish the existence of

27  a factual dispute, the opposing party need not establish a material issue of fact

28  conclusively in its favor." *Cnty. of Inyo*, 873 F. Supp. 2d at 1239. Rather, it "is

- 13 -

1  sufficient that the claimed factual dispute be shown to require a jury or judge to resolve

2  the parties' differing versions of the truth at trial." *Id.*  In connection with the foregoing,

3  "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to

4  be drawn in his favor."  *Tolan v. Cotton*, 572 U.S. 650, 651 (2014).

5  **V.**  **PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON ITS**

6  **CONTRACT CLAIM (6ᵗʰ CLAIM FOR RELIEF)**

7  **A.**  **The Essential Elements of a Breach of Contract Claim Under**

8  **California Law Include Breach, Damages, and Causation**

9  The essential elements for a breach of contract claim under California law are well

10  established and include: (1) a breach of the contract by the defendant, i.e., the defendant

11  "failed to do something that the contract required" it "to do"; (2) that plaintiff "was

12  harmed" by the breach; and (3) that defendant's "breach of contract was a substantial

13  factor in causing [plaintiff's] harm."  CACI No. 303 ("Breach of Contract – Essential

14  Factual Elements") Judicial Council of California Civil Jury Instructions (2021 edition).

15  Accordingly, Plaintiff's failure to meet its initial burden of proving each of the foregoing

16  elements with admissible evidence, or the existence of any genuine dispute of any

17  material fact with respect to any of the foregoing element, defeats entry of summary

18  judgment in Plaintiff's favor.  *See* CACI No. 303 (plaintiff "must prove all of the

19  following").  CACI No. 303.

20  **B.**  **Plaintiff Has Failed to Meet its Burden With Respect to the Element of**

21  **Breach**

22  **1.**  **Because Plaintiff's breach claim, as pled and disclosed in**

23  **discovery and its Initial Disclosures was quite limited, all other**

24  **theories and evidence now offered by Plaintiff in support of its**

25  **contract claims should be disregarded by this Court**

26  Plaintiff's contract claim, *as pled*, is predicated upon two – and only two – alleged

27  breaches: (1) "AMN breached the settlement agreement by providing inaccurate and

28  incomplete contact information of its customers and suppliers;"  [FAC (Dkt. 73), ¶ 91];

- 14 -

1   and (2) "Defendants breached the settlement agreement by continuing to sell Athena

2   counterfeit goods."  FAC (Dkt. 73), ¶ 92.

3         As discussed above, Plaintiff failed to identify the factual basis for its claims and

4   identify supporting evidence in its Rule 26(a) disclosures and discovery responses even

5   in the wake of continued accusations by Defendants that Plaintiff commenced and has

6   prosecuted this litigation in bad faith. Ironically, Plaintiff and its counsel have now

7   conceded their lack of good faith by admitting that they sued Defendants merely

8   "[b]ecause of *perceived* breaches of the Settlement Agreement."  Plaintiff's Statement of

9   Uncontroverted Facts, p. 11, # 27 (emphasis added.).  Plaintiff has thus continued to

10  throw things up against the wall in the hopes that something may stick to justify the

11  commencement of this lawsuit,  shifting and amending its theories to compensate for its

12  lack of due diligence at the time it filed its original and amended complaints.

13        As noted above, the theories now advanced by Plaintiff, which were disclosed

14  after even filing Plaintiff's Trial Brief.  In Plaintiff's September 13, 2021 Opposition to

15  Defendants' Motion for Summary Judgment and subsequent pre-trial submissions filed

16  15 months after the commencement of this action, are that: (1) Defendants continued to

17  "advertise" goods after the execution of the Settlement Agreement; (2) the Settlement

18  Agreement obligated Defendants to disclose contact information information *that was*

19  *not known to them;* (3) the sales and purchase numbers on Schedules 1 and 2 of the

20  Settlement Agreement are inaccurate because the number of units purchased in 2019

21  purportedly do not match the number of units sold in 2019 – a wildly speculative theory

22  that assumes that AMN had no pre-exising inventory at the beginning of 2019. ***Given***

23  ***Plaintiff's failure to disclose these theories and identify evidence relating to the same***

24  ***in its initial disclosures and discovery responses, Defendants urge this Court to***

25  ***exclude these theories any evidence relating to the same in connection with Plaintiff's***

26  ***motion and any subsequent new trial of the same.***  *See* Fed. R. Civ. Proc. 37(c).

