**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Dan Lawton, No. 127342 dlawton@klinedinstlaw.com
Klinedinst
777 South Figueroa St., Suite 4000
Los Angeles, California 90017
Phone: (619) 239-8131 • Fax: (619) 238-8707

Edward D. Chapin, No. 53287
    echapin@sanfordheisler.com
Sanford Heisler Sharp, LLP
2550 Fifth Avenue, 11th Floor
Phone: (619) 577-4253 • Fax: (619) 577-4250
San Diego, CA 92103

Attorneys for Plaintiff Athena Cosmetics, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| Athena Cosmetics, Inc., <br><br>　　　Plaintiff, <br><br>　　　v. <br><br>AMN Distribution Inc., et al, <br><br>　　　Defendants. | No. 2:20-cv-05526-SVW-SHK <br><br> Plaintiff Athena's Memorandum of Points and Authorities in Support of Plaintiff Athena's Motion for Attorney Fees and Expenses <br><br> Date:　September 26, 2022 <br> Time:　1:30 p.m. <br> Judge:　Wilson |

**TABLE OF CONTENTS**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page**

A.　Introduction ..................................................................................................1

B.　History of the Dispute ..................................................................................1

C.　Argument .....................................................................................................3

　　1.　The settlement agreement specifies awarding attorney fees to Athena. ...................................................................................................3

　　2.　The Lanham Act also supports an award of attorney fees. ...............3

　　3.　Athena may recover its full attorney fees under the lodestar formula. ..................................................................................................4

4. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ 5

D. Conclusion ............................................................................................ 6

# TABLE OF AUTHORITIES

**Cases**          Page(s)

*Blum v. Stenson*, 465 U.S. 886 (1984) ............................................................ 4, 5

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008) ....................... 5

*Gonzalez v. City of Maywood*, 729 F.3d 1196 (9th Cir. 2013) .......................... 5

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) ......................... 5

*Levi Strauss & Co. v. Shilon*, 121 F.3d 1309 (9th Cir. 1997) ........................... 3

*Microsoft Corp. v. Buy More, Inc.,* No. CV-14-9697-R, 2015 WL 12781616 (C.D. Cal. Nov. 17, 2015) .................................................. 3

*Morales v. City of San Rafael*, 96 F.3d 359–64, n.8 (9th Cir. 1996), *amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). ...................... 4

*Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542 (2010) ...................................... 4

*Santisas v. Goodin*, 17 Cal. 4th 599 (1998) ....................................................... 3

*United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403 (9th Cir. 1990) .......................................................................................... 4, 5

**Statutes**

15 U.S.C. § 1117 .................................................................................................. 3

42 U.S.C. § 1988 .................................................................................................. 5

**Rules**

FED. R. CIV. P. 30(b)(6) ....................................................................................... 2

Local Rule 37 ...................................................................................................... 2

**REDACTED VERSION OF DOCUMENT PROPOSED
TO BE FILED UNDER SEAL**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.   INTRODUCTION**

The lodestar calculation yields a reasonable attorney fee award and is appropriate here. Defendants' actions prolonged the suit and caused plaintiff Athena's attorney to do more work than they would have done had a reasonable opposing party would have required. Defendants refused to produce its book and records, which would have identified their suppliers. Defendants refused to identify a major supplier. The 1,630 difference between 2,835 counterfeits that Schedule 1 says they purchased and the 4,474 units Schedule 2 says they sold.

Defendants made discovery impossible because defendant Newman and defendant AMN refused to be deposed.

If defendants been reasonable and produced the books and records as the discovery rules require, the suit would have ended earlier, and Athena would not have incurred much of its attorney fees.

**B.   HISTORY OF THE DISPUTE**

This suit began with Athena's counsel sending a demand letter to Brush Express demanding it stop advertising and selling counterfeit Athena cosmetics. Brush Express is defendants' fictitious name. The parties initially resolved their dispute by agreeing to a settlement agreement (Trial Ex. 14). Defendants promised that they would cease selling or promoting Athena products. They also agreed to prepare two schedules, one listing their suppliers and the amounts obtained from each, and the other listing their customers (Trial Exs. 15 and 16).

Athena questioned the schedules, but defendants would not add or correct their information. Therefore, Athena sued. Athena served defendant AMN, but defendants challenged the service on defendant Newman because he was in Australia when the process server said he served Mr. Newman. After defendants produced a document from the Australian government showing that Newman had not left Australia when he

**REDACTED VERSION OF DOCUMENT PROPOSED
TO BE FILED UNDER SEAL**

was allegedly served, Athena agreed that service on him was ineffective. Newman eventually agreed to accept service.

Athena served a set of document requests and interrogatories in October 2020, but defendants did not respond until May 2021 following demands from Athena's counsel. Defendants also waited until May to serve its initial disclosures. Defendants objected to all Athena's written discovery and produced no documents. Athena also noticed a Rule 30(b)(6) deposition of AMN, but no witness appeared.

Ronan Cohen represented defendants when the lawsuit began, and David Voss substituted for Mr. Cohen in November 2020.

