Michael D. Harris, No. 59,470 mharris@socalip.com
Brian Tamsut, No. 322,780, btamsut@socalip.com
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

David C. Voss Jr., No. 147330 David@vsbllp.com
Voss, Silverman & Braybrooke, LLP
Marina Towers, 4640 Admiralty Way, Suite 800
Marina del Rey, CA 90292-6602
Phone: (310) 306-0515

Attorneys for Defendants AMN Distribution, Inc. and Moishe Newman

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Athena Cosmetics, Inc.,<br><br>    Plaintiff,<br><br>        v.<br><br>AMN Distribution Inc., et al.,<br><br>    Defendant. | Case No. 2:20-cv-05526-SVW-SHK<br><br>**STIPULATED PROTECTIVE ORDER AND STIPULATION FOR FILING UNDER SEAL RELATING TO MOTION FOR FEES AND EXPENSES AND PROCEDURE THEREFOR** |

## I.     PURPOSES AND LIMITATIONS

A.     With respect to Plaintiff's Motion for Fees and Expenses in the above-entitled matter, Plaintiff and Defendants have stipulated that the information contained in the Motion, Opposition, Exhibits, Declarations in Support and such other related filings as may be made in the ordinary course of litigating the instant motion

should be deemed Confidential and that all related filings be made under seal pursuant to the procedures defined in Local Rule 79-5.

B.     Plaintiff Athena initiated the Motion for Fees and Expenses pursuant to its Application to file Memorandum of Points and Authorities in Support of Plaintiff Athenas Motion for Attorney's Fees and Expenses and Proposed Order Under Seal [Dkt #260] and its Sealed Declaration in Support thereof [Dkt #261].

C.     The Court has not yet issued a ruling on the Application to file under seal.  At the time of the filing, it was not possible for Plaintiff's counsel to meet and confer with Defendants' counsel; however, subsequent discussion resulted in the agreement of all parties to stipulate to handling the matter confidentially such that the materials related to the instant motion be viewed only by the Court, counsel for the parties and by the parties themselves with no further public disclosure.

D.     Defendants' counsel has not shared the contents of Dkt. #260 nor Dkt. #261 with its client which were marked Confidential; however, Plaintiff agrees that Defendants shall have the opportunity to review Confidential material associated with the instant motion to assist in the preparation of opposition documents subject to the limitations contained herein.

E.     The application for fees and costs as well as opposition thereto in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

F.      Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

G.      The parties further stipulate that all documents filed in connection with the instant motion shall be deemed Confidential without objection and may be viewed only by counsel for the parties and by the parties themselves with no further public disclosure and for the limited purpose of litigating the issue of fees and expenses.

H.      The parties further acknowledge, that this Stipulated Protective Order expressly entitles them to file confidential information under seal and that all documents related to the instant motion (including Dkt #260 and Dkt #261) may be filed under seal without further prior approval by the Court which approval is deemed granted pursuant to this Stipulation and Order (See L.R. 79-5.2.2); Civil Local Rule 79-5 sets forth the procedures that must be otherwise followed.

## II.     GOOD CAUSE STATEMENT

A.      This action involved copyrights, trade secrets, customer and pricing lists and other valuable and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information

regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

B.     Accordingly, to expedite the flow of information, to adequately protect information the parties have agreed to keep confidential, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.   DEFINITIONS

A.     <u>Action</u>:  This pending federal lawsuit.

B.     <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

C.     <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.   <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

E.   <u>Designating Party</u>:  A Party or Non-Party that designates information in connection with the instant motion as "CONFIDENTIAL."

F.   <u>N/A</u>

G.   <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H.   <u>House Counsel</u>:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I.   <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J.   <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

K.   <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L.   N/A

M.    <u>N/A</u>

N.    <u>Protected Material</u>:  Any Material filed in connection with the instant motion, which shall be automatically designated as "CONFIDENTIAL."

O.    <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.  SCOPE

A.    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.    Any use of Protected Material shall be governed by such further orders of the trial judge as he shall make.

## V.  DURATION

A.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the parties agree otherwise in writing or a court order otherwise directs.

## VI.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.    Timing of Challenges

1.    Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B.    Meet and Confer

  1. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VII.  ACCESS TO AND USE OF PROTECTED MATERIAL

A. Basic Principles

  1. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2.      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.      Disclosure of "CONFIDENTIAL" Information or Items

1.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.      The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.      The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.      The Court and its personnel;

e.      Court reporters and their staff;

f.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

g.     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

1.     Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

2.     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

3.     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be

construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## IX.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## X.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A.      When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information

covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

## XI. PROCEDURE FOR FILINGS AND HEARING OF MOTION FOR FEES AND EXPENSES

A.      Deadlines for Opposition and Reply. As noted hereinabove, pending the Court's order of this Stipulation, Defendants counsel have not disclosed nor had the benefit of consulting with its client or other counsel regarding the preparation of an opposition to the instant motion nor has the Court yet ruled on the Application [Dkt. #260]. Upon the Court's execution of the order contained herein, Defendants shall have twenty court days to file opposition to the Motion for Fees and Expenses and Plaintiff shall have ten court days thereafter to file a reply if any.

B.      Separate Stipulation for New Hearing Date. Consistent with this Stipulation, the parties are concurrently filing with Judge Stephen V. Wilson, a Stipulation to Continue the hearing on the Motion for Fees and Expenses requesting

a) a brief scheduling hearing to set the hearing of the motion for fees and expenses on a date mutually available to counsel for the parties and the Court; and,

b) a continuance of the October 24, 2022 hearing date set by the Court pursuant to the continuance granted by Order dated September 29, 2022 [Dkt. #263].

## XI. MISCELLANEOUS

A.      Right to Further Relief

1.      Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B.      Right to Assert Other Objections

1.      By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C.      Filing Protected Material

1.      A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 subject to the modifications contained in part I.F. hereinabove.

D.      Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

October 20, 2022                      /s/ *Michael Harris*
                                      Michael Harris
                                      SoCal IP Law Group LLP
                                      Attorneys for Plaintiff Athena Cosmetics, Inc.

1        Under Local Rule 5-4.3.4, Michael Harris attests that the following signatory

2   authorized this filing.

3   October 20, 2022            /s/ *David C. Voss Jr.*

                                   David C. Voss Jr.

4                                        Voss, Silverman & Braybrooke, LLP

5                                        Attorneys for Defendant AMN Distribution,

6                                        Inc. and Moishe Newman

7

8   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

9

10  Dated:_____          _____

11                                       HONORABLE SHASHI H. KEWALRAMANI

                                     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issue by

the United States District Court for the Central District of California on [DATE] in the

case of _____ [insert formal name of the case and the number

and initials assigned to it by the Court].  I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity except

in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termi-

nation of this action.  I hereby appoint _____ [print or type

full name] of _____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action

or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____