UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 15, 2022 |
|---|---|---|---|
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et. al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S ELECTION OF REMEDIES [255] AND PARTIALLY GRANTING MOTION FOR ATTORNEYS' FEES [260]

## I. Introduction

Before the Court is Plaintiff Athena Cosmetics ("Plaintiff")'s motion for attorneys' fees. ECF No. 260. For the forthcoming reasons, Plaintiff's motion is GRANTED, subject to the adjustments described further below.

## II. Factual and Procedural Background

We have discussed the relevant factual background at length in our other orders related to this case. *See* ECF No. 254. Briefly, this case arises from the apparent counterfeiting of several of Plaintiff's trademarks used on its cosmetics products. *Id.* at 1-4. The parties settled. *Id.* Plaintiff subsequently alleged that Defendant breached the settlement agreement by failing to provide full and complete contact information for its suppliers and continued marketing and selling the counterfeit goods and moved for summary judgment on this issue. *Id.* at 3. We granted Plaintiff's motion, determining both that there was a breach of the settlement agreement and that the trademark infringement here involved the use of counterfeiting. *Id.* at 20. In so doing, we also granted Plaintiff's request for an injunction against Defendant. *See generally id.*

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 15, 2022 |
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et. al.* | | |

Because the Court determined that Defendant breached the settlement agreement, we ordered Plaintiff to choose damages based on Defendant's profits or based on the statutory provision of damages for trademark violations. *Id.* Plaintiff elected damages based on Defendant's profits. ECF No. 255. Defendant does not oppose Plaintiff's election of remedies. ECF No. 262.

The Court also determined that, pursuant to the settlement agreement, Plaintiff is entitled to an award of attorneys' fees. Plaintiff has now moved for an award of fees, requesting $999,253.14 in fees. ECF No. 260. Defendant opposed. ECF No. 271.

This matter is suitable for disposition without oral argument. Local Rule 7-15. We therefore vacated the hearing set for October 24, 2022, and took the matter under submission.

### III. Discussion

#### A. Election of Damages

As we discussed in our prior order, at ECF No. 254, Plaintiff is entitled to choose between Defendant's profits or the statutory damages of between $1,000 and $200,000 per counterfeit mark used. Plaintiff has elected Defendant's profits in the amount of $287,880, *see* ECF No. 255, which Defendant does not oppose—nor could they. *See* ECF No. 262.

Defendant is therefore ordered to pay Plaintiff $287,880.

#### B. Attorneys' Fees and Costs of Litigation

Plaintiff also requests attorneys' fees as provided for in the parties' settlement agreement, which states that "in the event of any litigation arising from the breach of this agreement, the prevailing party shall be entitled to recover from the non-prevailing party all reasonable costs incurred including staff time, court costs, and attorney's fees." SA ¶ 9(c). As we previously determined, because of this

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 15, 2022 |
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et. al.* | | |

provision,[1] Plaintiff is entitled to fees arising from the breach of the settlement agreement and for the fees associated with the underlying trademark infringement claims.

As discussed further below, the Court has examined Plaintiff's evidence and determined that its lodestar calculation is largely reasonable. Therefore, we grant Plaintiff's motion.

### 1. Lodestar Calculation

#### a. Relevant *Kerr* Factors – Reasonableness of Requested Attorneys' Fees

Here, Plaintiff's counsel SoCal IP requests $946,370.24 in fees. ECF No. 261-3 at 142. The other firm representing Plaintiff, Klinedinst PC, requests $11,950 in attorneys' fees. ECF No. 261-4 at 3.

When calculating attorneys' fees as provided for in a settlement agreement, courts typically look to the lodestar method, calculating the "number of hours reasonably expended on litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The moving party—here, Plaintiff—bears the burden of establishing entitlement to the requested award of fees. *Id.* at 437. "To demonstrate that the amount of time spent on the case was reasonable, the party must present more than simply records demonstrating the time actually spent on the case. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir.1984). Counsel must demonstrate that the time actually spent was reasonably necessary to the effective prosecution or defense of the claims. *Id.* at 1385 n. 4." *Partners for Health and Home, L.P. v. Seung Wee Yang*, 488 B.R. 431, 439 (C.D. Cal. 2012).

Courts may also consider other factors. *Id.* at 434 (referring to the twelve factors set out in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time

---

[1] In our prior order, we determined that the section of the Lanham Act permitting an award of attorneys' fees was inapplicable because the Court could not conclude that Defendants acted knowingly or willingly. We did, however, permit Plaintiff to request fees based on their settlement agreement, which permitted fees for the underlying trademark infringement, as the underlying infringement was related to Defendants' breach. *See* ECF No. 254 at 22-23.

| | | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 15, 2022 |
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et. al.* | | |

limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the client relationship; (12) awards in similar cases. *Hensley*, 461 U.S. at 434; *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir 1975). A court need not individually consider each factor, however, as many will be irrelevant to a given case or "subsumed within" the lodestar calculation. *Id.* at 434, n. 9.

