**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ATHENA COSMETICS, INC., a Delaware corporation, | No.   22-55159 |
| Plaintiff, | D.C. No. 2:20-cv-05526-SVW-SHK |
| v. | |
| AMN DISTRIBUTION, INC., a Delaware corporation; MOISHE NEWMAN, an individual, DBA Brush Express, | MEMORANDUM* |
| Defendants-Appellees, | |
| v. | |
| MARINA LOUISE LANG; SOCAL IP LAW GROUP, LLP, | |
| Real-party-in-interest-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted January 9, 2023**

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Pasadena, California

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Appellants and real-parties-in-interest, Marina Lang and her law firm, the SoCal IP Law Group, LLP, represented Athena Cosmetics (Athena) against AMN Distribution and Moishe Newman (collectively, AMN) in a trademark dispute before District Judge Stephen V. Wilson. Lang appeals Judge Wilson's imposition of civil contempt sanctions against her and her firm in the form of a fine to compensate the defendants for their attorney fees from the trial.[1] We have jurisdiction under 28 U.S.C. § 1291, *see David v. Hooker, Ltd.*, 560 F.2d 412, 415–16 (9th Cir. 1977), and affirm.[2]

1. We review a civil contempt order for abuse of discretion and factual findings in connection with a contempt order for clear error. *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016). A contempt finding must be supported by "clear and convincing evidence." *Ahearn ex rel. NLRB v. Int'l Longshore & Warehouse Union, Locs. 21 & 4*, 721 F.3d 1122, 1129 (9th Cir. 2013). "An appellate court should not reverse a finding of contempt 'unless [it has] a definite and firm

---

[1] Lang acknowledges that she lacks an appellate remedy for her period of temporary confinement and does not appeal it, so we express no views on that issue.

[2] We grant Lang's request for judicial notice of a public reprimand issued by Texas's State Commission on Judicial Conduct (ECF Dkt. No. 13) because the reprimand is a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

conviction that the district court committed a clear error of judgment after weighing the relevant factors.'" *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1323 (9th Cir. 1998) (quoting *In re Dual-Deck Video Cassette Record Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). These factors include whether the contemnor substantially complied with the court's order and whether the contemnor acted based on a good faith and reasonable interpretation of the order. *In re Dual Deck*, 10 F.3d at 695.

Despite a clear pretrial order forbidding testimony or argument about the nature of the allegedly counterfeit products sold by AMN, Lang repeatedly mentioned counterfeit products in her opening statement, while questioning the only witness during the trial, and in her closing statement. She did this despite verbal warnings from Judge Wilson reminding her of the scope of the pretrial order. This is not a "technical" violation, as Lang urges, but a direct violation of a clear court order. Judge Wilson acted within his discretion in concluding that Lang was not acting based on a reasonable or good faith interpretation of his order. *See Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1323–24 (9th Cir. 1997).

Lang asserts that she did not violate any court orders by arguing evidentiary rulings. But Judge Wilson's oral rulings and instructions during trial *were* court orders that Lang should have obeyed. *Cf. In re Gustafson*, 650 F.2d 1017, 1020 (9th Cir. 1981) (en banc) (affirming summary criminal contempt against attorney who "repeatedly ignored objections sustained by the court" and "disregarded the judge's

3

instruction as to permissible argument"). Shouting objections in defiance of verbal orders "disrupted the progress of the trial and hence the orderly administration of justice" and supported the civil contempt finding against Lang. *United States v. Wilson*, 421 U.S. 309, 315–16 (1975).

2. Lang next argues that Judge Wilson did not afford her due process because he canceled the in-person contempt hearing. "The issue of whether a district court provided an alleged contemnor due process . . . is a legal question subject to *de novo* review on appeal." *Thomas, Head & Greisen Emps. Tr. v. Buster*, 95 F.3d 1449, 1458 (9th Cir. 1996).

The amount of process due depends on whether the sanctions are civil or criminal in nature. "[C]riminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings, including the requirement that the offense be proved beyond a reasonable doubt." *Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 632 (1988). Civil penalties, in contrast, may be imposed without a jury trial or proof beyond a reasonable doubt. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994).

Here, the fine against Lang is properly characterized as a civil sanction. Although civil sanctions typically coerce "future compliance with a court order" and are "avoidable through obedience," *id.*, they may be nonconditional and instead

4

"compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303–04 (1947). Judge Wilson used opposing counsel's billing records for the November 2021 trial to calculate the appropriate sanctions because Lang's conduct had caused him to grant a new trial to AMN. *Id.* (requiring compensatory fine to be tailored to actual loss). Because Judge Wilson granted a new trial to AMN based on Lang's conduct, this fine only compensated AMN for a direct consequence of Lang's actions.

Since the sanctions were civil, Judge Wilson's show-cause order, which informed Lang of the basis for his contempt finding and provided her an opportunity to respond, satisfied due process requirements. Even for indirect contempt—that is, misconduct outside the courtroom—we have affirmed sanctions imposed without an in-person hearing. *See Thomas, Head & Greisen Emps. Tr.*, 95 F.3d at 1458 (noting that allowing the contemnors to brief an issue provided "ample notice and opportunity to respond"). An in-person hearing was not required under these circumstances.

**AFFIRMED.**