27  Plaintiff has failed to meet it burden with respect to its assertion that AMN breached the

28  settlement agreement by providing incomplete contact information

- 15 -
DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

As discussed above, Plaintiff has not and cannot dispute the fact that AMN provided it with extensive disclosures regarding customers and suppliers in the schedules attached to the Settlement Agrement.  Schedules 1 and 2, which were attached to and became "part of" the Settlement Agreement total over 47 pages and *identified more than 3800 transactions*.  Newman Decl., Exhs. 1 and Schedules 1 and 2 thereto (Exhs. 1A and 1B). Schedule 1 is one page long and contains for each seller a description of the product, amount of product purchased, and seller contact information required by the Settlement Agreement.   Newman Decl., Exh. 1A.  Schedule 2 is forty-six pages long and *goes beyond* the information required by the Settlement Agreement by including for each customer: (a) "Order ID" numbers; (b) customer first and last name; (c) total purchase amount for each customer; (d) "status" and "payment status;" (e) order date and time; (f) customer shipping address; (g) customer shipment phone number; (h) UPC code number; (i) quantity purchased; (j) product name; and (k) tracking number.  Newman Decl., Exh. 1B, pp. 1-46.

To justify the filing of its complaint, Plaintiff now complains that Defendants were obligated under the Settlement Agreement to provide certain contact information to Plaintiff *whether it was known to Defendants or not*.[9]  Plaintiff's P&A's, pp 11-12.  In support of this argument, Plaintiff points to, among other things, Link America (for whom AMN provided a complete address) and "eight other suppliers in Schedule 1," the latter of which it contends are "fictitious names without real persons' names, addresses, email address or other pertinent contact information."  Plaintiff's P&A's, 12:8-22. Plaintiff also argues that Defendants' "must know" the full contact information.  There are several flaws with Plaintiff's argument.

---

[9] Despite Plaintiff's lumping together of Defendants, this Court has previously held in accordance with the explicit language of the Settlement Agreement that only AMN – and not Mr Newman – had a disclosure obligation with respect to Schedules 1 and 2 of the Settlement Agreement. Court's March 13, 2021 Order Granting and Denying in Part Newman Motion to Dismiss.  (Dkt. 72, p. 3).

DEFENDANTS' OPPOSITION TO  MOTION FOR SUMMARY JUDGMENT

*First,* Plaintiff has failed to meet its initial burden because it has failed to present

any *evidence* to support its absurd interpretation of the Settlement Agreement, i.e., that

AMN was obligated to provide information that was unknown to it, or that the parties'

mutually intended that the contract require AMN to provide information that was

unknown to it.

*Second,* Plaintiff has also failed to meet it initial burden with respect to the

assertion that the Defendants *must have known* the full and complete contact

information.  Instead, Plaintiff just blithely asserts, *without any actual evidence*, that

Defendants'"must know Link Amerika's full contact information." Plaintiff's P&A's,

12:9-10.  *See also,* Plaintiff's P&A's, 12:17-18 (When defendants prepared Schedule 1,

they must have had documents with full and complete information for every supplier).

Plaintiff's failure back the foregoing assertions with any evidence means they have

failed to meet their threshold burden under Rule 56.  *In fact, Plaintiff has failed to*

*support a single argument or factual assertion set forth under its argument heading that*

*"Defendants breached the agreement by providing incomplete and inaccurate*

*information in Schedules 1 and 2" with a single piece of admissible evidence, other than*

*to point to Schedule themselves.* Plaintiff's P&A's, 11:25-13:18.  Accordingly, all

arguments and assertions cast as facts in that section of the brief should be completely

disregarded by the Court.

*Third,* with respect to Link Amerika -- who was identified on Schedule 1 as the

largest supplier by far – it is clear that Plaintiff was able to contact Link Amerika based

upon the information provided to it as there exists correspondence between Link

Amerika's counsel and Plaintiff's counsel identified as Exhibit 102 for trial.  But even

more to the point, in response to Plaintiff's Request for Production of Documents,

Defendants provided an email from Steve Rappaport at Link Amerika dated August 19,

2021 (identified for trial as Exhibit 103 and Bates stamped for document production as

004682) stating:

"This email is confirming that we have a relationship with AMN
distribution and their related companies. As you already know we have
supplied the below products in the past:

March 2019- lash 3,5ml 864x, lash 2.0 432x
July 2019 lash 3.5 684x, lash 2.0, 516pc, brow 3.0 192pc kit 110pc

As always, you can contact me with any other questions or requests.