Athena sought the assistance of Magistrate Judge Kewalramani. He requires the party seeking to compel discovery to submit a brief description of the dispute before the parties proceed with the Local Rule 37 stipulation. Defendants offered to serve amended responses, but none was responsive. That forced Athena to try obtaining information from companies who sell and advertise defendants' Athena-trademarked cosmetics—PayPal, eBay, Groupon, and Walmart.com. Mr. Newman still had not been deposed, and he failed to appear for a properly noticed deposition in late October 2021. The Court sanctioned defendants $2,000 for failing to appear, but they have not paid it. Therefore, this motion includes the fees surrounding Mr. Newman's failure to appear.

In November 2021, the Court held a bifurcated trial on the breach of contract issue. After the jury found various acts breached the settlement agreement, the Court granted a new trial in late December. ECF 203. While counsel was preparing for the second trial, the Court held a May 9, 2022, scheduling conference and granted permission to Athena to file a summary judgment motion. Athena filed the motion May 23, and the Court granted the motion August 16.

**REDACTED VERSION OF DOCUMENT PROPOSED
TO BE FILED UNDER SEAL**

## C. ARGUMENT

### 1. The settlement agreement specifies awarding attorney fees to Athena.

The Court held Athena, the prevailing party, "is entitled to attorney fees by virtue of the settlement agreement." ECF 254, p. 22. The Court also ruled "when a contractual provision authorizes attorneys' fees in an action 'arising out of' the contract, recovery of fees is authorized not only for contract claims, but also for tort claims related to the subject of the contract. *See Santisas v. Goodin*, 17 Cal. 4th 599, 608 (1998)." "Thus, Plaintiff is entitled to recover fees for this action." ECF 254, p. 22.

The attorney fee clause in the settlement agreement states, in the event of any litigation arising from breach of this Agreement, the prevailing party shall be entitled to recover from the non-prevailing party all reasonable costs including staff time, court costs, and attorney's fees." (quoted at ECF 254, p. 22). Because *Santisas* authorizes awarding attorney fees for the tort claim, here trademark counterfeiting, Athena also seeks its attorney fees incurred before it sued, because it incurred those fees to stop defendants' counterfeiting.

### 2. The Lanham Act also supports an award of attorney fees.

Unless the court finds "extenuating circumstances," 15 U.S.C. § 1117(b) mandates an award of a "reasonable attorney's fee" where the defendant knowingly sells counterfeits. The "extenuating circumstances" "exception is extremely narrow." *Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1314 (9th Cir. 1997). Defendants are knowing counterfeiters. Even after Athena notified defendants of their sales of counterfeits, they continued selling and promoting counterfeit. *See Microsoft Corp. v. Buy More, Inc.*, No. CV-14-9697-R, 2015 WL 12781616, at *1 (C.D. Cal. Nov. 17, 2015) (holding counterfeiting done "knowingly" because it continued after plaintiff informed defendants their activities were infringing). Defendants here also have no evidence of extenuating circumstances.

**REDACTED VERSION OF DOCUMENT PROPOSED
TO BE FILED UNDER SEAL**

### 3. Athena may recover its full attorney fees under the lodestar formula.

Calculating a reasonable fee award is a two-step process. "To determine what fee should be awarded, the court must first determine the 'lodestar,' which is the number of hours reasonably expended on litigation multiplied by a reasonable rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990). There is a strong presumption that the lodestar is sufficient. *Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 546 (2010). "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). Second, the court determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure. *Perdue*, 559 U.S. at 553–54 (2010); *Morales v. City of San Rafael*, 96 F.3d 359, 363–64, n.8 (9th Cir. 1996), *amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). Athena does not assert the Court should modify the lodestar figure.

These guidelines are used to calculate the reasonable hours component of the lodestar calculation:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).[1]

The Court looks to "the prevailing market rates in the relevant community" to determine the reasonableness of the attorney's rate. *Blum*, 465 U.S. at 895 n. 11. "The relevant community is the forum in which the district court sits," *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008), i.e., Los Angeles.[2] The lodestar figure "roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." It is a "presumptively reasonable" fee. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).[3]

"Affidavits of the [prevailing party's] attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate." *United Steel Workers*, 896 F.2d at 407. The attached Harris declaration states the prevailing market rate in the Los Angeles area is $845–$859 for intellectual property partners, $465 for an intellectual property associate and $145–$270 for a paralegal. Harris Decl. ¶¶ 8, 12, 15, 16 and 17. Dan Lawton assisted in preparing for trial and with Athena's summary judgment motion. The market rate for an attorney with his experience is $650. Lawton Decl. ¶ 4.



---

[1] *Burlington* eliminated "whether the fee is fixed or contingent" as a factor. 505 U.S. at 567.

[2] Attorneys Lawton and Chapin assisted in preparing for a second trial and in reviewing papers filed in Court. The fee request does not include Mr. Chapin's billings.

[3] *Gonzalez* is a civil rights case with fees awarded under 42 U.S.C. § 1988

**REDACTED VERSION OF DOCUMENT PROPOSED
TO BE FILED UNDER SEAL**

1  ████████████████████████████████████
2  ████████████████████████████████████
3  ████████████████████████████████████
4  ████████████████████████████████████
5  ████████████████████████████████████
6  ████████████████████████████████████
7  ████████████████████████████████████
8  ████████████████████████████████████
9  ██

10

11  August 30, 2022                    /s/ *Michael Harris*
                                       Michael D. Harris
12                                     SoCal IP Law Group LLP

13                                     Attorneys for Plaintiff Athena Cosmetics, Inc.