Here, Plaintiff asserts that three attorneys, one associate, and three paralegals worked on this matter between 2019, when they became aware of Defendant's counterfeiting, and the present. Harris Decl., ¶ 19. Partner Michael Harris, who has been admitted in California since 1974, billed his time on this matter at $495 per hour, which was raised to $755. *Id.* ¶ 8. Partner Marina Lang, who was admitted to practice in 2007, billed her time on this matter at $395, which was raised to $495 in January 2021 and then to $520 in July 2022. *Id.* ¶¶ 10-12. Both Harris and Lang billed Plaintiff below their standard hourly rates for this matter. Plaintiff's co-counsel, partner Dan Lawton, charged $500 per hour on this matter, though his usual rate is $650 per hour. Lawton Decl. ¶ 4. Harris declares that $830 is commensurate with the prevailing market rate for a partner working in intellectual property litigation.

Associate Brian Tamsut, who has been employed at counsel's firm since 2018, also worked on the lawsuit at a rate of $425 per hour. Harris Decl. ¶ 13. His typical rate is $625 per hour. *Id.* ¶ 15. Harris declares that the commensurate rate for an intellectual property associate is $475 per hour. *Id.*

Three paralegals also worked on this matter. *Id.* ¶¶ 16-18. Two of the paralegals' rates were $245 per hour, with one being billed to Plaintiff $245 instead of $320, and the third billed at $145 per hour. *Id.* Harris declares that these rates for paralegals are commensurate with the prevailing market rate for a litigation paralegal. *Id.*

We now turn to assessing the relevant *Kerr* factors to determine whether Plaintiff's requested $946,370.24 in fees is reasonable.

The Harris Declaration sufficiently establishes that the fees charged were reasonable. It conveys the experience and skill of the two partners, Harris and Lang, from SoCal IP who worked on this matter. Each has over ten years' experience litigating intellectual property matters. Mr. Harris has extensive

| | | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 15, 2022 |
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et. al.* | | |

experience, having been admitted to the California bar in 1974. Harris and Lang each also agreed to work on the case at a reduced rate from their typical fee. Additionally, Tamsut has practiced in intellectual property for at least four years, and, like Harris and Lang, worked on this case at a reduced rate. Likewise, the declaration of Mr. Lawton, a partner, sufficiently establishes that his fee was reasonable given his decades of experience in civil trial work, and that he discounted his fee in this case. *See* ECF No. 261-5 (resume of Mr. Lawton). Last, the paralegals' rates align with the rates found reasonable in other trademark cases. The paralegals also had several years' worth of litigation experience.

These considerations show to the Court that the fees requested by each attorney and paralegal are reasonable. *Energizer Brands, LLC v. Lumintop Tech. Co. Ltd.*, 2020 WL 1279456 at *3 (C.D. Cal. Feb. 3, 2020) (finding a fee of $505 per hour for a partner with eight years of experience, and $335.75 per hour for an associate with only two years' experience, as well as approximately $275 per hour for a paralegal, to be reasonable fees for plaintiffs' counsel in a trademark case); *see also generally United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the [prevailing party's] attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate.").

The attorneys in this case also, in general, spent a reasonable amount of time in this case. The Court's review of the relevant exhibits, showing the number of hours billed on this case, reveal mostly substantive billings. For instance, Plaintiffs provide specific billing entries showing work on filing various motions, communicating with the Court and opposing counsel, and working to discover the extent of Defendants' trademark infringement. Plaintiffs' motion, and our review of the record, also shows that additional hours were expended on this matter due to Defendants' delays, namely, during discovery and when Defendant apparently refused to assist Plaintiff in preventing further infringement. Mot. for Attorneys' Fees at 1.

Though we generally agree that counsels' calculation of the lodestar is reasonable, the *Kerr* factors are non-exhaustive. Therefore, we also must consider Ms. Lang's disruption during the trial in this matter. We previously determined that she be sanctioned for her conduct during the trial, which we will not describe again here. *See* ECF No. 219, Order Finding Marina Lang in Civil Contempt. Due to

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 15, 2022 |
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et. al.* | | |

Lang's disruption, which caused a mistrial, we deduct from the award of fees the Ms. Lang's time during the trial, for which she billed 13.5 hours. $6,682.50 will therefore be deducted from the award of fees. ECF No. 261-3 at 110.

Aside from this deduction, though the lodestar fee is presumptively reasonable, the Court further recognizes the extensive difficulties caused by both sides during discovery, which led to a number of discovery disputes before the Magistrate Judge.

The Court understands that Defendant opposes the award of fees due to various difficulties caused by opposing counsel during discovery and the trial. *See* ECF No. 271. Though Defendant cited no authority whatsoever to support its position that Plaintiff should receive no fees at all except for the preparation of its summary judgment motion—and ignored its own role in the disputes—the Court agrees that the "litany of discovery disputes" that "[took] up much of this Court's time and Magistrate Judge Kewalramani's time in prior hearings" dictates that Plaintiff's counsel does not receive the full amount of fees requested for discovery. *See* Order Finding Marina Lang in Contempt at 2.