Have a great day,
Steve Rappaport

Said email also contains Link Amerika's address and even a Mobile/WhatsApp
number. (See attached Exhibit 103)

This also goes to the fact that Plaintiff has failed to present any evidence of
damages caused by AMN's purported failure to provide complete contact information as
it confirms the information contained on the Schedules to the Settlement Agreement.

**2.** **Plaintiff has failed to meet it burden with respect to its allegation
that Defendants provided inaccurate contact information**

Plaintiff seeks to force Defendant to prove the negative with information that was
not required by the terms of the subject of the Settlement Agreement.  By its terms,
Schedules 1 and 2 were time limited to purchases and sales respectively for the period
January 1, 2019 to December 31, 2019.  That was the sum total of all information AMN
was required to provide.  No information was required to be provided providing detail
about inventory on hand prior to January 1, 2019.  No information was required to be
provided on purchases, sales or inventory for before or after this calendar year 2019.
The Agreement makes no effort to quantify quantity on hand at any time, indeed at the
closest only noting that "Some Athena cosmetics marks remain in AMN's possession."

- 18 -

The Agreement is devoid of any duty for AMN to make representations about inventory that could be an alleged breach.

Plaintiff now wants to make use of an incomplete hypothetical to conclusively establish that they did not get all the units of inventory still in AMN's possession at the time it was shipped to Athena <u>after</u> execution of the Settlement Agreement.  That in itself presents a hurdle Plaintiff cannot surmount because the Settlement Agreement was executed by AMN on April 30, 2019 and by its terms required delivery of remaining inventory within 30 days thereafter - five months after the information Plaintiff relies upon in the Schedules!

Indeed, Plaintiff presumes there was no cost for the purchase of goods and that gross profit is the same number as net profit!  Yet Plaintiff produces not one shred of evidence to support this obvious trial issue.

Plaintiff's hypothethical has no facts to establish inventory on hand before start of the reporting period in the schedules of January 1, 2019, no information on inventory on hand at the time of the execution of the settlement agreement on April 30, 2019 (or indeed at any time at all) and no information on how many units were bought or sold between the end of the reporting period and the May 2020 conveyance of remaining inventory.

Plaintiff's own motion belies the problems with their incomplete hypothetical and relies upon argument that is mere speculation such as "…pre-2019 inventory, which probably does not exist…" and "…alluding to the possibility that inventory existed…" These statements are not evidence but rather mere conjecture and so unlikely as to be absurd.  The Plaintiff would have the Court accept as some kind of implied fact that a going concern selling thousands of units a year simply had no inventory coming into the year.

Plaintiff has not even offered any explanation why it failed to ask for any such information in a settlement agreement drafted by it and in which it was represented by

counsel but now tries to contend this was material information critical to settling with not one piece of evidence showing that Plaintiff so much as asked.  It was enough for Plaintiff to sign the Settlement Agreement with the mere recitation that "some" was still in AMN's possession.

This inventory discrepancy issue simply not what this case was ever about and is not even mentioned in the original complaint filed nor the First Amended Complaint.  It is a red herring.  Plaintiff fails to provide prima facie evidence to support such a claim by means of an incomplete hypothetical and then insists it be preordained the winner of the claim because Defendants failed to provide information they were never required to provide by the Settlement Agreement in the first place.

In fact the jury at Trial rejected this theory finding "No" on the question of:
> "Was the 1,639-unit discrepancy, between the amount Defendant AMN
> bought and sold in 2019, as set out in Schedules 1 and 2 of the Settlement
> Agreement, the result of inaccurate or incomplete disclosures of AMN's
> suppliers?"

That a jury found for Defendants on this issue supports Defendants position that this is certainly not an issue susceptible to Plaintiff prevailing on MSJ.  (See Special Verdict Form, Dkt. #189 I.c)

Not only does such sheer speculation does falls woefully short of the standard on Motion for Summary Judgment, it doesn't even meet their initial burden as required by FRCP 56.

**3.**   **Plaintiff has failed to meet it burden with respect to its allegation that Defendants continued "to sell Athena counterfeit goods" after the execution of the Settlement Agreement**

**The Court clearly identified the issues in its Pretrial Conference Order based on the FAC and Plaintiff's Trial Brief**.  The Plaintiff went with the theory based on the proffered testimony of Felix that her purchase from Michwa-10 was proof – the only

DEFENDANTS' OPPOSITION TO  MOTION FOR SUMMARY JUDGMENT

1  proof the Plaintiff offered – of a post-Settlement Agreement sale.  Walmart documents

2  received at Trial showed conclusively that there were no sales after the date of the

3  Settlement Agreement and Defendants contend that the fact that a jury found for

4  Defendants on the Michwa-10 argument after cross-examination of Felix should be

5  sufficient to demonstrate this is not an issue susceptible to Plaintiff prevailing on MSJ.

6  (See Special Verdict Form, Dkt. #189 II.e and II.g.)

7       As yet another new argument never previously disclosed, Plaintiff throws out the

8  theory without any supporting evidence that Defendants engaged in post-settlement sales

9  through the fictitious online names of Adina's Beauty Shop,

10  Austramericacosmeticsoutlet, and BluelineLA

11       Defendants note that Exhibit 27 admitted at Trial by Plaintiff at page 8 stamped as

12  202001844C000008 expressly identifies AMN account details and Advertising

13  Information and shows not one dollar spent on advertising with Walmart!

14  ⌄ Advertising Information

15  Advertising Account Name                          Advertising Account Owner
    AMN Distribution

16  Advertising Revenue                               Advertising Primary Contact
    $0.00

17  Advertising Type                                  WMG Industry
    SS - Category 3

18  Advertiser                                        Advertising API Partner
    ✓

19  Advertising Credit Approved                       Advertising Planning Kickoff
    ✓

20

21  ⌄ Additional Information

22  State of Incorporation                            Year Company Founded
    Delaware                                          2015

23  DUNS Number                                       Diverse Supplier
    80176657

24  ⌄ Primary Contact Information
       Confidential                    Walmart, Inc.                    2020018144C000008

25

26

27

28

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**C.**   **Plaintiff has Failed to Meet its Initial Burden With Respect to the Element of Damages and this Court is Obligated to Exclude Any Evidence of Contract Damages as a Result of Plaintiff's Violation of Their Disclosure Obligations**

As noted above, Defendants have repeatedly called out Plaintiff for its failure to make any the required disclosures regarding damages with respect to its contract claim. Defendants have also repeatedly raised the lack of damages before this Court, raising it not only in their motions to dismiss and for judgment on the pleadings (Dkt. Nos. 63, 65) and their own summary judgment motion (Dkt. Nos. 97, 115), but most recently in their pre-trial motion in limine to excluded evidence of damages (Dkt. 168).[10]  In connection with the latter, this Court granted the motion with respect to the Phase I trial – as it ruled that damages would not be part of that trial – but specifically expressed no view on the issue with respect to a Phase II trial.  (Dkt. 179).  Given that Plaintiff is now seeking summary judgment on its breach of contract claim – and damages are an essential element of that claim under California law – Defendants urge the Court to address the issues and exclude all evidence of damages in connection with Plaintiff's motion.

The initial disclosure requirement with respect to damages are crystal clear.  The plaintiff "must, without awaiting a discovery request" provide the defendant with:

> "a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered"

Fed. R. Civ. Proc. 26(a)(1)(A)(iii).

The consequences for the failure to provide such information are also crystal clear:

---

[10] Defendants incorporate by reference their arguments from those motions on this issue.

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

(1) *Failure to Disclose or Supplement. **If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial***, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Fed R. Civ. Proc. 37(c)(1)(emphasis added).

The Ninth Circuit has held that "Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly disclosed evidence." *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) (affirming exclusion of "case dispositive" expert witness who was not properly disclosed under Rule 26(a)(2)).

Even if the Court Were to Permit Plaintiff to Introduce Evidence of Contract Based Damages, Plaintiff Has Failed to Meet it Initial Burden With Respect to the Element of Causation

Plaintiff not only bears the burden of proving the existence of damages, but that the defendant's "breach of contract was a substantial factor in causing [plaintiff's] harm." CACI No. 303.  Shockingly, Plaintiff supporting memorandum offers no explanation – let alone evidence – as to how, at best, a few alleged minor omissions with respect to addresses or e-mails or the alleged continued marketing (with no evidence of post-settlement sales) resulted in *breach of contract damages.*

Plaintiff will be unable to prove Defendants alleged breach was a "substantial factor" in causing Plaintiff any harm. To the contrary, Plaintiff's damages theory amounts to nothing more than speculative lost profits – the recovery of damages is barred under California law. See CACI No. 352 ("Loss of Profits – No Profits Earned"), CACI No. 353 ("Loss of Profits – Some Profits Earned"), Judicial Council of California Civil Jury Instructions (2021 edition).

Finally, the type of damages that Plaintiff appears to seek are special damages. to which Plaintiff is not entitled unless it can prove that when the parties made the contract, AMN "knew or reasonably should have known of the special circumstances leading to the harm." See CACI No. 351 ("Special Damages"), Judicial Council of California Civil Jury Instructions (2021 edition). Once again, Plaintiff has offered no evidence in support of this theory.]

### D.   Plaintiff Has Failed to Meet it Initial Burden With Respect to Defendant Newman on its Contract Claim

Although Plaintiff has lumped together AMN and Mr. Newman and treated them as one, they are not in fact one and the same and Plaintiff's case against Mr. Newman is even weaker than its case against AMN.  As noted above, there is no issue as to whether Mr. Newman breached the Settlement Agreement by failing to provide "full and complete contact" information as this Court has previously ruled that Mr. Newman had no contractual duty to provide such information and the jury made no finding against Mr. Newman on this issue.  This leaves as the sole breach issue question of whether Mr. Newman continued to sell and/or market any counterfeit goods.  On that point, there Plaintiff has failed to present any evidence that Mr. Newman, *in his individual capacity*, ever engaged in the post-settlement (or even pre-settlement) sale of Athena goods. One cannot turn a party into an alter-ego of another by merely wishing it to be so.

### VI.   PLAINTIFF IS NOT ENTITELD TO SUMMARY JUDGMENT ON ITS INFRINGEMENT CLAIM (1st CLAIM FOR RELIEF)

- 24 -

A.   **Plaintiff's Failure to Establish that Is Entitled to Summary Judgment on Its Contract Claim Precludes it From Moving Forward On Its Other Claims**

Plaintiff has at best alleged one single counterfeit item of the many thousands of products sold – and not one of the hundreds of products returned to Plaintiff.  Why didn't Plaintiff follow up with any of the thousands of disclosed purchasers?  Why didn't Plaintiff follow up with any of the eBay sellers from whom Defendants bought product for resale.  Where is the showing that Defendants ever saw the one single unit of the many thousands?  Compare this to the thousands of goods that were sold.  On page 2, line 20, of Plaintiff's introduction to the MSJ, plaintiff mischaracterizes situation by stating that: "All Athena-branded products defendants advertised and sold were counterfeits."  Why?  Because Plaintiff found a single transaction out of thousands it contends was a counterfeit?

These are issues of triable fact for the jury.

VII.   **CONCLUSION**

For the foregoing reasons, Plaintiffs motion for summary judgment should be denied by this Court.


DATED:  June 27, 2022          DAVID C. VOSS, JR.
                               VOSS, SILVERMAN & BRAYBROOKE, LLP


                               By: _____
                                   David C. Voss, Jr.
                                   Attorneys for Defendants
                                   AMN DISTRIBUTION, INC. and
                                   MOISHE NEWMAN

DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

ATTORNEYS EYES ONLY

**M** Gmail

Mark New <mark@

U.S.D.C. CENTRAL DISTRICT OF CALIFORNIA

2:20-cv-05526-SVW-SHK

CASE NO. _____

ATHENA COSMETICS, INC.

VS. _____

AMN DISTRIBUTION, INC., ET AL.

DEFENDANT'S EXHIBIT    103

DATE _____   IDEN.

DATE _____   EVID.

BY _____
          Deputy Clerk

## Revitalash confirmation
1 message

Steve Rappaport <srappaport@linkam.cz>                    Thu, Aug 19, 2021 at 10:40 PM
To: mark@amndistribution.com

Dear Mark

This email is confirming that we have a relationship with AMN distribution and their related companies.  As you already know we have supplied the below products in the past:

March 2019 –  lash  3,5ml 864x,  lash 2.0  432x

July 2019  lash 3.5 684x, lash 2.0 516pc, brow 3.0  192pc, kit 110pc

As always, you can contact me with any other questions or requests.

Have a great day,

Steve Rappaport

# linkamerika

LinkAmerika II., s.r.o.

Na stare silnici 99

252 68 Knezeves u Prahy

Czech Republic

Mob/WhatsApp: +420 603 444 033

skype: bohemrapp

Tel/Fax:  Seriously?  It's 2021

www.linkam.cz