Consistent with the Court's other encounters with the parties in this case, it has found these squabbles particularly petty vis-à-vis the thousands of other cases the Court has presided over. But because Defendant was not blameless in causing these difficulties, the Court does not find it appropriate to completely eliminate Plaintiff's recovery of fees for discovery. The Court therefore exercises its discretion and experience in this area to deduct 10% from the amount of fees requested to compensate for these discovery disputes. *Vargas v. Quest Diagnostics*, No. CV 19-8108 DMG (MRWx), 2021 WL 4642785 (C.D. Cal. Sept. 8, 2021) ("[A] plague on both your houses.").

The Court sees no reason to adjust Lawton's requested fees of $11,950 to be paid to Klinedinst PC, also based on the use of the lodestar method. *See* ECF No. 261-4 at 3.

    b. **Reasonableness of Costs**

Reasonable expenses are permitted as part of a fee award. *United Steelworkers of America*, 896 F.2d at 407. Here, Plaintiff's counsel SoCal IP requests $52,882 in costs relating primarily to court filing fees, the costs of serving various defendants and other infringers, participating in depositions, and the

| | |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 15, 2022 |
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et. al.* | | |

costs of preparing for trial. ECF No. 261-3 at 142-44. Klinedinst PC requests $1,492.68 in fees. ECF No. 261-4 at 3.

SoCal IP's expenditures of the costs of this litigation are reasonable. Each billing entry is specific, showing the costs of subpoenas, depositions, and preparation of trial materials. Though the costs are relatively high, the litigation and investigation into Defendant's alleged counterfeiting and trademark violations have gone on since early 2020.

Likewise, Lawton's expended costs on this litigation are also reasonable. They include administrative fees of preparing for trial, as well as lodging and meals during the trial. Lawton evidently endeavored to be economical—or at least not unduly extravagant—during the trip, as he and Mr. Harris expended only $23.98 for lunch on the day of the trial between the two of them. Thus, we find Mr. Lawton's requested costs in connection with this litigation to be appropriate.

Counsel may therefore collect the requested costs of litigation. *See Trustees of Operating Engineers Pension Tr. v. Hunsaker Land Surveying, Inc.*, No. SACV1500140CJCDFMX, 2015 WL 13763861 (C.D. Cal. June 11, 2015) (finding costs incurred for filing fees, attorney service fees, and research, copying, and facsimile costs reasonable where statute at issue provided for collection of reasonable costs).

### 2. Multiplier in Exceptional Circumstances

In exceptional circumstances, courts have the discretion to adjust the award via a "multiplier." *Chalmers v. City of Los Angeles*, 676 F. Supp. 1515 (9th Cir. 1987). Here, Plaintiff has not requested such a multiplier, so we need not consider exceptional circumstances warranting a multiplier adjustment here.

### 3. The "Haircut"

Courts may exercise their discretion in awarding attorneys' fees by whittling down the fee award by five to ten percent to account for duplicative or excessive billings. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[T]he district court can impose a small reduction, no greater than 10

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05526-SVW-SHK | Date | November 15, 2022 |
| Title | *Athena Cosmetics, Inc. v. AMN Distribution Inc. et. al.* | | |

percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation . . . we don't require the explanation to be elaborate, but it must be clear.").

As we discussed above, we generally found the billings meritorious and reasonable in this case, with suitably detailed time entries such that the Court is well-apprised of how counsel spent its time litigating this action. But the Court's review of the exhibits attached to the motion, namely, SoCal IP's billing entries, show some expenses the Court views as excessive in this matter. For example, at various times, SoCal IP bills 0.2 hours, 12 minutes, simply for reviewing the Court's calendar, responding to a single email, or reviewing simple case orders, such as those transferring the case to a different judge or ordering courtesy copies.

Therefore, though we largely find the requested fees and costs reasonable, we exercise our discretion in deducting another 10% from the requested attorneys' fees to be paid to SoCal IP.

## IV. Conclusion

"Application of the lodestar method in a trademark infringement case may properly result in an attorneys' fee award that is even larger than the award of the infringer's profits because when a trademark in infringed, trademark owners have more at stake than just the damages or loss of profits in that case. Their failure to enforce their rights may result in the weakening of these rights over time." *Partners for Health & Home, L.P. v. Seung Wee Yang*, 488 B.R. 431 (C.D. Cal. 2012), *aff'd*, 671 F. App'x 475 (9th Cir. 2016) (cleaned up and citations omitted).

For the foregoing reasons, Plaintiff's motion is partially GRANTED. Defendant is ordered to pay Plaintiff damages in the amount of $287,880, plus attorney's fees in the amount of $794,042.11 to SoCal IP—as discussed above, to account for the numerous discovery disputes and excessive billings—and $11,950 to Klinedinst PC, and costs in the amount of $52,882 to SoCal IP and $1,492.68 to Klinedinst PC. Plaintiff's counsel may also collect the fees incurred in preparing the fee motion.

IT IS SO ORDERED.

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |